UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| X CORP., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-01175-O |
| § | |
| MEDIA MATTERS FOR AMERICA § | |
| and ERIC HANANOKI, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is Putative Intervenor Darlene Cerezo Swaffar's Motion to Intervene (ECF No. 8), filed November 27, 2023. Having reviewed the briefing and applicable law, the Court **DENIES** the Motion.

### I.    BACKGROUND

On November 20, 2023, X Corp. ("Plaintiff") brought this action against Media Matters for America and Eric Hananoki ("Defendants") for interference with contract, business disparagement, and interference with prospective economic advantage.[1] Pursuant to these claims, Plaintiff alleges that Defendants knowingly and maliciously fabricated side-by-side images of various advertisers' posts on Plaintiff's social media platform "X" depicted next to neo-Nazi content, and portrayed these designed images as if they were what the average user experiences on the X platform. Plaintiff alleges that Defendants proceeded in this course of action as an effort to publicly portray X as a social platform dominated by neo-Nazism and anti-Semitism, and thereby alienate major advertisers, publishers, and users away from the X platform.

On November 27, 2023, Darlene Cerezo Swaffar ("Putative Intervenor") filed the instant

---

[1] *See generally* Compl., ECF No. 1.

Motion to Intervene in this lawsuit pursuant to the Federal Rules of Civil Procedure.[2] *See* FED. R. CIV. P. 24. Specifically, Putative Intervenor seeks to intervene as of right or, in the alternative, intervene permissively, in order to pursue relief for claims of defamation, breach of election regulations, and infringement of election-related rights against Media Matters for America.

## II.   LEGAL STANDARD

Federal Rule of Procedure 24(a) requires a federal district court to allow a movant to intervene in a lawsuit as a matter of right if: (1) the movant's application for intervention was timely; (2) the movant has an interest relating to the property or transaction that is the subject of the action; (3) the movant's interest would be impaired or impeded by disposition of the action; and (4) the movant's interest is not adequately represented by the existing parties to the action. FED. R. CIV. P. 24(a)(2); *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009); *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). Rule 24(b) permits a movant to seek permissive intervention at the discretion of the district court if: (1) the movant files a timely motion; (2) the movant shows that it "has a claim or defense that shares with the main action a common question of law or fact"; and (3) the court determines that intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(1)(B), (b)(3).

In addition to Rule 24's demands, a movant seeking intervention as of right "must independently demonstrate Article III standing if it pursues relief that is broader than or different from the party invoking a court's jurisdiction." *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367, 2379 n.6 (2020) (citation omitted). The movant "bears the burden of establishing its right to intervene" under Rule 24. *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014). However, when resolving a question of intervention, the district court is to accept the

---

[2] *See generally* Mot., ECF No. 8.

movant's non-conclusory factual allegations as true. *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022).

### III.  ANALYSIS

Putative Intervenor fails to meet her burden of establishing the "interest" requirement to intervene as of right in this lawsuit. *See* FED. R. CIV. P. 24(a)(2) (requiring that an intervenor claim "an interest relating to the property or transaction that is the subject of the action"). Rule 24(a)(2) bars intervention unless Putative Intervenor shows that she is in possession of a "direct, substantial, legally protectable interest in the proceedings." *Texas*, 805 F.3d at 657. Here, the lawsuit involves claims for interference with contract, business disparagement, and interference with prospective economic advantage. The lawsuit arises out of a course of events specific to the parties themselves and to the dispute between them that underlies each of the claims. Defendants are alleged to have inflicted damage on property interests—i.e., the X social media platform's business and advertising—which are exclusively owned and operated by Plaintiff.

On the other hand, Putative Intervenor claims that one of the two Defendants, Media Matters for America, has previously defamed her and other like-minded candidates and unlawfully interfered in elections for public office. This wholly fails to demonstrate a sufficiently related interest to the subject matter of the lawsuit, but rather evidences that Putative Intervenor "seeks to intervene solely for ideological, economic, or precedential reasons." *Texas*, 805 F.3d at 657. This is not an appropriate basis for the Court to grant intervention as of right. *Id.* ("[O]ur cases reveal that the inquiry turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way."). Neither does Putative Intervenor proffer any claim or defense that shares at least one "common question of law or fact" with the

3

underlying lawsuit. FED. R. CIV. P. 24(b)(1)(B). The Court thus finds that there also lacks an appropriate basis for a grant of permissive intervention to warrant. *See id.*

### IV.  CONCLUSION

Accordingly, it is **ORDERED** that the Motion to Intervene (ECF No. 8) should be and is hereby **DENIED**.

**SO ORDERED** on this **30th day** of **November, 2023**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**