UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **X CORP.**,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>**MEDIA MATTERS FOR AMERICA**, et al.<br>　　　　Defendants. | Case No. 4:23-cv-01175-O |

**JOINT REPORT**

On January 5, 2024, counsel for Plaintiff, X Corp., and Defendants, Media Matters for America and Eric Hananoki, met and conferred for the Scheduling Conference ordered by the Court. ECF No. 12. The parties discussed the nature and basis for their claims and defenses, the possibilities for a prompt resolution of the case, and the disclosures required by Fed. R. Civ. P. 26(a)(1). The parties also discussed the possibility of settlement of this matter. The parties do not believe that this matter is amenable to settlement at this time, but they will promptly inform the Court in the event that circumstances change.

The parties did not agree regarding the proposed schedule for this matter. Plaintiff contends that this litigation should follow the normal course and that discovery should begin promptly and without delay. Defendants intend to contest, *inter alia*, personal jurisdiction and venue, and propose that discovery and the deadlines in the Scheduling Order should not begin until the Court rules on their forthcoming motion to dismiss. Accordingly, the parties have set out their respective recommendations separately in each of the numbered paragraphs below.

The parties respectfully submit the following Joint Report as requested by the Court:

1. X Corp. claims that Media Matters for America and its reporter, Eric Hananoki, misleadingly manipulated its social media platform to create the false impression that X Corp. serves advertisements alongside hateful content for its users. X Corp. claims that Defendants published a defamatory article to that effect without disclosing their deliberate manipulation of the platform, which caused damage to X Corp.'s contractual, business, and economic relationships, resulting in damages.

Defendants have dispositive threshold defenses to the asserted claims based on controlling, on-point Fifth Circuit authority. First, the claims should be dismissed under Federal Rule of Civil Procedure 12(b)(2) because neither Defendant is subject to personal jurisdiction in this Court. Despite being directed at the Scheduling Conference—and in a follow-up communication—to controlling authority concerning lack of personal jurisdiction, counsel for Plaintiff has not advanced any good-faith basis for extending, modifying, or reversing such existing law or for establishing new law in the circumstances here. Second, the claims should independently be dismissed under Federal Rule of Civil Procedure 12(b)(3) for improper venue because none of the parties in this case resides in the Northern District of Texas and no part of the alleged events or omissions giving rise to Plaintiff's claims occurred in this district. Third, under Federal Rule of Civil Procedure 12(b)(6), the Complaint fails to state a claim upon which relief can be granted because, among other things, the challenged allegedly defamatory statements are protected opinion; Plaintiff does not sufficiently allege actual malice—required where, as here, the challenged statements involve matters of public concern; Plaintiff does not sufficiently allege special damages; Plaintiff does not sufficiently allege wrongful acts that might support a tort claim; and the challenged statements are true in any event.

      2.      Plaintiff proposes April 26, 2024, as the deadline for motions for leave to join other parties, absent good cause for a later motion.

      Defendants propose September 1, 2024, as the deadline for motions for leave to join other parties, absent good cause for a later motion.

      3.      Plaintiff proposes May 31, 2024, as the deadline for amendment of pleadings.

      In light of the fact that Defendants disclosed at the Rule 26 conference the nature of their principal threshold defenses, Defendants respectfully submit that Plaintiff should be required to amend the pleadings within 14 days of the date that a Rule 12(b) motion or Answer is due to be filed; i.e., a deadline of February 20, 2024.  Any amendment of the pleadings after that date should be permitted only by Court order upon a showing of good cause.

      4.      Plaintiff proposes August 12, 2024, as the deadline for dispositive motions, and September 13, 2024, as the deadline for all nondispositive motions.

      Defendants propose that dispositive motions be due no later than 90 days before trial; i.e., due by February 18, 2025.  Opposition briefs should be due within 30 days of the filing of dispositive motions, and reply briefs should be due within 20 days of the filing of opposition briefs.  Defendants propose March 18, 2025 as the deadline for all nondispositive motions.

