UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| X CORP.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MEDIA MATTERS FOR AMERICA, et al.,<br><br>　　　　　Defendants. | Civil Action No. 4:23-cv-01175-O |

APPENDIX OF EXHIBITS ACCOMPANYING
DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND IMPROPER VENUE

Pursuant to LR 7.1(i), Defendants Media Matters for America and Eric Hananoki present the following exhibits to accompany their Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue:[1]

| Exhibit | Description | Appendix Page Number |
|---|---|---|
| A | Declaration of Cynthia Padera | 4 |
| B | Declaration of Eric Hananoki | 9 |

Respectfully submitted,                             Dated: February 6, 2024.

*/s/ Andrew LeGrand*

---

[1] Defendants' evidentiary presentation does not convert this Rule 12(b)(2) challenge to personal jurisdiction into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) (excluding motions to dismiss for lack of personal jurisdiction from motions that must be treated as Rule 56 summary judgment motions where matters outside the pleadings are presented).

| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP | ELIAS LAW GROUP LLP |
| Andrew LeGrand (TX 24070132) | Abha Khanna* (WA 42612) |
| 2001 Ross Avenue, Suite 2100 | 1700 Seventh Avenue, Suite 2100 |
| Dallas, TX 75201 | Seattle, WA 98101 |
| T: (214) 698-3100 | T: (206) 656-0177 |
| F: (214) 571-2960 | F: (206) 656-0180 |
| alegrand@gibsondunn.com | akhanna@elias.law |
| | |
| Theodore J. Boutrous, Jr.** (CA 132099) | Jacob D. Shelly* (DC 90010127) |
| 333 South Grand Avenue | Omeed Alerasool* (DC 90006578) |
| Los Angeles, CA 90071 | 250 Massachusetts Avenue NW, Suite 400 |
| T: (213) 229-7000 | Washington, DC 20001 |
| F: (213) 229-7520 | T: (202) 968-4490 |
| tboutrous@gibsondunn.com | F: (202) 986-4498 |
| | jshelly@elias.law |
| | oalerasool@elias.law |
| Amer S. Ahmed** (NY 4382040) | |
| 200 Park Avenue | |
| New York, New York 10166 | |
| T: (212) 351-4000 | |
| F: (212) 351-4035 | * Admitted *pro hac vice* |
| aahmed@gibsondunn.com | ** *Pro hac vice* application forthcoming |

*Counsel for Defendants Media Matters for America and Eric Hananoki*

## CERTIFICATE OF SERVICE

On February 6, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Andrew LeGrand*
Andrew LeGrand

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| X CORP., <br><br> Plaintiff, <br><br> v. <br><br> MEDIA MATTERS FOR AMERICA, et al., <br><br> Defendants. | Civil Action No. 4:23-cv-1175-O |

DECLARATION OF CYNTHIA PADERA
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

I, Cynthia Padera, declare as follows:

1. I am over the age of 18, am competent to testify, and have personal knowledge of the facts and information set forth in this declaration.

2. I am the Chief Operating Officer of Media Matters for America ("Media Matters").

3. I live in, and work from, the District of Columbia.

4. I first joined Media Matters in April 2013 and, after leaving for a period in June 2015, returned in February 2017. I have served as Chief Operating Officer since August 2019.

5. Media Matters is a web-based, not-for-profit, 501(c)(3) research and information center dedicated to comprehensively monitoring, analyzing, and correcting misinformation in U.S. media.

6. In my role, I support Media Matters's day-to-day operations and manage enterprise-level initiatives, technology, and administration. I engage on an as-needed basis with all of Media Matters's activities, and I interact with Media Matters's officers and employees at all levels.

7. Media Matters was incorporated as a nonprofit corporation in the District of Columbia over two decades ago.

8. Media Matters has its principal place of business and only physical office space in the District of Columbia.

9. Media Matters is registered to conduct business in the District of Columbia.

10. Media Matters does not have an office, or any other physical presence, in Texas.

11. Media Matters is not registered to conduct business in Texas.

12. Media Matters is not registered as a charity organization in Texas.

13. Media Matters does not have a registered agent in Texas.

14. Media Matters has approximately 105 full-time employees, including at least 62 reporters, writers, and researchers. Media Matters employees may request authorization to work remotely and, upon approval, may choose to do so from any location in the United States. The majority of Media Matters's employees live and work in the Washington, DC metropolitan area. At present, 44 employees are based in the District of Columbia, including 25 of our reporters, writers, and researchers. Eighteen employees are based in either Maryland or Virginia, including seven reporters, writers, and researchers. This includes Mr. Hananoki, who is a Senior Investigative Reporter employed within the Editorial Department at Media Matters. Mr. Hananoki is authorized to and performs most of his work at home in Maryland, though he may sometimes commute into the District of Columbia when he chooses to do so. To my knowledge, Mr. Hananoki has never had to travel outside of the D.C. metropolitan area for his work for Media Matters.

15. Media Matters's senior leadership is also primarily located in the Washington, DC metropolitan area. Of our 25 senior staff, 16 live and work in the District of Columbia, while another two live in Virginia within commuting distance of the office.

16. Our senior staff includes our five executive leadership employees, four of whom live and work in the D.C. metro area, and none of whom live or work in Texas.

