## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

X CORP.,

            **Plaintiff,**

      **v.**

MEDIA MATTERS FOR AMERICA,
et al.,

          **Defendants.**

**Civil Action No. 4:23-cv-01175-O**

## DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANTS' MOTION TO DISMISS

## INTRODUCTION

One day before the parties' agreed-upon deadline for Defendants' motion to dismiss, Plaintiff X Corp. ("X") served 29 requests for production seeking all manner of Defendants' internal documents. But as set forth in Defendants' motion to dismiss, controlling Fifth Circuit precedent compels dismissal of this case for lack of personal jurisdiction. *See* Mem. of Law in Supp. of Defs.' Mot. to Dismiss at 4–12, ECF No. 32 ("MTD Mem.") (citing, *e.g.*, *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317–19 (5th Cir. 2021); *Revell v. Lidov*, 317 F.3d 467, 469–70, 475 (5th Cir. 2002)). Plaintiff's case should be dismissed for lack of venue and on the merits as well. *See id.* at 12–25. Where, as here, Defendants have raised substantial arguments for dismissal, and Plaintiff has propounded extremely broad and burdensome discovery requests far beyond the scope of its complaint, a stay of discovery is warranted to preserve resources and promote judicial economy. Defendants respectfully request that the Court stay discovery until their motion to dismiss is resolved.

## BACKGROUND

On November 16, 2023, Defendant Media Matters for America ("Media Matters") published an article written by Defendant Eric Hananoki that reported on X-owner Elon Musk's apparent endorsement of an antisemitic conspiracy theory on the social media platform, as well as the continuing appearance of advertisements on X alongside pro-Nazi content. *See* Compl. ¶ 25 & n.4, ECF No. 1. Media Matters published a similar article the next day, in which Mr. Hananoki reported additional instances of advertisements on X appearing next to hateful content. *See* Compl. ¶ 4 & n.1. The same day, Musk threatened a "thermonuclear" lawsuit against Media Matters. *See* Elon Musk, (@elonmusk), X.com (Nov. 18, 2023, 2:01 AM EST), https://perma.cc/X4HN-PLJ4. On November 20, X initiated a lawsuit in this District even though none of the parties are based in Texas. *See* Compl.

The parties stipulated that Defendants would respond to the Complaint by February 6, 2024. Stipulation & Proposed Order, ECF No. 10. Pursuant to this Court's order, ECF No. 12, on January 5 the parties met and conferred regarding the case schedule. At that meeting, defense counsel informed X's counsel that Defendants would be filing a motion to dismiss for lack of personal jurisdiction, as well as on other grounds. Counsel followed up on January 11 with an email directing X's counsel to dispositive Fifth Circuit authority on personal jurisdiction. *See* Joint Report at 2, ECF No. 13. The parties filed a joint Rule 26(f) report on January 19, in which Defendants objected to the commencement of discovery before the resolution of their forthcoming motion to dismiss. *See id.* at 1 ("Defendants intend to contest . . . personal jurisdiction and venue, and propose that discovery . . . should not begin until the Court rules on their forthcoming motion to dismiss.").

One day before the motion to dismiss deadline, on February 5, Plaintiff served its first set of requests for production on Defendants. The 29 requests go far beyond the merits of this case. Among other things, they seek internal communications related to X in any way, communications with third parties, and extensive documentation regarding Media Matters's finances. *See* Pls' First Set of Reqs. for Produc., App. 4-12, Ex. A.

The next day, Defendants filed their motion to dismiss, on the timeline contemplated by the parties' stipulation. *See* Defs.' Mot. to Dismiss, ECF No. 31. In support of their motion, Defendants pointed to binding precedent that establishes that in a case such as this, where a plaintiff's claims are based on articles published on a non-interactive website by defendants that do not have even minimum contacts with Texas, this Court lacks personal jurisdiction. *See* MTD Mem. at 4–12. Defendants further argued that the Northern District of Texas is not an appropriate

venue, and that X's complaint fails to state a claim. *See id*. at 12–25. Defendants' motion to dismiss

will be fully briefed no later than March 12.

Defendants now respectfully seek a stay of discovery pending resolution of their motion to

dismiss.

## ARGUMENT

"A federal district court has discretion to stay discovery 'for good cause shown.'" *Von*

*Drake v. Nat'l Broad. Co*., No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20,

2004) (quoting Fed. R. Civ. P. 26(c)). A stay of discovery is appropriate where, as here, the

disposition of a motion to dismiss "might preclude the need for the discovery altogether[,] thus

saving time and expense." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO,* 901 F.2d 404, 436 (5th

Cir. 1990). Factors that inform the court's decision whether to stay discovery include "(1) the

breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength

of the dispositive motion filed by the party seeking a stay." *Von Drake*, 2004 WL 1144142, at *1.

