UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **X CORP.**, a Nevada corporation,<br>    Plaintiff,<br><br>   vs.<br><br>**MEDIA MATTERS FOR AMERICA**, a Washington, D.C. non-profit corporation, **ERIC HANANOKI**, and **ANGELO CARUSONE**,<br>    Defendants. | Case No. 4:23-cv-01175-O |

**PLAINTIFF X CORP.'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

On February 6, 2024, Defendants filed their Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim. Plaintiff opposes that Motion and denies that it has any merit whatsoever. However, on February 27, 2024, Plaintiff X Corp. amended its pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

The First Amended Complaint superseded Plaintiff's original Complaint. Among other changes, Plaintiff's First Amended Complaint contains additional factual allegations demonstrating the Court's personal jurisdiction over Defendants for this dispute, the propriety of venue in the Northern District of Texas, and the strength of Plaintiff's claims. The First Amended Complaint also added an additional defendant, Media Matters' CEO Angelo Carusone.

"The filing of an amended complaint, which supersedes an original complaint, renders moot a motion to dismiss the original complaint." *C&M Oilfield Rentals, LLC v. Location Illuminator Technologies, LLC*, No. PE:18-DV-0039-DC-DF, 2019 WL 11687712, at *1 (W.D. Tex. Oct. 11, 2019) (Fannin, M.J.) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)); *see*

*also King*, 31 F.3d at 346 ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."); *SwissDigital USA Co. v. Wenger S.A.*, No. 6:21-CV-00453-ADA-DTG, 2022 WL 1477625 at *1 (W.D. Tex. May 10, 2022) (Gilliland, M.J.) ("Generally, an amended complaint renders pending motions moot.") (citing *Cedillo v. Standard Oil Co. of Tex.*, 261 F.2d 443 (5th Cir. 1958)); *Sandoval v. Production Fire & Safety, LLC*, No. MO: 20-CV-00108-DC-RCG, 2021 WL 1680490, at *1 (W.D. Tex. Apr. 1, 2021) (Griffin, M.J.) ("The filing of an amended complaint supersedes the original complaint and renders moot a motion to dismiss the original complaint.") (citing *King*, 31 F.3d at 346).

Additionally, counsel for the parties discussed the possibility of an amended complaint at the court-ordered scheduling conference, and all counsel agreed that an amended complaint in response to Defendants' planned motion to dismiss would require a new motion to dismiss. Indeed, although Defendants suggested that the entire schedule should be reset upon the filing of an amended complaint, the Court did not incorporate that suggestion in its scheduling order. *Compare* Joint Report at 6 (ECF No. 13), *with* Scheduling Order (ECF No. 14).

For the foregoing reasons, Defendants' Motion to Dismiss is now moot, and Defendants have 14 days to respond. Fed R. Civ. P. 15(a)(3). In the event that Defendants reassert their Motion, Plaintiff will timely oppose.

|  |  |
|---|---|
| February 27, 2024 | Respectfully submitted.<br><br>*/s/ Christopher D. Hilton*<br>Judd E. Stone II<br>Texas Bar No. 24076720<br>Christopher D. Hilton<br>Texas Bar No. 24087727<br>Ari Cuenin<br>Texas Bar No. 24078385<br>**STONE \| HILTON PLLC**<br>1115 W. Slaughter Lane<br>Austin, TX 78748<br>Telephone: (737) 465-7248<br>judd@stonehilton.com<br>chris@stonehilton.com<br>ari@stonehilton.com<br><br>John C. Sullivan<br>Texas Bar No. 24083920<br>**S\|L Law PLLC**<br>610 Uptown Boulevard, Suite 2000<br>Cedar Hill, TX 75104<br>Telephone: (469) 523-1351<br>Facsimile: (469) 613-0891<br>john.sullivan@the-sl-lawfirm.com |