UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| X CORP., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-01175-O |
| | § | |
| MEDIA MATTERS FOR AMERICA, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### ORDER

Before the Court are Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim (ECF No. 31), filed February 6, 2024; Defendants' Motion to Stay Discovery Pending Ruling on Defendants' Motion to Dismiss (ECF No. 35), filed February 20, 2024; and Plaintiff's Response to Defendants' Motion to Dismiss (ECF No. 38), filed February 27, 2024. Having considered the parties' briefing, evidence, and applicable law, the Court is of the opinion that the Defendants' Motion to Dismiss and Motion to Stay Discovery should be **DENIED as moot**.

It is well-settled that "'[t]he filing of an amended complaint generally renders pending motions to dismiss as moot.'" *Singh & Singh LLC v. Berkley Assurance Co.*, No. 4:16-CV-00481-O, 2017 WL 3723770, at *3 (N.D. Tex. Feb. 13, 2017) (O'Connor, J.) (quoting *Stredwick v. Dallas Margarita Soc'y, Inc.*, No. 3:12-CV-00623-F, 2012 WL 12893431 (N.D. Tex. Sept. 4, 2012)). Especially where a motion to dismiss "is filed against a superseded complaint, courts ordinarily deny the motion as moot." *Garza-Selcer v. 1600 Pac. Subtenant, LLC*, No. 3:15-CV-03791-N, 2016 WL 11474103, at *2 (N.D. Tex. Aug. 30, 2016) (Godbey, J.). An amended complaint presumptively supersedes and therefore legally nullifies an original complaint "unless the amended

complaint *specifically refers to and adopts* or *incorporates by reference* the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)) (emphasis added).

Here, Defendants served the instant Motion to Dismiss on Plaintiff on February 6, 2024. *See* Defs.' Mot. to Dismiss 3, ECF No. 31 ("Certificate of Service"). On February 27, 2024, Plaintiff filed its First Amended Complaint with Jury Demand. *See* Amend. Compl., ECF No. 37.

Upon review, the Court finds that Plaintiff's First Amended Complaint neither refers to and adopts nor incorporates by reference earlier pleadings in the Original Complaint, but rather supersedes the Original Complaint entirely. *Compare id.*, *with* Orig. Compl., ECF No. 1. Moreover, the Court finds that under the Federal Rules of Civil Procedure, Plaintiff properly filed its First Amended Complaint as a matter of course within the permissible time period allotted for such following service of the instant Motion to Dismiss. *See* FED. R. CIV. P. 15(a)(1)(B) (providing that a party "may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss (ECF No. 31) should be and is hereby **DENIED for mootness**. Because the prayed relief therein is contingent upon the Court's resolution of the now-moot Motion to Dismiss, it is further **ORDERED** that Defendants' Motion to Stay Discovery (ECF No. 35) should be and is hereby **DENIED for mootness**.

**SO ORDERED** on this **28th day** of **February, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

2