# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

|  |  |
|---|---|
| X CORP.,<br><br>                    Plaintiff,<br><br>          v.<br><br>MEDIA MATTERS FOR AMERICA,<br>et al.,<br><br>                    Defendants. | Civil Action No. 4:23-cv-01175-O |

## APPENDIX OF EXHIBITS ACCOMPANYING DEFENDANTS' RENEWED MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANTS' MOTION TO DISMISS

Pursuant to LR 7.1(i), Defendants Media Matters for America, Angelo Carusone, and Eric Hananoki present the following exhibits to accompany their Renewed Motion to Stay Discovery Pending Ruling on their Motion to Dismiss:

| Exhibit | Description | Appendix Page Number |
|---|---|---|
| A | Declaration of Andrew LeGrand | 4–6 |
| A1 | Plaintiffs' First Set of Requests for Production | 7–19 |
| A2 | Counsel Correspondence re: Plaintiffs' Request to Extend Deadline for Initial Disclosures | 20–26 |

Dated: March 11, 2024.

Respectfully submitted,
*/s/ Andrew LeGrand*

1

**GIBSON, DUNN & CRUTCHER LLP**
Andrew LeGrand (TX 24070132)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
T: (214) 698-3100
F: (214) 571-2960
alegrand@gibsondunn.com

Theodore J. Boutrous, Jr.** (CA 132099)
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520
tboutrous@gibsondunn.com

Amer S. Ahmed** (NY 4382040)
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035
aahmed@gibsondunn.com

**ELIAS LAW GROUP LLP**
Abha Khanna* (WA 42612)
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
akhanna@elias.law

Jacob D. Shelly* (DC 90010127)
Elena Rodriguez Armenta* (DC 90018798)
250 Massachusetts Avenue NW, Suite 400
Washington, DC 20001
T: (202) 968-4490
F: (202) 986-4498
jshelly@elias.law
erodriguezarmenta@elias.law

* Admitted *pro hac vice*
** *Pro hac vice* application forthcoming

*Counsel for Defendants Media Matters for America, Angelo Carusone, and Eric Hananoki*

2

**CERTIFICATE OF SERVICE**

On March 11, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Andrew LeGrand*
Andrew LeGrand

# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **X CORP.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 4:23-cv-01175-O** |
| **MEDIA MATTERS FOR AMERICA, et al.,** | |
| **Defendants.** | |

**DECLARATION OF ANDREW LEGRAND**
**IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO STAY DISCOVERY**
**PENDING RULING ON DEFENDANTS' MOTION TO DISMISS**

I, Andrew LeGrand, declare as follows:

1.       I am over the age of 18, am competent to testify, and have personal knowledge of the facts and information set forth in this declaration.

2.       I am a Partner at Gibson, Dunn & Crutcher LLP in Dallas, TX. I am a member of the Texas bar. I am co-counsel for Media Matters for America, Eric Hananoki, and Angelo Carusone ("Defendants") in this matter.

3.       I submit this declaration in support of Defendants' Renewed Motion to Stay Discovery Pending Ruling on Defendants' Motion to Dismiss.

4.       Attached as **Exhibit A1** is a true and correct copy of Plaintiffs' First Set of Requests for Production served to Defendants via email on February 5, 2024.

5.       Attached as **Exhibit A2** is a true and correct copy of email communications from

February 5, 2024 through March 1, 2024 between counsel regarding the deadline for serving initial disclosures.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 11, 2024.

_/s/ Andrew LeGrand_
Andrew LeGrand

# Exhibit A1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**X CORP.**,

          Plaintiff,

    vs.

**MEDIA MATTERS FOR AMERICA**, et al.

          Defendants.

Case No. 4:23-cv-01175-O

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff X. Corp. hereby serves this First Set of Requests for Production on each of the Defendants, Media Matters for America and Eric Hananoki, by and through their counsel of record, on February 5, 2024, via email pursuant to an agreement for electronic service between counsel. Each Defendant is hereby independently obligated to respond to these requests and produce the documents described below in accordance with the Instructions and Definitions.

