# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

|  |  |
|---|---|
| X CORP., | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 4:23-cv-01175-O** |
| MEDIA MATTERS FOR AMERICA, et al., | |
| **Defendants.** | |

## APPENDIX OF EXHIBITS ACCOMPANYING DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANTS' MOTION TO DISMISS

Pursuant to LR 7.1(i), Defendants Media Matters for America, Angelo Carusone, and Eric Hananoki present the following exhibits to accompany their Reply in Support of Motion to Stay Discovery Pending Ruling on Defendants' Motion to Dismiss:

| Exhibit | Description | Appendix Page Number |
|---|---|---|
| A | Declaration of Andrew LeGrand | 4–6 |
| A1 | Plaintiffs' First Set of Requests for Production | 7–19 |
| A2 | Plaintiffs' First Set of Requests for Production to Defendant Angelo Carusone | 20–32 |
| A3 | Defendants Media Matters for America and Eric Hananoki's Responses and Objections to Plaintiff's First Set of Requests for Production | 33–65 |
| A4 | Counsel Correspondence re: X/MMFA: Plaintiff Position on Motion to Stay Discovery? | 66–81 |
| A5 | Plaintiff's Second Set of Requests for Production | 82–94 |

Dated: April 15, 2024.

Respectfully submitted,
*/s/ Andrew LeGrand*

**GIBSON, DUNN & CRUTCHER LLP**
Andrew LeGrand (TX 24070132)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
T: (214) 698-3100
F: (214) 571-2960
alegrand@gibsondunn.com

Theodore J. Boutrous, Jr.** (CA 132099)
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520
tboutrous@gibsondunn.com

Amer S. Ahmed** (NY 4382040)
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035
aahmed@gibsondunn.com

**ELIAS LAW GROUP LLP**
Abha Khanna* (WA 42612)
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
akhanna@elias.law

Jacob D. Shelly* (DC 90010127)
Elena Rodriguez Armenta* (DC 90018798)
250 Massachusetts Avenue NW, Suite 400
Washington, DC 20001
T: (202) 968-4490
F: (202) 986-4498
jshelly@elias.law
erodriguezarmenta@elias.law

\* Admitted *pro hac vice*
\*\* *Pro hac vice* application forthcoming

*Counsel for Defendants Media Matters for America, Angelo Carusone, and Eric Hananoki*

**CERTIFICATE OF SERVICE**

On April 15, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Andrew LeGrand*
Andrew LeGrand

# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **X CORP.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 4:23-cv-01175-O** |
| **MEDIA MATTERS FOR AMERICA, et al.,** | |
| **Defendants.** | |

**DECLARATION OF ANDREW LEGRAND**
**IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT DEFENDANTS' RENEWED**
**MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANTS' MOTION TO**
**DISMISS**

I, Andrew LeGrand, declare as follows:

1.      I am over the age of 18, am competent to testify, and have personal knowledge of the facts and information set forth in this declaration.

2.      I am a Partner at Gibson, Dunn & Crutcher LLP in Dallas, TX. I am a member of the Texas bar. I am co-counsel for Media Matters for America, Eric Hananoki, and Angelo Carusone ("Defendants") in this matter.

3.      I submit this declaration in support of Defendants' Reply in Support of Defendants' Renewed Motion to Stay Discovery Pending Ruling on Defendants' Motion to Dismiss.

4.      Attached as **Exhibit A1** is a true and correct copy of Plaintiff's First Set of Requests for Production served on Defendants via email on February 5, 2024.

5.      Attached as **Exhibit A2** is a true and correct copy of Plaintiff's First Set of Requests for Production to Defendant Angelo Carusone served on Defendants via email on March 29, 2024.

6.      Attached as **Exhibit A3** is a true and correct copy of Defendants Media Matters for America and Eric Hananoki's Responses and Objections to Plaintiff's First Set of Requests for Production served on Plaintiff via email on March 11, 2024.

7.      Attached as **Exhibit A4** is a true and correct copy of email communications from February 5, 2024 through April 9, 2024 between counsel regarding conferral on various discovery matters.

8.      Attached as **Exhibit A5** is a true and correct copy of Plaintiff's Second Set of Requests for Production to Defendants served on Defendants via email on March 29, 2024.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 15, 2024.

                                        */s/ Andrew LeGrand*
                                        Andrew LeGrand

# Exhibit A1

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

**X CORP.**,

              Plaintiff,

     vs.

**MEDIA MATTERS FOR AMERICA**, et al.

              Defendants.

Case No. 4:23-cv-01175-O

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff X. Corp. hereby serves this First Set of Requests for Production on each of the Defendants, Media Matters for America and Eric Hananoki, by and through their counsel of record, on February 5, 2024, via email pursuant to an agreement for electronic service between counsel. Each Defendant is hereby independently obligated to respond to these requests and produce the documents described below in accordance with the Instructions and Definitions.

You are reminded that you must respond in writing within 30 days of this date. Production is to be made at the offices of Stone Hilton PLLC, 1115 W. Slaughter Ln., Austin, TX 78715, or via such means as counsel for the parties may agree.

Respectfully submitted.

*/s/ Christopher D. Hilton*

Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
**STONE | HILTON PLLC**
1115 W. Slaughter Lane
Austin, TX 78748
Telephone: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com

John C. Sullivan
Texas Bar No. 24083920
**S|L LAW PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on counsel for Defendants via email on February 5, 2024, pursuant to counsel's agreement to accept service via electronic means.

*/s/ Christopher D. Hilton*

Christopher D. Hilton

2

**DEFINITIONS**

In reading and interpreting these requests for production and the accompanying instructions, the following definitions shall apply:

1.     "X" or "Plaintiff" shall mean the Plaintiff in this Matter, X Corp., as well as its predecessor in interest, Twitter, Inc.

2.     "Defendant," "You," and "Your" shall mean the Defendants in this Matter, Media Matters for America (also referred to as "Media Matters") and Eric Hananoki (also referred to as "Hananoki"), either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope. "Defendant," "You," and "Your" also refers to, as applicable, each Defendant's board of directors ("Board"), employees, agents, attorneys, representatives, and all other persons acting or purporting to act on behalf of any Defendant, as well as all persons who have acted or purport to have acted on any Defendant's behalf.

3.     "Matter" shall refer to this above-captioned litigation, *X Corp. v. Media Matters for America et al.*, No. 4:23-cv-01175-O.

4.     "Material," "document," "information," "data," and any other similar words describing categories of things that may be subject to production in response to these requests, shall be given the broadest possible interpretation provided by law, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. Each of these words shall also include without limitation handwritten notes, data in specialized databases or document repositories, and data or information received from journalistic sources. Each of these

3

words shall also include without limitation any "communications" (regardless of whether "communications" is separately specified), meaning any transmission of any information via any means whatsoever, including without limitation emails, phone logs, voicemails, text messages, chat messages (such as Zoom, Slack, Microsoft Teams, or Google Meet), Signal messages, WhatsApp messages, notes of conversations, or recordings of conversations.

5.      "Concerning," "regarding," "related to," and any other similar phrases signify any connection, direct or indirect, between the requested material and the stated topic. Such phrases describing the subject matter of a request shall be given the broadest possible interpretation in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

6.      "Identify," or a request for an "identity," when used with respect to an individual or an entity, means to provide the name of the individual or entity, the current street address for the individual or the main office of such entity (or, if such information is unavailable, any available information or data regarding the individual or entity's location), the telephone number and email address for the individual or entity, and the name and title of the individual responsible for operations of any entity.

7.      The "Platform" shall refer to the social media website x.com and twitter.com, and the X app and Twitter app, and shall include but not be limited to the website's or app's features, functions, users, and content.

8.      The "November 16, 2023 Article" shall refer to the article written by Eric Hananoki and originally published on November 16, 2023, at or around 10:05 AM EST, titled "As Musk endorses antisemitic conspiracy theory, X has been placing ads for Apple, Bravo, IBM, Oracle, and Xfinity next to pro-Nazi content," available as of February 4, 2024 at

4

https://www.mediamatters.org/twitter/musk-endorses-antisemitic-conspiracy-theory-x-has-been-placing-ads-apple-bravo-ibm-oracle, including all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto.

9.     The "Website" shall refer to the Media Matters for America website and all of its pages, available at https://www.mediamatters.org/.

5

## INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 34, You are hereby instructed to respond to these requests for production as follows:

1.      Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label. You must produce all of the materials in your possession, custody, or control as well as any materials in the possession, custody, or control of Your departments, officers, directors, employees, agents, servants, attorneys, or representatives of any kind whatsoever, or any other person or entity from whom you have the right to obtain documents and information.

2.      To the extent that You object to a request for production, You must state the objection with particularity, providing specific grounds for the objection, and You must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part that is objectionable, and You must respond in full to the part that is unobjectionable.

3.      Produce documents and tangible things in the forms as they are kept in the ordinary course of business, except that documents may be numbered or labeled during the production process. Every effort should be made to maintain document unitization from whatever source the documents are collected.

4.      Electronically stored information (ESI) should be produced in accordance with generally accepted ESI standards, and all the information and metadata necessary for loading Your production into Relativity or a similar document management database. No metadata should be altered or destroyed during Your collection or production of documents. Counsel for the parties

6

have previously agreed to come to terms on a mutually acceptable set of ESI protocols that the parties will memorialize in a proposed court order, and Your production shall be governed by that order.

