UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **X CORP.**, a Nevada corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>**MEDIA MATTERS FOR AMERICA,** a Washington, D.C. non-profit corporation, **ERIC HANANOKI**, and **ANGELO CARUSONE**,<br><br>*Defendants.* | Case No. 4:23-cv-01175-O |

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

Before the Court is Plaintiff X Corp.'s ("X") motion to compel production of documents from Defendants Media Matters for America ("Media Matters"), Eric Hananoki, and Angelo Carusone. After consideration of the motion, response, reply, and arguments of counsel, if any, the Court finds that the Motion should be **GRANTED**. Accordingly, the Court **ORDERS** that:

**ORDERED** that the Defendants' objections to Plaintiff's Request No. 9 seeking documents and communications with X's advertisers are **OVERRULED** and Defendants must produce all responsive documents to that request.

**ORDERED** that the Defendants' objections to Plaintiff's Request Nos. 11, 17-18, 21, and 35 seeking documents and communications with public officials and related entities, documents related to donors and their financial support, and documents and communications related to Media Matters' solicitations and sources of funding are **OVERRULED** and Defendants must produce all responsive documents to those requests.

**ORDERED** that the Defendants' objections to Plaintiff's Request Nos. 13-16 seeking financial information and related materials are **OVERRULED** and Defendants must produce all responsive documents to that request.

**ORDERED** that the Defendants' objections to Plaintiff's Request Nos. 23, 37-38, and 43 seeking information about Defendants' actions taken to write and publish the November 2023 articles and commit the other alleged tortious acts are **OVERRULED** and Defendants must produce all responsive documents to that request.

**ORDERED** that the Defendants' objections to Plaintiff's Request Nos. 46 and 47 seeking documents related to Defendants' past bad behavior, including libel, malicious, or discriminatory conduct are **OVERRULED** and Defendants must produce all responsive documents to that request.

**ORDERED** that Defendants' vagueness objections asserted in response to Request Nos. 1, 2, 7, 9, 10, 14, 16-18, 22, 25-30, 35, and 41-45 are **OVERRULED**.

**ORDERED** that Defendants' vagueness objection asserted in response to Request Nos. 2 and 31 are **OVERRULED** and that Defendants must produce documents related to "Platform account data" defined as all login information, messages sent and received, login dates, and related information, as well as communications from the Platform itself, such as automatically generated emails regarding activity on each user account.

**ORDERED** that Defendants' objections that Request Nos. 5-19, 21, 23-29, 34-38, and 41-47 are "overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case" are **OVERRULED** and Defendants must produce all documents responsive to these requests.

**ORDERED** that Defendants' objections to Request Nos. 1-8, 10, 19-20, 22, 24-28, 30-34, 36, 39-42, and 44-45 are **WAIVED** by Defendants' agreement to produce all responsive documents subject to unsupported boilerplate objections.

**ORDERED** that Defendants' objections to producing documents which they assert are covered by a "reporter's privilege" are **OVERRULED** and Defendants may not withhold responsive documents to any request made by Plaintiff regarding their sources for the articles referenced in Plaintiff's First Amended Complaint.

**ORDERED** that Defendants' objection to producing documents which they assert are covered by an associational privilege are **OVERRULED** and Defendants may not withhold responsive documents to any request made by Plaintiff related to Media Matters's donors.

Accordingly, Defendants are **ORDERED** to make a complete production of all responsive, non-privileged documents within their possession, custody, or control as expeditiously as possible to ensure sufficient time to conduct all depositions after the full production of documents and prior to the expiration of this Court's scheduling order (Dkt. 14). Contemporaneously with their production, Defendants are **ORDERED** to produce, consistent with Federal Rule of Civil Procedure 26(b)(5)(A)(ii), a privilege log of any documents being withheld from production based on attorney-client or work-product privileges.

Plaintiff may seek additional relief from the Court if Defendants fail to promptly comply with this Order.

It is **SO ORDERED**.

Dated: _____          _____
                                Hon. Reed O'Connor
                                United States District Judge