# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

**X CORP.**, a Nevada corporation,
  *Plaintiff*,

  vs.

**MEDIA MATTERS FOR AMERICA**, a
Washington, D.C. non-profit corporation,
**ERIC HANANOKI**, and **ANGELO
CARUSONE**,
  *Defendants*.

**Civil Action No. 4:23-cv-01175-O**

---

**APPENDIX OF EXHIBITS TO**
**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiff X Corp. presents the following exhibits to accompany its Brief in Support of its

Motion to Compel Production of Documents.

| Exhibit | Description | Appendix Page Number |
|---------|-------------|----------------------|
| A | Plaintiff's First Set of Requests for Production to Defendants Media Matters for America and Eric Hananoki | 3-15 |
| B | Plaintiff's First Set of Requests for Production to Defendant Angelo Carusone | 16-28 |
| C | Plaintiff's Second Set of Requests for Production to Defendants Media Matters for America, Eric Hananoki, and Angelo Carusone | 29-41 |
| D | Defendants' Media Matters for America and Eric Hananoki's Amended Responses and Objections to Plaintiff's First Set of Requests for Production | 42-77 |
| E | Defendant Angelo Carusone's Responses and Objections to Plaintiff's First Set of Requests for Production | 78-113 |
| F | Defendants Media Matters for America, Eric Hananoki, and Angelo Carusone's Responses and Objections to Plaintiff's Second Set of Requests for Production | 114-138 |
| G | Meet-and-Confer Email Exchange Between Counsel | 139-176 |

1

Dated: May 24, 2024                    Respectfully submitted,

                                       */s/ Christopher D. Hilton*
                                       Judd E. Stone II
                                       Texas Bar No. 24076720
                                       Christopher D. Hilton
                                       Texas Bar No. 24087727
                                       Ari Cuenin
                                       Texas Bar No. 24078385
                                       Alexander M. Dvorscak
                                       Texas Bar No. 24120461
                                       **STONE | HILTON PLLC**
                                       1115 W. Slaughter Lane
                                       Austin, TX 78748
                                       Telephone: (737) 465-3897
                                       judd@stonehilton.com
                                       chris@stonehilton.com
                                       ari@stonehilton.com
                                       alex@stonehilton.com

                                       John C. Sullivan
                                       Texas Bar No. 24083920
                                       **S|L LAW PLLC**
                                       610 Uptown Boulevard, Suite 2000
                                       Cedar Hill, TX 75104
                                       Telephone: (469) 523-1351
                                       Facsimile: (469) 613-0891
                                       john.sullivan@the-sl-lawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2024, a copy of this document was served on all counsel of record through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

                                       */s/ Alexander M. Dvorscak*
                                       Alexander M. Dvorscak

2

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **X CORP.**, | |
| Plaintiff, | |
| vs. | Case No. 4:23-cv-01175-O |
| **MEDIA MATTERS FOR AMERICA**, et al. | |
| Defendants. | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff X. Corp. hereby serves this First Set of Requests for Production on each of the Defendants, Media Matters for America and Eric Hananoki, by and through their counsel of record, on February 5, 2024, via email pursuant to an agreement for electronic service between counsel. Each Defendant is hereby independently obligated to respond to these requests and produce the documents described below in accordance with the Instructions and Definitions.

You are reminded that you must respond in writing within 30 days of this date. Production is to be made at the offices of Stone Hilton PLLC, 1115 W. Slaughter Ln., Austin, TX 78715, or via such means as counsel for the parties may agree.

4

Respectfully submitted.

*/s/ Christopher D. Hilton*
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
**STONE | HILTON PLLC**
1115 W. Slaughter Lane
Austin, TX 78748
Telephone: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com

John C. Sullivan
Texas Bar No. 24083920
**S|L LAW PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on counsel for Defendants via email on February 5, 2024, pursuant to counsel's agreement to accept service via electronic means.

*/s/ Christopher D. Hilton*
Christopher D. Hilton

## DEFINITIONS

In reading and interpreting these requests for production and the accompanying instructions, the following definitions shall apply:

1.      "X" or "Plaintiff" shall mean the Plaintiff in this Matter, X Corp., as well as its predecessor in interest, Twitter, Inc.

2.      "Defendant," "You," and "Your" shall mean the Defendants in this Matter, Media Matters for America (also referred to as "Media Matters") and Eric Hananoki (also referred to as "Hananoki"), either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope. "Defendant," "You," and "Your" also refers to, as applicable, each Defendant's board of directors ("Board"), employees, agents, attorneys, representatives, and all other persons acting or purporting to act on behalf of any Defendant, as well as all persons who have acted or purport to have acted on any Defendant's behalf.

3.      "Matter" shall refer to this above-captioned litigation, *X Corp. v. Media Matters for America et al.*, No. 4:23-cv-01175-O.

4.      "Material," "document," "information," "data," and any other similar words describing categories of things that may be subject to production in response to these requests, shall be given the broadest possible interpretation provided by law, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. Each of these words shall also include without limitation handwritten notes, data in specialized databases or document repositories, and data or information received from journalistic sources. Each of these

words shall also include without limitation any "communications" (regardless of whether "communications" is separately specified), meaning any transmission of any information via any means whatsoever, including without limitation emails, phone logs, voicemails, text messages, chat messages (such as Zoom, Slack, Microsoft Teams, or Google Meet), Signal messages, WhatsApp messages, notes of conversations, or recordings of conversations.

5.      "Concerning," "regarding," "related to," and any other similar phrases signify any connection, direct or indirect, between the requested material and the stated topic. Such phrases describing the subject matter of a request shall be given the broadest possible interpretation in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

6.      "Identify," or a request for an "identity," when used with respect to an individual or an entity, means to provide the name of the individual or entity, the current street address for the individual or the main office of such entity (or, if such information is unavailable, any available information or data regarding the individual or entity's location), the telephone number and email address for the individual or entity, and the name and title of the individual responsible for operations of any entity.

7.      The "Platform" shall refer to the social media website x.com and twitter.com, and the X app and Twitter app, and shall include but not be limited to the website's or app's features, functions, users, and content.

8.      The "November 16, 2023 Article" shall refer to the article written by Eric Hananoki and originally published on November 16, 2023, at or around 10:05 AM EST, titled "As Musk endorses antisemitic conspiracy theory, X has been placing ads for Apple, Bravo, IBM, Oracle, and Xfinity next to pro-Nazi content," available as of February 4, 2024 at

https://www.mediamatters.org/twitter/musk-endorses-antisemitic-conspiracy-theory-x-has-been-placing-ads-apple-bravo-ibm-oracle, including all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto.

9.     The "Website" shall refer to the Media Matters for America website and all of its pages, available at https://www.mediamatters.org/.

## INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 34, You are hereby instructed to respond to these requests for production as follows:

1.      Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label. You must produce all of the materials in your possession, custody, or control as well as any materials in the possession, custody, or control of Your departments, officers, directors, employees, agents, servants, attorneys, or representatives of any kind whatsoever, or any other person or entity from whom you have the right to obtain documents and information.

2.      To the extent that You object to a request for production, You must state the objection with particularity, providing specific grounds for the objection, and You must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part that is objectionable, and You must respond in full to the part that is unobjectionable.

3.      Produce documents and tangible things in the forms as they are kept in the ordinary course of business, except that documents may be numbered or labeled during the production process. Every effort should be made to maintain document unitization from whatever source the documents are collected.

4.      Electronically stored information (ESI) should be produced in accordance with generally accepted ESI standards, and all the information and metadata necessary for loading Your production into Relativity or a similar document management database. No metadata should be altered or destroyed during Your collection or production of documents. Counsel for the parties

9

have previously agreed to come to terms on a mutually acceptable set of ESI protocols that the parties will memorialize in a proposed court order, and Your production shall be governed by that order.

5.      For any materials that You assert are privileged, protected, or otherwise except from discovery for any reason, You are instructed to provide an appropriate privilege log. Counsel for the parties previously agreed to come to terms on a mutually acceptable protocol for the handling of privileged material that the parties will memorialize in a proposed court order, and Your production shall be governed by that order. Any nonprivileged information within a document that can be produced, must be produced, with redactions over the privileged information. If You claim that any materials are not privilege or otherwise exempt from disclosure but should nonetheless be kept confidential, You are instructed to alert counsel of that fact prior to the deadline for a response to these requests so that the parties can evaluate the need for a confidentiality and protective order in this matter.

6.      For any materials that You claim no longer exist, have been destroyed, or cannot be located, provide the following: (a) a statement identifying the material; (b) a statement of how and when the material ceased to exist or when it could no longer be located; (c) the reasons for the material's nonexistence or loss; (d) the identity, address, and job title of each person having knowledge about the nonexistence or loss of the material; and (e) a statement identifying any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

7.      These requests for production must be construed as broadly as possible, giving words their most expansive and inclusive interpretation, such that the requests should be construed

with a meaning that brings materials within the request's scope rather than with a meaning that excludes materials from the request's scope.

8.      The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, wherever needed in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

9.      The words "and" and "or" shall each be construed either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

10.     Unless otherwise stated, the responsive "time period" for these requests is April 14, 2021, to the present. These requests are continuing in nature, and You have an obligation to amend, supplement, or correct Your responses and Your productions in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

1.      All versions of the November 16, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

2.      All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 16, 2023 Article.

3.      All documents and communications related to the November 16, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 16, 2023 Article.

4.      All audio and video recordings of You discussing or referencing in any way the November 16, 2023 Article, including but not limited to documents reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

5.      All documents and communications discussing or mentioning X, the Platform, Elon Musk, or Linda Yaccarino, including but not limited to email updates, "Action Updates," or "Weekly Updates," that were sent out via any email, text, phone, social media, or other distribution list that You maintain.

6.      All documents and communications concerning content moderation on the Platform.

7.     All documents and communications concerning advertising on the Platform, including but not limited to documents and communications concerning any particular advertiser or potential advertiser on the Platform.

8.     All communications with X's advertisers concerning the Platform, including but not limited to communications regarding their decision to advertise on the Platform.

9.     All communications with X's advertisers about advertising with or financially supporting You.

10.     All posts, comments, direct messages, and any other account data of any kind whatsoever posted by You on the Platform, including but not limited to the @mmfa and @ehananoki accounts and any accounts used in the creation of the November 16, 2023 Article.

11.     All communications with appointed or elected public officials, candidates for public office, candidate campaign committees, political party committees, PACs, 501(c)(4) groups, and any other political actors or political operatives.

12.     All IRS Form 990s for Media Matters, regardless of time period, since the founding of Media Matters.

13.     All annual financial statements for Media Matters, regardless of time period, since the founding of Media Matters.

14.     All Your bank statements and all documents sufficient to show Your financial condition during the time period.

15.     All materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation of any kind whatsoever that You may currently owe, that You may owe in the future,

or that You have owed during the time period, including but not limited to any monetary judgment in this matter.

16.     Documents sufficient to show Your expenses and the identity of the recipients of such expenditures, including but not limited to expenses on salaries, travel, equipment, real property, solicitation of donations, and any other expenses whatsoever.

17.     Documents sufficient to show the identity of all Your donors or any others who provide financial support of any kind, their residence, the time and place of their donation or provision of financial support, and the amount of their donations or other financial support.

18.     Any document or communication reflecting Your attempts to solicit donations or financial support of any kind, including but not limited to any discussions with any donors or any others who provided, considered providing, or were asked to provide financial support of any kind.

19.     Documents sufficient to identify the recipients of any communications or email updates, "Action Updates," or "Weekly Updates" sent out via any email list that You maintain, as well as any information related to those recipients' locations, including but not limited to any self-reported location data and their IP addresses.

20.     Documents sufficient to show Media Matters' organizational structure, including Board membership, leadership structure, and that of any affiliated or related entities.

21.     All documents and communications regarding Your sources of funding for research, investigation, reporting, publication, or any other work related to X, the Platform, Elon Musk, or Linda Yaccarino.

22.     All documents concerning, and communications with, any third-party public relations, advertising, marketing, communications, or similar firm that You have contracted with, or that you have contacted in any capacity about the November 16, 2023 Article.

23.     All documents and communications related to or reflecting any travel by Eric Hananoki from October 20, 2023, to December 15, 2023.

24.     All of Your calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments from October 20, 2023, to December 15, 2023.

25.     All documents and communications related to or reflecting Your involvement in or knowledge of X and any related entities, individuals, and platforms.

26.     All documents and communications related to or reflecting Media Matters' Board's involvement in or knowledge of X and any related entities, individuals, and platforms.

27.     All documents and communications related to or reflecting Media Matters' donors' involvement in or knowledge of X and any related entities, individuals, and platforms.

28.     All documents and communications related to or reflecting Media Matters' employees' involvement in or knowledge of X and any related entities, individuals, and platforms.

29.     All documents and communications related to or reflecting Media Matters' advertisers' and agencies' involvement in or knowledge of X and any related entities, individuals, and platforms.

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **X CORP.**, | |
| Plaintiff, | |
| vs. | Case No. 4:23-cv-01175-O |
| **MEDIA MATTERS FOR AMERICA**, et al. | |
| Defendants. | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**
**TO DEFENDANT ANGELO CARUSONE**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff X. Corp. hereby serves this First Set of Requests for Production on Defendant Angelo Carusone, by and through his counsel of record, on March 29, 2024, via email pursuant to an agreement for electronic service between counsel. Each Defendant is hereby independently obligated to respond to these requests and produce the documents described below in accordance with the Instructions and Definitions.

You are reminded that you must respond in writing within 30 days of this date. Production is to be made at the offices of Stone Hilton PLLC, 1115 W. Slaughter Ln., Austin, TX 78715, or via such means as counsel for the parties may agree.

Respectfully submitted.

*/s/ Christopher D. Hilton*
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
**STONE | HILTON PLLC**
1115 W. Slaughter Lane
Austin, TX 78748
Telephone: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com


John C. Sullivan
Texas Bar No. 24083920
**S|L LAW PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com


*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that this document was served on counsel for Defendants via email on March 29, 2024, pursuant to counsel's agreement to accept service via electronic means.

*/s/ Christopher D. Hilton*
Christopher D. Hilton

## DEFINITIONS

In reading and interpreting these requests for production and the accompanying instructions, the following definitions shall apply:

1.      "X" or "Plaintiff" shall mean the Plaintiff in this Matter, X Corp., as well as its predecessor in interest, Twitter, Inc.

2.      "Defendant," "You," and "Your" shall mean the Defendants in this Matter, Media Matters for America (also referred to as "Media Matters"), Eric Hananoki (also referred to as "Hananoki"), and Angelo Carusone (also referred to as "Carusone"), either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope. "Defendant," "You," and "Your" also refers to, as applicable, each Defendant's board of directors ("Board"), employees, agents, attorneys, representatives, and all other persons acting or purporting to act on behalf of any Defendant, as well as all persons who have acted or purport to have acted on any Defendant's behalf.

3.      "Matter" shall refer to this above-captioned litigation, *X Corp. v. Media Matters for America et al.*, No. 4:23-cv-01175-O.

4.      "Material," "document," "information," "data," and any other similar words describing categories of things that may be subject to production in response to these requests, shall be given the broadest possible interpretation provided by law, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. Each of these words shall also include without limitation handwritten notes, data in specialized databases or document repositories, and data or information received from journalistic sources. Each of these

words shall also include without limitation any "communications" (regardless of whether "communications" is separately specified), meaning any transmission of any information via any means whatsoever, including without limitation emails, phone logs, voicemails, text messages, chat messages (such as Zoom, Slack, Microsoft Teams, or Google Meet), Signal messages, WhatsApp messages, notes of conversations, or recordings of conversations.

5.      "Concerning," "regarding," "related to," and any other similar phrases signify any connection, direct or indirect, between the requested material and the stated topic. Such phrases describing the subject matter of a request shall be given the broadest possible interpretation in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

6.      "Identify," or a request for an "identity," when used with respect to an individual or an entity, means to provide the name of the individual or entity, the current street address for the individual or the main office of such entity (or, if such information is unavailable, any available information or data regarding the individual or entity's location), the telephone number and email address for the individual or entity, and the name and title of the individual responsible for operations of any entity.

7.      The "Platform" shall refer to the social media website x.com and twitter.com, and the X app and Twitter app, and shall include but not be limited to the website's or app's features, functions, users, and content.

8.      The "November 16, 2023 Article" shall refer to the article written by Eric Hananoki and originally published on November 16, 2023, at or around 10:05 AM EST, titled "As Musk endorses antisemitic conspiracy theory, X has been placing ads for Apple, Bravo, IBM, Oracle, and Xfinity next to pro-Nazi content," available as of February 4, 2024 at

https://www.mediamatters.org/twitter/musk-endorses-antisemitic-conspiracy-theory-x-has-been-placing-ads-apple-bravo-ibm-oracle, including all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto.

9.      The "Website" shall refer to the Media Matters for America website and all of its pages, available at https://www.mediamatters.org/.

## INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 34, You are hereby instructed to respond to these requests for production as follows:

1.      Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label. You must produce all of the materials in your possession, custody, or control as well as any materials in the possession, custody, or control of Your departments, officers, directors, employees, agents, servants, attorneys, or representatives of any kind whatsoever, or any other person or entity from whom you have the right to obtain documents and information.

2.      To the extent that You object to a request for production, You must state the objection with particularity, providing specific grounds for the objection, and You must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part that is objectionable, and You must respond in full to the part that is unobjectionable.

3.      Produce documents and tangible things in the forms as they are kept in the ordinary course of business, except that documents may be numbered or labeled during the production process. Every effort should be made to maintain document unitization from whatever source the documents are collected.

