**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **X CORP.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-01175-O** |
| | § | |
| **MEDIA MATTERS FOR AMERICA** | § | |
| **and ERIC HANANOKI,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

Before the Court is Plaintiff's Motion to Compel and Memorandum in Support (ECF Nos. 59, 60), filed May 24, 2024. Based on this motion, it appears the parties have a discovery dispute. Of course, discovery in federal court should largely be "self-executing." *Dondi Properties Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284, 289 (N.D. Tex. 1988) (emphasizing that "in general the rules dealing with discovery in federal cases are to be self-executing"). In the instant motion, Plaintiff represents the parties have preliminarily met to discuss this dispute but have been unable to resolve it. *Dondi Properties* requires attorneys to hold *meaningful* discussions in a sincere attempt to resolve this discovery dispute without court intervention. *Id. Dondi Properties* sets the standards of litigation conduct that all counsel agreed to adhere to when signing pleadings and litigating in the Northern District of Texas. *Id*. at 1.

Counsel should evaluate their respective positions related to this discovery dispute in light of *Dondi Properties*. After doing so, Defendants shall respond to those disputes that remain no later than **May 29, 2024**. Plaintiff shall reply no later than **May 31, 2024**.

**SO ORDERED** on this **25th day** of **May, 2024**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

1