UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| X CORP., <br><br> Plaintiff, <br><br> v. <br><br> MEDIA MATTERS FOR AMERICA, et al., <br><br> Defendants. | Civil Action No. 4:23-cv-1175-O |

**DECLARATION OF ANDREW LEGRAND
IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO
COMPEL PRODUCTION OF DOCUMENTS**

I, Andrew LeGrand, declare as follows:

1. I am over the age of 18, am competent to testify, and have personal knowledge of the facts and information set forth in this declaration.

2. I am a Partner in the Dallas office of Gibson, Dunn & Crutcher LLP.

3. I represent Media Matters for America ("Media Matters") in the above-captioned suit.

**Conferral between the parties**

4. The parties met and conferred on Plaintiff's various discovery requests on April 9, May 1, May 24, and May 27, and engaged in various email exchanges during this process as well. Defs.' App. at 96–97, 103–05, 109–10, 136–38.

5. On May 23, Counsel for Plaintiff stated that it intended to move to compel documents. After some corresponding, counsel for Defendants requested that the parties confer on

May 24 to resolve or better understand the basis of Plaintiff's concerns and the disputed issues.

6. During and after the May 24 meeting, Defendants requested a list of the specific requests on which Plaintiff intended to seek judicial intervention. Plaintiff did not provide that list verbally or in writing prior to filing its motion to compel later that day.

7. Following the Court's May 25 order, counsel for Plaintiff requested an additional meeting. The parties conferred on Monday, May 27.

**ESI Protocol, Protective Order, and Privileged-Documents Protocol**

8. As part of our January 5 Rule 12(f) conference, the parties discussed entering into a mutually agreeable ESI protocol and agreement on how to handle privileged documents.

9. In Plaintiff's February 5 request for production, these agreements are referenced in instructions 4 and 5, and Plaintiff noted that each agreement would be "memorialize[d] in a proposed court order."

10. On March 29, almost three weeks after Defendants served their responses and objections to Plaintiff's February 5 requests for production and almost three months after the parties' discovery conference, Plaintiff's counsel requested to confer with Defendants about their responses; about the ESI protocol; and about a proposed order regarding the handling and protection of privileged or trial-preparation materials. The parties agreed to meet on April 9.

11. On April 3, counsel for Defendants, Amer Ahmed, asked Plaintiff to send Defendants any proposed changes it had to the Northern District of Texas protective order model and model ESI protocol ahead of their April 9 meeting "to move things along."

12. On April 8, Mr. Hilton circulated the standard Northern District of Texas protective order model as a PDF, without any annotations from Plaintiff. He also noted that Plaintiff would "endeavor to provide a proposed ESI order."

13. On April 12, Mr. Ahmed sent an email recapping the parties' discussion on April 9. In this email, Mr. Ahmed wrote that Defendants were "still awaiting X Corp's proposed revisions to the protective order (the Attorneys' Eyes Only provision), which it alluded to during our meet and confer, so that we may consider those revisions. We are also awaiting X Corp's draft ESI protocol."

14. On April 24, Plaintiff responded to Mr. Ahmed's April 12 email, but did not mention the ESI protocol, the protective order, or any privilege documents agreement.

15. On April 26, without having received any proposed revisions from Plaintiff, Mr. Ahmed circulated Defendants' proposed revisions to the standard protective order.

16. After the parties May 1 meet-and-confer, Plaintiff's counsel promised to provide a draft ESI order shortly.

17. On May 3, Plaintiff's counsel circulated a proposed ESI protocol and noted that they would "follow up with a proposed protective order shortly."

18. On May 10, Plaintiff's counsel circulated proposed edits to the standard protective order that, with no explanation, completely disregarded Defendants' April 26 suggestions to the same document.

19. Defendants followed up on May 13, re-attaching Defendants' proposed edits of April 26 with a request for an explanation why those edits had been disregarded. That same day, Plaintiff responded, re-attaching its May 10 protective order edits, and explaining that the reason it had disregarded Defendants' proposals was because it did not agree with them.

20. Defendants replied to Plaintiff on May 15 providing both proposed revisions to Plaintiff's protective order and accompanying explanations for the changes.

21. On May 22, Defendant also provided Plaintiff with edits to its proposed ESI

protocol.

22.     Plaintiff did not reply to Defendant's proposed ESI protocol or protective order until May 28, after it filed its motion to compel. To date, the parties have not entered into any ESI, protective order, or privileged document agreement.

23.     Defendants have made three document productions despite their concerns over not having formal protocols governing discovery in this case.

**Discovery efforts**

24.     Defendants have undertaken a diligent effort to collect and review documents in light of this Court's scheduling order.

25.     Defendants have collected over 5.5 Terabytes of data to date across many relevant custodians and are still in the process of collecting additional documents. Defendants have produced over 2,000 documents consisting of nearly 8,000 pages and over 2,000 videos comprising approximately 564 gigabytes of data.

26.     Defendants have engaged a team of 14 staff attorneys and 33 associates across two law firms to conduct document review.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  May 29, 2024

*/s/ Andrew LeGrand*
Andrew LeGrand