IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| X CORP., | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-01175-O |
| | § | |
| MEDIA MATTERS FOR AMERICA, et al., | § | |
| | § | |
|     Defendants. | § | |

## ORDER

Before the Court are the Motion to Compel and brief in support filed by Plaintiff (ECF Nos. 59-60); the Response and appendix in support filed by Defendants (ECF Nos. 62-63); and Plaintiff's Reply (ECF No. 64). After reviewing the motion, brief in support, response, and reply, the Court finds the following Requests for Production ("RFP") remain in dispute based on the briefings: 2, 7, 8, 9, 11, 13, 14, 15, 16, 17, 18, 19, 21, 23, 24, 25, 26, 27, 28, 29, 31, 35, 37, 38, 40, 43, 46, 47. After due consideration the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**. Accordingly, the Court orders that:

To the extent Plaintiff contests any of Defendants amended discovery responses, it should first raise those issues in a subsequent good faith conferral with Defendants, and if necessary, the Court can resolve any remaining dispute following this effort. Based on what is currently before the Court and the parties' conferral process to date, it appears the parties have demonstrated they are capable of resolving discovery disputes through meaningful conferrals as required in Federal Court. *See Dondi Properties Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284, 289 (N.D. Tex. 1988) (emphasizing that "in general the rules dealing with discovery in federal cases are to be self-

executing"). The Court therefore **DENIES** at this time Plaintiff's Motion as to these RFPs. The Court further **ORDERS** parties to confer to resolve issues related to Defendants' amended discovery responses to these RFPs, establish a privileged-documents protocol, and an ESI protocol no later than **June 14, 2024**.

Because there is no privileged-documents protocol in place and the Defendants have not logged any responsive documents as privileged, the Court **DEFERS** ruling on RFP Nos. 17-18, 21, and 35 and any First Amendment privilege concerns until such a protocol is established and responsive documents have been identified. The Court **ORDERS** Defendants to log any responsive documents as privileged and deliver to Plaintiff no later than **June 14, 2024**.

The Court **OVERRULES in part and SUSTAINS in part** Defendants' objections to RFP Nos. 13-16, 23-24, 37-38, and 46.

RFP Nos. 13-16: Plaintiff's requests for financial discovery are relevant but must be limited. As an initial matter, Media Matters's IRS Form 990s alone are not enough. Eric Hananoki and Angelo Carusone are also defendants that Plaintiff seeks punitive damages against. Thus, tax returns and bank statements for all three Defendants are relevant. However, the temporal period for which Defendants must produce documents are limited to the relevant time periods at issue: 2023 and 2024. To the extent that it has not already, Defendants **SHALL PROVIDE** all documents in its possession and control responsive to these RFPs and the Courts limitations.

RFP Nos. 23-24, and 37-38: Plaintiff's requests for information about Defendants' actions taken to write and publish the November 2023 articles and commit the other alleged tortious acts are relevant. However, the RFPs must be limited to communications, calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments from October 20, 2023, to December 15, 2023, and must be related to X Corp, Elon Musk, or the November 2023 articles.

To the extent that it has not already, Defendants **SHALL PROVIDE** all documents in its possession and control responsive to these RFPs and the Courts limitations.

<u>RFP No. 46</u>: Plaintiff's requests for information about Media Matters's personnel matters is relevant. However, the RFP must be limited to instances where Defendants themselves have been accused of—or investigated—antisemitism at Media Matters. To the extent that it has not already, Defendants **SHALL PROVIDE** all documents in its possession and control responsive to these RFPs and the Courts limitations.

The parties **SHALL COMPLY** with this Order. Specifically: (1) Defendants must deliver all documents in its possession and control responsive to RFP Nos. 13-16, 23-24, 37-38, and 46 to Plaintiff; (2) Defendants must create and deliver a privilege log of any documents being withheld from production to Plaintiff. After the parties meaningfully confer, Defendants must notify the Court whether any dispute regarding the assertion of First Amendment privileges remain; (3) the parties must confer regarding Defendants' amended discovery responses to the remaining RFPs; and (4) the parties must establish a privileged-documents protocol and an ESI protocol **on or before June 14, 2024**. Also by that date, Defendants shall promptly file proof of delivery and compliance.

**SO ORDERED** on this **June 6, 2024.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE