UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **X CORP.**, a Nevada corporation,<br>　　　　*Plaintiff,*<br><br>vs.<br><br>**MEDIA MATTERS FOR AMERICA**, a Washington, D.C. non-profit corporation, **ERIC HANANOKI**, and **ANGELO CARUSONE**,<br>　　　　*Defendants.* | § § § § § § § § § § § § § §　Case No. 4:23-cv-01175-O |

## JOINT MOTION TO AMEND SCHEDULING ORDER

Plaintiff X Corp. and Defendants Media Matters for America, Eric Hananoki, and Angelo Carusone jointly submit this motion to amend the scheduling order that the Court entered on January 22, 2024. ECF No. 14. As discussed below, to ensure that the parties can fulfill their discovery obligations and prepare this case for trial, the parties respectfully request an extension of the deadlines in the current scheduling order.

### ARGUMENT AND AUTHORITIES

Rule 16 of the Federal Rules of Civil Procedure provides that parties may request the Court to amend the scheduling order for good cause shown. Fed. R. Civ. P. 16(b)(4); *see also S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) ("The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'") (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)); ECF No. 14 ¶ 12 ("Conclusory statements will usually not suffice to show good cause, even if the motion is agreed or unopposed.").

Good cause exists under these circumstances. The scope of written discovery and the volume of document review and collection is significantly exceeding that which the parties anticipated at the time they conferred for the Joint Report regarding the schedule (ECF No. 13) and pursuant to Rule 26(f). As the Court has recognized, "the parties have demonstrated they are capable of resolving discovery disputes through meaningful conferrals," ECF No. 65 at 1, but much work remains to be done in discovery.

Defendants submit that they have so far collected over 5.5 terabytes of potentially responsive data, which they are diligently reviewing and producing. *See* ECF No. 62-1 (LeGrand Decl.).[1] But even with the dozens of attorneys Defendants have employed to review documents, *id.*, Defendants have approximately 4.3 terabytes of data comprising millions of documents and thousands of videos awaiting review.

Plaintiff submits that it is likewise gathering and reviewing a significant number of documents as part of its discovery obligations, and will need to continue to do so.[2]

Furthermore, both Parties each intend to take numerous depositions before this case will be ready for dispositive motion practice and trial, and those depositions will not be efficient or productive in the absence of still-pending document discovery. Likewise, both Parties anticipate offering expert testimony to assist the Court and jury in adjudicating the issues in this case. Those expert reports will not be effective or productive in the absence of still-pending document discovery. Given the unexpected volume of discovery and the resultant delay in deposition

---

[1] Defendants will need to undertake additional document collection in light of the Court's Order regarding Plaintiff's Motion to Compel, ECF No. 65.
[2] Indeed, the parties have already agreed to extend X's deadline to respond to Defendants' outstanding discovery requests.

scheduling and expert witness discovery, neither side can reasonably meet the existing discovery deadlines.

Separately, good cause also exists for the requested extension because discovery in this case has raised disputes and privileges that have already required litigation and that, despite the parties' diligence, will certainly require additional time to finally resolve. As the Court is aware, the parties already have had a discovery dispute requiring this Court's adjudication. While the Court has begun to resolve that motion to compel, *see* ECF No. 65, the parties have further conferred and agree that the requested extension of deadlines is necessary to allow each side time to comply with the Court's order and better position them to address and resolve any additional discovery disputes. Accordingly, as part of the revised schedule, the parties have proposed a modest modification of the deadlines contained in the Court's recent order. ECF No. 65 at 2-3.[3]

Given the volume and complexity of ongoing document discovery, as well as the anticipated depositions and expert discovery, the Parties believe that the proposed extension of the remaining deadlines constitutes a reasonable and efficient schedule that will permit the Parties the additional time required to complete discovery in as "self-executing" a manner as possible under the circumstances of this case. *Cf. Dondi Properties Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284, 289 (N.D. Tex. 1988). The Parties also request, as part of their proposed order, an interim deadline denoting the end of written discovery on January 29, 2025, two weeks before initial expert designations are due under the revised schedule. The requested schedule—which the parties agree to work towards with the utmost diligence—will serve the interests of justice by allowing the

---

[3] The parties had already begun discussions on a proposed extension before the Court's June 6, 2024 Order on the Motion to Compel. Both parties have been working diligently in good faith and will continue to do so to ensure timely discovery productions and responses. Accordingly, the Parties jointly propose to allow additional time for the review of documents for potential privilege assertions and production of privilege logs.

parties to take depositions and make expert disclosures with the benefit of a complete factual record, which will in turn allow the Court and the jury to better understand and adjudicate the Parties' disputes.

Finally, the Parties anticipate that further modification of the schedule in this Matter will not be necessary, thereby maximally preserving the Court's ability to "efficiently and expeditiously resolve cases." ECF No. 54 at 12.

## CONCLUSION

The parties respectfully request that the Court grant their joint motion to modify the scheduling order and enter the revised schedule contained in the attached proposed order.

Dated: June 10, 2024                                        Respectfully submitted,

*/s/ Christopher D. Hilton*                                 */s/ Andrew LeGrand*
Christopher D. Hilton                                       Andrew LeGrand
Counsel for Plaintiff                                       Counsel for Defendants


*/s/ Adam Mehes*                                            */s/ Angelo Carusone*
Adam Mehes                                                  Angelo Carusone
On behalf of X Corp.                                        On Behalf of Media Matters for America


                                                            */s/ Eric Hananoki*
                                                            Eric Hananoki


                                                            */s/ Angelo Carusone*
                                                            Angelo Carusone

## CERTIFICATE OF SERVICE

     I hereby certify that on June 10, 2024, a copy of this document was served on all counsel of record through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

                                        */s/ Alexander M. Dvorscak*
                                        Alexander M. Dvorscak