UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| X CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-01175-O |
| | § | |
| MEDIA MATTERS FOR AMERICA, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is the parties' Stipulation on Protective Order (ECF No. 70), filed June 13, 2024. This Court routinely declines to convert an agreement of the parties into a court order. This practice does not leave the parties without recourse.

First, during the discovery stage, the parties may agree to any confidentiality or discovery-related contract among themselves without devoting judicial resources to the matter. *See Davis v. City of Fort Worth*, No. 4:14-cv-491-A, 2014 WL 12940678, at *3, *3 n.3 (N.D. Tex. July 3, 2014).

Second, at the adjudicative stage, a party may move for leave to file specific documents under seal with a memorandum outlining the good cause for the document to be sealed from public. The motion must be supported by legal authorities and relevant facts verified by oath or declaration of a person with personal knowledge. *See United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) ("Public confidence in our judicial system cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public

view." (cleaned up)); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420–21 (5th Cir. Mar. 5, 2021) ("[W]hen materials enter the court record, the standard for shielding records from public view is far more arduous."). Accordingly, the Court **DENIES** the parties' motion.

**SO ORDERED** this **14th day** of **June, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE