# Exhibit D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| X CORP.,<br><br> *Plaintiff*,<br><br> v.<br><br>MEDIA MATTERS FOR AMERICA, *et al.*,<br><br> *Defendants*. | Civil Action No. 4:23-cv-01175-O |

**DEFENDANTS MEDIA MATTERS FOR AMERICA, ERIC HANANOKI, AND ANGELO CARUSONE'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Media Matters for America ("Media Matters"), Mr. Eric Hananoki, and Mr. Angelo Carusone, through their undersigned counsel, serve this First Set of Requests for Production ("Requests for Production" or "Requests") on Plaintiff X Corp.

Responses to these Requests are to be produced to the attention of Andrew LeGrand at Gibson, Dunn & Crutcher within 30 days of receipt. To arrange for electronic production, please contact counsel at xcorpsuit@elias.law. Anything that cannot be produced electronically should be produced to Mr. LeGrand at 2001 Ross Avenue Suite 2100, Dallas, Texas 75201.

Each Request for Production is subject to the Definitions and Instructions listed below.

**DEFINITIONS**

Except as specifically defined below, the terms used in this request shall be construed and defined in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S.

1

District Court for the Northern District of Texas, wherever applicable. Any terms not defined shall be given their ordinary meaning.

Defendants reserve their right to alter, supplement, amend, correct, clarify, or otherwise modify these Requests as discovery remains ongoing.

1. "Advertisers" means companies, organizations, individuals, or entities that pay to advertise or promote products, goods, services, or concepts, by purchasing space—including but not limited to advertisers referenced in Plaintiff's First Amended Complaint, ECF No. 37: Apple, Bravo, IBM, Oracle, Xfinity, Lions Gate Entertainment, Disney, Warner Brothers Discovery, Paramount Global, NBCUniversal, Comcast, Sony, Ubisoft, Amazon, eBay, Major League Baseball, New York Times Co., Samsung, Sports Illustrated, The Wall Street Journal, USA Today, Office Depot, Nokia, Dish, Bayer, Tyson Foods, Honeywell, Discovery, FanDuel, Thermo Fisher, National Women's Soccer League, the Pittsburgh Steelers, the Atlanta Falcons, Manchester City, DraftKings, FanDuel, T-Mobile, and The Athletic.

2. "Algorithm" refers to the X systems and processes, as that term is used in Plaintiff's First Amended Complaint, ECF No. 37, that, among other things, determines what content is presented to each X user.

3. "Amended Complaint" means Plaintiff's First Amended Complaint, filed at ECF No. 37 in this litigation, *X Corp. v. Media Matters for America et al.*, No. 4:23-cv-01175-O.

4. "Any" or "all" mean "any and all."

5. "Communication" is synonymous in meaning and scope with the term "communication" as used in Local Rule 26, and includes any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes but is not limited to transfers of

information via email, report, phone call, letter, text message, Slack, Signal, direct messages on social media platforms, ephemeral messaging applications, instant messaging applications, voicemail message, voice message, written memorandum, note, summary, and other means.

6. "Content moderation" means any efforts taken by X to limit the appearance of Disputed Content (as defined herein) on the Platform.

7. "Creator Ads Revenue Sharing" refers to X's program wherein X users share revenue from other verified user's organic impressions of ads displayed in replies to content the user posts on X, as described here on X's website: https://help.twitter.com/en/using-x/creator-ads-revenue-sharing.

8. "Date" means the exact day, month, and year, if ascertainably, or, if not, the best available approximation (including relationship to other events).

9. "Disputed Content" means "extreme" and "fringe" content, as those terms are used in the Amended Complaint, *see* ECF No. 37 ¶ 9, and includes but is not limited to content expressing skepticism about the Holocaust, content expressing negative views or attitudes regarding Jewish people, Muslim people, Black people, Hispanic or Latino people, women, members of the LGBTQIA+ community, immigrants, non-English speakers, Asian people, or indigenous peoples, and content expressing positive views or attitudes regarding Adolf Hitler, white nationalism, or white supremacism.

