# Exhibit E

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| X CORP., *Plaintiff*, v. MEDIA MATTERS FOR AMERICA, *et al.*, *Defendants*. | Civil Action No. 4:23-cv-01175-O |

**DEFENDANTS MEDIA MATTERS FOR AMERICA, ERIC HANANOKI, AND ANGELO CARUSONE'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Media Matters for America ("Media Matters"), Mr. Eric Hananoki, and Mr. Angelo Carusone through their undersigned counsel, serve their First Set of Interrogatories on Plaintiff X Corp. Responses to these Interrogatories are to be produced to counsel for all Defendants within 30 days of receipt, and should be sent to the attention of Andrew LeGrand at Gibson, Dunn & Crutcher. Each Interrogatory is subject to the Definitions and Instructions listed below.

**DEFINITIONS**

Except as specifically defined below, the terms used in this request shall be construed and defined in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of Texas, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1

Defendants reserve their right to alter, supplement, amend, correct, clarify, or otherwise modify these Interrogatories as discovery remains ongoing.

1. "Advertisers" means companies, organizations, individuals, or entities that pay to advertise or promote products, goods, services, ideas, positions, or concepts, by purchasing space—including but not limited to advertisers referenced in Plaintiff's First Amended Complaint, ECF No. 37: Apple, Bravo, IBM, Oracle, Xfinity, Lions Gate Entertainment, Disney, Warner Brothers Discovery, Paramount Global, NBCUniversal, Comcast, Sony, Ubisoft, Amazon, eBay, Major League Baseball, New York Times Co., Samsung, Sports Illustrated, The Wall Street Journal, USA Today, Office Depot, Nokia, Dish, Bayer, Tyson Foods, Honeywell, Discovery, FanDuel, Thermo Fisher, National Women's Soccer League, the Pittsburgh Steelers, the Atlanta Falcons, Manchester City, DraftKings, FanDuel, T-Mobile, and The Athletic.

2. "Any" or "all" mean "any and all."

3. "Communication" is synonymous in meaning and scope with the term "communication" as used in Local Rule 26, and includes any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes but is not limited to transfers of information via email, report, phone call, letter, text message, Slack, Signal, direct messages on social media platforms, ephemeral messaging applications, instant messaging applications, voicemail message, voice message, written memorandum, note, summary, and other means.

4. "Date" means the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

5. "Document" is synonymous in meaning and scope to the term "document" as used in Federal Rule of Civil Procedure 34 and Local Rule 26 and includes, but is not limited to, records, reports, lists, data, statistics, summaries, analyses, communications (as defined above), computer discs, tapes, printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

6. "Identify" means to indicate or establish what something or someone is.

7. "Including" means "including, but not limited to."

8. "Mr. Carusone's November 26, 2023, interview statements" refers to the statements made by Mr. Angelo Carusone during an interview on MSNBC on November 26, 2023, available at https://www.mediamatters.org/angelo-carusone/angelo-carusone-discusses-elon-musk-and-x-msnbc-no-matter-how-you-slice-it-fact, referenced in paragraph 13 of the Amended Complaint.

9. The "November 16, 2023 Article" refers to the article written by Mr. Hananoki and originally published on November 16, 2023, titled "As Musk endorses antisemitic conspiracy theory, X has been placing ads for Apple, Bravo, IBM, Oracle, and Xfinity next to pro-Nazi content."

10. The "November 17, 2023 Article" refers to the article written by Mr. Hananoki and originally published on November 17, 2023, titled "X is placing ads for Amazon, NBA Mexico, NBCUniversal, and others next to content with white nationalist hashtags."

11. "Platform" means the social media website operated by X.

3

12. "X" or "Plaintiff" means the Plaintiff in this Matter, X Corp., as well as its predecessor in interest, Twitter, Inc., including both entities' owners, officers, directors, partners, members, managers, employees, representatives, staff, agents, consultants, and anyone acting on their behalf.

13. "You" and "your" means the Plaintiff in this Matter, X Corp., as well as its predecessor in interest, Twitter, Inc., including both entities' owners, officers, directors, partners, members, managers, employees, representatives, staff, agents, consultants, and anyone acting on their behalf.

## **INSTRUCTIONS**

1. Except as specifically defined below, the terms used in these Interrogatories shall be construed and defined in accordance with the Federal Rules of Civil Procedure. You must return your responses within thirty (30) days to Defendants' counsel. If you object to any interrogatory in full or in part, you must note the objection with specificity. If you object to any part of an interrogatory, you must specify the part to which you object, set forth the basis of your objection and respond to all parts of the interrogatory to which you do not object. Any ground not stated in a timely objection is waived.

2. Where you, in good faith, doubt the meaning or intended scope of an interrogatory, before objecting to the interrogatory based on its vagueness, overbreadth, or ambiguity, contact Defendants' counsel in advance of asserting an objection. Defendants' counsel will provide whatever additional clarification or explanation may be needed. If you still believe the interrogatory to be vague, overbroad, or ambiguous, set forth in your response what you find to be vague, overbroad, or ambiguous and the construction you used in responding.

