# Exhibit F

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| X CORP., <br><br> *Plaintiff*, <br><br> v. <br><br> MEDIA MATTERS FOR AMERICA, *et al.*, <br><br> *Defendants*. | Civil Action No. 4:23-cv-01175-O |

**DEFENDANTS MEDIA MATTERS FOR AMERICA, ERIC HANANOKI, AND ANGELO CARUSONE'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendants Media Matters for America ("Media Matters"), Mr. Eric Hananoki, and Mr. Angelo Carusone, through their undersigned counsel, serve their First Set of Requests for Admission ("Requests") on Plaintiff X Corp. Responses to these Requests are to be produced to counsel for all Defendants within 30 days of receipt, and should be sent to the attention of Andrew LeGrand at Gibson, Dunn & Crutcher. Each Request for Admission is subject to the Definitions and Instructions listed below.

**DEFINITIONS**

Except as specifically defined below, the terms used in these Requests shall be construed and defined in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of Texas, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1

Defendants reserve their right to alter, supplement, amend, correct, clarify, or otherwise modify these Requests as discovery remains ongoing.

1. "Advertisers" means companies, organizations, individuals, or entities that pay to advertise or promote products, goods, services, or concepts, by purchasing space—including but not limited to advertisers referenced in Plaintiff's First Amended Complaint, ECF No. 37: Apple, Bravo, IBM, Oracle, Xfinity, Lions Gate Entertainment, Disney, Warner Brothers Discovery, Paramount Global, NBCUniversal, Comcast, Sony, Ubisoft, Amazon, eBay, Major League Baseball, New York Times Co., Samsung, Sports Illustrated, The Wall Street Journal, USA Today, Office Depot, Nokia, Dish, Bayer, Tyson Foods, Honeywell, Discovery, FanDuel, Thermo Fisher, National Women's Soccer League, the Pittsburgh Steelers, the Atlanta Falcons, Manchester City, DraftKings, FanDuel, T-Mobile, and The Athletic.

2. "Amended Complaint" means Plaintiff's First Amended Complaint, filed at ECF No. 37, in this litigation, *X Corp. v. Media Matters for America et al.*, No. 4:23-cv-01175-O.

3. "Any" or "all" mean "any and all."

4. "Communication" is synonymous in meaning and scope with the term "communication" as used in Local Rule 26, and includes any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes but is not limited to transfers of information via email, report, phone call, letter, text message, Slack, Signal, direct messages on social media platforms, ephemeral messaging applications, instant messaging applications, voicemail message, voice message, written memorandum, note, summary, and other means.

5. "Creator Ads Revenue Sharing" refers to X's program wherein X users share revenue from other verified user's organic impressions of ads displayed in replies to content the user posts on X, as described here on X's website: https://help.twitter.com/en/using-x/creator-ads-revenue-sharing.

6. "Date" means the exact day, month, and year, if ascertainably, or, if not, the best available approximation (including relationship to other events).

7. "Disputed Content" means "extreme" and "fringe" content, as those terms are used in the Amended Complaint, see ECF No. 37 ¶ 9, and includes but is not limited to content expressing skepticism about the Holocaust, content expressing negative views or attitudes regarding Jewish people, Muslim people, Black people, Hispanic or Latino people, women, members of the LGBTQIA+ community, immigrants, non-English speakers, Asian people, or indigenous peoples, and content expressing positive views or attitudes regarding Adolf Hitler, white nationalism, or white supremacism.

8. "Document" is synonymous in meaning and scope to the term "document" as used in Federal Rule of Civil Procedure 34 and Local Rule 26 and includes, but is not limited to, records, reports, lists, data, statistics, summaries, analyses, communications (as defined above), computer discs, tapes, printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

9. "Including" means "including, but not limited to."

10. The "November 16, 2023 Article" refers to the article written by Mr. Hananoki and originally published on November 16, 2023, titled "As Musk endorses antisemitic

conspiracy theory, X has been placing ads for Apple, Bravo, IBM, Oracle, and Xfinity next to pro-Nazi content."

11. The "November 17, 2023 Article" refers to the article written by Mr. Hananoki and originally published on November 17, 2023, titled "X is placing ads for Amazon, NBA Mexico, NBCUniversal, and others next to content with white nationalist hashtags."

12. "Platform" means the social media website operated by X.

13. "Screenshot" means the image of data, captured as displayed on the screen of a computer or mobile device.

14. "Subscription Creators" refers to X's program wherein X users share a portion of the revenue X earns from other users subscribing to receive content from the user, as described here on X's website: https://help.twitter.com/en/using-x/subscriptions-creator.

15. "X" or "Plaintiff" shall mean the Plaintiff in this Matter, X Corp., as well as its predecessor in interest, Twitter, Inc., including both entities' owners, officers, directors, partners, members, managers, employees, representatives, staff, agents, consultants, and anyone acting on their behalf.

