# Exhibit G

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **X CORP.**, | |
| Plaintiff, | |
| | |
| vs. | Case No. 4:23-cv-01175-O |
| | |
| **MEDIA MATTERS FOR AMERICA**, et al. | |
| Defendants. | |

**PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff X Corp. serves its Responses and Objections to Defendants' First Set of Requests for Production on Defendants Media Matters for America, Eric Hananoki, and Angelo Carusone, by and through their counsel of record, on June 12, 2024.

Dated: June 12, 2024

Respectfully submitted.

*/s/ Christopher D. Hilton*
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
Alexander M. Dvorscak
Texas Bar No. 24120461
**STONE | HILTON PLLC**
1115 W. Slaughter Lane
Austin, TX 78748
Telephone: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
alex@stonehilton.com

John C. Sullivan
Texas Bar No. 24083920
**S|L LAW PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on counsel for Defendants via email on June 12, 2024, pursuant to counsel's agreement to accept service via electronic means.

*/s/ Alexander M. Dvorscak*
Alexander M. Dvorscak

## INSTRUCTIONS

X will produce documents responsive to each of Defendants' requests on a rolling basis as if the request in question was rewritten to remove the objectional portion of the request, in accordance with X's objections and response. X will only produce documents in its possession, custody, and control that it is able to locate after a reasonable search and only upon the court's entry of a protective order in the above-captioned action. X will not search for or produce public documents or documents in the possession of third parties. X will not produce any privileged documents, which will be withheld and logged, if required, in accordance with the Parties' agreements regarding privilege. Production of documents pursuant to these requests does not bear on the admissibility of any document, and X expressly reserves the right to object to the documents' admissibility.

## RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1**: All documents and communications related to or describing X's algorithm, the X systems and processes, as that term is used in Plaintiff's First Amended Complaint, ECF No. 37, that, among other things, determines what content is presented to each X user, including any and all prior versions previously used by X.

**OBJECTIONS:** X objects that this request is unduly burdensome and disproportionate to the needs of the case because it improperly seeks the production of all documents related to X's algorithm without limitation to documents relevant to this litigation, which only concerns X's algorithm insofar as Defendants were able to manipulate it into creating highly misleading screenshots. X has myriad, complex algorithms for thousands of unique purposes and functions that bear no relationship to the claims or defenses in this matter, but the request sweeps them in regardless. X further objects as the request calls for the production of highly sensitive and

confidential information (the suggestion algorithm) that constitutes a trade secret, the disclosure of which could be highly negative and destructive to X's commercial position in the marketplace of social media companies. The request is also disproportionate and unduly burdensome because it is not limited to specific individuals who have relevant knowledge and as such is likely to require the production of irrelevant documents.

**RESPONSE:** X is willing to meet and confer with Defendants concerning the production of X's timeline algorithm and will search for and produce documents related to Defendants' manipulation of the timeline algorithm, including non-privileged internal communications and documents related to X's investigation concerning the manipulation of its timeline algorithm, if any, after conferring with Defendants on the limited set of custodians who are likely to possess relevant knowledge.

**REQUEST FOR PRODUCTION NO. 2**: All documents and communications related to the November 16, 2023 Article and/or the November 17, 2023 Article, including the activity and statements discussed therein.

**OBJECTIONS:** X objects that the request is unduly burdensome and disproportionate to the needs of the case because it is not limited to specific individuals who have relevant knowledge and as such is likely to require the production of irrelevant documents.

**RESPONSE:** X will search for and produce documents responsive to this request after conferring with Defendants on the limited set of custodians who are likely to possess relevant knowledge.

**REQUEST FOR PRODUCTION NO. 3**: All documents and communications describing any policies and practices X uses to identify Disputed Content on the Platform.

**OBJECTIONS:** X objects that this request is unduly burdensome and disproportionate to the needs of the case because as worded, it potentially encompasses documents and communications to and from every employee of the company, at every level; communications with hundreds of millions of users regarding the terms and conditions and policies governing posts on the platform; and communications related to posts and content that has nothing to do with the content referenced in Defendants' Articles but which might conceivably fall under Defendants' broad definition of "Disputed Content" without having any relevance to the claims in this case. X also objects to the extent the request could be interpreted as calling for the production of confidential and highly sensitive source code that is a trade secret, disclosure of which could be highly negative and destructive to X's commercial position in the marketplace of social media companies.

