IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| X CORP., § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 4:23-cv-01175-O |
| § | |
| MEDIA MATTERS FOR AMERICA, et al., § § § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' Motion to Compel Corrected Certificate of Interested Persons (ECF No. 73), Brief in Support (ECF No. 74) filed June 17, 2024; Plaintiff's Response (ECF No. 78), filed July 8, 2024; and Defendants' Reply (ECF No. 79), filed July 22, 2024. Having considered the briefing and applicable law, the Court **DENIES** Defendants' Motion to Compel Corrected Certificate of Interested Persons (ECF No. 73).

**I.   BACKGROUND**[1]

On November 20, 2023, X Corp. ("Plaintiff" or "X") brought this action against Media Matters for America, Eric Hananoki, and Angelo Carusone ("Defendants") for interference with contract, business disparagement, and interference with prospective economic advantage. Pursuant to these claims, Plaintiff alleges that Defendants knowingly and maliciously fabricated side-by-side images of various advertisers' posts on Plaintiff's social media platform "X" depicted next to neo-Nazi content, and portrayed these designed images as if they were what the average user

---

[1] Unless otherwise indicated, the recitation of background facts is taken from Plaintiff's Amended Complaint (ECF No. 37).

1

experiences on the X platform. Plaintiff alleges that Defendants proceeded with this course of action in an effort to publicly portray X as a social platform dominated by neo-Nazism and anti-Semitism, and thereby alienate major advertisers, publishers, and users away from the X platform.

On June 17, 2024, Defendants filed this Motion to Compel Corrected Certificate of Interested Persons. Specifically, Defendants seek to compel X to amend their initial filing with the Court to reflect Tesla, Inc. ("Tesla") as an interested party.

## II.     LEGAL STANDARD

Rule 7 of the Federal Rules of Civil Procedure requires a corporate party to "identif[y] any parent corporation and any publicly held corporation owning 10% or more of its stock." Fed. R. Civ. Pr. 7.1(a). Local Rule 3.1(c) operates as an additional disclosure requirement to the Court to help "determine whether recusal is required."[2] *Nieves v. John Bean Techs. Corp.*, No. 3:13-CV-4059-D, 2014 WL 2587577, at *2 n.5 (N.D. Tex. June 10, 2014). The rule requires litigants in the Northern District of Texas to file "a complete list of all persons. . . or other legal entities that are *financially interested* in the outcome of the case." L.R. 3.1 (emphasis added).

Both disclosure requirements, Rule 7 of the Federal Rules of Civil Procedure and Local Rule 3.1, build upon the recusal concerns embodied in the Code of Conduct for United States Judges. The "corporate relationships that must be disclosed under Rule 7.1 are those that might warrant a judge's disqualification based on a holding in such an entity." *Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 542 (5th Cir. 2022); *See* Fed. R. Civ. P. 7.1 2002 committee note (The information required by Rule 7.1(a) reflects the "financial interest" standard of Canon 3C(1)(c) of the Code of Conduct for United States Judges.) As such, Rule 7 and Local Rule 3.1

---

[2] *See* Rule 7.1 Advisory Committee's note (2002 Adoption) ("Although the disclosures required by Rule 7.1(a) may seem limited, they are calculated to reach a majority of the circumstances that are likely to call for disqualification on the basis of financial information that a judge may not know or recollect.").

2

incorporate the definition of "financially interested" from the Code of Conduct. Financial interest "means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party." *See* 28 U.S.C. § 455(d)(4).

In 28 U.S.C. § 455(b)(4), "financial interest" is differentiated from "any other interest that could substantially affect the outcome of the proceeding." *Compare* 28 U.S.C. § 455(d)(4) *with* 28 U.S.C. § 455(b)(4); *see also In re New Mexico Natural Gas Antitrust Litigation*, 620 F.2d 794, 796 (10th Cir. 1980) (". . . [A] remote, contingent benefit, such as a possible beneficial effect on future utility bills, is not a 'financial interest' within the meaning of the statute. It is an 'other interest,' requiring disqualification under a 'substantially affected' test.") (citing *In Re Virginia Elec. & Power Co.*, 539 F.2d 357 (4th Cir. 1976)).

**III.    ANALYSIS**

    **A.  The Motion is Procedurally Proper.**

As a preliminary matter, a motion to compel a corrected certificate of interested persons is procedurally proper. A motion to compel is proper when it seeks a correction in a certificate of interested persons—if one is needed. For example, courts have granted motions to compel under Rule 7.1 for information pertaining to diversity jurisdiction and contact information of a parent company when not otherwise known. Fed R. Civ. Pro. 7.1(b); *See*, e.g.*, Carr v. IF&P Holding Co. LLC*, No. 22-480, 2024 WL 1675185, at *1, 5–6 (E.D. La. Apr. 18, 2024)(requiring disclosure statements stating the "names and citizenship of individuals or entities whose citizenship [was] attributable to the defendants"); *Driver Opportunity Partners I, LP v. Ameriserv Fin., Inc.*, No. 3:22-CV-237, 2023 WL 4711158, at *1, 4 (W.D. Pa. July 24, 2023)(ordering the plaintiff to disclose the name and citizenship of all its partners);. *Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*, 312 F.R.D. 673, 675 (S.D. Ga. 2016) (ordering the defendant to file a "corporate disclosure

