UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| X CORP., <br>      Plaintiff, <br><br>    v. <br><br> MEDIA MATTERS FOR AMERICA, <br> et al., <br>      Defendants. | Civil Action No. 4:23-cv-01175-O |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

  Defendants Media Matters for America ("Media Matters"), Angelo Carusone, and Eric Hananoki answer Plaintiff X Corp.'s First Amended Complaint, ECF No. 37, and provide affirmative defenses to Plaintiff's claims as follows:

  1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and therefore deny the allegations.

  2. Media Matters admits that it published the statements in corresponding footnote 1, which speak for themselves, where Media Matters describes itself as a "progressive research and information center dedicated to comprehensively monitoring, analyzing, and correcting conservative misinformation in the U.S. media." Defendants deny all remaining allegations stated or implied in Paragraph 2, including in corresponding footnote 2.

  3. Defendants admit that Media Matters is aware that X Corp. obtains revenue through advertising, that Media Matters published the article authored by Eric Hananoki on November 17, 2023 as cited in footnote 3 to this Paragraph, which speaks for itself, and that the article references the companies and organizations listed in Paragraph 3, except that The New York Times Co. and

1

The Athletic are referenced as one entity, "The New York Times Co.'s The Athletic[.]" Defendants deny all remaining allegations stated or implied in Paragraph 3.

4. Defendants admit that Media Matters published multiple articles referencing X Corp. in November 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth of the last sentence in Paragraph 4. Defendants deny all remaining allegations stated or implied in Paragraph 4.

5. Denied.

6. Defendants admit that Media Matters published the article cited in footnote 4 to this Paragraph on November 17, 2023, and that article speaks for itself. Defendants deny all remaining allegations stated or implied in Paragraph 6.

7. Denied.

8. Defendants admit that Media Matters published the article cited in footnote 5 to this Paragraph on November 17, 2023, and that article speaks for itself. Defendants deny all remaining allegations stated or implied in Paragraph 8.

9. Defendants admit that the X user account used by Eric Hananoki in researching for his November 16, 2023 article had been active for at least 30 days and followed 30 X user accounts which included X user accounts that X allowed to openly post extreme, fringe content and user accounts owned by certain companies. Defendants deny all remaining allegations stated or implied in Paragraph 9.

10. Denied.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations related to how many advertisements are viewed per hour by the average X user. Defendants deny all remaining allegations stated or implied in Paragraph 11.

12. To the extent Paragraph 12 characterizes the November 16, 2023 article authored by Eric Hananoki and published by Media Matters as "omit[ing] mentioning any of this," no answer is required as the article speaks for itself. Insofar as an answer may be deemed to be required, those allegations are denied. Defendants deny all remaining allegations stated or implied in Paragraph 12.

13. Defendants admit that Media Matters published the article cited in footnote 6 to this Paragraph, which speaks for itself and accurately captures Angelo Carusone's public statements made during an interview on MSNBC on November 26, 2023. Defendants deny all remaining allegations stated or implied in Paragraph 13.

14. Defendants admit that certain advertisers were publicly reported to have paused or suspended advertisements on the X social media platform. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations related to which advertisers reviewed Media Matters's reporting or altered their advertising relationships with X Corp. To the extent the allegations in Paragraph 14 and its corresponding footnote 7 intend to characterize public statements made by IBM in the Financial Times article cited in the footnote, those statements speak for themselves and do not require a response. Insofar as an answer may be deemed to be required, and as to those and any remaining allegations in the Paragraph, Defendants deny all remaining allegations stated or implied in Paragraph 14.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the final three sentences of this Paragraph. Defendants deny all remaining allegations stated or implied in Paragraph 15.

16. Denied.

17.     Defendants deny any implications in the first sentence of Paragraph 17 that they did not report truthful coverage of a user's interactions with advertisements on X. Defendants further deny that Angelo Carusone appeared on broadcast television. Defendants admit that Media Matters published the article cited in footnote 8 to this Paragraph on November 25, 2023, which speaks for itself and captures Angelo Carusone's public statements made during an interview on MSNBC. Defendants deny all remaining allegations stated or implied in Paragraph 17.

## PARTIES

18.     Defendants admit the allegations in the first sentence of Paragraph 18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 18. Defendants admit the allegations in the third sentence of Paragraph 18.