      5.      Plaintiff proposes July 1, 2024, as the deadline for initial designation of experts.

      In light of the dispositive threshold defenses Defendants anticipate raising in their Rule 12(b) motion, Defendants respectfully submit that the initial designation of experts should wait at least until their Rule 12(b) motion has been resolved and fact discovery (if any takes place in this Court) has been substantially completed.  Accordingly, Defendants propose the initial designation of experts within 30 days of the substantial completion of fact discovery.

6. Plaintiff proposes July 29, 2024, as the deadline for responsive designation of experts.

Defendants propose that responsive experts should be designated within 45 days after the parties' initial designation of experts.

7. Plaintiff proposes September 13, 2024, as the deadline for objections to experts (i.e., Daubert and similar motions).

Defendants propose that objections to experts should be due no later than 60 days before trial.

8. Plaintiff proposes that discovery begin immediately upon the exchange of initial disclosures and that it be conducted as expeditiously as possible in order to ensure that the Court's preference for a trial date within approximately one year after the date the initial complaint was filed can be accomplished. Discovery will encompass all topics relevant to the claims or defenses, and shall not be limited in any way, including subjects such as Defendants' creation and distribution of the article at issue, their knowledge and intent in doing so, and their business operations, structure, and funding. Plaintiff proposes that fact and expert discovery should be completed no later than August 12, 2024, unless extended on motion or by agreement of the parties, and should not be conducted in phases or limited to or focused upon particular issues.

In light of the dispositive threshold defenses that Defendants have to the asserted claims based on controlling, on-point Fifth Circuit authority, Defendants respectfully submit that fact discovery should proceed only after the Court has resolved their anticipated Rule 12(b) motion. *See Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) (recognizing "it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined"); *Landry v. Air Line Pilots Ass'n International AFL-CIO*, 901 F.2d 404, 436 (5th Cir.), *cert. denied*, 111 S.

Ct. 244 (1990) (similar); *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (staying discovery pending ruling on motion to dismiss). Defendants anticipate that discovery will relate to the claims and defenses in this action, and the proper scope of those requests may be resolved in the ordinary course through meet-and-confers, discovery conferences, and discovery motion practice. Defendants propose that initial requests for production be due within 14 days of the Court's ruling on their Rule 12(b) motion; that the deadline for substantial completion of fact discovery be set as December 1, 2024; that the deadline for contention interrogatories and requests for admission be set as December 20, 2024; and that the deadline for the close of all discovery be set as February 12, 2025.

9. The parties propose that the number of depositions allowed to each side under the Federal Rules of Civil Procedure may be increased upon motion or upon mutual agreement of the parties, but that no other limitations should be imposed.

10. The parties agree that they will work together in good faith to submit a mutually agreeable proposed ESI Order to the court to govern the means for disclosure or discovery electronically stored information.

11. The parties agree that they will work together in good faith to submit a mutually agreeable proposed Order regarding the handling and protection of privileged or trial-preparation material.

12. Plaintiff proposes a trial date of December 9, 2024. A jury has been demanded. Plaintiff estimates that trial in this matter will require approximately ten days.

In light of the dispositive threshold defenses that Defendants have to the asserted claims based on controlling, on-point Fifth Circuit authority, Defendants respectfully submit that an accelerated trial date within one year—which affects many other deadlines, including discovery

deadlines—is neither warranted nor appropriate here because this is not a normal-course case and it is unlikely to proceed in this Court. Accordingly, Defendants propose that a trial date of May 19, 2025—eighteen months after the initial Complaint was filed—appropriately balances the Court's preference for prompt resolution of cases with the unique circumstances making dismissal of the action at an early stage likely here. Defendants estimate that seven days will be required for trial.

As Plaintiff indicated at the Scheduling Conference that it may amend the complaint following Defendants' filing of a Rule 12(b) motion, Defendants respectfully submit that the eighteen-month case calendar should reset to begin anew once Plaintiff files an amended complaint, with all dates proposed herein adjusted by a commensurate period.

13. The parties agree to confer regarding the possibility of settlement in this matter at the close of all discovery.

14. Plaintiff proposes that initial disclosures be exchanged on February 6, 2024, but otherwise asserted no objections to Fed. R. Civ. P. 26(a)(1).