17. Out of Media Matters's 105 employees, only one has provided a residential address in Texas. That employee works in a different department from Mr. Hananoki and did not work with him on the articles at issue in this lawsuit, nor on any of Mr. Hananoki's other articles related to X. Moreover, while that employee has provided a residential address in Texas, that individual works from a variety of locations and seldom visits Texas: Since the start of October 2023, that employee has only visited Texas for a short period during the holidays—where they only worked for a single day and, again, on matters wholly unrelated to Mr. Hananoki's reporting.

18. The Media Matters website publishes articles written by Media Matters employees in furtherance of the organization's mission to expose misinformation in the media, and in keeping with our internal guidelines for news coverage, which reflect ordinary journalistic standards.

19. The Media Matters website allows visitors to: (1) read articles; (2) apply for open jobs;[1] (3) view an email address for sending information about factual errors;[2] (4) view the organization's contact information and sign up for updates;[3] (5) donate;[4] (6) join campaigns and petitions;[5] and (7) subscribe to Media Matters' newsletters using a signup box in the footer of any page on the website.

---

[1] "Job Openings," Media Matters for America, available at https://www.mediamatters.org/job-openings.

[2] "Corrections," Media Matters for America, available at https://www.mediamatters.org/corrections.

[3] "Contact Us," Media Matters for America, available at https://www.mediamatters.org/contact-us.

[4] "Donate," Media Matters for America, available at https://action.mediamatters.org/secure/donate.

[5] "Take Action," Media Matters for America, available at https://www.mediamatters.org/take-action.

20. Articles posted to the Media Matters website do not have a comments section.

21. The comments feature on article webpages has been disabled since June 2023.

22. Media Matters disabled the comments feature from its webpages because it was believed that comments could cause the Media Matters website to slow down or crash during time periods experiencing high internet traffic.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 2/6/2024 _____

*Cynthia Padera*
_____
Cynthia Padera

8

# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **X CORP.,**<br><br>　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**MEDIA MATTERS FOR AMERICA,**<br>**et al.,**<br><br>　　　　　　**Defendants.** | **Civil Action No. 4:23-cv-1175-O** |

### DECLARATION OF ERIC HANANOKI
### IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

I, Eric Hananoki, declare as follows:

1.　　I am over the age of 18, am competent to testify, and have personal knowledge of the facts and information set forth in this declaration.

2.　　I am a Senior Investigative Reporter at Media Matters for America ("Media Matters"). I have worked at Media Matters since November 2007 and have had the role of Senior Investigative Reporter since August 2022. Prior to that, I held numerous other positions at Media Matters including Researcher, Senior Researcher, Research Fellow, and Investigative Reporter.

3.　　I live in Maryland. I primarily work remotely from my home in Maryland, but I occasionally visit our office in the District of Columbia as part of my job responsibilities.

4.　　For at least the past decade, my work at Media Matters has focused on documenting extremism—including white nationalism, antisemitism, and Islamophobia—in the public square, including from public figures and officials.

5.　　As part of my long-running coverage of political extremism online, I have written

10

numerous articles about X Corp., its owner Elon Musk, and the social media platform X.

6. These articles frequently focused on the appearance of corporate advertisements alongside hateful content posted by white nationalist, antisemitic, and extremist users on X. My work on this subject matter includes the following articles:

- *As Musk endorses antisemitic conspiracy theory, X has been placing ads for Apple, Bravo, IBM, Oracle, and Xfinity next to pro-Nazi content*, Media Matters for America (Nov. 16, 2023) (the "November 16 article").[1]
- *X is placing ads for Amazon, NBA Mexico, NBCUniversal, and others next to content with white nationalist hashtags*, Media Matters for America (Nov. 17, 2023) (the "November 17 article").[2]

7. On November 20, 2023, X filed suit against me and my employer, citing the November 16 and November 17 articles authored by me and published on Media Matters's website.

8. I have never visited Texas for any aspect of my work at Media Matters over the past sixteen years, including for any work related to the November 16 and November 17 articles. No element of any of my work over the past year covering the X platform or Musk has involved speaking with any Texas residents or Texas-based businesses. I have never traveled outside of the Washington, D.C. area as part of my work for Media Matters.

9. I conducted all activities related to preparing, researching, writing, and editing the November 16 and November 17 articles from my home in Maryland.

10. In preparing, researching, writing, and editing the November 16 and November 17 articles, I was not aware of any connection—and continue to believe they have no connection—to Texas, Texas residents, Texas users of X, or X's alleged operations in Texas.

---

[1] Available at https://www.mediamatters.org/twitter/musk-endorses-antisemitic-conspiracy-theory-x-has-been-placing-ads-apple-bravo-ibm-oracle.

[2] Available at https://www.mediamatters.org/twitter/x-placing-ads-amazon-nba-mexico-nbcuniversal-and-others-next-content-white-nationalist.

11

11. Texas is not a subject of—and is not mentioned in—the November 16 or November 17 article.

12. I did not use any sources in Texas for either the November 16 or November 17 article.

13. I did nothing specifically to encourage Texas-based readers to read either the November 16 or November 17 article, nor have I solicited Texas subscribers or donors for Media Matters in connection with the articles.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 2/6/2024

*[signature]*

Eric Hananoki