"Discovery is not justified when cost and inconvenience will be its sole result." *Landry*, 901 F.2d

at 436.

Here, Defendants' motion to dismiss raises compelling threshold legal issues that will

likely lead to the case's dismissal, "preclud[ing] the need for the discovery altogether," *id.* at 436.

These arguments include binding Circuit precedent that forecloses the exercise of personal

jurisdiction in these circumstances. In light of the strength of these arguments, and the burdens

that would be imposed on Defendants if they had to answer to the wide-ranging discovery sought

by Plaintiffs, the Court should stay discovery until the motion to dismiss is resolved.

4

**I.**     **Defendants' motion to dismiss raises strong dispositive legal issues that are likely to result in dismissal.**

The strength of Defendants' arguments for dismissal indicates this case is unlikely to proceed to discovery once the motion to dismiss is resolved and therefore warrants a stay. Courts regularly stay discovery where "a cursory review of the motion [to dismiss] reveals that defendants have substantial arguments for dismissal of many, if not all, of plaintiff's claims." *Von Drake*, 2004 WL 1144142, at *2; *see also Bass v. Stryker Corp.*, No. 4:09-CV-632-Y, 2010 WL 11619575, at *1 (N.D. Tex. May 3, 2010) (staying discovery where defendants' pending motion to dismiss "cited a number of decisions" that would appear to foreclose plaintiff's claims); *MC Asset Recovery, LLC v. Castex Energy, Inc.*, No. 4:07-CV-076-Y, 2007 WL 9718311, at *3 (N.D. Tex. Aug. 6, 2007) (staying discovery after "conducting a cursory review" of filings and recognizing "it is certainly possible that Plaintiffs' claims may be dismissed"); *Sneed v. Abbot*, No. CV 21-279-JWD-RLB, 2021 WL 2877239, at *4 (M.D. La. June 29, 2021) (staying discovery where motion to dismiss "raises strong arguments . . . that appear to be a close call"). A stay is especially appropriate where, as here, the motion to dismiss challenges the court's jurisdiction. *See Johnson v. Ashmore*, No. 3:15-CV-2475-K (BF), 2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016); *see also Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994)) (staying discovery where "Defendant's motion to dismiss based on lack of personal jurisdiction is potentially dispositive, and appears to be not unfounded in the law").

A review of Defendants' motion to dismiss easily satisfies this standard. As set forth in the motion, binding Fifth Circuit precedent forecloses the exercise of personal jurisdiction in this Court. *See* MTD Mem. at 4–12. Because neither Defendant is based in Texas and the articles at issue concerning California-based X were written in Maryland, published in Washington, DC, and

5

made generally available on a passive website, jurisdiction in Texas "is **unavailable, full stop**."

*Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 318 (5th Cir. 2021) (emphasis added).

But personal jurisdiction is not the only basis for dismissal. As explained in Defendants'

motion, venue in this district is entirely improper for many of the same reasons. *See* MTD Mem.

at 12–14. In fact, just yesterday, the Southern District of Texas transferred another case brought

by another of Musk's companies to the Northern District of California, finding the Texas forum to

be an improper venue where none of the parties resided in the district and where the principal

events giving rise to the claim occurred elsewhere. Order Granting Defs.' Mot. to Transfer Venue,

*Space Exploration Techs. Corp. v. NLRB*, No. 1:24-cv-00001 (S.D. Tex. Feb. 15, 2024), ECF No.

82. Finally, none of the allegations in X's complaint state a cognizable claim upon which this

Court could properly grant relief. Even taking every well-pled allegation as true, X has repeatedly

failed to allege critical elements for each of its three counts, much less plausible facts that support

each of those necessary elements. *See id.* at 14–25.

In sum, Defendants' motion to dismiss offers several different bases for dismissal, two of

which address this Court's threshold power to hear this case. Based on the strength of the

arguments in support of dismissal, a stay of discovery pending the resolution of the motion to

dismiss is appropriate.

## II.     X's discovery requests are extremely broad and unduly burdensome.

Even beyond Defendants' strong legal arguments for dismissal of this matter, the sheer

breadth of X's discovery requests weighs heavily in favor of a stay of discovery at this stage of

these proceedings. On February 5, 2024, X propounded on Defendants a total of 29 requests for

production of documents seeking documents regarding virtually every aspect of Media Matters's

organization. *See* App. 5-12.