You are reminded that you must respond in writing within 30 days of this date. Production is to be made at the offices of Stone Hilton PLLC, 1115 W. Slaughter Ln., Austin, TX 78715, or via such means as counsel for the parties may agree.

1

Respectfully submitted.

/s/ Christopher D. Hilton
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
STONE | HILTON PLLC
1115 W. Slaughter Lane
Austin, TX 78748
Telephone: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com

John C. Sullivan
Texas Bar No. 24083920
S|L LAW PLLC
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on counsel for Defendants via email on February 5, 2024, pursuant to counsel's agreement to accept service via electronic means.

/s/ Christopher D. Hilton
Christopher D. Hilton

**DEFINITIONS**

In reading and interpreting these requests for production and the accompanying instructions, the following definitions shall apply:

1.    "X" or "Plaintiff" shall mean the Plaintiff in this Matter, X Corp., as well as its predecessor in interest, Twitter, Inc.

2.    "Defendant," "You," and "Your" shall mean the Defendants in this Matter, Media Matters for America (also referred to as "Media Matters") and Eric Hananoki (also referred to as "Hananoki"), either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope. "Defendant," "You," and "Your" also refers to, as applicable, each Defendant's board of directors ("Board"), employees, agents, attorneys, representatives, and all other persons acting or purporting to act on behalf of any Defendant, as well as all persons who have acted or purport to have acted on any Defendant's behalf.

3.    "Matter" shall refer to this above-captioned litigation, *X Corp. v. Media Matters for America et al.*, No. 4:23-cv-01175-O.

4.    "Material," "document," "information," "data," and any other similar words describing categories of things that may be subject to production in response to these requests, shall be given the broadest possible interpretation provided by law, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. Each of these words shall also include without limitation handwritten notes, data in specialized databases or document repositories, and data or information received from journalistic sources. Each of these

3

words shall also include without limitation any "communications" (regardless of whether "communications" is separately specified), meaning any transmission of any information via any means whatsoever, including without limitation emails, phone logs, voicemails, text messages, chat messages (such as Zoom, Slack, Microsoft Teams, or Google Meet), Signal messages, WhatsApp messages, notes of conversations, or recordings of conversations.

5.      "Concerning," "regarding," "related to," and any other similar phrases signify any connection, direct or indirect, between the requested material and the stated topic. Such phrases describing the subject matter of a request shall be given the broadest possible interpretation in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

6.      "Identify," or a request for an "identity," when used with respect to an individual or an entity, means to provide the name of the individual or entity, the current street address for the individual or the main office of such entity (or, if such information is unavailable, any available information or data regarding the individual or entity's location), the telephone number and email address for the individual or entity, and the name and title of the individual responsible for operations of any entity.

7.      The "Platform" shall refer to the social media website x.com and twitter.com, and the X app and Twitter app, and shall include but not be limited to the website's or app's features, functions, users, and content.

8.      The "November 16, 2023 Article" shall refer to the article written by Eric Hananoki and originally published on November 16, 2023, at or around 10:05 AM EST, titled "As Musk endorses antisemitic conspiracy theory, X has been placing ads for Apple, Bravo, IBM, Oracle, and Xfinity next to pro-Nazi content," available as of February 4, 2024 at

https://www.mediamatters.org/twitter/musk-endorses-antisemitic-conspiracy-theory-x-has-been-placing-ads-apple-bravo-ibm-oracle, including all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto.

9.      The "Website" shall refer to the Media Matters for America website and all of its pages, available at https://www.mediamatters.org/.

5

## INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 34, You are hereby instructed to respond to these requests for production as follows:

1.      Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label. You must produce all of the materials in your possession, custody, or control as well as any materials in the possession, custody, or control of Your departments, officers, directors, employees, agents, servants, attorneys, or representatives of any kind whatsoever, or any other person or entity from whom you have the right to obtain documents and information.