5.      For any materials that You assert are privileged, protected, or otherwise except from discovery for any reason, You are instructed to provide an appropriate privilege log. Counsel for the parties previously agreed to come to terms on a mutually acceptable protocol for the handling of privileged material that the parties will memorialize in a proposed court order, and Your production shall be governed by that order. Any nonprivileged information within a document that can be produced, must be produced, with redactions over the privileged information. If You claim that any materials are not privilege or otherwise exempt from disclosure but should nonetheless be kept confidential, You are instructed to alert counsel of that fact prior to the deadline for a response to these requests so that the parties can evaluate the need for a confidentiality and protective order in this matter.

6.      For any materials that You claim no longer exist, have been destroyed, or cannot be located, provide the following: (a) a statement identifying the material; (b) a statement of how and when the material ceased to exist or when it could no longer be located; (c) the reasons for the material's nonexistence or loss; (d) the identity, address, and job title of each person having knowledge about the nonexistence or loss of the material; and (e) a statement identifying any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

7.      These requests for production must be construed as broadly as possible, giving words their most expansive and inclusive interpretation, such that the requests should be construed

with a meaning that brings materials within the request's scope rather than with a meaning that excludes materials from the request's scope.

8.      The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, wherever needed in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

9.      The words "and" and "or" shall each be construed either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

10.     Unless otherwise stated, the responsive "time period" for these requests is April 14, 2021, to the present. These requests are continuing in nature, and You have an obligation to amend, supplement, or correct Your responses and Your productions in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

1.      All versions of the November 16, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

2.      All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 16, 2023 Article.

3.      All documents and communications related to the November 16, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 16, 2023 Article.

4.      All audio and video recordings of You discussing or referencing in any way the November 16, 2023 Article, including but not limited to documents reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

5.      All documents and communications discussing or mentioning X, the Platform, Elon Musk, or Linda Yaccarino, including but not limited to email updates, "Action Updates," or "Weekly Updates," that were sent out via any email, text, phone, social media, or other distribution list that You maintain.

6.      All documents and communications concerning content moderation on the Platform.

9

7.     All documents and communications concerning advertising on the Platform, including but not limited to documents and communications concerning any particular advertiser or potential advertiser on the Platform.

8.     All communications with X's advertisers concerning the Platform, including but not limited to communications regarding their decision to advertise on the Platform.

9.     All communications with X's advertisers about advertising with or financially supporting You.

10.    All posts, comments, direct messages, and any other account data of any kind whatsoever posted by You on the Platform, including but not limited to the @mmfa and @ehananoki accounts and any accounts used in the creation of the November 16, 2023 Article.

11.    All communications with appointed or elected public officials, candidates for public office, candidate campaign committees, political party committees, PACs, 501(c)(4) groups, and any other political actors or political operatives.

12.    All IRS Form 990s for Media Matters, regardless of time period, since the founding of Media Matters.

13.    All annual financial statements for Media Matters, regardless of time period, since the founding of Media Matters.

14.    All Your bank statements and all documents sufficient to show Your financial condition during the time period.

15.    All materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation of any kind whatsoever that You may currently owe, that You may owe in the future,

10

17

or that You have owed during the time period, including but not limited to any monetary judgment in this matter.

16.    Documents sufficient to show Your expenses and the identity of the recipients of such expenditures, including but not limited to expenses on salaries, travel, equipment, real property, solicitation of donations, and any other expenses whatsoever.

17.    Documents sufficient to show the identity of all Your donors or any others who provide financial support of any kind, their residence, the time and place of their donation or provision of financial support, and the amount of their donations or other financial support.

18.    Any document or communication reflecting Your attempts to solicit donations or financial support of any kind, including but not limited to any discussions with any donors or any others who provided, considered providing, or were asked to provide financial support of any kind.

19.    Documents sufficient to identify the recipients of any communications or email updates, "Action Updates," or "Weekly Updates" sent out via any email list that You maintain, as well as any information related to those recipients' locations, including but not limited to any self-reported location data and their IP addresses.

20.    Documents sufficient to show Media Matters' organizational structure, including Board membership, leadership structure, and that of any affiliated or related entities.

21.    All documents and communications regarding Your sources of funding for research, investigation, reporting, publication, or any other work related to X, the Platform, Elon Musk, or Linda Yaccarino.

22.    All documents concerning, and communications with, any third-party public relations, advertising, marketing, communications, or similar firm that You have contracted with, or that you have contacted in any capacity about the November 16, 2023 Article.

11

23.     All documents and communications related to or reflecting any travel by Eric Hananoki from October 20, 2023, to December 15, 2023.

24.     All of Your calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments from October 20, 2023, to December 15, 2023.

25.     All documents and communications related to or reflecting Your involvement in or knowledge of X and any related entities, individuals, and platforms.

26.     All documents and communications related to or reflecting Media Matters' Board's involvement in or knowledge of X and any related entities, individuals, and platforms.

27.     All documents and communications related to or reflecting Media Matters' donors' involvement in or knowledge of X and any related entities, individuals, and platforms.

28.     All documents and communications related to or reflecting Media Matters' employees' involvement in or knowledge of X and any related entities, individuals, and platforms.

29.     All documents and communications related to or reflecting Media Matters' advertisers' and agencies' involvement in or knowledge of X and any related entities, individuals, and platforms.

12

# Exhibit A2

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **X CORP.,**<br>            Plaintiff,<br><br>        vs.<br><br>**MEDIA MATTERS FOR AMERICA**, et al.<br>            Defendants. | Case No. 4:23-cv-01175-O |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**
**TO DEFENDANT ANGELO CARUSONE**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff X. Corp. hereby serves this First Set of Requests for Production on Defendant Angelo Carusone, by and through his counsel of record, on March 29, 2024, via email pursuant to an agreement for electronic service between counsel. Each Defendant is hereby independently obligated to respond to these requests and produce the documents described below in accordance with the Instructions and Definitions.

You are reminded that you must respond in writing within 30 days of this date. Production is to be made at the offices of Stone Hilton PLLC, 1115 W. Slaughter Ln., Austin, TX 78715, or via such means as counsel for the parties may agree.

1

Respectfully submitted.

*/s/ Christopher D. Hilton*
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
**STONE | HILTON PLLC**
1115 W. Slaughter Lane
Austin, TX 78748
Telephone: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com


John C. Sullivan
Texas Bar No. 24083920
**S|L LAW PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com


*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that this document was served on counsel for Defendants via email on

March 29, 2024, pursuant to counsel's agreement to accept service via electronic means.

*/s/ Christopher D. Hilton*
Christopher D. Hilton

2

## DEFINITIONS

In reading and interpreting these requests for production and the accompanying instructions, the following definitions shall apply:

1.      "X" or "Plaintiff" shall mean the Plaintiff in this Matter, X Corp., as well as its predecessor in interest, Twitter, Inc.

2.      "Defendant," "You," and "Your" shall mean the Defendants in this Matter, Media Matters for America (also referred to as "Media Matters"), Eric Hananoki (also referred to as "Hananoki"), and Angelo Carusone (also referred to as "Carusone"), either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope. "Defendant," "You," and "Your" also refers to, as applicable, each Defendant's board of directors ("Board"), employees, agents, attorneys, representatives, and all other persons acting or purporting to act on behalf of any Defendant, as well as all persons who have acted or purport to have acted on any Defendant's behalf.

3.      "Matter" shall refer to this above-captioned litigation, *X Corp. v. Media Matters for America et al.*, No. 4:23-cv-01175-O.

4.      "Material," "document," "information," "data," and any other similar words describing categories of things that may be subject to production in response to these requests, shall be given the broadest possible interpretation provided by law, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. Each of these words shall also include without limitation handwritten notes, data in specialized databases or document repositories, and data or information received from journalistic sources. Each of these

words shall also include without limitation any "communications" (regardless of whether "communications" is separately specified), meaning any transmission of any information via any means whatsoever, including without limitation emails, phone logs, voicemails, text messages, chat messages (such as Zoom, Slack, Microsoft Teams, or Google Meet), Signal messages, WhatsApp messages, notes of conversations, or recordings of conversations.

5.      "Concerning," "regarding," "related to," and any other similar phrases signify any connection, direct or indirect, between the requested material and the stated topic. Such phrases describing the subject matter of a request shall be given the broadest possible interpretation in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

6.      "Identify," or a request for an "identity," when used with respect to an individual or an entity, means to provide the name of the individual or entity, the current street address for the individual or the main office of such entity (or, if such information is unavailable, any available information or data regarding the individual or entity's location), the telephone number and email address for the individual or entity, and the name and title of the individual responsible for operations of any entity.

7.      The "Platform" shall refer to the social media website x.com and twitter.com, and the X app and Twitter app, and shall include but not be limited to the website's or app's features, functions, users, and content.

8.      The "November 16, 2023 Article" shall refer to the article written by Eric Hananoki and originally published on November 16, 2023, at or around 10:05 AM EST, titled "As Musk endorses antisemitic conspiracy theory, X has been placing ads for Apple, Bravo, IBM, Oracle, and Xfinity next to pro-Nazi content," available as of February 4, 2024 at

4

https://www.mediamatters.org/twitter/musk-endorses-antisemitic-conspiracy-theory-x-has-been-placing-ads-apple-bravo-ibm-oracle, including all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto.

9.    The "Website" shall refer to the Media Matters for America website and all of its pages, available at https://www.mediamatters.org/.

5

**INSTRUCTIONS**

Pursuant to Federal Rule of Civil Procedure 34, You are hereby instructed to respond to these requests for production as follows:

1.      Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label. You must produce all of the materials in your possession, custody, or control as well as any materials in the possession, custody, or control of Your departments, officers, directors, employees, agents, servants, attorneys, or representatives of any kind whatsoever, or any other person or entity from whom you have the right to obtain documents and information.