4.      Electronically stored information (ESI) should be produced in accordance with generally accepted ESI standards, and all the information and metadata necessary for loading Your production into Relativity or a similar document management database. No metadata should be altered or destroyed during Your collection or production of documents. Counsel for the parties

have previously agreed to come to terms on a mutually acceptable set of ESI protocols that the parties will memorialize in a proposed court order, and Your production shall be governed by that order.

5.      For any materials that You assert are privileged, protected, or otherwise except from discovery for any reason, You are instructed to provide an appropriate privilege log. Counsel for the parties previously agreed to come to terms on a mutually acceptable protocol for the handling of privileged material that the parties will memorialize in a proposed court order, and Your production shall be governed by that order. Any nonprivileged information within a document that can be produced, must be produced, with redactions over the privileged information. If You claim that any materials are not privilege or otherwise exempt from disclosure but should nonetheless be kept confidential, You are instructed to alert counsel of that fact prior to the deadline for a response to these requests so that the parties can evaluate the need for a confidentiality and protective order in this matter.

6.      For any materials that You claim no longer exist, have been destroyed, or cannot be located, provide the following: (a) a statement identifying the material; (b) a statement of how and when the material ceased to exist or when it could no longer be located; (c) the reasons for the material's nonexistence or loss; (d) the identity, address, and job title of each person having knowledge about the nonexistence or loss of the material; and (e) a statement identifying any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

7.      These requests for production must be construed as broadly as possible, giving words their most expansive and inclusive interpretation, such that the requests should be construed

with a meaning that brings materials within the request's scope rather than with a meaning that excludes materials from the request's scope.

8.      The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, wherever needed in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

9.      The words "and" and "or" shall each be construed either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

10.     Unless otherwise stated, the responsive "time period" for these requests is April 14, 2021, to the present. These requests are continuing in nature, and You have an obligation to amend, supplement, or correct Your responses and Your productions in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

1.      All versions of the November 16, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

2.      All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 16, 2023 Article.

3.      All documents and communications related to the November 16, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 16, 2023 Article.

4.      All audio and video recordings of You discussing or referencing in any way the November 16, 2023 Article, including but not limited to documents reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

5.      All documents and communications discussing or mentioning X, the Platform, Elon Musk, or Linda Yaccarino, including but not limited to email updates, "Action Updates," or "Weekly Updates," that were sent out via any email, text, phone, social media, or other distribution list that You maintain.

6.      All documents and communications concerning content moderation on the Platform.

7.    All documents and communications concerning advertising on the Platform, including but not limited to documents and communications concerning any particular advertiser or potential advertiser on the Platform.

8.    All communications with X's advertisers concerning the Platform, including but not limited to communications regarding their decision to advertise on the Platform.

9.    All communications with X's advertisers about advertising with or financially supporting You.

10.    All posts, comments, direct messages, and any other account data of any kind whatsoever posted by You on the Platform, including but not limited to the @mmfa and @ehananoki accounts and any accounts used in the creation of the November 16, 2023 Article.

11.    All communications with appointed or elected public officials, candidates for public office, candidate campaign committees, political party committees, PACs, 501(c)(4) groups, and any other political actors or political operatives.

12.    All IRS Form 990s for Media Matters, regardless of time period, since the founding of Media Matters.

13.    All annual financial statements for Media Matters, regardless of time period, since the founding of Media Matters.

14.    All Your bank statements and all documents sufficient to show Your financial condition during the time period.

15.    All materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation of any kind whatsoever that You may currently owe, that You may owe in the future,

or that You have owed during the time period, including but not limited to any monetary judgment in this matter.

16.     Documents sufficient to show Your expenses and the identity of the recipients of such expenditures, including but not limited to expenses on salaries, travel, equipment, real property, solicitation of donations, and any other expenses whatsoever.

17.     Documents sufficient to show the identity of all Your donors or any others who provide financial support of any kind, their residence, the time and place of their donation or provision of financial support, and the amount of their donations or other financial support.

18.     Any document or communication reflecting Your attempts to solicit donations or financial support of any kind, including but not limited to any discussions with any donors or any others who provided, considered providing, or were asked to provide financial support of any kind.

19.     Documents sufficient to identify the recipients of any communications or email updates, "Action Updates," or "Weekly Updates" sent out via any email list that You maintain, as well as any information related to those recipients' locations, including but not limited to any self-reported location data and their IP addresses.

20.     Documents sufficient to show Media Matters' organizational structure, including Board membership, leadership structure, and that of any affiliated or related entities.

21.     All documents and communications regarding Your sources of funding for research, investigation, reporting, publication, or any other work related to X, the Platform, Elon Musk, or Linda Yaccarino.

22.     All documents concerning, and communications with, any third-party public relations, advertising, marketing, communications, or similar firm that You have contracted with, or that you have contacted in any capacity about the November 16, 2023 Article.

23.    All documents and communications related to or reflecting any travel by Eric Hananoki from October 20, 2023, to December 15, 2023.

24.    All of Your calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments from October 20, 2023, to December 15, 2023.

25.    All documents and communications related to or reflecting Your involvement in or knowledge of X and any related entities, individuals, and platforms.

26.    All documents and communications related to or reflecting Media Matters' Board's involvement in or knowledge of X and any related entities, individuals, and platforms.

27.    All documents and communications related to or reflecting Media Matters' donors' involvement in or knowledge of X and any related entities, individuals, and platforms.

28.    All documents and communications related to or reflecting Media Matters' employees' involvement in or knowledge of X and any related entities, individuals, and platforms.

29.    All documents and communications related to or reflecting Media Matters' advertisers' and agencies' involvement in or knowledge of X and any related entities, individuals, and platforms.

# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**X CORP.**,
         Plaintiff,

         vs.                                    Case No. 4:23-cv-01175-O

**MEDIA MATTERS FOR AMERICA**, et al.
         Defendants.

## PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff X. Corp. hereby serves this First Set of Requests for Production on each of the Defendants, Media Matters for America, Eric Hananoki, and Angelo Carusone, by and through their counsel of record, on March 29, 2024, via email pursuant to an agreement for electronic service between counsel. Each Defendant is hereby independently obligated to respond to these requests and produce the documents described below in accordance with the Instructions and Definitions.

You are reminded that you must respond in writing within 30 days of this date. Production is to be made at the offices of Stone Hilton PLLC, 1115 W. Slaughter Ln., Austin, TX 78715, or via such means as counsel for the parties may agree.

Respectfully submitted.

*/s/ Christopher D. Hilton*
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
**STONE | HILTON PLLC**
1115 W. Slaughter Lane
Austin, TX 78748
Telephone: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com


John C. Sullivan
Texas Bar No. 24083920
**S|L LAW PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com


*Counsel for Plaintiff*


**CERTIFICATE OF SERVICE**

I hereby certify that this document was served on counsel for Defendants via email on

March 29, 2024, pursuant to counsel's agreement to accept service via electronic means.

*/s/ Christopher D. Hilton*
Christopher D. Hilton

## DEFINITIONS

In reading and interpreting these requests for production and the accompanying instructions, the following definitions shall apply:

1.      "X" or "Plaintiff" shall mean the Plaintiff in this Matter, X Corp., as well as its predecessor in interest, Twitter, Inc.

2.      "Defendant," "You," and "Your" shall mean the Defendants in this Matter, Media Matters for America (also referred to as "Media Matters"), Eric Hananoki (also referred to as "Hananoki"), and Angelo Carusone (also referred to as "Carusone"), either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope. "Defendant," "You," and "Your" also refers to, as applicable, each Defendant's board of directors ("Board"), employees, agents, attorneys, representatives, and all other persons acting or purporting to act on behalf of any Defendant, as well as all persons who have acted or purport to have acted on any Defendant's behalf.

3.      "Matter" shall refer to this above-captioned litigation, *X Corp. v. Media Matters for America et al.*, No. 4:23-cv-01175-O.

4.      "Material," "document," "information," "data," and any other similar words describing categories of things that may be subject to production in response to these requests, shall be given the broadest possible interpretation provided by law, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. Each of these words shall also include without limitation handwritten notes, data in specialized databases or document repositories, and data or information received from journalistic sources. Each of these

words shall also include without limitation any "communications" (regardless of whether "communications" is separately specified), meaning any transmission of any information via any means whatsoever, including without limitation emails, phone logs, voicemails, text messages, chat messages (such as Zoom, Slack, Microsoft Teams, or Google Meet), Signal messages, WhatsApp messages, notes of conversations, or recordings of conversations.

5.      "Concerning," "regarding," "related to," and any other similar phrases signify any connection, direct or indirect, between the requested material and the stated topic. Such phrases describing the subject matter of a request shall be given the broadest possible interpretation in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

6.      "Identify," or a request for an "identity," when used with respect to an individual or an entity, means to provide the name of the individual or entity, the current street address for the individual or the main office of such entity (or, if such information is unavailable, any available information or data regarding the individual or entity's location), the telephone number and email address for the individual or entity, and the name and title of the individual responsible for operations of any entity.

7.      The "Platform" shall refer to the social media website x.com and twitter.com, and the X app and Twitter app, and shall include but not be limited to the website's or app's features, functions, users, and content.

8.      The "November 16, 2023 Article" shall refer to the article written by Eric Hananoki and originally published on November 16, 2023, at or around 10:05 AM EST, titled "As Musk endorses antisemitic conspiracy theory, X has been placing ads for Apple, Bravo, IBM, Oracle, and Xfinity next to pro-Nazi content," available as of February 4, 2024 at

33

https://www.mediamatters.org/twitter/musk-endorses-antisemitic-conspiracy-theory-x-has-been-placing-ads-apple-bravo-ibm-oracle, including all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto.

9.     The "November 17, 2023 Article" shall refer to the article written by Eric Hananoki and originally published on November 17, 2023, at or around 12:16 PM EST, and updated on November 21, 2023, at or around 2:15 PM EST, titled "X is placing ads for Amazon, NBA Mexico, NBCUniversal, and others next to content with white nationalist hashtags," available as of March 27, 2024 at https://www.mediamatters.org/twitter/x-placing-ads-amazon-nba-mexico-nbcuniversal-and-others-next-content-white-nationalist, including all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto.

10.    The "Website" shall refer to the Media Matters for America website and all of its pages, available at https://www.mediamatters.org/.

**INSTRUCTIONS**

Pursuant to Federal Rule of Civil Procedure 34, You are hereby instructed to respond to these requests for production as follows:

1.      Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label. You must produce all of the materials in your possession, custody, or control as well as any materials in the possession, custody, or control of Your departments, officers, directors, employees, agents, servants, attorneys, or representatives of any kind whatsoever, or any other person or entity from whom you have the right to obtain documents and information.

2.      To the extent that You object to a request for production, You must state the objection with particularity, providing specific grounds for the objection, and You must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part that is objectionable, and You must respond in full to the part that is unobjectionable.

3.      Produce documents and tangible things in the forms as they are kept in the ordinary course of business, except that documents may be numbered or labeled during the production process. Every effort should be made to maintain document unitization from whatever source the documents are collected.

4.      Electronically stored information (ESI) should be produced in accordance with generally accepted ESI standards, and all the information and metadata necessary for loading Your production into Relativity or a similar document management database. No metadata should be altered or destroyed during Your collection or production of documents. Counsel for the parties

35

have previously agreed to come to terms on a mutually acceptable set of ESI protocols that the parties will memorialize in a proposed court order, and Your production shall be governed by that order.

5.      For any materials that You assert are privileged, protected, or otherwise except from discovery for any reason, You are instructed to provide an appropriate privilege log. Counsel for the parties previously agreed to come to terms on a mutually acceptable protocol for the handling of privileged material that the parties will memorialize in a proposed court order, and Your production shall be governed by that order. Any nonprivileged information within a document that can be produced, must be produced, with redactions over the privileged information. If You claim that any materials are not privilege or otherwise exempt from disclosure but should nonetheless be kept confidential, You are instructed to alert counsel of that fact prior to the deadline for a response to these requests so that the parties can evaluate the need for a confidentiality and protective order in this matter.

6.      For any materials that You claim no longer exist, have been destroyed, or cannot be located, provide the following: (a) a statement identifying the material; (b) a statement of how and when the material ceased to exist or when it could no longer be located; (c) the reasons for the material's nonexistence or loss; (d) the identity, address, and job title of each person having knowledge about the nonexistence or loss of the material; and (e) a statement identifying any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

7.      These requests for production must be construed as broadly as possible, giving words their most expansive and inclusive interpretation, such that the requests should be construed

with a meaning that brings materials within the request's scope rather than with a meaning that excludes materials from the request's scope.

8.      The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, wherever needed in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

9.      The words "and" and "or" shall each be construed either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

10.     Unless otherwise stated, the responsive "time period" for these requests is April 14, 2021, to the present. These requests are continuing in nature, and You have an obligation to amend, supplement, or correct Your responses and Your productions in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

1.      All versions of the November 17, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

2.      All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 17, 2023 Article.

3.      All documents and communications related to the November 17, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 17, 2023 Article.

4.      All audio and video recordings of You discussing or referencing in any way the November 17, 2023 Article, including but not limited to documents reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

5.      All materials regarding or communications with You or any other Media Matters employee, contractor, or agent mentioning or regarding in any way this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

6.      All materials regarding or communications with any donor or potential donor to Media Matters mentioning or regarding in any way this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

7.      All materials, including but not limited to notes, transcripts, or recordings, whether published, broadcast, or otherwise, or all media or public appearances made by You wherein You discussed or mentioned this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

8.      All materials regarding or communications with Eric Hananoki.

9.      All materials regarding or communications with Matt Gertz.

10.     All materials reflecting or regarding any policies, practices, procedures, codes of conduct, ethical standards, or other guidelines for appropriate investigation and reporting for Media Matters' articles, including but not limited to policies concerning fact-checking, defamation, and contacting sources or subjects of articles.

11.     All materials and communications regarding the X account(s) used in creating the November 16, 2023 Article or the November 17, 2023 Article, including but not limited to any emails from the Platform (including automatic or system-generated emails).

12.     All materials and communications with or regarding any X account or X advertiser appearing the November 16, 2023 Article or the November 17, 2023 Article.

13.     All materials regarding or communications with any individual or entity named in the November 16, 2023 Article, the November 17, 2023 Article, and any subsequent coverage, including communications with any entity's board of directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act on behalf of any such entity.

14.     All materials regarding or communications with any sources for the November 16, 2023 Article, the November 17, 2023 Article, and any subsequent coverage.

15.     Documents sufficient to show the identity of the author of and every contributor to articles that are attributed to "Media Matters Staff" or that are unattributed referring to this Matter,

Elon Musk, Linda Yaccarino, X, Twitter, the November 16, 2023 Article, the November 17, 2023 Article, or the Platform, including misinformation, brand safety, ad pairing, anti-Semitism, racism, Nazis or Nazi ideology and content, white nationalism, white supremacism, or the "alt-right" on the Platform.

16.     All materials or communications that reference in any way this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform, and use any of the following terms or any variant of any of the following terms: Hitler, Nazi, racist, racism, alt-right, antisemite, antisemitism, anti-Semite, anti-Semitism, red line, replacement theory, white supremacy, white nationalism, white pride, Pepe, frog Twitter, the Holocaust, bigotry, hate, hatred, hateful speech, Charlottesville, tiki torch, January 6, January 6th, Jan. 6, Jan. 6th, 1/6, J6, minorities, hordes, jew, jewish, Israel, Israeli, IDF, Israeli Defense Force, Palestine, Palestinian, "from the river to the sea," October 7, 10/7, jihad, day of jihad, Hamas, Gaza, Islam, Islamic, Palestinian Islamic Jihad, PIJ, Islamophobia, Zionism, Zionist, Zion, blue chip, brand, free speech, First Amendment, Texas, Fort Worth, Dallas, Austin.

17.     All materials reflecting or relating to any reports, accusations, files, notes, personnel records, complaints, mediations, arbitrations, lawsuits (including potential or threatened lawsuits that were never filed), or investigations involving allegations that You took adverse employment actions or otherwise discriminated against or took any action against another person or persons on the basis of a protected class, including but not limited to race, color, national origin, religion, sex, sexual orientation, language status, or pregnancy status.

18.     All materials reflecting or relating to any reports, accusations, files, notes, personnel records, complaints, mediations, arbitrations, lawsuits (including potential or threatened

lawsuits that were never filed), or investigations involving allegations against You regarding business disparagement, defamation, or libel.

# Exhibit D

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

|  |  |
|---|---|
| X CORP., | |
| *Plaintiff*, | |
| v. | Civil Action No. 4:23-cv-01175-O |
| MEDIA MATTERS FOR AMERICA, *et al.*, | |
| *Defendants*. | |

## DEFENDANTS MEDIA MATTERS FOR AMERICA AND ERIC HANANOKI'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendants Media Matters for America ("Media Matters") and Mr. Eric Hananoki,[1] through their undersigned counsel, submit these amended responses and objections to Plaintiff X Corp.'s First Set of Requests for Production ("Discovery Requests" or "Requests"), initially served on March 11, 2024. Defendants' amendments are made based on conferral among counsel.

## PRELIMINARY STATEMENT

The responses set forth herein are based on the information and documents reasonably available to Defendants at this time, but discovery in this matter, including Defendants' investigation into the issues raised in this lawsuit and documents responsive to Plaintiff's

---

[1] Plaintiff's First Set of Requests for Production were served on February 5, 2024, prior to when Plaintiff amended its complaint to include Angelo Carusone as a defendant. Therefore, these Responses and Objections are not on behalf of Mr. Carusone. All references to Defendants herein are to Media Matters and Mr. Hananoki only.