10. "Document" is synonymous in meaning and scope to the term "document" as used in Federal Rule of Civil Procedure 34 and Local Rule 26 and includes, but is not limited to, records, reports, lists, data, statistics, summaries, analyses, communications (as defined above), computer discs, tapes, printouts, emails, databases, and any handwritten,

3

typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

11. "Including" means "including, but not limited to."

12. The "November 16, 2023 Article" refers to the article written by Mr. Hananoki and originally published on November 16, 2023, titled "As Musk endorses antisemitic conspiracy theory, X has been placing ads for Apple, Bravo, IBM, Oracle, and Xfinity next to pro-Nazi content."

13. The "November 17, 2023 Article" refers to the article written by Mr. Hananoki and originally published on November 17, 2023, titled "X is placing ads for Amazon, NBA Mexico, NBCUniversal, and others next to content with white nationalist hashtags."

14. "Platform" means the social media website operated by X.

15. "Subscription Creators" refers to X's program wherein X users share a portion of the revenue X earns from other users subscribing to receive content from the user, as described here on X's website: https://help.twitter.com/en/using-x/subscriptions-creator.

16. "X" or "Plaintiff" means the Plaintiff in this Matter, X Corp., as well as its predecessor in interest, Twitter, Inc., including its owner, officers, directors, partners, members, managers, employees, representatives, staff, agents, consultants, and anyone acting on its behalf.

17. "You" and "your" means the Plaintiff in this Matter, X Corp., as well as its predecessor in interest, Twitter, Inc., including both entities' owners, officers, directors, partners, members, managers, employees, representatives, staff, agents, consultants, and anyone acting on their behalf.

## **INSTRUCTIONS**

1. You shall produce materials and serve responses and any objections within 30 days after service of these Requests for Production.

2. If you object to any part of a Request, set forth the basis of your objection and respond to all parts of the Request to which you do not object. Any ground not stated in a timely objection is waived.

3. If, in responding to these Requests for Production, you encounter any ambiguities when construing a Request or definition, set forth the matter deemed ambiguous and the construction used in responding. Where you, in good faith, doubt the meaning or intended scope of a Request, and the sole objection would be to its vagueness, overbreadth, or ambiguity, please contact Defendants' counsel for clarification in advance of asserting an objection.

4. Regarding any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Federal Rule of Civil Procedure 26(b)(5), including a description of the basis of the claimed privilege and all information necessary for Defendants to assess the claim of privilege.

5. Produce all documents available to you or subject to your access or control that are responsive to the Requests for Production. This includes documents in your actual or constructive possession or control and in the actual or constructive possession or control of your attorneys, investigators, experts, and anyone else acting on your behalf.

6. Documents are to be produced as they are kept in the ordinary course of business. Accordingly, documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive

to this request should be produced intact with the documents; and documents attached to each other should not be separated.

7. All documents are to be produced in electronic form. All documents including emails, should be produced in single page TIFF format, showing comments and track changes where applicable, with text extract and load files containing standard fielded information and metadata. TIFF images shall be placed in an Images folder with any given subfolder not to exceed 5,000 images per folder and accompanied by an .opt placed in a Data folder. Each page of a document should be assigned a unique production number (aka Bates number) electronically "burned" onto the image at allocation that does not unreasonably conceal or interfere with information on the document. The number should be consistent across the production, contain no special characters, and be numerically sequential within a given document. Attachments to documents should be assigned numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached. If a number or set of numbers is skipped, the skipped number or set of numbers should be noted, for example with a placeholder.

8. Each document produced should be categorized by the number of the document request in response to which it is produced.

9. If any otherwise responsive document was, but is no longer, in existence or in your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all persons having knowledge or who had knowledge of the document, and also describe in full the circumstances surrounding its disposition from your possession or control.

10. These Requests for Production are continuing in nature, up to and including trial. Materials sought by these Requests that become available after you serve your responses must be disclosed to counsel for Defendants by supplementary response or responses.

11. Pursuant to Federal Rule of Civil Procedure 26(c), you are under a duty to promptly amend your responses to these Requests if you learn that an answer is in some material respect incomplete or incorrect. If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you are requested to state this fact in each response.

12. If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any Request for Production, then in response to the specific Request: (a) produce all such documents as are available to you without undertaking what you contend to be an unreasonable request; (b) describe with particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unreasonable.