3. In accordance with the Federal Rules of Civil Procedure, the scope of discovery sought through these interrogatories extends to all relevant and non-privileged information that

might reasonably lead to the discovery of admissible evidence. In answering these interrogatories, you must furnish all such information available to you, including information in the possession of all representatives, agents, and any other persons acting on your behalf, and not merely such information known of your own personal knowledge. If you cannot answer these interrogatories in full after exercising due diligence to secure the information requested, you should so state and answer to the extent possible, specifying the nature of your inability to answer the remainder and providing whatever information or knowledge that you possess concerning the unanswered portion.

4. Each interrogatory shall be answered separately, fully, and responsively following the interrogatory.

5. The interrogatories that follow are to be considered as continuing, and you have a duty to provide, by way of supplementary answers, such additional information as you or any persons acting on your behalf may hereafter obtain that will augment, clarify, correct, or otherwise modify the answers now given. Such supplementary answers are to be promptly served upon Defendants' counsel after receipt of such information, but in any event, no later than 14 days after receipt.

6. If in any interrogatory a number is requested and if the exact number is not known, for each such interrogatory, provide an estimate, an explanation as to your confidence in that estimate, and an explanation as to how that estimate was reached.

7. If you do not know the answer to any interrogatory, or if there are limitations to your knowledge about the answer to any interrogatory, provide whatever answer you can including the limitations to your knowledge. If there are other people or entities that you believe may know the answer to any interrogatory or may be able to provide additional

information in response to any interrogatory, identify those people or entities in your response.

8. If any objection is raised to these interrogatories on the basis of an assertion of privilege, you shall provide both a description of the basis of the privilege and all information necessary for Defendants to assess the claim of privilege.

9. No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If a partial or incomplete answer is provided, state that the answer is partial or incomplete.

10. Where an interrogatory relates to more than one person or subject, it is to be answered as to each such person or subject separately.

11. The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of an interrogatory all responses that otherwise might be construed to be outside its scope.

13. A reference to an entity, organization, or agency in this request shall be construed to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, and anyone acting on its behalf.

14. A reference to a person in this request shall be construed to include that person's employees, representatives, consultants, and anyone acting on their behalf.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Identify all advertisers that you contend breached or attempted to breach a contract with X as a result of the November 16, 2023 Article, the November 17, 2023 Article, and/or Mr. Carusone's November 26, 2023 interview statements.

**INTERROGATORY NO. 2**: For any advertisers you identify in response to Interrogatory 1, identify and describe the contract term, any suspension or termination provisions, and any terms or other grounds for concluding that X had a legal right to future performance from each of those advertisers.

**INTERROGATORY NO. 3**: For any advertisers you identify in response to Interrogatory 1, describe the basis for your belief that Defendants' speech or conduct caused each such advertiser to breach or attempt to breach a contract with X, identifying any and all evidence of which you are aware that supports that belief.

**INTERROGATORY NO. 4**: Identify all advertisers that you contend have discontinued or attempted to discontinue their relationships with X as a result of the November 16, 2023 Article, the November 17, 2023 Article, and/or Mr. Carusone's November 26, 2023 interview statements.

**INTERROGATORY NO. 5**: For any advertisers you identify in response to Interrogatory 4, describe the basis for your belief that Defendants' speech or conduct caused each such advertiser to discontinue or attempt to discontinue their relationships with X, identifying any and all evidence of which you are aware that supports that belief.

**INTERROGATORY NO. 6**: Identify all accounts on the X platform, including any corresponding usernames or handles, which Elon Musk currently controls, accesses, or uses, or has controlled, accessed, or used in the past, to engage in any activity, including posting, commenting, messaging, or following or viewing accounts, on the X platform since April 14, 2022.

Dated May 6, 2024.

*/s/ Andrew LeGrand*

7

| | |
|---|---|
| **GIBSON, DUNN & CRUTCHER LLP**<br>Andrew LeGrand (TX 24070132)<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201<br>T: (214) 698-3100<br>F: (214) 571-2960<br>alegrand@gibsondunn.com<br><br>Theodore J. Boutrous, Jr.* (CA 132099)<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>T: (213) 229-7000<br>F: (213) 229-7520<br>tboutrous@gibsondunn.com<br><br>Amer S. Ahmed* (NY 4382040)<br>200 Park Avenue<br>New York, New York 10166<br>T: (212) 351-4000<br>F: (212) 351-4035<br>aahmed@gibsondunn.com | **ELIAS LAW GROUP LLP**<br>Abha Khanna* (WA 42612)<br>1700 Seventh Avenue, Suite 2100<br>Seattle, WA 98101<br>T: (206) 656-0177<br>F: (206) 656-0180<br>akhanna@elias.law<br><br>Aria C. Branch (DC 1014541)<br>Jacob D. Shelly* (DC 90010127)<br>Elena Rodriguez Armenta* (DC 90018798)<br>Daniela Lorenzo* (DC 90022335)<br>250 Massachusetts Ave, NW Suite 400<br>Washington, D.C. 20001<br>T: (202) 968-4490<br>F: (202) 986-4498<br>abranch@elias.law<br>jshelly@elias.law<br>erodriguezarmenta@elias.law<br>dlorenzo@elias.law<br><br>* Admitted *pro hac vice* |

*Counsel for Defendants Media Matters for America, Eric Hananoki, and Angelo Carusone*