16. "You" and "your" means the Plaintiff in this Matter, X Corp., as well as its predecessor in interest, Twitter, Inc., including both entities' owners, officers, directors, partners, members, managers, employees, representatives, staff, agents, consultants, and anyone acting on their behalf.

## INSTRUCTIONS

1. The instructions, definitions, and rules of construction set forth in Rules 26 and 36 of the Federal Rules of Civil Procedure are incorporated herein by reference.

2. These Requests are to be answered separately and fully, in writing and under oath, within thirty (30) days of the date of service on you.

3. If you object or fail to answer any Request, in whole or in part, please state in detail the reasons for your failure to answer, the portion of the Request to which your objection relates, and/or the reason why you are unable to respond to the Request after affirmative inquiry.

4. If you contend that a Request seeks information that is protected from disclosure by the attorney-client or work-product privilege, and such privilege is asserted as a basis for failing to admit or deny the request, please provide a written statement setting forth: (a) the identity of each person from or to whom the information withheld has previously been disclosed or communicated; (b) a brief description of the subject matter of the information; and (c) the legal ground upon which you rely in withholding the information.

5. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all responses that otherwise might be construed to be outside its scope.

6. A reference to an entity, organization, or agency in any of these Requests shall be construed to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, and anyone acting on its behalf.

7. A reference to an entity, organization, or agency in any of these Requests shall be construed to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, and anyone acting on its behalf.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**: Admit that X has revenue sharing programs, including its Subscription Creators and Creators Ad Revenue Sharing programs, wherein X users can be compensated by X for verified users' organic impressions of content they generate or engage with on the Platform.

5

**REQUEST FOR ADMISSION NO. 2**: Admit that as part of X's revenue sharing programs, some users have been compensated by X after posting, creating, or promoting Disputed Content.

**REQUEST FOR ADMISSION NO. 3**: Admit that Elon Musk is responsible—directly or indirectly—for the content that gets posted by the @elonmusk account on the X platform.

**REQUEST FOR ADMISSION NO. 4**: Admit that Elon Musk has publicly expressed negative views about media outlets, journalists, or reporters that have covered X or Musk himself, for reasons other than the accuracy of their reporting.

**REQUEST FOR ADMISSION NO. 5**: Admit that the images of advertisements next to user content reproduced in the November 16, 2023 Article and the November 17, 2023 Article are authentic reproductions of pairings that occurred on the X Platform, as opposed to Photoshopped or otherwise digitally altered images.

**REQUEST FOR ADMISSION NO. 6**: Admit that multiple advertisers terminated, ceased, suspended, or otherwise discontinued their business relationship with X because of Disputed Content appearing on the X platform between October 27, 2022 and November 16, 2023.

**REQUEST FOR ADMISSION NO. 7**: Admit that more advertisers terminated, ceased, suspended, or otherwise discontinued their business relationship with X during the period from April 14, 2022 to November 15, 2023 than during the period from September 13, 2020 to April 13, 2022.

**REQUEST FOR ADMISSION NO. 8**: Admit that Elon Musk made the following statements on November 29, 2023, at *The New York Times'* DealBook Summit: "I hope they stop. Don't advertise." "If somebody is going to try to blackmail me with advertising, blackmail me with money, go fuck yourself." "Go fuck yourself. Is that clear? I hope it is."

Dated May 6, 2024.

*/s/ Andrew LeGrand*

| | |
|---|---|
| **GIBSON, DUNN & CRUTCHER LLP**<br>Andrew LeGrand (TX 24070132)<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201<br>T: (214) 698-3100<br>F: (214) 571-2960<br>alegrand@gibsondunn.com<br><br>Theodore J. Boutrous, Jr.* (CA 132099)<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>T: (213) 229-7000<br>F: (213) 229-7520<br>tboutrous@gibsondunn.com<br><br>Amer S. Ahmed* (NY 4382040)<br>200 Park Avenue<br>New York, New York 10166<br>T: (212) 351-4000<br>F: (212) 351-4035<br>aahmed@gibsondunn.com | **ELIAS LAW GROUP LLP**<br>Abha Khanna* (WA 42612)<br>1700 Seventh Avenue, Suite 2100<br>Seattle, WA 98101<br>T: (206) 656-0177<br>F: (206) 656-0180<br>akhanna@elias.law<br><br>Aria C. Branch (DC 1014541)<br>Jacob D. Shelly* (DC 90010127)<br>Elena Rodriguez Armenta* (DC 90018798)<br>Daniela Lorenzo* (DC 90022335)<br>250 Massachusetts Ave, NW Suite 400<br>Washington, D.C. 20001<br>T: (202) 968-4490<br>F: (202) 986-4498<br>abranch@elias.law<br>jshelly@elias.law<br>erodriguezarmenta@elias.law<br>dlorenzo@elias.law<br><br>* Admitted *pro hac vice* |

*Counsel for Defendants Media Matters for America, Eric Hananoki, and Angelo Carusone*

7