**RESPONSE:** X's content moderation policies are publicly available at https://help.x.com/en/rules-and-policies/x-rules. X will also search for and produce any prior versions of those policies that have been in effect since April 2021.

**REQUEST FOR PRODUCTION NO. 4**: All documents and communications concerning content moderation on the Platform.

**OBJECTIONS:** X objects that this request is unduly burdensome and disproportionate to the needs of the case because it potentially encompasses documents from every employee of the company, at every level; communications with hundreds of millions of users regarding the terms and conditions and policies governing posts on the platform; and communications related to posts and content that has nothing to do with the content referenced in Defendants' Articles but which might conceivable fall under Defendants' broad definition of "Disputed Content" without having any relevance to the claims in this case. X also objects to the extent the request could be interpreted

5

as calling for the production of confidential and highly sensitive source code that is a trade secret, disclosure of which could be highly negative and destructive to X's commercial position in the marketplace of social media companies.

**RESPONSE:** X's content moderation policies are publicly available at https://help.x.com/en/rules-and-policies/x-rules. X will also search for and produce any prior versions of those policies that have been in effect since April 2021. X will additionally produce all communications related to content moderation on the platform that also relate to the Articles after conferring with Defendants on the limited set of custodians who are likely to possess relevant knowledge.

**REQUEST FOR PRODUCTION NO. 5**: All documents and communications, including screenshots, reflecting or referring to Disputed Content on the Platform.

**OBJECTIONS:** X objects that this request is unduly burdensome and disproportionate to the needs of the case because it potentially encompasses documents from every employee of the company, at every level; communications with potentially hundreds of millions of users regarding the terms and conditions and policies governing posts on the platform; and would require the review and production of one of the billions of posts and content made during the relevant time period that has nothing to do with the content referenced in Defendants' Articles but which might conceivable fall under Defendants' broad definition of "Disputed Content" without having any relevance to the claims in this case. X further objects that many users' posts on the Platform are public, and so are equally available to Defendants as they are to X.

**RESPONSE:** X will search for and produce the "Disputed Content" that is specifically referenced in the Articles. X will additionally produce all communications related to the "Disputed Content"

referred to in the Articles after conferring with Defendants on the limited set of custodians who are likely to possess relevant knowledge.

**REQUEST FOR PRODUCTION NO. 6**: All documents and communications, including draft and completed contracts, agreements, and memoranda of understanding, describing or showing evidence of existing or prospective business relationships between X and any of the advertisers referenced in the Amended Complaint or identified in response to Interrogatories 1 and 4 in Defendants' First Set of Interrogatories.

**OBJECTIONS:** X objects to the scope of the request because the drafts and pre-contractual documents of contracts which were later executed are irrelevant to X's claims for interference with the executed contracts. X also objects because the request is unduly burdensome and disproportionate to the needs of the case for calling for the production of all communications with hundreds of thousands of advertisers including the production of communications which predate the publication of the Article by months or years, and which are not relevant to Defendants' interference with their business relationship with X. The request is also unduly burdensome and disproportionate to the needs of the case as it is not limited to specific individuals who have relevant knowledge and as such is likely to require the production of irrelevant documents.

**RESPONSE:** X will search for and produce all executed contracts between X and any of the advertisers referenced in X's response to Interrogatory 1 and 4 in existence on November 16, 2023. X will additionally produce communications relating to the Articles and/or an advertiser's decision to cease or reduce spending on the X platform between itself and the advertisers listed in X's response to Interrogatory 1 and 4 from November 16, 2023 to present after conferring with Defendants on a limited set of custodians who are likely to possess relevant knowledge.

**REQUEST FOR PRODUCTION NO. 7**: All communications with X's past, present, or potential advertisers regarding their decision to advertise or not to advertise on the Platform, including but not limited to all communications reflecting the reasoning behind their decision to advertise or not to advertise on the Platform.

**OBJECTIONS:** X objects because the request is unduly burdensome and disproportionate to the needs of the case for calling for the production of all communications with advertisers including the production of communications which predate the publication of the Article by months or years, and which are not relevant to Defendants' interference with their business relationship with X. X further objects because communications with past advertisers who were not advertisers at the time of the Article are irrelevant to X's claim that Defendants interfered with its current and prospective advertisers through Defendants' tortious conduct. The request is also overly broad and unduly burdensome as it is not limited to specific individuals who have relevant knowledge and as such is likely to require the production of irrelevant documents.