3

statement that lists 'any parent corporation'"). While neither Rule 7.1 nor Local Rule 3.1 authorize a motion to compel, it is an appropriate avenue to seek judicial relief.[3]

### B. Tesla is not a "financially interested" party.

Media Matters seemingly concedes that the proper analysis is Section 455(b)(4)'s financial interest standard, which requires disclosures of legal or equitable interests.[4] Defendants argue that Tesla is a financially interested party because (1) "Tesla stands to gain if X prevails at trial—and to lose if X does not."; (2) Elon Musk's ("Musk") testimony will be central to this case; and (3) Defendants intend to use Musk's behavior as a defense in this trial.[5] These purported interests do not rise to the level of a financial interest.

First, there is no evidence that shows Tesla has a direct financial interest in the outcome of this case. Tesla neither directly nor indirectly holds equity in X, Tesla is not a director or advisor, and it does not participate in the affairs of X. In other words, there is no indication that Tesla has any control over X or any financial ties to X, and Defendants do not claim as much.[6] The question for disclosure is whether Tesla has a "legal or equitable interest" in X. Defendants merely point to news articles that report some blurred lines between Tesla and X that do not rise to the level of financial interest. These articles do not amount to evidence of a financial interest. Tesla is a publicly traded company, with tens of thousands of stockholders, its own board of directors, and

---

[3] The Court is aware of and concerned by Defendants timing as it relates to this Motion. The *best* time to make the motion to compel correction would be at the start of the case, not after the case has been pending for more than seven months. Additionally, no change in circumstances as it relates to Elon Musk's minority share in Tesla or purchase of X, formally Twitter, adequately explains the delay in the motion. Local Rule 3.1 is not an avenue for gamesmanship and such conduct is not permissible in this Court. *See Dondi Properties Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284, 286 (N.D. Tex. 1988)(emphasizing that "Judges and magistrates of this court are required to devote substantial attention to refereeing abusive litigation tactics that range from benign incivility to outright obstruction. Our system of justice can ill-afford to devote scarce resources to supervising matters that do not advance the resolution of the merits of a case.").

[4] *See* Defs.' Reply in Supp. of Mot. to Compel at 2, ECF No. 79.
[5] Defs.' Br. In Supp. of Mot. to Compel at 12–13, ECF No. 74.
[6] *See* Defs.' Reply in Supp. of Mot. to Compel at 3, ECF No. 79.

external auditors. X is a privately owned company. The mere assertions that Musk owns a constellation of companies, some former Tesla employees now work at X, and that Tesla leased workspace from X do not support a finding that Tesla and X are not separate legal entities or that they share a financial interest.

Second, Defendants' contention that Tesla indirectly holds legal or equitable interest in X is speculative, and without evidentiary support. Defendants claim that Musk's personal ties both to Tesla and X warrant disclosure. Defendants largely claim that Tesla and X's value are inextricably linked because of Musk. To support this contention, Defendants allege that (1) Tesla's share price dropped because Musk sold Tesla shares to purchase X; (2) Tesla shares fell in response to Musk's attack on advertisers; and (3) analysts' predictions that further losses at X could lead to Musk selling Tesla stock.[7] But these assertions are speculative.[8]

A "speculative interest is not a financial interest within the meaning of the recusal statute." *In re Placid Oil Co.*, 802 F.2d 783, 787 (5th Cir. 1986). A party to the lawsuit must "provide financial information that enables the judge to determine whether recusal is required based on the judge's financial self-interest." *Nieves*, 2014 WL 2587577, at *2 n.5. Rule 7 of the Federal Rules of Civil Procedure and Local Rule 3.1 do not require the disclosure of "remote, contingent, indirect or speculative interests" since these interests do not implicate the judge's financial self-interest. *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).

At this stage, the Court will not predict what may or may not play a central role in the case or defense. There are numerous variables that impact the price of a stock, and Defendants' sources

---

[7] Defs.' Br. In Supp. of Mot. to Compel at 12–13, 15, ECF No. 74.
[8] As evidence of the alleged "financial interest", Defendants cite to numerous financial articles regarding market predictions and investor confidence. Articles of this nature are definitionally indirect because they rely on the third-party opinions of financial analysis about a person, Musk, who is neither a plaintiff nor defendant in this suit.

affirm as much.[9] As noted above, the operative question for the Court to consider is whether the alleged "financial interest" of Tesla is an "ownership of a legal or equitable interest, however small." 28 U.S.C. § 455(d)(4). The Court determines it is not.