19.     Defendants admit that Defendant Media Matters is incorporated under the laws of the District of Columbia with its principal place of business at 800 Maine Avenue SW, Suite 500, Washington, D.C. 20024. Defendants deny the remaining allegations in Paragraph 19, as Media Matters is more accurately described as a web-based, not-for-profit, 501(c)(3) progressive research and information center dedicated to comprehensively monitoring, analyzing, and correcting conservative misinformation in the U.S. media.

20.     Defendants admit that Defendant Angelo Carusone is the President of Media Matters. Defendants deny the remainder of the allegations in Paragraph 20.

21.     Defendants admit the allegations in Paragraph 21. For clarity, Defendant Eric Hananoki is a senior investigative reporter for Media Matters.

## JURISDICTION & VENUE

22.     Admitted.

23. Defendants admit that Media Matters sends out newsletters, including on November 22, 2023, to email addresses that have subscribed to receive those newsletters, regardless of the states or districts in which those recipients might be located at any given time. Defendants deny the remainder of the allegations in Paragraph 23.

24. Denied.

25. Denied.

26. Defendants admit that one journalistic practice is for journalists to contact the subjects of an article. As to the second sentence of Paragraph 26, Defendants admit that Media Matters published the April 8, 2020 article authored by Eric Hananoki cited at footnote 9, which speaks for itself. Defendants deny the remaining allegations in Paragraph 26.

27. Defendants admit only that Elon Musk makes decisions regarding X Corp. as stated in the second sentence of Paragraph 27. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in the second sentence of Paragraph 27. Defendants deny any remaining allegations in Paragraph 27.

28. Denied.

29. Defendants admit that Media Matters sends out newsletters, including on November 22, 2023, to email addresses that have subscribed to receive those newsletters, regardless of the states or districts in which those recipients might be located at any given time. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the final sentence of Paragraph 29. Defendants deny any remaining allegations in Paragraph 29.

## GENERAL ALLEGATIONS[1]

30. Defendants admit that Media Matters published the article cited at footnote 10 on April 29, 2022, which speaks for itself, and that the article accurately reflects the statements made by Angelo Carusone during an interview on MSNBC on April 29, 2022. Defendants deny all remaining allegations stated or implied in Paragraph 30.

31. Defendants admit that Media Matters published the article cited at footnote 11 on July 8, 2022, which speaks for itself, and accurately reflects the statement made by Defendant Angelo Carusone on July 8, 2022. Defendants deny all remaining allegations stated or implied in Paragraph 31.

32. Defendants admit that Media Matters published the article cited at footnote 12 on October 27, 2022, which speaks for itself. Defendants deny all remaining allegations stated or implied in Paragraph 32.

33. Defendants admit that Media Matters signed a letter as part of a coalition addressed to Twitter's top advertisers regarding brand safety as quoted in the second sentence of Paragraph 33. That letter speaks for itself. Defendants deny the last sentence of Paragraph 33 and all remaining allegations stated or implied in Paragraph 33.

34. Defendants admit that Media Matters published the article at footnote 13 on October 30, 2022, which speaks for itself and accurately reflects the statements made by Defendant Angelo Carusone on October 30, 2022 during an interview on MSNBC. Defendants deny all remaining allegations stated or implied in Paragraph 34.

---

[1] The headings set forth in Sections I through V of the Amended Complaint do not constitute factual allegations and therefore no response is required. Insofar as responses may be deemed to be required, Defendants deny all allegations stated or implied in the headings of the Amended Complaint.

35. Denied.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36.

37. Defendants admit that Media Matters published the article linked at footnote 14 on May 14, 2023, which speaks for itself and accurately reflects the statements made by Defendant Angelo Carusone on May 14, 2023 during an interview on MSNBC, but deny that the Media Matters article was published on October 30, 2022. Defendants deny all remaining allegations stated or implied in Paragraph 37.

38. Defendants deny that they made any false and actually malicious statements concerning X Corp. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations stated or implied in Paragraph 38.

39. Denied.

40. Defendants admit that X users are able to create and share their own content and to message and comment on other users' posts and that posts appear to users in "feeds" which can include paid advertisements. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations stated or implied in Paragraph 40.

41. Defendants admit that X users can choose to "follow" other users and that users' choice of which accounts to "follow" can help determine which posts are presented to them. Defendants lack knowledge or information sufficient to form a belief about the truth of all remaining allegations stated or implied in Paragraph 41.

42. Defendants lack sufficient information to admit or deny the allegations stated or implied in Paragraph 42.

43. Defendants deny the final sentence of Paragraph 43 to the extent that the allegations are inconsistent with Defendants' own observations and the findings of Defendants' reporting. Defendants lack knowledge or information sufficient to form a belief about the truth of all remaining allegations stated or implied in Paragraph 43.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated or implied in Paragraph 44.