In light of the dispositive threshold defenses that Defendants have to the asserted claims based on controlling, on-point Fifth Circuit authority, Defendants objected at the Scheduling Conference to making disclosures under Rule 26(a) until their anticipated Rule 12(b) motion has been resolved. Defendants propose making disclosures under Rule 26(a)(1) within 7 days of the date the Court rules on their Rule 12(b) motion. *See, e.g.*, *Johnson v. PPI Tech. Servs., L.P.*, Civ. Action Nos. 11-2773, 12-1534, 2012 WL 5449636, at *2 (E.D. La. Oct. 18, 2012) (staying production of initial disclosures pending resolution of motion to dismiss), *R. & R. adopted* 2012 WL 5438999 (E.D. La. Nov. 7, 2012).

15. The parties do not consent to trial before a U.S. Magistrate Judge.

16.     The parties do not believe that mediation or arbitration can resolve this litigation at this time. The parties agree to confer again regarding the possibility of mediation or arbitration at the close of all discovery.

17.     Plaintiff has no other proposals regarding scheduling and discovery.

Defendants propose, as referenced in Paragraph 8 herein, that fact discovery be held in abeyance until the Court resolves their anticipated Rule 12(b) motion, which will raise dispositive threshold defenses requiring dismissal of all asserted claims in this Court. Defendants propose making a motion seeking such relief at the appropriate time or as directed by the Court, in order to fully and fairly air the issues involved therein.

18.     The parties do not believe that a conference with the Court is necessary at this time, but will make themselves available at the Court's convenience should the Court determine that a scheduling conference would be helpful.

19.     There are no other matters relevant to the status and disposition of the case for the Court's attention at this time.

Respectfully submitted.

| | |
|---|---|
| **GIBSON, DUNN & CRUTCHER LLP** | /s/ Christopher D. Hilton |
| | Judd E. Stone II* |
| By:    /s/ Amer Ahmed (with permission) | Texas Bar No. 24076720 |
| | Christopher D. Hilton |
| Andrew LeGrand | Texas Bar No. 24087727 |
| Texas Bar No. 24070132 | **STONE | HILTON PLLC** |
| 2001 Ross Avenue, Suite 2100 | 1115 W. Slaughter Lane |
| Dallas, TX 75201-2923 | Austin, TX 78748 |
| Telephone:  (214) 698-3100 | Telephone: (737) 465-3897 |
| Email: alegrand@gibsondunn.com | judd@stonehilton.com |
| | chris@stonehilton.com |
| Theodore J. Boutrous, Jr.* | |
| Jay P. Srinivasan* | |
| 333 South Grand Avenue | John C. Sulllivan |
| Los Angeles, CA 90071 | Texas Bar No. 24083920 |
| Telephone: (213) 229-7000 | **S|L LAW PLLC** |
| Email: tboutrous@gibsondunn.com | 610 Uptown Boulevard, Suite 2000 |
| Email: jsrinivasan@gibsondunn.com | Cedar Hill, TX 75104 |
| | Telephone: (469) 523-1351 |
| Amer S. Ahmed* | Facsimile: (469) 613-0891 |
| Anne Champion* | john.sullivan@the-sl-lawfirm.com |
| 200 Park Avenue | |
| New York, New York 10166 | |
| Telephone:  (212) 351-4000 | *Counsel for Plaintiff* |
| Email:  aahmed@gibsondunn.com | |
| Email:  achampion@gibsondunn.com | |
| | *\* - admission pending* |
| **ELIAS LAW GROUP LLP** | |
| | |
| Abha Khanna* | |
| 1700 Seventh Avenue, Suite 2100 | |
| Seattle, WA 98101 | |
| Telephone:  (206) 656-0177 | |
| Email:  akhanna@elias.law | |
| | |
| Aria C. Branch* | |
| Christopher D. Dodge* | |
| Jacob D. Shelly* | |
| Elena A. Rodriguez Armenta* | |
| Daniela Lorenzo* | |
| Omeed Alerasool* | |

250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
abranch@elias.law
cdodge@elias.law
jshelly@elias.law
erodriguezarmenta@elias.law
dlorenzo@elias.law
oalerasool@elias.law

*Pro hac vice forthcoming*

*Attorneys for Defendants Media Matters for America & Eric Hananoki*