While X's complaint is based on two articles published in November 2023, *see* Compl. ¶¶ 4 & n.1, 11, X inexplicably seeks documents dating all the way back to April 14, 2021, *see* App. 12, Instr. No. 10. Even worse, the scope of the requests is untethered to the substance of the disputed articles. For example, while X's complaint alleges business interference among private parties based on the November 2023 articles, X seeks "[a]ll communications with appointed or elected public officials, candidates for public office, candidate campaign committees, political party committees, PACs, 501(c)(4) groups, and any other political actors or political operatives." *Id.* at 10, Req. No. 11. These materials are not only plainly irrelevant to this suit, but because Media Matters is a nonprofit that focuses its reporting on the U.S. media, including coverage of political figures, it would potentially reach into every corner of Media Matters's operations.

X further demands, among other documents, all of Defendants' communications with "X's advertisers"—an undefined and potentially enormous set of businesses—even where those communications have nothing to do with X, *id.*, Reqs. Nos. 8–9; documents relating to Defendants' activities "of any kind whatsoever" on the social media platform, *id.*, Req. No. 10; and a broad array of financial documents "regardless of time period," *id.*, Reqs. Nos. 12–13. Thus, even setting aside the threshold legal issues that may dispose of this case, X's proposed discovery stretches well beyond the scope of the complaint and the needs of the case. *See Von Drake*, 2004 WL 1144142, at *2 (staying discovery pending resolution of motion to dismiss where "many of the interrogatories and document requests served on defendants are overly broad and harassing").

Responding to X's wide-ranging discovery requests will be extremely burdensome and costly. X's discovery requests purport to require Defendants to collect, review, and produce documents and communications not only from Mr. Hananoki, the author of the disputed articles, but also from each of Media Matters's board members, employees, agents, attorneys, and

representatives. *See* App. 10, Instr. No. 1. Simply identifying and collecting documents from the appropriate custodians promises to be a resource-intensive process, to say nothing of the significant time and expense involved in reviewing responsive documents for privilege in light of the highly sensitive information X seeks.[1]

X's discovery, served on the eve of Defendants' motion to dismiss, is a far-reaching fishing expedition seeking to impose significant burden on Defendants in an attempt to obtain sensitive documents before the case is dismissed as required by Fifth Circuit law. All of these factors warrant issuance of stay.

## III. Plaintiff will not be prejudiced by a stay in discovery.

X, in turn, cannot complain of any prejudice from a temporary stay. X is not seeking preliminary or expedited relief, the discovery cutoff is more than five months away, and trial is not scheduled until the beginning of 2025. Scheduling Order at 1, ECF No. 14. Indeed, X's own scheduling proposal contemplated that discovery would run for at least another eight months. *See* Joint Report at 4 (proposing discovery cutoff of August 12, 2024).

Far from prejudicing Plaintiff, a stay of discovery would preserve *all* parties' resources and promote judicial economy by avoiding the need for engaging in costly discovery (and discovery disputes) where the case is likely to be dismissed in its entirety.

---

[1] Indeed, X seeks private communications with strategic partners (including reporter sources), donor lists, and comprehensive financial records—precisely the types of documents that, if produced, would have a "deterrent effect on the exercise of First Amendment rights[.]" *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010) (internal quotation omitted). Defendants reserve their rights to raise all applicable objections to these requests at the appropriate time, including objections based on the First Amendment privilege and the related reporter's privilege.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant a temporary stay of discovery until the resolution of their pending motion to dismiss.

Dated: February 20, 2024.

Respectfully submitted,
*/s/ Andrew LeGrand*

GIBSON, DUNN & CRUTCHER LLP
Andrew LeGrand (TX 24070132)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
T: (214) 698-3100
F: (214) 571-2960
alegrand@gibsondunn.com

ELIAS LAW GROUP LLP
Abha Khanna* (WA 42612)
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
akhanna@elias.law

Theodore J. Boutrous, Jr.** (CA 132099)
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520
tboutrous@gibsondunn.com

Jacob D. Shelly* (DC 90010127)
Elena Rodriguez Armenta* (DC 90018798)
250 Massachusetts Avenue NW, Suite 400
Washington, DC 20001
T: (202) 968-4490
F: (202) 986-4498
jshelly@elias.law
erodriguezarmenta@elias.law

Amer S. Ahmed** (NY 4382040)
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035
aahmed@gibsondunn.com

*\* Admitted pro hac vice*
*\*\* Pro hac vice application forthcoming*

*Counsel for Defendants Media Matters for America and Eric Hananoki*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(b), I certify that on February 15, 2024, counsel for Defendants conferred with counsel for the Plaintiff regarding a possible stay of discovery pending the resolution of Defendants' motion to dismiss. Counsel for Plaintiff confirmed their position regarding the instant motion on February 19. Agreement could not be reached, and the instant motion is opposed.

*/s/ Andrew LeGrand*
Andrew LeGrand

**CERTIFICATE OF SERVICE**

On February 20, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Andrew LeGrand*
Andrew LeGrand