2.      To the extent that You object to a request for production, You must state the objection with particularity, providing specific grounds for the objection, and You must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part that is objectionable, and You must respond in full to the part that is unobjectionable.

3.      Produce documents and tangible things in the forms as they are kept in the ordinary course of business, except that documents may be numbered or labeled during the production process. Every effort should be made to maintain document unitization from whatever source the documents are collected.

4.      Electronically stored information (ESI) should be produced in accordance with generally accepted ESI standards, and all the information and metadata necessary for loading Your production into Relativity or a similar document management database. No metadata should be altered or destroyed during Your collection or production of documents. Counsel for the parties

6

have previously agreed to come to terms on a mutually acceptable set of ESI protocols that the parties will memorialize in a proposed court order, and Your production shall be governed by that order.

5.      For any materials that You assert are privileged, protected, or otherwise except from discovery for any reason, You are instructed to provide an appropriate privilege log. Counsel for the parties previously agreed to come to terms on a mutually acceptable protocol for the handling of privileged material that the parties will memorialize in a proposed court order, and Your production shall be governed by that order. Any nonprivileged information within a document that can be produced, must be produced, with redactions over the privileged information. If You claim that any materials are not privilege or otherwise exempt from disclosure but should nonetheless be kept confidential, You are instructed to alert counsel of that fact prior to the deadline for a response to these requests so that the parties can evaluate the need for a confidentiality and protective order in this matter.

6.      For any materials that You claim no longer exist, have been destroyed, or cannot be located, provide the following: (a) a statement identifying the material; (b) a statement of how and when the material ceased to exist or when it could no longer be located; (c) the reasons for the material's nonexistence or loss; (d) the identity, address, and job title of each person having knowledge about the nonexistence or loss of the material; and (e) a statement identifying any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

7.      These requests for production must be construed as broadly as possible, giving words their most expansive and inclusive interpretation, such that the requests should be construed

7

with a meaning that brings materials within the request's scope rather than with a meaning that excludes materials from the request's scope.

8.      The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, wherever needed in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

9.      The words "and" and "or" shall each be construed either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

10.     Unless otherwise stated, the responsive "time period" for these requests is April 14, 2021, to the present. These requests are continuing in nature, and You have an obligation to amend, supplement, or correct Your responses and Your productions in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

1.      All versions of the November 16, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

2.      All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 16, 2023 Article.

3.      All documents and communications related to the November 16, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 16, 2023 Article.

4.      All audio and video recordings of You discussing or referencing in any way the November 16, 2023 Article, including but not limited to documents reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

5.      All documents and communications discussing or mentioning X, the Platform, Elon Musk, or Linda Yaccarino, including but not limited to email updates, "Action Updates," or "Weekly Updates," that were sent out via any email, text, phone, social media, or other distribution list that You maintain.

6.      All documents and communications concerning content moderation on the Platform.

7.    All documents and communications concerning advertising on the Platform, including but not limited to documents and communications concerning any particular advertiser or potential advertiser on the Platform.

8.    All communications with X's advertisers concerning the Platform, including but not limited to communications regarding their decision to advertise on the Platform.

9.    All communications with X's advertisers about advertising with or financially supporting You.

10.    All posts, comments, direct messages, and any other account data of any kind whatsoever posted by You on the Platform, including but not limited to the @mmfa and @ehananoki accounts and any accounts used in the creation of the November 16, 2023 Article.

11.    All communications with appointed or elected public officials, candidates for public office, candidate campaign committees, political party committees, PACs, 501(c)(4) groups, and any other political actors or political operatives.

12.    All IRS Form 990s for Media Matters, regardless of time period, since the founding of Media Matters.

13.    All annual financial statements for Media Matters, regardless of time period, since the founding of Media Matters.

14.    All Your bank statements and all documents sufficient to show Your financial condition during the time period.

15.    All materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation of any kind whatsoever that You may currently owe, that You may owe in the future,

10

or that You have owed during the time period, including but not limited to any monetary judgment in this matter.