2.      To the extent that You object to a request for production, You must state the objection with particularity, providing specific grounds for the objection, and You must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part that is objectionable, and You must respond in full to the part that is unobjectionable.

3.      Produce documents and tangible things in the forms as they are kept in the ordinary course of business, except that documents may be numbered or labeled during the production process. Every effort should be made to maintain document unitization from whatever source the documents are collected.

4.      Electronically stored information (ESI) should be produced in accordance with generally accepted ESI standards, and all the information and metadata necessary for loading Your production into Relativity or a similar document management database. No metadata should be altered or destroyed during Your collection or production of documents. Counsel for the parties

6

have previously agreed to come to terms on a mutually acceptable set of ESI protocols that the parties will memorialize in a proposed court order, and Your production shall be governed by that order.

5.      For any materials that You assert are privileged, protected, or otherwise except from discovery for any reason, You are instructed to provide an appropriate privilege log. Counsel for the parties previously agreed to come to terms on a mutually acceptable protocol for the handling of privileged material that the parties will memorialize in a proposed court order, and Your production shall be governed by that order. Any nonprivileged information within a document that can be produced, must be produced, with redactions over the privileged information. If You claim that any materials are not privilege or otherwise exempt from disclosure but should nonetheless be kept confidential, You are instructed to alert counsel of that fact prior to the deadline for a response to these requests so that the parties can evaluate the need for a confidentiality and protective order in this matter.

6.      For any materials that You claim no longer exist, have been destroyed, or cannot be located, provide the following: (a) a statement identifying the material; (b) a statement of how and when the material ceased to exist or when it could no longer be located; (c) the reasons for the material's nonexistence or loss; (d) the identity, address, and job title of each person having knowledge about the nonexistence or loss of the material; and (e) a statement identifying any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

7.      These requests for production must be construed as broadly as possible, giving words their most expansive and inclusive interpretation, such that the requests should be construed

with a meaning that brings materials within the request's scope rather than with a meaning that excludes materials from the request's scope.

8.      The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, wherever needed in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

9.      The words "and" and "or" shall each be construed either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

10.     Unless otherwise stated, the responsive "time period" for these requests is April 14, 2021, to the present. These requests are continuing in nature, and You have an obligation to amend, supplement, or correct Your responses and Your productions in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

1.      All versions of the November 16, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

2.      All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 16, 2023 Article.

3.      All documents and communications related to the November 16, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 16, 2023 Article.

4.      All audio and video recordings of You discussing or referencing in any way the November 16, 2023 Article, including but not limited to documents reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

5.      All documents and communications discussing or mentioning X, the Platform, Elon Musk, or Linda Yaccarino, including but not limited to email updates, "Action Updates," or "Weekly Updates," that were sent out via any email, text, phone, social media, or other distribution list that You maintain.

6.      All documents and communications concerning content moderation on the Platform.

7.     All documents and communications concerning advertising on the Platform, including but not limited to documents and communications concerning any particular advertiser or potential advertiser on the Platform.

8.     All communications with X's advertisers concerning the Platform, including but not limited to communications regarding their decision to advertise on the Platform.

9.     All communications with X's advertisers about advertising with or financially supporting You.

10.    All posts, comments, direct messages, and any other account data of any kind whatsoever posted by You on the Platform, including but not limited to the @mmfa and @ehananoki accounts and any accounts used in the creation of the November 16, 2023 Article.

11.    All communications with appointed or elected public officials, candidates for public office, candidate campaign committees, political party committees, PACs, 501(c)(4) groups, and any other political actors or political operatives.

12.    All IRS Form 990s for Media Matters, regardless of time period, since the founding of Media Matters.

13.    All annual financial statements for Media Matters, regardless of time period, since the founding of Media Matters.

14.    All Your bank statements and all documents sufficient to show Your financial condition during the time period.

15.    All materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation of any kind whatsoever that You may currently owe, that You may owe in the future,

10

or that You have owed during the time period, including but not limited to any monetary judgment in this matter.

16.     Documents sufficient to show Your expenses and the identity of the recipients of such expenditures, including but not limited to expenses on salaries, travel, equipment, real property, solicitation of donations, and any other expenses whatsoever.

17.     Documents sufficient to show the identity of all Your donors or any others who provide financial support of any kind, their residence, the time and place of their donation or provision of financial support, and the amount of their donations or other financial support.

18.     Any document or communication reflecting Your attempts to solicit donations or financial support of any kind, including but not limited to any discussions with any donors or any others who provided, considered providing, or were asked to provide financial support of any kind.

19.     Documents sufficient to identify the recipients of any communications or email updates, "Action Updates," or "Weekly Updates" sent out via any email list that You maintain, as well as any information related to those recipients' locations, including but not limited to any self-reported location data and their IP addresses.

20.     Documents sufficient to show Media Matters' organizational structure, including Board membership, leadership structure, and that of any affiliated or related entities.

21.     All documents and communications regarding Your sources of funding for research, investigation, reporting, publication, or any other work related to X, the Platform, Elon Musk, or Linda Yaccarino.

22.     All documents concerning, and communications with, any third-party public relations, advertising, marketing, communications, or similar firm that You have contracted with, or that you have contacted in any capacity about the November 16, 2023 Article.

11

23.     All documents and communications related to or reflecting any travel by Eric Hananoki from October 20, 2023, to December 15, 2023.

24.     All of Your calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments from October 20, 2023, to December 15, 2023.

25.     All documents and communications related to or reflecting Your involvement in or knowledge of X and any related entities, individuals, and platforms.

26.     All documents and communications related to or reflecting Media Matters' Board's involvement in or knowledge of X and any related entities, individuals, and platforms.

27.     All documents and communications related to or reflecting Media Matters' donors' involvement in or knowledge of X and any related entities, individuals, and platforms.

28.     All documents and communications related to or reflecting Media Matters' employees' involvement in or knowledge of X and any related entities, individuals, and platforms.

29.     All documents and communications related to or reflecting Media Matters' advertisers' and agencies' involvement in or knowledge of X and any related entities, individuals, and platforms.

12

# Exhibit A3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |
|---|---|
| X CORP., | |
| *Plaintiff*, | |
| v. | Civil Action No. 4:23-cv-01175-O |
| MEDIA MATTERS FOR AMERICA, *et al.*, | |
| *Defendants*. | |

**DEFENDANTS MEDIA MATTERS FOR AMERICA AND ERIC HANANOKI'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Defendants Media Matters for America ("Media Matters") and Mr. Eric Hananoki,[1] through their undersigned counsel, submit these responses and objections to Plaintiff X Corp.'s First Set of Requests for Production ("Discovery Requests" or "Requests").

## PRELIMINARY STATEMENT

The responses set forth herein are based on the information and documents reasonably available to Defendants at this time, but discovery in this matter, including Defendants' investigation into the issues raised in this lawsuit and documents responsive to Plaintiff's Discovery Requests is still ongoing. Defendants reserve their right to alter, supplement, amend,

---

[1] Plaintiff's First Set of Requests for Production were served on February 5, 2024, prior to when Plaintiff amended its complaint to include Angelo Carusone as a defendant. Therefore, these Responses and Objections are not on behalf of Mr. Carusone. All references to Defendants herein are to Media Matters and Mr. Hananoki only.

correct, clarify, or otherwise modify these responses and objections, to assert additional objections or privileges, in any subsequent supplemental response(s), or to move for a Court order if deemed appropriate.

By making the accompanying responses and objections to Plaintiff's Discovery Requests, Defendants do not waive, and hereby expressly reserve, their right to assert all objections as to the admissibility of such responses and documents into evidence in this action, or in any other proceedings.

Produced materials will adhere to formal ESI protocol, privilege material agreement, and any protective order agreed to by Counsel for Plaintiff and Defendants and entered by the Court, and will be produced on a rolling basis. Defendants will not produce documents in response to Plaintiff's discovery requests until the Court has entered a mutually agreeable ESI Protocol and protective order negotiated by the Parties, or until the Court instructs otherwise.

Moreover, Defendants maintain that this Court has no personal jurisdiction over Media Matters or Eric Hananoki and that the Northern District of Texas is not the proper venue for this dispute. *See* Defendants' Brief in Support of their Motion to Dismiss, ECF 41 at Sections I and II; *see also* Defendants' Motion to Stay Discovery, ECF 43. at Section I.

## **RESPONSES TO INDIVIDUAL REQUESTS**

**REQUEST FOR PRODUCTION NO. 1**:  All versions of the November 16, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

**OBJECTIONS**: The Request does not define the term "notes," and Defendants interpret the term as used here consistent with its ordinary meaning to ask for written records created in the

process of reporting, writing, and publishing the November 16, 2023 Article. To the extent Plaintiff means something else by the term, Defendants object to this Request as vague and ambiguous. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege or reporter's privilege, including notes and communications that divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose the identity of persons who have imparted information . . . in confidence"); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (recognizing "the close nexus between the freedoms of speech and assembly" protected party from disclosure of associational documents). Defendants also object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

 **RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 2**:   All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 16, 2023 Article.