Discovery Requests is still ongoing. Defendants reserve their right to alter, supplement, amend, correct, clarify, or otherwise modify these responses and objections, to assert additional objections or privileges, in any subsequent supplemental response(s), or to move for a Court order if deemed appropriate.

By making the accompanying responses and objections to Plaintiff's Discovery Requests, Defendants do not waive, and hereby expressly reserve, their right to assert all objections as to the admissibility of such responses and documents into evidence in this action, or in any other proceedings.

Produced materials will adhere to formal ESI protocol, privilege material agreement, and any protective order agreed to by Counsel for Plaintiff and Defendants and entered by the Court, and will be produced on a rolling basis.

Moreover, Defendants maintain that this Court has no personal jurisdiction over Media Matters or Eric Hananoki and that the Northern District of Texas is not the proper venue for this dispute. *See* Defendants' Brief in Support of their Motion to Dismiss, ECF 41 at Sections I and II; Defendants' Reply in Support of their Motion to Dismiss, ECF 51 at Sections I and II. Defendants provide these responses and objections subject to and without waiving any of their arguments for dismissal.

<u>**RESPONSES TO INDIVIDUAL REQUESTS**</u>

**REQUEST FOR PRODUCTION NO. 1**: All versions of the November 16, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

**OBJECTIONS**: The Request does not define the term "notes," and Defendants interpret the term as used here consistent with its ordinary meaning to ask for written records created in the process of reporting, writing, and publishing the November 16, 2023 Article. To the extent Plaintiff

means something else by the term, Defendants object to this Request as vague and ambiguous. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege or reporter's privilege, including notes and communications that divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose the identity of persons who have imparted information . . . in confidence"); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (recognizing "the close nexus between the freedoms of speech and assembly" protected party from disclosure of associational documents). Defendants also object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

  **RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 2**:   All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 16, 2023 Article.

OBJECTIONS: The Request does not define the term "Platform account data," and Defendants interpret the term as used here to ask for usernames of accounts on the X Platform relied on, referenced, created, or considered in investigating, working on, writing, publishing, and disseminating the referenced article. To the extent Plaintiff means something else by the term, Defendants object to this Request as vague and ambiguous. Defendants further object to this Request because it seeks sensitive information protected by the First Amendment privilege and reporter's privilege, including by asking Defendants to divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose the identity of persons who have imparted information . . . in confidence."); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (recognizing "the close nexus between the freedoms of speech and assembly" protected party from disclosure of associational documents). Defendants also object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to the extent that this Request seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive, such as information about accounts on X or sources and links embedded within the November 16, 2023 article.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 3**:  All documents and communications related to the November 16, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 16, 2023 Article.

**OBJECTIONS**: Defendants object to this Request because it seeks information such as confidential communications with donors and strategic partners that are squarely protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2385–86 (2021); *Nat'l Ass'n for Advancement of Colored People*, 357 U.S.  at 460; *see also Whole Woman's Health v. Smith*, 896 F.3d 362, 372 (5th Cir. 2018), as revised (July 17, 2018); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010). Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this Request to the extent that it seeks publicly available documents

47

and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 4**:   All audio and video recordings of You discussing or referencing in any way the November 16, 2023 Article, including but not limited to documents reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

**OBJECTIONS**: Defendants object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request because it seeks materials "in the possession, custody, or control of third parties" and therefore not within Defendants' possession, custody, or control.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 5**:  All documents and communications discussing or mentioning X, the Platform, Elon Musk, or Linda Yaccarino, including but not limited to email updates, "Action Updates," or "Weekly Updates," that were sent out via any email, text, phone, social media, or other distribution list that You maintain.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" that in any way mention X, the Platform, Elon Musk, or Linda Yaccarino, even where not reasonably related to the issues in dispute in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product

doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 6**: All documents and communications concerning content moderation on the Platform.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to any content moderation policies on the Platform and is not reasonably limited to materials relevant to the issues in dispute in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged

article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 7**: All documents and communications concerning advertising on the Platform, including but not limited to documents and communications concerning any particular advertiser or potential advertiser on the Platform.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this

51

litigation. For example, the terms "any particular advertiser or potential advertiser on the Platform" is not reasonably limited to materials relevant to the issues in dispute in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 8**:   All communications with X's advertisers concerning the Platform, including but not limited to communications regarding their decision to advertise on the Platform.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**<u>REQUEST FOR PRODUCTION NO. 9</u>**: All communications with X's advertisers about advertising with or financially supporting You.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires blanket production of "[a]ll communications" with certain advertisers not reasonably limited to materials relevant to the issues in dispute in this case. Similarly, the phrase "financially supporting" is vague, overly broad, and not reasonably limited to materials relevant to the issues in dispute in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request because it seeks sensitive information such as communications protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this request to the extent it seeks materials outside of Defendants possession, custody, or control.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 10**: All posts, comments, direct messages, and any other account data of any kind whatsoever posted by You on the Platform, including but not limited to

the @mmfa and @ehananoki accounts and any accounts used in the creation of the November 16, 2023 Article.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll posts, comments, direct messages, and any other account data of any kind whatsoever" of various accounts, even where the information it seeks is vague, immaterial, or unrelated to the claims or defenses at issue in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive, including X account information within X Corp.'s possession.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendants are in the process of collecting

documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 11**: All communications with appointed or elected public officials, candidates for public office, candidate campaign committees, political party committees, PACs, 501(c)(4) groups, and any other political actors or political operatives.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll communications" with a staggering number of potential individuals on unspecified topics immaterial and unrelated to the claims or defenses at issue in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks sensitive communications that are protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents

and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this request to the extent it seeks information outside of Defendants' possession, custody, or control.

      **RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.


      **REQUEST FOR PRODUCTION NO. 12**: All IRS Form 990s for Media Matters, regardless of time period, since the founding of Media Matters.

      **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll IRS Form 990s for Media Matters" since the organization's founding twenty years ago, with no indication of why this information would be material or related to the claims or defenses at issue in this case. Indeed, the Platform was not founded until 2006, two years *after* Media Matters was founded. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial

preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis only publicly available version of its Form 990 tax returns. Defendants will not produce any non-public versions of its tax return.


**REQUEST FOR PRODUCTION NO. 13**: All annual financial statements for Media Matters, regardless of time period, since the founding of Media Matters.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll annual financial statements for Media Matters" since the organization's founding twenty years ago, with no indication of why this information would be material or related to the claims or defenses at issue in this case. Indeed, the Platform was not founded until 2006, two years *after* Media Matters was founded. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client

privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 14**: All Your bank statements and all documents sufficient to show Your financial condition during the time period.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll bank statements and all documents sufficient to show [Defendants'] financial condition," with no indication of why this information—including personal financial information of an individual reporter—would be material or related to the claims or defenses at issue in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at

1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 15**: All materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation of any kind whatsoever that You may currently owe, that You may owe in the future, or that You have owed during the time period, including but not limited to any monetary judgment in this matter.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation *of any kind whatsoever*" even where the information would be immaterial or unrelated to the claims or defenses at issue in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information and associations protected by the First Amendment privilege, the production of which

60

would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g., Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this request to the extent that it seeks materials outside of Defendants' possession, custody, or control.

**RESPONSES**: Subject to, and without waiving these objections, Defendants direct Plaintiff to Section IV of Defendants' Initial Disclosures, served to counsel on March 8, 2024 via email, and any subsequent revisions to Defendants' Initial Disclosures, which, pursuant to Federal Rule of Civil Procedure 26 (a)(1)(A)(iv), lists "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in th[is] action or to indemnify or reimburse for payments made to satisfy the judgment [in this litigation]." Defendants will produce any related documents as required by Federal Rule of Civil Procedure 34. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 16**: Documents sufficient to show Your expenses and the identity of the recipients of such expenditures, including but not limited to expenses on salaries, travel, equipment, real property, solicitation of donations, and any other expenses whatsoever.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires producing a high-volume of sensitive financial information—including a limitless amount of unrestricted "expenses"—that are immaterial or unrelated to the claims or defenses at issue in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 17**: Documents sufficient to show the identity of all Your donors or any others who provide financial support of any kind, their residence, the time and place of their donation or provision of financial support, and the amount of their donations or other financial support.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request seeks a high-volume of sensitive financial information "of any kind" that is immaterial or unrelated to the claims or defenses at issue in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. at 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 18**: Any document or communication reflecting Your attempts to solicit donations or financial support of any kind, including but not limited to any discussions with any donors or any others who provided, considered providing, or were asked to provide financial support of any kind.

OBJECTIONS: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request seeks a high-volume of sensitive financial information of "any kind" that is immaterial or unrelated to the claims or defenses at issue in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.  Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more

convenient, less burdensome, or less expensive. Defendants further object to this request to the extent it seeks materials outside of Defendants' possession, custody, or control.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 19**: Documents sufficient to identify the recipients of any communications or email updates, "Action Updates," or "Weekly Updates" sent out via any email list that You maintain, as well as any information related to those recipients' locations, including but not limited to any self-reported location data and their IP addresses.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. at 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 20**: Documents sufficient to show Media Matters' organizational structure, including Board membership, leadership structure, and that of any affiliated or related entities.

**OBJECTIONS**: Defendants object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any

responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 21**: All documents and communications regarding Your sources of funding for research, investigation, reporting, publication, or any other work related to X, the Platform, Elon Musk, or Linda Yaccarino.

     **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" that in any way mention sources of funding related to X, the Platform, Elon Musk, or Linda Yaccarino, even where not reasonably related to the issues in dispute in this case.  Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 22**: All documents concerning, and communications with, any third-party public relations, advertising, marketing, communications, or similar firm that You have contracted with, or that you have contacted in any capacity about the November 16, 2023 Article.

**OBJECTIONS**: Defendants object to this Request to the extent it seeks disclosure of sensitive associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to the term "similar firm" as vague.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that

they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 23**: All documents and communications related to or reflecting any travel by Eric Hananoki from October 20, 2023, to December 15, 2023.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications related to or reflecting *any* travel" by Mr. Hananoki during the specified time period, even where not reasonably related to the issues in dispute in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Subject to, and without waiving these objections, Defendants do not possess any responsive documents because Mr. Hananoki did not conduct any travel from October 20, 2023, to December 15, 2023 undertaken in relation to his research or drafting of the November 16, 2023 article.

**REQUEST FOR PRODUCTION NO. 24**: All of Your calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments from October 20, 2023, to December 15, 2023.

**QDLGEVKQPU:** F ghepf cpwu'qdlgev'vq''vj ku''Tgs wguv''cu'dgkpi ''qxgtn['dtqcf .''pqv'tgcuqpcdn[''' r ctvkewctvk[ gf .''wpfwn('dwtf gpuqo g.''cpf 'fkurtqr qtvkqpcvg''vq''vj g'pggfu'qh'vj ku'ecug.''kpenwxf kpi ''vq''vj g'' gzvgpv''kv''uggmu''f qewo gpw''pqv''tgngxcpv''vq''c['encko ''qt''f ghepug''cuugtvgf ''kp''vj ku''rkkki cvkqp0''Hqt'' gzco r ng.''vj ku''Tgs wguv''ko r gto kuukdn[''' tgs wktgu''dncpmgv''r tqf wevkqp''qh''õ]c_m''ecrgpf ctu.''lqwtpcnu.'' uej gf wngu.''cevkxkv['''qi u.''xkukvqtuø''qi u.''fkctkgu.''qt''cr r qkpvo gpwö''f wtkpi ''vj g''ur gekhkgf ''vko g''r gtkqf .'' gxgp''y j gtg''pqv'tgcuqpcdn[''tgncvgf ''vq''vj g''kuuwgu''kp''f kur wvg''kp''vj ku'ecug0'F ghepf cpwu'hwtvj gt''qdlgev'' vq''vj ku'Tgs wguv''vq''vj g''gzvgpv''kv''uggmu''f qewo gpw''qt''eqo o wpkecvkqpu''vj cv'ctg''r tqvgevgf ''d[''vj g''Hktuv'' Co gpfo gpv''r tkxkngi g.''tgr qtvgtø''r tkxkngi g.'' cwqtpg[/enkgpv''r tkxkngi g.''y qtm/r tqf wev''f qevtkpg.'' cpf kqt'''cp[''qvj gt''r r ntecdng''r tkxkngi g''qt''uj kgnf ''ncy .''cpf kqt''eqpuvkwwg''vtkcn'r tgr ctcvkqp''o cvgtkcn'' y kj kp''vj g''o gcpkpi ''qh'Twng''480"

**TGURQPUG:** Uwdlgev'vq.''cpf ''y kj qwv'y ckxkpi ''vj gug'qdlgevkqpu.'F ghepf cpwu'y kn'r tqf wce'' qp''c''tqnkpi ''dcuku'cp[''tgur qpukxg.''pqpr tkxkngi gf 'f qewo gpwkp''vj gkt''r quuguukqp.''ewuvqf [.''qt''eqpvtqn'' vj cv''vj g{''ctg''cdng''vq''nqecvg''hqmwy kpi ''c''tgcuqpcdng''ugctej 0'F ghepf cpwu''ctg''kp''vj g'r tqeguu''qh'' eqngevkpi ''f qewo gpw'hqt''tgxkgy ''cpf ''ctg''pqv'r tgugpw['y kj j qnfkpi ''cp[''tgur qpukxg'f qewo gpu'vj cv'' vj g{''j cxg''kf gpvkhkgf ''uwdlgev'vq''vj gug'qdlgevkqpu0'F ghepf cpwu''y kn'uwr r ngo gpv''vj ku'tgur qpug''kh'vj g{'' kf gpvkh['cpf ''y kj j qnf ''cp['tgur qpukxg'f qewo gpu0'

**TGS WGUV'HQT 'RTQF WEVKQP 'PQ047:** Cm'f qewo gpw''cpf ''eqo o wpkecvkqpu''tgncvgf ''vq ''qt'' tghgtgevkpi ''[ qwt''kpxqprgo gpv''kp''qt''npqy ngf i g''qh''Z ''cpf ''cp['tgncvgf ''gpvkvkgu.''kpfkxkf wcnu.''cpf '' r ncvhqto u0'

**QDLGEVKQPU:** F ghepf cpwu'qdlgev'vq''vj ku''Tgs wguv''cu'dgkpi ''qxgtn['dtqcf .''xci wg.''pqv'' tgcuqpcdn[''' r ctvkewctvk[ gf .''wpfwn('dwtf gpuqo g.''cpf 'f kurtqr qtvkqpcvg''vq''vj g''pggf u'kp''vj ku''ecug.'' kpenwxf kpi ''vq''vj g''gzvgpv''kv''uggmu''f qewo gpw''pqv''tgngxcpv''vq''c['encko ''qt''f ghepug''cuugtvgf ''kp''vj ku''

litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants also object to this request to the extent it seeks materials outside of Defendants' possession, custody, or control. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Requests Nos. 5 and 8.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 26**: All documents and communications related to or reflecting Media Matters' Board's involvement in or knowledge of X and any related entities, individuals, and platforms.

     **OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

     **RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 27**: All documents and communications related to or reflecting Media Matters' donors' involvement in or knowledge of X and any related entities, individuals, and platforms.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this request to the extent it seeks materials outside of Defendants' possession, custody, or control.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis, any responsive, nonprivileged documents in its possession, custody, or control

from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 28**: All documents and communications related to or reflecting Media Matters' employees' involvement in or knowledge of X and any related entities, individuals, and platforms.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Requests Nos. 5, 8, and 25.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 29**: All documents and communications related to or reflecting Media Matters' advertisers' and agencies' involvement in or knowledge of X and any related entities, individuals, and platforms.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

Defendants further object to this Request to the extent that it seeks materials not within Defendants' possession, custody, or control.

**RESPONSES**: Subject to, and without waiving these objections, Defendants do not possess any documents that are responsive to this Request because Media Matters does not have any advertisers or agencies.

**GIBSON, DUNN & CRUTCHER LLP**
Andrew LeGrand (TX 24070132)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
T: (214) 698-3100
F: (214) 571-2960
alegrand@gibsondunn.com

Theodore J. Boutrous, Jr.** (CA 132099)
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520
tboutrous@gibsondunn.com

Amer S. Ahmed* (NY 4382040)
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035
aahmed@gibsondunn.com

**ELIAS LAW GROUP LLP**
Abha Khanna* (WA 42612)
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
akhanna@elias.law

Jacob D. Shelly* (DC 90010127)
Daniela Lorenzo* (NY 5780457)
250 Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
T: (202) 968-4490
F: (202) 986-4498
jshelly@elias.law
dlorenzo@elias.law

* Admitted *pro hac vice*
** *Pro hac vice* application forthcoming

*Counsel for Defendants Media Matters for America and Eric Hananoki*

**CERTIFICATE OF SERVICE**

On April 29, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Andrew LeGrand*

Andrew LeGrand

# Exhibit E

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

X CORP.,

*Plaintiff*,

v.

MEDIA MATTERS FOR AMERICA,
*et al.*,

Defendants.

Civil Action No. 4:23-cv-01175-O

## DEFENDANT ANGELO CARUSONE'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ANGELO CARUSONE

Defendant Angelo Carusone, through his undersigned counsel, submits these responses and objections to Plaintiff X Corp.'s First Set of Requests for Production to Defendant Angelo Carusone ("Discovery Requests" or "Requests").