13. The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

14. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request for Production all responses that otherwise might be construed to be outside its scope.

15. A reference to an entity in this request shall be construed to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, and anyone acting on its behalf.

16. These Requests for Production apply to the period from April 14, 2021, to the present, unless otherwise limited or expanded by a particular topic description.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: All documents and communications related to or describing X's algorithm, the X systems and processes, as that term is used in Plaintiff's First Amended Complaint, ECF No. 37, that, among other things, determines what content is presented to each X user, including any and all prior versions previously used by X.

**REQUEST FOR PRODUCTION NO. 2**: All documents and communications related to the November 16, 2023 Article and/or the November 17, 2023 Article, including the activity and statements discussed therein.

**REQUEST FOR PRODUCTION NO. 3**: All documents and communications describing any policies and practices X uses to identify Disputed Content on the Platform.

**REQUEST FOR PRODUCTION NO. 4**: All documents and communications concerning content moderation on the Platform.

**REQUEST FOR PRODUCTION NO. 5**: All documents and communications, including screenshots, reflecting or referring to Disputed Content on the Platform.

**REQUEST FOR PRODUCTION NO. 6**: All documents and communications, including draft and completed contracts, agreements, and memoranda of understanding, describing or showing evidence of existing or prospective business relationships between X and any of the advertisers referenced in the Amended Complaint or identified in response to Interrogatories 1 and 4 in Defendants' First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 7**: All communications with X's past, present, or potential advertisers regarding their decision to advertise or not to advertise on the Platform, including but

not limited to all communications reflecting the reasoning behind their decision to advertise or not to advertise on the Platform.

**REQUEST FOR PRODUCTION NO. 8**: All documents and communications discussing or mentioning Media Matters, Mr. Hananoki, and/or Mr. Carusone.

**REQUEST FOR PRODUCTION NO. 9**: All documents or communications showing X's business revenue generated from advertisements on the Platform in monthly installments or any term in which X maintains these records from April 14, 2021, to the present.

**REQUEST FOR PRODUCTION NO. 10**: All documents and communications regarding Your connection with or presence in the jurisdiction of the U.S. District Court for the Northern District of Texas.

**REQUEST FOR PRODUCTION NO. 11**: All communications with any elected or appointed public official, including but not limited to Texas Attorney General Ken Paxton and Missouri Attorney General Andrew Bailey, their staff, employees, and/or representatives regarding Media Matters, Mr. Hananoki, Mr. Carusone, and/or any of the allegations made in the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 12**: All documents and communications regarding the removal or destruction of the personal or business physical cellular phone in the possession X's owner, Elon Musk, or the removal, discontinuation, or otherwise termination of Musk's personal or business cellular phone service, since November 2023.

**REQUEST FOR PRODUCTION NO. 13**: All documents and communications regarding payments made to X users related to X's revenue sharing programs, including their Subscription Creators and Creator Ads Revenue Sharing programs.

**REQUEST FOR PRODUCTION NO. 14**: All documents and communications describing available means on X for users to control or change the advertisements they see on the Platform, including any filters for advertisements that can be used for new and existing users of the Platform.

**REQUEST FOR PRODUCTION NO. 15**: Documents sufficient to show X's organizational structure, including Board membership, leadership structure, and that of any affiliated or related entities.

**REQUEST FOR PRODUCTION NO. 16**: Documents sufficient to identify individuals, representatives, or employees responsible for or involved with content moderation on the Platform, including individuals, representatives, or employees responsible for or involved with developing policies for content moderation on the platform.

**REQUEST FOR PRODUCTION NO. 17**: All documents or communications regarding the cessation, suspension, termination, or otherwise discontinuance of a business or transactional relationship between X and its advertisers.

**REQUEST FOR PRODUCTION NO. 18**: All documents concerning, and communications with, any public relations, advertising, marketing, communications, or similar firm, group, or business that You have contracted with, or that you have contacted in any capacity in connection with the November 16, 2023 Article or the November 17, 2023 Article.

**REQUEST FOR PRODUCTION NO. 19**: All documents and communications related to or reflecting Your knowledge or understanding of Media Matters's business operations, strategies, partnerships, staff, donors, directors, reporting, or day-to-day activities.