**RESPONSE:** X will search for and produce communications relating to the Articles and/or any decision to cease or reduce spending on the X platform by the advertisers listed in X's response to Interrogatory 4 from November 16, 2023, to present, after conferring with Defendants on a limited set of custodians who are likely to possess relevant knowledge.

**REQUEST FOR PRODUCTION NO. 8**: All documents and communications discussing or mentioning Media Matters, Mr. Hananoki, and/or Mr. Carusone.

**OBJECTIONS:** X objects that this request is unduly burdensome and disproportionate to the needs of the case because many of the documents and communications possessed by X that would

be responsive to the request as written are likely to be subject to attorney-client privilege and would therefore require an expensive and unduly burdensome privilege review. The request is also overly broad and unduly burdensome as it is not limited to specific individuals who have relevant knowledge and as such is likely to require the production of irrelevant documents. Moreover, the request calls for the production of documents which are not relevant to the claims and defenses at issue: what X employees think about or have discussed about Defendants is not probative to the accuracy of Defendants so-called reporting or their interference with third-party advertisers.

**RESPONSE:** X will search for and produce all documents and communications that refer to the November 16 and 17 Articles published by Media Matters and the TV appearances of Carusone after conferring with Defendants on the limited set of custodians who are likely to possess relevant knowledge.

**REQUEST FOR PRODUCTION NO. 9**: All documents or communications showing X's business revenue generated from advertisements on the Platform in monthly installments or any term in which X maintains these records from April 14, 2021, to the present.

**OBJECTIONS:** X objects that this request is unduly burdensome and disproportionate to the needs of the case as the communications of X employees regarding the advertising revenue is not relevant to the damages X seeks in this case which can be determined solely based on the financial records themselves. The request is also overly broad because it is not limited to specific individuals who have relevant knowledge and as such is likely to require the production of irrelevant documents. X further objects because this request seeks information that could be more easily and less burdensomely addressed in response to an interrogatory.

**RESPONSE:** X will search for and produce documents sufficient to show the revenue that X generates from the advertisers listed in X's response to Interrogatory 4 on a monthly basis from April 14, 2021, to the present.

**REQUEST FOR PRODUCTION NO. 10**: All documents and communications regarding Your connection with or presence in the jurisdiction of the U.S. District Court for the Northern District of Texas.

**OBJECTIONS:** X objects that this request is unduly burdensome and disproportionate to the needs of the case because it is not limited to specific individuals who have relevant knowledge and as such is likely to require the production of irrelevant documents.

**RESPONSE:** X will search for and produce documents reflecting communications with advertisers located within the Northern District of Texas who were affected by Defendants' tortious conduct, including but not limited to AT&T, after conferring with Defendants on the limited set of custodians who are likely to possess relevant knowledge.

**REQUEST FOR PRODUCTION NO. 11**: All communications with any elected or appointed public official, including but not limited to Texas Attorney General Ken Paxton and Missouri Attorney General Andrew Bailey, their staff, employees, and/or representatives regarding Media Matters, Mr. Hananoki, Mr. Carusone, and/or any of the allegations made in the Amended Complaint.

**OBJECTIONS**: X objects that this request is unduly burdensome and disproportionate to the needs of the case because is not limited to specific individuals who have relevant knowledge and as such is likely to require the production of irrelevant documents.

**RESPONSE**: X will search for and produce documents responsive to this request after conferring with Defendants on the limited set of custodians who are likely to possess relevant knowledge.

**REQUEST FOR PRODUCTION NO. 12**: All documents and communications regarding the removal or destruction of the personal or business physical cellular phone in the possession of X's owner, Elon Musk, or the removal, discontinuation, or otherwise termination of Musk's personal or business cellular phone service, since November 2023.

**OBJECTIONS:** X objects that this request is an improper fishing expedition. Elon Musk is not a plaintiff or defendant in this litigation, and any cell phone that he possesses or did possess has no bearing on the claims or defenses asserted here. X also objects because the request is harassing in so far as it seeks to attack Musk personally and suggests he did something improper without any evidence to support such an accusation and without any claim to which his cell phone would be relevant.