Moreover, businesses often have connections with others without holding a legal or equitable interest. Consider the endless number of interested parties that would have to be disclosed if Defendants disclosure theory prevailed. Every corporation with a shared founder, board member, or known minority shareholder would have to be disclosed under Defendants' reporting standard. Local Rule 3.1 has never been extended to require disclosure of fringe interest unrelated to "legal or equitable interest." *See e.g. Nieves*, 2014 WL 2587577, at *2 n.5; *Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 542 (5th Cir. 2022). And this makes sense because requiring this type of disclosure would create absurd results—potentially requiring any other company with executives on other boards to list those companies as financially interested. This cannot be. Ultimately, there is no indication that Musk's involvement or the Court's rulings in this case will impact Tesla's share price. Thus, Plaintiff's disclosure was sufficient and in compliance with Rule 7.1 and Local Rule 3.1. Defendants' Motion to Compel is **DENIED.**

### C. Attorney's Fees.

Finally, the Court will award attorney's fees on this matter. Rule 37 of the Federal Rules of Civil Procedure permits a court to "issue any protective order authorized under Rule 26(c)." Fed. R. Civ. P. 37(a)(5)(B). A court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" if the

---

[9] *See* Esha Dey, Tesla's Post-Twitter Selloff Pushes Stock to a 17-Month Low, Bloomberg (Nov. 7, 2022), ("Tesla shares have been struggling for the most part this year, swept up in the broader risk-off market trend.") (cited by Defendants in Defs.' Br. In Supp. of Mot. to Compel at footnote 32, ECF No. 74).

motion is denied. *Id.* However, a court "must not order this payment if the motion was substantially justified." *Id.*; *see also*, *Sw. Insulation, Inc. v. Gen. Insulation Co.*, No. 4:15-CV-601-O, 2016 WL 9244822, at *6 (N.D. Tex. Apr. 25, 2016) (O'Connor, J.) (ordering, in calling for addition briefing, that "Defendant must explain whether its nondisclosure, responses, and objections were 'substantially justified'"); *Bldg. Four Shady Oaks Mgmt. LP v. Fed. Deposit Ins. Co.*, No. 3:10-CV-0970-O, 2011 WL 13229001 *2 (N.D. Tex. June 10, 2011) (O'Connor, J.) (ordering an award of fees for motion to compel). A court must give an opportunity to be heard before requiring the party to pay reasonable expenses. *Jackson v. Farmers Ins. Exch.*, No. 2:14-CV-00250-WBS-AC, 2014 WL 7150264, at *6 (E.D. Cal. Dec. 15, 2014).

Here, the Motion to Compel is not substantially justified. "A party is substantially justified in filing a motion to compel when they have a reasonable basis in both law and fact to do so." *Lester v. City of Lafayette*, Colo., No. 13-cv-01997-CMA-MJW, 2015 WL 13613269, at *2 (D. Colo. Feb. 25, 2015) (citing *Pierce v. Underwood*, 487 U.S. 552, 553 (1988)). Accordingly, the Court does not have discretion as to whether attorney's fees will be awarded but instead "must . . . require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B).

Defendants' Motion to Compel does not have a basis in law. It lacks a reasonable basis in law because the motion is motivated by an effort to force recusal, as opposed to disclosure of unknown information. Compelling disclosure is proper only when a party lacks necessary information. *Carr*, 2024 WL 1675185, at *1 (compelling disclosure of *unknown* LLC members); *Steel Erectors*, 312 F.R.D. at 677 (compelling disclosure of an *unknown* parent corporation). The information Defendants seek to compel was not unknown to them.

7

A Motion to Compel Corrected Certificate of Interested Persons when that information was known appears to be unprecedented. Indeed, Defendants did not cite a single case in which a motion to compel a corrected certificate of interested person was brought under this posture, much less one in which the effort was successful under the Local Rule 3.1 "financially interested" standard. Additionally, Defendants' motion has no basis in fact. Local Rule 3.1's clear incorporation of "financial interest" requires "legal or equitable interest." 28 U.S.C. § 455(d)(4). Defendants failed to show facts that X's alleged connection to Tesla meets this standard. Instead, it appears Defendants seek to force a backdoor recusal through their Motion to Compel. Gamesmanship of this sort is inappropriate and contrary to the rules of the Northern District of Texas.[10] Accordingly, Defendants' Motion is not substantially justified and attorney's fees are appropriate.

## IV.    CONCLUSION

Having considered the arguments, evidence, and applicable law, the Court concludes that Defendants have not met their burden of proving that Plaintiff X. Corp must correct its certificate of interested persons to include Tesla as an interested party. For the foregoing reasons, the Court **DENIES** Defendants' Motion to Compel Corrected Certificate of Interested Persons (ECF No. 73). Based on the foregoing, Plaintiff **SHALL** file its motion for attorney's fees.

**SO ORDERED** on this **16th** day of **August, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[10] *Dondi Properties Corp.*, 121 F.R.D. at 286.