45. Denied.

46. Defendants admit the allegation in corresponding footnote 15 and admit that Media Matters published the article authored by Eric Hananoki cited at footnote 16 on November 16, 2023, which speaks for itself. Defendants deny all remaining allegations stated or implied in Paragraph 46.

47. Defendants admit that Media Matters published the article authored by Eric Hananoki cited at footnote 16 through 19 on November 16, 2023, which speaks for itself. Defendants deny all remaining allegations stated or implied in Paragraph 47.

48. Defendants admit that Media Matters published the article authored by Eric Hananoki cited at footnote 16 through 19 on November 16, 2023. Defendants deny all remaining allegations stated or implied in Paragraph 48.

49. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of Paragraph 49. Defendants deny all remaining allegations stated or implied in Paragraph 49.

50. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations related to X's internal user data. Defendants deny all remaining allegations stated or implied in Paragraph 50.

51. Defendants admit that the X user account used by Eric Hananoki in researching for his November 16, 2023 article was an account that had been in existence for more than 30 days. Defendants deny all remaining allegations stated or implied in Paragraph 51.

52. Defendants admit that the X user account used by Eric Hananoki in researching for his November 16, 2023 article followed 30 X user accounts, which included certain companies and X user accounts that X allowed to openly post controversial, fringe, and/or hateful content. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the average number of accounts followed by a typical active user, what X user accounts were "known" for posting, and X's algorithm. Defendants deny any other allegations stated or implied in Paragraph 52.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations related to X's internal review and its findings in the second and third sentences of Paragraph 53. Defendants deny all remaining allegations stated or implied in Paragraph 53.

54. Defendants admit that Eric Hananoki's November 16, 2023 article, which speaks for itself, contained screenshots including advertisements from IBM, Apple, Bravo, Xfinity, and Oracle. Defendants deny all remaining allegations stated or implied in Paragraph 54.

55. Defendants assume Paragraph 55 intended to reference the November 16, 2023 article at issue in this case and not a "November 29, 2023" article and answer accordingly. To the extent Paragraph 55 characterizes the November 16, 2023 article authored by Eric Hananoki and published by Media Matters, no answer is required as the article speaks for itself. Insofar as an answer may be deemed to be required, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as to what "impression[s]" were "generated in" advertisers and X users. Defendants deny the remainder of

the allegations stated or implied in Paragraph 55, including the allegations in the first and final sentences of Paragraph 55.

56. To the extent Paragraph 56 characterizes the November 16, 2023 article authored by Eric Hananoki and published by Media Matters, no answer is required as the article speaks for itself. Insofar as an answer may be deemed to be required, Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in the first sentence of Paragraph 57. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of Paragraph 57. To the extent Paragraph 57 characterizes the November 16, 2023 article authored by Eric Hananoki and published by Media Matters, no answer is required as the article speaks for itself. Insofar as an answer may be deemed to be required, Defendants deny the remaining allegations in Paragraph 57.

58. Defendants admit that Eric Hananoki's November 16, 2023 article, which speaks for itself, contained screenshot images that reflected only advertisements appearing next to controversial, hateful, extremist content on the X social media platform. Defendants deny the remainder of the allegations stated or implied in Paragraph 58.

59. Defendants admit that the X user account used by Eric Hananoki in researching for his November 16, 2023 article was set to "private," and that the screenshots in the November 16, 2023 article did not provide information about the X user account. Defendants deny all remaining allegations stated or implied in Paragraph 59.

60. Denied.

61. Defendants admit that IBM and Apple were reported to have paused or suspended advertisements on the X social media platform in November 2023. Defendants lack knowledge or

information sufficient to form a belief about the truth of the allegations in the final five sentences of Paragraph 61. Defendants deny all remaining allegations stated or implied in Paragraph 61.

62. Defendants admit that certain advertisers were publicly reported to have paused or suspended advertisements on the X social media platform. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as to which companies pulled advertisements from the X social media platform. Defendants deny all remaining allegations stated or implied in Paragraph 62.

63. Defendants admit that certain advertisers were publicly reported to have paused or suspended advertisements on the X social media platform. Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations related to whether or not any advertisers reduced their advertising spending under ongoing contracts or suspended or ended their relationships with X Corp. Defendants deny all remaining allegations stated or implied in Paragraph 63.

64. Denied.

## FIRST CAUSE OF ACTION

65. Defendants incorporate by reference their responses, in their entirety, to Paragraphs 1 through 64 above in response to the allegations in Paragraph 65.