16.     Documents sufficient to show Your expenses and the identity of the recipients of such expenditures, including but not limited to expenses on salaries, travel, equipment, real property, solicitation of donations, and any other expenses whatsoever.

17.     Documents sufficient to show the identity of all Your donors or any others who provide financial support of any kind, their residence, the time and place of their donation or provision of financial support, and the amount of their donations or other financial support.

18.     Any document or communication reflecting Your attempts to solicit donations or financial support of any kind, including but not limited to any discussions with any donors or any others who provided, considered providing, or were asked to provide financial support of any kind.

19.     Documents sufficient to identify the recipients of any communications or email updates, "Action Updates," or "Weekly Updates" sent out via any email list that You maintain, as well as any information related to those recipients' locations, including but not limited to any self-reported location data and their IP addresses.

20.     Documents sufficient to show Media Matters' organizational structure, including Board membership, leadership structure, and that of any affiliated or related entities.

21.     All documents and communications regarding Your sources of funding for research, investigation, reporting, publication, or any other work related to X, the Platform, Elon Musk, or Linda Yaccarino.

22.     All documents concerning, and communications with, any third-party public relations, advertising, marketing, communications, or similar firm that You have contracted with, or that you have contacted in any capacity about the November 16, 2023 Article.

11

23.     All documents and communications related to or reflecting any travel by Eric Hananoki from October 20, 2023, to December 15, 2023.

24.     All of Your calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments from October 20, 2023, to December 15, 2023.

25.     All documents and communications related to or reflecting Your involvement in or knowledge of X and any related entities, individuals, and platforms.

26.     All documents and communications related to or reflecting Media Matters' Board's involvement in or knowledge of X and any related entities, individuals, and platforms.

27.     All documents and communications related to or reflecting Media Matters' donors' involvement in or knowledge of X and any related entities, individuals, and platforms.

28.     All documents and communications related to or reflecting Media Matters' employees' involvement in or knowledge of X and any related entities, individuals, and platforms.

29.     All documents and communications related to or reflecting Media Matters' advertisers' and agencies' involvement in or knowledge of X and any related entities, individuals, and platforms.

12

# Exhibit A2

| | |
|---|---|
| **From:** | Chris Hilton |
| **To:** | Ahmed, Amer S. |
| **Cc:** | LeGrand, Andrew; Boutrous Jr., Theodore J.; Abha Khanna; Elena Rodriguez Armenta; Champion, Anne; Omeed Alerasool; Jacob Shelly; Chris Dodge; Daniela Lorenzo; Aria Branch; Judd E. Stone, II; Ari Cuenin; john.sullivan@the-sl-lawfirm.com |
| **Subject:** | Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery? |
| **Date:** | Friday, March 1, 2024 3:09:09 PM |

That works for us. Thank you, Amer.

Thanks,
Chris

---

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Friday, March 1, 2024 2:00 PM
**To:** Chris Hilton <chris@stonehilton.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; john.sullivan@the-sl-lawfirm.com <john.sullivan@the-sl-lawfirm.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?
Hello Chris:

We think there is overlap between those discovery devices, but without getting into a debate about it, we would be fine with disclosures being due March 8 and Defendants' R&Os being due on March 11.  Let me know if that works on your end.

Kind regards,

Amer

**Amer S. Ahmed**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Chris Hilton <chris@stonehilton.com>
**Sent:** Friday, March 1, 2024 2:11 PM

**To:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J.
<TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez Armenta
<erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed
Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge
<cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>;
Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; john.sullivan@the-sl-
lawfirm.com
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

[WARNING: External Email]

I don't see what one thing has to do with the other, but we'd be fine with doing both initial
disclosures and your RFP responses on March 6. Let us know if that works.