      **OBJECTIONS**: The Request does not define the term "Platform account data," and Defendants interpret the term as used here to ask for usernames of accounts on the X Platform relied on, referenced, created, or considered in investigating, working on, writing, publishing, and disseminating the referenced article. To the extent Plaintiff means something else by the term, Defendants object to this Request as vague and ambiguous. Defendants further object to this Request because it seeks sensitive information protected by the First Amendment privilege and reporter's privilege, including by asking Defendants to divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose the identity of persons who have imparted information . . . in confidence."); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (recognizing "the close nexus between the freedoms of speech and assembly" protected party from disclosure of associational documents). Defendants also object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to the extent that this Request seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source

4

that is more convenient, less burdensome, or less expensive, such as information about accounts on X or sources and links embedded within the November 16, 2023 article.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 3**:   All documents and communications related to the November 16, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 16, 2023 Article.

**OBJECTIONS**: Defendants object to this Request because it seeks information such as confidential communications with donors and strategic partners that are squarely protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2385–86 (2021); *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also Whole Woman's Health v. Smith*, 896 F.3d 362, 372 (5th Cir. 2018), as revised (July 17, 2018); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010). Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

Defendants further object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

   **RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

   **REQUEST FOR PRODUCTION NO. 4**:   All audio and video recordings of You discussing or referencing in any way the November 16, 2023 Article, including but not limited to documents reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

   **OBJECTIONS**: Defendants object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further

object to this Request because it seeks materials "in the possession, custody, or control of third parties" and therefore not within Defendants' possession, custody, or control.

       **RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 5**: All documents and communications discussing or mentioning X, the Platform, Elon Musk, or Linda Yaccarino, including but not limited to email updates, "Action Updates," or "Weekly Updates," that were sent out via any email, text, phone, social media, or other distribution list that You maintain.

       **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" that in any way mention X, the Platform, Elon Musk, or Linda Yaccarino, even where not reasonably related to the issues in dispute in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine,

and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 6**:   All documents and communications concerning content moderation on the Platform.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to any content moderation policies on the Platform and is not reasonably limited to materials relevant to the issues in dispute in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 7**:   All   documents   and   communications   concerning advertising on the Platform, including but not limited to documents and communications concerning any particular advertiser or potential advertiser on the Platform.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, the terms "any particular advertiser or potential advertiser on the Platform" is not reasonably limited to materials relevant to the issues in dispute in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these

9

objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 8**:   All communications with X's advertisers concerning the Platform, including but not limited to communications regarding their decision to advertise on the Platform.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 9**:  All communications with X's advertisers about advertising with or financially supporting You.

      **OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires blanket production of "[a]ll communications" with certain advertisers not reasonably limited to materials relevant to the issues in dispute in this case. Similarly, the phrase "financially supporting" is vague, overly broad, and not reasonably limited to materials relevant to the issues in dispute in this case. Defendants also object to this Request because it seeks sensitive information such as communications protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this request to the extent it seeks materials outside of Defendants possession, custody, or control.

      **RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

11

**REQUEST FOR PRODUCTION NO. 10**: All posts, comments, direct messages, and any other account data of any kind whatsoever posted by You on the Platform, including but not limited to the @mmfa and @ehananoki accounts and any accounts used in the creation of the November 16, 2023 Article.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll posts, comments, direct messages, and any other account data of any kind whatsoever" of various accounts, even where the information it seeks is vague, immaterial, or unrelated to the claims or defenses at issue in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive, including X account information within X Corp.'s possession.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 11**: All communications with appointed or elected public officials, candidates for public office, candidate campaign committees, political party committees, PACs, 501(c)(4) groups, and any other political actors or political operatives.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll communications" with a staggering number of potential individuals on unspecified topics immaterial and unrelated to the claims or defenses at issue in this case. Defendants also object to this Request to the extent it seeks sensitive communications that are protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this request to the extent it seeks information outside of Defendants' possession, custody, or control.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 12**: All IRS Form 990s for Media Matters, regardless of time period, since the founding of Media Matters.

      **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll IRS Form 990s for Media Matters" since the organization's founding twenty years ago, with no indication of why this information would be material or related to the claims or defenses at issue in this case. Indeed, the Platform was not founded until 2006, two years *after* Media Matters was founded. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

14

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis only publicly available version of its Form 990 tax returns. Defendants will not produce any non-public versions of its tax return.

**REQUEST FOR PRODUCTION NO. 13**: All annual financial statements for Media Matters, regardless of time period, since the founding of Media Matters.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll annual financial statements for Media Matters" since the organization's founding twenty years ago, with no indication of why this information would be material or related to the claims or defenses at issue in this case. Indeed, the Platform was not founded until 2006, two years *after* Media Matters was founded. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are

otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 14**: All Your bank statements and all documents sufficient to show Your financial condition during the time period.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll bank statements and all documents sufficient to show [Defendants'] financial condition," with no indication of why this information—including personal financial information of an individual reporter—would be material or related to the claims or defenses at issue in this case. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

16

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 15**: All materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation of any kind whatsoever that You may currently owe, that You may owe in the future, or that You have owed during the time period, including but not limited to any monetary judgment in this matter.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation *of any kind whatsoever*" even where the information would be immaterial or unrelated to the claims or defenses at issue in this case. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information and associations protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to

this request to the extent that it seeks materials outside of Defendants' possession, custody, or control.

  **RESPONSES**: Subject to, and without waiving these objections, Defendants direct Plaintiff to Section IV of Defendants' Initial Disclosures, served to counsel on March 8, 2024 via email, which, pursuant to Federal Rule of Civil Procedure 26 (a)(1)(A)(iv), lists "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in th[is] action or to indemnify or reimburse for payments made to satisfy the judgment [in this litigation]." Defendants will produce any related documents as required by Federal Rule of Civil Procedure 34. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 16**: Documents sufficient to show Your expenses and the identity of the recipients of such expenditures, including but not limited to expenses on salaries, travel, equipment, real property, solicitation of donations, and any other expenses whatsoever.

  **OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires producing a high-volume of sensitive financial information—including a limitless amount of unrestricted "expenses"—that are immaterial or unrelated to the claims or defenses at issue in this case. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment

privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 17**: Documents sufficient to show the identity of all Your donors or any others who provide financial support of any kind, their residence, the time and place of their donation or provision of financial support, and the amount of their donations or other financial support.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request seeks a high-volume of sensitive financial information "of any kind" that is immaterial or unrelated to the claims or defenses at issue in this case. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. at 2385–86; *Nat'l Ass'n for Advancement of*

*Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 18**: Any document or communication reflecting Your attempts to solicit donations or financial support of any kind, including but not limited to any discussions with any donors or any others who provided, considered providing, or were asked to provide financial support of any kind.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request seeks a high-volume of sensitive financial information of "any kind" that is immaterial or unrelated to the claims or defenses at issue in this case. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*,

*Americans for Prosperity Found.*, 141 S. Ct. 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.  Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this request to the extent it seeks materials outside of Defendants' possession, custody, or control.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.


**REQUEST FOR PRODUCTION NO. 19**: Documents sufficient to identify the recipients of any communications or email updates, "Action Updates," or "Weekly Updates" sent out via any email list that You maintain, as well as any information related to those recipients' locations, including but not limited to any self-reported location data and their IP addresses.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. Defendants also object to this Request to the extent it seeks disclosure of associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*,

141 S. Ct. at 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 20**: Documents sufficient to show Media Matters' organizational structure, including Board membership, leadership structure, and that of any affiliated or related entities.

**OBJECTIONS**: Defendants object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

22

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 21**: All documents and communications regarding Your sources of funding for research, investigation, reporting, publication, or any other work related to X, the Platform, Elon Musk, or Linda Yaccarino.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" that in any way mention sources of funding related to X, the Platform, Elon Musk, or Linda Yaccarino, even where not reasonably related to the issues in dispute in this case. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client

privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 22**: All documents concerning, and communications with, any third-party public relations, advertising, marketing, communications, or similar firm that You have contracted with, or that you have contacted in any capacity about the November 16, 2023 Article.

**OBJECTIONS**: Defendants object to this Request to the extent it seeks disclosure of sensitive associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to the term "similar firm" as vague.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control

24

that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 23**: All documents and communications related to or reflecting any travel by Eric Hananoki from October 20, 2023, to December 15, 2023.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications related to or reflecting *any* travel" by Mr. Hananoki during the specified time period, even where not reasonably related to the issues in dispute in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 24**: All of Your calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments from October 20, 2023, to December 15, 2023.

25

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments" during the specified time period, even where not reasonably related to the issues in dispute in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 25**: All documents and communications related to or reflecting Your involvement in or knowledge of X and any related entities, individuals, and platforms.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this

26

litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants also object to this request to the extent it seeks materials outside of Defendants' possession, custody, or control. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Requests Nos. 5 and 8.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 26**: All documents and communications related to or reflecting Media Matters' Board's involvement in or knowledge of X and any related entities, individuals, and platforms.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 27**: All documents and communications related to or reflecting Media Matters' donors' involvement in or knowledge of X and any related entities, individuals, and platforms.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this request to the extent it seeks materials outside of Defendants' possession, custody, or control.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis, any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

29

**REQUEST FOR PRODUCTION NO. 28**: All documents and communications related to or reflecting Media Matters' employees' involvement in or knowledge of X and any related entities, individuals, and platforms.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Requests Nos. 5, 8, and 25.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

30

**REQUEST FOR PRODUCTION NO. 29**: All documents and communications related to or reflecting Media Matters' advertisers' and agencies' involvement in or knowledge of X and any related entities, individuals, and platforms.

 **OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this Request to the extent that it seeks materials not within Defendants' possession, custody, or control.

 **RESPONSES**: Subject to, and without waiving these objections, Defendants do not possess any documents that are responsive to this Request because Media Matters does not have any advertisers or agencies.