## PRELIMINARY STATEMENT

The responses set forth herein are based on the information and documents reasonably available to Defendant at this time, but discovery in this matter, including Defendant's investigation into the issues raised in this lawsuit and documents responsive to Plaintiff's Discovery Requests is still ongoing. Defendant reserves his right to alter, supplement, amend, correct, clarify, or otherwise modify these responses and objections, to assert additional objections or privileges, in any subsequent supplemental response(s), or to move for a Court order if deemed appropriate.

By making the accompanying responses and objections to Plaintiff's Discovery Requests, Defendant does not waive, and hereby expressly reserves, his right to assert all objections as to the admissibility of such responses and documents into evidence in this action, or in any other proceedings.

Produced materials will adhere to formal ESI protocol, privilege material agreement, and any protective order agreed to by Counsel for Plaintiff and Defendants and entered by the Court, and will be produced on a rolling basis.

Moreover, Defendant maintains that this Court has no personal jurisdiction over him and that the Northern District of Texas is not the proper venue for this dispute. *See* Defendants' Brief in Support of their Motion to Dismiss, ECF 41 at Sections I and II; Defendants' Reply in Support of their Motion to Dismiss, ECF 51 at Sections I and II. Defendant provides these responses and objections subject to and without waiving any of his arguments for dismissal.

### GENERAL OBJECTIONS

Defendant objects to Plaintiff's definition of "You" and "Your" to the extent it includes requests for documents that are in the custody of Media Matters for America or Mr. Eric Hananoki. To avoid unnecessary and burdensome duplication, requests for documents controlled by Media Matters for America or Mr. Hananoki should be directed to those parties.

### RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR PRODUCTION NO. 1**: All versions of the November 16, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

**OBJECTIONS**: The Request does not define the term "notes," and Defendant interprets the term as used here consistent with its ordinary meaning to ask for written records created in the process of reporting, writing, and publishing the November 16, 2023 Article. To the extent Plaintiff

means something else by the term, Defendant objects to this Request as vague and ambiguous. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege or reporter's privilege, including notes and communications that divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose the identity of persons who have imparted information . . . in confidence"); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (recognizing "the close nexus between the freedoms of speech and assembly" protected party from disclosure of associational documents). Defendant also objects to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendant also objects to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

      **RESPONSE**: Subject to, and without waiving these objections, Defendant will produce on a rolling basis any responsive, nonprivileged documents in his possession, custody, or control that he can locate following a reasonable search. Defendant will not search public sources for responsive materials. Defendant is in the process of collecting documents for review and is not presently withholding any responsive documents that he has identified subject to these objections. Defendant will supplement this response if he identifies and withholds any responsive documents.

**REQUEST FOR PRODUCTION NO. 2**:   All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 16, 2023 Article.

OBJECTIONS: The Request does not define the term "Platform account data," and Defendant interprets the term as used here to ask for usernames of accounts on the X Platform relied on, referenced, created, or considered in investigating, working on, writing, publishing, and disseminating the referenced article. To the extent Plaintiff means something else by the term, Defendant objects to this Request as vague and ambiguous. Defendant further objects to this Request because it seeks sensitive information protected by the First Amendment privilege and reporter's privilege, including by asking Defendant to divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose the identity of persons who have imparted information . . . in confidence"); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (recognizing "the close nexus between the freedoms of speech and assembly" protected party from disclosure of associational documents). Defendant also objects to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendant further objects to the extent that this Request seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive, such as information about accounts on X or sources and links embedded within the November 16, 2023 article.

**RESPONSES**: Subject to, and without waiving these objections, Defendant will produce on a rolling basis any responsive, nonprivileged documents in his possession, custody, or control that he is able to locate following a reasonable search. Defendant is in the process of collecting documents for review and is not presently withholding any responsive documents he has identified subject to these objections. Defendant will supplement this response if he identifies and withholds any responsive documents.

**REQUEST FOR PRODUCTION NO. 3**:  All documents and communications related to the November 16, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 16, 2023 Article.

**OBJECTIONS**: Defendant objects to this Request because it seeks information such as confidential communications with donors and strategic partners that are squarely protected by the First Amendment privilege, the production of which would chill Defendant's exercise of his First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2385–86 (2021); *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also Whole Woman's Health v. Smith*, 896 F.3d 362, 372 (5th Cir. 2018), as revised (July 17, 2018); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010). Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendant further objects to this Request to the extent that it seeks publicly available

83

documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

 **RESPONSES**: Subject to, and without waiving these objections, Defendant will produce on a rolling basis any responsive, nonprivileged documents in his possession, custody, or control that he is able to locate following a reasonable search. Defendant will not search public sources for responsive materials. Defendant is in the process of collecting documents for review and is not presently withholding any responsive documents that he has identified subject to these objections. Defendant will supplement this response if he identifies and withholds any responsive documents.

**REQUEST FOR PRODUCTION NO. 4**: All audio and video recordings of You discussing or referencing in any way the November 16, 2023 Article, including but not limited to documents reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

 **OBJECTIONS**: Defendant objects to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendant also objects to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendant further objects to this Request because it seeks materials "in the possession, custody, or control of third parties" and therefore not within Defendant's possession, custody, or control.

**RESPONSES**: Subject to, and without waiving these objections, Defendant will produce on a rolling basis any responsive, nonprivileged documents in his possession, custody, or control that he is able to locate following a reasonable search. Defendant will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendant is in the process of collecting documents for review and is not presently withholding any responsive documents that he has identified subject to these objections. Defendant will supplement this response if he identifies and withholds any responsive documents.

**REQUEST FOR PRODUCTION NO. 5**:  All documents and communications discussing or mentioning X, the Platform, Elon Musk, or Linda Yaccarino, including but not limited to email updates, "Action Updates," or "Weekly Updates," that were sent out via any email, text, phone, social media, or other distribution list that You maintain.

**OBJECTIONS**: Defendant objects to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" that in any way mention X, the Platform, Elon Musk, or Linda Yaccarino, even where not reasonably related to the issues in dispute in this case. Moreover, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-

product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendant also objects to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendant will produce on a rolling basis any responsive, nonprivileged documents in his possession, custody, or control from April 14, 2022 onward that he can locate following a reasonable search. Defendant will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendant is in the process of collecting documents for review and is not presently withholding any responsive documents that he has identified subject to these objections. Defendant will supplement this response if he identifies and withholds any responsive documents.

**REQUEST FOR PRODUCTION NO. 6**: All documents and communications concerning content moderation on the Platform.

**OBJECTIONS**: Defendant objects to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to any content moderation policies on the Platform and is not reasonably limited to materials relevant to the issues in dispute in this case. Moreover, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the

challenged article was published and a year before Elon Musk took over the Platform. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendant also objects to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendant will produce on a rolling basis any responsive, nonprivileged documents in his possession, custody, or control from April 14, 2022 onward that he can locate following a reasonable search. Defendant will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendant is in the process of collecting documents for review and is not presently withholding any responsive documents that he has identified subject to these objections. Defendant will supplement this response if he identifies and withholds any responsive documents.

**REQUEST FOR PRODUCTION NO. 7**: All documents and communications concerning advertising on the Platform, including but not limited to documents and communications concerning any particular advertiser or potential advertiser on the Platform.

**OBJECTIONS**: Defendant objects to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this

litigation. For example, the terms "any particular advertiser or potential advertiser on the Platform" is not reasonably limited to materials relevant to the issues in dispute in this case. Moreover, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendant also objects to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

RESPONSES: Subject to, and without waiving these objections, Defendant will produce on a rolling basis any responsive, nonprivileged documents in his possession, custody, or control from April 14, 2022 onward that he is able to locate following a reasonable search. Defendant will not search public sources for responsive materials. Defendant is in the process of collecting documents for review and is not presently withholding any responsive documents that he has identified subject to these objections. Defendant will supplement this response if he identifies and withholds any responsive documents.

**REQUEST FOR PRODUCTION NO. 8**:   All communications with X's advertisers concerning the Platform, including but not limited to communications regarding their decision to advertise on the Platform.

**OBJECTIONS**: Defendant objects to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. Indeed, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendant also objects to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendant will produce on a rolling basis any responsive, nonprivileged documents in his possession, custody, or control from April 14, 2022 onward that he is able to locate following a reasonable search. Defendant will not search public sources for responsive materials. Defendant is in the process of collecting documents for review and is not presently withholding any responsive documents that he has identified subject to these objections. Defendant will supplement this response if he identifies and withholds any responsive documents.

**REQUEST FOR PRODUCTION NO. 9**: All communications with X's advertisers about advertising with or financially supporting You.

**OBJECTIONS**: Defendant objects to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires blanket production of "[a]ll communications" with certain advertisers not reasonably limited to materials relevant to the issues in dispute in this case. Similarly, the phrase "financially supporting" is vague, overly broad, and not reasonably limited to materials relevant to the issues in dispute in this case. Moreover, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendant also objects to this Request because it seeks sensitive information such as communications protected by the First Amendment privilege, the production of which would chill Defendant's exercise of his First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendant further objects to this Request to the extent it seeks materials outside of Defendant's possession, custody, or control. Defendant also objects to this Request because Media Matters, not Mr. Carusone, is the proper Defendant for this Request.

**RESPONSES**: X's advertisers do not "advertis[e] with or financially support[]" me. Therefore, I do not have documents to produce in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 10**: All posts, comments, direct messages, and any other account data of any kind whatsoever posted by You on the Platform, including but not limited to the @mmfa and @ehananoki accounts and any accounts used in the creation of the November 16, 2023 Article.

    **OBJECTIONS**: Defendant objects to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll posts, comments, direct messages, and any other account data of any kind whatsoever" of various accounts, even where the information it seeks is vague, immaterial, or unrelated to the claims or defenses at issue in this case. Moreover, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendant also objects to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive, including X account information within X Corp.'s possession.

    **RESPONSES**: Subject to, and without waiving these objections, Defendant will produce on a rolling basis any responsive, nonprivileged documents in his possession, custody, or control from April 14, 2022 onward that he is able to locate following a reasonable search. Defendant will

not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendant is in the process of collecting documents for review and is not presently withholding any responsive documents that he has identified subject to these objections. Defendant will supplement this response if he identifies and withholds any responsive documents.

**REQUEST FOR PRODUCTION NO. 11**: All communications with appointed or elected public officials, candidates for public office, candidate campaign committees, political party committees, PACs, 501(c)(4) groups, and any other political actors or political operatives.

**OBJECTIONS**: Defendant objects to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll communications" with a staggering number of potential individuals on unspecified topics immaterial and unrelated to the claims or defenses at issue in this case. Moreover, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendant also objects to this Request to the extent it seeks sensitive communications that are protected by the First Amendment privilege, the production of which would chill Defendant's exercise of his First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other

applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendant also objects to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendant further objects to this Request to the extent it seeks information outside of Defendant's possession, custody, or control.

**RESPONSES**: Based on the foregoing objections, Defendant will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 12**: All IRS Form 990s for Media Matters, regardless of time period, since the founding of Media Matters.

**OBJECTIONS**: Defendant objects to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll IRS Form 990s for Media Matters" since the organization's founding twenty years ago, with no indication of why this information would be material or related to the claims or defenses at issue in this case. Indeed, the Platform was not founded until 2006, two years *after* Media Matters was founded. Defendant also objects to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment privilege, the production of which would chill Defendant's exercise of his First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also*, *Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendant further objects to this Request to the extent it seeks documents or

communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendant also objects to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendant further objects to this Request because Media Matters, not Mr. Carusone, is the proper Defendant for this Request.

**RESPONSES**: Subject to, and without waiving these objections, Defendant Media Matters stated that it will produce on a rolling basis only publicly available versions of its Form 990 tax returns in response to Plaintiff's First Set of Requests for Production to Defendants Media Matters and Eric Hananoki. Defendant does not have any additional public Form 990 tax returns to produce that will not be covered by Media Matters's production.

**REQUEST FOR PRODUCTION NO. 13**: All annual financial statements for Media Matters, regardless of time period, since the founding of Media Matters.

**OBJECTIONS**: Defendant objects to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll annual financial statements for Media Matters" since the organization's founding twenty years ago, with no indication of why this information would be material or related to the claims or defenses at issue in this case. Indeed, the Platform was not founded until 2006, two years *after* Media Matters was founded. Defendant also objects to this Request to the extent it seeks disclosure of sensitive

financial information protected by the First Amendment privilege, the production of which would chill Defendant's exercise of his First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also*, *Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.  Defendant also objects to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Based on the foregoing objections, Defendant will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 14**: All Your bank statements and all documents sufficient to show Your financial condition during the time period.

**OBJECTIONS**: Defendant objects to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll bank statements and all documents sufficient to show [Defendant's] financial condition," with no indication of why this information would be material or related to the claims or defenses at issue in this case. Moreover, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over

the Platform. Defendant also objects to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment privilege, the production of which would chill Defendant's exercise of his First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also*, *Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Based on the foregoing objections, Defendant will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 15**: All materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation of any kind whatsoever that You may currently owe, that You may owe in the future, or that You have owed during the time period, including but not limited to any monetary judgment in this matter.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation *of any kind whatsoever*" even where the information would be immaterial or unrelated to the claims or defenses at issue in this case. Moreover,

Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendant also objects to this Request to the extent it seeks disclosure of sensitive financial information and associations protected by the First Amendment privilege, the production of which would chill Defendant's exercise of his First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also*, *Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendant further objects to this Request to the extent that it seeks materials outside of Defendant's possession, custody, or control.

        **RESPONSES**: Subject to, and without waiving these objections, Defendant directs Plaintiff to Section IV of Defendants' Initial Disclosures, served to counsel on March 8, 2024 via email, and any subsequent revisions to Defendants' Initial Disclosures, which, pursuant to Federal Rule of Civil Procedure 26 (a)(1)(A)(iv), lists "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in th[is] action or to indemnify or reimburse for payments made to satisfy the judgment [in this litigation]." Defendant will produce any related documents as required by Federal Rule of Civil Procedure 34. Defendant is in the process of collecting documents for review and is not presently withholding any responsive documents that he has identified subject to these objections. Defendant will supplement this response if he identifies and withholds any responsive documents.

**REQUEST FOR PRODUCTION NO. 16**: Documents sufficient to show Your expenses and the identity of the recipients of such expenditures, including but not limited to expenses on salaries, travel, equipment, real property, solicitation of donations, and any other expenses whatsoever.

**OBJECTIONS**: Defendant objects to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires producing a high-volume of sensitive financial information—including a limitless amount of unrestricted "expenses"—that are immaterial or unrelated to the claims or defenses at issue in this case. Moreover, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendant also objects to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment privilege, the production of which would chill Defendant's exercise of his First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also*, *Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Based on the foregoing objections, Defendant will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 17**: Documents sufficient to show the identity of all Your donors or any others who provide financial support of any kind, their residence, the time and place of their donation or provision of financial support, and the amount of their donations or other financial support.

OBJECTIONS: Defendant objects to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request seeks a high-volume of sensitive financial information "of any kind" that is immaterial or unrelated to the claims or defenses at issue in this case. Moreover, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendant also objects to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendant's exercise of his First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. at 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.  Defendant also objects to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more

convenient, less burdensome, or less expensive. Defendant further objects because he does not receive any personal donations or have any "donors."

      **RESPONSES**: Based on the foregoing objections, Defendant will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 18**: Any document or communication reflecting Your attempts to solicit donations or financial support of any kind, including but not limited to any discussions with any donors or any others who provided, considered providing, or were asked to provide financial support of any kind.