**REQUEST FOR PRODUCTION NO. 20**: All documents and communications related to or reflecting X's Board's knowledge or understanding of Media Matters's business operations, strategies, partnerships, staff, donors, directors, reporting, or day-to-day activities.

**REQUEST FOR PRODUCTION NO. 21**: All documents and communications related to or reflecting X's employees' knowledge or understanding of Media Matters's business operations, strategies, partnerships, staff, donors, directors, reporting, or day-to-day activities.

**REQUEST FOR PRODUCTION NO. 22:** All documents and communications related to or reflecting X's advertisers' and agencies' involvement in or knowledge or understanding of Media Matters's business operations, strategies, partnerships, staff, donors, directors, reporting, or day-to-day activities.

**REQUEST FOR PRODUCTION NO. 23**: All internal documents and communications with or about media organizations, reporters, or journalists regarding reporting about X, its employees, its directors, or Elon Musk.

**REQUEST FOR PRODUCTION NO. 24**: All documents and communications demonstrating a connection between the November 16, 2023 Article, the November 17, 2023 Article, and/or Mr. Carusone's November 26, 2023 interview statements and the withdrawal or attempted withdrawal of any of X's advertisers from the Platform.

**REQUEST FOR PRODUCTION NO. 25**: All documents and communications related to X suspending or terminating user accounts on the Platform, including but not limited to the processes by which such suspended or terminated user accounts are or have been reinstated.

**REQUEST FOR PRODUCTION NO. 26**: All documents and communications related to Elon Musk's activity on the X platform, including Musk's engagement with Disputed Content on the Platform, and any allegations that Musk has violated X's user agreement, terms of service, rules and policies, or content moderation policies.

**REQUEST FOR PRODUCTION NO. 27**: All documents and communications related to the manner in which "views," as that term is used on social media platforms, meaning a measure of

how many times a visitor on a social media platform engages with certain content, are generated on X.

**REQUEST FOR PRODUCTION NO. 28**: All documents and communications related to the termination or suspension of any current or former employee of X for reasons related to content moderation or Disputed Content on X.

**REQUEST FOR PRODUCTION NO. 29**: All public statements made by Musk—including but not limited to public statements made on the Platform, on other social media platforms, and in media interviews—as to Jewish people, Muslim people, Black people, Hispanic or Latino people, women, members of the LGBTQIA+ community, immigrants, non-English speakers, Asian people, and/or indigenous people, and any documents and communications regarding those statements.

**REQUEST FOR PRODUCTION NO. 30**: All documents and communications identified in response or related to any response provided to Defendants' Requests for Admission or Interrogatories.

Dated May 6, 2024.

*/s/ Andrew LeGrand*

| | |
|---|---|
| **GIBSON, DUNN & CRUTCHER LLP**<br>Andrew LeGrand (TX 24070132)<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201<br>T: (214) 698-3100<br>F: (214) 571-2960<br>alegrand@gibsondunn.com<br><br>Theodore J. Boutrous, Jr.* (CA 132099)<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>T: (213) 229-7000<br>F: (213) 229-7520<br>tboutrous@gibsondunn.com<br><br>Amer S. Ahmed** (NY 4382040)<br>200 Park Avenue<br>New York, New York 10166<br>T: (212) 351-4000<br>F: (212) 351-4035<br>aahmed@gibsondunn.com | **ELIAS LAW GROUP LLP**<br>Abha Khanna* (WA 42612)<br>1700 Seventh Avenue, Suite 2100<br>Seattle, WA 98101<br>T: (206) 656-0177<br>F: (206) 656-0180<br>akhanna@elias.law<br><br>Aria C. Branch (DC 1014541)<br>Jacob D. Shelly* (DC 90010127)<br>Elena Rodriguez Armenta* (DC 90018798)<br>Daniela Lorenzo* (DC 90022335)<br>250 Massachusetts Ave, NW Suite 400<br>Washington, D.C. 20001<br>T: (202) 968-4490<br>F: (202) 986-4498<br>jshelly@elias.law<br>erodriguezarmenta@elias.law<br><br>* Admitted *pro hac vice* |

*Counsel for Defendants Media Matters for America, Eric Hananoki, and Angelo Carusone*