**RESPONSE:** X will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13**: All documents and communications regarding payments made to X users related to X's revenue sharing programs, including their Subscription Creators and Creator Ads Revenue Sharing programs.

**OBJECTIONS:** X objects that this request is unduly burdensome and disproportionate to the needs of the case because it potentially encompasses seeks all communications with X's users that participate in the X's creator revenue sharing programs as well as all internal communications about the program and managing that program, little to none of which is relevant to the claims and defenses in this case.

**RESPONSE:** X's policies governing the Creator Subscriptions and Ads Revenue Sharing programs are available at https://help.x.com/en/using-x/creator-ads-revenue-sharing. X will not produce documents regarding the payment amounts made to X users related to X's revenue sharing programs, as those payments are not relevant to this litigation.

**REQUEST FOR PRODUCTION NO. 14**: All documents and communications describing available means on X for users to control or change the advertisements they see on the Platform, including any filters for advertisements that can be used for new and existing users of the Platform.

**OBJECTIONS:** X objects that this request is unduly burdensome and disproportionate to the needs of the case because it seeks to capture all communications and documents related to how advertisements are viewed on the Platform without any appropriate limiting criteria. X also objects that the request is unduly burdensome because the Platform is publicly accessible, and thus, Defendants can observe for themselves which mechanisms are available to users of the Platform. X additionally objects because the request could be interpreted to call for the production of confidential and highly sensitive source code that is a trade secret, disclosure of which could be highly negative and destructive to X's commercial position in the marketplace of social media companies. The request is also overly broad and unduly burdensome as it is not limited to specific individuals who have relevant knowledge and as such is likely to require the production of irrelevant documents.

**RESPONSE:** X will search for and produce its policies and documents made available to users of the Platform regarding how users can control or change the advertisements they see on the Platform. X will additionally produce all documents and communications related to the manipulation of X's algorithm and the advertisements that were published in the Defendants'

Articles after conferring with Defendants on the limited set of custodians who are likely to possess relevant knowledge.

**REQUEST FOR PRODUCTION NO. 15**: Documents sufficient to show X's organizational structure, including Board membership, leadership structure, and that of any affiliated or related entities.

**OBJECTIONS:** X objects as the request is vague in so far as it refers to "X" generally pursuant to a broad defined term, rather than to any one specific legal entity. X will interpret this request as if it was limited solely to X Corp. X further objects that if the request is not limited to just X Corp., then it is overly broad and unduly burdensome, as the organizational structure of the various corporate affiliates have no relevance on any claim or defense in this litigation.

**RESPONSES:** X will search for and produce documents sufficient to show the organizational structure of X Corp.

**REQUEST FOR PRODUCTION NO. 16**: Documents sufficient to identify individuals, representatives, or employees responsible for or involved with content moderation on the Platform, including individuals, representatives, or employees responsible for or involved with developing policies for content moderation on the platform.

**OBJECTIONS:** X objects as the identity of individuals involved with content moderation on the Platform is not relevant to the claims or defenses at issue in this litigation as it is not probative as to either the accuracy of Defendants' so-called reporting or to their interference with X's advertisers. X also objects because the request is vague as the individuals involved in content moderation changes over time and the request does not state a time that Defendants are interested

in—X will accordingly interpret this request as calling for the production of documents sufficient to identify the content moderation team as it existed on November 16, 2023 when the Article was published. X further objects because this request seeks information that could be more easily and less burdensomely addressed in response to an interrogatory.

**RESPONSE:** X will produce documents sufficient to identify the individuals responsible for developing its content moderation policies as of November 16, 2023.


**REQUEST FOR PRODUCTION NO. 17**: All documents or communications regarding the cessation, suspension, termination, or otherwise discontinuance of a business or transactional relationship between X and its advertisers.

**OBJECTIONS**: X objects because the request is unduly burdensome and disproportionate to the needs of the case for calling for the production of all communications with advertisers including the production of communications which predate the publication of the Article by months or years, and which are not relevant to Defendants' interference with their business relationship with X. X further objects because communications with past advertisers who were not advertisers at the time of the Article are irrelevant to X's claim that Defendants interfered with its current and prospective advertisers through Defendants' tortious conduct. The request is also unduly burdensome and disproportionate to the needs of the case because is not limited to specific individuals who have relevant knowledge and as such is likely to require the production of irrelevant documents.