66. Defendants admit that Defendants were aware that Apple, NBCUniversal, Comcast, Bravo, and IBM had advertised on the X social media platform and that Media Matters published the article cited at footnote 20. Defendants deny any other allegations stated or implied in Paragraph 66.

67. Paragraph 67 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an

answer may be deemed to be required, Defendants deny the allegations stated or implied in Paragraph 67.

68. Paragraph 68 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an answer may be deemed to be required, Defendants deny the allegations stated or implied in Paragraph 68.

69. Paragraph 69 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an answer may be deemed to be required, Defendants deny the allegations stated or implied in Paragraph 69.

70. Paragraph 70 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an answer may be deemed to be required, Defendants deny the allegations stated or implied in Paragraph 70.

71. Paragraph 71 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an answer may be deemed to be required, Defendants deny the allegations stated or implied in Paragraph 71.

72. Paragraph 72 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an answer may be deemed to be required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 72. Defendants deny any other allegations stated or implied in Paragraph 72.

**SECOND CAUSE OF ACTION**

73. Defendants incorporate by reference their responses, in their entirety, to Paragraphs 1 through 72 above in response to the allegations in Paragraph 73.

74. Paragraph 74 consists of legal conclusions to which no answer is required. Insofar as an answer may be deemed to be required, Defendants admit that the quoted language appears in *Vendever LLC v. Intermatic Manufacturing Ltd.*, No. 3:11-CV-201-B, 2011 WL 4346324, at *4 (N.D. Tex. Sept. 16, 2011) (quoting *Forbes v. Granada Biosciences, Inc.,* 124 S.W.3d 167, 170 (Tex. 2003)).

75. Paragraph 75 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an answer may be deemed to be required, Defendants deny the allegations stated or implied in Paragraph 75.

76. Paragraph 76 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an answer may be deemed to be required, Defendants admit that Media Matters published the article authored by Eric Hananoki on November 16, 2023, and that the article speaks for itself. Defendants deny all remaining allegations stated or implied in Paragraph 76.

77. Paragraph 77 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an answer may be deemed to be required, Defendants deny the allegations stated or implied in Paragraph 77.

78. Paragraph 78 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an

answer may be deemed to be required, Defendants deny the allegations stated or implied in Paragraph 78.

79. Paragraph 79 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an answer may be deemed to be required, Defendants deny the allegations stated or implied in Paragraph 79.

### THIRD CAUSE OF ACTION

80. Defendants incorporate by reference their responses, in their entirety, to Paragraphs 1 through 79 above in response to the allegations in Paragraph 80.

81. Paragraph 81 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an answer may be deemed to be required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations related to X Corp.'s advertising relationships and those advertisers' decisions with regard to their spending on the X social media platform. Defendants deny all remaining allegations stated or implied in Paragraph 81.

82. Paragraph 82 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an answer may be deemed to be required, Defendants admit that they knew from their reporting that ads from certain advertisers had at times appeared on X, and all such reporting speaks for itself. Defendants deny all remaining allegations stated or implied in Paragraph 82.

83. Paragraph 83 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an answer may be deemed to be required, Defendants admit only that they knew from their reporting

that ads from certain advertisers had at times appeared on X, and all such reporting speaks for itself. Defendants deny all remaining allegations stated or implied in Paragraph 83.

84. Paragraph 84 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an answer may be deemed to be required, Defendants deny the allegations stated or implied in Paragraph 84.

85. Paragraph 85 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an answer may be deemed to be required, Defendants deny the allegations stated or implied in Paragraph 85.

86. Paragraph 86 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an answer may be deemed to be required, Defendants deny the allegations stated or implied in Paragraph 86.

87. Paragraph 87 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an answer may be deemed to be required, Defendants deny the allegations stated or implied in Paragraph 87.

88. Paragraph 88 states Plaintiff's characterizations of its claims, characterizations of Defendants, and legal contentions and conclusions for which no answer is required. Insofar as an answer may be deemed to be required, Defendants deny the allegations stated or implied in Paragraph 88.

## PRAYER FOR RELIEF

Defendants deny any factual allegations, stated or implied, in each and every paragraph of Plaintiff's prayer for relief. Defendants further deny that Plaintiff is entitled to the relief sought in its prayer for relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses without conceding that they bear the burden of proof as to any of them. Defendants have not knowingly and intentionally waived any applicable affirmative defenses and will raise additional affirmative defenses as they become known in this matter.