Thanks,
Chris

---

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Friday, March 1, 2024 1:09 PM
**To:** Chris Hilton <chris@stonehilton.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J.
<TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez Armenta
<erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed
Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge
<cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>;
Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; john.sullivan@the-sl-
lawfirm.com <john.sullivan@the-sl-lawfirm.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Hello Chris:

As I'm sure you will appreciate, we are surprised to receive this extension request given that Plaintiff
has insisted on a highly compressed discovery schedule at every turn.  Amidst our other matters, we
were prepared to exchange initial disclosures today just as the parties had agreed to do.

As you know, Responses and Objections to Plaintiff's First Set of Document Requests ("R&Os") are
due on March 6.  We do not think it equitable or reasonable to serve R&Os before the parties have
exchanged initial disclosures.  Accordingly, we would be willing to extend the deadline for an
exchange of initial disclosures to March 8—as you request—on the condition that the deadline for
Defendants' R&Os will be extended to March 15, one week after the date for initial disclosures.
Please let us know if you are amenable to that reciprocal extension of deadlines.

Kind regards,

Amer

**Amer S. Ahmed**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Chris Hilton <chris@stonehilton.com>
**Sent:** Friday, March 1, 2024 11:08 AM
**To:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J.
<TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez Armenta
<erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed
Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge
<cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>;
Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; john.sullivan@the-sl-
lawfirm.com
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

[WARNING: External Email]

Counsel,

Apologies for the late request - due to our busy schedule on other matters, we need to
request one additional week for the exchange of our disclosures. Please confirm whether
that is acceptable, and we appreciate your courtesies.

Thanks,
Chris

---

**From:** Chris Hilton <chris@stonehilton.com>
**Sent:** Monday, February 19, 2024 7:49 PM
**To:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J.
<TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez Armenta
<erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed
Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge
<cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>;
Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; john.sullivan@the-sl-
lawfirm.com <john.sullivan@the-sl-lawfirm.com>
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Upon further consideration, we are amenable to a mutual exchange of disclosures on your originally proposed date, March 1.

Thanks,
Chris

Get Outlook for iOS
_____

**From:** Chris Hilton <chris@stonehilton.com>
**Sent:** Monday, February 19, 2024 7:59 AM
**To:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; john.sullivan@the-sl-lawfirm.com <john.sullivan@the-sl-lawfirm.com>
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Amer,

Thanks for your patience. Yes, we are opposed to your motion.

I appreciate the reminder on the initial disclosures. I'll get back to you on that today.

Thanks,
Chris

Get Outlook for iOS
_____

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Thursday, February 15, 2024 10:02 PM
**To:** Chris Hilton <chris@stonehilton.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; john.sullivan@the-sl-lawfirm.com <john.sullivan@the-sl-lawfirm.com>
**Subject:** X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Hi Chris:

As you know, based on the parties' Rule 26 conference and our sections of the conference report,

Defendants intend to move for a stay of discovery (apart from initial disclosures, which we have been negotiating separately) in light of the threshold, case-dispositive arguments raised in our Rule 12 motion. Under local rules, we are required to confirm your position on that motion. We assume, based on our conversations, that you intend to oppose such a motion to stay discovery until a ruling on the motion to dismiss. But we would be grateful if you could let us know by close of business on Friday, February 15 if your previously stated position has changed in regard to our requested stay of discovery.

Separately, I believe we are still waiting on a response from you concerning the date to exchange initial disclosures.

Thanks very much and I hope all is well.

Kind regards,

Amer

**Amer S. Ahmed** (he/him/his)
Partner

T: +1 212.351.2427  |  M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

> On Feb 5, 2024, at 11:27 PM, Chris Hilton <chris@stonehilton.com> wrote:
>
> **[WARNING: External Email]**
>
> Counsel,
>
> Please see attached.
>
> Thanks,
> Chris
>
> | Christopher D. Hilton
> | Stone | Hilton
> | P.O. Box 150112
> | Austin, TX 78715
> | (737) 465-3897
>
> <X 1st Set of RFPs 20240205.pdf>

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is

25

strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.