**GIBSON, DUNN & CRUTCHER LLP**
Andrew LeGrand (TX 24070132)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
T: (214) 698-3100
F: (214) 571-2960
alegrand@gibsondunn.com

Theodore J. Boutrous, Jr.** (CA 132099)
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520
tboutrous@gibsondunn.com

Amer S. Ahmed** (NY 4382040)
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035
aahmed@gibsondunn.com

**ELIAS LAW GROUP LLP**
Abha Khanna* (WA 42612)
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
akhanna@elias.law

Jacob D. Shelly* (DC 90010127)
Daniela Lorenzo* (NY 5780457)
250 Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
T: (202) 968-4490
F: (202) 986-4498
jshelly@elias.law
dlorenzo@elias.law

* Admitted *pro hac vice*
** *Pro hac vice* application forthcoming

*Counsel for Defendants Media Matters for America and Eric Hananoki*

## CERTIFICATE OF SERVICE

On March 11, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Andrew LeGrand*

Andrew LeGrand

# Exhibit A4

| | |
|---|---|
| **From:** | Ahmed, Amer S. |
| **To:** | Chris Hilton |
| **Cc:** | LeGrand, Andrew; Boutrous Jr., Theodore J.; Abha Khanna; Elena Rodriguez Armenta; Champion, Anne; Omeed Alerasool; Jacob Shelly; Chris Dodge; Daniela Lorenzo; Aria Branch; Judd E. Stone, II; Ari Cuenin; Bonnie Chester; Cody Coll; john.sullivan@the-sl-lawfirm.com; Tom Albright; Vidyarthi, Apratim |
| **Subject:** | Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery? |
| **Date:** | Tuesday, April 9, 2024 10:10:48 AM |

Chris - we are still waiting on dial in information for our 11am call. Please advise.

**Amer S. Ahmed (he/him)**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

On Apr 8, 2024, at 11:10 AM, Chris Hilton <chris@stonehilton.com> wrote:

**[WARNING: External Email]**

Amer,

Tomorrow at 11 AM works. Attached is the NTDX default protective order and third party agreement. We'll endeavor to provide a proposed ESI order.

Thanks,
Chris

---

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Thursday, April 4, 2024 3:03 PM
**To:** Chris Hilton <chris@stonehilton.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester <Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com <john.sullivan@the-sl-lawfirm.com>; Tom Albright <tom@stonehilton.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Chris:

As you might imagine, when opposing counsel commits to one of several alternative time slots (as you did on Monday), we soon release the ones not selected to other matters.  I am also puzzled by the manufacturing of a counterfactual record:  You did not email me, let alone call, until more than 25 minutes *after* our scheduled meeting time.  Certainly not one of the 7 lawyers for X on this email chain responded to or acknowledged my early-afternoon check-in email of 1:39pm ET asking for a dial-in.  The members of the team who planned to attend the meet-and-confer turned to other tasks and obligations when the time for our conversation had long since passed. Sending an unsolicited Zoom invitation, with no advance notice, for 45 minutes after we were scheduled to meet (and then waiting on that unscheduled, unconfirmed call) is neither curative nor helpful.

In any event, as you say I hope we can move forward productively.  We are available on Tuesday at 11am ET.  We can also make ourselves available on Monday at 10:15am ET if that works on your end.  To keep things moving, if you have a proposed protective order and proposed ESI protocol for discussion, we are happy to look at those documents in advance and prepare responsive comments so that we can be efficient. Talk with you next week.

Kind regards,

Amer

**Amer S. Ahmed**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Chris Hilton <chris@stonehilton.com>
**Sent:** Thursday, April 4, 2024 11:08 AM
**To:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester <Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-

68

lawfirm.com; Tom Albright <tom@stonehilton.com>
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

[WARNING: External Email]

Amer,

You previously indicated that you were available today after 3:30 ET. Are you saying that none of the 11 lawyers who have appeared for defendants in this matter are available this afternoon?

Not that it matters, but I note that you "concluded" that the call was canceled without picking up the phone to call me and without responding to my emails or the voicemail that I left you. And you received that invitation for 5:45 because you told us that Defendants were available until 6:00 ET - though we waited until 6:20 ET and nobody from your team joined the call or even responded. As you confirmed at 6:47 ET, we concluded that you were tied up on other matters and too busy to respond.

I hope that we can just leave this unfortunate incident behind us and move forward on a more productive footing. We'll await your confirmation that nobody from your team is available this afternoon as you previously indicated. Regardless of whether we can begin our discussion today - and I hope that we can - I think it would also be advisable to block off some time next Tuesday. We propose 11:00 ET/10:00 CT, if that works for you.

Thanks,
Chris

---

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Wednesday, April 3, 2024 5:47 PM
**To:** Chris Hilton <chris@stonehilton.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester <Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com <john.sullivan@the-sl-lawfirm.com>; Tom Albright <tom@stonehilton.com>
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Chris - After we concluded that the call was not going ahead as scheduled, we also got tied up on other matters this evening.  So I'm not sure why I received an unsolicited

invitation for a 545pm time slot that we never confirmed.  And although you say you miscalendared this call for 5pm central time, we did not receive any calendar invitation for that time either despite my email of this afternoon requesting one.

As I said, we are next available on Tuesday.  In order to move things along in advance of our call, we are happy to look at your proposed changes (if any) to the ND Texas model protective order and model ESI protocol.  We can propose our changes (if any) to the same in response.  That will begin addressing two of the issues you raised.

Thanks.

Kind regards,

Amer

**Amer S. Ahmed (he/him)**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193


On Apr 3, 2024, at 5:26 PM, Chris Hilton <chris@stonehilton.com> wrote:


**[WARNING: External Email]**
Amer,

We have been tied up all afternoon and we miscalendared this for 5:00 central time. Sincere apologies for the inconvenience.

Please let us know your available for a phone call tomorrow.

Thanks,
Chris

Get Outlook for iOS

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Wednesday, April 3, 2024 4:21:07 PM
**To:** Chris Hilton <chris@stonehilton.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr.,

Theodore J. <[TBoutrous@gibsondunn.com](mailto:TBoutrous@gibsondunn.com)>; Abha Khanna
<[akhanna@elias.law](mailto:akhanna@elias.law)>; Elena Rodriguez Armenta
<[erodriguezarmenta@elias.law](mailto:erodriguezarmenta@elias.law)>; Champion, Anne
<[AChampion@gibsondunn.com](mailto:AChampion@gibsondunn.com)>; Omeed Alerasool
<[oalerasool@elias.law](mailto:oalerasool@elias.law)>; Jacob Shelly <[jshelly@elias.law](mailto:jshelly@elias.law)>; Chris Dodge
<[cdodge@elias.law](mailto:cdodge@elias.law)>; Daniela Lorenzo <[dlorenzo@elias.law](mailto:dlorenzo@elias.law)>; Aria Branch
<[abranch@elias.law](mailto:abranch@elias.law)>; Judd E. Stone, II <[judd@stonehilton.com](mailto:judd@stonehilton.com)>; Ari
Cuenin <[ari@stonehilton.com](mailto:ari@stonehilton.com)>; Bonnie Chester
<[Bonnie@stonehilton.com](mailto:Bonnie@stonehilton.com)>; Cody Coll <[cody@stonehilton.com](mailto:cody@stonehilton.com)>;
[john.sullivan@the-sl-lawfirm.com](mailto:john.sullivan@the-sl-lawfirm.com) <[john.sullivan@the-sl-lawfirm.com](mailto:john.sullivan@the-sl-lawfirm.com)>;
Tom Albright <[tom@stonehilton.com](mailto:tom@stonehilton.com)>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Chris,

We had blocked our schedules for 5pm ET today at your request.  I'm not
sure what happened, but I can only conclude that something emergent
tied up everyone on your team such that no one could send a note
canceling the time slot.  Going forward, please afford us the respect of
canceling appointments with some modicum of notice so that we may
claim the time back on our respective calendars.

The next we are available is Tuesday 4/12.  Please propose some times
then that work on your end.

Kind regards,

Amer

**Amer S. Ahmed**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
[AAhmed@gibsondunn.com](mailto:AAhmed@gibsondunn.com)

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Ahmed, Amer S. <[AAhmed@gibsondunn.com](mailto:AAhmed@gibsondunn.com)>
**Sent:** Wednesday, April 3, 2024 1:39 PM
**To:** Chris Hilton <[chris@stonehilton.com](mailto:chris@stonehilton.com)>
**Cc:** LeGrand, Andrew <[ALeGrand@gibsondunn.com](mailto:ALeGrand@gibsondunn.com)>; Boutrous Jr.,
Theodore J. <[TBoutrous@gibsondunn.com](mailto:TBoutrous@gibsondunn.com)>; Abha Khanna
<[akhanna@elias.law](mailto:akhanna@elias.law)>; Elena Rodriguez Armenta
<[erodriguezarmenta@elias.law](mailto:erodriguezarmenta@elias.law)>; Champion, Anne

<[AChampion@gibsondunn.com](mailto:AChampion@gibsondunn.com)>; Omeed Alerasool
<[oalerasool@elias.law](mailto:oalerasool@elias.law)>; Jacob Shelly <[jshelly@elias.law](mailto:jshelly@elias.law)>; Chris Dodge
<[cdodge@elias.law](mailto:cdodge@elias.law)>; Daniela Lorenzo <[dlorenzo@elias.law](mailto:dlorenzo@elias.law)>; Aria Branch
<[abranch@elias.law](mailto:abranch@elias.law)>; Judd E. Stone, II <[judd@stonehilton.com](mailto:judd@stonehilton.com)>; Ari
Cuenin <[ari@stonehilton.com](mailto:ari@stonehilton.com)>; Bonnie Chester
<[Bonnie@stonehilton.com](mailto:Bonnie@stonehilton.com)>; Cody Coll <[cody@stonehilton.com](mailto:cody@stonehilton.com)>;
[john.sullivan@the-sl-lawfirm.com](mailto:john.sullivan@the-sl-lawfirm.com); Tom Albright <[tom@stonehilton.com](mailto:tom@stonehilton.com)>
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

I take it you'll send around a link or dial-in?