      **OBJECTIONS**: Defendant objects to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request seeks a high-volume of sensitive financial information of "any kind" that is immaterial or unrelated to the claims or defenses at issue in this case. Moreover, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendant also objects to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendant's exercise of his First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also*, *Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine,

cpf lqt"cp{"qyj gt"cr r nkecdng"rtkxknrgi g"qt"uj kgnf"ncy ."cpf lqt"eqpukwwg"vtkcn'rtgr ctcvkqp"o cvgtkcn'
y kj kp"vj g"o gcpkpi "qh'Twg"480"F ghgpf cpv'cnuq'qdlgevu"vq'vj ku'Tgs wguv"vq"vj g'gz vgpv'vj cv'kv'uggmu"
r wdnken{"cxcknrcdng"f qewo gpw'cpf lqt"f qewo gpw'vj cv'ctg'qyj gty ug'cxcknrcdng"vq"Rnckpvkhh'uwej "vj cv'
tgur qpukxg"o cvgtkcn"o c{"dg"qdvckpgf"htqo " cpqyj gt" uqwteg" vj cv' ku"o qtg" eqpxgpkgpv."rguu"
dwtf gpuqo g."qr"rguu"gzr gpukxg0'F ghgpf cpv'hwtvj gt'qdlgevu"vq'vj ku"Tgs wguv"vq'vj g'gz vgpv'kv'uggmu"
o cvgtkcnu"qwukf g"qh'F ghgpf cpw'r quuguukqp."ewuvqf {."qt'eqpvtqn0"

**TGURQPUG:** Dcugf "qp"vj g"hqtgi qkpi "qdlgevkqpu."F ghgpf cpv'y knl'pqv'rtqf weg"f qewo gpw"
kp"tgur qpug"vq"vj ku"Tgs wguv'cv'vj ku'vko g0"

**TGS WGUV 'HQT 'RTQF WEVKQP 'P Q03:** F qewo gpw'uwhhkekgpv'vq'kf gpvkh{ "vj g'tgekr kgpw'qh'cp{ "
eqo o wpkecvkqp'qt'gio ckn'wrf cvgu.'ŏCevkqp'Wrf cvgu.ŏ'qt'ŏY ggm'"Wrf cvguŏ'ugpv'qw'xkc"cp{ "gio ckn'
nkuv'vj cv'[ qw'o ckpvckp."cu'y gm'cu'cp{ "kphqrm cvkqp"tgncvgf "vq'vj qug'tgekr kgpw'ô'nqecvkqpu."kpenwfkpi "
dw'pqv'nko kgf "vq'cp{ "ugrh'tgr qrvgf "nqcevkqp"f cvc'cpf "vj gkr"RR'cf f tguugu0'

**QDLGEVKQP U:** F ghgpf cpv'qdlgew"vq"vj ku'Tgs wguv'cu'dgkpi "qxgtn{ "dtqcf ."pqv'rtcuqpcdn{ "
r ctvkewrtk{ gf ."wpf wn{ "dwtf gpuqo g."cpf "f kur tqr rtvkqpcvg"vq"vj g"pggf u'qh'vj ku'ecug."kpenwfkpi "vq"vj g"
gz vgpv'kv'uggmu"f qewo gpw'pqv'tgrgxcpv'vq'cp{ "enckm "qt"f ghgpug"cuugtvgf "kp"vj ku'nkki cvkqp0'Kpf ggf ."
Rnckpvkhh'uhu'Tgs wguv'uggmu"f qewo gpw'f cvkpi "dcem'vq'Crtkn'36.'4243.'o qtg'vj cp"y q'{cpf "c'j cnh'{gctu'
dghqtg'vj g'ej cmgpi gf "cr ctvenkj'y cu'r wdnkuj gf "cpf "c"{ gct"dghqtg'Gnqp'O wum'qqm'qxgt"vj g'Rnchqrm 0'
F ghgpf cpv'cnuq'qdlgevu"vq'vj ku'Tgs wguv'vq'vj g'gz vgpv'kv'uggmu'f kuenquwtg"qh'cuuqekcvkqpcn'kphqro cvkqp"
r tqvgevgf "d{ "vj g'Hktuv'Co gpf o gpv'r tkxknrgi g."vj g'r rtqf wevkqp'qh'y j kej "y qwf "ej knl'F ghgpf cpv'u"
gz gtekug"qh'j ku'Hktuv'Co gpf o gpv'ur ggej "cpf " cuuqekcvkqpcn'rtki j w0' Ugg." g0 0" Co gtkecpu'hqt "
Rtqur gtk{'Hqwpf 0 "363" U00'E v00'cv'45: 76: 8*Pcwrl'Cuuqp'hqt "Cf xcvgo gpv'qh'Eqnqrgf "Rgqr rtg."579"
W00'cv'682=*ugg'cnuq.'Y j qrg'Y o cpdw'J gcnj ."; 8'H5f "cv'594=*Rgttf{."; 3'H5f "cv'33820'F ghgpf cpw"

further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Subject to, and without waiving these objections, Defendant will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that he is able to locate following a reasonable search. Defendant is in the process of collecting documents for review and is not presently withholding any responsive documents that they have identified subject to these objections. Defendant will supplement this response if he identifies and withholds any responsive documents.

**REQUEST FOR PRODUCTION NO. 20**: Documents sufficient to show Media Matters' organizational structure, including Board membership, leadership structure, and that of any affiliated or related entities.

**OBJECTIONS**: Defendant objects to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendant also objects to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Moreover, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform.

**RESPONSES**: Subject to, and without waiving these objections, Defendant will produce on a rolling basis any responsive, nonprivileged documents in his possession, custody, or control from April 14, 2022 onward that he is able to locate following a reasonable search. Defendant is in the process of collecting documents for review and is not presently withholding any responsive documents that he has identified subject to these objections. Defendant will supplement this response if he identifies and withholds any responsive documents.

**REQUEST FOR PRODUCTION NO. 21**: All documents and communications regarding Your sources of funding for research, investigation, reporting, publication, or any other work related to X, the Platform, Elon Musk, or Linda Yaccarino.

**OBJECTIONS**: Defendant objects to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" that in any way mention sources of funding related to X, the Platform, Elon Musk, or Linda Yaccarino, even where not reasonably related to the issues in dispute in this case. Moreover, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendant also objects to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendant's exercise of his First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also*, *Whole Woman's Health*, 896

F.3d at 372; *Perry*, 591 F.3d at 1160. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.  Defendant also objects to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Based on the foregoing objections, Defendant will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 22**: All documents concerning, and communications with, any third-party public relations, advertising, marketing, communications, or similar firm that You have contracted with, or that you have contacted in any capacity about the November 16, 2023 Article.

**OBJECTIONS**: Defendant objects to this Request to the extent it seeks disclosure of sensitive associational information protected by the First Amendment privilege, the production of which would chill Defendant's exercise of his First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also*, *Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to the term "similar firm" as vague.

**RESPONSES**: Subject to, and without waiving these objections, Defendant will produce on a rolling basis any responsive, nonprivileged documents in his possession, custody, or control that he is able to locate following a reasonable search. Defendant is in the process of collecting documents for review and is not presently withholding any responsive documents that he has identified subject to these objections. Defendant will supplement this response if he identifies and withholds any responsive documents.

**REQUEST FOR PRODUCTION NO. 23**: All documents and communications related to or reflecting any travel by Eric Hananoki from October 20, 2023, to December 15, 2023.

**OBJECTIONS**: Defendant objects to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications related to or reflecting *any* travel" by Mr. Hananoki during the specified time period, even where not reasonably related to the issues in dispute in this case. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendant also objects because Mr. Eric Hananoki, not Mr. Carusone, is the proper Defendant for this Request.

**RESPONSES**: Based on the foregoing objections, Defendant will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 24**: All of Your calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments from October 20, 2023, to December 15, 2023.

      **OBJECTIONS**: Defendant objects to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments" during the specified time period, even where not reasonably related to the issues in dispute in this case. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

      **RESPONSES**: Subject to, and without waiving these objections, Defendant will produce on a rolling basis any responsive, nonprivileged documents in his possession, custody, or control that he is able to locate following a reasonable search. Defendant is in the process of collecting documents for review and is not presently withholding any responsive documents that he has identified subject to these objections. Defendant will supplement his response if he identifies and withholds any responsive documents.

**REQUEST FOR PRODUCTION NO. 25**: All documents and communications related to or reflecting Your involvement in or knowledge of X and any related entities, individuals, and platforms.

**OBJECTIONS**: Defendant objects to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Moreover, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendant also objects to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendant also objects to this Request to the extent it seeks materials outside of Defendant's possession, custody, or control. Defendant further objects to this Request as duplicative of and/or cumulative of Discovery Requests Nos. 5 and 8.

**RESPONSES**: Subject to, and without waiving these objections, Defendant will produce on a rolling basis any responsive, nonprivileged documents in his possession, custody, or control from April 14, 2022 onward that he is able to locate following a reasonable search. Defendant will not search for or produce materials outside of Defendant's possession, custody, or control. Defendant is in the process of collecting documents for review and is not presently withholding

107

any responsive documents that he has identified subject to these objections. Defendant will supplement this response if he identifies and withholds any responsive documents.

**REQUEST FOR PRODUCTION NO. 26**: All documents and communications related to or reflecting Media Matters' Board's involvement in or knowledge of X and any related entities, individuals, and platforms.

     **OBJECTIONS**: Defendant objects to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Moreover, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

     **RESPONSES**: Subject to, and without waiving these objections, Defendant will produce on a rolling basis any responsive, nonprivileged documents in his possession, custody, or control from April 14, 2022 onward that he is able to locate following a reasonable search. Defendant is in the process of collecting documents for review and is not presently withholding any responsive

documents that he has identified subject to these objections. Defendant will supplement this response if he identifies and withholds any responsive documents.

**REQUEST FOR PRODUCTION NO. 27**: All documents and communications related to or reflecting Media Matters' donors' involvement in or knowledge of X and any related entities, individuals, and platforms.

   **OBJECTIONS**: Defendant objects to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Moreover, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendant also objects to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendant's exercise of his First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also*, *Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or

constitute trial preparation material within the meaning of Rule 26. Defendant also objects to this Request to the extent it seeks materials outside of Defendant's possession, custody, or control.

**RESPONSES**: Subject to, and without waiving these objections, Defendant will produce on a rolling basis, any responsive, nonprivileged documents in his possession, custody, or control from April 14, 2022 onward that he is able to locate following a reasonable search. Defendant will not search for or produce materials outside of Defendant's possession, custody, or control. Defendant is in the process of collecting documents for review and is not presently withholding any responsive documents that he has identified subject to these objections. Defendant will supplement this response if he identifies and withholds any responsive documents.


**REQUEST FOR PRODUCTION NO. 28**: All documents and communications related to or reflecting Media Matters' employees' involvement in or knowledge of X and any related entities, individuals, and platforms.

**OBJECTIONS**: Defendant objects to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Moreover, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendant further objects to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's

privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendant further objects to this Request as duplicative of and/or cumulative of Discovery Requests Nos. 5, 8, and 25.

**RESPONSES**: Subject to, and without waiving these objections, Defendant will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendant is in the process of collecting documents for review and is not presently withholding any responsive documents that he has identified subject to these objections. Defendant will supplement this response if he identifies and withholds any responsive documents.

**REQUEST FOR PRODUCTION NO. 29**: All documents and communications related to or reflecting Media Matters' advertisers' and agencies' involvement in or knowledge of X and any related entities, individuals, and platforms.

**OBJECTIONS**: Defendant objects to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Moreover, Plaintiff's Request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendant further objects to this Request to the extent it seeks

documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.  Defendant further objects to this Request to the extent that it seeks materials not within Defendant's possession, custody, or control.

**RESPONSES**: Subject to, and without waiving these objections, Defendant does not possess any documents that are responsive to this Request because Media Matters does not have any advertisers or agencies.

**GIBSON, DUNN & CRUTCHER LLP**
Andrew LeGrand (TX 24070132)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
T: (214) 698-3100
F: (214) 571-2960
alegrand@gibsondunn.com

Theodore J. Boutrous, Jr.** (CA 132099)
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520
tboutrous@gibsondunn.com

Amer S. Ahmed* (NY 4382040)
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035
aahmed@gibsondunn.com

**ELIAS LAW GROUP LLP**
Abha Khanna* (WA 42612)
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
akhanna@elias.law

Jacob D. Shelly* (DC 90010127)
Daniela Lorenzo* (NY 5780457)
250 Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
T: (202) 968-4490
F: (202) 986-4498
jshelly@elias.law
dlorenzo@elias.law

* Admitted *pro hac vice*
** *Pro hac vice* application forthcoming

*Counsel for Defendants Media Matters for America, Eric Hananoki, and Angelo Carusone*

**CERTIFICATE OF SERVICE**

On April 29, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Andrew LeGrand*

Andrew LeGrand

# Exhibit F

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |
|---|---|
| X CORP., | |
| *Plaintiff*, | |
| v. | Civil Action No. 4:23-cv-01175-O |
| MEDIA MATTERS FOR AMERICA, *et al.*, | |
| *Defendants*. | |

**DEFENDANTS MEDIA MATTERS FOR AMERICA, ERIC HANANOKI, AND ANGELO CARUSONE'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

Defendants Media Matters for America ("Media Matters"), Mr. Eric Hananoki, and Mr. Angelo Carusone, through their undersigned counsel, submit these responses and objections to Plaintiff X Corp.'s Second Set of Requests for Production ("Discovery Requests" or "Requests").

**PRELIMINARY STATEMENT**

The responses set forth herein are based on the information and documents reasonably available to Defendants at this time, but discovery in this matter, including Defendants' investigation into the issues raised in this lawsuit and documents responsive to Plaintiff's Discovery Requests, is still ongoing. Defendants reserve their right to alter, supplement, amend, correct, clarify, or otherwise modify these responses and objections, to assert additional objections or privileges in any subsequent supplemental response(s), or to move for a Court order if deemed appropriate.

115

By making the accompanying responses and objections to Plaintiff's Discovery Requests, Defendants do not waive, and hereby expressly reserve, their right to assert all objections as to the admissibility of such responses and documents into evidence in this action, or in any other proceedings.

Produced materials will adhere to formal ESI protocol, privilege material agreement, and any protective order agreed to by Counsel for Plaintiff and Defendants and entered by the Court, and will be produced on a rolling basis. Moreover, Defendants maintain that this Court has no personal jurisdiction over Media Matters, Eric Hananoki, or Angelo Carusone, and that the Northern District of Texas is not the proper venue for this dispute. *See* Defendants' Brief in Support of their Motion to Dismiss, ECF 41 at Sections I and II; Defendants' Reply in Support of their Motion to Dismiss, ECF 51 at Sections I and II. Defendants provide these responses and objections subject to and without waiving any of their arguments for dismissal.

## RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR PRODUCTION NO. 30**: All versions of the November 17, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

**OBJECTIONS**: The Request does not define the term "notes," and Defendants interpret the term as used here consistent with its ordinary meaning to ask for written records created in the process of reporting, writing, and publishing the November 17, 2023 Article. To the extent Plaintiff means something else by the term, Defendants object to this Request as vague and ambiguous. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege or reporter's privilege, including notes and communications that divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose

116

the identity of persons who have imparted information . . . in confidence"); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (recognizing "the close nexus between the freedoms of speech and assembly" protected party from disclosure of associational documents). Defendants also object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 31**: All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 17, 2023 Article.

**OBJECTIONS**: The Request does not define the term "Platform account data," and Defendants interpret the term as used here to ask for usernames of accounts on the X Platform relied on, referenced, created, or considered in investigating, working on, writing, publishing, and disseminating the referenced article. To the extent Plaintiff means something else by the term, Defendants object to this Request as vague and ambiguous. Defendants further object to this Request because it seeks sensitive information protected by the First Amendment privilege and reporter's privilege, including by asking Defendants to divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose the identity of persons who have imparted information . . . in confidence."); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (recognizing "the close nexus between the freedoms of speech and assembly" protected party from disclosure of associational documents). Defendants also object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to the extent that this Request seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive, such as information about accounts on X or sources and links embedded within the November 17, 2023 article.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that

they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 32**: All documents and communications related to the November 17, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 17, 2023 Article.

**OBJECTIONS**: Defendants object to this Request because it seeks information such as confidential communications with donors and strategic partners that are squarely protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2385–86 (2021); *Nat'l Ass'n for Advancement of Colored People*, 357 U.S.  at 460; *see also Whole Woman's Health v. Smith*, 896 F.3d 362, 372 (5th Cir. 2018), as revised (July 17, 2018); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010). Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources

119

for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 33**: All audio and video recordings of You discussing or referencing in any way the November 17, 2023 Article, including but not limited to documents reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

      **OBJECTIONS**: Defendants object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request because it seeks materials "in the possession, custody, or control of third parties" and therefore not within Defendants' possession, custody, or control.

      **RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendants are in the process of collecting documents for review

and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 34**: All materials regarding or communications with You or any other Media Matters employee, contractor, or agent mentioning or regarding in any way this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

     **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll materials regarding or communications" that in any way mention this Matter, X, Twitter, the Platform, Elon Musk, or Linda Yaccarino, even where not reasonably related to the issues in dispute in this case. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. For example, Plaintiff seeks communications and documents related to "this Matter," which could conceivably include privileged conversations with counsel and work product created for the purpose of litigation. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are

121

otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Requests Nos. 4, 5, 6, 25, and 33.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 35**: All materials regarding or communications with any donor or potential donor to Media Matters mentioning or regarding in any way this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and

associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.  Defendants object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants also object to this request to the extent it seeks materials outside of Defendants' possession, custody, or control. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Request Nos. 18 and 21.

       **RESPONSE**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

       **REQUEST FOR PRODUCTION NO. 36**: All materials, including but not limited to notes, transcripts, or recordings, whether published, broadcast, or otherwise, or all media or public appearances made by You wherein You discussed or mentioned this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

       **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For

example, this Request impermissibly requires blanket production of "[a]ll materials" related to any public appearances that in any way mention this Matter, X, Twitter, the Platform, Elon Musk, or Linda Yaccarino, even where not reasonably related to the issues in dispute in this case. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. For example, Plaintiff seeks communications and documents related to "this Matter," which could conceivably include privileged conversations with counsel and work product created for the purpose of litigation. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Requests Nos. 4, 5, 6, 25, 33, and 34.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 37**: All materials regarding or communications with Eric Hananoki.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll materials regarding or communications with Eric Hananoki," even where not reasonably related to the issues in dispute in this case. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before Mr. Hananoki's challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Requests Nos 1, 2, 3, 4, 5, 6, 7, 9, 10, 14, 15, 16,17, 18, 19, 20, 21, 22, 23, 24, 25, 28, 30, 31, 32, 33, 34, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46, and 47.

**RESPONSE**: Many of documents Defendants produce in response to other Requests will be responsive to this Request as well, as noted above. Based on the foregoing objections, however, Defendants will not conduct a separate search or create separate productions for this Request at this time.

**REQUEST FOR PRODUCTION NO. 38**: All materials regarding or communications with Matt Gertz.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll materials regarding or communications with Matt Gertz," even where not reasonably related to the issues in dispute in this case. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before Mr. Hananoki's challenged article was published and a year before Elon Musk took over the Platform. And Mr. Gertz was not involved in the researching or drafting of the challenged article. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Request Nos. 5, 6, 7, 20, 28, 34, 36, 39, 41, 42, 44, and 45.