**RESPONSE**: X will search for and produce documents relating to the advertisers listed in X's response to Interrogatory 4, from November 16, 2023 to present, that are responsive to this request after conferring with Defendants on the limited set of custodians who are likely to possess relevant knowledge.

**REQUEST FOR PRODUCTION NO. 18**: All documents concerning, and communications with, any public relations, advertising, marketing, communications, or similar firm, group, or business that You have contracted with, or that you have contacted in any capacity in connection with the November 16, 2023 Article or the November 17, 2023 Article.

**OBJECTIONS**: X objects that this request is unduly burdensome and disproportionate to the needs of the case because it is not limited to specific individuals who have relevant knowledge and as such is likely to require the production of irrelevant documents.

**RESPONSE**: X will search for and produce responsive documents, if any, after conferring with Defendants on a limited set of custodians who are likely to possess relevant knowledge.

**REQUEST FOR PRODUCTION NO. 19**: All documents and communications related to or reflecting Your knowledge or understanding of Media Matters's business operations, strategies, partnerships, staff, donors, directors, reporting, or day-to-day activities.

**OBJECTIONS**: X objects that this request constitutes an improper fishing expedition because what X knows or understands about Media Matters is not probative as to the truth of Defendants' so-called reporting or their interference with X's advertisers. Moreover, Defendants have no defense in which X's state of mind is an element. X thus objects that any responsive documents would be irrelevant.

**RESPONSE**: X will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20**: All documents and communications related to or reflecting X's Board's knowledge or understanding of Media Matters's business operations, strategies, partnerships, staff, donors, directors, reporting, or day-to-day activities.

**OBJECTIONS**: X objects that this request constitutes an improper fishing expedition because what X knows or understands about Media Matters is not probative as to the truth of Defendants' so-called reporting or their interference with X's advertisers. Moreover, Defendants have no defense in which X's state of mind is an element. X thus objects that any responsive documents would be irrelevant.

**RESPONSE**: X will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 21**: All documents and communications related to or reflecting X's employees' knowledge or understanding of Media Matters's business operations, strategies, partnerships, staff, donors, directors, reporting, or day-to-day activities.

**OBJECTIONS**: X objects that this request constitutes an improper fishing expedition because what X knows or understands about Media Matters is not probative as to the truth of Defendants' so-called reporting or their interference with X's advertisers. Moreover, Defendants have no defense in which X's state of mind is an element. X thus objects that any responsive documents would be irrelevant.

**RESPONSE**: X will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:** All documents and communications related to or reflecting X's advertisers' and agencies' involvement in or knowledge or understanding of Media

Matters's business operations, strategies, partnerships, staff, donors, directors, reporting, or day-to-day activities.

**OBJECTIONS**: The request is unduly burdensome and disproportionate to the needs of the case because it is not limited to specific individuals who have relevant knowledge and as such is likely to require the production of irrelevant documents.

**RESPONSE**: X will produce documents responsive to this request after conferring with Defendants on the limited set of custodians who are likely to possess relevant knowledge.

**REQUEST FOR PRODUCTION NO. 23**: All internal documents and communications with or about media organizations, reporters, or journalists regarding reporting about X, its employees, its directors, or Elon Musk.

**OBJECTIONS**: X objects that this request is unduly burdensome and disproportionate to the needs of the case because it seeks the production of documents of irrelevant documents. Defendants cannot establish that it is appropriate to require X to search for all communications with the media without limitation to the subjects at issue in this litigation. The request is also unduly burdensome and disproportionate in that it is not limited to specific individuals who have relevant knowledge and as such is likely to require the production of irrelevant documents.

**RESPONSE**: X will search for and produce documents about Media Matters, Hananoki, and Carusone after conferring with Defendants on the limited set of custodians who are likely to possess relevant knowledge.

**REQUEST FOR PRODUCTION NO. 24**: All documents and communications demonstrating a connection between the November 16, 2023 Article, the November 17, 2023 Article, and/or Mr.

Carusone's November 26, 2023 interview statements and the withdrawal or attempted withdrawal of any of X's advertisers from the Platform.