## FIRST DEFENSE

This Court lacks personal jurisdiction over any of the named Defendants.

## SECOND DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted as to any of Plaintiff's three causes of action, including injunctive relief, equitable, legal, or remedial relief, restitution or other damages, attorneys' fees, litigation expenses, prejudgment interest, an accounting, and/or any other form of relief.

## THIRD DEFENSE

Venue is improper in the Northern District of Texas.

## FOURTH DEFENSE

Plaintiff has caused, contributed to, and/or failed to mitigate any of the advertising losses it claims.

## FIFTH DEFENSE

Plaintiff's claim of interference with prospective economic advantage is not a recognized tort in Texas.

**SIXTH DEFENSE**

Defendants at all times have acted under the color of the First Amendment to the U.S. Constitution, and liability cannot be imposed on any of the Defendants for any of Plaintiff's claims consistent with the protections of the First Amendment. *See, e.g.*, *Hustler Mag., Inc. v. Falwell*, 485 U.S. 46, 52–53 (1988); *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 910–12 (1982).

**SEVENTH DEFENSE**

Plaintiff is barred from recovery, in whole or in part, under the "one satisfaction" rule because Plaintiff has simultaneously claimed that other entities are liable for some or all of the same injuries that form the basis of the present lawsuit in a separate matter, and double recovery is not permissible. *See, e.g.* Compl., *X Corp. v. World Fed'n of Advertisers*, No. 7:24-cv-00114 (N.D. Tex. Aug. 6, 2024), ECF No. 1; *see also, e.g., First Title Co. of Waco v. Garrett*, 860 S.W.2d 74, 78–79 (Tex. 1993) (holding, where plaintiffs brought two lawsuits against different defendants for allegedly causing same injury based on distinct legal theories, that the "one satisfaction" rule prohibited plaintiffs from "recovering twice for a single injury").

**EIGHTH DEFENSE**

Plaintiff may not circumvent the requirements of a libel claim by seeking recovery for an allegedly defamatory statement under a different tort theory. *See, e.g.*, *MKC Energy Invs., Inc. v. Sheldon*, 182 S.W.3d 372, 378 (Tex. App.—Beaumont [9th Dist.] 2005).

**NINTH DEFENSE**

Plaintiff's claims for tortious interference with contract and interference with prospective economic advantage must fail because the affirmative defense of legal justification protects a defendant who provides truthful information about a plaintiff to third parties. *See, e.g.*, *David L. Aldridge Co. v. Microsoft Corp.*, 995 F. Supp. 728, 742 (S.D. Tex. 1998). All of Defendants' reporting, publications, and public statements at issue in this case are truthful.

17

## DEFENDANTS' PRAYER FOR RELIEF

Defendants respectfully request: (a) Plaintiff takes nothing from its action; (b) this Court dismiss Plaintiff's claims with prejudice; (c) this Court assess costs and fees against Plaintiff; and (d) this Court award Defendants such other and further relief to which they may be justly entitled.

Respectfully submitted,                                    Dated: September 12, 2024.

*/s/ Andrew LeGrand*

**GIBSON, DUNN & CRUTCHER LLP**                **ELIAS LAW GROUP LLP**
Andrew LeGrand (TX 24070132)                   Abha Khanna* (WA 42612)
2001 Ross Avenue, Suite 2100                   1700 Seventh Avenue, Suite 2100
Dallas, TX 75201                               Seattle, WA 98101
T: (214) 698-3100                              T: (206) 656-0177
F: (214) 571-2960                              F: (206) 656-0180
alegrand@gibsondunn.com                        akhanna@elias.law

Theodore J. Boutrous, Jr.** (CA 132099)        Jacob D. Shelly* (DC 90010127)
333 South Grand Avenue                         Elena Rodriguez Armenta* (DC 90018798)
Los Angeles, CA 90071                          250 Massachusetts Avenue NW, Suite 400
T: (213) 229-7000                              Washington, DC 20001
F: (213) 229-7520                              T: (202) 968-4490
tboutrous@gibsondunn.com                       F: (202) 986-4498
                                               jshelly@elias.law
Amer S. Ahmed** (NY 4382040)                   erodriguezarmenta@elias.law
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035                              * Admitted *pro hac vice*
aahmed@gibsondunn.com                          ** *Pro hac vice* application forthcoming

*Counsel for Defendants Media Matters for America, Angelo Carusone, and Eric Hananoki*

## CERTIFICATE OF SERVICE

On September 12, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Andrew LeGrand*
Andrew LeGrand