**Amer S. Ahmed** (he/him/his)
Partner

T: +1 212.351.2427  |  M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Chris Hilton <[chris@stonehilton.com](mailto:chris@stonehilton.com)>
**Sent:** Monday, April 1, 2024 1:46:41 PM
**To:** Ahmed, Amer S. <[AAhmed@gibsondunn.com](mailto:AAhmed@gibsondunn.com)>
**Cc:** LeGrand, Andrew <[ALeGrand@gibsondunn.com](mailto:ALeGrand@gibsondunn.com)>; Boutrous Jr.,
Theodore J. <[TBoutrous@gibsondunn.com](mailto:TBoutrous@gibsondunn.com)>; Abha Khanna
<[akhanna@elias.law](mailto:akhanna@elias.law)>; Elena Rodriguez Armenta
<[erodriguezarmenta@elias.law](mailto:erodriguezarmenta@elias.law)>; Champion, Anne
<[AChampion@gibsondunn.com](mailto:AChampion@gibsondunn.com)>; Omeed Alerasool
<[oalerasool@elias.law](mailto:oalerasool@elias.law)>; Jacob Shelly <[jshelly@elias.law](mailto:jshelly@elias.law)>; Chris Dodge
<[cdodge@elias.law](mailto:cdodge@elias.law)>; Daniela Lorenzo <[dlorenzo@elias.law](mailto:dlorenzo@elias.law)>; Aria Branch
<[abranch@elias.law](mailto:abranch@elias.law)>; Judd E. Stone, II <[judd@stonehilton.com](mailto:judd@stonehilton.com)>; Ari
Cuenin <[ari@stonehilton.com](mailto:ari@stonehilton.com)>; Bonnie Chester
<[Bonnie@stonehilton.com](mailto:Bonnie@stonehilton.com)>; Cody Coll <[cody@stonehilton.com](mailto:cody@stonehilton.com)>;
[john.sullivan@the-sl-lawfirm.com](mailto:john.sullivan@the-sl-lawfirm.com) <[john.sullivan@the-sl-lawfirm.com](mailto:john.sullivan@the-sl-lawfirm.com)>;
Tom Albright <[tom@stonehilton.com](mailto:tom@stonehilton.com)>
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

**[WARNING: External Email]**
Thanks Amer. Let's chat at 5:00 ET on Wednesday.

Thanks,
Chris

---

**From:** Ahmed, Amer S. <[AAhmed@gibsondunn.com](mailto:AAhmed@gibsondunn.com)>
**Sent:** Sunday, March 31, 2024 9:13 PM
**To:** Chris Hilton <[chris@stonehilton.com](mailto:chris@stonehilton.com)>
**Cc:** LeGrand, Andrew <[ALeGrand@gibsondunn.com](mailto:ALeGrand@gibsondunn.com)>; Boutrous Jr.,

Theodore J. <[TBoutrous@gibsondunn.com](mailto:TBoutrous@gibsondunn.com)>; Abha Khanna
<[akhanna@elias.law](mailto:akhanna@elias.law)>; Elena Rodriguez Armenta
<[erodriguezarmenta@elias.law](mailto:erodriguezarmenta@elias.law)>; Champion, Anne
<[AChampion@gibsondunn.com](mailto:AChampion@gibsondunn.com)>; Omeed Alerasool
<[oalerasool@elias.law](mailto:oalerasool@elias.law)>; Jacob Shelly <[jshelly@elias.law](mailto:jshelly@elias.law)>; Chris Dodge
<[cdodge@elias.law](mailto:cdodge@elias.law)>; Daniela Lorenzo <[dlorenzo@elias.law](mailto:dlorenzo@elias.law)>; Aria Branch
<[abranch@elias.law](mailto:abranch@elias.law)>; Judd E. Stone, II <[judd@stonehilton.com](mailto:judd@stonehilton.com)>; Ari
Cuenin <[ari@stonehilton.com](mailto:ari@stonehilton.com)>; Bonnie Chester
<[Bonnie@stonehilton.com](mailto:Bonnie@stonehilton.com)>; Cody Coll <[cody@stonehilton.com](mailto:cody@stonehilton.com)>;
[john.sullivan@the-sl-lawfirm.com](mailto:john.sullivan@the-sl-lawfirm.com) <[john.sullivan@the-sl-lawfirm.com](mailto:john.sullivan@the-sl-lawfirm.com)>;
Tom Albright <[tom@stonehilton.com](mailto:tom@stonehilton.com)>
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Hi Chris,

Happy Easter to you and yours, if you were observing.  As I said, we would
be happy to meet and confer regarding Defendants' R&Os, which were
served three weeks ago—on March 11, 2024.  Had you reached out
before the afternoon of Good Friday with a request for a meet-and-confer
on Easter Monday, we might have been able to move schedules to
accommodate.  With such short notice, however, we are not available on
Monday.  Going forward, I do hope we can agree to offer each other
reasonable advance notice of conference requests.

We are available on Wednesday 4-6pm ET and on Thursday after 3:30pm
ET.  Please let me know if either of those times work on your end.  Thanks
very much.

Kind regards,

Amer

**Amer S. Ahmed** (he/him/his)
Partner

T: +1 212.351.2427  |  M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Chris Hilton <[chris@stonehilton.com](mailto:chris@stonehilton.com)>
**Sent:** Friday, March 29, 2024 10:48 PM
**To:** Ahmed, Amer S. <[AAhmed@gibsondunn.com](mailto:AAhmed@gibsondunn.com)>
**Cc:** LeGrand, Andrew <[ALeGrand@gibsondunn.com](mailto:ALeGrand@gibsondunn.com)>; Boutrous Jr.,
Theodore J. <[TBoutrous@gibsondunn.com](mailto:TBoutrous@gibsondunn.com)>; Abha Khanna

<akhanna@elias.law>; Elena Rodriguez Armenta
<erodriguezarmenta@elias.law>; Champion, Anne
<AChampion@gibsondunn.com>; Omeed Alerasool
<oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge
<cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch
<abranch@elias.law>; Judd E. Stone, II <judd@stonehilton.com>; Ari
Cuenin <ari@stonehilton.com>; Bonnie Chester
<Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>;
john.sullivan@the-sl-lawfirm.com <john.sullivan@the-sl-lawfirm.com>;
Tom Albright <tom@stonehilton.com>
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

**[WARNING: External Email]**

Thanks Amer. We're available anytime Wednesday morning. But if
someone is available to confer regarding (1) on Monday, we would
strongly prefer to do that. Please let us know.

Additionally, please see the attached discovery requests.

Thanks,
Chris

---

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Friday, March 29, 2024 3:39 PM
**To:** Chris Hilton <chris@stonehilton.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr.,
Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna
<akhanna@elias.law>; Elena Rodriguez Armenta
<erodriguezarmenta@elias.law>; Champion, Anne
<AChampion@gibsondunn.com>; Omeed Alerasool
<oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge
<cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch
<abranch@elias.law>; Judd E. Stone, II <judd@stonehilton.com>; Ari
Cuenin <ari@stonehilton.com>; john.sullivan@the-sl-lawfirm.com
<john.sullivan@the-sl-lawfirm.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Hello Chris,

Thanks for reaching out in regard to these discovery issues.  In light of the
religious holidays, we are not available this Monday.  We are, however,
available in the second half of the week beginning on Wednesday.  Please
let us know some windows of time that might work for you then.

Kind regards,

Amer

**Amer S. Ahmed**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Chris Hilton <chris@stonehilton.com>
**Sent:** Friday, March 29, 2024 1:47 PM
**To:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr.,
Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna
<akhanna@elias.law>; Elena Rodriguez Armenta
<erodriguezarmenta@elias.law>; Champion, Anne
<AChampion@gibsondunn.com>; Omeed Alerasool
<oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge
<cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch
<abranch@elias.law>; Judd E. Stone, II <judd@stonehilton.com>; Ari
Cuenin <ari@stonehilton.com>; john.sullivan@the-sl-lawfirm.com
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

[WARNING: External Email]

Counsel,

Please let us know your availability on Monday to meet and confer
regarding: (1) your responses and objections to our First Set of
Discovery, (2) an ESI order, and (3) a proposed order regarding the
handling and protection of privileged or trial-preparation material.