**RESPONSE**: Many of documents Defendants produce in response to other Requests will be responsive to this Request as well, as noted above. Based on the foregoing objections, however,

Defendants will not conduct a separate search or create separate productions for this Request at this time.

**REQUEST FOR PRODUCTION NO. 39**: All materials reflecting or regarding any policies, practices, procedures, codes of conduct, ethical standards, or other guidelines for appropriate investigation and reporting for Media Matters' articles, including but not limited to policies concerning fact-checking, defamation, and contacting sources or subjects of articles.

      **OBJECTIONS**: Defendants object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform.

      **RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis, any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 40**: All materials and communications regarding the X account(s) used in creating the November 16, 2023 Article or the November 17, 2023 Article,

127

including but not limited to any emails from the Platform (including automatic or system-generated emails).

      **OBJECTIONS**: Defendants object to this Request because it seeks sensitive information protected by the First Amendment privilege and reporter's privilege, including by asking Defendants to divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose the identity of persons who have imparted information . . . in confidence."); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (recognizing "the close nexus between the freedoms of speech and assembly" protected party from disclosure of associational documents). Defendants also object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to the extent that this Request seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Request Nos. 2, 10, and 31.

      **RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis, any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding

any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 41**: All materials and communications with or regarding any X account or X advertiser appearing the [sic] November 16, 2023 Article or the November 17, 2023 Article.

OBJECTIONS: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll materials and communications" to a broad range of individuals and entities even where not reasonably related to the issues in dispute in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.  Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Request Nos. 2, 3, 7, 8, 10, 22, 31, 32, and 42.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 42**: All materials regarding or communications with any individual or entity named in the November 16, 2023 Article, the November 17, 2023 Article, and any subsequent coverage, including communications with any entity's board of directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act on behalf of any such entity.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll materials regarding or communications with" a broad range of individuals and entities even where not reasonably related to the issues in dispute in this case. Plaintiff also seeks documents on "any subsequent coverage," which is unduly broad and impermissibly seeks every article MMFA has written or published since November 16, 2023 and subsequent to Plaintiff filing its Complaint. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the

Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Request Nos. 2, 3, 7, 8, 10, 22, 31, 32, and 41.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants will not search for or produce materials related to "any subsequent coverage" as this is beyond the scope of what is being litigated in this case. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 43**: All materials regarding or communications with any sources for the November 16, 2023 Article, the November 17, 2023 Article, and any subsequent coverage.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll materials regarding or communications with any source" even where not reasonably related to the issues in dispute in this case. Plaintiff also seeks documents on "any subsequent coverage," which is unduly broad and impermissibly seeks every article MMFA has written or published since November 16, 2023 and subsequent to Plaintiff filing its Complaint. Defendants object to this Request because it seeks sensitive information protected by the First Amendment privilege and reporter's privilege, including by asking Defendants to divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose the identity of persons who have imparted information . . . in confidence."). Defendants also object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Request Nos. 2, 3, 31, and 32.

**RESPONSE**:  Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 44**: Documents sufficient to show the identity of the author of and every contributor to articles that are attributed to "Media Matters Staff" or that are unattributed referring to this Matter, Elon Musk, Linda Yaccarino, X, Twitter, the November 16,

2023 Article, the November 17, 2023 Article, or the Platform, including misinformation, brand safety, ad pairing, anti-Semitism, racism, Nazis or Nazi ideology and content, white nationalism, white supremacism, or the "alt-right" on the Platform.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of a broad set of materials related to articles about Elon Musk, Linda Yaccarino, X, Twitter, the Platform, and a broad range of topics even where not reasonably related to the issues in dispute in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object because this information can be requested via less burdensome measures, like an interrogatory.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 45**: All materials or communications that reference in any way this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform, and use any of the following terms or any variant of any of the following terms: Hitler, Nazi, racist, racism, alt-right, antisemite, antisemitism, anti-Semite, anti-Semitism, red line, replacement theory, white supremacy, white nationalism, white pride, Pepe, frog Twitter, the Holocaust, bigotry, hate, hatred, hateful speech, Charlottesville, tiki torch, January 6, January 6th, Jan. 6, Jan. 6th, 1/6, J6, minorities, hordes, jew, jewish, Israel, Israeli, IDF, Israeli Defense Force, Palestine, Palestinian, "from the river to the sea," October 7, 10/7, jihad, day of jihad, Hamas, Gaza, Islam, Islamic, Palestinian Islamic Jihad, PIJ, Islamophobia, Zionism, Zionist, Zion, blue chip, brand, free speech, First Amendment, Texas, Fort Worth, Dallas, Austin.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll materials or communications that reference in any way" a broad range of individuals, entities, and topics, even where not reasonably related to the issues in dispute in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.   For example, Plaintiff seeks communications and

documents related to "this Matter," which could conceivably include privileged conversations with counsel and work product created for the purpose of litigation. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Request Nos. 5, 34, 35, and 36.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 46**: All materials reflecting or relating to any reports, accusations, files, notes, personnel records, complaints, mediations, arbitrations, lawsuits (including potential or threatened lawsuits that were never filed), or investigations involving allegations that You took adverse employment actions or otherwise discriminated against or took any action against another person or persons on the basis of a protected class, including but not limited to race, color, national origin, religion, sex, sexual orientation, language status, or pregnancy status.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the

extent it seeks documents not relevant to any claim or defense asserted in this litigation. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSE**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 47**: All materials reflecting or relating to any reports, accusations, files, notes, personnel records, complaints, mediations, arbitrations, lawsuits (including potential or threatened lawsuits that were never filed), or investigations involving allegations against You regarding business disparagement, defamation, or libel.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSE**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**GIBSON, DUNN & CRUTCHER LLP**
Andrew LeGrand (TX 24070132)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
T: (214) 698-3100
F: (214) 571-2960
alegrand@gibsondunn.com

Theodore J. Boutrous, Jr.** (CA 132099)
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520
tboutrous@gibsondunn.com

Amer S. Ahmed* (NY 4382040)
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035
aahmed@gibsondunn.com

**ELIAS LAW GROUP LLP**
Abha Khanna* (WA 42612)
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
akhanna@elias.law

Jacob D. Shelly* (DC 90010127)
Daniela Lorenzo* (NY 5780457)
250 Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
T: (202) 968-4490
F: (202) 986-4498
jshelly@elias.law
dlorenzo@elias.law

\* Admitted *pro hac vice*
\*\* *Pro hac vice* application forthcoming

*Counsel for Defendants Media Matters for America, Eric Hananoki, and Angelo Carusone*

**CERTIFICATE OF SERVICE**

On April 29, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Andrew LeGrand*

Andrew LeGrand

# Exhibit G

| From: | Ahmed, Amer S. |
|-------|----------------|
| To: | Alex Dvorscak; Abha Khanna |
| Cc: | LeGrand, Andrew; Boutrous Jr., Theodore J.; Elena Rodriguez Armenta; Champion, Anne; Omeed Alerasool; Jacob Shelly; Chris Dodge; Daniela Lorenzo; Aria Branch; Vidyarthi, Apratim; Ogale, Arjun; Chris Hilton; Judd E. Stone, II; Ari Cuenin; Bonnie Chester; Cody Coll; john.sullivan@the-sl-lawfirm.com; Tom Albright; Michael Abrams |
| Subject: | RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery? |
| Date: | Thursday, May 23, 2024 3:06:26 PM |

Alex,

On the contrary, as the final sentence of my email made clear, we strongly feel court intervention is premature at this stage and think it would be quite useful to continue to confer because we have not exhausted all of our avenues for discussion. As I noted in my email, Plaintiff has continuously refused to provide us with any case law supporting its position and refuses to engage in any discussions about tailoring its requests to the needs of this case. This has made it impossible for us to meaningfully confer and resolve any lingering disagreements. We would welcome such a good-faith exchange of legal authority. The parties have also not "come to terms on a mutually acceptable protocol for the handling of privileged material" nor have any documents been withheld from production on any grounds. We and the parties should continue to engage in good faith discussions to resolve the issues without burdening the court's very busy docket with further motion practice.

Kind regards,

Amer

**Amer S. Ahmed**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Alex Dvorscak <alex@stonehilton.com>
**Sent:** Thursday, May 23, 2024 3:48 PM
**To:** Ahmed, Amer S. <AAhmed@gibsondunn.com>; Abha Khanna <akhanna@elias.law>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun <AOgale@gibsondunn.com>; Chris Hilton <chris@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester <Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com;

Tom Albright <tom@stonehilton.com>; Michael Abrams <michael@stonehilton.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

**[WARNING: External Email]**

Hi Amer,

I understand from your email that you do not intend on offering a time for an additional conference. Instead, given the length of our correspondence and conferences, I assume you agree with my suggestion that the parties have already exhausted the potential for compromise and need the Court's guidance to resolve these issues.

I will note your opposition in the certificate of conference to our motion.

Best,
-Alex
STONE | HILTON PLLC
alex@stonehilton.com | (518) 772-8657

---

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Thursday, May 23, 2024 1:36 PM
**To:** Alex Dvorscak <alex@stonehilton.com>; Abha Khanna <akhanna@elias.law>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun <AOgale@gibsondunn.com>; Chris Hilton <chris@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester <Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Tom Albright <tom@stonehilton.com>; Michael Abrams <michael@stonehilton.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Hello Alex,

It is regrettable that your email mischaracterizes the parties' discussions and misstates the record.

First, in both my April 26 and May 2 correspondence—and during our May 1 meet and confer—we asked whether X is aware of any cases that contradict our assertions of privilege. You have yet to provide any. We have no way to deliberate over the scope of our disagreement (let alone reconsider any objections, if necessary) if you are unable to identify any contrary legal authority. Indeed, it would contradict the purpose of a meet-and-confer if our very first opportunity to review any cases you have in mind is in response to a motion to compel.

In contrast to your reticence, my April 26 email identified three illustrative cases in response to your request for caselaw supporting our position that the invocation of First Amendment privileges is not barred in discovery disputes between private parties for want of state action. (This list supplemented three other cases, including the Ninth Circuit's decision in *Perry v. Schwarzenegger*, that I identified in my April 12 email.) Regardless of how the particular fact-bound discovery dispute in *Gueye v. Mike Bloomberg 2020, Inc.*, was resolved, *Gueye* was a N.D. Tex. case involving a discovery dispute between private parties that applied First Amendment principles derived from *Perry* and was adjudicated without any mention of the state action concerns that you have raised. Do you disagree? And do you have any other basis for Mr. Hilton's uncited assertion on April 24 that "the law in the Fifth Circuit on this issue is significantly different"?

Second, you know from your participation in the May 1 conferral that Defendants have *never* indicated that they "do not intend to complete document production during the Court's discovery period." That misrepresentation is especially striking given that the conferral concluded with multiple counsel for Defendants correcting Mr. Hilton's assertion that Defendants intend to shirk their discovery obligations. We explained that a large team of attorneys is reviewing documents virtually around the clock, but—because of the extraordinary breadth of X's requests, and X's refusal to narrow the scope of any of these requests during our conferrals—we cannot guarantee when the production will be completed. (Nor have our productions to date been "small." We have adhered to the rolling biweekly production schedule that we previously indicated and have already produced nearly 5,000 pages of documents and over 100 video files. More will be forthcoming on Tuesday.) The best way for X to ensure an expeditious conclusion to document production would be to limit its requests to non-privileged information relevant to the claims and defenses at issue in this case, as the Federal Rules' proportionality standard requires.

Third, your request for a ruling on our assertions of privilege before we have logged the withholding of a single document is premature. *See, e.g.*, *United States ex rel. Eichner v. Ocwen Loan Servicing, LLC*, No. 4:19-CV-524, 2024 WL 843900, *7 (E.D. Tex. Feb. 28, 2024) (denying motion to compel as premature where parties had not yet exchanged privilege logs); *Midwest Feeders, Inc. v. Bank of Franklin*, No. 5:14cv78-DCB-MTP, 2015 WL 11117899, *3 (S.D. Miss. Nov. 19, 2015) (same); *Charles v. Texas Lottery Comm'n*, A-06-CA-158 LY, 2006 WL 8445908, *2 n.1 (W.D. Tex. Nov. 1 2006) (noting "as the [Defendant] has not submitted a privilege log to Plaintiff, [] it is therefore not clear that there is presently any dispute regarding the documents claimed to be [privileged]"). Once the parties "come to terms on a mutually acceptable protocol for the handling of privileged material that the parties will memorialize in a proposed court order" (per your RFP instructions), Defendants will produce their privilege log and counsel will be available to confer about any disputes at that time. To be clear, in light of the above, we do not agree that it is "necessary to tee up these disputes for court resolution" because any such rush to court would be entirely premature.

Kind regards,

Amer

142

**Amer S. Ahmed**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Alex Dvorscak <alex@stonehilton.com>
**Sent:** Wednesday, May 22, 2024 1:54 PM
**To:** Ahmed, Amer S. <AAhmed@gibsondunn.com>; Abha Khanna <akhanna@elias.law>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun <AOgale@gibsondunn.com>; Chris Hilton <chris@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester <Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Tom Albright <tom@stonehilton.com>; Michael Abrams <michael@stonehilton.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

[WARNING: External Email]

I noticed an error in my below message—it should read: please propose a time for a conference that can take place before 5:00 p.m. CT tomorrow, **May 23**.

Best,
-Alex
Stone | Hilton pllc
alex@stonehilton.com | (518) 772-8657

---

**From:** Alex Dvorscak
**Sent:** Wednesday, May 22, 2024 12:43 PM
**To:** Ahmed, Amer S. <AAhmed@gibsondunn.com>; Abha Khanna <akhanna@elias.law>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun <AOgale@gibsondunn.com>; Chris Hilton <chris@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester <Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Tom Albright <tom@stonehilton.com>; Michael Abrams <michael@stonehilton.com>

**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Hi Amer,

As we've previously detailed (in our email dated May 2, for example), Defendants have raised a host of inapplicable and invalid objections to X's requests for production that are unsupported by the Federal Rules of Civil Procedure. In addition, although Defendants have made wide-ranging privilege assertions, those assertions lack any support in the caselaw you provided to us on April 26. In fact, some of the cases you cited counsel against the very privilege assertions you have made. *E.g.*, *Gueye v. Mike Bloomberg 2020 Inc.*, 2021 WL 3910341, at *2-*3 (N.D. Tex. Mar. 12, 2021) (Ray, Mag. J.)

At this juncture, it appears to us that Defendants are using these unfounded objections to stymie the timely completion of fact discovery. Indeed, Defendants have represented that they do not intend to complete document production during the Court's discovery period, and from the two small productions Defendants have made so far, we have no reason to expect otherwise absent court intervention.

For these reasons, X believes it is necessary to tee up these disputes for court resolution. We will be filing a motion to compel that requests that the Court overrule Defendants' objections and timely produce all responsive documents in Defendants' possession prior to the close of discovery. Please let us know if you would like to confer again before we file our motion or whether you believe our prior discussions have exhausted the potential for compromise. If you would like to confer, please propose a time for a conference that can take place before 5:00 p.m. CT tomorrow, **May 23**. We will otherwise presume Defendants are opposed and note as such in our motion.

We will get back to you separately regarding the protective order.

Best,
-Alex
STONE | HILTON PLLC
alex@stonehilton.com | (518) 772-8657

---

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Wednesday, May 15, 2024 8:18 PM
**To:** Alex Dvorscak <alex@stonehilton.com>; Abha Khanna <akhanna@elias.law>

**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J.
<TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>;
Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob
Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>;
Aria Branch <abranch@elias.law>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun
<AOgale@gibsondunn.com>; Chris Hilton <chris@stonehilton.com>; Judd E. Stone, II
<judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester
<Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com;
Tom Albright <tom@stonehilton.com>; Michael Abrams <michael@stonehilton.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Alex,

We remain confused as to why you thought it appropriate to ignore wholesale our proposed
protective order edits—without even requesting a meet-and-confer to talk through them—and
unilaterally propose a new protective order. As you know, despite the existence of model protective
orders, parties are free to enter into protective orders that best suit the needs of their particular
litigation and their clients. The standard form includes a lot of language that is not relevant to the
issues being litigated in this case or to the discovery being sought. For example, documents
containing "sensitive trade secret information, or information capable of being utilized for the
preparation or prosecution of a patent application" are unlikely to be at issue. Defendants' proposed
modifications, therefore, omit language within the standard form that is not relevant to the issues
being litigated in this case and instead focuses on documents and disclosures that are pertinent
given the discovery that is already being sought. You took the same approach when it came to the
"model" ESI order.

We are also confused regarding Plaintiff's concern over marking donor information confidential. The
standard order already presumes that financial information will be confidential, and donors are, by
definition, financial contributors. What basis does X have for asserting that the personal identifying
information of non-party donors—the identities of who even the IRS regards as confidential, and
which Defendants maintain are privileged—must not only be produced, but remain presumptively
public in order for X to prosecute its case?

Defendants also do not agree that in-house counsel or an extended list of organizational employees
should get access to confidential or attorneys' eyes-only documents. These individuals would still get
access to the overwhelming majority of discovery exchanged in this case. However, given the well-
documented hostility Plaintiff and its owner have shown towards Defendants, and given the fact that
X is suing MMFA (and has threatened lawsuits) in numerous international jurisdictions with differing
discovery rules, we do not think it appropriate or necessary for individuals within X to get access to
the very limited category of confidential and AEO documents. MMFA, in turn, will not have access to
Plaintiff's most sensitive files. Moreover, if the parties identify an individual who needs access to the
information and who is not already allowed access under the protective order, the parties can
discuss releasing information on a case-by-case basis under paragraph 11(c) of the order. Given the
very limited category of documents that could be marked confidential or AEO and the ability for
parties to negotiate after the fact, we think the revised order will strike a better balance of

145

protecting both parties during discovery while still honoring the open and public nature of our court system.