**OBJECTIONS**: X objects because the request is unduly burdensome and disproportionate to the needs of the case for calling for the production of all communications with advertisers without limiting to the advertisers who form the basis of X's claims against Defendants. The request is also unduly burdensome and disproportionate to the needs of the case because is not limited to specific individuals who have relevant knowledge and as such is likely to require the production of irrelevant documents.

**RESPONSE**: X will search for and produce documents relating to the advertisers listed in X's response to Interrogatory 4, from November 16, 2023 to present, that are responsive to this request.


**REQUEST FOR PRODUCTION NO. 25**: All documents and communications related to X suspending or terminating user accounts on the Platform, including but not limited to the processes by which such suspended or terminated user accounts are or have been reinstated.

**OBJECTIONS**: X objects because the request is unduly burdensome and disproportionate to the needs of the case because it requests the production of a large quantity of documents which are not relevant to X's claims in this litigation as the suspense, termination, or reinstation of any user on the Platform is not probative to either the accuracy of Defendants' so-called reporting or Defendants' interference with X's advertisers. The request is overly broad and unduly burdensome as it is not limited to specific individuals who have relevant knowledge and as such is likely to require the production of irrelevant documents.

**RESPONSE**: X will search for and produce summary analytics showing the number of users suspended on the Platform during the requested time period as well as public documents reflecting X's policies for suspending, terminating, and reinstating users' accounts.

**REQUEST FOR PRODUCTION NO. 26**: All documents and communications related to Elon Musk's activity on the X platform, including Musk's engagement with Disputed Content on the Platform, and any allegations that Musk has violated X's user agreement, terms of service, rules and policies, or content moderation policies.

**OBJECTIONS**: X objects that this request is harassing and a fishing expedition. Musk's actions on the Platform are not probative to the accuracy of Defendants' so-called reporting or Defendants' interference with X's advertisers. Musk is not a plaintiff and there is no allegation that he is the alter ego of Plaintiff.

**RESPONSE**: X will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 27**: All documents and communications related to the manner in which "views," as that term is used on social media platforms, meaning a measure of how many times a visitor on a social media platform engages with certain content, are generated on X.

**OBJECTIONS**: X objects because the request is unduly burdensome and disproportionate to the needs of the case because communications regarding how X calculates "views" encompasses a large number of highly irrelevant documents that is not probative to the accuracy of Defendants' so-called reporting or their interference with X's advertisers. X also objects because the request is not limited to specific individuals who have relevant knowledge and as such is likely to require

19

the production of irrelevant documents. X further objects because this request seeks information that could be more easily and less burdensomely addressed in response to an interrogatory. X additionally objects to the extent the request could be interpreted as calling for the production of confidential and highly sensitive source code related to the calculation of views that is a trade secret, disclosure of which could be highly negative and destructive to X's commercial position in the marketplace of social media companies.

**RESPONSE**: X will search for and produce documents sufficient to understand how X calculates views on the Platform.

**REQUEST FOR PRODUCTION NO. 28**: All documents and communications related to the termination or suspension of any current or former employee of X for reasons related to content moderation or Disputed Content on X.

**OBJECTIONS**: X objects that this request constitutes an improper fishing expedition because whether any employee was terminated for reasons related to content moderation is not an element of any claim or defense that either party has asserted and is not probative to determining either the accuracy of Defendants' so-called reporting or their interference with X's advertisers.

**RESPONSE**: X will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 29**: All public statements made by Musk—including but not limited to public statements made on the Platform, on other social media platforms, and in media interviews—as to Jewish people, Muslim people, Black people, Hispanic or Latino people, women, members of the LGBTQIA+ community, immigrants, non-English speakers, Asian

people, and/or indigenous people, and any documents and communications regarding those statements.

**OBJECTIONS**: X objects that this request is harassing, unduly burdensome, and disproportionate to the needs of the case. Musk's statements on the Platform or elsewhere are not probative to the accuracy of Defendants' so-called reporting or Defendants' interference with X's advertisers. Musk is not a plaintiff and there is no allegation that he is the alter ego of Plaintiff. X also objects because the request calls for the production of public statements that are equally available to Defendants as they are to X.

**RESPONSE**: X will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 30**: All documents and communications identified in response or related to any response provided to Defendants' Requests for Admission or Interrogatories.

**OBJECTIONS**: None.

**RESPONSE**: X will search for and produce documents responsive to this request.