Thanks,
Chris

---

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Friday, March 8, 2024 11:10 PM
**To:** Chris Hilton <chris@stonehilton.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr.,
Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna
<akhanna@elias.law>; Elena Rodriguez Armenta
<erodriguezarmenta@elias.law>; Champion, Anne

<[AChampion@gibsondunn.com](mailto:AChampion@gibsondunn.com)>; Omeed Alerasool
<[oalerasool@elias.law](mailto:oalerasool@elias.law)>; Jacob Shelly <[jshelly@elias.law](mailto:jshelly@elias.law)>; Chris Dodge
<[cdodge@elias.law](mailto:cdodge@elias.law)>; Daniela Lorenzo <[dlorenzo@elias.law](mailto:dlorenzo@elias.law)>; Aria Branch
<[abranch@elias.law](mailto:abranch@elias.law)>; Judd E. Stone, II <[judd@stonehilton.com](mailto:judd@stonehilton.com)>; Ari
Cuenin <[ari@stonehilton.com](mailto:ari@stonehilton.com); [john.sullivan@the-sl-lawfirm.com](mailto:john.sullivan@the-sl-lawfirm.com)
<[john.sullivan@the-sl-lawfirm.com](mailto:john.sullivan@the-sl-lawfirm.com)>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Thanks for the confirmation, Chris.

**Amer S. Ahmed**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
[AAhmed@gibsondunn.com](mailto:AAhmed@gibsondunn.com)

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Chris Hilton <[chris@stonehilton.com](mailto:chris@stonehilton.com)>
**Sent:** Friday, March 8, 2024 11:40 PM
**To:** Ahmed, Amer S. <[AAhmed@gibsondunn.com](mailto:AAhmed@gibsondunn.com)>
**Cc:** LeGrand, Andrew <[ALeGrand@gibsondunn.com](mailto:ALeGrand@gibsondunn.com)>; Boutrous Jr.,
Theodore J. <[TBoutrous@gibsondunn.com](mailto:TBoutrous@gibsondunn.com)>; Abha Khanna
<[akhanna@elias.law](mailto:akhanna@elias.law)>; Elena Rodriguez Armenta
<[erodriguezarmenta@elias.law](mailto:erodriguezarmenta@elias.law)>; Champion, Anne
<[AChampion@gibsondunn.com](mailto:AChampion@gibsondunn.com)>; Omeed Alerasool
<[oalerasool@elias.law](mailto:oalerasool@elias.law)>; Jacob Shelly <[jshelly@elias.law](mailto:jshelly@elias.law)>; Chris Dodge
<[cdodge@elias.law](mailto:cdodge@elias.law)>; Daniela Lorenzo <[dlorenzo@elias.law](mailto:dlorenzo@elias.law)>; Aria Branch
<[abranch@elias.law](mailto:abranch@elias.law)>; Judd E. Stone, II <[judd@stonehilton.com](mailto:judd@stonehilton.com)>; Ari
Cuenin <[ari@stonehilton.com](mailto:ari@stonehilton.com); [john.sullivan@the-sl-lawfirm.com](mailto:john.sullivan@the-sl-lawfirm.com)
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

**[WARNING: External Email]**
Thanks for checking, Amer. You are correct that our position on
this issue has not changed, and we are opposed.

Thanks,
Chris

**From:** Ahmed, Amer S. <[AAhmed@gibsondunn.com](mailto:AAhmed@gibsondunn.com)>
**Sent:** Friday, March 8, 2024 8:02 PM
**To:** Chris Hilton <[chris@stonehilton.com](mailto:chris@stonehilton.com)>
**Cc:** LeGrand, Andrew <[ALeGrand@gibsondunn.com](mailto:ALeGrand@gibsondunn.com)>; Boutrous Jr.,
Theodore J. <[TBoutrous@gibsondunn.com](mailto:TBoutrous@gibsondunn.com)>; Abha Khanna

<[akhanna@elias.law](mailto:akhanna@elias.law)>; Elena Rodriguez Armenta
<[erodriguezarmenta@elias.law](mailto:erodriguezarmenta@elias.law)>; Champion, Anne
<[AChampion@gibsondunn.com](mailto:AChampion@gibsondunn.com)>; Omeed Alerasool
<[oalerasool@elias.law](mailto:oalerasool@elias.law)>; Jacob Shelly <[jshelly@elias.law](mailto:jshelly@elias.law)>; Chris Dodge
<[cdodge@elias.law](mailto:cdodge@elias.law)>; Daniela Lorenzo <[dlorenzo@elias.law](mailto:dlorenzo@elias.law)>; Aria Branch
<[abranch@elias.law](mailto:abranch@elias.law)>; Judd E. Stone, II <[judd@stonehilton.com](mailto:judd@stonehilton.com)>; Ari
Cuenin <[ari@stonehilton.com](mailto:ari@stonehilton.com)>, [john.sullivan@the-sl-lawfirm.com](mailto:john.sullivan@the-sl-lawfirm.com)
<[john.sullivan@the-sl-lawfirm.com](mailto:john.sullivan@the-sl-lawfirm.com)>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Hi Chris:

Defendants' Rule 12 motion to dismiss the amended complaint was filed
today.  As Plaintiff's amended complaint was filed after we moved for a
stay of discovery, Defendants intend to renew their motion for a stay of
discovery (apart from initial disclosures) in light of the threshold, case-
dispositive arguments raised in our reasserted Rule 12 motion.  Under
local rules, we are required to confirm your position on that motion.

We assume, based on our many conversations concerning this topic, that
you intend to continue opposing such a motion to stay discovery until a
ruling on the motion to dismiss.  But we would be grateful if you could let
us know **by 1pm CST on Monday, March 11** if your previously reaffirmed
position has changed in regard to our renewed request for a stay of
discovery.

Thanks very much and I hope all is well.

Kind regards,

Amer


**Amer S. Ahmed**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Chris Hilton <[chris@stonehilton.com](mailto:chris@stonehilton.com)>
**Sent:** Monday, February 19, 2024 9:00 AM
**To:** Ahmed, Amer S. <[AAhmed@gibsondunn.com](mailto:AAhmed@gibsondunn.com)>

**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr.,
Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna
<akhanna@elias.law>; Elena Rodriguez Armenta
<erodriguezarmenta@elias.law>; Champion, Anne
<AChampion@gibsondunn.com>; Omeed Alerasool
<oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge
<cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch
<abranch@elias.law>; Judd E. Stone, II <judd@stonehilton.com>; Ari
Cuenin <ari@stonehilton.com>; john.sullivan@the-sl-lawfirm.com
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

**[WARNING: External Email]**

Amer,

Thanks for your patience. Yes, we are opposed to your motion.

I appreciate the reminder on the initial disclosures. I'll get back to you on
that today.

Thanks,
Chris

Get Outlook for iOS

---

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Thursday, February 15, 2024 10:02 PM
**To:** Chris Hilton <chris@stonehilton.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr.,
Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna
<akhanna@elias.law>; Elena Rodriguez Armenta
<erodriguezarmenta@elias.law>; Champion, Anne
<AChampion@gibsondunn.com>; Omeed Alerasool
<oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge
<cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch
<abranch@elias.law>; Judd E. Stone, II <judd@stonehilton.com>; Ari
Cuenin <ari@stonehilton.com>; john.sullivan@the-sl-lawfirm.com
<john.sullivan@the-sl-lawfirm.com>
**Subject:** X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Hi Chris:

As you know, based on the parties' Rule 26 conference and our sections
of the conference report, Defendants intend to move for a stay of
discovery (apart from initial disclosures, which we have been negotiating
separately) in light of the threshold, case-dispositive arguments raised in

our Rule 12 motion. Under local rules, we are required to confirm your position on that motion. We assume, based on our conversations, that you intend to oppose such a motion to stay discovery until a ruling on the motion to dismiss. But we would be grateful if you could let us know by close of business on Friday, February 15 if your previously stated position has changed in regard to our requested stay of discovery.

Separately, I believe we are still waiting on a response from you concerning the date to exchange initial disclosures.

Thanks very much and I hope all is well.

Kind regards,

Amer

**Amer S. Ahmed** (he/him/his)
Partner

T: +1 212.351.2427  |  M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

> On Feb 5, 2024, at 11:27 PM, Chris Hilton <chris@stonehilton.com> wrote:
>
> **[WARNING: External Email]**
>
> Counsel,
>
> Please see attached.
>
> Thanks,
> Chris
>
> Christopher D. Hilton
> Stone | Hilton
> P.O. Box 150112
> Austin, TX 78715
> (737) 465-3897
>
> <X 1st Set of RFPs 20240205.pdf>

This message may contain confidential and privileged information for the

sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

<MiscOrder62ExhibitA.pdf>
<MO62A-ProtectiveOrder.pdf>

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

# Exhibit A5

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

**X CORP.**,

          Plaintiff,

     vs.

**MEDIA MATTERS FOR AMERICA**, et al.

          Defendants.

Case No. 4:23-cv-01175-O

## PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff X. Corp. hereby serves this First Set of Requests for Production on each of the Defendants, Media Matters for America, Eric Hananoki, and Angelo Carusone, by and through their counsel of record, on March 29, 2024, via email pursuant to an agreement for electronic service between counsel. Each Defendant is hereby independently obligated to respond to these requests and produce the documents described below in accordance with the Instructions and Definitions.

You are reminded that you must respond in writing within 30 days of this date. Production is to be made at the offices of Stone Hilton PLLC, 1115 W. Slaughter Ln., Austin, TX 78715, or via such means as counsel for the parties may agree.

1

Respectfully submitted.

*/s/ Christopher D. Hilton*
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
**STONE | HILTON PLLC**
1115 W. Slaughter Lane
Austin, TX 78748
Telephone: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com


John C. Sullivan
Texas Bar No. 24083920
**S|L LAW PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com


*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that this document was served on counsel for Defendants via email on March 29, 2024, pursuant to counsel's agreement to accept service via electronic means.