Attached is the protective order you sent us with our edits and some additional thoughts added on top. Please let us know if you would like to discuss.

Kind regards,

Amer

**Amer S. Ahmed**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Alex Dvorscak <alex@stonehilton.com>
**Sent:** Monday, May 13, 2024 4:13 PM
**To:** Ahmed, Amer S. <AAhmed@gibsondunn.com>; Abha Khanna <akhanna@elias.law>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun <AOgale@gibsondunn.com>; Chris Hilton <chris@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester <Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Tom Albright <tom@stonehilton.com>; Michael Abrams <michael@stonehilton.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

[WARNING: External Email]

Hi Amer,

I'm reattaching the document I sent on Friday, as it is not the form order, but instead contains several proposed revisions in track changes.

Regarding Defendants' previously proposed revisions, we reviewed them and do not agree that it is proper to expand the definition of confidential or attorney's eyes only from the Court's standard order. If you have a basis for including, for example, donor identities under the AEO designation, that was not apparent to us.

Nor did we agree with Defendants' other proposed revisions that would restrict inhouse counsel from participating in the litigation—accordingly, they were not included in this draft. We believe that our revised order will strike the best balance of protection to both parties during discovery while still honoring the open and public nature of our court system.

The revisions we added to the Court's document are only there for three purposes:

> (1) to clarify that this order doesn't affect the presentation of evidence at trial or during depositions (the transcript of which can be marked);
> (2) to allow inhouse counsel for MM and X to view all potential trial exhibits so that they can fully participate in the litigation; and
> (3) to ensure that anyone who drafted/received confidential info is not inadvertently barred from reviewing the confidential info by this order.

I am happy to set up a call to discuss the proposed revisions in more detail.

Best,
-Alex Dvorscak
STONE | HILTON PLLC
alex@stonehilton.com | (518) 772-8657

---

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Monday, May 13, 2024 11:47 AM
**To:** Alex Dvorscak <alex@stonehilton.com>; Abha Khanna <akhanna@elias.law>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun <AOgale@gibsondunn.com>; Chris Hilton <chris@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester <Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Tom Albright <tom@stonehilton.com>; Michael Abrams <michael@stonehilton.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Alex,

While we disagree that the time period needs to be the same given that the discovery needs of the parties are different, we will agree to the original April 14, 2021 date.

Regarding the protective order, we are confused. You all sent us a NDTX proposed order. We then sent back on April 26 a redline proposing our edits (reattached for your convenience). Why are we now receiving a new protective order without any of our markups? Please coordinate with your team and advise.

Kind regards,

Amer

**Amer S. Ahmed**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Alex Dvorscak <alex@stonehilton.com>
**Sent:** Friday, May 10, 2024 12:51 PM
**To:** Ahmed, Amer S. <AAhmed@gibsondunn.com>; Abha Khanna <akhanna@elias.law>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun <AOgale@gibsondunn.com>; Chris Hilton <chris@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester <Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Tom Albright <tom@stonehilton.com>; Michael Abrams <michael@stonehilton.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

[WARNING: External Email]

Hi Amer —

We will confer with our client and get back to you regarding your deposition requests.

Please let us know if you have a position on our suggested compromise of using September 1, 2021 as the cutoff date for responsive documents. I'll note that in your discovery requests you also sought documents dating back to April 14, 2021,

and so would request that any compromise be applied mutually.

I have also attached a proposed protective order that is redlined off the Court's standard form protective order.

Best,
-Alex
STONE | HILTON PLLC
alex@stonehilton.com | (518) 772-8657

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Thursday, May 9, 2024 5:28 PM
**To:** Alex Dvorscak <alex@stonehilton.com>; Abha Khanna <akhanna@elias.law>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J.
<TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>;
Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob
Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>;
Aria Branch <abranch@elias.law>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun
<AOgale@gibsondunn.com>; Chris Hilton <chris@stonehilton.com>; Judd E. Stone, II
<judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester
<Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com;
Tom Albright <tom@stonehilton.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Counsel:

In light of the tight discovery schedule, we thought it prudent to reach out now about
scheduling depositions for various X employees, so that you have plenty of notice. Below is a
list of individuals we intend to depose. Could you please let us know when in the timeframe
June 17-July 25 these individuals are available to sit for depositions?

- Brett Weitz
- Elizabeth Palumbo
- Elon Musk
- Joe Benarroch
- Jonathan Phelps
- Kylie McRoberts
- Linda Yaccarino
- Matt Madrazo
- Monique Pintarelli
- Rob Hayes

- ○ Siddharth Rao
- ○ Yale Cohen

Thanks very much.

Kind regards,

Amer

**Amer S. Ahmed**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Alex Dvorscak <alex@stonehilton.com>
**Sent:** Friday, May 3, 2024 11:46 AM
**To:** Ahmed, Amer S. <AAhmed@gibsondunn.com>; Abha Khanna <akhanna@elias.law>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J.
<TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>;
Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob
Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>;
Aria Branch <abranch@elias.law>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun
<AOgale@gibsondunn.com>; Chris Hilton <chris@stonehilton.com>; Judd E. Stone, II
<judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester
<Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com;
Tom Albright <tom@stonehilton.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

**[WARNING: External Email]**

Hi Amer,

Thanks for your response. While we disagree with your many misstatements and
mischaracterizations of the parties' positions, there's no need to go through that
now. We will respond to those issues if/when needed.

Regarding the open action items on our end:
- We have a response to your number (1) below. As a compromise, we would

accept September 1, 2021 instead of April 14, 2021. Please let us know it that is acceptable.

- I have attached a draft ESI order for your review. Please let me know if y'all agree or have any comments.
- I will also follow up with a proposed protective order shortly.

Best,
-Alex
STONE | HILTON PLLC
alex@stonehilton.com | (518) 772-8657

---

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Thursday, May 2, 2024 7:15 PM
**To:** Alex Dvorscak <alex@stonehilton.com>; Abha Khanna <akhanna@elias.law>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J.
<TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>;
Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob
Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>;
Aria Branch <abranch@elias.law>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun
<AOgale@gibsondunn.com>; Chris Hilton <chris@stonehilton.com>; Judd E. Stone, II
<judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester
<Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com;
Tom Albright <tom@stonehilton.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Alex,

We write to follow-up on pending action items and to respond to some of the points you raise below.

*First*, regarding the production we served on Tuesday, April 30, we can confirm that the documents on the Kiteworks platform are properly loaded and are downloading. The system also indicates that the production was downloaded on your end yesterday afternoon. We assume this means there is nothing further to do on this end. If anyone else from your team needs access to the platform, please let us know.

*Second*, as you noted in your email, during yesterday's call, you indicated that you will 1) propose a new start date for responsive documents that will be closer in time to the events in dispute than your current request for documents created as early as April 14, 2021; 2) confirm with Plaintiff what Platform account data is already in its possession, which may help resolve disputes over requests that seek such data from Defendants; and 3) follow-up with any additional caselaw regarding your position on privilege considerations. We look forward to this information.

*Third*, regarding RFP 23, we can confirm that Mr. Hananoki did not travel to Texas during the time period outlined in RFP 23 for leisure or work. Defendants therefore modify their response to RFP 23 to be (in red):

Subject to, and without waiving these objections, Defendants do not possess any responsive documents because Mr. Hananoki did not conduct any travel from October 20, 2023, to December 15, 2023 undertaken in relation to his research or drafting of the November 16, 2023 article. Mr. Hananoki also did not travel to Texas in any capacity during this time.

We believe this amendment is sufficient to obviate any further dispute on this RFP. Please confirm.

*Fourth*, Defendants take issue with the way you characterize yesterday's meeting. For instance, you write:

"Defendants are limiting their production to a reasonable search based on their chosen search terms and custodians, rather than capturing the entire universe of potentially responsive documents." As we reiterated numerous times yesterday, this description is not accurate. Defendants are running broad searches through the 3.5 Terabytes of data we have collected that capture—to the very best of our ability—all of Plaintiff's requests as written. These searches are **not** limited by Defendants' objections and responses, save for the categories of documents potentially responsive to discrete inappropriate requests where Defendants clearly indicated in written objections/responses that they will not be producing documents at this time. We are also manually reviewing the extensive collection you requested of audio and video files that are not amenable to search terms, which, as you can imagine, is a time-consuming process. We will produce all responsive, non-privileged documents that we identify as part of our search. For privileged documents that we withhold, we will send X a privilege log explaining what was held back and why.

This approach conforms with traditional discovery processes. The only way to capture the universe of potentially responsive documents is a reasonable search based on the scope of the request. Indeed, the only other alternative would be for Defendants to review every single document in their possession, regardless of its relationship to any of Plaintiffs' requests. Therefore, your objection to Defendants conducting a "reasonable" search is confusing, to say the least. We are not aware of any authority requiring parties to perform an *un*reasonable search. If you believe otherwise, please send us the relevant citations.

You also write that "Defendants will not tell X their search terms, custodians, or otherwise describe their search process, but indicated that they might disclose them in response to a specific ROG asking for that information." But Defendants have provided Plaintiff with primary custodian names as a courtesy, and the first time that Plaintiff even brought up search terms was during yesterday's meeting. At no point before then had Plaintiff asked for search terms, proposed search terms, or offered to negotiate search terms. And Plaintiff has not put forth any explanation for why it appears to believe that Defendants are not conducting discovery in good faith such that its choices of custodians or search terms are improper. We remain willing to answer any properly-served discovery

152

requests, but we do not understand that Plaintiff has any right to otherwise insist on collecting more information about Defendants, their employees, or their processes.

We also disagree with Plaintiff's characterization that Defendants "will not estimate the length of time before their production will be completed" or "the contents of any given production before it occurs." Far from withholding this information, we explained that these kinds of questions cannot be answered with any reliability in advance of conducting the necessary review. We explained that most of your requests are broad and overlapping, so this is not the kind of case where we might produce documents in response to each request sequentially. Nor can we predict the total time necessary to review every document in the 3.5 Terabyte database that we have collected, especially given that so many of your requests encroach on privileged materials that will need to be studied, potentially redacted, and logged.

*Finally*, it is clear based on our communications to date that Plaintiff shows a continued unwillingness to engage in good-faith discussions on narrowing Plaintiff's many overbroad, disproportionate, and irrelevant requests. Despite Defendants' demonstrated willingness to confer and revise several of our responses to X's discovery requests in order to resolve disputes without taxing the Court's limited resources, Plaintiff has not engaged in meaningful discussions and has, to date, refused to work with Defendants to modify a single one of Plaintiff's 47 discovery requests in any way. As Defendants have noted time and time again, Defendants remain open to discussing ways to alleviate the burdens of discovery while still meeting the needs of this case. As we discussed yesterday, Plaintiff's desire both for overbroad discovery and an expedited timeline are necessarily in friction, and yet Plaintiff has refused to negotiate on either point.

Kind regards,

Amer

**Amer S. Ahmed**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Alex Dvorscak <alex@stonehilton.com>
**Sent:** Thursday, May 2, 2024 11:49 AM
**To:** Ahmed, Amer S. <AAhmed@gibsondunn.com>; Abha Khanna <akhanna@elias.law>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>;

Aria Branch <abranch@elias.law>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun <AOgale@gibsondunn.com>; Chris Hilton <chris@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester <Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Tom Albright <tom@stonehilton.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

**[WARNING: External Email]**

Hi all,

Thanks for taking the time to meet with us yesterday. I believe our conference helped clarify a lot of the parties' issues. And so, I wanted to quickly summarize our understanding of what was discussed.

1. **General Issues:**
   - Tech issues with first production:
     - Parties will work to connect IT folks to ensure file transfer.
   - ESI Order:
     - X will get y'all a draft ESI order shortly for discussion.
   - Date Limitation:
     - X will propose a compromise date for production that is later than April 2021 but before April 2022.

2. **Specific Requests:**
   - Request for "platform account data:"
     - Disagreement over what this request entails.
     - Defendants stated their position that they do not intend to propose anything X has access to.
     - X disagrees but will look further into this further.
   - RFP 9:
     - Parties disagree on relevance, and this issue will likely require Court resolution.
   - X's Request for Hananoki's travel:
     - Defendants offered to produce documents showing any travel to Texas and work travel.
     - X does not agree to any limitation but requested Defendants amend their responses to reflect that they will at least produce documents related to travel to Texas or travel for work.
   - Reporter's Privilege:

- o Parties disagree on the extent of privilege, and this issue will likely require Court resolution.
- o Defendants will follow up with any additional caselaw of which they are aware.
- RFPs #46 and 47:
  - o Parties disagree on relevance, and this issue will likely require Court resolution.

3. **Defendants' Production:**
   - Custodians and Search terms:
     - o Defendants are limiting their production to a reasonable search based on their chosen search terms and custodians, rather than capturing the entire universe of potentially responsive documents.
     - o Defendants will not tell X their search terms, custodians, or otherwise describe their search process, but indicated that they might disclose them in response to a specific ROG asking for that information.
     - o Defendants are not withholding any documents on a categorical basis except where explicitly stated in their responses.
   - Rolling production:
     - o Defendants have promised to make a rolling production of documents, hopefully on a 2-week basis.
     - o X indicated its concern that all responsive documents will not be produced during the discovery period.
     - o Defendants will not estimate the length of time before their production will be completed.
     - o Defendants will not estimate the contents of any given production before it occurs.
     - o Defendants will provide a cover letter contemporaneous with any production that describes its contents.

Please let me know if there's anything you believe I left out. Otherwise, you can look for a follow up email from us soon with that draft ESI order for discussion.

Best,
-Alex

**Alexander M. Dvorscak**
Attorney
Stone | Hilton pllc
1115 W. Slaughter Ln.
Austin, Texas 78748
alex@stonehilton.com | (518) 772-8657
www.stonehilton.com

CONFIDENTIALITY NOTICE:
This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege and/or the work-product doctrine. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Tuesday, April 30, 2024 7:15 PM
**To:** Chris Hilton <chris@stonehilton.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester <Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Tom Albright <tom@stonehilton.com>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun <AOgale@gibsondunn.com>; Alex Dvorscak <alex@stonehilton.com>
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Sounds good - we'll look out for a calendar invitation and link from you.

**Amer S. Ahmed (he/him)**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

On Apr 29, 2024, at 5:59 PM, Chris Hilton <chris@stonehilton.com> wrote:

[WARNING: External Email]

156

Yes, that works for us. Thanks.

---

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Monday, April 29, 2024 4:37 PM
**To:** Chris Hilton <chris@stonehilton.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester <Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com <john.sullivan@the-sl-lawfirm.com>; Tom Albright <tom@stonehilton.com>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun <AOgale@gibsondunn.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Hi Chris – How does 2pm ET on Wednesday 5/1 work on your end?  Thanks.

**Amer S. Ahmed**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Chris Hilton <chris@stonehilton.com>
**Sent:** Sunday, April 28, 2024 10:31 AM
**To:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester <Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Tom Albright <tom@stonehilton.com>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun <AOgale@gibsondunn.com>
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

[WARNING: External Email]

Thanks for your response, Amer. In light of the Court's order on Friday and the additional information you've provided here, we'd like to meet and confer this week on Tuesday or Wednesday. Please let us know your availability on those days.

Thanks,
Chris

---

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Friday, April 26, 2024 4:09 PM
**To:** Chris Hilton <chris@stonehilton.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester <Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com <john.sullivan@the-sl-lawfirm.com>; Tom Albright <tom@stonehilton.com>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun <AOgale@gibsondunn.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Chris,

Thank you for responding to my email of April 12, 2024, which incorporated proposals for resolving certain discovery issues. As we discussed during our April 9 meet and confer and noted throughout our responses and objections, Plaintiff's 47 requests are largely over-broad, irrelevant, and disproportionate to the needs of this case. Defendants are committed to complying with the Court's scheduling order and, accordingly, remain willing and eager to discuss ways in which Plaintiff may narrow its requests to correspond to the claims being litigated, thus making the document collection and review process more expeditious—to the benefit of all parties.

At the same time, despite their position that the Court lacks jurisdiction to hear Plaintiff's claims, which are meritless in any event, Defendants have been working over the last several weeks to gather and review responsive, relevant documents and plan to begin producing documents in a matter of days, as we have already explained. As a result of Plaintiff's many expansive and intrusive requests, Defendants have collected approximately 3.5 Terabytes of data to date. Processing and reviewing this much data is, understandably, time consuming and labor intensive, and Defendants anticipate needing to continue their document collection and review efforts in the coming weeks

158

to ensure compliance with their discovery obligations. Given the undue burden imposed by these overbroad requests, Defendants update their responses, as noted below, to object to requests for documents created before Mr. Musk purchased Twitter on April 14, 2022. Regarding your question about custodians, the names we have identified are illustrative not exhaustive and we have collected documents from appropriate custodians who were involved in the research, drafting, and editing of the challenged article. If you have concerns about specific individuals that you believe should be custodians, please provide us those names and we can confirm whether they are custodians or, as appropriate, why they are not.