*/s/ Christopher D. Hilton*
Christopher D. Hilton

2

84

**DEFINITIONS**

In reading and interpreting these requests for production and the accompanying instructions, the following definitions shall apply:

1.      "X" or "Plaintiff" shall mean the Plaintiff in this Matter, X Corp., as well as its predecessor in interest, Twitter, Inc.

2.      "Defendant," "You," and "Your" shall mean the Defendants in this Matter, Media Matters for America (also referred to as "Media Matters"), Eric Hananoki (also referred to as "Hananoki"), and Angelo Carusone (also referred to as "Carusone"), either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope. "Defendant," "You," and "Your" also refers to, as applicable, each Defendant's board of directors ("Board"), employees, agents, attorneys, representatives, and all other persons acting or purporting to act on behalf of any Defendant, as well as all persons who have acted or purport to have acted on any Defendant's behalf.

3.      "Matter" shall refer to this above-captioned litigation, *X Corp. v. Media Matters for America et al.*, No. 4:23-cv-01175-O.

4.      "Material," "document," "information," "data," and any other similar words describing categories of things that may be subject to production in response to these requests, shall be given the broadest possible interpretation provided by law, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. Each of these words shall also include without limitation handwritten notes, data in specialized databases or document repositories, and data or information received from journalistic sources. Each of these

3

words shall also include without limitation any "communications" (regardless of whether "communications" is separately specified), meaning any transmission of any information via any means whatsoever, including without limitation emails, phone logs, voicemails, text messages, chat messages (such as Zoom, Slack, Microsoft Teams, or Google Meet), Signal messages, WhatsApp messages, notes of conversations, or recordings of conversations.

5.      "Concerning," "regarding," "related to," and any other similar phrases signify any connection, direct or indirect, between the requested material and the stated topic. Such phrases describing the subject matter of a request shall be given the broadest possible interpretation in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

6.      "Identify," or a request for an "identity," when used with respect to an individual or an entity, means to provide the name of the individual or entity, the current street address for the individual or the main office of such entity (or, if such information is unavailable, any available information or data regarding the individual or entity's location), the telephone number and email address for the individual or entity, and the name and title of the individual responsible for operations of any entity.

7.      The "Platform" shall refer to the social media website x.com and twitter.com, and the X app and Twitter app, and shall include but not be limited to the website's or app's features, functions, users, and content.

8.      The "November 16, 2023 Article" shall refer to the article written by Eric Hananoki and originally published on November 16, 2023, at or around 10:05 AM EST, titled "As Musk endorses antisemitic conspiracy theory, X has been placing ads for Apple, Bravo, IBM, Oracle, and Xfinity next to pro-Nazi content," available as of February 4, 2024 at

4

https://www.mediamatters.org/twitter/musk-endorses-antisemitic-conspiracy-theory-x-has-been-placing-ads-apple-bravo-ibm-oracle, including all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto.

9.      The "November 17, 2023 Article" shall refer to the article written by Eric Hananoki and originally published on November 17, 2023, at or around 12:16 PM EST, and updated on November 21, 2023, at or around 2:15 PM EST, titled "X is placing ads for Amazon, NBA Mexico, NBCUniversal, and others next to content with white nationalist hashtags," available as of March 27, 2024 at https://www.mediamatters.org/twitter/x-placing-ads-amazon-nba-mexico-nbcuniversal-and-others-next-content-white-nationalist, including all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto.

10.     The "Website" shall refer to the Media Matters for America website and all of its pages, available at https://www.mediamatters.org/.

5

## INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 34, You are hereby instructed to respond to these requests for production as follows:

1.     Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label. You must produce all of the materials in your possession, custody, or control as well as any materials in the possession, custody, or control of Your departments, officers, directors, employees, agents, servants, attorneys, or representatives of any kind whatsoever, or any other person or entity from whom you have the right to obtain documents and information.

2.     To the extent that You object to a request for production, You must state the objection with particularity, providing specific grounds for the objection, and You must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part that is objectionable, and You must respond in full to the part that is unobjectionable.

3.     Produce documents and tangible things in the forms as they are kept in the ordinary course of business, except that documents may be numbered or labeled during the production process. Every effort should be made to maintain document unitization from whatever source the documents are collected.

4.     Electronically stored information (ESI) should be produced in accordance with generally accepted ESI standards, and all the information and metadata necessary for loading Your production into Relativity or a similar document management database. No metadata should be altered or destroyed during Your collection or production of documents. Counsel for the parties

6

have previously agreed to come to terms on a mutually acceptable set of ESI protocols that the parties will memorialize in a proposed court order, and Your production shall be governed by that order.

5.     For any materials that You assert are privileged, protected, or otherwise except from discovery for any reason, You are instructed to provide an appropriate privilege log. Counsel for the parties previously agreed to come to terms on a mutually acceptable protocol for the handling of privileged material that the parties will memorialize in a proposed court order, and Your production shall be governed by that order. Any nonprivileged information within a document that can be produced, must be produced, with redactions over the privileged information. If You claim that any materials are not privilege or otherwise exempt from disclosure but should nonetheless be kept confidential, You are instructed to alert counsel of that fact prior to the deadline for a response to these requests so that the parties can evaluate the need for a confidentiality and protective order in this matter.

6.     For any materials that You claim no longer exist, have been destroyed, or cannot be located, provide the following: (a) a statement identifying the material; (b) a statement of how and when the material ceased to exist or when it could no longer be located; (c) the reasons for the material's nonexistence or loss; (d) the identity, address, and job title of each person having knowledge about the nonexistence or loss of the material; and (e) a statement identifying any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

7.     These requests for production must be construed as broadly as possible, giving words their most expansive and inclusive interpretation, such that the requests should be construed

with a meaning that brings materials within the request's scope rather than with a meaning that excludes materials from the request's scope.

8.     The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, wherever needed in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

9.     The words "and" and "or" shall each be construed either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

10.     Unless otherwise stated, the responsive "time period" for these requests is April 14, 2021, to the present. These requests are continuing in nature, and You have an obligation to amend, supplement, or correct Your responses and Your productions in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

1.      All versions of the November 17, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

2.      All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 17, 2023 Article.

3.      All documents and communications related to the November 17, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 17, 2023 Article.

4.      All audio and video recordings of You discussing or referencing in any way the November 17, 2023 Article, including but not limited to documents reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

5.      All materials regarding or communications with You or any other Media Matters employee, contractor, or agent mentioning or regarding in any way this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

6.      All materials regarding or communications with any donor or potential donor to Media Matters mentioning or regarding in any way this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

9

7.    All materials, including but not limited to notes, transcripts, or recordings, whether published, broadcast, or otherwise, or all media or public appearances made by You wherein You discussed or mentioned this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

8.    All materials regarding or communications with Eric Hananoki.

9.    All materials regarding or communications with Matt Gertz.

10.    All materials reflecting or regarding any policies, practices, procedures, codes of conduct, ethical standards, or other guidelines for appropriate investigation and reporting for Media Matters' articles, including but not limited to policies concerning fact-checking, defamation, and contacting sources or subjects of articles.

11.    All materials and communications regarding the X account(s) used in creating the November 16, 2023 Article or the November 17, 2023 Article, including but not limited to any emails from the Platform (including automatic or system-generated emails).

12.    All materials and communications with or regarding any X account or X advertiser appearing the November 16, 2023 Article or the November 17, 2023 Article.

13.    All materials regarding or communications with any individual or entity named in the November 16, 2023 Article, the November 17, 2023 Article, and any subsequent coverage, including communications with any entity's board of directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act on behalf of any such entity.

14.    All materials regarding or communications with any sources for the November 16, 2023 Article, the November 17, 2023 Article, and any subsequent coverage.

15.    Documents sufficient to show the identity of the author of and every contributor to articles that are attributed to "Media Matters Staff" or that are unattributed referring to this Matter,

10

92

Elon Musk, Linda Yaccarino, X, Twitter, the November 16, 2023 Article, the November 17, 2023 Article, or the Platform, including misinformation, brand safety, ad pairing, anti-Semitism, racism, Nazis or Nazi ideology and content, white nationalism, white supremacism, or the "alt-right" on the Platform.

16.     All materials or communications that reference in any way this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform, and use any of the following terms or any variant of any of the following terms: Hitler, Nazi, racist, racism, alt-right, antisemite, antisemitism, anti-Semite, anti-Semitism, red line, replacement theory, white supremacy, white nationalism, white pride, Pepe, frog Twitter, the Holocaust, bigotry, hate, hatred, hateful speech, Charlottesville, tiki torch, January 6, January 6th, Jan. 6, Jan. 6th, 1/6, J6, minorities, hordes, jew, jewish, Israel, Israeli, IDF, Israeli Defense Force, Palestine, Palestinian, "from the river to the sea," October 7, 10/7, jihad, day of jihad, Hamas, Gaza, Islam, Islamic, Palestinian Islamic Jihad, PIJ, Islamophobia, Zionism, Zionist, Zion, blue chip, brand, free speech, First Amendment, Texas, Fort Worth, Dallas, Austin.

17.     All materials reflecting or relating to any reports, accusations, files, notes, personnel records, complaints, mediations, arbitrations, lawsuits (including potential or threatened lawsuits that were never filed), or investigations involving allegations that You took adverse employment actions or otherwise discriminated against or took any action against another person or persons on the basis of a protected class, including but not limited to race, color, national origin, religion, sex, sexual orientation, language status, or pregnancy status.

18.     All materials reflecting or relating to any reports, accusations, files, notes, personnel records, complaints, mediations, arbitrations, lawsuits (including potential or threatened

lawsuits that were never filed), or investigations involving allegations against You regarding business disparagement, defamation, or libel.