Defendants have also shown their willingness to work with Plaintiff in good faith to resolve discovery disputes by, for example, agreeing to narrow their initial responses and objections to some of Plaintiff's requests, despite Plaintiff's flat-out refusal to discuss narrowing even its broadest requests in return. In the spirit of continuing to work with Plaintiff on a resolution to any discovery disputes, we further agree to modify the following requests for production as follows (additions in red):

**RFP No. 5**: Defendants agree to modify their objections and responses as follows:

1. <u>Request</u>: All documents and communications discussing or mentioning X, the Platform, Elon Musk, or Linda Yaccarino, including but not limited to email updates, "Action Updates," or "Weekly Updates," that were sent out via any email, text, phone, social media, or other distribution list that You maintain.

2. <u>Objections</u>: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" that in any way mention X, the Platform, Elon Musk, or Linda Yaccarino, even where not reasonably related to the issues in dispute in this case. Moreover, Plaintiff's request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

3. <u>Responses</u>: ~~Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.~~ Subject to, and without

<span style="color:red">waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.</span>

**RFP No. 6:**

1. <u>Request</u>: All documents and communications concerning content moderation on the Platform.

2. <u>Objections</u>: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to any content moderation policies on the Platform and is not reasonably limited to materials relevant to the issues in dispute in this case. <span style="color:red">Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform.</span> Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

3. <u>Responses</u>: ~~Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.~~ <span style="color:red">Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.</span>

160

**RFP No. 10**:

1. <u>Request</u>: All posts, comments, direct messages, and any other account data of any kind whatsoever posted by You on the Platform, including but not limited to the @mmfa and @ehananoki accounts and any accounts used in the creation of the November 16, 2023 Article.

2. <u>Objections</u>: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll posts, comments, direct messages, and any other account data of any kind whatsoever" of various accounts, even where the information it seeks is vague, immaterial, or unrelated to the claims or defenses at issue in this case. <span style="color:red">Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform.</span> Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive, including X account information within X Corp.'s possession.

3. <u>Responses</u>: ~~Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.~~ <span style="color:red">Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.</span>

Regarding RFP no. 2, you continue to expand the scope of "Platform account data." Because Plaintiff owns and controls the X platform, please explain why—once Defendants identify the relevant accounts, which we are willing to do—Plaintiff would be unable (despite being better placed) to compile the relevant platform data that it seeks. We appear to have a disagreement over RFP no. 9 but are willing to continue to discuss ways in which we can reach a mutually agreeable resolution. Regarding RFP no.

23, we ask that Plaintiff to explain why any and all travel undertaken by Mr. Hananoki during the identified period (which includes the Thanksgiving holiday period)—even travel unrelated to his work on the challenged article—is relevant to the issues in this case and should be subject to discovery. Better understanding Plaintiff's position on these issues will help us determine how best to respond to Plaintiff's request and avoid a potential dispute.

Plenty of controlling and in-jurisdiction cases have recognized that use of the judicial process (as would be necessary to resolve discovery disputes concerning documents withheld on the ground of First Amendment privilege) represents state action, even in cases between private parties. *See, e.g.*, *Shelley v. Kraemer*, 334 U.S. 1, 14-15 (1948); *Gueye v. Mike Bloomberg 2020 Inc.*, 2021 WL 3910341, at *2 (N.D. Tex. Mar. 12, 2021) (favorably citing *Perry* in adjudicating discovery dispute between private parties); *Mize v. McGraw-Hill, Inc.*, 82 F.R.D. 475 (S.D. Tex. 1979) (recognizing invocation of First Amendment privilege was sufficient to defeat motion to compel in suit between private parties). Given your statement that "the law in the Fifth Circuit is significantly different," please provide any authority rejecting a First Amendment privilege for state action reasons in a discovery dispute between private parties. We are happy to review any such cases and continue this discussion.

Lastly, as promised, attached are our proposed edits to the ND Texas protective order.

We look forward to your responses.

Kind regards,

Amer


**Amer S. Ahmed**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Chris Hilton <chris@stonehilton.com>
**Sent:** Wednesday, April 24, 2024 11:09 AM
**To:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne

<AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob
Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo
<dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Judd E. Stone, II
<judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester
<Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-
lawfirm.com; Tom Albright <tom@stonehilton.com>; Vidyarthi, Apratim
<AVidyarthi@gibsondunn.com>; Ogale, Arjun <AOgale@gibsondunn.com>
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

**[WARNING: External Email]**

Amer,

Thank you for your email.

I appreciate you providing a partial list of custodians. We requested and had been
expecting a full custodian list, not just a selection of primary custodians. We request
that you provide complete information about all your custodians, including their names,
sources collected, and volume of data collected per custodian. Please provide this
information no later than Friday, April 26.

A significant issue that we discussed during our call was the Court's scheduling order.
In particular, I emphasized that Defendants have an obligation to produce documents
and provide discovery under the Court's current schedule, regardless of your belief in
the merits of your arguments. Although we look forward to you actually beginning
production on April 30, that promise alone is not sufficient to address our concerns. I
requested that Defendants explain how meeting the current schedule is possible given
the delays in production thus far. I assume that your failure to address the topic means
that you are not going to provide any additional information on this topic beyond your
bare assurance on our call that you will comply with the Court's deadlines. If you have
any additional information to provide in this regard, please also provide it no later than
Friday, April 26.

In response to the other specific issues we discussed that you touch on in your email:

- We appreciate your modification of your objection to RFP #2. However, we
  believe that your proposal still does not capture all relevant information. In
  particular, we mentioned on the phone that we are also interested in emails or
  other communications from the platform, including automatically generated
  emails and communications. You should collect and produce any data or
  information whatsoever related to any accounts on the Platform that were
  involved in the creation of the November 16, 2023 Article.
- It appears that we have a disagreement with respect to RFP #9.

163

    While we appreciate your modification of your response to RFP #23, we believe that your limited response is unwarranted. All of Mr. Hananoki's travel during that very limited time period is relevant, and you should produce all of the information that we have requested. Accordingly, it appears that we have a disagreement with respect to this request.

- Thank you for the additional authority regarding your First Amendment privilege objections. As you know, the law in the Fifth Circuit on this issue is significantly different. If you have any Fifth Circuit cases that we may have overlooked, please let us know no later than Friday, April 26. Until you bring something else to our attention, it appears that we have a disagreement on this issue.

While we appreciate your following up on those issues, there was much more that we discussed on our call. There any many other RFPs where you have indicated that you will not produce any documents whatsoever based on your objections. We discussed those RFPs in detail, and you have not changed your position regarding most of them. Accordingly, it appears that we have a disagreement regarding those RFPs.

In light of the above and our conversation on April 9, we believe that at least some of these issues are ripe for litigation. If you believe that additional conversations would be productive in narrowing the disagreements between us, you have my number and I am happy to discuss these issues any time.

Thanks,
Chris

    Christopher D. Hilton
    Stone | Hilton
    P.O. Box 150112
    Austin, TX 78715
    (737) 465-3897

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Friday, April 12, 2024 7:58 PM
**To:** Chris Hilton <chris@stonehilton.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo

<dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Judd E. Stone, II
<judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester
<Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com <john.sullivan@the-sl-lawfirm.com>; Tom Albright
<tom@stonehilton.com>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale,
Arjun <AOgale@gibsondunn.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Chris,

We write to follow up on the various topics we discussed during our meet and confer
on Tuesday, April 9, 2024. As we discussed, while we continue to maintain—as the
Reply brief filed this evening in support of our Rule 12 Motion makes clear—that there
is no basis for the Court to exercise jurisdiction over Defendants, the Northern District
of Texas is an improper venue, the alleged claims are meritless, and discovery under
these special circumstances is improper, Defendants have nonetheless been working
over the last several weeks to gather and review responsive, relevant documents.

In that process, we have retained a document collection and document hosting and
review vendor, identified primary custodians with documents that are relevant to X's
requests for production (including Angelo Carusone, Ben Dimiero, Cynthia Padera, and
Eric Hananoki), and collected thousands of gigabytes of data across various mediums
including emails, cloud storage platforms, calendars, chatrooms, Media Matters's
website, computer files, notes applications, and social media accounts. We are
continuing our collection of files within these and other mediums, but given the volume
and breadth of the requests, we expect this collection to be an ongoing process over
the next several weeks. We are also in the process of reviewing materials that we have
collected so far for responsiveness and privilege.

Without waiving any objections, and subject to a ruling on our pending motion to stay
discovery if one issues in the interim, Defendants plan to begin producing responsive,
non-privileged documents on a rolling basis no later than April 30, 2024.

We would also like to clarify our position on the three discovery requests that we
agreed to follow up on during our meet and confer (changes in red):

165

**RFP No. 2**. Defendants agree to modify their objections and responses to RFP No. 2 as follows:

1. <u>Request</u>: All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 16, 2023 Article.

2. <u>Objection</u>: The Request does not define the term "Platform account data," and Defendants interpret the term as used here to ask for usernames, <span style="color:red">posts, chats, and comments</span> of accounts on the X Platform relied on, referenced, created, or considered in investigating, working on, writing, publishing, and disseminating the referenced article. To the extent Plaintiff means something else by the term, Defendants object to this Request as vague and ambiguous. Defendants further object to this Request because it seeks sensitive information protected by the First Amendment privilege and reporter's privilege, including by asking Defendants to divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose the identity of persons who have imparted information . . . in confidence."); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (recognizing "the close nexus between the freedoms of speech and assembly" protected party from disclosure of associational documents). Defendants also object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to the extent that this Request seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive, such as information about accounts on X or sources and links embedded within the November 16, 2023 article.

3. <u>Responses</u>: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**RFP No. 9**. Defendants stand on their objections and responses to RFP no. 9. X Corp failed to explain during our meet and confer how an overbroad request seeking "[a]ll communications with X's advertisers about advertising with or financially supporting You" is at all relevant to the issues and claims being litigated in this case. If X Corp is willing to narrow the scope of its requests, Defendants are willing to consider

166

revising our objections and responses.

**RFP No. 23**. Defendants agree to modify their objections and responses to RFP No. 23 as follows:

1. Request: All documents and communications related to or reflecting any travel by Eric Hananoki from October 20, 2023, to December 15, 2023

2. Objection: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications related to or reflecting any travel" by Mr. Hananoki during the specified time period, even where not reasonably related to the issues in dispute in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

3. Responses: ~~Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.~~ Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search regarding documents and communications related to or reflecting any travel by Eric Hananoki from October 20, 2023, to December 15, 2023 undertaken in relation to Mr. Hananoki's research or drafting of the November 16, 2023 article. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

Also as discussed during our meet and confer, we would like to reiterate our position on the First Amendment privilege and its application in this action. The First Amendment privilege protects parties from compelled disclosures, *regardless* of whether the party seeking discovery is a private party or a state actor. *See, e.g.*, *In re Motor Fuel Temperature Sales Pracs. Litig.*, 641 F.3d 470, 481 (10th Cir. 2011) (holding, in a dispute between trade groups, "that the First Amendment privilege applies to the *district court's discovery order*, which requires trade groups and their members *to disclose to a private party* their communications regarding [lobbying] strategy") (emphasis added); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160-61, 1165 (9th Cir. 2010) (applying First Amendment privilege in dispute between two private parties); *see*

167

*also Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2385–86 (2021).

Note that we are still awaiting X Corp's proposed revisions to the protective order (the Attorneys' Eyes Only provision), which it alluded to during our meet and confer, so that we may consider those revisions. We are also awaiting X Corp's draft ESI protocol.

Defendants remain willing and open to continuing discovery discussions, and view this as an ongoing conversation as both parties attempt to balance our various obligations and competing interests. Please let us know if you would like to discuss.

Kind regards,

Amer

**Amer S. Ahmed**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Chris Hilton <chris@stonehilton.com>
**Sent:** Tuesday, April 9, 2024 10:32 AM
**To:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J.
<TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez
Armenta <erodriguezarmenta@elias.law>; Champion, Anne
<AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob
Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo
<dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Judd E. Stone, II
<judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester

<Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Tom Albright <tom@stonehilton.com>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?


**[WARNING: External Email]**

Chris Hilton is inviting you to a scheduled Zoom meeting.


Topic: Chris Hilton's Zoom Meeting

Time: Apr 9, 2024 10:00 AM Central Time (US and Canada)


Join Zoom Meeting

https://zoom.us/j/93717820766?pwd=SVVRRzJUT21sTVdQNXQ1VW0rNlVEZz09


Meeting ID: 937 1782 0766

Passcode: 309640


---


One tap mobile

+13462487799,,93717820766#,,,,*309640# US (Houston)

+17193594580,,93717820766#,,,,*309640# US


---


Dial by your location

• +1 346 248 7799 US (Houston)

- +1 719 359 4580 US

- +1 253 205 0468 US

- +1 253 215 8782 US (Tacoma)

- +1 669 444 9171 US

- +1 669 900 9128 US (San Jose)

- +1 309 205 3325 US

- +1 312 626 6799 US (Chicago)

- +1 360 209 5623 US

- +1 386 347 5053 US

- +1 507 473 4847 US

- +1 564 217 2000 US

- +1 646 558 8656 US (New York)

- +1 646 931 3860 US

- +1 689 278 1000 US

- +1 301 715 8592 US (Washington DC)

- +1 305 224 1968 US


Meeting ID: 937 1782 0766

Passcode: 309640


Find your local number: https://zoom.us/u/ac4POFCg4l

---

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Tuesday, April 9, 2024 9:10 AM

**To:** Chris Hilton <chris@stonehilton.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J.
<TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez
Armenta <erodriguezarmenta@elias.law>; Champion, Anne
<AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob
Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo
<dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Judd E. Stone, II
<judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester
<Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-
lawfirm.com <john.sullivan@the-sl-lawfirm.com>; Tom Albright
<tom@stonehilton.com>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>
**Subject:** Re: X/MMFA: Plaintiff Position on Motion to Stay Discovery?


Chris - we are still waiting on dial in information for our 11am call. Please advise.


**Amer S. Ahmed (he/him)**
Partner

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193


On Apr 8, 2024, at 11:10 AM, Chris Hilton <chris@stonehilton.com>
wrote:


 [WARNING: External Email]

Amer,


Tomorrow at 11 AM works. Attached is the NTDX default protective order
and third party agreement. We'll endeavor to provide a proposed ESI
order.


Thanks,

Chris

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express

172

permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the

intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

174

| | |
|---|---|
| **From:** | Alex Dvorscak |
| **To:** | Ahmed, Amer S.; Abha Khanna |
| **Cc:** | LeGrand, Andrew; Boutrous Jr., Theodore J.; Elena Rodriguez Armenta; Champion, Anne; Omeed Alerasool; Jacob Shelly; Chris Dodge; Daniela Lorenzo; Aria Branch; Vidyarthi, Apratim; Ogale, Arjun; Chris Hilton; Judd E. Stone, II; Ari Cuenin; Bonnie Chester; Cody Coll; john.sullivan@the-sl-lawfirm.com; Tom Albright; Michael Abrams |
| **Subject:** | RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery? |
| **Date:** | Thursday, May 23, 2024 4:28:00 PM |

We can meet and confer tomorrow at noon eastern.
Please circulate a Zoom link or dial-in.

Best,
-Alex
Stone | Hilton pllc
alex@stonehilton.com | (518) 772-8657

---

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Thursday, May 23, 2024 3:57 PM
**To:** Alex Dvorscak <alex@stonehilton.com>; Abha Khanna <akhanna@elias.law>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun <AOgale@gibsondunn.com>; Chris Hilton <chris@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester <Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Tom Albright <tom@stonehilton.com>; Michael Abrams <michael@stonehilton.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

Hi Alex,

To clarify, Defendants' counsel can be available between 12:00 pm and 5:00 pm ET tomorrow, May 24, if you are willing to negotiate ways to narrow the scope of these requests and/or provide some authority for your legal position. To the extent your concerns pertain to Defendants' RFP objections other than the claims of privilege, I want to reiterate what we explained in our previous meet-and-confer and in my May 2 email—that Defendants are not withholding any responsive documents for reasons other than privilege. We look forward to learning your availability and discussing further tomorrow.

Kind regards,

Amer

**Amer S. Ahmed**
Partner

175

T: +1 212.351.2427 | M: +1 917.921.7295
AAhmed@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Alex Dvorscak <alex@stonehilton.com>
**Sent:** Thursday, May 23, 2024 3:48 PM
**To:** Ahmed, Amer S. <AAhmed@gibsondunn.com>; Abha Khanna <akhanna@elias.law>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob Shelly <jshelly@elias.law>; Chris Dodge <cdodge@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Aria Branch <abranch@elias.law>; Vidyarthi, Apratim <AVidyarthi@gibsondunn.com>; Ogale, Arjun <AOgale@gibsondunn.com>; Chris Hilton <chris@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Bonnie Chester <Bonnie@stonehilton.com>; Cody Coll <cody@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Tom Albright <tom@stonehilton.com>; Michael Abrams <michael@stonehilton.com>
**Subject:** RE: X/MMFA: Plaintiff Position on Motion to Stay Discovery?

**[WARNING: External Email]**

Hi Amer,

I understand from your email that you do not intend on offering a time for an additional conference. Instead, given the length of our correspondence and conferences, I assume you agree with my suggestion that the parties have already exhausted the potential for compromise and need the Court's guidance to resolve these issues.

I will note your opposition in the certificate of conference to our motion.

Best,
-Alex
STONE | HILTON PLLC
alex@stonehilton.com | (518) 772-8657

---

**From:** Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Sent:** Thursday, May 23, 2024 1:36 PM
**To:** Alex Dvorscak <alex@stonehilton.com>; Abha Khanna <akhanna@elias.law>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Jacob