## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **X CORP**., a Nevada corporation, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | **Case No. 4:23-cv-01175-O** |
| **MEDIA MATTERS FOR AMERICA,** a Washington, D.C. non-profit corporation, **ERIC HANANOKI**, and **ANGELO CARUSONE**, | § § § § § § | |
| *Defendants.* | § § | |

### APPENDIX

1. 20240205     Plaintiff X's First Set of Requests for Production to Media Matters

2. 20240329     Plaintiff X's Second Set of Requests for Production to Media Matters

3. 20240311     Defendants' Responses and Objections to Plaintiff's First Set of Requests for Production

4. 20240429     Defendants' Responses and Objections to Plaintiff's Second Requests for Production

5. 20240429     Defendants' Amended Responses and Objections to Plaintiff's First Set of Requests for Production

6. 20240528     Defendants' Responses and Objections to Plaintiff's Second Requests for Production

7. 20240719     Defendants' Responses and Objections to Plaintiff's First Interrogatories

8. 20240802     Email re Defendants' Fifth Production

9. 20240528     Defendants' Amended Responses and Objections To Plaintiff's First Set of Requests for Production

10. 20240628     Defendants' Privilege Log

11. 20240628     Defendants' Amended Privilege Log

12. 20240906     Defendants' Second Privilege Log

TAB 1

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **X CORP.**, | |
|       Plaintiff, | |
| | |
|   vs. | Case No. 4:23-cv-01175-O |
| | |
| **MEDIA MATTERS FOR AMERICA**, et al. | |
|       Defendants. | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff X. Corp. hereby serves this First Set of Requests for Production on each of the Defendants, Media Matters for America and Eric Hananoki, by and through their counsel of record, on February 5, 2024, via email pursuant to an agreement for electronic service between counsel. Each Defendant is hereby independently obligated to respond to these requests and produce the documents described below in accordance with the Instructions and Definitions.

You are reminded that you must respond in writing within 30 days of this date. Production is to be made at the offices of Stone Hilton PLLC, 1115 W. Slaughter Ln., Austin, TX 78715, or via such means as counsel for the parties may agree.

Appx. 3

Respectfully submitted.

*/s/ Christopher D. Hilton*
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
**STONE | HILTON PLLC**
1115 W. Slaughter Lane
Austin, TX 78748
Telephone: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com

John C. Sullivan
Texas Bar No. 24083920
**S|L LAW PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on counsel for Defendants via email on

February 5, 2024, pursuant to counsel's agreement to accept service via electronic means.

*/s/ Christopher D. Hilton*
Christopher D. Hilton

2

Appx. 4

## DEFINITIONS

In reading and interpreting these requests for production and the accompanying instructions, the following definitions shall apply:

1.      "X" or "Plaintiff" shall mean the Plaintiff in this Matter, X Corp., as well as its predecessor in interest, Twitter, Inc.

2.      "Defendant," "You," and "Your" shall mean the Defendants in this Matter, Media Matters for America (also referred to as "Media Matters") and Eric Hananoki (also referred to as "Hananoki"), either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope. "Defendant," "You," and "Your" also refers to, as applicable, each Defendant's board of directors ("Board"), employees, agents, attorneys, representatives, and all other persons acting or purporting to act on behalf of any Defendant, as well as all persons who have acted or purport to have acted on any Defendant's behalf.

3.      "Matter" shall refer to this above-captioned litigation, *X Corp. v. Media Matters for America et al.*, No. 4:23-cv-01175-O.

4.      "Material," "document," "information," "data," and any other similar words describing categories of things that may be subject to production in response to these requests, shall be given the broadest possible interpretation provided by law, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. Each of these words shall also include without limitation handwritten notes, data in specialized databases or document repositories, and data or information received from journalistic sources. Each of these

3

words shall also include without limitation any "communications" (regardless of whether "communications" is separately specified), meaning any transmission of any information via any means whatsoever, including without limitation emails, phone logs, voicemails, text messages, chat messages (such as Zoom, Slack, Microsoft Teams, or Google Meet), Signal messages, WhatsApp messages, notes of conversations, or recordings of conversations.

5.      "Concerning," "regarding," "related to," and any other similar phrases signify any connection, direct or indirect, between the requested material and the stated topic. Such phrases describing the subject matter of a request shall be given the broadest possible interpretation in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

6.      "Identify," or a request for an "identity," when used with respect to an individual or an entity, means to provide the name of the individual or entity, the current street address for the individual or the main office of such entity (or, if such information is unavailable, any available information or data regarding the individual or entity's location), the telephone number and email address for the individual or entity, and the name and title of the individual responsible for operations of any entity.

7.      The "Platform" shall refer to the social media website x.com and twitter.com, and the X app and Twitter app, and shall include but not be limited to the website's or app's features, functions, users, and content.

8.      The "November 16, 2023 Article" shall refer to the article written by Eric Hananoki and originally published on November 16, 2023, at or around 10:05 AM EST, titled "As Musk endorses antisemitic conspiracy theory, X has been placing ads for Apple, Bravo, IBM, Oracle, and Xfinity next to pro-Nazi content," available as of February 4, 2024 at

https://www.mediamatters.org/twitter/musk-endorses-antisemitic-conspiracy-theory-x-has-been-placing-ads-apple-bravo-ibm-oracle, including all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto.

9.     The "Website" shall refer to the Media Matters for America website and all of its pages, available at https://www.mediamatters.org/.

**INSTRUCTIONS**

Pursuant to Federal Rule of Civil Procedure 34, You are hereby instructed to respond to these requests for production as follows:

1.      Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label. You must produce all of the materials in your possession, custody, or control as well as any materials in the possession, custody, or control of Your departments, officers, directors, employees, agents, servants, attorneys, or representatives of any kind whatsoever, or any other person or entity from whom you have the right to obtain documents and information.

2.      To the extent that You object to a request for production, You must state the objection with particularity, providing specific grounds for the objection, and You must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part that is objectionable, and You must respond in full to the part that is unobjectionable.

3.      Produce documents and tangible things in the forms as they are kept in the ordinary course of business, except that documents may be numbered or labeled during the production process. Every effort should be made to maintain document unitization from whatever source the documents are collected.

4.      Electronically stored information (ESI) should be produced in accordance with generally accepted ESI standards, and all the information and metadata necessary for loading Your production into Relativity or a similar document management database. No metadata should be altered or destroyed during Your collection or production of documents. Counsel for the parties

6

have previously agreed to come to terms on a mutually acceptable set of ESI protocols that the parties will memorialize in a proposed court order, and Your production shall be governed by that order.

5.      For any materials that You assert are privileged, protected, or otherwise except from discovery for any reason, You are instructed to provide an appropriate privilege log. Counsel for the parties previously agreed to come to terms on a mutually acceptable protocol for the handling of privileged material that the parties will memorialize in a proposed court order, and Your production shall be governed by that order. Any nonprivileged information within a document that can be produced, must be produced, with redactions over the privileged information. If You claim that any materials are not privilege or otherwise exempt from disclosure but should nonetheless be kept confidential, You are instructed to alert counsel of that fact prior to the deadline for a response to these requests so that the parties can evaluate the need for a confidentiality and protective order in this matter.

6.      For any materials that You claim no longer exist, have been destroyed, or cannot be located, provide the following: (a) a statement identifying the material; (b) a statement of how and when the material ceased to exist or when it could no longer be located; (c) the reasons for the material's nonexistence or loss; (d) the identity, address, and job title of each person having knowledge about the nonexistence or loss of the material; and (e) a statement identifying any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

7.      These requests for production must be construed as broadly as possible, giving words their most expansive and inclusive interpretation, such that the requests should be construed

with a meaning that brings materials within the request's scope rather than with a meaning that excludes materials from the request's scope.

8.      The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, wherever needed in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

9.      The words "and" and "or" shall each be construed either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

10.     Unless otherwise stated, the responsive "time period" for these requests is April 14, 2021, to the present. These requests are continuing in nature, and You have an obligation to amend, supplement, or correct Your responses and Your productions in accordance with Federal Rule of Civil Procedure 26(e).

8

## REQUESTS FOR PRODUCTION

1.      All versions of the November 16, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

2.      All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 16, 2023 Article.

3.      All documents and communications related to the November 16, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 16, 2023 Article.

4.      All audio and video recordings of You discussing or referencing in any way the November 16, 2023 Article, including but not limited to documents reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

5.      All documents and communications discussing or mentioning X, the Platform, Elon Musk, or Linda Yaccarino, including but not limited to email updates, "Action Updates," or "Weekly Updates," that were sent out via any email, text, phone, social media, or other distribution list that You maintain.

6.      All documents and communications concerning content moderation on the Platform.

7.      All documents and communications concerning advertising on the Platform, including but not limited to documents and communications concerning any particular advertiser or potential advertiser on the Platform.

8.      All communications with X's advertisers concerning the Platform, including but not limited to communications regarding their decision to advertise on the Platform.

9.      All communications with X's advertisers about advertising with or financially supporting You.

10.     All posts, comments, direct messages, and any other account data of any kind whatsoever posted by You on the Platform, including but not limited to the @mmfa and @ehananoki accounts and any accounts used in the creation of the November 16, 2023 Article.

11.     All communications with appointed or elected public officials, candidates for public office, candidate campaign committees, political party committees, PACs, 501(c)(4) groups, and any other political actors or political operatives.

12.     All IRS Form 990s for Media Matters, regardless of time period, since the founding of Media Matters.

13.     All annual financial statements for Media Matters, regardless of time period, since the founding of Media Matters.

14.     All Your bank statements and all documents sufficient to show Your financial condition during the time period.

15.     All materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation of any kind whatsoever that You may currently owe, that You may owe in the future,

10

or that You have owed during the time period, including but not limited to any monetary judgment in this matter.

16.     Documents sufficient to show Your expenses and the identity of the recipients of such expenditures, including but not limited to expenses on salaries, travel, equipment, real property, solicitation of donations, and any other expenses whatsoever.

17.     Documents sufficient to show the identity of all Your donors or any others who provide financial support of any kind, their residence, the time and place of their donation or provision of financial support, and the amount of their donations or other financial support.

18.     Any document or communication reflecting Your attempts to solicit donations or financial support of any kind, including but not limited to any discussions with any donors or any others who provided, considered providing, or were asked to provide financial support of any kind.

19.     Documents sufficient to identify the recipients of any communications or email updates, "Action Updates," or "Weekly Updates" sent out via any email list that You maintain, as well as any information related to those recipients' locations, including but not limited to any self-reported location data and their IP addresses.

20.     Documents sufficient to show Media Matters' organizational structure, including Board membership, leadership structure, and that of any affiliated or related entities.

21.     All documents and communications regarding Your sources of funding for research, investigation, reporting, publication, or any other work related to X, the Platform, Elon Musk, or Linda Yaccarino.

22.     All documents concerning, and communications with, any third-party public relations, advertising, marketing, communications, or similar firm that You have contracted with, or that you have contacted in any capacity about the November 16, 2023 Article.

23.     All documents and communications related to or reflecting any travel by Eric Hananoki from October 20, 2023, to December 15, 2023.

24.     All of Your calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments from October 20, 2023, to December 15, 2023.

25.     All documents and communications related to or reflecting Your involvement in or knowledge of X and any related entities, individuals, and platforms.

26.     All documents and communications related to or reflecting Media Matters' Board's involvement in or knowledge of X and any related entities, individuals, and platforms.

27.     All documents and communications related to or reflecting Media Matters' donors' involvement in or knowledge of X and any related entities, individuals, and platforms.

28.     All documents and communications related to or reflecting Media Matters' employees' involvement in or knowledge of X and any related entities, individuals, and platforms.

29.     All documents and communications related to or reflecting Media Matters' advertisers' and agencies' involvement in or knowledge of X and any related entities, individuals, and platforms.

TAB 2

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

**X CORP.**,

    Plaintiff,

    vs.                                                Case No. 4:23-cv-01175-O

**MEDIA MATTERS FOR AMERICA**, et al.

    Defendants.

---

## PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff X. Corp. hereby serves this First Set of Requests for Production on each of the Defendants, Media Matters for America, Eric Hananoki, and Angelo Carusone, by and through their counsel of record, on March 29, 2024, via email pursuant to an agreement for electronic service between counsel. Each Defendant is hereby independently obligated to respond to these requests and produce the documents described below in accordance with the Instructions and Definitions.

You are reminded that you must respond in writing within 30 days of this date. Production is to be made at the offices of Stone Hilton PLLC, 1115 W. Slaughter Ln., Austin, TX 78715, or via such means as counsel for the parties may agree.

1

Respectfully submitted.

/s/ Christopher D. Hilton
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
STONE | HILTON PLLC
1115 W. Slaughter Lane
Austin, TX 78748
Telephone: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com


John C. Sullivan
Texas Bar No. 24083920
S|L LAW PLLC
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com


*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that this document was served on counsel for Defendants via email on March 29, 2024, pursuant to counsel's agreement to accept service via electronic means.

/s/ Christopher D. Hilton
Christopher D. Hilton

2

**DEFINITIONS**

In reading and interpreting these requests for production and the accompanying instructions, the following definitions shall apply:

1.       "X" or "Plaintiff" shall mean the Plaintiff in this Matter, X Corp., as well as its predecessor in interest, Twitter, Inc.

2.       "Defendant," "You," and "Your" shall mean the Defendants in this Matter, Media Matters for America (also referred to as "Media Matters"), Eric Hananoki (also referred to as "Hananoki"), and Angelo Carusone (also referred to as "Carusone"), either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope. "Defendant," "You," and "Your" also refers to, as applicable, each Defendant's board of directors ("Board"), employees, agents, attorneys, representatives, and all other persons acting or purporting to act on behalf of any Defendant, as well as all persons who have acted or purport to have acted on any Defendant's behalf.

3.       "Matter" shall refer to this above-captioned litigation, *X Corp. v. Media Matters for America et al.*, No. 4:23-cv-01175-O.

4.       "Material," "document," "information," "data," and any other similar words describing categories of things that may be subject to production in response to these requests, shall be given the broadest possible interpretation provided by law, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. Each of these words shall also include without limitation handwritten notes, data in specialized databases or document repositories, and data or information received from journalistic sources. Each of these

3

words shall also include without limitation any "communications" (regardless of whether "communications" is separately specified), meaning any transmission of any information via any means whatsoever, including without limitation emails, phone logs, voicemails, text messages, chat messages (such as Zoom, Slack, Microsoft Teams, or Google Meet), Signal messages, WhatsApp messages, notes of conversations, or recordings of conversations.

5.      "Concerning," "regarding," "related to," and any other similar phrases signify any connection, direct or indirect, between the requested material and the stated topic. Such phrases describing the subject matter of a request shall be given the broadest possible interpretation in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

6.      "Identify," or a request for an "identity," when used with respect to an individual or an entity, means to provide the name of the individual or entity, the current street address for the individual or the main office of such entity (or, if such information is unavailable, any available information or data regarding the individual or entity's location), the telephone number and email address for the individual or entity, and the name and title of the individual responsible for operations of any entity.

7.      The "Platform" shall refer to the social media website x.com and twitter.com, and the X app and Twitter app, and shall include but not be limited to the website's or app's features, functions, users, and content.

8.      The "November 16, 2023 Article" shall refer to the article written by Eric Hananoki and originally published on November 16, 2023, at or around 10:05 AM EST, titled "As Musk endorses antisemitic conspiracy theory, X has been placing ads for Apple, Bravo, IBM, Oracle, and Xfinity next to pro-Nazi content," available as of February 4, 2024 at

4

https://www.mediamatters.org/twitter/musk-endorses-antisemitic-conspiracy-theory-x-has-been-placing-ads-apple-bravo-ibm-oracle, including all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto.

9.      The "November 17, 2023 Article" shall refer to the article written by Eric Hananoki and originally published on November 17, 2023, at or around 12:16 PM EST, and updated on November 21, 2023, at or around 2:15 PM EST, titled "X is placing ads for Amazon, NBA Mexico, NBCUniversal, and others next to content with white nationalist hashtags," available as of March 27, 2024 at https://www.mediamatters.org/twitter/x-placing-ads-amazon-nba-mexico-nbcuniversal-and-others-next-content-white-nationalist, including all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto.

10.      The "Website" shall refer to the Media Matters for America website and all of its pages, available at https://www.mediamatters.org/.

## INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 34, You are hereby instructed to respond to these requests for production as follows:

1.      Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label. You must produce all of the materials in your possession, custody, or control as well as any materials in the possession, custody, or control of Your departments, officers, directors, employees, agents, servants, attorneys, or representatives of any kind whatsoever, or any other person or entity from whom you have the right to obtain documents and information.

2.      To the extent that You object to a request for production, You must state the objection with particularity, providing specific grounds for the objection, and You must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part that is objectionable, and You must respond in full to the part that is unobjectionable.

3.      Produce documents and tangible things in the forms as they are kept in the ordinary course of business, except that documents may be numbered or labeled during the production process. Every effort should be made to maintain document unitization from whatever source the documents are collected.

4.      Electronically stored information (ESI) should be produced in accordance with generally accepted ESI standards, and all the information and metadata necessary for loading Your production into Relativity or a similar document management database. No metadata should be altered or destroyed during Your collection or production of documents. Counsel for the parties

6

have previously agreed to come to terms on a mutually acceptable set of ESI protocols that the parties will memorialize in a proposed court order, and Your production shall be governed by that order.

5.     For any materials that You assert are privileged, protected, or otherwise except from discovery for any reason, You are instructed to provide an appropriate privilege log. Counsel for the parties previously agreed to come to terms on a mutually acceptable protocol for the handling of privileged material that the parties will memorialize in a proposed court order, and Your production shall be governed by that order. Any nonprivileged information within a document that can be produced, must be produced, with redactions over the privileged information. If You claim that any materials are not privilege or otherwise exempt from disclosure but should nonetheless be kept confidential, You are instructed to alert counsel of that fact prior to the deadline for a response to these requests so that the parties can evaluate the need for a confidentiality and protective order in this matter.

6.     For any materials that You claim no longer exist, have been destroyed, or cannot be located, provide the following: (a) a statement identifying the material; (b) a statement of how and when the material ceased to exist or when it could no longer be located; (c) the reasons for the material's nonexistence or loss; (d) the identity, address, and job title of each person having knowledge about the nonexistence or loss of the material; and (e) a statement identifying any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

7.     These requests for production must be construed as broadly as possible, giving words their most expansive and inclusive interpretation, such that the requests should be construed

with a meaning that brings materials within the request's scope rather than with a meaning that excludes materials from the request's scope.

8. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, wherever needed in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

9. The words "and" and "or" shall each be construed either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

10. Unless otherwise stated, the responsive "time period" for these requests is April 14, 2021, to the present. These requests are continuing in nature, and You have an obligation to amend, supplement, or correct Your responses and Your productions in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

1.      All versions of the November 17, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

2.      All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 17, 2023 Article.

3.      All documents and communications related to the November 17, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 17, 2023 Article.

4.      All audio and video recordings of You discussing or referencing in any way the November 17, 2023 Article, including but not limited to documents reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

5.      All materials regarding or communications with You or any other Media Matters employee, contractor, or agent mentioning or regarding in any way this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

6.      All materials regarding or communications with any donor or potential donor to Media Matters mentioning or regarding in any way this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

7.      All materials, including but not limited to notes, transcripts, or recordings, whether published, broadcast, or otherwise, or all media or public appearances made by You wherein You discussed or mentioned this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

8.      All materials regarding or communications with Eric Hananoki.

9.      All materials regarding or communications with Matt Gertz.

10.     All materials reflecting or regarding any policies, practices, procedures, codes of conduct, ethical standards, or other guidelines for appropriate investigation and reporting for Media Matters' articles, including but not limited to policies concerning fact-checking, defamation, and contacting sources or subjects of articles.

11.     All materials and communications regarding the X account(s) used in creating the November 16, 2023 Article or the November 17, 2023 Article, including but not limited to any emails from the Platform (including automatic or system-generated emails).

12.     All materials and communications with or regarding any X account or X advertiser appearing the November 16, 2023 Article or the November 17, 2023 Article.

13.     All materials regarding or communications with any individual or entity named in the November 16, 2023 Article, the November 17, 2023 Article, and any subsequent coverage, including communications with any entity's board of directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act on behalf of any such entity.

14.     All materials regarding or communications with any sources for the November 16, 2023 Article, the November 17, 2023 Article, and any subsequent coverage.

15.     Documents sufficient to show the identity of the author of and every contributor to articles that are attributed to "Media Matters Staff" or that are unattributed referring to this Matter,

10

Elon Musk, Linda Yaccarino, X, Twitter, the November 16, 2023 Article, the November 17, 2023 Article, or the Platform, including misinformation, brand safety, ad pairing, anti-Semitism, racism, Nazis or Nazi ideology and content, white nationalism, white supremacism, or the "alt-right" on the Platform.

16.     All materials or communications that reference in any way this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform, and use any of the following terms or any variant of any of the following terms: Hitler, Nazi, racist, racism, alt-right, antisemite, antisemitism, anti-Semite, anti-Semitism, red line, replacement theory, white supremacy, white nationalism, white pride, Pepe, frog Twitter, the Holocaust, bigotry, hate, hatred, hateful speech, Charlottesville, tiki torch, January 6, January 6th, Jan. 6, Jan. 6th, 1/6, J6, minorities, hordes, jew, jewish, Israel, Israeli, IDF, Israeli Defense Force, Palestine, Palestinian, "from the river to the sea," October 7, 10/7, jihad, day of jihad, Hamas, Gaza, Islam, Islamic, Palestinian Islamic Jihad, PIJ, Islamophobia, Zionism, Zionist, Zion, blue chip, brand, free speech, First Amendment, Texas, Fort Worth, Dallas, Austin.

17.     All materials reflecting or relating to any reports, accusations, files, notes, personnel records, complaints, mediations, arbitrations, lawsuits (including potential or threatened lawsuits that were never filed), or investigations involving allegations that You took adverse employment actions or otherwise discriminated against or took any action against another person or persons on the basis of a protected class, including but not limited to race, color, national origin, religion, sex, sexual orientation, language status, or pregnancy status.

18.     All materials reflecting or relating to any reports, accusations, files, notes, personnel records, complaints, mediations, arbitrations, lawsuits (including potential or threatened

11

lawsuits that were never filed), or investigations involving allegations against You regarding business disparagement, defamation, or libel.

12

TAB 3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| X CORP., <br><br> *Plaintiff*, <br><br>     v. <br><br> MEDIA MATTERS FOR AMERICA, *et al.*, <br><br>      *Defendants*. | Civil Action No. 4:23-cv-01175-O |

## DEFENDANTS MEDIA MATTERS FOR AMERICA AND ERIC HANANOKI'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendants Media Matters for America ("Media Matters") and Mr. Eric Hananoki,[1] through their undersigned counsel, submit these responses and objections to Plaintiff X Corp.'s First Set of Requests for Production ("Discovery Requests" or "Requests").

## <u>PRELIMINARY STATEMENT</u>

The responses set forth herein are based on the information and documents reasonably available to Defendants at this time, but discovery in this matter, including Defendants' investigation into the issues raised in this lawsuit and documents responsive to Plaintiff's Discovery Requests is still ongoing. Defendants reserve their right to alter, supplement, amend,

---

[1] Plaintiff's First Set of Requests for Production were served on February 5, 2024, prior to when Plaintiff amended its complaint to include Angelo Carusone as a defendant. Therefore, these Responses and Objections are not on behalf of Mr. Carusone. All references to Defendants herein are to Media Matters and Mr. Hananoki only.

correct, clarify, or otherwise modify these responses and objections, to assert additional objections or privileges, in any subsequent supplemental response(s), or to move for a Court order if deemed appropriate.

By making the accompanying responses and objections to Plaintiff's Discovery Requests, Defendants do not waive, and hereby expressly reserve, their right to assert all objections as to the admissibility of such responses and documents into evidence in this action, or in any other proceedings.

Produced materials will adhere to formal ESI protocol, privilege material agreement, and any protective order agreed to by Counsel for Plaintiff and Defendants and entered by the Court, and will be produced on a rolling basis. Defendants will not produce documents in response to Plaintiff's discovery requests until the Court has entered a mutually agreeable ESI Protocol and protective order negotiated by the Parties, or until the Court instructs otherwise.

Moreover, Defendants maintain that this Court has no personal jurisdiction over Media Matters or Eric Hananoki and that the Northern District of Texas is not the proper venue for this dispute. *See* Defendants' Brief in Support of their Motion to Dismiss, ECF 41 at Sections I and II; *see also* Defendants' Motion to Stay Discovery, ECF 43. at Section I.

## RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR PRODUCTION NO. 1**: All versions of the November 16, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

**OBJECTIONS**: The Request does not define the term "notes," and Defendants interpret the term as used here consistent with its ordinary meaning to ask for written records created in the

process of reporting, writing, and publishing the November 16, 2023 Article. To the extent Plaintiff means something else by the term, Defendants object to this Request as vague and ambiguous. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege or reporter's privilege, including notes and communications that divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose the identity of persons who have imparted information . . . in confidence"); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (recognizing "the close nexus between the freedoms of speech and assembly" protected party from disclosure of associational documents). Defendants also object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

 **RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

3

**REQUEST FOR PRODUCTION NO. 2**:   All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 16, 2023 Article.

**OBJECTIONS**: The Request does not define the term "Platform account data," and Defendants interpret the term as used here to ask for usernames of accounts on the X Platform relied on, referenced, created, or considered in investigating, working on, writing, publishing, and disseminating the referenced article. To the extent Plaintiff means something else by the term, Defendants object to this Request as vague and ambiguous. Defendants further object to this Request because it seeks sensitive information protected by the First Amendment privilege and reporter's privilege, including by asking Defendants to divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose the identity of persons who have imparted information . . . in confidence."); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (recognizing "the close nexus between the freedoms of speech and assembly" protected party from disclosure of associational documents). Defendants also object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to the extent that this Request seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source

4

that is more convenient, less burdensome, or less expensive, such as information about accounts on X or sources and links embedded within the November 16, 2023 article.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 3**:   All documents and communications related to the November 16, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 16, 2023 Article.

**OBJECTIONS**: Defendants object to this Request because it seeks information such as confidential communications with donors and strategic partners that are squarely protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2385–86 (2021); *Nat'l Ass'n for Advancement of Colored People*, 357 U.S.  at 460; *see also Whole Woman's Health v. Smith*, 896 F.3d 362, 372 (5th Cir. 2018), as revised (July 17, 2018); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010). Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

Defendants further object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 4**:   All audio and video recordings of You discussing or referencing in any way the November 16, 2023 Article, including but not limited to documents reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

**OBJECTIONS**: Defendants object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further

6

object to this Request because it seeks materials "in the possession, custody, or control of third parties" and therefore not within Defendants' possession, custody, or control.

      **RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 5**:  All documents and communications discussing or mentioning X, the Platform, Elon Musk, or Linda Yaccarino, including but not limited to email updates, "Action Updates," or "Weekly Updates," that were sent out via any email, text, phone, social media, or other distribution list that You maintain.

      **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" that in any way mention X, the Platform, Elon Musk, or Linda Yaccarino, even where not reasonably related to the issues in dispute in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine,

and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 6**:   All   documents   and   communications   concerning content moderation on the Platform.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to any content moderation policies on the Platform and is not reasonably limited to materials relevant to the issues in dispute in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 7**: All documents and communications concerning advertising on the Platform, including but not limited to documents and communications concerning any particular advertiser or potential advertiser on the Platform.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, the terms "any particular advertiser or potential advertiser on the Platform" is not reasonably limited to materials relevant to the issues in dispute in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these

9

objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 8**:   All communications with X's advertisers concerning the Platform, including but not limited to communications regarding their decision to advertise on the Platform.

    **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

    **RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 9**: All communications with X's advertisers about advertising with or financially supporting You.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires blanket production of "[a]ll communications" with certain advertisers not reasonably limited to materials relevant to the issues in dispute in this case. Similarly, the phrase "financially supporting" is vague, overly broad, and not reasonably limited to materials relevant to the issues in dispute in this case. Defendants also object to this Request because it seeks sensitive information such as communications protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this request to the extent it seeks materials outside of Defendants possession, custody, or control.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 10**: All posts, comments, direct messages, and any other account data of any kind whatsoever posted by You on the Platform, including but not limited to the @mmfa and @ehananoki accounts and any accounts used in the creation of the November 16, 2023 Article.

      **OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll posts, comments, direct messages, and any other account data of any kind whatsoever" of various accounts, even where the information it seeks is vague, immaterial, or unrelated to the claims or defenses at issue in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive, including X account information within X Corp.'s possession.

      **RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 11**: All communications with appointed or elected public officials, candidates for public office, candidate campaign committees, political party committees, PACs, 501(c)(4) groups, and any other political actors or political operatives.

      **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll communications" with a staggering number of potential individuals on unspecified topics immaterial and unrelated to the claims or defenses at issue in this case. Defendants also object to this Request to the extent it seeks sensitive communications that are protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this request to the extent it seeks information outside of Defendants' possession, custody, or control.

      **RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

13

**REQUEST FOR PRODUCTION NO. 12**: All IRS Form 990s for Media Matters, regardless of time period, since the founding of Media Matters.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll IRS Form 990s for Media Matters" since the organization's founding twenty years ago, with no indication of why this information would be material or related to the claims or defenses at issue in this case. Indeed, the Platform was not founded until 2006, two years *after* Media Matters was founded. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis only publicly available version of its Form 990 tax returns. Defendants will not produce any non-public versions of its tax return.


**REQUEST FOR PRODUCTION NO. 13**: All annual financial statements for Media Matters, regardless of time period, since the founding of Media Matters.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll annual financial statements for Media Matters" since the organization's founding twenty years ago, with no indication of why this information would be material or related to the claims or defenses at issue in this case. Indeed, the Platform was not founded until 2006, two years *after* Media Matters was founded. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are

15

otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

   **RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 14**: All Your bank statements and all documents sufficient to show Your financial condition during the time period.

   **OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll bank statements and all documents sufficient to show [Defendants'] financial condition," with no indication of why this information—including personal financial information of an individual reporter—would be material or related to the claims or defenses at issue in this case. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

16

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 15**: All materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation of any kind whatsoever that You may currently owe, that You may owe in the future, or that You have owed during the time period, including but not limited to any monetary judgment in this matter.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation *of any kind whatsoever*" even where the information would be immaterial or unrelated to the claims or defenses at issue in this case. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information and associations protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to

17

this request to the extent that it seeks materials outside of Defendants' possession, custody, or control.

RESPONSES: Subject to, and without waiving these objections, Defendants direct Plaintiff to Section IV of Defendants' Initial Disclosures, served to counsel on March 8, 2024 via email, which, pursuant to Federal Rule of Civil Procedure 26 (a)(1)(A)(iv), lists "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in th[is] action or to indemnify or reimburse for payments made to satisfy the judgment [in this litigation]." Defendants will produce any related documents as required by Federal Rule of Civil Procedure 34. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 16**: Documents sufficient to show Your expenses and the identity of the recipients of such expenditures, including but not limited to expenses on salaries, travel, equipment, real property, solicitation of donations, and any other expenses whatsoever.

OBJECTIONS: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires producing a high-volume of sensitive financial information—including a limitless amount of unrestricted "expenses"—that are immaterial or unrelated to the claims or defenses at issue in this case. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment

18

privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 17**: Documents sufficient to show the identity of all Your donors or any others who provide financial support of any kind, their residence, the time and place of their donation or provision of financial support, and the amount of their donations or other financial support.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request seeks a high-volume of sensitive financial information "of any kind" that is immaterial or unrelated to the claims or defenses at issue in this case. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. at 2385–86; *Nat'l Ass'n for Advancement of*

*Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.  Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 18**: Any document or communication reflecting Your attempts to solicit donations or financial support of any kind, including but not limited to any discussions with any donors or any others who provided, considered providing, or were asked to provide financial support of any kind.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request seeks a high-volume of sensitive financial information of "any kind" that is immaterial or unrelated to the claims or defenses at issue in this case. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*,

20

*Americans for Prosperity Found.*, 141 S. Ct. 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.  Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this request to the extent it seeks materials outside of Defendants' possession, custody, or control.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 19**: Documents sufficient to identify the recipients of any communications or email updates, "Action Updates," or "Weekly Updates" sent out via any email list that You maintain, as well as any information related to those recipients' locations, including but not limited to any self-reported location data and their IP addresses.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. Defendants also object to this Request to the extent it seeks disclosure of associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*,

21

141 S. Ct. at 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 20**: Documents sufficient to show Media Matters' organizational structure, including Board membership, leadership structure, and that of any affiliated or related entities.

**OBJECTIONS**: Defendants object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

22

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 21**: All documents and communications regarding Your sources of funding for research, investigation, reporting, publication, or any other work related to X, the Platform, Elon Musk, or Linda Yaccarino.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" that in any way mention sources of funding related to X, the Platform, Elon Musk, or Linda Yaccarino, even where not reasonably related to the issues in dispute in this case. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client

23

privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.  Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.


**REQUEST FOR PRODUCTION NO. 22**: All documents concerning, and communications with, any third-party public relations, advertising, marketing, communications, or similar firm that You have contracted with, or that you have contacted in any capacity about the November 16, 2023 Article.

**OBJECTIONS**: Defendants object to this Request to the extent it seeks disclosure of sensitive associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to the term "similar firm" as vague.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control

24

that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 23**: All documents and communications related to or reflecting any travel by Eric Hananoki from October 20, 2023, to December 15, 2023.

> **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications related to or reflecting *any* travel" by Mr. Hananoki during the specified time period, even where not reasonably related to the issues in dispute in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

> **RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 24**: All of Your calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments from October 20, 2023, to December 15, 2023.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments" during the specified time period, even where not reasonably related to the issues in dispute in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 25**: All documents and communications related to or reflecting Your involvement in or knowledge of X and any related entities, individuals, and platforms.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this

26

litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants also object to this request to the extent it seeks materials outside of Defendants' possession, custody, or control. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Requests Nos. 5 and 8.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 26**: All documents and communications related to or reflecting Media Matters' Board's involvement in or knowledge of X and any related entities, individuals, and platforms.

      **OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

      **RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 27**: All documents and communications related to or reflecting Media Matters' donors' involvement in or knowledge of X and any related entities, individuals, and platforms.

28

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this request to the extent it seeks materials outside of Defendants' possession, custody, or control.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis, any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 28**: All documents and communications related to or reflecting Media Matters' employees' involvement in or knowledge of X and any related entities, individuals, and platforms.

      **OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Requests Nos. 5, 8, and 25.

      **RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 29**: All documents and communications related to or reflecting Media Matters' advertisers' and agencies' involvement in or knowledge of X and any related entities, individuals, and platforms.

 **OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this Request to the extent that it seeks materials not within Defendants' possession, custody, or control.

 **RESPONSES**: Subject to, and without waiving these objections, Defendants do not possess any documents that are responsive to this Request because Media Matters does not have any advertisers or agencies.

**GIBSON, DUNN & CRUTCHER LLP**
Andrew LeGrand (TX 24070132)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
T: (214) 698-3100
F: (214) 571-2960
alegrand@gibsondunn.com

Theodore J. Boutrous, Jr.** (CA 132099)
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520
tboutrous@gibsondunn.com

Amer S. Ahmed** (NY 4382040)
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035
aahmed@gibsondunn.com

**ELIAS LAW GROUP LLP**
Abha Khanna* (WA 42612)
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
akhanna@elias.law

Jacob D. Shelly* (DC 90010127)
Daniela Lorenzo* (NY 5780457)
250 Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
T: (202) 968-4490
F: (202) 986-4498
jshelly@elias.law
dlorenzo@elias.law

\* Admitted *pro hac vice*
\** *Pro hac vice* application forthcoming

*Counsel for Defendants Media Matters for America and Eric Hananoki*

### CERTIFICATE OF SERVICE

On March 11, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Andrew LeGrand*

Andrew LeGrand

32

TAB 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| X CORP., | |
| *Plaintiff*, | |
| v. | Civil Action No. 4:23-cv-01175-O |
| MEDIA MATTERS FOR AMERICA, *et al.*, | |
| *Defendants*. | |

**DEFENDANTS MEDIA MATTERS FOR AMERICA, ERIC HANANOKI, AND ANGELO CARUSONE'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

Defendants Media Matters for America ("Media Matters"), Mr. Eric Hananoki, and Mr. Angelo Carusone, through their undersigned counsel, submit these responses and objections to Plaintiff X Corp.'s Second Set of Requests for Production ("Discovery Requests" or "Requests").

**PRELIMINARY STATEMENT**

The responses set forth herein are based on the information and documents reasonably available to Defendants at this time, but discovery in this matter, including Defendants' investigation into the issues raised in this lawsuit and documents responsive to Plaintiff's Discovery Requests, is still ongoing. Defendants reserve their right to alter, supplement, amend, correct, clarify, or otherwise modify these responses and objections, to assert additional objections or privileges in any subsequent supplemental response(s), or to move for a Court order if deemed appropriate.

1

By making the accompanying responses and objections to Plaintiff's Discovery Requests, Defendants do not waive, and hereby expressly reserve, their right to assert all objections as to the admissibility of such responses and documents into evidence in this action, or in any other proceedings.

Produced materials will adhere to formal ESI protocol, privilege material agreement, and any protective order agreed to by Counsel for Plaintiff and Defendants and entered by the Court, and will be produced on a rolling basis. Moreover, Defendants maintain that this Court has no personal jurisdiction over Media Matters, Eric Hananoki, or Angelo Carusone, and that the Northern District of Texas is not the proper venue for this dispute. *See* Defendants' Brief in Support of their Motion to Dismiss, ECF 41 at Sections I and II; Defendants' Reply in Support of their Motion to Dismiss, ECF 51 at Sections I and II. Defendants provide these responses and objections subject to and without waiving any of their arguments for dismissal.

## RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR PRODUCTION NO. 30**: All versions of the November 17, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

**OBJECTIONS**: The Request does not define the term "notes," and Defendants interpret the term as used here consistent with its ordinary meaning to ask for written records created in the process of reporting, writing, and publishing the November 17, 2023 Article. To the extent Plaintiff means something else by the term, Defendants object to this Request as vague and ambiguous. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege or reporter's privilege, including notes and communications that divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose

2

the identity of persons who have imparted information . . . in confidence"); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (recognizing "the close nexus between the freedoms of speech and assembly" protected party from disclosure of associational documents). Defendants also object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 31**: All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 17, 2023 Article.

3

**OBJECTIONS**: The Request does not define the term "Platform account data," and Defendants interpret the term as used here to ask for usernames of accounts on the X Platform relied on, referenced, created, or considered in investigating, working on, writing, publishing, and disseminating the referenced article. To the extent Plaintiff means something else by the term, Defendants object to this Request as vague and ambiguous. Defendants further object to this Request because it seeks sensitive information protected by the First Amendment privilege and reporter's privilege, including by asking Defendants to divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose the identity of persons who have imparted information . . . in confidence."); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (recognizing "the close nexus between the freedoms of speech and assembly" protected party from disclosure of associational documents). Defendants also object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to the extent that this Request seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive, such as information about accounts on X or sources and links embedded within the November 17, 2023 article.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that

4

they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 32**: All documents and communications related to the November 17, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 17, 2023 Article.

OBJECTIONS: Defendants object to this Request because it seeks information such as confidential communications with donors and strategic partners that are squarely protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2385–86 (2021); *Nat'l Ass'n for Advancement of Colored People*, 357 U.S.  at 460; *see also Whole Woman's Health v. Smith*, 896 F.3d 362, 372 (5th Cir. 2018), as revised (July 17, 2018); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010). Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

RESPONSE: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources

for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 33**: All audio and video recordings of You discussing or referencing in any way the November 17, 2023 Article, including but not limited to documents reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

**OBJECTIONS**: Defendants object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request because it seeks materials "in the possession, custody, or control of third parties" and therefore not within Defendants' possession, custody, or control.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendants are in the process of collecting documents for review

6

and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 34**: All materials regarding or communications with You or any other Media Matters employee, contractor, or agent mentioning or regarding in any way this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

    **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll materials regarding or communications" that in any way mention this Matter, X, Twitter, the Platform, Elon Musk, or Linda Yaccarino, even where not reasonably related to the issues in dispute in this case. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. For example, Plaintiff seeks communications and documents related to "this Matter," which could conceivably include privileged conversations with counsel and work product created for the purpose of litigation. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are

otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Requests Nos. 4, 5, 6, 25, and 33.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 35**: All materials regarding or communications with any donor or potential donor to Media Matters mentioning or regarding in any way this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and

8

associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.  Defendants object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants also object to this request to the extent it seeks materials outside of Defendants' possession, custody, or control. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Request Nos. 18 and 21.

      **RESPONSE**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

      **REQUEST FOR PRODUCTION NO. 36**: All materials, including but not limited to notes, transcripts, or recordings, whether published, broadcast, or otherwise, or all media or public appearances made by You wherein You discussed or mentioned this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

      **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For

example, this Request impermissibly requires blanket production of "[a]ll materials" related to any public appearances that in any way mention this Matter, X, Twitter, the Platform, Elon Musk, or Linda Yaccarino, even where not reasonably related to the issues in dispute in this case. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. For example, Plaintiff seeks communications and documents related to "this Matter," which could conceivably include privileged conversations with counsel and work product created for the purpose of litigation. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Requests Nos. 4, 5, 6, 25, 33, and 34.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 37**: All materials regarding or communications with Eric Hananoki.

    **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll materials regarding or communications with Eric Hananoki," even where not reasonably related to the issues in dispute in this case. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before Mr. Hananoki's challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Requests Nos 1, 2, 3, 4, 5, 6, 7, 9, 10, 14, 15, 16,17, 18, 19, 20, 21, 22, 23, 24, 25, 28, 30, 31, 32, 33, 34, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46, and 47.

    **RESPONSE**: Many of documents Defendants produce in response to other Requests will be responsive to this Request as well, as noted above. Based on the foregoing objections, however, Defendants will not conduct a separate search or create separate productions for this Request at this time.

**REQUEST FOR PRODUCTION NO. 38**: All materials regarding or communications with Matt Gertz.

    **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll materials regarding or communications with Matt Gertz," even where not reasonably related to the issues in dispute in this case. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before Mr. Hananoki's challenged article was published and a year before Elon Musk took over the Platform. And Mr. Gertz was not involved in the researching or drafting of the challenged article. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Request Nos. 5, 6, 7, 20, 28, 34, 36, 39, 41, 42, 44, and 45.

    **RESPONSE**: Many of documents Defendants produce in response to other Requests will be responsive to this Request as well, as noted above. Based on the foregoing objections, however,

12

Defendants will not conduct a separate search or create separate productions for this Request at this time.

**REQUEST FOR PRODUCTION NO. 39**: All materials reflecting or regarding any policies, practices, procedures, codes of conduct, ethical standards, or other guidelines for appropriate investigation and reporting for Media Matters' articles, including but not limited to policies concerning fact-checking, defamation, and contacting sources or subjects of articles.

 **OBJECTIONS**: Defendants object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform.

 **RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis, any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 40**: All materials and communications regarding the X account(s) used in creating the November 16, 2023 Article or the November 17, 2023 Article,

including but not limited to any emails from the Platform (including automatic or system-generated emails).

**OBJECTIONS**: Defendants object to this Request because it seeks sensitive information protected by the First Amendment privilege and reporter's privilege, including by asking Defendants to divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose the identity of persons who have imparted information . . . in confidence."); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (recognizing "the close nexus between the freedoms of speech and assembly" protected party from disclosure of associational documents). Defendants also object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to the extent that this Request seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Request Nos. 2, 10, and 31.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis, any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding

any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 41**: All materials and communications with or regarding any X account or X advertiser appearing the [sic] November 16, 2023 Article or the November 17, 2023 Article.

      **OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll materials and communications" to a broad range of individuals and entities even where not reasonably related to the issues in dispute in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.  Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Request Nos. 2, 3, 7, 8, 10, 22, 31, 32, and 42.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 42**: All materials regarding or communications with any individual or entity named in the November 16, 2023 Article, the November 17, 2023 Article, and any subsequent coverage, including communications with any entity's board of directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act on behalf of any such entity.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll materials regarding or communications with" a broad range of individuals and entities even where not reasonably related to the issues in dispute in this case. Plaintiff also seeks documents on "any subsequent coverage," which is unduly broad and impermissibly seeks every article MMFA has written or published since November 16, 2023 and subsequent to Plaintiff filing its Complaint. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the

16

Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.  Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Request Nos. 2, 3, 7, 8, 10, 22, 31, 32, and 41.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants will not search for or produce materials related to "any subsequent coverage" as this is beyond the scope of what is being litigated in this case. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 43**: All materials regarding or communications with any sources for the November 16, 2023 Article, the November 17, 2023 Article, and any subsequent coverage.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll materials regarding or communications with any source" even where not reasonably related to the issues in dispute in this case. Plaintiff also seeks documents on "any subsequent coverage," which is unduly broad and impermissibly seeks every article MMFA has written or published since November 16, 2023 and subsequent to Plaintiff filing its Complaint. Defendants object to this Request because it seeks sensitive information protected by the First Amendment privilege and reporter's privilege, including by asking Defendants to divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose the identity of persons who have imparted information . . . in confidence."). Defendants also object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Request Nos. 2, 3, 31, and 32.

**RESPONSE**:  Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 44**: Documents sufficient to show the identity of the author of and every contributor to articles that are attributed to "Media Matters Staff" or that are unattributed referring to this Matter, Elon Musk, Linda Yaccarino, X, Twitter, the November 16,

2023 Article, the November 17, 2023 Article, or the Platform, including misinformation, brand safety, ad pairing, anti-Semitism, racism, Nazis or Nazi ideology and content, white nationalism, white supremacism, or the "alt-right" on the Platform.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of a broad set of materials related to articles about Elon Musk, Linda Yaccarino, X, Twitter, the Platform, and a broad range of topics even where not reasonably related to the issues in dispute in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object because this information can be requested via less burdensome measures, like an interrogatory.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 45**: All materials or communications that reference in any way this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform, and use any of the following terms or any variant of any of the following terms: Hitler, Nazi, racist, racism, alt-right, antisemite, antisemitism, anti-Semite, anti-Semitism, red line, replacement theory, white supremacy, white nationalism, white pride, Pepe, frog Twitter, the Holocaust, bigotry, hate, hatred, hateful speech, Charlottesville, tiki torch, January 6, January 6th, Jan. 6, Jan. 6th, 1/6, J6, minorities, hordes, jew, jewish, Israel, Israeli, IDF, Israeli Defense Force, Palestine, Palestinian, "from the river to the sea," October 7, 10/7, jihad, day of jihad, Hamas, Gaza, Islam, Islamic, Palestinian Islamic Jihad, PIJ, Islamophobia, Zionism, Zionist, Zion, blue chip, brand, free speech, First Amendment, Texas, Fort Worth, Dallas, Austin.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll materials or communications that reference in any way" a broad range of individuals, entities, and topics, even where not reasonably related to the issues in dispute in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.  For example, Plaintiff seeks communications and

documents related to "this Matter," which could conceivably include privileged conversations with counsel and work product created for the purpose of litigation. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Request Nos. 5, 34, 35, and 36.

    **RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.


**REQUEST FOR PRODUCTION NO. 46**: All materials reflecting or relating to any reports, accusations, files, notes, personnel records, complaints, mediations, arbitrations, lawsuits (including potential or threatened lawsuits that were never filed), or investigations involving allegations that You took adverse employment actions or otherwise discriminated against or took any action against another person or persons on the basis of a protected class, including but not limited to race, color, national origin, religion, sex, sexual orientation, language status, or pregnancy status.

    **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the

extent it seeks documents not relevant to any claim or defense asserted in this litigation. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSE**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 47**: All materials reflecting or relating to any reports, accusations, files, notes, personnel records, complaints, mediations, arbitrations, lawsuits (including potential or threatened lawsuits that were never filed), or investigations involving allegations against You regarding business disparagement, defamation, or libel.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSE**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**GIBSON, DUNN & CRUTCHER LLP**
Andrew LeGrand (TX 24070132)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
T: (214) 698-3100
F: (214) 571-2960
alegrand@gibsondunn.com

Theodore J. Boutrous, Jr.** (CA 132099)
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520
tboutrous@gibsondunn.com

Amer S. Ahmed* (NY 4382040)
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035
aahmed@gibsondunn.com

**ELIAS LAW GROUP LLP**
Abha Khanna* (WA 42612)
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
akhanna@elias.law

Jacob D. Shelly* (DC 90010127)
Daniela Lorenzo* (NY 5780457)
250 Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
T: (202) 968-4490
F: (202) 986-4498
jshelly@elias.law
dlorenzo@elias.law

* Admitted *pro hac vice*
** *Pro hac vice* application forthcoming

*Counsel for Defendants Media Matters for America, Eric Hananoki, and Angelo Carusone*

**CERTIFICATE OF SERVICE**

On April 29, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Andrew LeGrand*

Andrew LeGrand

24

TAB 5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |
|---|---|
| X CORP., | |
| *Plaintiff*, | |
| v. | Civil Action No. 4:23-cv-01175-O |
| MEDIA MATTERS FOR AMERICA, *et al.*, | |
| *Defendants*. | |

**DEFENDANTS MEDIA MATTERS FOR AMERICA AND ERIC HANANOKI'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Defendants Media Matters for America ("Media Matters") and Mr. Eric Hananoki,[1] through their undersigned counsel, submit these amended responses and objections to Plaintiff X Corp.'s First Set of Requests for Production ("Discovery Requests" or "Requests"), initially served on March 11, 2024. Defendants' amendments are made based on conferral among counsel.

## PRELIMINARY STATEMENT

The responses set forth herein are based on the information and documents reasonably available to Defendants at this time, but discovery in this matter, including Defendants' investigation into the issues raised in this lawsuit and documents responsive to Plaintiff's

---

[1] Plaintiff's First Set of Requests for Production were served on February 5, 2024, prior to when Plaintiff amended its complaint to include Angelo Carusone as a defendant. Therefore, these Responses and Objections are not on behalf of Mr. Carusone. All references to Defendants herein are to Media Matters and Mr. Hananoki only.

Discovery Requests is still ongoing. Defendants reserve their right to alter, supplement, amend, correct, clarify, or otherwise modify these responses and objections, to assert additional objections or privileges, in any subsequent supplemental response(s), or to move for a Court order if deemed appropriate.

By making the accompanying responses and objections to Plaintiff's Discovery Requests, Defendants do not waive, and hereby expressly reserve, their right to assert all objections as to the admissibility of such responses and documents into evidence in this action, or in any other proceedings.

Produced materials will adhere to formal ESI protocol, privilege material agreement, and any protective order agreed to by Counsel for Plaintiff and Defendants and entered by the Court, and will be produced on a rolling basis.

Moreover, Defendants maintain that this Court has no personal jurisdiction over Media Matters or Eric Hananoki and that the Northern District of Texas is not the proper venue for this dispute. *See* Defendants' Brief in Support of their Motion to Dismiss, ECF 41 at Sections I and II; Defendants' Reply in Support of their Motion to Dismiss, ECF 51 at Sections I and II. Defendants provide these responses and objections subject to and without waiving any of their arguments for dismissal.

## RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR PRODUCTION NO. 1**: All versions of the November 16, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

**OBJECTIONS**: The Request does not define the term "notes," and Defendants interpret the term as used here consistent with its ordinary meaning to ask for written records created in the process of reporting, writing, and publishing the November 16, 2023 Article. To the extent Plaintiff

2

means something else by the term, Defendants object to this Request as vague and ambiguous. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege or reporter's privilege, including notes and communications that divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose the identity of persons who have imparted information . . . in confidence"); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (recognizing "the close nexus between the freedoms of speech and assembly" protected party from disclosure of associational documents). Defendants also object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSE**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

3

**REQUEST FOR PRODUCTION NO. 2**:   All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 16, 2023 Article.

**OBJECTIONS**: The Request does not define the term "Platform account data," and Defendants interpret the term as used here to ask for usernames of accounts on the X Platform relied on, referenced, created, or considered in investigating, working on, writing, publishing, and disseminating the referenced article. To the extent Plaintiff means something else by the term, Defendants object to this Request as vague and ambiguous. Defendants further object to this Request because it seeks sensitive information protected by the First Amendment privilege and reporter's privilege, including by asking Defendants to divulge protected source material. *See, e.g.*, *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (recognizing "the first amendment shields a reporter from being required to disclose the identity of persons who have imparted information . . . in confidence."); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (recognizing "the close nexus between the freedoms of speech and assembly" protected party from disclosure of associational documents). Defendants also object to this Request to the extent it seeks documents or communications that are protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to the extent that this Request seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive, such as information about accounts on X or sources and links embedded within the November 16, 2023 article.

4

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 3**:  All documents and communications related to the November 16, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 16, 2023 Article.

**OBJECTIONS**: Defendants object to this Request because it seeks information such as confidential communications with donors and strategic partners that are squarely protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2385–86 (2021); *Nat'l Ass'n for Advancement of Colored People*, 357 U.S.  at 460; *see also Whole Woman's Health v. Smith*, 896 F.3d 362, 372 (5th Cir. 2018), as revised (July 17, 2018); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010). Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this Request to the extent that it seeks publicly available documents

and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

    **RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 4**:   All audio and video recordings of You discussing or referencing in any way the November 16, 2023 Article, including but not limited to documents reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

    **OBJECTIONS**: Defendants object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this Request because it seeks materials "in the possession, custody, or control of third parties" and therefore not within Defendants' possession, custody, or control.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 5**:  All documents and communications discussing or mentioning X, the Platform, Elon Musk, or Linda Yaccarino, including but not limited to email updates, "Action Updates," or "Weekly Updates," that were sent out via any email, text, phone, social media, or other distribution list that You maintain.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" that in any way mention X, the Platform, Elon Musk, or Linda Yaccarino, even where not reasonably related to the issues in dispute in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product

7

doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 6**:  All documents and communications concerning content moderation on the Platform.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to any content moderation policies on the Platform and is not reasonably limited to materials relevant to the issues in dispute in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged

article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 7**: All documents and communications concerning advertising on the Platform, including but not limited to documents and communications concerning any particular advertiser or potential advertiser on the Platform.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this

9

litigation. For example, the terms "any particular advertiser or potential advertiser on the Platform" is not reasonably limited to materials relevant to the issues in dispute in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 8**:   All communications with X's advertisers concerning the Platform, including but not limited to communications regarding their decision to advertise on the Platform.

10

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 9**: All communications with X's advertisers about advertising with or financially supporting You.

11

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires blanket production of "[a]ll communications" with certain advertisers not reasonably limited to materials relevant to the issues in dispute in this case. Similarly, the phrase "financially supporting" is vague, overly broad, and not reasonably limited to materials relevant to the issues in dispute in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request because it seeks sensitive information such as communications protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this request to the extent it seeks materials outside of Defendants possession, custody, or control.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 10**: All posts, comments, direct messages, and any other account data of any kind whatsoever posted by You on the Platform, including but not limited to

12

the @mmfa and @ehananoki accounts and any accounts used in the creation of the November 16, 2023 Article.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll posts, comments, direct messages, and any other account data of any kind whatsoever" of various accounts, even where the information it seeks is vague, immaterial, or unrelated to the claims or defenses at issue in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive, including X account information within X Corp.'s possession.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that they are able to locate following a reasonable search. Defendants will not search public sources for responsive materials and will not search for or produce materials under third parties' possession, custody, or control. Defendants are in the process of collecting

13

documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 11**: All communications with appointed or elected public officials, candidates for public office, candidate campaign committees, political party committees, PACs, 501(c)(4) groups, and any other political actors or political operatives.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll communications" with a staggering number of potential individuals on unspecified topics immaterial and unrelated to the claims or defenses at issue in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks sensitive communications that are protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents

14

and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants further object to this request to the extent it seeks information outside of Defendants' possession, custody, or control.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 12**: All IRS Form 990s for Media Matters, regardless of time period, since the founding of Media Matters.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll IRS Form 990s for Media Matters" since the organization's founding twenty years ago, with no indication of why this information would be material or related to the claims or defenses at issue in this case. Indeed, the Platform was not founded until 2006, two years *after* Media Matters was founded. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial

15

preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis only publicly available version of its Form 990 tax returns. Defendants will not produce any non-public versions of its tax return.

**REQUEST FOR PRODUCTION NO. 13**: All annual financial statements for Media Matters, regardless of time period, since the founding of Media Matters.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll annual financial statements for Media Matters" since the organization's founding twenty years ago, with no indication of why this information would be material or related to the claims or defenses at issue in this case. Indeed, the Platform was not founded until 2006, two years *after* Media Matters was founded. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client

16

privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.  Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 14**: All Your bank statements and all documents sufficient to show Your financial condition during the time period.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll bank statements and all documents sufficient to show [Defendants'] financial condition," with no indication of why this information—including personal financial information of an individual reporter—would be material or related to the claims or defenses at issue in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at

17

1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

 **RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.


**REQUEST FOR PRODUCTION NO. 15**: All materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation of any kind whatsoever that You may currently owe, that You may owe in the future, or that You have owed during the time period, including but not limited to any monetary judgment in this matter.

 **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation *of any kind whatsoever*" even where the information would be immaterial or unrelated to the claims or defenses at issue in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information and associations protected by the First Amendment privilege, the production of which

18

would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this request to the extent that it seeks materials outside of Defendants' possession, custody, or control.

**RESPONSES**: Subject to, and without waiving these objections, Defendants direct Plaintiff to Section IV of Defendants' Initial Disclosures, served to counsel on March 8, 2024 via email, and any subsequent revisions to Defendants' Initial Disclosures, which, pursuant to Federal Rule of Civil Procedure 26 (a)(1)(A)(iv), lists "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in th[is] action or to indemnify or reimburse for payments made to satisfy the judgment [in this litigation]." Defendants will produce any related documents as required by Federal Rule of Civil Procedure 34. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 16**: Documents sufficient to show Your expenses and the identity of the recipients of such expenditures, including but not limited to expenses on salaries, travel, equipment, real property, solicitation of donations, and any other expenses whatsoever.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires producing a high-volume of sensitive financial information—including a limitless amount of unrestricted "expenses"—that are immaterial or unrelated to the claims or defenses at issue in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.


**REQUEST FOR PRODUCTION NO. 17**: Documents sufficient to show the identity of all Your donors or any others who provide financial support of any kind, their residence, the time and place of their donation or provision of financial support, and the amount of their donations or other financial support.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request seeks a high-volume of sensitive financial information "of any kind" that is immaterial or unrelated to the claims or defenses at issue in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. at 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 18**: Any document or communication reflecting Your attempts to solicit donations or financial support of any kind, including but not limited to any discussions with any donors or any others who provided, considered providing, or were asked to provide financial support of any kind.

    **OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request seeks a high-volume of sensitive financial information of "any kind" that is immaterial or unrelated to the claims or defenses at issue in this case. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.  Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more

22

convenient, less burdensome, or less expensive. Defendants further object to this request to the extent it seeks materials outside of Defendants' possession, custody, or control.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 19**: Documents sufficient to identify the recipients of any communications or email updates, "Action Updates," or "Weekly Updates" sent out via any email list that You maintain, as well as any information related to those recipients' locations, including but not limited to any self-reported location data and their IP addresses.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. Indeed, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. at 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

23

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 20**: Documents sufficient to show Media Matters' organizational structure, including Board membership, leadership structure, and that of any affiliated or related entities.

**OBJECTIONS**: Defendants object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control from April 14, 2022 onward that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any

responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 21**: All documents and communications regarding Your sources of funding for research, investigation, reporting, publication, or any other work related to X, the Platform, Elon Musk, or Linda Yaccarino.

　　**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" that in any way mention sources of funding related to X, the Platform, Elon Musk, or Linda Yaccarino, even where not reasonably related to the issues in dispute in this case.  Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

25

Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

**RESPONSES**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 22**: All documents concerning, and communications with, any third-party public relations, advertising, marketing, communications, or similar firm that You have contracted with, or that you have contacted in any capacity about the November 16, 2023 Article.

**OBJECTIONS**: Defendants object to this Request to the extent it seeks disclosure of sensitive associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to the term "similar firm" as vague.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that

they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 23**: All documents and communications related to or reflecting any travel by Eric Hananoki from October 20, 2023, to December 15, 2023.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications related to or reflecting *any* travel" by Mr. Hananoki during the specified time period, even where not reasonably related to the issues in dispute in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Subject to, and without waiving these objections, Defendants do not possess any responsive documents because Mr. Hananoki did not conduct any travel from October 20, 2023, to December 15, 2023 undertaken in relation to his research or drafting of the November 16, 2023 article.

**REQUEST FOR PRODUCTION NO. 24**: All of Your calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments from October 20, 2023, to December 15, 2023.

27

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments" during the specified time period, even where not reasonably related to the issues in dispute in this case. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 25**: All documents and communications related to or reflecting Your involvement in or knowledge of X and any related entities, individuals, and platforms.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this

28

litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this Request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Plaintiff such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Defendants also object to this request to the extent it seeks materials outside of Defendants' possession, custody, or control. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Requests Nos. 5 and 8.

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

29

**REQUEST FOR PRODUCTION NO. 26**: All documents and communications related to or reflecting Media Matters' Board's involvement in or knowledge of X and any related entities, individuals, and platforms.

   **OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

   **RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

30

**REQUEST FOR PRODUCTION NO. 27**: All documents and communications related to or reflecting Media Matters' donors' involvement in or knowledge of X and any related entities, individuals, and platforms.

    **OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants also object to this Request to the extent it seeks disclosure of sensitive financial and associational information protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 141 S. Ct. 2385–86; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also, Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants also object to this request to the extent it seeks materials outside of Defendants' possession, custody, or control.

    **RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis, any responsive, nonprivileged documents in its possession, custody, or control

from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 28**: All documents and communications related to or reflecting Media Matters' employees' involvement in or knowledge of X and any related entities, individuals, and platforms.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26. Defendants further object to this Request as duplicative of and/or cumulative of Discovery Requests Nos. 5, 8, and 25.

32

**RESPONSES**: Subject to, and without waiving these objections, Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control from April 14, 2022 onward that it is able to locate following a reasonable search. Defendants are in the process of collecting documents for review and are not presently withholding any responsive documents that they have identified subject to these objections. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 29**: All documents and communications related to or reflecting Media Matters' advertisers' and agencies' involvement in or knowledge of X and any related entities, individuals, and platforms.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, including to the extent it seeks documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll documents and communications" related to undefined topics even where not reasonably related to the issues in dispute in this case. Similarly, "any related entities, individuals, and platforms" is vague and undefined. Moreover, Plaintiffs' request seeks documents dating back to April 14, 2021, more than two and a half years before the challenged article was published and a year before Elon Musk took over the Platform. Defendants further object to this Request to the extent it seeks documents or communications that are protected by the First Amendment privilege, reporter's privilege, attorney-client privilege, work-product doctrine, and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26.

33

Defendants further object to this Request to the extent that it seeks materials not within Defendants' possession, custody, or control.

RESPONSES: Subject to, and without waiving these objections, Defendants do not possess any documents that are responsive to this Request because Media Matters does not have any advertisers or agencies.

**GIBSON, DUNN & CRUTCHER LLP**
Andrew LeGrand (TX 24070132)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
T: (214) 698-3100
F: (214) 571-2960
alegrand@gibsondunn.com

Theodore J. Boutrous, Jr.** (CA 132099)
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520
tboutrous@gibsondunn.com

Amer S. Ahmed* (NY 4382040)
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035
aahmed@gibsondunn.com

**ELIAS LAW GROUP LLP**
Abha Khanna* (WA 42612)
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
akhanna@elias.law

Jacob D. Shelly* (DC 90010127)
Daniela Lorenzo* (NY 5780457)
250 Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
T: (202) 968-4490
F: (202) 986-4498
jshelly@elias.law
dlorenzo@elias.law

* Admitted *pro hac vice*
** *Pro hac vice* application forthcoming

*Counsel for Defendants Media Matters for America and Eric Hananoki*

## CERTIFICATE OF SERVICE

On April 29, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Andrew LeGrand*

Andrew LeGrand

35

TAB 6

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

|  |  |
|---|---|
| X CORP., | |
| *Plaintiff*, | |
| v. | Civil Action No. 4:23-cv-01175-O |
| MEDIA MATTERS FOR AMERICA, *et al.*, | |
| *Defendants*. | |

## DEFENDANTS MEDIA MATTERS FOR AMERICA, ERIC HANANOKI, AND ANGELO CARUSONE'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

Defendants Media Matters for America ("Media Matters"), Mr. Eric Hananoki, and Mr. Angelo Carusone, through their undersigned counsel, submit these responses and objections to Plaintiff X Corp.'s Second Set of Requests for Production ("Discovery Requests" or "Requests").

## PRELIMINARY STATEMENT

The responses set forth herein are based on the information and documents reasonably available to Defendants at this time, but discovery in this matter, including Defendants' investigation into the issues raised in this lawsuit and documents responsive to Plaintiff's Discovery Requests, is still ongoing. Defendants reserve their right to alter, supplement, amend, correct, clarify, or otherwise modify these responses and objections, to assert additional objections or privileges in any subsequent supplemental response(s) and/or on a document-by-document basis, or to move for a Court order if deemed appropriate.

1

By making the accompanying responses and objections to Plaintiff's Discovery Requests, Defendants do not waive, and hereby expressly reserve, their right to assert all objections as to the admissibility of such responses and documents into evidence in this action, or in any other proceedings.

Produced materials will adhere to formal ESI protocol, privilege material agreement, and any protective order agreed to by Counsel for Plaintiff and Defendants and entered by the Court, and will be produced on a rolling basis. As of the date of these Amended Responses and Objections, the Parties have yet to agree upon or submit for the Court's approval any of these documents. Any previous or forthcoming production by Defendants is made without waiver of their rights and privileges according to those documents once they are finalized and entered by the Court.

Moreover, Defendants maintain that this Court has no personal jurisdiction over Media Matters, Eric Hananoki, or Angelo Carusone, and that the Northern District of Texas is not the proper venue for this dispute. *See* Defendants' Brief in Support of their Motion to Dismiss, ECF 41 at Sections I and II; Defendants' Reply in Support of their Motion to Dismiss, ECF 51 at Sections I and II. Defendants provide these responses and objections subject to and without waiving any of their arguments for dismissal.

### RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR PRODUCTION NO. 30**: All versions of the November 17, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

**OBJECTIONS**: The Request does not define the term "notes," but Defendants interpret the term as used here consistent with its ordinary meaning to ask for written records created in the process of reporting, writing, and publishing the November 17, 2023 Article. In its May 24, 2024

Motion to Compel, Plaintiff indicated that it agrees with Defendants' definition. *See* ECF 60, Pl.'s Mot. to Compel, at 7.

     **RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 31**: All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 17, 2023 Article.

     **OBJECTIONS**: The Request does not define the term "Platform account data." After conferring with Plaintiff, Defendants interpret the term as used here to ask for usernames, posts, chats, and comments of, as well as emails generated from, accounts on the X Platform relied on, referenced, created, or considered in investigating, working on, writing, publishing, and disseminating the referenced article. *See also* ECF 60, Pl's Mot. to Compel, at 7. Defendants also include "login information" in their definition of Platform account data, but Defendants object to this as not relevant and disproportionate to the needs of the case since it seeks sensitive username and password information. Defendants further object to this Request because it seeks Platform account data that is already within X's possession and is therefore more convenient, less burdensome, and less expensive for X to access outside of discovery.

3

**RESPONSE**: The Parties are still discussing the extent to which some or all of the Platform account data is in the custody, possession, and control of X and more easily accessible by X. Once the Parties have resolved that question, Defendants will provide Plaintiff with the relevant account handles.

Defendants will otherwise produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 32**: All documents and communications related to the November 17, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 17, 2023 Article.

**OBJECTION**: Defendants object to the disclosure of donor identification information as harassing. Disclosure of donor identifying information can lead to donors being harassed for and deterred from affiliating with organizations they support.[1]  Indeed, Elon Musk himself has called

---

[1] *See, e.g., Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595, 616–17 (2021) ("The petitioners here, for example, introduced evidence that they and their supporters have been subjected to bomb threats, protests, stalking, and physical violence. App. in No. 19–251, at 256, 291–292. Such risks are heightened in the 21st century and seem to grow with each passing year,

4

Media Matters "an evil propaganda machine that can go to hell" and vowed that X "will pursue not just the organization but anyone funding that organization. I want to be clear about that anyone funding that organization, will be, we will pursue them".[2] Plaintiff's request for this information is inappropriate and not proportional to the needs of this case.

      **RESPONSE**: Based on this objection, Defendants will not produce identifying donor information in response to this request. Defendants will otherwise produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 33**: All audio and video recordings of You discussing or referencing in any way the November 17, 2023 Article, including but not limited to documents reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

---

as 'anyone with access to a computer [can] compile a wealth of information about' anyone else, including such sensitive details as a person's home address or the school attended by his children") (internal citation omitted); *see also Koch Ally Says He Received Death Threats*, Matt Reynolds, Courthouse News (Feb.25, 2016) (libertarian businessman whose affiliation with the Americans for Prosperity Foundation was leaked said "he received death threats and had considered quitting the foundation because he was worried about his family's safety and the adverse effect of protests outside his North Carolina stores") (last accessed May 28, 2024).

[2]*@TheChiefNerd*, X.com (Dec. 10, 2023, 4:24 PM), [https://perma.cc/6L3M-SHX3] (last accessed May 28, 2024).

**OBJECTIONS**: Defendants object to this Request because it purports to seek materials "in the possession, custody, or control of third parties" and therefore falls outside the scope of Fed. R. Civ. P. 26 and 34.

**RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents. Defendants will not search for or produce any documents that are in the possession, custody, or control of third parties.

**REQUEST FOR PRODUCTION NO. 34**: All materials regarding or communications with You or any other Media Matters employee, contractor, or agent mentioning or regarding in any way this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

**RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 35**: All materials regarding or communications with any donor or potential donor to Media Matters mentioning or regarding in any way this Matter, Elon

6

Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

**OBJECTIONS**: Defendants object to this Request as harassing. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 507–08, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947) ("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries. As indicated by Rules 30(b) and (d) and 31(d), limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry. And as Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege."). Disclosure of donor identifying information can lead to donors being harassed for and deterred from affiliating with organizations they support.[3] Indeed, Elon Musk himself has called Media Matters "an evil propaganda machine that can go to hell" and vowed that X "will pursue not just the organization but anyone funding that organization. I want to be clear about that anyone funding that

---

[3] *See, e.g.*, *Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595, 616–17 (2021) ("The petitioners here, for example, introduced evidence that they and their supporters have been subjected to bomb threats, protests, stalking, and physical violence. App. in No. 19–251, at 256, 291–292. Such risks are heightened in the 21st century and seem to grow with each passing year, as 'anyone with access to a computer [can] compile a wealth of information about' anyone else, including such sensitive details as a person's home address or the school attended by his children") (internal citation omitted); *see also Koch Ally Says He Received Death Threats*, Matt Reynolds, Courthouse News (Feb.25, 2016) (libertarian businessman whose affiliation with the Americans for Prosperity Foundation was leaked said "he received death threats and had considered quitting the foundation because he was worried about his family's safety and the adverse effect of protests outside his North Carolina stores") (last accessed May 28, 2024).

organization, will be, we will pursue them".[4] Plaintiff's request for this information is inappropriate and not proportional to the needs of this case.

       **RESPONSE**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.


**REQUEST FOR PRODUCTION NO. 36**: All materials, including but not limited to notes, transcripts, or recordings, whether published, broadcast, or otherwise, or all media or public appearances made by You wherein You discussed or mentioned this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform.

       **RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control that they are able to locate following a reasonable search. Defendants will not search for or produce materials outside of Defendants' possession, custody, or control. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.


**REQUEST FOR PRODUCTION NO. 37**: All materials regarding or communications with Eric Hananoki.

-----------------------

[4]*@TheChiefNerd*, X.com (Dec. 10, 2023, 4:24 PM), [https://perma.cc/6L3M-SHX3] (last accessed May 28, 2024).

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, and for seeking documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll materials regarding or communications with Eric Hananoki," even where not reasonably related to the issues in dispute in this case. Defendants further object to this Request as duplicative of and/or cumulative of other discovery requests, including Request Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 28, 30, 31, 32, 33, 34, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46, and 47.

**RESPONSE**: Many of documents Defendants produce in response to other Requests will be responsive to this Request as well, as noted above. Based on the foregoing objections, however, Defendants will not conduct a separate search or create separate productions for this Request at this time.

**REQUEST FOR PRODUCTION NO. 38**: All materials regarding or communications with Matt Gertz.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, and for seeking documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll materials regarding or communications with Matt Gertz," even where not reasonably related to the issues in dispute in this case. Indeed, Mr. Gertz did not author either the November 16 or November 17 articles and is only referenced in two footnotes of Plaintiff's Amended Complaint, both citing to the same article. *See* ECF 37, Am. Compl. at n.4 and n.20. Defendants further object to this Request as duplicative

9

of and/or cumulative of other discovery requests, including Discovery Request Nos. 5, 6, 7, 20, 28, 34, 36, 39, 41, 42, 44, and 45.

RESPONSE: Documents Defendants produce in response to other Requests may be responsive to this Request as well, as noted above. Based on the foregoing objections, however, Defendants will not conduct a separate search or create separate productions for this Request at this time.

REQUEST FOR PRODUCTION NO. 39: All materials reflecting or regarding any policies, practices, procedures, codes of conduct, ethical standards, or other guidelines for appropriate investigation and reporting for Media Matters' articles, including but not limited to policies concerning fact-checking, defamation, and contacting sources or subjects of articles.

RESPONSE: Defendants will produce on a rolling basis, any responsive, nonprivileged documents in its possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

REQUEST FOR PRODUCTION NO. 40: All materials and communications regarding the X account(s) used in creating the November 16, 2023 Article or the November 17, 2023 Article, including but not limited to any emails from the Platform (including automatic or system-generated emails).

OBJECTIONS: Defendants interpret "materials" to include Platform account data. Defendants object to this Request because it seeks Platform account data that is already within X's

10

possession and is therefore more convenient, less burdensome, and less expensive for X to access outside of discovery. Defendants also object to this Request as duplicative of and/or cumulative of other discovery requests, including Discovery Request Nos. 2, 10, and 31.

      **RESPONSE**: Defendants interpret "materials" to include Platform account data. The Parties are still discussing the extent to which some or all of the Platform account data is in the custody, possession, and control of X and more easily accessible by X. Once the Parties have resolved that question, Defendants will provide Plaintiff with the relevant account handles and otherwise produce on a rolling basis any responsive, nonprivileged materials that are in their possession, custody, or control and that they are able to locate following a reasonable search.

**REQUEST FOR PRODUCTION NO. 41**: All materials and communications with or regarding any X account or X advertiser appearing the [sic] November 16, 2023 Article or the November 17, 2023 Article.

      **RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 42**: All materials regarding or communications with any individual or entity named in the November 16, 2023 Article, the November 17, 2023 Article, and any subsequent coverage, including communications with any entity's board of directors,

employees, agents, attorneys, representatives, and all other persons acting or purporting to act on behalf of any such entity.

**OBJECTIONS**: Defendants object to the phrase "any subsequent coverage," which is vague, overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, as it would purport to include every article MMFA has written or published since November 16, 2023.

**RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged materials regarding or communications with any individual or entity named in the November 16, 2023 Article or the November 17, 2023 Article in its possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 43**: All materials regarding or communications with any sources for the November 16, 2023 Article, the November 17, 2023 Article, and any subsequent coverage.

**OBJECTIONS**: Defendants object to the phrase "any subsequent coverage," which is vague, overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, as it would purport seek information pertaining to every source for every article MMFA has written or published since November 17, 2023.  Defendants object to this Request as duplicative of and/or cumulative of other discovery requests, including Request Nos. 2, 3, 31, and 32.

**RESPONSE**:  Defendants are not in possession of any responsive documents because Defendants did not rely on any sources in drafting the November 16 and November 17, 2023 articles.


**REQUEST FOR PRODUCTION NO. 44**: Documents sufficient to show the identity of the author of and every contributor to articles that are attributed to "Media Matters Staff" or that are unattributed referring to this Matter, Elon Musk, Linda Yaccarino, X, Twitter, the November 16, 2023 Article, the November 17, 2023 Article, or the Platform, including misinformation, brand safety, ad pairing, anti-Semitism, racism, Nazis or Nazi ideology and content, white nationalism, white supremacism, or the "alt-right" on the Platform.

**RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.


**REQUEST FOR PRODUCTION NO. 45**: All materials or communications that reference in any way this Matter, Elon Musk, Linda Yaccarino, X, Twitter, or the Platform, including misinformation, brand safety, or ad pairing on the Platform, and use any of the following terms or any variant of any of the following terms: Hitler, Nazi, racist, racism, alt-right, antisemite, antisemitism, anti-Semite, anti-Semitism, red line, replacement theory, white supremacy, white nationalism, white pride, Pepe, frog Twitter, the Holocaust, bigotry, hate, hatred, hateful speech, Charlottesville, tiki torch, January 6, January 6th, Jan. 6, Jan. 6th, 1/6, J6, minorities, hordes, jew,

13

jewish, Israel, Israeli, IDF, Israeli Defense Force, Palestine, Palestinian, "from the river to the sea," October 7, 10/7, jihad, day of jihad, Hamas, Gaza, Islam, Islamic, Palestinian Islamic Jihad, PIJ, Islamophobia, Zionism, Zionist, Zion, blue chip, brand, free speech, First Amendment, Texas, Fort Worth, Dallas, Austin.

   **RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in its possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.


**REQUEST FOR PRODUCTION NO. 46**: All materials reflecting or relating to any reports, accusations, files, notes, personnel records, complaints, mediations, arbitrations, lawsuits (including potential or threatened lawsuits that were never filed), or investigations involving allegations that You took adverse employment actions or otherwise discriminated against or took any action against another person or persons on the basis of a protected class, including but not limited to race, color, national origin, religion, sex, sexual orientation, language status, or pregnancy status.

   **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case. Indeed, none of the employment related materials X seeks in its request are relevant to any of its tort claims or computation of damages, or to Defendants' defenses. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 507–08, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947) ("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries. As indicated by Rules 30(b) and (d) and 31(d), limitations

inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry. And as Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege.").

**RESPONSE**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 47**: All materials reflecting or relating to any reports, accusations, files, notes, personnel records, complaints, mediations, arbitrations, lawsuits (including potential or threatened lawsuits that were never filed), or investigations involving allegations against You regarding business disparagement, defamation, or libel.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 507–08, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947) ("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries. As indicated by Rules 30(b) and (d) and 31(d), limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry. And as Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege."). Moreover, Defendants, like all media organizations, are frequently contacted by individuals who criticize or threaten Defendants regarding their reporting despite having no credible basis and despite never going through with legal action. Searching, reviewing, and producing all of these documents would result in a high volume of irrelevant and not responsive documents. *See, e.g.*, *Samsung Elecs. Am.,*

15

*Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 284 (N.D. Tex. 2017) (noting "a court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case, considering" among other things, "the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit").

**RESPONSE**: Notwithstanding these objections, Defendants will produce on a rolling basis any responsive publicly available legal filings in its possession, custody, or control that they are able to locate following a reasonable search.

**GIBSON, DUNN & CRUTCHER LLP**
Andrew LeGrand (TX 24070132)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
T: (214) 698-3100
F: (214) 571-2960
alegrand@gibsondunn.com

Theodore J. Boutrous, Jr.* (CA 132099)
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520
tboutrous@gibsondunn.com

Amer S. Ahmed* (NY 4382040)
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035
aahmed@gibsondunn.com

**ELIAS LAW GROUP LLP**
Abha Khanna* (WA 42612)
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
akhanna@elias.law

Jacob D. Shelly* (DC 90010127)
Daniela Lorenzo* (NY 5780457)
250 Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
T: (202) 968-4490
F: (202) 986-4498
jshelly@elias.law
dlorenzo@elias.law

* Admitted *pro hac vice*

*Counsel for Defendants Media Matters for America, Eric Hananoki, and Angelo Carusone*

16

TAB 7

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

X CORP.,

*Plaintiff,*

  v.

MEDIA MATTERS FOR AMERICA,
*et al.*,

   *Defendants.*

Civil Action No. 4:23-cv-01175-O

**DEFENDANT MEDIA MATTERS FOR AMERICA'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES**

  Defendant Media Matters for America ("Media Matters") hereby serves its responses and objections to Plaintiff X Corp.'s First Interrogatories through its undersigned counsel.

1

Dated: July 19, 2024

Respectfully submitted,

*/s/ Abha Khanna*
**ELIAS LAW GROUP LLP**
Abha Khanna* (WA 42612)
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
akhanna@elias.law

Aria C. Branch (DC 1014541)
Jacob D. Shelly* (DC 90010127)
Elena Rodriguez Armenta* (DC 90018798)
Daniela Lorenzo* (DC 90022335)
250 Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
T: (202) 968-4490
F: (202) 986-4498
abranch@elias.law
jshelly@elias.law
erodriguezarmenta@elias.law
dlorenzo@elias.law

**GIBSON, DUNN & CRUTCHER LLP**
Andrew LeGrand (TX 24070132)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
T: (214) 698-3100
F: (214) 571-2960
alegrand@gibsondunn.com

Theodore J. Boutrous, Jr.* (CA 132099)
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520
tboutrous@gibsondunn.com

Amer S. Ahmed* (NY 4382040)
200 Park Avenue
New York, New York 10166
T: (212) 351-4000

2

F: (212) 351-4035
aahmed@gibsondunn.com

* Admitted *pro hac vice*

*Counsel for Defendant Media Matters for America*

3

**CERTIFICATE OF SERVICE**

I hereby certify that this document was served on all counsel of record for Plaintiff via

email on July 19, 2024, pursuant to counsel's agreement to accept service via electronic means.

*/s/ Abha Khanna*
Abha Khanna

## PRELIMINARY STATEMENT

The responses set forth herein are based on the information and documents reasonably available to Defendants at this time, but discovery in this matter, including Defendants' investigation into the issues raised in this lawsuit, is still ongoing. Defendants reserve their right to alter, supplement, amend, correct, clarify, or otherwise modify these responses and objections, to assert additional objections or privileges in any subsequent supplemental response(s), and to modify their responses if and when they learn additional information.

By making the accompanying responses and objections Defendants do not waive, and hereby expressly reserve, their right to assert all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings.

Moreover, Defendants maintain that this Court has no personal jurisdiction over Media Matters, Eric Hananoki, or Angelo Carusone, and that the Northern District of Texas is not the proper venue for this dispute. *See* Defendants' Brief in Support of their Motion to Dismiss, ECF 41 at Sections I and II; Defendants' Reply in Support of their Motion to Dismiss, ECF 51 at Sections I and II. Defendants provide these responses and objections subject to and without waiving any of their arguments for dismissal.

## RESPONSES TO INDIVIDUAL INTERROGATORIES

**INTERROGATORY NO. 1:** Identify and list with particularity all of Your owners, principals, directors, officers, employees, contractors, freelancers, authors, and agents who were affiliated with You at any point in time between April 2021 and the present. For avoidance of doubt, particularity requires You to, at a minimum, for each person identified, (1) to provide current and all former job titles and job descriptions; (2) a start and, if applicable, end date; (3) current or last

known contact information; (4) the reason for separation, if applicable; and (5) all compensation information (*e.g.*, salary, bonuses, commissions, benefits, etc.) by year.

**OBJECTIONS**: Defendants object to this interrogatory on the grounds that it constitutes at least three discrete interrogatories—(1) the name, title, contact information, occupational status, and job description of relevant individuals; (2) the reason for separation, where applicable; and (3) compensation information. *See, e.g.*, *Garza v. Altaire Pharmaceuticals, Inc*., No. 3:20-CV-1524-B-BK, 2021 WL 3809102, at *4 (N.D. Tex. May 28, 2021) (finding interrogatories were multiplicative where "each subpart of these interrogatories can be answered without answering either of its other subparts").

Defendants also object to Interrogatory No. 1 for seeking information that is overbroad and not relevant and proportional to the needs of the case and on the grounds that collecting all responsive information would be unduly burdensome. Collecting information for all individuals (including contractors and agents) affiliated with Defendants—even where the individuals had nothing to do with researching, writing, editing, designing, publishing, or promoting the statements at issue in this case—would impose severe burdens on Defendants. Consistent with other decisions in this Circuit, Defendants will identify individuals responsible for work related to the November 16 and 17, 2023 Articles. *See, e.g.*, *Abraham v. Alpha Chi Omega*, 271 F.R.D. 556, 561 (N.D. Tex. 2010) (finding that identifying all employees "involved in" the licensing program was overbroad and limiting response to those "responsible for" the licensing program would sufficiently respond to the request); *Am. Airlines, Inc. v. Delta Air Lines, Inc*., No. 4:19-CV-01053-O, 2020 WL 8115870, at *3 (N.D. Tex. July 14, 2020) (similar). Defendants further object that compensation information bears no connection to the allegations at issue in this litigation.

**RESPONSE**: Plaintiffs attach Exhibit A, which includes names, job titles, role summaries, and employment dates for individuals who have been responsible for work related to the November 16 and 17, 2023 Articles. All individuals are current MMFA employees and may be contacted through counsel.

**INTERROGATORY NO. 2:** Identify and list with particularity Your top 20 funding sources (whether from an individual or entity) by cumulative dollar amount received from 2021 to present. For avoidance of doubt, particularity requires You to, at a minimum, (1) identify the funding source; (2) identify the location of the funding source; (3) state the amount of money received by You from that funding source on a quarterly basis; (4) state whether the funding had any conditions, earmarks, or other restrictions from general use by Media Matters; and (5) a description of the conditions, earmarks, or other restrictions, if any.

**OBJECTIONS**: Defendants object to Interrogatory No. 2 as being harassing and irrelevant to any claim or defense asserted in this litigation, and as calling for First Amendment privileged information. The identities of Defendants' funders are not relevant to any element of any of Plaintiff's three claims, nor are they relevant to a potential calculation of damages. Instead, this Interrogatory represents a fishing expedition for highly sensitive and privileged information, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found. v. Bonta*, 594 U.S. 595, 610–11, 616–17 (2021); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958); *see also Whole Woman's Health v. Smith*, 896 F.3d 362, 372 (5th Cir. 2018), *as revised* (July 17, 2018); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010). Disclosure of donor identifying information can also lead to donors being harassed for and deterred

7

from affiliating with organizations they support. Indeed, Elon Musk himself has called Media Matters "an evil propaganda machine that can go to hell" and vowed that X "will pursue not just the organization but anyone funding that organization. I want to be clear about that. Anyone funding that organization, will be, we will pursue them."[1]

      **RESPONSE**: Based on the foregoing objections, Defendants will not provide a response to Interrogatory No. 2.

**INTERROGATORY NO. 3:** Describe with particularity all of your policies, procedures, rules, guidelines, and guides that are and/or were in place to ensure You write and publish accurate and non-misleading reporting. For avoidance of doubt, particularity requires You to, at a minimum, (1) identify the policy; (2) identify how the policy was conveyed, for example through document (including emails), presentation, or handbook; (3) identify how employees, freelancers, contractors, and other individuals who write or investigate pieces published to the Media Matters website or that were otherwise distributed by Media Matters are trained in the policy; (4) identify any reporting required by the policy; (5) identify any documentation related to or required by the policy to ensure compliance with the policy; and (6) identify the stated consequence or punishment for noncompliance with the policy.

      **OBJECTIONS**: Defendants object to Interrogatory No. 3 because its request for descriptions of documents—without any limitation as to when those documents were created or

---

[1] @*TheChiefNerd*, X.com (Dec. 10, 2023, 4:24 PM),
(https://x.com/TheChiefNerd/status/1733960832571122115) (last accessed July 15, 2024).

implemented or whether those documents have anything to do with the reporting at issue in this case—is overbroad, unduly burdensome, and not relevant or proportional to the needs of this case.

Defendants further object to Interrogatory No. 3 on the grounds that it constitutes at least two separate interrogatories labeled as one: (1) what policies Media Matters has, and (2) how they are enforced. *See, e.g.*, *Garza*, 2021 WL 3809102, at *4 (finding interrogatories were multiplicative where "each subpart of these interrogatories can be answered without answering either of its other subparts").

**RESPONSE**: Defendants respond to Interrogatory No. 3 for policies in place in the 2023-2024 period as follows:

Media Matters has a rigorous publication process supervised by dedicated editors to ensure articles published on its website are accurate. When onboarded, employees with content creation responsibilities are trained in Media Matters's editorial practices using both written guides and hands-on training with editors and/or managers. For each piece of written content published on the website, that process typically includes:

- An initial pitch or outline approved by a relevant manager or member of senior staff;

- a thorough line-edit, including meticulous fact-checking, from one of Media Matters's dedicated editors; and

- a final review from a relevant manager, editor, or member of senior staff prior to publication.

Depending on the article, a piece may also receive several other layers of review, including a first edit by a relevant manager prior to review by a dedicated editor, a thorough second edit by a different editor if deemed necessary, and additional review from members of senior management or Media Matters's legal counsel prior to publication.

9

Training materials related to the publication process are accessible to staff on an ongoing basis through the organization's internal systems, and the materials are regularly referenced and reshared in skills training sessions. After pieces are published, potential corrections are governed by Media Matters's corrections policy and with the guidance and input of Media Matters's senior and executive staff. Media Matters also has a corrections section on its website where anyone may request a correction. All corrections are documented. Errors—both from writers and editors—are considered as part of the performance management process for employees.

Defendants have produced documents responsive to Interrogatory No. 3 at Bates range MMFA_016999 – MMFA_017331.

**INTERROGATORY NO. 4:** For each policy identified in response to Interrogatory No. 3, please state with particularity whether the policy has ever been violated, identifying at a minimum the violation, the violator, the time when the violation occurred, and what disciplinary or corrective action, if any, was taken in response.

**OBJECTIONS**: Defendants object to Interrogatory No. 4 as unduly burdensome and disproportionate to the needs of the case because it requests the identification of any violation "ever" committed, without any limitation as to when the purported violation may have occurred.

**RESPONSE**: Defendants are not aware that any of the policies summarized and produced related to writing and publishing accurate and non-misleading reporting in response to Interrogatory No. 3 were violated from 2023 to 2024. While published articles have occasionally contained inaccuracies—as anticipated by the Media Matters's correction policy, beginning Bates MMFA_017087—corrections have been addressed consistently with Media Matters's policies, procedures, rules, guidelines, and guides.

10

**INTERROGATORY NO. 5:** Identify with particularity all X accounts created by You or any individual affiliated with You, including but not limited to all employees, freelancers, contractors, and other individuals who write or investigate pieces published to the Media Matters website or that were otherwise distributed by Media Matters. For avoidance of doubt, particularity requires You to, at a minimum, (1) identify the account handle; (2) the email and/or phone number associated with the account, (3) the name of the account's primary user; (4) the name of the individual who created the account; (5) the names of any other individuals who have access to the account; and (6) the date when the account was created.

      **OBJECTIONS**: Defendants object to Interrogatory No. 5 as being overly broad, burdensome, harassing, and disproportionate to the needs of this case because it requests information about "all X accounts," created not only by Media Matters but also "any individual affiliated" with it, "including but not limited to all employees, freelancers, contractors, and other individuals who write or investigate pieces published to the Media Matters website or that were otherwise distributed by Media Matters," with no limitations as to whether the accounts were used in connection with the Articles that are the subject of this litigation and to include even any and all of those individuals' personal accounts. The interrogatory is also without any limitation on when the accounts were operational or being used. As a result, it seeks information that is not only overbroad, burdensome, harassing and disproportionate to the needs of the case but also not relevant to any claim or defense asserted in this litigation.

      **RESPONSE**: The following accounts have been used for research and/or reporting on X Corp. in 2023 and/or 2024:

**Account Handle**: @rwemails
**Email:** rwemailsehhmmfa@gmail.com
**Name of user**: Eric Hananoki
**Other individuals with access**: None
**Date created**: July 2020

**Account Handle**: @ehananoki
**Email**: ehananoki@mediamatters.org
**Name of user**: Eric Hananoki
**Other individuals with access**: None
**Date created**: February 2009

**Account Handle**: @krgogarty
**Email**: kgogarty@mediamatters.org
**Name of user**: Kayla Gogarty
**Other individuals with access**: None
**Date created**: September 2018

**Account Handle**: @Danapatriot
**Email**: kgogarty@mediamatters.org
**Name of user**: Kayla Gogarty
**Other individuals with access**: None
**Date created**: May 2023

**Account Handle**: @ohhkaygo
**Email**: kaylagogartyy@gmail.com
**Name of user**: Kayla Gogarty
**Other individuals with access**: None
**Date created**: November 2011

**Account Handle:** @beasherman42
**Email:** beasherman42@gmail.com
**Users/Access:** All MMFA staff
**Date when created:** November 2021

**Account Handle:** @anettemichaels4
**Email:** anettemichaelson06@gmail.com
**Users/Access:** All MMFA staff
**Date when created:** January 2022

**Account Handle**: @AlKapDC
**Email**: akaplan@mediamatters.org
**Name of user**: Alex Kaplan
**Other individuals with access**: None
**Date created**: November 2015

12

| |
|---|
| **Account Handle**: @RubySeavey<br>**Email**: rseavey@mediamatters.org<br>**Name of user**: Ruby Seavey*<br>**Other individuals with access**: None<br>**Date created**: September 2014<br>*No longer with MMFA as of June 30, 2023* |
| **Account Handle**: @CamKC_17<br>**Email**: camc177@gmail.com<br>**Name of user**: Camden Carter*<br>**Other individuals with access**: None<br>**Date created**: July 2011<br>*No longer with MMFA as of May 28, 2024* |
| **Account Handle**: @_nataliemathes_<br>**Email**: nmathes@mediamatters.org<br>**Name of user**: Natalie Mathes*<br>**Other individuals with access**: None<br>**Date created**: July 2019<br>*No longer with MMFA as of March 29, 2024* |
| **Account Handle**: @justinhorowitz_<br>**Email**: jhorowitz@mediamatters.org<br>**Name of user**: Justin Horowitz<br>**Other individuals with access**: None<br>**Date created**: May 2009 |
| **Account Handle**: @JackWinstan<br>**Email**: jwinstanley@mediamatters.org<br>**Name of user**: Jack Winstanley<br>**Other individuals with access**: None<br>**Date created**: May 2020 |
| **Account Handle**: @ethancollier_<br>**Email**: ecollier@mediamatters.org<br>**Name of user**: Ethan Collier*<br>**Other individuals with access**: None<br>**Date created**: April 2021<br><br>*No longer with MMFA as of May 28, 2024* |
| **Account Handle**: @CarlysHandle<br>**Email**: cevans@mediamatters.org<br>**Name of user**: Carly Evans*<br>**Other individuals with access**: None<br>**Date created**: November 2020 |

| |
|---|
| *No longer with MMFA as of June 30, 2024* |
| **Account Handle**: @JasmineGeonzon<br>**Email**: jgeonzon@mediamatters.org<br>**Name of user**: Jasmine Geonzon*<br>**Other individuals with access**: None<br>**Date created**: July 2019 |
| *No longer with MMFA as of April 19, 2024* |
| **Account Handle**: @Payarm18<br>**Email**: parmstrong@mediamatters.org<br>**Name of user**: Payton Armstrong<br>**Other individuals with access**: None<br>**Date created**: December 2012 |
| **Account Handle**: @Aud_McCabe<br>**Email**: amccabe@mediamatters.org<br>**Name of user**: Audrey McCabe*<br>**Other individuals with access**: None<br>**Date created**: August 2022 |
| *No longer with MMFA as of June 14, 2024* |
| **Account Handle**: @EricKleefeld<br>**Email**: ekleefeld@mediamatters.org<br>**Name of user**: Eric Kleefeld*<br>**Other individuals with access**: None<br>**Date created**: May 2009 |
| *No longer with MMFA as of May 28, 2024* |
| **Account Handle**: @wordsmithsilva<br>**Email**: ssilva@mediamatters.org<br>**Name of user**: Spencer Smith-Silva*<br>**Other individuals with access**: None<br>**Date created**: March 2011 |
| *No longer with MMFA as of May 28, 2024* |
| **Account Handle**: @Gidraaffe<br>**Email**: gtaaffe@mediamatters.org<br>**Name of user**: Gideon Taaffe<br>**Other individuals with access**: None<br>**Date created**: February 2019 |
| **Account Handle**: @npr_matrix<br>**Email**: csimon@mediamatters.org<br>**Name of user**: Chloe Simon |

14

| |
|---|
| **Other individuals with access**: None<br>**Date created**: August 2018 |
| **Account Handle**: @zpleat<br>**Email**: zpleat@mediamatters.org<br>**Name of user**: Zach Pleat<br>**Other individuals with access**: None<br>**Date created**: February 2009 |
| **Account Handle**: @charishoard<br>**Email**: choard@mediamatters.org<br>**Name of user**: Charis Hoard<br>**Other individuals with access**: None<br>**Date created**: May 2021 |
| **Account Handle**: @AlexPattyy<br>**Email**: apatterson@mediamatters.org<br>**Name of user**: Alex Paterson*<br>**Other individuals with access**: None<br>**Date created**: August 2019<br>*No longer with MMFA as of May 28, 2024* |

**INTERROGATORY NO. 6:** For each account identified in Interrogatory 5, please provide an explanation of whether and how that account was used in connection with the November 16, 2023 Article or the November 17, 2023 Article including but not limited to the research, drafting, and editing and the publication, distribution, or sharing of the Articles in any way.

      **RESPONSE**: The accounts @rwemails and @ehananoki were used by Eric Hananoki for the purpose of conducting research on X, Musk, and Twitter advertisers as detailed in the November 16, 2023 and November 17, 2023 Articles. For an explanation of how these accounts were used, see Defendants' responses to Interrogatories Nos. 7 and 8. No other accounts listed in Interrogatory No. 5 were used in connection with the November 16, 2023 and November 17, 2023 Articles.

15

**INTERROGATORY NO. 7:** Describe with particularity Your investigation, research, writing, review, and editing process prior to publishing and distributing the November 16, 2023 Article. For the avoidance of doubt, please specify at a minimum, (1) each individual who participated in the drafting of the November 16, 2023 Article or reviewed it prior to publication; (2) the job title of each individual; (3) the specific role played by each individual in drafting or reviewing the November 16, 2023 Article; and (4) any comments, revisions, feedback, or approval provided by the individual.

**OBJECTIONS**: Defendants object to subpart 4 of this Interrogatory because it seeks information that Plaintiff has already requested in Requests for Production ("RFP") Nos. 1 and 3. Translating the same information to an interrogatory is not required. *See Cottonham v. Allen*, No. CV 14-729-JJB-RLB, 2016 WL 4035331, at *5 n.3 (M.D. La. July 25, 2016) (denying motion to compel interrogatory because "there are more efficient, less burdensome ways to obtain this same information," including through an RFP that covers the same subject matter).

**RESPONSE**: Eric Hananoki, a senior investigative reporter at Media Matters, authored the November 16, 2023 Article. For years, Mr. Hananoki has been conducting research and reporting on extremism on social media platforms, including X (and its predecessor, Twitter). Following Elon Musk's purchase of X, Mr. Hananoki and reporters from other news organizations observed and reported on what appeared to be an increase in the presence of pro-Nazi accounts and pro-Nazi content on the platform.

Prior to writing the November 16, 2023 Article, Mr. Hananoki became aware of a pro-Hitler and Holocaust denier account (@bambkb) that had written viral pro-Nazi posts and said it had received approximately $3,000 from X's Ad Revenue Sharing Program. Mr. Hananoki published an article describing this account and its collection of advertising revenue from X on

16

November 13, 2023. The November 13, 2023 Article also identified several advertisers whose advertisements were placed next to content published by @bambkb.

Prior to writing the November 16, 2023 Article, Mr. Hananoki was also aware that Linda Yaccarino, CEO of X Corp., had claimed that advertisers were "protected from the risk of being next to" potentially toxic content on the platform. *See* CNBC, *X CEO Linda Yaccarino Explains Reason for Getting Rid of Twitter Name*, https://www.cnbc.com/2023/08/10/x-corp-ceo-linda-yaccarino-says-she-has-autonomy-under-elon-musk.html (Aug. 10, 2023). In light of his findings from the November 13, 2023 Article and his prior research about the rise of extremist content on X, Mr. Hananoki sought to further fact-check Ms. Yaccarino's claim.

To test whether advertisers were "protected" from having their ads placed next to toxic content, Mr. Hananoki used an existing private X account (@rwemails) that he had created in 2020 and used it to follow both a number of pro-Nazi accounts, including but not limited to @bambkb, and several non-ideological corporate accounts. The non-ideological corporate accounts that Mr. Hananoki followed included: @StateFarm, @TGIFridays, @hardmountaindew, @Ritzcrackers, and @TheRealTriscuit.

From November 14 to 16, 2023, the time period in which Mr. Hananoki drafted the November 16, 2023 Article, Mr. Hananoki refreshed the home feed of @rwemails to see what content appeared. There, as documented in his November 16, 2023 Article, Mr. Hananoki found numerous advertisements that appeared next to pro-Nazi content. Mr. Hananoki took screenshots from the @rwemails account demonstrating toxic content appearing alongside advertisements. Mr. Hananoki did not alter those screenshots in any way. In drafting the November 16, 2023 Article, Mr. Hananoki also did not contact any advertisers at all, including those whose accounts he followed in researching the article and those that he identified in the November 16, 2023 Article.

On November 15, 2023, while Mr. Hananoki was in the midst of researching the November 16, 2023 Article, Mr. Musk publicly endorsed what appeared to Mr. Hananoki, Media Matters, and many other news organizations to be an antisemitic conspiracy theory. Mr. Musk's comments received widespread media attention. Mr. Hananoki reported on Mr. Musk's apparent endorsement of this theory as part of his November 16, 2023 Article.

The following individuals from Media Matters reviewed a draft of the November 16, 2023 Article prior to publication:

- Beth Cope, Senior Editor

- Ben Dimiero, Editor-in-Chief

- Kayla Gogarty, Research Director

Without waiving any protections provided by Texas shield law, *see* Tex. Civ. Prac. & Rem. Code § 22.021, *et seq.*, Mr. Hananoki directs Plaintiff to Defendants' forthcoming responses to requests for production for further information about specific feedback Mr. Hananoki received about the November 16, 2023 Article prior to publication.

Prior to publication, Mr. Hananoki also provided the proposed headline of the November 16, 2023 Article to Ben Dimiero, Editor-in-Chief, and John Whitehouse, Senior Director, News, for their approval. Both approved the headline.

Other than the information requested by subpart 4, which Defendants object to on the grounds provided above, Defendants are not presently withholding information responsive to this Interrogatory. Defendants will supplement this response if they identify and withhold responsive information.

18

**INTERROGATORY NO. 8:** Describe with particularity Your investigation, research, writing, review, and editing process prior to publishing and distributing the November 17, 2023 Article. For the avoidance of doubt, please specify at a minimum, (1) each individual who participated in the drafting of the November 17, 2023 Article or reviewed it prior to publication; (2) the job title of each individual; (3) the specific role played by each individual in drafting or reviewing the November 17, 2023 Article; and (4) any comments, revisions, feedback, or approval provided by the individual.

**OBJECTIONS**: Defendants object to subpart 4 of this Interrogatory because it seeks information that Plaintiff has already requested in RFP Nos. 30 and 32. Translating the same information to an interrogatory is not required. *See Cottonham*, 2016 WL 4035331, at *5 n.3 (denying motion to compel interrogatory because "there are more efficient, less burdensome ways to obtain this same information," including through an RFP that covers the same subject matter).

**RESPONSE**: Eric Hananoki, a senior investigative reporter at Media Matters, authored the November 17, 2023 Article. For years, Mr. Hananoki has been conducting research and reporting on extremism on social media platforms, including X (and its predecessor, Twitter). Following Elon Musk's purchase of X, Mr. Hananoki and reporters from other news organizations observed and reported on what appeared to be an increase in the presence of pro-Nazi accounts and pro-Nazi content on the platform.

Prior to writing the November 17, 2023 Article, Mr. Hananoki became aware of a pro-Hitler and Holocaust denier account (@bambkb) that had written viral pro-Nazi posts and said it had received approximately $3,000 from X's Ad Revenue Sharing Program. Mr. Hananoki published an article describing this account and its collection of advertising revenue from X on November 13, 2023. The November 13, 2023 Article also identified several advertisers whose

19

advertisements were placed next to content published by @bambkb. On November 16, 2023, Mr. Hananoki also published the article described in Response to Interrogatory No. 7.

Prior to writing the November 17, 2023 Article, Mr. Hananoki was also aware that Linda Yaccarino, CEO of X Corp., had claimed that advertisers were "protected from the risk of being next to" potentially toxic content on the platform. *See* CNBC, *X CEO Linda Yaccarino Explains Reason for Getting Rid of Twitter Name*, https://www.cnbc.com/2023/08/10/x-corp-ceo-linda-yaccarino-says-she-has-autonomy-under-elon-musk.html (Aug. 10, 2023). Despite this claim, Mr. Hananoki observed that search results for neo-Nazi and white nationalist hashtags on X appeared to be monetized, meaning that search results for that content produced that content along with advertisements. In light of his findings from the November 13 and 16, 2023 Articles and his prior research about the rise of extremist content on X, Mr. Hananoki sought to further fact-check Ms. Yaccarino's claim.

Prior to publishing the November 17, 2023 Article, Mr. Hananoki used X's search function to search for white nationalist content. As Mr. Hananoki describes in his November 17, 2023 Article, the searches included: "WLM" (White Lives Matter), "KeepEuropeWhite," "14 Words" (a reference to the leading white nationalist slogan), "white pride," and "WPWW" ("white pride world wide"). Mr. Hananoki used two X accounts to conduct these searches: @rwemails and @ehananoki. From there, Mr. Hananoki refreshed results to determine whether advertisements would appear next to the white nationalist content. Just as with the November 16, 2023 Article, Mr. Hananoki found that advertisements appeared next to the white nationalist content and he took screenshots of them from both X accounts. Mr. Hananoki did not alter those screenshots in any way. In drafting the November 17, 2023 Article, Mr. Hananoki also did not contact any of the advertisers identified in the November 17, 2023 Article.

20

The November 17, 2023 Article was drafted over the course of November 16 and 17, 2023. In drafting the November 17, 2023 Article, Mr. Hananoki consulted with Sharon Kann, Senior Director of Innovation and Impact at Media Matters, who is credited with a research byline. Mr. Hananoki and Ms. Kann considered adding research to the article about how much advertisers had spent on X, but ultimately chose not to include that information in the article when they were not able to confirm the data before publication.

The following additional individuals from Media Matters reviewed a draft of the November 17, 2023 Article prior to publication:

- Michael Eberhart, Editor

- Ben Dimiero, Editor-in-Chief

- Kayla Gogarty, Research Director

Additionally, Mr. Hananoki provided a draft of the November 17, 2023 Article to the digital design team for Media Matters so members of that team could create an image for the piece. Andrea Austria, Digital Design Coordinator at Media Matters, created the image at the top of the article displaying Mr. Musk and Ms. Yaccarino.

Without waiving any protections provided by Texas shield law, *see* Tex. Civ. Prac. & Rem. Code § 22.021, *et seq.*, Mr. Hananoki directs Plaintiff to Defendants' forthcoming responses to requests for production for further information about specific feedback Mr. Hananoki received about the November 17, 2023 Article prior to publication.

Other than the information requested by subpart 4, which Defendants object to on the grounds provided above, Defendants are not presently withholding information responsive to this Interrogatory. Defendants will supplement this response if they identify and withhold responsive information.

**INTERROGATORY NO. 9:** Identify each time You contacted an individual living within the confines of the Northern District of Texas, from January 1, 2020 to present, including, but not limited to, (1) for email distribution of the November 16, 2023 Article; (2) for email distribution of the November 17, 2023 Article; (3) for email distribution of any other article published by Media Matters; (4) to solicit donations or for fundraising purposes; (5) to contact any company who had the potential to advertise with X, regardless of whether the company had ever previously advertised on the platform; or (6) general promotion of Media Matters.

    **OBJECTIONS**: Defendants object to this Interrogatory as overly broad and disproportionate to the needs of the case in seeking "each time" since January 1, 2020 Defendants contacted an individual residing in the Northern District of Texas, without any limitation as to whether those contacts related to the claims at issue in this litigation, particularly where "X does not invoke general personal jurisdiction over Defendants." Pls.' Resp. to Defs.' Mot. to Dismiss at 4, ECF No. 45. The request for every instance since January 1, 2020 that an individual living within the Northern District of Texas received an email or other message from Defendants would unjustly impose enormous burdens and expenses.

    Defendants further object to subpart 5 of Interrogatory No. 9 as vague and ambiguous because any company in existence has the potential to advertise on X.

    To the extent this Interrogatory requests the specific identities of donors to Media Matters, or the specific identities of subscribers to Media Matters, Defendants further object to Interrogatory No. 9 because it seeks information that is not relevant to any claims or defenses, and that is further protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*,

*Americans for Prosperity Found.*, 594 U.S. at 610–11, 616–17; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160. Disclosure of donor identifying information can also lead to donors being harassed for and deterred from affiliating with organizations they support. Indeed, Elon Musk himself has called Media Matters "an evil propaganda machine that can go to hell" and vowed that X "will pursue not just the organization but anyone funding that organization. I want to be clear about that anyone funding that organization, will be, we will pursue them."[2]

**RESPONSE**: Subject to the limitations explained below, Defendants will attempt to estimate the number of individuals who provided a zip code associated with the Northern District of Texas who may have received an email communication in the form of a "weekly update" from Media Matters containing the November 16, 2023 Article or November 17, 2023 Article at issue. Specifically, Media Matters sent a weekly update containing the November 16, 2023 Article on November 17, 2023, and Media Matters sent a weekly update containing both the November 16, 2023 and November 17, 2023 Articles on November 22, 2023, two days after this suit was filed.

Media Matters typically contacts by email only those individuals who have affirmatively signed up to receive email updates. As a general matter, Defendants do not specifically verify the location information of individuals who sign up to receive email updates, nor do they ask subscribers who provide this information to update this information once subscribed. Defendants nonetheless attempted, in good faith, to identify individuals who may have received emails

---

[2] *@TheChiefNerd*, X.com (Dec. 10, 2023, 4:24 PM),
(https://x.com/TheChiefNerd/status/1733960832571122115) (last accessed July 15, 2024).

containing the November 16, 2023 or November 17, 2023 Articles and who provided a zip code associated with the Northern District of Texas. This inquiry and its results, however, have the following inherent limitations:

(1) Defendants possess, via the software Salesforce, the ability to search for individuals who *currently* subscribe to weekly updates from Media Matters and have relevant zip codes associated with their records. But to Defendants' knowledge, their configuration of Salesforce does not permit Defendants to report whether a current subscriber with a relevant zip code was a subscriber at the time this lawsuit was filed or which subscribers with relevant zip codes would have received an email update containing the November 16, 2023 Article or November 17, 2023 Article.

(2) Defendants cannot and do not guarantee the accuracy of the location information in Salesforce. The Salesforce data that Defendants used to respond to this Interrogatory is not updated on any regular basis, nor do Defendants require individuals to provide location information to receive communications updates from them. Much of this location data is several years old, if not decades old. Because of the likelihood that at least some of these individuals have moved out of the Northern District of Texas since they provided this information to Media Matters, the numbers provided below likely overestimate the number of individuals who were associated with or resided in the district at the time the articles at issue in this litigation were published.

(3) Defendants include individuals in this response who have at some point indicated a mailing, billing, shipping, or other address in the Northern District of Texas. Because an individual may have had, at the time the information was provided to

24

Media Matters, any one of these addresses in the district but not actually resided in the district, the numbers provided below likely overestimate the number of individuals who truly resided in the district at the time they provided this information to Media Matters.

With these inherent limitations, Defendants searched for individuals who are subscribed to receive weekly updates from Media Matters as of July 2, 2024, and are recorded in Salesforce as possessing a zip code associated with the Northern District of Texas. Defendants obtained the following results: 987 individuals who are recorded in Salesforce as having a zip code in the Northern District of Texas currently receive "weekly update" emails from Media Matters. In total, 166,154 individuals currently receive weekly update emails from Media Matters, meaning these individuals account for 0.59% of those who currently receive weekly updates from Defendants per their Salesforce search.

**INTERROGATORY NO. 10:** Identify and list with particularity each company, corporate entity, or nonprofit with whom You had any contact where You discussed, mentioned, or referenced X Corp. from April 2021 to present. For the avoidance of doubt, please specify at a minimum, (1) the name of the contacted entity; (2) a description of the entity; (3) a description of the manner in which the contact occurred; (4) the location where the contact occurred; (5) a summary of the substance of the contact and communication between You and the entity; (6) the purpose of Your contact with the entity; (7) any advice, recommendation, or suggested course of action made by You to the entity; and (8) any actual or planned follow-up communication with that entity.

**OBJECTIONS**: Defendants object to this Interrogatory as improperly containing multiple subparts that go beyond the Interrogatory's first request for information, which seeks only the

25

identity of the entities with whom Defendants discussed, mentioned, or referenced X. Defendants interpret this Interrogatory as seeking at least four separate categories of information: (1) the identity of these organizations, (2) the manner and means by which Defendants communicated with these entities, (3) the substance of Defendants' conversations with these entities, (4) and Defendants' internal discussions or planning related to their conversations with these entities. *See, e.g.*, *Garza*, 2021 WL 3809102, at *4 (finding interrogatories were multiplicative where "each subpart of these interrogatories can be answered without answering either of its other subparts").

Defendants further object to Interrogatory No. 10 because it seeks privileged information with strategic partners, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. *See, e.g.*, *Americans for Prosperity Found.*, 594 U.S. at 610–11, 616–17; *Nat'l Ass'n for Advancement of Colored People*, 357 U.S. at 460; *see also Whole Woman's Health*, 896 F.3d at 372; *Perry*, 591 F.3d at 1160.

Defendants further object to Interrogatory No. 10 as overly broad and disproportionate to the needs of the case in seeking each time Defendants spoke with an organization and mentioned or referenced X, regardless of when those communications occurred or whether they had anything to do with the claims at issue in this case. Because this interrogatory does not seek information specifically related to this lawsuit and instead seeks information regarding instances in which Defendants simply referred to X, it is facially overbroad. *See, e.g.*, *Lee v. Aramark Facility Servs., LLC*, No. CV 20-2049, 2021 WL 6070448, at *7 (E.D. La. July 15, 2021) ("[A] request is facially overbroad insofar as it not limited to the issues in this lawsuit and would purport to require Defendant to identify and describe every document or thing transmitted or provided to any third party relating to Plaintiff.").

Defendants further object to Interrogatory No. 10 because it seeks information that Plaintiff has already requested in RFP No. 5. Translating the same information to an interrogatory is not required. *See Cottonham*, 2016 WL 4035331, at *5 n.3 (denying motion to compel interrogatory because "there are more efficient, less burdensome ways to obtain this same information," including an RFP which covers the same subject matter).

Defendants further object to Interrogatory No. 10 to the extent it seeks descriptions of the entities with whom Defendants had conversations regarding X, information that is equally obtainable to Plaintiff.

Responding to this interrogatory with the level of granularity requested would be virtually impossible for the following reasons: Over the past several years, Defendant Media Matters, a leader in platform accountability work, has worked with hundreds of groups in a variety of formal and informal fashions. Media Matters's activities range from public partnerships and campaign sign-on letters to more private and informal conversations and passive updates about platform accountability research, which includes research on the platform X. Due to the number of partner organizations in the Stop Toxic Twitter coalition (described below), the frequency of these communications, and the informal nature of many these conversations, it would be virtually impossible to account for all possible mentions or discussion of X without undue burden or expense. To quantify this burden, for example, a search for Defendants' communications with external parties that mention X Corp. or Twitter from April 2021 to the present resulted in over 730,000 results. Subject to the objections Defendants have invoked in response to Plaintiffs' requests for production, Defendants are in the process of reviewing and producing responsive, nonprivileged documents.

27

**RESPONSE**: Because the burden and expense of responding to Interrogatory No. 10 in full and with the granularity requested outweighs its likely benefit, Defendants will provide a general overview of the organizations with which Defendants discussed X in the context of platform accountability in 2023 and 2024, along with the broad substance of those conversations.

In 2023 and 2024 broadly, Defendants engaged in high-level conversations that would have mentioned X with members of the Stop Toxic Twitter coalition. This coalition was launched in late 2022 following news that Elon Musk intended to limit content enforcement and other protections on the Platform. Stop Toxic Twitter describes itself as "a coalition of 60+ civil rights and civil society groups calling on Twitter advertisers to demand a safer Twitter for their brands and for users." Stop Toxic Twitter, https://www.stoptoxictwitter.com/ (last accessed July 4, 2024).

As of July 4, 2024, the following organizations in addition to Media Matters, are listed as members of the Stop Toxic Twitter coalition:

1. #VOTEPROCHOICE

2. Access Now

3. Accountable Tech

4. Anti-Defamation League

5. Advocates for Youth

6. AI for the People Inc.

7. Asian Americans Advancing Justice | AAJC

8. Azerbaijan Internet Watch

9. Benton Institute for Broadband & Society

10. Center for Countering Digital Hate

11. Center on Race and Digital Justice

28

12. Change the Terms Coalition

13. Check My Ads

14. Coding Rights

15. Color Of Change

16. Common Cause

17. Dangerous Speech Project

18. DemCast USA

19. Digital Africa Research Lab

20. Distributed Artificial Intelligence Research Institute (DAIR)

21. Doctors In Politics

22. Equality Labs

23. Fair Vote UK

24. Freedom Forward

25. Free Press

26. Friends of the Earth

27. GLAAD

28. Global Indigenous Data Alliance

29. Global Project Against Hate and Extremism

30. Indivisible

31. International Women's Media Foundation

32. Jewish Women International

33. JustLeadershipUSA

34. Latino Anti-Disinformation Lab

29

35. Majal.org

36. Maria Ressa

37. MoveOn

38. Muslim Advocates

39. NAACP

40. National Center for Transgender Equality

41. National Hispanic Media Coalition

42. National LGBTQ Task Force

43. NEVER AGAIN Association

44. Numun Fund

45. PFLAG National

46. ProgressNow NM

47. Public Citizen

48. Public Knowledge

49. Ranking Digital Rights

50. Right To Be (formerly Hollaback!)

51. Roger McNamee, Author of Zucked: Waking Up to the Facebook Catastrophe

52. Stop Hate for Profit Coalition

53. Stop Online Violence Against Women

54. SumOfUs

55. Superbloom Design

56. The Center for American Progress

57. The Real Facebook Oversight Board

30

58. The Sparrow Project

59. The Tech Oversight Project

60. The TransLatin@ Coalition

61. Ujima Inc., The National Center on Violence Against Women in the Black Community

62. UltraViolet

63. Union of Concerned Scientists

64. United Church of Christ Media Justice Ministry

65. United We Dream

66. Valor US

67. Voto Latino

68. Whose Knowledge?

Communications with these organizations occurred primarily via the Stop Toxic Twitter email list, although Defendants also sometimes communicated with these organizations through other means, including by phone, Zoom, and messaging applications. For the reasons described in Defendants' objections to this Interrogatory, Defendants are unable to respond to the Interrogatory with the level of granularity requested given the significant number of communications and member organizations.

From June 2023 to November 2023, Defendants engaged in high level conversations about the general topic underlying the November 16, 2023 and November 17, 2023 Articles—X's ability (or inability) to prevent advertisements from appearing next to extremist content—with some of the members of the Stop Toxic Twitter coalition listed above.

On November 15, 2023, Elon Musk endorsed what appeared to Defendants and many others to be an antisemitic conspiracy theory, which drew significant public attention. *See* Aimee

31

Picchi, *Elon Musk Expresses Support for Antisemitic Post on X, Calling it "The Actual Truth*,"
CBS News (updated Nov. 16, 2023), https://www.cbsnews.com/news/elon-musk-antisemitic-comments-x-post-actual-truth/. In light of this post, Defendants discussed their general plan to publish information about X's apparent monetization of extremist content with some members of the Stop Toxic Twitter coalition listed above.

After the publication of the November 16, 2023 and November 17, 2023 Articles, Defendants circulated those articles to the Stop Toxic Twitter Coalition email list and may have provided a link to the articles via other informal communications. The communications described in this paragraph occurred between November 16, 2023 and the announcement of Plaintiff's lawsuit on November 20, 2023.

Defendants are not presently withholding responsive information that they have identified subject to their objections. Defendants will supplement this response if they identify and withhold responsive information.

32

**Verification of Interrogatory Responses**

I, Cynthia Padera, believe based on reasonable inquiry that Defendant's answers to X's First Interrogatories in *X Corp. v. Media Matters for America et al*., Case No. 4:23-cv-01175, served on July 19, 2024, are true and correct to the best of my knowledge, information, and belief.

Pursuant to 28 U.S. Code § 1746, I certify under penalty of perjury that the foregoing is true and correct.


Executed on July 19, 2024


*Cynthia Padera*　_____

Cynthia Padera
Chief Operating Officer
Media Matters for America

33

TAB 8

| | |
|---|---|
| From: | Abha Khanna |
| To: | Alex Dvorscak; Daniela Lorenzo; Jacob Shelly; LeGrand, Andrew; Ahmed, Amer S. |
| Cc: | Boutrous Jr., Theodore J.; Elena Rodriguez Armenta; Champion, Anne; Omeed Alerasool; Chris Dodge; Aria Branch; Samuel Ward-Packard; Mindy Johnson; Chris Hilton; Cody Coll; Tom Albright; Ari Cuenin; Judd E. Stone, II; john.sullivan@the-sl-lawfirm.com; Bonnie Chester; Michael Abrams; Alithea Sullivan |
| Subject: | RE: X/MMFA - Defendants' Fifth Production |
| Date: | Friday, August 2, 2024 6:51:48 PM |
| Attachments: | 2024.08.02 - Amended 6.28 Priv Log.pdf |

Alex and Chris,

Thank you again for meeting with us today for a productive conversation on resolving outstanding discovery issues. As promised, attached is our amended privilege log and below is both a summary of what we discussed during our call and Defendants' proposal for how the parties can move forward with the discovery Plaintiff seeks.

The parties discussed three issues Plaintiff identified as potential discovery disputes that would form the basis of Plaintiff's motion to compel:

1. Whether Defendants should be required to turn over donor-related information.
   a. The parties agreed this dispute is ripe for Court intervention and Plaintiff plans to move to compel these documents on or after Monday of next week.

2. Defendants' document-by-document privilege assertions on their first privilege log.
   a. Defendants' amended privilege log seeks to assuage the various log-related concerns Plaintiff raised during the parties' last meet-and-confer.
   b. To the extent Plaintiff has further concerns regarding the amended log or documents identified therein, the Parties will confer (we will make ourselves available for such a conversation early next week).

3. Defendants' objections and responses to subsection (4) of Plaintiff's Interrogatory Nos. 7 and 8.
   a. Defendants clarified that their objection is *not* based on privilege or a refusal to search for and produce "any comments, revisions, feedback, or approval" in relation to the November 16 and 17 articles. Rather, Defendants objected that producing this information in a *written interrogatory* is inefficient and that they will, instead, produce responsive documents.
   b. Defendants also reiterated that they are *not* categorically withholding as privileged or refusing to produce documents related to the November 16 and 17 articles.

Please confirm that these are all the issues Plaintiff contemplated for its above-referenced motion to compel.

Additionally, recognizing that both parties have an interest in ensuring discovery is productive and efficient, Defendants are proposing a modified approach to searching for and producing the documents Plaintiff has requested:

1. The parties will come together to identify the set of document requests that are essential to the maintenance of X's claims, as Alex began to do in his email earlier today.
2. Defendants will then modify their search and review parameters to target these categories of documents.
3. The parties will agree that Defendants will no longer need to review, produce, or log the documents that fall outside of these categories.

We believe this approach is consistent with the legal standard set forth in the Texas Press Shield Law, will significantly streamline discovery moving forward, and will reduce discovery fights and therefore the need to burden the Court. Defendants understand and share Plaintiff's desire for expediency and believe that—while we may need to iron out the details of any proposal to come to a mutually agreeable resolution—the parties are more aligned than we are divided on this issue.

Given our conversation earlier, we remain optimistic about reaching a compromise that serves both parties' interests while respecting the Court's time. We look forward to keeping these lines of communication open and conferring on the above issues in good faith.

Best,
Abha

**Abha Khanna**
Elias Law Group LLP
1700 Seventh Ave Ste 2100
Seattle WA 98101
206-656-0177
akhanna@elias.law

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

From: Alex Dvorscak <alex@stonehilton.com>
Sent: Friday, August 2, 2024 9:38 AM
To: Abha Khanna <akhanna@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Jacob Shelly <jshelly@elias.law>; LeGrand, Andrew <ALeGrand@gibsondunn.com>; Ahmed, Amer S. <AAhmed@gibsondunn.com>
Cc: Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Chris Dodge <cdodge@elias.law>; Aria Branch <abranch@elias.law>; Samuel Ward-Packard <swardpackard@elias.law>; Mindy Johnson <mjohnson@elias.law>; Chris Hilton <chris@stonehilton.com>; Cody Coll <cody@stonehilton.com>; Tom Albright <tom@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Bonnie Chester <Bonnie@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
Subject: RE: X/MMFA - Defendants' Fifth Production

Abha,

The documents central to our disagreements regarding privilege have been obvious to both sides and we have been discussing them for months. However, to facilitate our discussion, we have identified the following categories of documents that have not been produced and over which you may be asserting privilege, but which have not yet appeared on a privilege log. Note that this is an illustrative list, not a complete one.

• Notes, drafts, and sources of the Articles (*see* X's MTC at 14).
• Communications between or among Hananoki, Sharon Kann, Michale Eberhart, Ben Dimiero, Kayla Gogarty, and/or Andrea Austria regarding the Articles (*see* MMFA's responses to ROGs 7 and 8).

- All documents that the Court compelled in its order dated June 6, 2024. This includes "all documents in [Your] possession and control responsive to RFP Nos. 13-16, 23-24, 37-38, and 46." Dkt. 65 at 3.

As we discussed during our last call, we cannot wait months before these documents are produced or logged. Our goal is to only burden the Court with the substantive legal issues of privilege—we hope we can work out the procedural mechanics of discovery together in good faith.

Looking forward to discussing this in more detail on today's call.

Best,
-Alex Dvorscak
STONE | HILTON PLLC
alex@stonehilton.com | (518) 772-8657

---

**From:** Alex Dvorscak
**Sent:** Thursday, August 1, 2024 11:18 AM
**To:** Abha Khanna <akhanna@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Jacob Shelly <jshelly@elias.law>; LeGrand, Andrew <ALeGrand@gibsondunn.com>; Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Chris Dodge <cdodge@elias.law>; Aria Branch <abranch@elias.law>; Samuel Ward-Packard <swardpackard@elias.law>; Mindy Johnson <mjohnson@elias.law>; Chris Hilton <chris@stonehilton.com>; Cody Coll <cody@stonehilton.com>; Tom Albright <tom@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Bonnie Chester <Bonnie@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** RE: X/MMFA - Defendants' Fifth Production

Abha,

Friday at 1 ET/12 CT works for us. I'll send around a Zoom link.
We will respond to the additional points raised in your email yesterday so that you know our positions prior to the conference.

Best,
-Alex Dvorscak
STONE | HILTON PLLC
alex@stonehilton.com | (518) 772-8657

---

**From:** Abha Khanna <akhanna@elias.law>
**Sent:** Wednesday, July 31, 2024 3:21 PM
**To:** Alex Dvorscak <alex@stonehilton.com>; Daniela Lorenzo <dlorenzo@elias.law>; Jacob Shelly <jshelly@elias.law>; LeGrand, Andrew <ALeGrand@gibsondunn.com>; Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Chris Dodge <cdodge@elias.law>; Aria Branch <abranch@elias.law>; Samuel Ward-Packard <swardpackard@elias.law>; Mindy Johnson <mjohnson@elias.law>; Chris Hilton <chris@stonehilton.com>; Cody Coll <cody@stonehilton.com>; Tom Albright <tom@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Bonnie Chester <Bonnie@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** RE: X/MMFA - Defendants' Fifth Production

Alex,

Our team is available Friday at 1 ET/12 CT. We have greater availability on Monday if that time does not work for you.

Best,
Abha

**Abha Khanna**
Elias Law Group LLP
1700 Seventh Ave Ste 2100
Seattle WA 98101
206-656-0177
akhanna@elias.law

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Alex Dvorscak <alex@stonehilton.com>
**Sent:** Wednesday, July 31, 2024 9:09 AM
**To:** Abha Khanna <akhanna@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Jacob Shelly <jshelly@elias.law>; LeGrand, Andrew <ALeGrand@gibsondunn.com>; Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Chris Dodge <cdodge@elias.law>; Aria Branch <abranch@elias.law>; Samuel Ward-Packard <swardpackard@elias.law>; Mindy Johnson <mjohnson@elias.law>; Chris Hilton <chris@stonehilton.com>; Cody Coll <cody@stonehilton.com>; Tom Albright <tom@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Bonnie Chester <Bonnie@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** RE: X/MMFA - Defendants' Fifth Production

Hi Abha,

It looks like there's a few issues for us to discuss. Can you please let me know your availability to confer tomorrow afternoon or Friday morning?

Best,

-Alex Dvorscak

STONE | HILTON PLLC

alex@stonehilton.com | (518) 772-8657

---

**From:** Abha Khanna <akhanna@elias.law>
**Sent:** Tuesday, July 30, 2024 3:48 PM
**To:** Alex Dvorscak <alex@stonehilton.com>; Daniela Lorenzo <dlorenzo@elias.law>; Jacob Shelly <jshelly@elias.law>; LeGrand, Andrew <ALeGrand@gibsondunn.com>; Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Chris Dodge <cdodge@elias.law>; Aria Branch <abranch@elias.law>; Samuel Ward-Packard <swardpackard@elias.law>; Mindy Johnson <mjohnson@elias.law>; Chris Hilton <chris@stonehilton.com>; Cody Coll <cody@stonehilton.com>; Tom Albright <tom@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; john.sullivan@the-12-lawfirm.com; Bonnie Chester <Bonnie@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** RE: X/MMFA - Defendants' Fifth Production

Alex,

First, thank you for sending these cases. As you are aware, two of them are out-of-Circuit, all of them are non-controlling district court opinions, and—most importantly—none of them finds waiver where a privilege was noted on a timely privilege log. Accordingly, your cited authority does not support your position. If you have no better authority, then our position is that your proposed motion is frivolous and we are, accordingly, at an impasse regarding any waiver of Texas's press shield law. *Cf.* Fed. R. Civ. P. 11(b), (c).

Second, our initial privilege log fully complied with the protocol that you and your colleagues negotiated. As a courtesy, we have agreed to revisit that protocol to increase clarity for all parties. An amended privilege log will be forthcoming this week.

Third, we are confused by your refrain that Defendants "refuse to log all responsive documents." If you are referring to our refusal to independently *search* for donor-related documents, we agree that the privileged status of donor-related documents is ripe for the Court's resolution. Are you also referring to other categories of documents? If so, please identify them promptly so that we can ascertain the nature of any dispute.

Finally, as I noted in my previous email, it appears the parties have a mutual interest in increasing transparency about the pace of future document productions. To that end, we propose the following interim deadlines:

1. Wednesday, August 7: parties exchange search terms and full custodian lists.
2. Friday, October 11: parties substantially complete document productions in response to requests served to date.
3. Revised privilege log exchange:
   1. Friday, September 6: first mutual exchange [same as in current agreement]
   2. Friday, October 4: second mutual exchange [changed from October 11 under current agreement]
   3. Friday, November 1: third and final mutual exchange [changed from November 15 under current agreement]
   4. This schedule would omit a fourth privilege log in December to allow productions and logs to be complete by the beginning of November.

We welcome Plaintiff's feedback on the above, and we remain available to confer as necessary. While the parties may not be able to reach agreement on all issues, there is no basis for motions practice when parties remain confused—as we do—about the nature of any dispute. *See* LR 7.1(a).

Best,
Abha

**Abha Khanna**
Elias Law Group LLP
1700 Seventh Ave Ste 2100
Seattle WA 98101
206-656-0177
akhanna@elias.law

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Alex Dvorscak <alex@stonehilton.com>
**Sent:** Monday, July 29, 2024 8:33 PM
**To:** Abha Khanna <akhanna@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Jacob Shelly <jshelly@elias.law>; LeGrand, Andrew <ALeGrand@gibsondunn.com>; Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Chris Dodge <cdodge@elias.law>; Aria Branch <abranch@elias.law>; Samuel Ward-Packard <swardpackard@elias.law>; Mindy Johnson <mjohnson@elias.law>; Chris Hilton <chris@stonehilton.com>; Cody Coll <cody@stonehilton.com>; Tom Albright <tom@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; john.sullivan@the-12-lawfirm.com; Bonnie Chester <Bonnie@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** RE: X/MMFA - Defendants' Fifth Production

Hi Abha,

This case has already been substantially delayed; accordingly, X will be filing its second/renewed motion to compel this Friday. However, as stated last week, we are willing to make ourselves available at any time between now and then to confer.

In the interest of making any conferral more productive, I've addressed a few points from your email below:

- *Regarding waiver*: we explained our position during the meet-and-confer. To the extent that what you are now requesting are legal citations, please see the following, non-exhaustive opinions, which collectively support our position:
  - *Janvey v. Alguire*, No. 3:09-cv-00724-N-BQ, 2018 WL 11362638 (N.D. Tex. Oct. 17, 2018)
  - *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.*, 136 F.R.D. 179 (E.D. Cal. 1991)
  - *Burch v. Regents of the University of Cal.*, No. CIV. S-04-0038 WBS GGH, 2005 WL 6377313 (E.D. Cal. Aug. 30, 2005)

- *Regarding the amended privilege log:* we cannot delay the case to indefinitely wait on an amended log. For example, we did not meet-and-confer last Friday, as you state, but the week prior. We expect that you will serve us an amended privilege log ASAP, otherwise we will not hesitate to add your delay in providing one to our motion to compel.
- *Regarding privilege assertions:* it is insufficient for you to say that you're asserting privilege arguments on a document-by-document basis when you refuse to log all responsive documents and when the Court specifically asked for the parties to "meaningfully concur" on the extent of the First Amendment privileges asserted.
  - If our understandings of your privilege arguments are incorrect, please correct us in writing. If you continue to refuse to confer, we will raise your refusal to clarify the scope of your privilege assertions in our motion.
- *Regarding Defendants' discovery requests:* your email equates apples and oranges. Plaintiff served their requests on February 5, 2024. We have been waiting nearly six months and have received only a few thousand documents out of the terabytes of information you claim to have collected. By contrast, Defendants served their requests in May. We are not the cause of delay here—and have been making productions apace with several thousand pages produced and more on the way.

As stated up front, I am willing to meet-and-confer at any time between now and Friday evening. My hope is always that we can narrow our dispute and limit the need for Court intervention as much as possible, particularly given the parties clear disagreement over certain issues of governing law.

Best,
-Alex Dvorscak
Stone | Hilton pllc
alex@stonehilton.com (518) 772-8657

---

**From:** Abha Khanna <akhanna@elias.law>
**Sent:** Monday, July 29, 2024 2:35 PM
**To:** Alex Dvorscak <alex@stonehilton.com>; Daniela Lorenzo <dlorenzo@elias.law>; Jacob Shelly <jshelly@elias.law>; LeGrand, Andrew <ALeGrand@gibsondunn.com>; Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Chris Dodge <cdodge@elias.law>; Aria Branch <abranch@elias.law>; Samuel Ward-Packard <swardpackard@elias.law>; Mindy Johnson <mjohnson@elias.law>; Chris Hilton <chris@stonehilton.com>; Cody Coll <cody@stonehilton.com>; Tom Albright <tom@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Bonnie Chester <Bonnie@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** RE: X/MMFA - Defendants' Fifth Production

Hi Alex,

With regard to the two issues that you believe are ripe for adjudication, we agree that the privileged status of donor information is ready for the court's review, but we disagree that your argument that Defendants have somehow waived the Texas Shield Laws is similarly ripe. Despite repeated requests, we still have not received any legal authority from you suggesting that (i) the preservation of a privilege objection in RFP responses, coupled with (ii) the specific invocation of a privilege on a first privilege log can lead to the extreme result of complete waiver.

We remind you that your first motion to compel was filed before you provided us with your intended legal arguments and citations, and thus needlessly involved the court in matters that could be (and to a large extent, have been) resolved in conferrals. *See, e.g., Dondi Properties Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284, 289 (N.D. Tex. 1988). If you have any authority indicating the Defendants waived the Press Shield law despite (1) our assertion of "the First Amendment privilege and reporter's privilege" "as well as any other applicable privilege or shield law" in our RFP responses *and* (2) our document-by-document privilege objections/assertions, please provide it for our review immediately. If you have no such authority, of course a motion would be inappropriate. Moreover, Defendants have already committed to re-serving our June 28 privilege log following the parties' meet and confer last Friday. Raising any log-related issues with the Court before Plaintiff can assess whether it disagrees with Defendants' revised privilege designations is similarly inappropriate.

With regard to your questions about our June 28 privilege log, each of your four assertions is mistaken. The privilege objections we raised in our log *apply to the individual documents that were logged*. Defendants have and will continue to raise objections on a document-by-document basis. Thus, it is possible that some documents falling within the four categories you enumerate will be produced and that other documents within those categories will be withheld or redacted and logged based on the Texas Press Shield laws, the First Amendment, or any other relevant privilege.

Finally, we would like to resolve the confusion you expressed regarding our production and privilege schedule. As we have indicated many times, the search terms merited by your broad discovery requests have pulled in an enormous quantity of documents for review. We are aware that some of these documents will contain drafts of articles, some may contain donor information, and many will be irrelevant to the claims or defenses at issue. Our recognition that draft articles exist, however, was not a representation that we had yet identified and reviewed every needle in the haystack.

It is conspicuous that you fault Defendants for referencing future document productions in their interrogatory responses when Plaintiff, of course, did the exact same thing. *See* X's R&Os to MMFA's 1st and 2nd Interrogatories Nos. 2, 3, 5, and 7. It appears that the parties have a mutual interest in identifying reciprocal expectations about future document productions to ensure that the documents each side regards as essential are produced at a pace sufficient to leave time for deposition preparation and review, where necessary, the Court's involvement. We are discussing possible approaches internally and will share our recommendation by early next week.

Defendants continue to remain open to conferring to reach mutually satisfactory resolutions to our differences, but stress that it cannot be a one-way conversation where one party makes concessions and compromises while the other simply repeats its same arguments without legal support. Good-faith efforts at discovery will be a more effective use of everyone's time and resources—including the Court's.

Best,
Abha

**Abha Khanna**
Elias Law Group LLP
1700 Seventh Ave Ste 2100
Seattle WA 98101
206-656-0177
akhanna@elias.law

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

From: Alex Dvorscak <alex@stonehilton.com>
Sent: Friday, July 26, 2024 6:04 AM
To: Abha Khanna <akhanna@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; Jacob Shelly <jshelly@elias.law>; LeGrand, Andrew <ALeGrand@gibsondunn.com>; Ahmed, Amer S. <AAhmed@gibsondunn.com>
Cc: Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Chris Dodge <cdodge@elias.law>; Aria Branch <abranch@elias.law>; Samuel Ward-Packard <swardpackard@elias.law>; Mindy Johnson <mjohnson@elias.law>; Chris Hilton <chris@stonehilton.com>; Cody Coll <cody@stonehilton.com>; Tom Albright <tom@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Bonnie Chester <Bonnie@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
Subject: RE: X/MMFA - Defendants' Fifth Production

Hi Abha,

Thank you for last Friday's meet-and-confer and your follow-up email. With a few exceptions, it appears we have narrowed the privilege disputes to two issues ripe for adjudication.

First, the parties disagree about whether the Texas "Press Shield Laws" was waived or applies at all. We dispute your mischaracterization of prior meet-and-confers as having discussed Texas "Press Shield Laws" (they have not) and the appropriate level of specificity needed to lodge a proper privilege objection. But this disagreement should not foreclose prompt adjudication of your privilege claim, which presents a purely legal question regarding the scope and applicability of Texas "Press Shield Laws." To diligently follow the Court's amended scheduling order, we intend to file a motion to compel next **Friday, August 2**. We are, of course, willing to confer again if you believe additional conversations will further narrow the parties' disputes.

Second, the parties' dispute about donor information is also ripe for Court resolution. You indicated that Defendants' interrogatory responses would tee up the question of whether Defendants must disclose donor information. We have reviewed your interrogatory responses and agree. Defendants have made clear they will not search for or produce documents regarding donor information—let alone log the documents. X believes Defendants are required to do so, and so intends to compel a complete interrogatory response on **Friday, August 2**. Because the legal issue appears ripe for court resolution, we do not understand further discussion to be required. If you disagree and wish to discuss further, please let us know.

Defendants' position is unclear regarding the drafts of the November 16 and 17 articles and any editing, feedback, or other communications regarding the Articles that Defendant Hananoki received. For months, X's position that it seeks such information was clearly made through requests for production, meet-and-confers, and interrogatories. Now in your email response below you misconstrue our position as seeking "core documents" somehow separate and apart from its as-served RFPs. This characterization is both untrue and unhelpful.

X was surprised by Defendants' privilege log because it contains *none* of these documents. You claim that these documents have not been "identified to date," placing the quoted words in bold text. But that position facially contradicts countless representations made by Defendants. *Defendants* have consistently identified these documents as privileged from the very first meet-and-confer and at every subsequent meet-and-confer thereafter. These conferences have always referred to Hananoki's notes, drafts of the Article, and Donor identification and *Defendants* have always referred to these as documents they consider privileged. Since these are documents that *Defendants* have consistently discussed during meet-and-confers (and represented to the Court) as being privileged, they must have been identified by now. X will not accept a situation where Defendants have placed these documents on the bottom of the production stack such that X will receive these documents—or see them logged—for the first time at the close of discovery.

Although you stated on the call that the interrogatory responses would clarify Defendants' privilege objections regarding these documents and the application of the First Amendment and Texas "Press Shield laws," they do not. Instead, Defendants say that X must wait for "Defendants' forthcoming responses to requests for production for further information about specific feedback Mr. Hananoki received" about the Articles prior to publication. Once again, this contradicts your claim that these documents have not been "identified to date," further reinforcing how Defendants must have identified some documents regarding the "specific feedback" that Defendant Hananoki received.

Making X guess about what will be produced and when does not comport with the Court's instruction that the parties meaningfully confer to clarify the privilege dispute and that required Defendants to alert the Court as to "whether any dispute regarding the assertion of First Amendment privileges remain." ECF No. 65 at 3. Please let us know when Defendants will receive a privilege log listing these documents and the production of documents referenced in Defendants' interrogatory responses. Otherwise, to keep this case moving in compliance with the Court's schedule, we will have no choice but to raise this issue in the motion to compel.

With respect to the items you have identified on your June 28, 2024 privilege log, below is our understanding of Defendants' assertions of privilege. We ask that you advise us by **Wednesday, July 31** if any of these understandings are mistaken so that the parties can cleanly tee up these issues for judicial resolution.

1. Defendants assert that all communications between Defendant Hananoki and any Media Matters editors about the Articles are privileged under Texas "Privilege Shield Laws" but *not* under the First Amendment.
2. Defendants assert that all drafts of the Articles are privileged under Texas "Privilege Shield Laws" but *not* under the First Amendment.
3. Defendants assert that all internal communications about *other* articles published by Media Matters are privileged under the Texas Shield Law but *not* under the First Amendment.
4. Defendants assert that all communications with third parties as part of drafting, researching, or revising articles written by Media Matters is privileged under both the Texas Sheild Law and the right of association protected by the First Amendment.

Lastly, we agree to the revised format for privilege logs that you propose below. However, we continue to object to any descriptors of third parties (e.g., "strategic vendor") that are undefined and vague. We expect that any revised descriptions will provide sufficient information for both X and the Court to evaluate each privilege claim.

Best,
-Alex Dvorscak
STONE | HILTON PLLC
alex@stonehilton.com | (518) 772-8657

---

**From:** Abha Khanna <akhanna@elias.law>
**Sent:** Wednesday, July 24, 2024 12:34 PM
**To:** Alex Dvorscak <alex@stonehilton.com>; Daniela Lorenzo <dlorenzo@elias.law>; Jacob Shelly <jshelly@elias.law>; LeGrand, Andrew <ALeGrand@gibsondunn.com>; Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Chris Dodge <cdodge@elias.law>; Aria Branch <abranch@elias.law>; Samuel Ward-Packard <swardpackard@elias.law>; Mindy Johnson <mjohnson@elias.law>; Chris Hilton <chris@stonehilton.com>; Cody Coll <cody@stonehilton.com>; Tom Albright <tom@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Bonnie Chester <Bonnie@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** RE: X/MMFA - Defendants' Fifth Production

Alex,

Thank you for meeting and conferring on Friday evening. Below is a summary of the key takeaways from our discussion:

*First*, regarding your concerns—expressed for the first time on our call—that Defendants had not included on their privilege log all materials that X considers "core documents," Defendants explained that X's discovery requests do not make any distinction regarding which documents X considers "core" to the case. Instead, X's requests seek every document in Defendants' possession that even *mention* broad terms or concepts (such as "content moderation," RFP No. 6) that are a regular component of Defendants' work. As Defendants have repeatedly explained, this search has swept in an incredible volume of documents for review. That review continues every day.

Defendants' first privilege log identified documents that had been reviewed and determined to be privileged as of the date of that log. The parties have mutually agreed to subsequent privilege log exchanges through the end of the year, recognizing that it will likely take several months to review all potentially responsive documents. This sequencing is consistent with a fair reading of the Court's orders and the parties' own agreements. The Court's June 6 order, as you know, was entered when discovery was set to close on July 29—that is, before the parties jointly sought an extension and thus before the Court recognized "the volume and complexity of ongoing document discovery" and extended the discovery deadline until December 31. *See* ECF No. 69. The parties subsequently negotiated a revised privilege log agreement, and on June 10 we memorialized via email an agreement reached by phone on how to proceed: "With respect to the June 28 'Deadline for Defendants to Provide First Privilege Log and Associated Documents,' the parties understand that on June 28 Defendants will produce a log **of any privileged documents identified to date**, along with copies of any redacted documents referenced therein, with additional document productions and privilege logs to follow in accordance with the parties' forthcoming Privilege Log Agreement." Then on July 2 we agreed to future privilege log exchanges in September, October, November, and December, and further agreed that this course of conduct did not require the Court's imprimatur. Just as X did not produce all responsive documents in its first (and so far, only) document production, it was not reasonable to expect Defendants to log all privileged documents in their first of several scheduled privilege logs, particularly since the parties had already stipulated that "neither side can reasonably meet the existing discovery deadlines." ECF No. 66 at 3. To the extent X now recognizes that the documents relevant to this case can be found through requests much narrower than those that X has served to date, Defendants welcome revised RFPs to expedite the review and logging of responsive documents.

In response to X's related concern about the lack of donor-related documents on their first privilege log, Defendants explained that this dispute is best presented for the Court's adjudication based on Defendants' responses and objections to X's interrogatories. Because Defendants are not separately searching for donor-related documents (as made clear in our objections and responses), these documents will appear on our privilege log only to the extent the documents are responsive to search terms generated by other requests. No such documents had been established as responsive and privileged as of the date of our first log.

*Second*, regarding your suggestion that Defendants waived any invocation of Texas's press shield law by failing to raise it in earlier discussions, in our July 19 email we pointed you to the shield objection raised in our very first responses and objections, and we further reminded you during our call that the shield law was discussed in the parties' very first discovery meet-and-confer in April. Where X has insisted that Defendants not employ general objections before document review has completed, *see, e.g.*, ECF No. 64 at 3 (X complaining that Defendants' invocation of the shield law in their original responses and objections lacked specificity), it is unreasonable to fault Defendants for raising privilege objections on a document-by-document basis, as contemplated by case law. To date, you have failed to provide us with any authority suggesting that a party waives a privilege by identifying it on their first privilege log.

*Third*, regarding your inquiry into the scope of Texas's press shield law, the parties agreed that the text of the statute speaks for itself. As we explained via email and on our call, the press shield is directly applicable to a media organization like Media Matters and journalists like Mr. Hananoki. During our recent call, we further explained that Defendants' first privilege log invokes the shield law only for documents with no conceivable relevance to this case and that are thus clearly not "essential to the maintenance of a claim or defense." Tex. Civ. Prac. & Rem. Code § 22.024.

*Fourth*, in both our July 19 email and subsequent discussion, Defendants agreed to discuss revisions to the privilege protocol and document descriptions to enhance clarity about the nature of documents being withheld. In response, we have prepared an example of a revised privilege log entry:

| Bates Number | Status | Document Type | From/ Author | To | CC | BCC | Date | Privilege Designation | Document Description |
|---|---|---|---|---|---|---|---|---|---|
| MMFA_013760 | Withheld | Word | Pamela Vogel pvogel@mediamatters.org | | | | 12/5/2022 | First Amendment Privilege; TX Press Shield Laws | Agenda for an internal MMFA meeting regarding strategy for avenues of journalistic research and writing for the year, much of which was ultimately not pursued by the organization. The document summarizes right-wing media trends and includes a few stray references to Musk or Twitter outside the context of Musk's incendiary remarks or Twitter's advertisement placement. **TX Press Shield Law:** This document reflects confidential and sensitive journalistic decision-making processes. |

| | | | | | | | | **First Amendment Associational Privilege:** This document contains internal communications concerning strategy and messaging. |
|---|---|---|---|---|---|---|---|---|

If this addresses the concerns that you raised, Defendants will reproduce the entire log with similar changes.

Best regards,

**Abha Khanna**
Elias Law Group LLP
1700 Seventh Ave Ste 2100
Seattle WA 98101
206-656-0177
akhanna@elias.law

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Abha Khanna
**Sent:** Friday, July 19, 2024 1:20 PM
**To:** Alex Dvorscak <alex@stonehilton.com>; Daniela Lorenzo <dlorenzo@elias.law>; Jacob Shelly <jshelly@elias.law>; LeGrand, Andrew <ALeGrand@gibsondunn.com>; Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Chris Dodge <cdodge@elias.law>; Aria Branch <abranch@elias.law>; Samuel Ward-Packard <swardpackard@elias.law>; Mindy Johnson <mjohnson@elias.law>; Chris Hilton <chris@stonehilton.com>; Cody Coll <cody@stonehilton.com>; Tom Albright <tom@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Bonnie Chester <Bonnie@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** RE: X/MMFA - Defendants' Fifth Production

Alex,

In advance of our call, to facilitate meaningful discussion and a good-faith attempt by both sides to resolve the issues, please find below Defendants' preliminary responses to the concerns you raised:

First, Defendants' Texas Press Shield Law assertions are timely. Contrary to your representations, our original responses and objections to X's First and Second RFP sets *did* reference shield laws—we objected to producing "documents or communications that are protected by the attorney-client privilege, work-product doctrine, **and/or any other applicable privilege or shield law**, and/or constitute trial preparation material within the meaning of Rule 26." (emphasis added); *see also* ECF 64, Pls' Reply in Support of its Motion to Compel at 3 ("As X detailed in its motion, Defendants asserted a catchall objection to X's requests for production for attorney-client privileges, work-product protections, "and/or any other applicable privilege or shield law, and/or constitute trial preparation material within the meaning of Rule 26."). Because Defendants were still in the process of collecting and reviewing initial batches of documents, we could not be certain at that time what information would be found in the documents and which privileges would be implicated. You objected to the use of general objections that were not tied to specific documents, and so Defendants removed this language from subsequent amendments to our discovery responses and agreed to log privilege objections on a document-by-document basis. *See, e.g.,* Second Amended Responses and Objections to Plaintiff's 1st Requests for Production; Amended Responses and Objections to Plaintiff's 1st Requests for Production to Carusone; Amended Responses and Objections to Plaintiff's 2nd Requests for Production. Moreover, Defendants continued to raise the possibility that shield law privileges would be implicated and to preserve our right to make the objection if it was implicated. In our joint ESI Protocol, Defendants expressly added privilege preservation language that states: "Nothing in this Stipulation shall be interpreted to require disclosure of relevant information protected by the attorney-client privilege, attorney work-product doctrine, First Amendment Privilege, **reporter's privilege, shield laws, or any other applicable privilege or immunity.**" *See* ECF 67 at 2.

Contrary to Plaintiff's shifting argument, Defendants' assertion of this privilege could not have been both *premature* when raised in their initial R&Os and yet also *too late* when raised in their first privilege log. *La Union Del Pueblo Entero v. Abbott*, No. SA-21-CV-00844-XR, 2022 WL 17574079, at *9 (W.D. Tex. Dec. 9, 2022) (quoting *Taylor Lohmeyer Law Firm P.L.L.C. v. United States*, 957 F.3d 505, 510 (5th Cir. 2020)) (noting the "assertions of privilege must 'be specifically asserted' on a document-by-document basis," as "the relevance and need for the document clearly depend on the contents of the document itself"). (To be clear, nor have Defendants waived privileges that they did not assert in their first log. Waiver would occur only as to specific documents that Defendants voluntarily and knowingly disclose. *See, e.g., AHF Community Dev., LLC v. City of Dallas*, 258 F.R.D. 143, 148 (N.D. Tex. 2009).)

Second, the Texas Press Shield Law privilege is applicable. "Under Fed. R. Evid. 501, the availability of a privilege in a diversity case is governed by the law of the forum state," allowing Defendants to assert privileges provided by Texas law. *Miller v. Transamerican Press, Inc.*, 621 F.2d 721, 724 (5th Cir.), *opinion supplemented on denial of reh'g*, 628 F.2d 932 (5th Cir. 1980). The relevant statute, Tex. Civ. Prac. & Rem. Code Ann. § 22.023 provides that "a judicial . . . body with the authority to issue a subpoena *or other compulsory process may not compel a journalist to testify regarding or to produce or disclose in an official proceeding*" any information covered by the privilege. Tex. Civ. Prac. & Rem. Code Ann. § 22.023(a) (emphasis added). The statute nowhere suggests that journalists forfeit the Shield Law's protections when they are defendants subject to requests for production rather than third parties subject to subpoenas. *See, e.g., Abraham v. Greer*, 509 S.W.3d 609, 613 (Tex. App. 2016) (trial court noting that the privilege would apply to the defendant if he was deemed to be a journalist). Plaintiff's reading would run afoul of the statute's very purpose, which includes "increas[ing] the free flow of information and preserv[ing] a free and active press." Tex. Civ. Prac. & Rem. Code § 22.022.

Far from limiting the Shield Law's scope, the subsequent section you cite to, Tex. Civ. Prac. & Rem. Code § 22.024, sets the high bar that Plaintiff must clear to overcome the relevant privilege. That section makes clear that a "compulsory process [can]not be[] used to obtain peripheral, nonessential, or speculative information," *id.* at § 22.024(5), and that the information being sought must be "essential to the maintenance of a claim or defense of the person seeking the testimony, production, or disclosure," *id.* at § 22.024(6). The documents Defendants logged as privileged under the Shield Law are fully protected under these provisions.

Third, Defendants disagree with Plaintiff's contention that their descriptions of documents are "vague," "generalized," or "insufficiently specific." Defendants are not obligated to reveal identifying details—including, for example, details identifying strategic vendors and partners—that may undermine or abrogate the very privilege they assert. Defendants' descriptions preserve the privilege's protections while informing Plaintiff of the types of communications found within the identified documents. Defendants are open to discussing the additional detail that you believe is appropriate to discern if any compromises can be reached.

Fourth, Defendants continue to disagree with Plaintiff about the availability of the First Amendment privilege in civil litigation discovery disputes. We again refer Plaintiff to the ample arguments and caselaw we have provided over the last several months on the subject.

Lastly, Defendants will take a closer look at document MMFA_013760 to discern if the information Plaintiff seeks is accessible and, if so, will update the log accordingly. In light of the Parties' recent agreement to include date information on the privilege log, Defendants will also re-issue the log with that column included.

We look further to discussing further later today.

Best,
Abha

**Abha Khanna**
Elias Law Group LLP
1700 Seventh Ave Ste 2100
Seattle WA 98101
206-656-0177
akhanna@elias.law

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Alex Dvorscak <alex@stonehilton.com>
**Sent:** Tuesday, July 16, 2024 12:14 PM
**To:** Daniela Lorenzo <dlorenzo@elias.law>; Jacob Shelly <jshelly@elias.law>; LeGrand, Andrew <ALeGrand@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Chris Dodge <cdodge@elias.law>; Aria Branch <abranch@elias.law>; Samuel Ward-Packard <swardpackard@elias.law>; Mindy Johnson <mjohnson@elias.law>; Chris Hilton <chris@stonehilton.com>; Cody Coll <cody@stonehilton.com>; Tom Albright <tom@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Bonnie Chester <Bonnie@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** RE: X/MMFA - Defendants' Fifth Production

Hi Daniela,

We're available to meet at 4:00 ET / 3:00 CT on Friday. We'll send around a calendar invite.

Best,
-Alex Dvorscak
STONE | HILTON PLLC
alex@stonehilton.com | (518) 772-8657

---

**From:** Daniela Lorenzo <dlorenzo@elias.law>
**Sent:** Monday, July 15, 2024 3:39 PM
**To:** Alex Dvorscak <alex@stonehilton.com>; Jacob Shelly <jshelly@elias.law>; LeGrand, Andrew <ALeGrand@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Chris Dodge <cdodge@elias.law>; Aria Branch <abranch@elias.law>; Samuel Ward-Packard <swardpackard@elias.law>; Mindy Johnson <mjohnson@elias.law>; Chris Hilton <chris@stonehilton.com>; Cody Coll <cody@stonehilton.com>; Tom Albright <tom@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Bonnie Chester <Bonnie@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** RE: X/MMFA - Defendants' Fifth Production

Alex,

Our team is not available until Friday between 3-5 ET. If that works for your team, please send us a calendar invite in that time range. If not, please propose times that work for you all next week.

Best,
Daniela

**Daniela Lorenzo** (she/her)
Litigation Associate
Elias Law Group LLP
202.987.5400
dlorenzo@elias.law

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Alex Dvorscak <alex@stonehilton.com>
**Sent:** Friday, July 12, 2024 9:47 PM
**To:** Jacob Shelly <jshelly@elias.law>; Daniela Lorenzo <dlorenzo@elias.law>; LeGrand, Andrew <ALeGrand@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Cc:** Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Chris Dodge <cdodge@elias.law>; Aria Branch <abranch@elias.law>; Samuel Ward-Packard <swardpackard@elias.law>; Mindy Johnson <mjohnson@elias.law>; Chris Hilton <chris@stonehilton.com>; Cody Coll <cody@stonehilton.com>; Tom Albright <tom@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Bonnie Chester <Bonnie@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** RE: X/MMFA - Defendants' Fifth Production

Counsel,

Pursuant to Section III of the parties' Revised Stipulation for the Exchange of Privilege Logs and the Court's order on X's motion to compel (ECF No. 65), X objects to the assertions of privilege for the following documents (identified by Bates label):

MMFA_013561, 013562-013579, 013580-013597, 013598-013616, 013617-013635, 013636-013655, 013656-013676, 013677-013697, 013698, 013699, 013700-013714, 013715, 013716-013748, 013749-013755, 013756, 013757, 013758, 013759, 013760, 013761, 013762, 013763, 013764, 013765, 013766, 013767, 013768, 013769, 013770, 013771, 013772, 013773, 013774, 013775, 013776, 013777, 013778-013782, 013783, 013784, 013785-013787, 013788.

As the Court instructed, we would like to meet and confer regarding our objections. Please let us know your availability to confer next week from Tuesday (7/16) onward.

To aid the discussion, we have briefly set out our overarching objections to your privilege assertions. These descriptions are not meant to be exhaustive and are made without intention of waiving or limiting any argument that X may advance in any future motion practice.

1. Assertion of privilege based on "TX Press Shield Laws" (MMFA_013561, 013562-013579, 013580-013597, 013580-013597, 013598-013616, 013636-013655, 013656-013676, 013677-013697, 013698, 013699, 013700-013714, 013715, 013716-013748, 013756, 013757, 013758, 013759, 013760, 013761, 013762, 013763, 013764, 013765, 013766, 013767, 013768, 013769, 013770, 013771, 013772, 013773, 013774, 013775, 013776, 013777, 013778-013782, 013783, 013784, 013785-013787, 013788):
   - The assertion is untimely and therefore waived.
     - The parties have met and conferred over the privileges asserted by Defendants many times over the past several months, and prior to this June 28 privilege log submission, the only specific privileges asserted were a federal-law reporter's privilege (e.g., RFP No. 1), purported associational rights, (e.g., RFP No. 3), and protection of donor information. (e.g., RFP No. 17).
   - The privilege is substantively inapplicable.
     - On its own terms, Texas's shield law applies only to "subpoenaing . . . information." Tex. Civ. Prac. & Rem. Code § 22.024(4). As parties to this litigation, Defendants are instead subject to the Federal Rules of Civil Procedure governing disclosure and production of documents. See Fed. R. Civ. P. 26 & 34.
     - The assertion of privilege exceeds the scope of any statutory protections, which would extend at most to certain materials "prepared while acting as a journalist" or the "source" thereof. Tex. Civ. Prac. & Rem. Code § 22.023(1)-(2).
   - Defendants' generalized claim of privilege for "internal strategic communications," "MMFA's journalistic process and procedures," "process" and/or "strategy" is insufficiently specific.
     - Even if the Texas Civil Practice & Remedies Code applies here (and Defendants fail to specify which specific statute would cover the documents at issue) these assertions are vague, generalized and do not provide sufficient detail for X or the Court to determine how or why the underlying document would be privileged.

2. Assertion of a First Amendment and/or "TX Press Shield Laws" privilege with respect to "strategic vendors," "vendor[s]," "researching organizations," or "strategic partners" (MMFA_013562-013579; 013580-013597, 013598-013616, 013617-013635, 013636-013655, 013656-013676, 013677-013697, 013716-013748, 013756, 013757, 013766, 013784):
   - This assertion is vague, impermissible boilerplate. X is unable to determine what a "strategic vendor" is or why the identities of Defendants' "strategic vendors" would be privileged. The same is true for Defendants' assertions of privilege based on "researching organizations" and "strategic partners," as well as any communications between Defendants and any "vendor."
   - The First Amendment does not protect the disclosure of vendor identities during discovery in civil litigation between private parties. The same is likely true of Defendants' claim of privilege with respect to "researching organizations" and "strategic partners," however Defendants' privilege log does not contain sufficient detail for X to determine the First Amendment's applicability, if any.
   - The assertion of a "TX Press Shield Laws" privilege suffers deficiencies similar to those identified above.

3. Assertion of privilege for any material purportedly unrelated to this case and, specifically, any assertion of First Amendment privilege with respect to allegedly unrelated communications with journalists (MMFA_013749-013755):
   - Defendants' descriptions provide no information allowing X or the Court to gauge whether the documents are "unrelated." If Defendants claim a document is unrelated, Defendants must provide sufficient information to allow X to assess whether to dispute that characterization.
   - The asserted First Amendment privilege is also too vague and lacking in detail to allow X or the Court to determine the applicability of the privilege.
   - The First Amendment does not protect responsive communications in civil litigation between private parties.

4. Assertion of First Amendment privilege with respect to an internal MMFA strategy meeting (MMFA_013760):
   - This assertion does not provide sufficient information to allow X or the Court to determine the applicability of the privilege. For example, the privilege log does not list an author, date, or other pertinent information.
   - The First Amendment does not shield discussions about journalistic strategy from discovery in civil litigation between private parties.

Best,

**Alexander M. Dvorscak**
Attorney
STONE | HILTON PLLC
1115 W. Slaughter Ln.
Austin, Texas 78748
alex@stonehilton.com | (518) 772-8657
www.stonehilton.com

CONFIDENTIALITY NOTICE:
This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege and/or the work-product doctrine. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

**From:** Jacob Shelly <jshelly@elias.law>
**Sent:** Friday, June 28, 2024 10:18 PM
**To:** Daniela Lorenzo <dlorenzo@elias.law>; Chris Hilton <chris@stonehilton.com>; Alex Dvorscak <alex@stonehilton.com>; Cody Coll <cody@stonehilton.com>; Tom Albright <tom@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Judd E. Stone, II <judd@stonehilton.com>; john.sullivan@the-sl-lawfirm.com; Bonnie Chester <Bonnie@stonehilton.com>
**Cc:** LeGrand, Andrew <ALeGrand@gibsondunn.com>; Boutrous Jr., Theodore J. <TBoutrous@gibsondunn.com>; Abha Khanna <akhanna@elias.law>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Champion, Anne <AChampion@gibsondunn.com>; Omeed Alerasool <oalerasool@elias.law>; Chris Dodge <cdodge@elias.law>; Aria Branch <abranch@elias.law>; Ahmed, Amer S. <AAhmed@gibsondunn.com>; Samuel Ward-Packard <swardpackard@elias.law>; Mindy Johnson <mjohnson@elias.law>
**Subject:** RE: X/MMFA - Defendants' Fifth Production

Counsel,

Attached please find a letter regarding Defendants' fifth document production and the accompanying privilege log.

**Jacob Shelly**
Elias Law Group LLP
250 Massachusetts Ave NW Suite 400
Washington DC 20001
202-968-4496

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

TAB 9

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| X CORP., | |
| *Plaintiff*, | |
| v. | Civil Action No. 4:23-cv-01175-O |
| MEDIA MATTERS FOR AMERICA, *et al.*, | |
| *Defendants*. | |

## DEFENDANTS MEDIA MATTERS FOR AMERICA AND ERIC HANANOKI'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendants Media Matters for America ("Media Matters") and Mr. Eric Hananoki,[1] through their undersigned counsel, submit these amended responses and objections to Plaintiff X Corp.'s First Set of Requests for Production ("Discovery Requests" or "Requests"), initially served on March 11, 2024. Defendants' amendments are made based on conferral among counsel.

## PRELIMINARY STATEMENT

The responses set forth herein are based on the information and documents reasonably available to Defendants at this time, but discovery in this matter, including Defendants'

---

[1] Plaintiff's First Set of Requests for Production were served on February 5, 2024, prior to when Plaintiff amended its complaint to include Angelo Carusone as a defendant. Therefore, these Responses and Objections are not on behalf of Mr. Carusone. All references to Defendants herein are to Media Matters and Mr. Hananoki only.

1

investigation into the issues raised in this lawsuit and documents responsive to Plaintiff's Discovery Requests is still ongoing. Defendants reserve their right to alter, supplement, amend, correct, clarify, or otherwise modify these responses and objections, to assert additional objections or privileges in any subsequent supplemental response(s) and/or on a document-by-document basis, or to move for a Court order if deemed appropriate.

By making the accompanying responses and objections to Plaintiff's Discovery Requests, Defendants do not waive, and hereby expressly reserve, their right to assert all objections as to the admissibility of such responses and documents into evidence in this action, or in any other proceedings.

Produced materials will adhere to formal ESI protocol, privilege material agreement, and any protective order agreed to by Counsel for Plaintiff and Defendants and entered by the Court and will be produced on a rolling basis. As of the date of these Amended Responses and Objections, the Parties have yet to agree upon or submit for the Court's approval any of these documents. Any previous or forthcoming production by Defendants is made without waiver of their rights and privileges according to those documents once they are finalized and entered by the Court.

Moreover, Defendants maintain that this Court has no personal jurisdiction over Media Matters or Eric Hananoki and that the Northern District of Texas is not the proper venue for this dispute. *See* Defendants' Brief in Support of their Motion to Dismiss, ECF 41 at Sections I and II; Defendants' Reply in Support of their Motion to Dismiss, ECF 51 at Sections I and II. Defendants provide these responses and objections subject to and without waiving any of their arguments for dismissal.

## RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR PRODUCTION NO. 1**:  All versions of the November 16, 2023 Article, including but not limited to all drafts, outlines, or notes thereof and any subsequent edits, updates, and/or amendments thereto, and including all prior versions previously available on the Website.

       **OBJECTIONS**: The Request does not define the term "notes," but Defendants interpret the term as used here consistent with its ordinary meaning to ask for written records created in the process of reporting, writing, and publishing the November 16, 2023 Article. In its May 24, 2024 Motion to Compel, Plaintiff indicated that it agrees with Defendants' definition. *See* ECF 60, Pl.'s Mot. to Compel, at 7.

       **RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 2**:   All source materials, research, screenshots, Platform account data, and other documents or communications relied on, referenced, created, or considered by You in conceiving of, investigating, working on, writing, publishing, and disseminating the November 16, 2023 Article.

       **OBJECTIONS**: The Request does not define the term "Platform account data." After conferring with Plaintiff, Defendants interpret the term as used here to ask for usernames, posts, chats, and comments of, as well as emails generated from, accounts on the X Platform relied on, referenced, created, or considered in investigating, working on, writing, publishing, and disseminating the referenced article. *See also* ECF 60, Pl.'s Mot. to Compel, at 7. Plaintiff also

3

includes "login information" in their definition of Platform account data, but Defendants object to this as not relevant and disproportionate to the needs of the case since it seeks sensitive username and password information. Defendants further object to this Request because it seeks Platform account data that is already within X's possession and is therefore more convenient, less burdensome, and less expensive for X to access outside of discovery.

**RESPONSE**: The Parties are still discussing the extent to which some or all of the Platform account data is in the custody, possession, and control of X and more easily accessible by X. Once the Parties have resolved that question, Defendants will provide Plaintiff with the relevant account handles.

Defendants will otherwise produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 3**:  All documents and communications related to the November 16, 2023 Article, including but not limited to internal communications, communications with the public (including social media posts), communications with donors, communications with journalists, and communications with the advertisers mentioned in the November 16, 2023 Article.

**OBJECTION**: Defendants object to the disclosure of donor identification information as harassing. Disclosure of donor identifying information can lead to donors being harassed for and

deterred from affiliating with organizations they support.[2]   Indeed, Elon Musk himself has called

Media Matters "an evil propaganda machine that can go to hell" and vowed that X "will pursue

not just the organization but anyone funding that organization. I want to be clear about that anyone

funding that organization, will be, we will pursue them".[3]   Plaintiff's request for this information

is inappropriate and not proportional to the needs of this case.

**RESPONSE**: Based on this objection, Defendants will not produce identifying donor

information in response to this request. Defendants will otherwise produce on a rolling basis any

responsive, nonprivileged documents in their possession, custody, or control that they are able to

locate following a reasonable search. Defendants are in the process of collecting and reviewing

documents and are not presently withholding any responsive documents that they have identified.

Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 4**:   All audio and video recordings of You discussing or

referencing in any way the November 16, 2023 Article, including but not limited to documents

---

[2] *See, e.g.*, *Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595, 616–17 (2021) ("The petitioners here, for example, introduced evidence that they and their supporters have been subjected to bomb threats, protests, stalking, and physical violence. App. in No. 19–251, at 256, 291–292. Such risks are heightened in the 21st century and seem to grow with each passing year, as 'anyone with access to a computer [can] compile a wealth of information about' anyone else, including such sensitive details as a person's home address or the school attended by his children") (internal citation omitted); *see also Koch Ally Says He Received Death Threats*, Matt Reynolds, Courthouse News (Feb.25, 2016) (libertarian businessman whose affiliation with the Americans for Prosperity Foundation was leaked said "he received death threats and had considered quitting the foundation because he was worried about his family's safety and the adverse effect of protests outside his North Carolina stores") (last accessed May 28, 2024).

[3]*@TheChiefNerd*, X.com (Dec. 10, 2023, 4:24 PM), [https://perma.cc/6L3M-SHX3] (last accessed May 28, 2024).

reflecting any URLs for any such recordings of You that are in the possession, custody, or control of third parties.

**OBJECTIONS**: Defendants object to this Request because it purports to seek materials "in the possession, custody, or control of third parties" and therefore falls outside the scope of Fed. R. Civ. P. 26 and 34.

**RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents. Defendants will not search for or produce any documents that are in the possession, custody, or control of third parties.

**REQUEST FOR PRODUCTION NO. 5**:  All documents and communications discussing or mentioning X, the Platform, Elon Musk, or Linda Yaccarino, including but not limited to email updates, "Action Updates," or "Weekly Updates," that were sent out via any email, text, phone, social media, or other distribution list that You maintain.

**RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 6**: All documents and communications concerning content moderation on the Platform.

    **RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 7**: All documents and communications concerning advertising on the Platform, including but not limited to documents and communications concerning any particular advertiser or potential advertiser on the Platform.

    **OBJECTION**: The Request does not define "advertiser," but Defendants interpret the term to mean all X advertisers listed in Plaintiff's amended complaint. To the extent Plaintiff means something different, Defendants object to this Request as vague because Defendants do not know the identity of all the entities that have advertised on X, much less all entities that X may view as a "potential advertiser".

    **RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Based on the objection above, Defendants will not search for or produce any documents concerning advertisers not listed in X's amended complaint. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

7

**REQUEST FOR PRODUCTION NO. 8**:   All communications with X's advertisers concerning the Platform, including but not limited to communications regarding their decision to advertise on the Platform.

**OBJECTION**: The Request does not define "X's advertisers," but Defendants interpret the term to mean all X advertisers listed in Plaintiff's amended complaint**.** To the extent Plaintiff means something different, Defendants object to this Request as vague because Defendants do not know the identity of all of X's advertisers.

**RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Based on the objection above, Defendants will not search for or produce any documents concerning advertisers not listed in X's amended complaint. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 9**:   All  communications  with  X's  advertisers  about advertising with or financially supporting You.

**OBJECTION**: The Request does not define "X's advertisers," but Defendants interpret the term to mean all advertisers listed in X's amended complaint**.** To the extent Plaintiff means something different, Defendants object to this Request as vague because Defendants do not know the identity of all of X's advertisers.

**RESPONSE**: Neither Media Matters nor Eric Hananoki has any documents responsive to this request for the advertisers listed in X's amended complaint.

**REQUEST FOR PRODUCTION NO. 10**: All posts, comments, direct messages, and any other account data of any kind whatsoever posted by You on the Platform, including but not limited to the @mmfa and @ehananoki accounts and any accounts used in the creation of the November 16, 2023 Article.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, and for seeking documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll posts, comments, direct messages, and any other account data of any kind whatsoever" of various accounts, even where the information it seeks is immaterial or unrelated to any of Plaintiff's tort claims, to any computation of damages, or to any of Defendants' defenses. Defendants further object to this Request because it seeks data that is already within X's possession and is therefore more convenient, less burdensome, and less expensive for X to access outside of discovery.

**RESPONSE**: The Parties are still discussing the extent to which some or all of the Platform account data is in the custody, possession, and control of X and more easily accessible by X. Once the Parties have resolved that question, Defendants will provide Plaintiff with account handles related to the claims and issues in this case and otherwise produce on a rolling basis any responsive, nonprivileged materials related to the claims and issues in this case that are in their possession, custody, or control and that they are able to locate following a reasonable search.

**REQUEST FOR PRODUCTION NO. 11**: All communications with appointed or elected public officials, candidates for public office, candidate campaign committees, political party committees, PACs, 501(c)(4) groups, and any other political actors or political operatives.

 **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, and for seeking documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll communications" with an unquantifiable number of potential individuals and entities on unspecified topics, even where these are immaterial and unrelated to any of Plaintiff's tort claims, to any computation of damages, or to any of Defendants' defenses. Indeed, there are over 500,000 public officials in the U.S.,[4] not counting individuals not currently in office or candidates; over 70,000 registered 501(c)(4)s[5]; and over 8,500 PACs.[6]

 **RESPONSE**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time. Pursuant to X's representations at the May 27, 2024 meet-and-confer, Defendants await a revised request that is tailored to the claims and defenses at issue in this case.

---

[4] *How many politicians are there in the USA? (Infographic),* PoliEngine, https://poliengine.com/blog/how-many-politicians-are-there-in-the-us (last accessed May 27, 2024).

[5] *How many nonprofits are there in the US?*, USA Facts (Nov. 2024), shttps://usafacts.org/articles/how-many-nonprofits-are-there-in-the-us/ (last accessed May 27, 2024).

[6] *Committees*, Federal Election Commission, https://www.fec.gov/data/committees/?committee_type=O (last accessed May 27, 2024); *see also Committees*, Federal Election Commission, https://www.fec.gov/data/committees/?committee_type=V&committee_type=W (last accessed May 27, 2024).

**REQUEST FOR PRODUCTION NO. 12**: All IRS Form 990s for Media Matters, regardless of time period, since the founding of Media Matters.

**RESPONSE**: Defendants have produced and will continue to produce on a rolling basis Media Matters's Form 990 tax returns.

**REQUEST FOR PRODUCTION NO. 13**: All annual financial statements for Media Matters, regardless of time period, since the founding of Media Matters.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, and for seeking documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll annual financial statements for Media Matters" since the organization's founding twenty years ago, with no indication of why this information would be material or related to the claims or defenses at issue in this case. Indeed, the Platform was not founded until 2006, two years *after* Media Matters was founded. While federal courts allow plaintiffs bringing punitive damages to engage in pretrial discovery of financial information, *Briones v. Smith Dairy Queens, Ltd.*, No. 08-48, 2008 WL 4630485, at *5 (S.D. Tex. Oct. 16, 2008), this does not provide plaintiff "*carte blanche* to obtain all information [it] seeks," *Barback v. Fisher*, No. CV 20-515-SDD-EWD, 2022 WL 965914, at *8 (M.D. La. Mar. 30, 2022). Indeed, courts allowing the discovery of financial information for punitive damages generally limit the temporal scope of those documents. *See, e.g.*, *Callais v. United Rentals North America*, No. 17-312, 2018 WL 6517446, at *6 (M.D. La. Dec. 11, 2018) (compelling production of annual reports, financial statements, and federal income tax returns for a three-year period); *Briones*, 2008 WL

4630485, at *5 (limiting the plaintiff's discovery of the defendant's financial information to 2007 and 2008, where an alleged discriminatory act took place in 2007 and the discovery was requested in 2008). A time period that would not produce relevant documents to the issue at hand is not reasonable and may be overly broad. *See, e.g.*, *Barback v. Fisher*, No. CV 20-515-SDD-EWD, 2022 WL 965914, at *9 (M.D. La. Mar. 30, 2022). Moreover, Defendants object to this request as duplicative of Request for Production No. 12, as Media Matters's 990 forms contain comprehensive information on Media Matter's annual finances. *See, e.g.*, *Vertex Aerospace, LLC v. Womble Bond Dickinson*, LLP, No. 309CV00704HTWLGI, 2022 WL 1830715, at *11 (S.D. Miss. Apr. 26, 2022) (holding request into assets and liabilities were disproportionate to the needs of the case, given the company's insurance coverage and its ability to provide a certified statement of its net worth).

**RESPONSE**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time. Defendants direct Plaintiff to Media Matters's 990 forms, most of which have already been produced to Plaintiff. Any remaining 990 forms will also be produced. These forms provide a comprehensive financial picture of Media Matters, including its net worth.

**REQUEST FOR PRODUCTION NO. 14**: All Your bank statements and all documents sufficient to show Your financial condition during the time period.

**OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, and for seeking documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll bank statements and all documents

sufficient to show [Defendants'] financial condition," with no indication of why this information—including personal financial information of an individual reporter—would be material or related to the claims or defenses at issue in this case. While federal courts allow plaintiffs bringing punitive damages to engage in pretrial discovery of financial information, *Briones v. Smith Dairy Queens, Ltd.*, No. 08-48, 2008 WL 4630485, at *5 (S.D. Tex. Oct. 16, 2008), this does not provide plaintiff "*carte blanche* to obtain all information [it] seeks," *Barback v. Fisher*, No. CV 20-515-SDD-EWD, 2022 WL 965914, at *8 (M.D. La. Mar. 30, 2022). *See, e.g.*, *Briones*, 2008 WL 4630485, at *7 (limiting discovery of relevant financial information to defendant's annual reports and/or financial statements); *see also Smith v. DeTar Hosp. LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *8 (S.D. Tex. Dec. 14, 2011) (limiting financial disclosures to defendant's most recent financial statement stating their current net worth and finding that all other discovery requests relating to net worth—including itemization of assets and liabilities, description of homes, real estate, and other possessions, salary, total earnings, W-2s and other documents, and financial statements over several years—were overly burdensome, excessive, and unnecessary); *Tingle v. Hebert*, No. CV 15-626-JWD-EWD, 2017 WL 2335646, at *7 (M.D. La. May 30, 2017) (finding a request for "'any and all documents' regarding virtually everything [defendant] owns" was "unreasonably burdensome"); *Regions Ins., Inc. v. Alliant Ins. Servs., Inc.*, No. 3:13-CV-667-HTW-LRA, 2015 WL 1886852, at *7 (S.D. Miss. Apr. 24, 2015) (holding defendant was only required to provide a current net worth statement, certified by independent auditors, with any supporting documentation that the auditors include with its statement); *Hunter v. Copeland*, No. CIV.A. 03-2584, 2004 WL 1562832, at *5 (E.D. La. July 12, 2004) (finding a request for "statements for all credit cards used by [an employee]" overly broad because it exceeded the limited subject matter of the litigation).

13

**RESPONSE**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time. Defendants direct Plaintiff to Media Matters's 990 forms, most of which have already been produced to Plaintiff. Any remaining 990 forms will also be produced. These forms provide a comprehensive financial picture of Media Matters, including its net worth.

**REQUEST FOR PRODUCTION NO. 15**: All materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation of any kind whatsoever that You may currently owe, that You may owe in the future, or that You have owed during the time period, including but not limited to any monetary judgment in this matter.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case and for seeking documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires a blanket production of "[a]ll materials regarding Your insurers, insurance policies, indemnity rights, or any other third-party payors who may be liable or willing to satisfy any judgment, liability, or obligation *of any kind whatsoever*," even where the information would be immaterial or unrelated to any of Plaintiff's tort claims, to any computation of damages, or to any of Defendants' defenses such as employee medical and dental insurance policies.

**RESPONSE**: Defendants direct Plaintiff to Section IV of Defendants' Initial Disclosures, served to counsel on March 8, 2024 via email, Defendants' Amended Initial Disclosures, served to counsel on May 8, 2024, and any subsequent revisions to Defendants' Initial Disclosures, which, pursuant to Federal Rule of Civil Procedure 26 (a)(1)(A)(iv), lists "any insurance agreement under

14

which an insurance business may be liable to satisfy all or part of a possible judgment in th[is] action or to indemnify or reimburse for payments made to satisfy the judgment [in this litigation]." Defendants will produce any responsive, non-privileged documents related to the issues in this litigation. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 16**: Documents sufficient to show Your expenses and the identity of the recipients of such expenditures, including but not limited to expenses on salaries, travel, equipment, real property, solicitation of donations, and any other expenses whatsoever.

    **OBJECTIONS**: Defendants object to this Request as being overly broad, vague, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, and for seeking documents not relevant to any claim or defense asserted in this litigation. For example, this Request requires producing a high-volume of sensitive financial information—including a limitless amount of unrestricted "expenses"—that are immaterial or unrelated to any of Plaintiff's tort claims, to any computation of damages, or to any of Defendants' defenses. While federal courts allow plaintiffs bringing punitive damages to engage in pretrial discovery of financial information, *Briones v. Smith Dairy Queens, Ltd.*, No. 08-48, 2008 WL 4630485, at *5 (S.D. Tex. Oct. 16, 2008), this does not provide plaintiff "*carte blanche* to obtain all information [it] seeks," *Barback v. Fisher*, No. CV 20-515-SDD-EWD, 2022 WL 965914, at *8 (M.D. La. Mar. 30, 2022). *See, e.g.*, *Briones*, 2008 WL 4630485, at *7 (limiting discovery of relevant financial information to defendant's annual reports and/or financial statements); *see also Smith v. DeTar Hosp. LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *8 (S.D. Tex. Dec. 14, 2011) (limiting

financial disclosures to defendant's most recent financial statement stating their current net worth and finding that all other discovery requests relating to net worth—including itemization of assets and liabilities, description of homes, real estate, and other possessions, salary, total earnings, W-2s and other documents, and financial statements over several years—were overly burdensome, excessive, and unnecessary); *Tingle v. Hebert*, No. CV 15-626-JWD-EWD, 2017 WL 2335646, at *7 (M.D. La. May 30, 2017) (finding a request for "'any and all documents' regarding virtually everything [defendant] owns" was "unreasonably burdensome"); *Regions Ins., Inc. v. Alliant Ins. Servs., Inc.*, No. 3:13-CV-667-HTW-LRA, 2015 WL 1886852, at *7 (S.D. Miss. Apr. 24, 2015) (holding defendant was only required to provide a current net worth statement, certified by independent auditors, with any supporting documentation that the auditors include with its statement); *Hunter v. Copeland*, No. CIV.A. 03-2584, 2004 WL 1562832, at *5 (E.D. La. July 12, 2004) (finding a request for "statements for all credit cards used by [an employee]" overly broad because it exceeded the limited subject matter of the litigation); *Hunter v. Copeland*, No. CIV.A. 03-2584, 2004 WL 1562832, at *5 (E.D. La. July 12, 2004) (finding a request for "documents evidencing transfers of money" to an employee, which largely included salary payments, to be overly broad).

**RESPONSE**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time. Defendants direct Plaintiff to Media Matters's 990 forms, most of which have already been produced to Plaintiff. Any remaining 990 forms will also be produced. These forms provide a comprehensive financial picture of Media Matters, including its net worth.

16

**REQUEST FOR PRODUCTION NO. 17**: Documents sufficient to show the identity of all Your donors or any others who provide financial support of any kind, their residence, the time and place of their donation or provision of financial support, and the amount of their donations or other financial support.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, and for seeking documents not relevant to any claim or defense asserted in this litigation. For example, this Request seeks a high-volume of sensitive financial information "of any kind" that is immaterial or unrelated to any of Plaintiff's tort claims, to any computation of damages, or to any of Defendants' defenses. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 507–08, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947) ("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries. As indicated by Rules 30(b) and (d) and 31(d), limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry. And as Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege."). Moreover, disclosure of donor identifying information can lead to donors being harassed for and deterred from affiliating with organizations they support.[7]

---

[7] *See, e.g.*, *Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595, 616–17 (2021) ("The petitioners here, for example, introduced evidence that they and their supporters have been subjected to bomb threats, protests, stalking, and physical violence. App. in No. 19–251, at 256, 291–292. Such risks are heightened in the 21st century and seem to grow with each passing year,

17

Indeed, Elon Musk himself has called Media Matters "an evil propaganda machine that can go to hell" and vowed that X "will pursue not just the organization but anyone funding that organization. I want to be clear about that anyone funding that organization, will be, we will pursue them".[8] Plaintiff's request for this information is inappropriate and not proportional to the needs of this case.

   **RESPONSE**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time. Defendants direct Plaintiff to Media Matters's 990 forms, most of which have already been produced to Plaintiff. Any remaining 990 forms will also be produced. These forms provide a comprehensive financial picture of Media Matters, including its net worth.


**REQUEST FOR PRODUCTION NO. 18**: Any document or communication reflecting Your attempts to solicit donations or financial support of any kind, including but not limited to any discussions with any donors or any others who provided, considered providing, or were asked to provide financial support of any kind.

------------------------

as 'anyone with access to a computer [can] compile a wealth of information about' anyone else, including such sensitive details as a person's home address or the school attended by his children") (internal citation omitted); *see also Koch Ally Says He Received Death Threats*, Matt Reynolds, Courthouse News (Feb.25, 2016) (libertarian businessman whose affiliation with the Americans for Prosperity Foundation was leaked said "he received death threats and had considered quitting the foundation because he was worried about his family's safety and the adverse effect of protests outside his North Carolina stores") (last accessed May 28, 2024).

[8]*@TheChiefNerd*, X.com (Dec. 10, 2023, 4:24 PM), [https://perma.cc/6L3M-SHX3] (last accessed May 28, 2024).

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, and for seeking documents not relevant to any claim or defense asserted in this litigation. For example, this Request seeks information about any communications soliciting financial support "of any kind" that is immaterial or unrelated to any of Plaintiff's tort claims, to any computation of damages, or to any of Defendants' defenses. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 507–08, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947) ("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries. As indicated by Rules 30(b) and (d) and 31(d), limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry. And as Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege."). Moreover, disclosure of donor identifying information can lead to donors being harassed for and deterred from affiliating with organizations they support.[9] Indeed, Elon Musk himself has called Media Matters "an evil propaganda machine that can go to hell" and vowed that X "will pursue not just the organization but anyone funding

---

[9] *See, e.g.*, *Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595, 616–17 (2021) ("The petitioners here, for example, introduced evidence that they and their supporters have been subjected to bomb threats, protests, stalking, and physical violence. App. in No. 19–251, at 256, 291–292. Such risks are heightened in the 21st century and seem to grow with each passing year, as 'anyone with access to a computer [can] compile a wealth of information about' anyone else, including such sensitive details as a person's home address or the school attended by his children") (internal citation omitted); *see also Koch Ally Says He Received Death Threats*, Matt Reynolds, Courthouse News (Feb.25, 2016) (libertarian businessman whose affiliation with the Americans for Prosperity Foundation was leaked said "he received death threats and had considered quitting the foundation because he was worried about his family's safety and the adverse effect of protests outside his North Carolina stores") (last accessed May 28, 2024).

19

that organization. I want to be clear about that anyone funding that organization, will be, we will pursue them."[10] Plaintiff's request for this information is inappropriate and not proportional to the needs of this case.

**RESPONSE**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 19**: Documents sufficient to identify the recipients of any communications or email updates, "Action Updates," or "Weekly Updates" sent out via any email list that You maintain, as well as any information related to those recipients' locations, including but not limited to any self-reported location data and their IP addresses.

**OBJECTION**: Defendants object to this Request as being overly broad, not reasonably particularized, harassing, and disproportionate to the needs of this case, and for seeking documents not relevant to any claim or defense asserted in this litigation. The identities of individuals who subscribe to Defendants' email lists are not relevant to any claims or defenses in this case, and their disclosure is reasonably likely to subject recipients to harassment. *See NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) (recognizing disclosure of nonprofit organization's membership lists would likely result in harassment).

**RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search for documents that identify the location of recipients of any communications or

---

[10] *@TheChiefNerd*, X.com (Dec. 10, 2023, 4:24 PM), [https://perma.cc/6L3M-SHX3] (last accessed May 28, 2024).

20

email updates, "Action Updates," or "Weekly Updates" sent by Defendants via any email list. Defendants will not provide documents that disclose identifying information of individual recipients.

**REQUEST FOR PRODUCTION NO. 20**: Documents sufficient to show Media Matters' organizational structure, including Board membership, leadership structure, and that of any affiliated or related entities.

**RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 21**: All documents and communications regarding Your sources of funding for research, investigation, reporting, publication, or any other work related to X, the Platform, Elon Musk, or Linda Yaccarino.

**OBJECTIONS**: Defendants object to this Request as harassing. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 507–08, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947) ("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries. As indicated by Rules 30(b) and (d) and 31(d), limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry. And as Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege."). Disclosure

21

of donor identifying information can lead to donors being harassed for and deterred from affiliating with organizations they support.[11]  Indeed, Elon Musk himself has called Media Matters "an evil propaganda machine that can go to hell" and vowed that X "will pursue not just the organization but anyone funding that organization. I want to be clear about that anyone funding that organization, will be, we will pursue them".[12]  Plaintiff's request for this information is inappropriate and not proportional to the needs of this case.

    **RESPONSE**: Based on the foregoing objections, Defendants will not produce documents in response to this Request at this time. In any event, Media Matters does not receive any dedicated funding that is restricted for research, investigation, reporting, publication, or any other work related to X, the Platform, Elon Musk, or Linda Yaccarino.


**REQUEST FOR PRODUCTION NO. 22**: All documents concerning, and communications with, any third-party public relations, advertising, marketing, communications, or similar firm that

---

[11] *See, e.g.*, *Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595, 616–17 (2021) ("The petitioners here, for example, introduced evidence that they and their supporters have been subjected to bomb threats, protests, stalking, and physical violence. App. in No. 19–251, at 256, 291–292. Such risks are heightened in the 21st century and seem to grow with each passing year, as 'anyone with access to a computer [can] compile a wealth of information about' anyone else, including such sensitive details as a person's home address or the school attended by his children") (internal citation omitted); *see also Koch Ally Says He Received Death Threats*, Matt Reynolds, Courthouse News (Feb.25, 2016) (libertarian businessman whose affiliation with the Americans for Prosperity Foundation was leaked said "he received death threats and had considered quitting the foundation because he was worried about his family's safety and the adverse effect of protests outside his North Carolina stores") (last accessed May 28, 2024).

[12] *@TheChiefNerd*, X.com (Dec. 10, 2023, 4:24 PM), [https://perma.cc/6L3M-SHX3] (last accessed May 28, 2024).

You have contracted with, or that you have contacted in any capacity about the November 16, 2023 Article.

**RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 23**: All documents and communications related to or reflecting any travel by Eric Hananoki from October 20, 2023, to December 15, 2023.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, and as seeking documents not relevant to any claim or defense asserted in this litigation. This Request impermissibly requires blanket production of "[a]ll documents and communications related to or reflecting *any* travel" by Mr. Hananoki during the specified time period, even where not reasonably related to the issues in dispute in this case or the parties' defenses. This request also is harassing to Mr. Hananoki, as he is being asked to search through and disclose any and all documents— including flights, hotels, meal receipts, texts, calls, photographs, and more—related to any travel, including personal travel with his family that has no relevance to the claims or defenses being litigated in this case and despite Defendants' assurances that Mr. Hananoki did not conduct any work-related travel during the time period. Indeed, Defendants understand from the Parties' meet-and-confers that Plaintiff seeks to account for Mr. Hananoki's whereabouts and activities during this time period without qualification. Moreover, Defendants further object to this Request as

23

duplicative of and/or cumulative of other document requests, including Document Requests Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 14, 15, 16,17, 18, 19, 20, 21, 22, 24, 25, 28, 30, 31, 32, 33, 34, 36, 37 38, 39, 40, 41, 42, 43, 44, 45, 46, and 47. Any relevant information Plaintiff seeks with this request, beyond what Defendants have already certified, are captured by X's many other broad requests.

**RESPONSE**: Defendants do not possess any responsive documents relevant to any claim or defense in this litigation because, as Defendants made clear to Plaintiff in their email of May 2, 2024, Mr. Hananoki did not conduct any travel from October 20, 2023, to December 15, 2023 undertaken in relation to his research or drafting of the November 16, 2023 article. In addition, he did not travel to Texas in any capacity during this time.


**REQUEST FOR PRODUCTION NO. 24**: All of Your calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments from October 20, 2023, to December 15, 2023.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, harassing, and disproportionate to the needs of this case, and for seeking documents not relevant to any claim or defense asserted in this litigation. For example, this Request impermissibly requires blanket production of "[a]ll calendars, journals, schedules, activity logs, visitors' logs, diaries, or appointments" during the specified time period, even where not reasonably related to the issues in dispute in this case. This request is also harassing because it is asking Defendants to essentially account for all of their activities and appointments, including personal activities and appointments, without qualification.

**RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents related to any of X's employees, policies, or advertisers listed in the amended complaint or the issues raised in the amended complaint that are in their possession, custody, or control and

24

that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 25**: All documents and communications related to or reflecting Your involvement in or knowledge of X and any related entities, individuals, and platforms.

**OBJECTIONS**: The terms "any related entities, individuals, and platforms" are vague and undefined. Defendants will accordingly interpret "related entities" to include X Holdings Corp., X's holding company. Defendants will interpret "related individuals" to mean former and current X or Twitter employees, executives, and board members. Defendants will interpret "related platforms" to include Twitter. To the extent Plaintiff means something else with any of these terms, Defendants object to the request as vague absent identification from Plaintiff of who and what it considers to be "related entities, individuals, and platforms."

**RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control, based on their understanding of the relevant terms, that they are able to locate following a reasonable search. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

25

**REQUEST FOR PRODUCTION NO. 26**: All documents and communications related to or reflecting Media Matters' Board's involvement in or knowledge of X and any related entities, individuals, and platforms.

     **OBJECTIONS**: The terms "any related entities, individuals, and platforms" are vague and undefined. Defendants will accordingly interpret "related entities" to include X Holdings Corp., X's holding company. Defendants will interpret "related individuals" to mean former and current X or Twitter employees, executives, and board members. Defendants will interpret "related platforms" to include Twitter. To the extent Plaintiff means something else with any of these terms, Defendants object to the request as vague absent identification from Plaintiff of who and what it considers to be "related entities, individuals, and platforms." Defendants also object to this request because it seeks materials outside of Defendants' possession, custody, or control in violation of Fed. R. Civ. P. 26 and 34.

     **RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control, based on their understanding of the relevant terms, that they are able to locate following a reasonable search and in light of Defendants interpretation of the terms. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 27**: All documents and communications related to or reflecting Media Matters' donors' involvement in or knowledge of X and any related entities, individuals, and platforms.

26

**OBJECTIONS**: The terms "any related entities, individuals, and platforms" are vague and undefined. Defendants will accordingly interpret "related entities" to include X Holdings Corp., X's holding company. Defendants will interpret "related individuals" to mean former and current X or Twitter employees, executives, and board members. Defendants will interpret "related platforms" to include Twitter. To the extent Plaintiff means something else with any of these terms, Defendants object to the request as vague absent identification from Plaintiff of who and what it considers to be "related entities, individuals, and platforms." Defendants also object to this request because it seeks materials outside of Defendants' possession, custody, or control in violation of Fed. R. Civ. P. 26 and 34(a). Defendants further object to the disclosure of donor identification information as harassing. Disclosure of donor identifying information can lead to donors being harassed for and deterred from affiliating with organizations they support.[13]  Indeed, Elon Musk himself has called Media Matters "an evil propaganda machine that can go to hell" and vowed that X "will pursue not just the organization but anyone funding that organization. I want to be clear

---

[13] *See, e.g.*, *Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595, 616–17 (2021) ("The petitioners here, for example, introduced evidence that they and their supporters have been subjected to bomb threats, protests, stalking, and physical violence. App. in No. 19–251, at 256, 291–292. Such risks are heightened in the 21st century and seem to grow with each passing year, as 'anyone with access to a computer [can] compile a wealth of information about' anyone else, including such sensitive details as a person's home address or the school attended by his children") (internal citation omitted); *see also Koch Ally Says He Received Death Threats*, Matt Reynolds, Courthouse News (Feb.25, 2016) (libertarian businessman whose affiliation with the Americans for Prosperity Foundation was leaked said "he received death threats and had considered quitting the foundation because he was worried about his family's safety and the adverse effect of protests outside his North Carolina stores") (last accessed May 28, 2024).

about that anyone funding that organization, will be, we will pursue them".[14] Plaintiff's request

for this information is inappropriate and not proportional to the needs of this case.

**RESPONSE**: Defendants will produce on a rolling basis, any responsive, nonprivileged

documents in their possession, custody, or control, based on their understanding of the relevant

terms, that they are able to locate following a reasonable search. Defendants will not search for or

produce materials outside of Defendants' possession, custody, or control, nor will Defendants

produce identifying donor information in response to this request. Defendants are in the process

of collecting and reviewing documents and are not presently withholding any responsive

documents that they have identified. Defendants will supplement this response if they identify and

withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 28**: All documents and communications related to or

reflecting Media Matters' employees' involvement in or knowledge of X and any related entities,

individuals, and platforms.

**OBJECTIONS**: The terms "any related entities, individuals, and platforms" are vague and

undefined. Defendants will accordingly interpret "related entities" to include X Holdings Corp.,

X's holding company. Defendants will interpret "related individuals" to mean former and current

X or Twitter employees, executives, and board members. Defendants will interpret "related

platforms" to include Twitter. To the extent Plaintiff means something else with any of these terms,

Defendants object to the request as vague absent identification from Plaintiff of who and what it

---

[14] *@TheChiefNerd*, X.com (Dec. 10, 2023, 4:24 PM), [https://perma.cc/6L3M-SHX3] (last
accessed May 28, 2024).

considers to be "related entities, individuals, and platforms." Defendants also object to this request because it seeks materials outside of Defendants' possession, custody, or control in violation of Fed. R. Civ. P. 26 and 34(a).

**RESPONSE**: Defendants will produce on a rolling basis any responsive, nonprivileged documents in their possession, custody, or control, based on their understanding of the relevant terms, that they are able to locate following a reasonable search through the relevant custodians' files. Defendants are in the process of collecting and reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 29**: All documents and communications related to or reflecting Media Matters' advertisers' and agencies' involvement in or knowledge of X and any related entities, individuals, and platforms.

**OBJECTIONS**: The terms "any related entities, individuals, and platforms" are vague and undefined. Defendants will accordingly interpret "related entities" to include X Holdings Corp., X's holding company. Defendants will interpret "related individuals" to mean former and current X or Twitter employees, executives, and board members. Defendants will interpret "related platforms" to include Twitter. To the extent Plaintiff means something else with any of these terms, Defendants object to the request as vague absent identification from Plaintiff of who and what it considers to be "related entities, individuals, and platforms." Defendants also object to this request because it seeks materials outside of Defendants' possession, custody, or control in violation of Fed. R. Civ. P. 26 and 34(a).

29

**RESPONSE**: Defendants do not possess any documents that are responsive to this Request because Media Matters does not have any advertisers or agencies.

**GIBSON, DUNN & CRUTCHER LLP**
Andrew LeGrand (TX 24070132)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
T: (214) 698-3100
F: (214) 571-2960
alegrand@gibsondunn.com

Theodore J. Boutrous, Jr.* (CA 132099)
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520
tboutrous@gibsondunn.com

Amer S. Ahmed* (NY 4382040)
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035
aahmed@gibsondunn.com

**ELIAS LAW GROUP LLP**
Abha Khanna* (WA 42612) 1700
Seventh Avenue, Suite 2100
Seattle,  WA 98101
T:  (206)  656-0177
F:  (206)  656-0180
akhanna@elias.law

Jacob D. Shelly* (DC 90010127)
Daniela Lorenzo* (NY 5780457)  250
Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
T: (202) 968-4490
F: (202) 986-4498
jshelly@elias.law
dlorenzo@elias.law
* Admitted *pro hac vice*

*Counsel for Defendants Media Matters for America and Eric Hananoki*

TAB 10

Defendants' June 28, 2024 Privilege Log

| Bates Number | Status | Document Type | From/Author | To | CC | BCC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| MMFA_013561 | Withheld | Word | | | | | TX Press Shield Laws | Comments and revisions to a draft article that is not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communications and MMFA's journalistic process and procedures. The final version of this article is public and either has been or will be produced in discovery. |
| MMFA_013562-MMFA_013579 | Redacted | Email | Sharon Kann <skann@mediamatters.org> | Danil Cuffe <dcuffe@mediamatters.org>;Carly Evans <cevans@mediamatters.org> | Misinformation Monitoring 2020 <misinfomonitoring2020@mediamatters.org>;Research <research@mediamatters.org>;Internal Intel <internalintel@mediamatters.org>;Stefa nie Le <sle@mediamatters.org> | | 1A;TX Press Shield Laws | Redacted confidential discussions revealing MMFA's internal strategy and journalistic process for work that is unrelated to Plaintiff, Musk, or the articles at issue in this case. Redacted identity of strategic vendors, the disclosure of which could chill MMFA's associational rights. |
| MMFA_013580-MMFA_013597 | Redacted | Email | Alex Kaplan <akaplan@mediamatters.org> | Sharon Kann <skann@mediamatters.org> | Danil Cuffe <dcuffe@mediamatters.org>;Carly Evans <cevans@mediamatters.org>;Misinform ation Monitoring 2020 <misinfomonitoring2020@mediamatters.org>;Research <research@mediamatters.org>;Internal Intel <internalintel@mediamatters.org>;Stefa nie Le <sle@mediamatters.org> | | 1A;TX Press Shield Laws | Redacted confidential discussions revealing MMFA's internal strategy and journalistic process for work that is unrelated to Plaintiff, Musk, or the articles at issue in this case. Redacted identity of strategic vendors, the disclosure of which could chill MMFA's associational rights. |
| MMFA_013598-MMFA_013616 | Redacted | Email | Danil Cuffe <dcuffe@mediamatters.org> | Alex Kaplan <akaplan@mediamatters.org> | Sharon Kann <skann@mediamatters.org>;Carly Evans <cevans@mediamatters.org>;Misinform ation Monitoring 2020 <misinfomonitoring2020@mediamatters.org>;Research <research@mediamatters.org>;Internal Intel <internalintel@mediamatters.org>;Stefa nie Le <sle@mediamatters.org> | | 1A;TX Press Shield Laws | Redacted confidential discussions revealing MMFA's internal strategy and journalistic process for work that is unrelated to Plaintiff, Musk, or the articles at issue in this case. Redacted identity of strategic vendors, the disclosure of which could chill MMFA's associational rights. |
| MMFA_013617-MMFA_013635 | Redacted | Email | Stefanie Le <sle@mediamatters.org> | Danil Cuffe <dcuffe@mediamatters.org> | Alex Kaplan <akaplan@mediamatters.org>;Sharon Kann <skann@mediamatters.org>;Carly Evans <cevans@mediamatters.org>;Misinform ation Monitoring 2020 <misinfomonitoring2020@mediamatters.org>;Research <research@mediamatters.org>;Internal Intel <internalintel@mediamatters.org> | | 1A;TX Press Shield Laws | Redacted confidential discussions revealing MMFA's internal strategy and journalistic process for work that is unrelated to Plaintiff, Musk, or the articles at issue in this case. Redacted identity of strategic vendors, the disclosure of which could chill MMFA's associational rights. |

**Defendants' June 28, 2024 Privilege Log**

| Bates | Status | Type | From | To | CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| MMFA_013636-MMFA_013655 | Redacted | Email | Danil Cuffe <dcuffe@mediamatters.org> | Misinformation Monitoring 2020 <misinfomonitoring2020@mediamatters.org>;Research <research@mediamatters.org>;Internal Intel <internalintel@mediamatters.org> | | 1A;TX Press Shield Laws | Redacted confidential discussions revealing MMFA's internal strategy and journalistic process for work related to researching organizations that are not relevant to this litigation. Redacted identity of strategic vendors the disclosure of which could chill MMFA's associational rights. |
| MMFA_013656-MMFA_013676 | Redacted | Email | Sharon Kann <skann@mediamatters.org> | Danil Cuffe <dcuffe@mediamatters.org> | Misinformation Monitoring 2020 <misinfomonitoring2020@mediamatters.org>;Research <research@mediamatters.org>;Internal Intel <internalintel@mediamatters.org>;Carly Evans <cevans@mediamatters.org>;Jeremy Tuthill <jtuthill@mediamatters.org> | 1A;TX Press Shield Laws | Redacted confidential discussions revealing MMFA's internal strategy and journalistic process for work related to researching organizations that are not relevant to this litigation. Redacted identity of strategic vendors the disclosure of which could chill MMFA's associational rights. |
| MMFA_013677-MMFA_013697 | Redacted | Email | Danil Cuffe <dcuffe@mediamatters.org> | Sharon Kann <skann@mediamatters.org> | Misinformation Monitoring 2020 <misinfomonitoring2020@mediamatters.org>;Research <research@mediamatters.org>;Internal Intel <internalintel@mediamatters.org>;Carly Evans <cevans@mediamatters.org>;Jeremy Tuthill <jtuthill@mediamatters.org> | 1A;TX Press Shield Laws | Redacted confidential discussions revealing MMFA's internal strategy and journalistic process for work related to researching organizations that are not relevant to this litigation. Redacted identity of strategic vendors the disclosure of which could chill MMFA's associational rights. |
| MMFA_013698 | Withheld | Word | | | | TX Press Shield Laws | Comments and revisions to a draft article that is not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communications and MMFA's journalistic process and procedures. The final version of this article is public and either has been or will be produced in discovery. |
| MMFA_013699 | Withheld | Word | | | | TX Press Shield Laws | Comments and revisions to a draft article that is not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communications and MMFA's journalistic process and procedures. The final version of this article is public and either has been or will be produced in discovery. |

Defendants' June 28, 2024 Privilege Log

| MMFA_013700-MMFA_013714 | Redacted | Email | Hiwot Hailu <hhailu@mediamatters.org> | fingerprint <fingerprint@mediamatters.org> | Monica Estrada <mestrada@mediamatters.org>;Andrea Alford <aalford@mediamatters.org>;Brennan Suen <bsuen@mediamatters.org>;Craig Harrington <charrington@mediamatters.org>;Angelo S. Carusone <acarusone@mediamatters.org>;Julie Tulbert <jtulbert@mediamatters.org>;Live Links <live@mediamatters.org>;Proposals <proposals@mediamatters.org>;Sergio Munoz <smunoz@mediamatters.org> | TX Press Shield Laws | Redacted communications between MMFA employees pertaining to the research and drafting strategy of an article that is not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communications and MMFA's journalistic process and procedures. The final version of the article is public and accessible from the link in the document. |
|---|---|---|---|---|---|---|---|

Defendants' June 28, 2024 Privilege Log

| | Withheld | Chat | | | TX Press Shield Laws | |
|---|---|---|---|---|---|---|
| MMFA_013715 | | | Courtney Hagle <chagle@mediamatters.org>;Julie Tulbert <jtulbert@mediamatters.org>;Carly Evans <cevans@mediamatters.org>;Shelby Jamerson <sjamerson@mediamatters.org> | Kayla Gogarty <kgogarty@mediamatters.org>;Ilana Berger <iberger@mediamatters.org>;Craig Harrington <charrington@mediamatters.org>;Brennan Suen <bsuen@mediamatters.org>;Sharon Kann <skann@mediamatters.org>;Zachary Pleat <zpleat@mediamatters.org>;Sophie Lawton <slawton@mediamatters.org>;Natalie Mathes <nmathes@mediamatters.org>;Vesper Henry <vhenry@mediamatters.org>;Alex Paterson <apaterson@mediamatters.org>;Courtney Hagle <chagle@mediamatters.org>;Camden Carter <ccarter@mediamatters.org>;Andrea L. Alford <aalford@mediamatters.org>;Rob Savillo <rsavillo@mediamatters.org>;Sergio Munoz <smunoz@mediamatters.org>;Julie Tulbert <jtulbert@mediamatters.org>;Leo Fernandez <lfernandez@mediamatters.org>;Chloe Simon <csimon@mediamatters.org>;Jasmine Geonzon <jgeonzon@mediamatters.org>;Madeline Peltz <mpeltz@mediamatters.org>;Audrey McCabe <amccabe@mediamatters.org>;Jack Wheatley <jwheatley@mediamatters.org>;Julie Millican <jmillican@mediamatters.org>;Alyssa Tirrell <atirrell@mediamatters.org>;Ari Drennen <adrennen@mediamatters.org>;Beatrice Mount <bmount@mediamatters.org>;Carlos Maza <cmaza@mediamatters.org>;Matt Gertz <mgertz@mediamatters.org>;Reed McMaster <rmcmaster@mediamatters.org>;Allison Fisher <afisher@mediamatters.org>;Hanne MacDonald <hmacdonald@mediamatters.org>;Casey Wexler <cwexler@mediamatters.org>;Ethan Collier <ecollier@mediamatters.org>;Carly Evans <cevans@mediamatters.org>;Justin Horowitz <jhorowitz@mediamatters.org>;Gabriel Capuano <gcapuano@mediamatters.org>;Ben Dimiero <bdimiero@mediamatters.org>;Alex Kaplan <akaplan@mediamatters.org>;Shelby Jamerson <sjamerson@mediamatters.org>;Mia Gingerich <mgingerich@mediamatters.org>;Bushra Sultana <bsultana@mediamatters.org>;Lis Power <lpower@mediamatters.org>;Abbie Richards <arichards@mediamatters.org>;Pam Vogel <pvogel@mediamatters.org>;Eric Hananoki <ehananoki@mediamatters.org>;Charis Hoard <choard@mediamatters.org>;Bobby Lewis <blewis@mediamatters.org>;Jacina Hollins-Borges <jhollins-borges@mediamatters.org>;Olivia Little <olittle@mediamatters.org>;Laura Keiter <lkeiter@mediamatters.org>;Carly Novell <cnovell@mediamatters.org> | | Communications between MMFA employees discussing confidential information regarding MMFA's journalistic processes and procedures for research related to articles not at issue in this case. |

Defendants' June 28, 2024 Privilege Log

| Bates | Redacted/Withheld | Type | From | To | CC | Basis | Description |
|---|---|---|---|---|---|---|---|
| MMFA_013716-MMFA_013748 | Redacted | Email | Monica Estrada <mestrada@mediamatters.org> | Andrea Alford <aalford@mediamatters.org> | Brennan Suen <bsuen@mediamatters.org>Hiwot Hailu <hhailu@mediamatters.org>fingerprint <fingerprint@mediamatters.org>Craig Harrington <charrington@mediamatters.org>Angelo S. Carusone <acarusone@mediamatters.org>Julie Tulbert <jtulbert@mediamatters.org>Live Links <live@mediamatters.org>Proposals <proposals@mediamatters.org>Sergio Munoz <smunoz@mediamatters.org> | 1A; TX Press Shield Laws | Communications between MMFA employees pertaining to the research and drafting strategy of an article that is not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communications, coordination with strategic partners, and MMFA's journalistic process and procedures. The final version of the article is public and accessible from the link in the document. |
| MMFA_013749-MMFA_013755 | Redacted | Email | Laura Keiter <lkeiter@mediamatters.org>Branch <branch@mediamatters.org>Lauren Cross <lcross@mediamatters.org>Carly Novell <cnovell@mediamatters.org> | Hiwot Hailu <hhailu@mediamatters.org> | fingerprint <fingerprint@mediamatters.org>Camden Carter <ccarter@mediamatters.org>Alex Paterson <apaterson@mediamatters.org>Live Links <live@mediamatters.org>Content Editing <content@mediamatters.org>Kayla Gogarty <kgogarty@mediamatters.org>LGBT Program <lgbt@mediamatters.org>Internal Intel <internalintel@mediamatters.org>Payton Armstrong <parmstrong@mediamatters.org>Research <research@mediamatters.org>research-assignments <research-assignments@mediamatters.org> | 1A | Redacted communications from MMFA employee recounting strategic communications with non-MMFA journalist about issues not related to this case. |
| MMFA_013756 | Withheld | Chat | Rebecca Sturtevant <rsturtevant@mediamatters.org> | Cynthia Padera <cpadera@mediamatters.org>Rebecca Sturtevant <rsturtevant@mediamatters.org>Sergio Munoz <smunoz@mediamatters.org>Hanne MacDonald <hmacdonald@mediamatters.org>Casey Hargrave <chargrave@mediamatters.org>Hiwot Hailu <hhailu@mediamatters.org>Angelo Carusone <acarusone@mediamatters.org>Faith Branch <branch@mediamatters.org>Howard Pangelinan <hpangelinan@mediamatters.org>Beth Cope <bcope@mediamatters.org>Julie Millican <jmillican@mediamatters.org>John Whitehouse <jwhitehouse@mediamatters.org>Ben Dimiero <bdimiero@mediamatters.org>Laura Keiter <lkeiter@mediamatters.org>Lauren Cross <lcross@mediamatters.org>Carly Novell <cnovell@mediamatters.org>Andrea L. Alford <aalford@mediamatters.org> | TX Press Shield Laws | Communications between MMFA employees and strategic partner revealing MMFA strategic partners and confidential journalistic and organizational strategy behind articles not at issue in this litigation. |

**Defendants' June 28, 2024 Privilege Log**

| Bates | Status | Type | From | To | Privilege | Description |
|---|---|---|---|---|---|---|
| MMFA_013757 | Withheld | Chat | Sergio Munoz <smunoz@mediamatters.org>;Hiwot Hailu <hhailu@mediamatters.org>;Faith Branch <fbranch@mediamatters.org>;Lauren Cross <lcross@mediamatters.org> | Cynthia Padera <cpadera@mediamatters.org>;Rebecca Sturtevant <rsturtevant@mediamatters.org>;Sergio Munoz <smunoz@mediamatters.org>;Hanne MacDonald <hmacdonald@mediamatters.org>;Casey Hargrave <chargrave@mediamatters.org>;Hiwot Hailu <hhailu@mediamatters.org>;Angelo Carusone <acarusone@mediamatters.org>;Faith Branch <fbranch@mediamatters.org>;Howard Pangelinan <hpangelinan@mediamatters.org>;Beth Cope <bcope@mediamatters.org>;Julie Millican <jmillican@mediamatters.org>;John Whitehouse <jwhitehouse@mediamatters.org>;Ben Dimiero <bdimiero@mediamatters.org>;Laura Keiter <lkeiter@mediamatters.org>;Lauren Cross <lcross@mediamatters.org>;Carly Novell <cnovell@mediamatters.org>;Andrea L. Alford <aalford@mediamatters.org> | TX Press Shield Laws | Communications between MMFA employees and strategic partner revealing MMFA strategic partners and confidential journalistic and organizational strategy behind articles not at issue in this litigation. |
| MMFA_013758 | Withheld | Chat | Rebecca Sturtevant <rsturtevant@mediamatters.org>;Sergio Munoz <smunoz@mediamatters.org>;Faith Branch <fbranch@mediamatters.org>;Lauren Cross <lcross@mediamatters.org> | Cynthia Padera <cpadera@mediamatters.org>;Rebecca Sturtevant <rsturtevant@mediamatters.org>;Sergio Munoz <smunoz@mediamatters.org>;Hanne MacDonald <hmacdonald@mediamatters.org>;Casey Hargrave <chargrave@mediamatters.org>;Angelo Carusone <acarusone@mediamatters.org>;Faith Branch <fbranch@mediamatters.org>;Howard Pangelinan <hpangelinan@mediamatters.org>;Beth Cope <bcope@mediamatters.org>;Julie Millican <jmillican@mediamatters.org>;John Whitehouse <jwhitehouse@mediamatters.org>;Ben Dimiero <bdimiero@mediamatters.org>;Laura Keiter <lkeiter@mediamatters.org>;Lauren Cross <lcross@mediamatters.org>;Carly Novell <cnovell@mediamatters.org>;Andrea L. Alford <aalford@mediamatters.org> | TX Press Shield Laws | Communications between MMFA employees regarding story pitch requests revealing MMFA journalistic processes and strategy about subject matter not at issue in this case. |
| MMFA_013759 | Withheld | Word | | | TX Press Shield Laws | Comments and revisions to draft article that is not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communications and MMFA's journalistic process and procedures. The final version of this article is public and either has been or will be produced in discovery. |
| MMFA_013760 | Withheld | Word | | | 1A, TX Press Shield Laws | Agenda for an internal MMFA meeting regarding strategy for avenues of journalistic research and writing for the year, much of which was ultimately not pursued by the organization. The document reflects confidential and sensitive journalistic processes. |

**Defendants' June 28, 2024 Privilege Log**

| Bates | Status | Type | From | To | CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| MMFA_013761 | Withheld | Word | | | | TX Press Shield Laws | Comments and revisions to a draft article that is not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communications and MMFA's journalistic process and procedures. The final version of this article is public and either has been or will be produced in discovery. |
| MMFA_013762 | Withheld | Chat | Rebecca Sturtevant <sturtevant@mediamatters.org>;Faith Branch <fbranch@mediamatters.org>;Lauren Cross <lcross@mediamatters.org>;Carly Novell <cnovell@mediamatters.org> | Cynthia Padera <cpadera@mediamatters.org>;Rebecca Sturtevant <rsturtevant@mediamatters.org>;Sergio Munoz <smunoz@mediamatters.org>;Hanne MacDonald <hmacdonald@mediamatters.org>;Casey Hargrave <chargrave@mediamatters.org>;Angelo Carusone <acarusone@mediamatters.org>;Faith Branch <fbranch@mediamatters.org>;Howard Pangelinan <hpangelinan@mediamatters.org>;Beth Cope <bcope@mediamatters.org>;Julie Millican <jmillican@mediamatters.org>;John Whitehouse <jwhitehouse@mediamatters.org>;Ben Dimiero <bdimiero@mediamatters.org>;Laura Keiter <lkeiter@mediamatters.org>;Lauren Cross <lcross@mediamatters.org>;Carly Novell <cnovell@mediamatters.org>;Andrea L. Alford <aalford@mediamatters.org> | | | |
| MMFA_013763 | Withheld | Email | Natalie Mathes <nmathes@mediamatters.org> | Proposals <proposals@mediamatters.org>;x-Research <research@mediamatters.org>;Internal Intel <internalintel@mediamatters.org> | Kayla Gogarty <kgogarty@mediamatters.org>;Alex Paterson <apaterson@mediamatters.org>;Alex Kaplan <akaplan@mediamatters.org> | TX Press Shield Laws | Communications between MMFA employees regarding an article that is not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communications and MMFA's journalistic process and procedures. |
| MMFA_013764 | Withheld | Email | Kayla Gogarty <kgogarty@mediamatters.org> | Natalie Mathes <nmathes@mediamatters.org> | Proposals <proposals@mediamatters.org>;x-Research <research@mediamatters.org>;Internal Intel <internalintel@mediamatters.org>;Alex Paterson <apaterson@mediamatters.org>;Kaplan <akaplan@mediamatters.org> | TX Press Shield Laws | Communications between MMFA employees regarding an article that is not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communications and MMFA's journalistic process and procedures. |
| MMFA_013765 | Withheld | Email | Natalie Mathes <nmathes@mediamatters.org> | Kayla Gogarty <kgogarty@mediamatters.org> | Proposals <proposals@mediamatters.org>;x-Research <research@mediamatters.org>;Internal Intel <internalintel@mediamatters.org>;Alex Paterson <apaterson@mediamatters.org>;Kaplan <akaplan@mediamatters.org> | TX Press Shield Laws | Communications between MMFA employees regarding an article that is not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communications and MMFA's journalistic process and procedures. |

Defendants' June 28, 2024 Privilege Log

| Bates | Type | Withheld | From | To | Privilege | Description |
|---|---|---|---|---|---|---|
| MMFA_013766 | Chat | Withheld | Rebecca Sturtevant <sturtevant@mediamatters.org>-Faith Branch <branch@mediamatters.org>-Lauren Cross <lcross@mediamatters.org>-Carly Novell <cnovell@mediamatters.org> | Cynthia Padera <cpadera@mediamatters.org>-Rebecca Sturtevant <rsturtevant@mediamatters.org>-Sergio Munoz <smunoz@mediamatters.org>-Hanne MacDonald <hmacdonald@mediamatters.org>-Casey Hargrave <chargrave@mediamatters.org>-Angelo Carusone <acarusone@mediamatters.org>-Faith Branch <fbranch@mediamatters.org>-Howard Pangalinan <hpangalinan@mediamatters.org>-Beth Cope <bcope@mediamatters.org>-Julie Millican <jmillican@mediamatters.org>-John Whitehouse <jwhitehouse@mediamatters.org>-Ben Dimiero <bdimiero@mediamatters.org>-Laura Keiter <lkeiter@mediamatters.org>-Lauren Cross <lcross@mediamatters.org>-Carly Novell <cnovell@mediamatters.org>-Andrea L. Alford <aalford@mediamatters.org> | TX Press Shield Laws | Communications between MMFA employees and vendor regarding media inquiry and pitch communications on articles not at issue in this case. |
| MMFA_013767 | Email | Withheld | Natalie Mathes <nmathes@mediamatters.org> | Alex Paterson <apaterson@mediamatters.org>-Spencer Smith-Silva <ssilva@mediamatters.org>-Internal Intel <internalintel@mediamatters.org>-Proposals <proposals@mediamatters.org>-Content Editing <content@mediamatters.org>-Live Links <live@mediamatters.org> | TX Press Shield Laws | Communications between MMFA employees pertaining to the research and drafting strategy of an article that is not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communications and MMFA's journalistic process and procedures. |
| MMFA_013768 | Email | Withheld | Kayla Gogarty <kgogarty@mediamatters.org> | Natalie Mathes <nmathes@mediamatters.org> | TX Press Shield Laws | Communications between MMFA employees pertaining to the research and drafting strategy of an article not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communication and MMFA's journalistic process and procedures. |
| MMFA_013769 | Email | Withheld | Natalie Mathes <nmathes@mediamatters.org> | Kayla Gogarty <kgogarty@mediamatters.org> | TX Press Shield Laws | Communication between MMFA employees pertaining to the research and drafting strategy of an article not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communication and MMFA's journalistic process and procedures. |
| MMFA_013770 | Email | Withheld | Kayla Gogarty <kgogarty@mediamatters.org> | Natalie Mathes <nmathes@mediamatters.org> | TX Press Shield Laws | Communication between MMFA employees pertaining to the research and drafting strategy of an article that is not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communications and MMFA's journalistic process and procedures. |

Note: The "To" column for rows MMFA_013767–013770 also include addresses such as:
- MMFA_013767: (see above)
- MMFA_013768: Kayla Gogarty <proposals@mediamatters.org>-x-Research <research@mediamatters.org>-Research <research@mediamatters.org>-Internal Intel <internalintel@mediamatters.org>-Alex Paterson <apaterson@mediamatters.org>-Alex Kaplan <akaplan@mediamatters.org>
- MMFA_013769: Proposals <proposals@mediamatters.org>-x-Research <research@mediamatters.org>-Internal Intel <internalintel@mediamatters.org>-Alex Paterson <apaterson@mediamatters.org>-Alex Kaplan <akaplan@mediamatters.org>
- MMFA_013770: Proposals <proposals@mediamatters.org>-x-Research <research@mediamatters.org>-Internal Intel <internalintel@mediamatters.org>-Alex Paterson <apaterson@mediamatters.org>-Alex Kaplan <akaplan@mediamatters.org>

**Defendants' June 28, 2024 Privilege Log**

| Bates | Status | Type | From | To | Proposals | Privilege | Description |
|---|---|---|---|---|---|---|---|
| MMFA_013771 | Withheld | Email | Natalie Mathes <nmathes@mediamatters.org> | Kayla Gogarty <kgogarty@mediamatters.org>;Content Editing <content@mediamatters.org> | Proposals <proposals@mediamatters.org>;x-Research <research@mediamatters.org>-Internal Intel <internalintel@mediamatters.org>-Alex Paterson <apaterson@mediamatters.org>-Alex Kaplan <akaplan@mediamatters.org> | TX Press Shield Laws | Communications containing draft outlines and internal comments for a draft article not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communications and MMFA's journalistic process and procedures. The final version of this article is public and either has been or will be produced in discovery. |
| MMFA_013772 | Withheld | Word | | | | TX Press Shield Laws | Comments and revisions to a draft article that is not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communications and MMFA's journalistic process and procedures. The final version of this article is public and either has been or will be produced in discovery. |
| MMFA_013773 | Withheld | Word | | | | TX Press Shield Laws | Comments and revisions to a draft article that is not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communications and MMFA's journalistic process and procedures. The final version of this article is public and either has been or will be produced in discovery. |
| MMFA_013774 | Withheld | Chat | Brett Abrams;Sergio Munoz <smunoz@mediamatters.org>;Angelo Carusone <acarusone@mediamatters.org>-Faith Branch <fbranch@mediamatters.org>;John Whitehouse <jwhitehouse@mediamatters.org>;Ben Dimiero <bdimiero@mediamatters.org>;Andrea L. Alford <aalford@mediamatters.org> | Brett Abrams;Cynthia Padera <cpadera@mediamatters.org>;Rebecca Sturtevant <rsturtevant@mediamatters.org>;Sergio Munoz <smunoz@mediamatters.org>;Hanne MacDonald <hmacdonald@mediamatters.org>;Casey Hargrave <chargrave@mediamatters.org>;Angelo Carusone <acarusone@mediamatters.org>;Faith Branch <fbranch@mediamatters.org>;Howard Pangelinan <hpangelinan@mediamatters.org>;Beth Cope <bcope@mediamatters.org>;Julie Millican <jmillican@mediamatters.org>;John Whitehouse <jwhitehouse@mediamatters.org>;Ben Dimiero <bdimiero@mediamatters.org>;Laura Keiter <lkeiter@mediamatters.org>;Carly Novell <cnovell@mediamatters.org>;Andrea L. Alford <aalford@mediamatters.org> | | TX Press Shield Laws | Communications between MMFA employees regarding media appearance and story pitch requests revealing MMFA journalistic processes and strategy about subject matter that is not at issue in this case. |

**Defendants' June 28, 2024 Privilege Log**

| Bates | Type | Status | From | To | Privilege | Description |
|---|---|---|---|---|---|---|
| MMFA_013775 | Chat | Withheld | Rebecca Sturtevant <sturtevant@mediamatters.org>·Faith Branch <fbranch@mediamatters.org>·Carly Novell <cnovell@mediamatters.org> | Cynthia Padera <cpadera@mediamatters.org>·Rebecca Sturtevant <sturtevant@mediamatters.org>·Sergio Munoz <smunoz@mediamatters.org>·Hanne MacDonald <hmacdonald@mediamatters.org>·Casey Hargrave <chargrave@mediamatters.org>·Angelo Carusone <acarusone@mediamatters.org>·Faith Branch <fbranch@mediamatters.org>·Howard Pangelinan <hpangelinan@mediamatters.org>·Beth Cope <bcope@mediamatters.org>·Julie Millican <jmillican@mediamatters.org>·John Whitehouse <jwhitehouse@mediamatters.org>·Ben Dimiero <bdimiero@mediamatters.org>·Laura Keiter <lkeiter@mediamatters.org>·Carly Novell <cnovell@mediamatters.org>·Andrea L. Alford <salford@mediamatters.org> | TX Press Shield Laws | Communications between MMFA employees regarding media appearance and story pitch requests revealing MMFA journalistic processes and strategy about subject matter that is not at issue in this case. |
| MMFA_013776 | Chat | Withheld | Rebecca Sturtevant <sturtevant@mediamatters.org>·Sergio Munoz <smunoz@mediamatters.org>·Faith Branch <fbranch@mediamatters.org>·Julie Millican <jmillican@mediamatters.org> | Cynthia Padera <cpadera@mediamatters.org>·Rebecca Sturtevant <sturtevant@mediamatters.org>·Sergio Munoz <smunoz@mediamatters.org>·Hanne MacDonald <hmacdonald@mediamatters.org>·Casey Hargrave <chargrave@mediamatters.org>·Angelo Carusone <acarusone@mediamatters.org>·Faith Branch <fbranch@mediamatters.org>·Howard Pangelinan <hpangelinan@mediamatters.org>·Beth Cope <bcope@mediamatters.org>·Julie Millican <jmillican@mediamatters.org>·John Whitehouse <jwhitehouse@mediamatters.org>·Ben Dimiero <bdimiero@mediamatters.org>·Laura Keiter <lkeiter@mediamatters.org>·Carly Novell <cnovell@mediamatters.org>·Andrea L. Alford <salford@mediamatters.org> | TX Press Shield Laws | Communications between MMFA employees regarding media appearance and story pitch requests revealing MMFA journalistic processes and strategy about subject matter not at issue in this case. |
| MMFA_013777 | Email | Withheld | Kayla Gogarty <kgogarty@mediamatters.org> | Natalie Mathes <nmathes@mediamatters.org>·Proposals <proposals@mediamatters.org>·Pamela Vogel <pvogel@mediamatters.org>·x-Research <x-Research@mediamatters.org>·Internal Intel <internalintel@mediamatters.org>·Alex Paterson <apaterson@mediamatters.org>·Carly Evans <cevans@mediamatters.org>·LGBT Program <lgbt@mediamatters.org> | TX Press Shield Laws | Communications between MMFA employees pertaining to the research and drafting strategy of an article not at issue in this case about subject matter that is not at issue in this case that reveal internal strategic communication and MMFA's journalistic process and procedures. |
| MMFA_013778-MMFA_013782 | Email | Redacted | Katherine Abughazaleh <kabughazaleh@mediamatters.org> | Lawrence <lawrence@mediamatters.org>·John Whitehouse <jwhitehouse@mediamatters.org>·Alicia Sadowski <asadowski@mediamatters.org>·Helena Hind <hhind@mediamatters.org>·Jane Lee <jlee@mediamatters.org>·Isabella Corrao <icorrao@mediamatters.org> | TX Press Shield Laws | Redacted information on research for articles on subject matter that is not at issue in this litigation. |

Defendants' June 28, 2024 Privilege Log

| | Withheld | Chat | Ben Van Bloem <bvanbloem@mediamatt ers.org>;Chloe Simon <csimon@mediamatters. org>;Shelby Jamerson <sjamerson@mediamatt ers.org>;Bobby Lewis <rlewis@mediamatters.o rg> | Pete Tsipis <ptsipis@mediamatters.org>;Kayla Gogarty <kgogarty@mediamatters.org>;Jack Winstanley <jwinstanley@mediamatters.org>;Audrey Bowler <abowler@mediamatters.org>;Ben Van Bloem <bvanbloem@mediamatters.org>;Craig Harrington <charrington@mediamatters.org>;Payton Armstrong <parmstrong@mediamatters.org>;Brennan Suen <bsuen@mediamatters.org>;Sharon Kann <skann@mediamatters.org>;Zachary Pleat <zpleat@mediamatters.org>;Angelo Carusone <acarusone@mediamatters.org>;Gideon Taaffe <gtaaffe@mediamatters.org>;Natalie Mathes <nmathes@mediamatters.org>;Torri Lonergan <tlonergan@mediamatters.org>;Andrew Lawrence <alawrence@mediamatters.org>;Alex Paterson <apaterson@mediamatters.org>;Courtney Hagle <chagle@mediamatters.org>;Camden Carter <ccarter@mediamatters.org>;Andrea L. Alford <aalford@mediamatters.org>;Rachel Tardiff <rtardiff@mediamatters.org>;Ariel Churchill <achurchill@mediamatters.org>;Sergio Munoz <smunoz@mediamatters.org>;Noah Dowe <ndowe@mediamatters.org>;Chloe Simon <csimon@mediamatters.org>;Jasmine Geonzon <jgeonzon@mediamatters.org>;Madeline Peltz <mpeltz@mediamatters.org>;Sage Hodil <shodil@mediamatters.org>;Audrey McCabe <amccabe@mediamatters.org>;Jack Wheatley <jwheatley@mediamatters.org>;Beth Cope <bcope@mediamatters.org>;Julie Millican <jmillican@mediamatters.org>;Eric Kleefeld <ekleefeld@mediamatters.org>;Beatrice Mount <bmount@mediamatters.org>;Matt Gertz <mgertz@mediamatters.org>;Reed McMaster <rmcmaster@mediamatters.org>;Alison Fisher <afisher@mediamatters.org>;Hanne MacDonald <hmacdonald@mediamatters.org>;Casey Wexler <cwexler@mediamatters.org>;Ethan Collier <ecollier@mediamatters.org>;Brendan Karet <bkaret@mediamatters.org>;John Knefel <jknefel@mediamatters.org>;Justin Horowitz <jhorowitz@mediamatters.org>;John Whitehouse <jwhitehouse@mediamatters.org>;Ben Dimiero <bdimiero@mediamatters.org>;Alex Kaplan <akaplan@mediamatters.org>;Shelby Jamerson <sjamerson@mediamatters.org>;Mia Gingerich <mgingerich@mediamatters.org>;Bushra Sultana <bsultana@mediamatters.org>;Emma Mae Weber <eweber@mediamatters.org>;Lis Power <lpower@mediamatters.org>;Cynthia Padera <cpadera@mediamatters.org>;Pam Vogel <pvogel@mediamatters.org>;Eric Hananoki | TX Press Shield Laws | Communications between MMFA employees discussing confidential information regarding MMFA's journalistic processes and procedures for research related to articles not at issue in this case. |
|---|---|---|---|---|---|---|
| MMFA_013783 | | | | | | |

**Defendants' June 28, 2024 Privilege Log**

| Bates | Status | Type | From / Custodian | Participants / Recipients | Privilege | Description |
|---|---|---|---|---|---|---|
| MMFA_013784 | Withheld | Chat | Rebecca Sturtevant <sturtevant@mediamatt ers.org> <rnovell@mediamatters. org> | Cynthia Padera <cpadera@mediamatters.org>>Rebecca Sturtevant <rsturtevant@mediamatters.org>>Sergio Munoz <smunoz@mediamatters.org>>Hanne MacDonald <hmacdonald@mediamatters.org>>Casey Hargrave <chargrave@mediamatters.org>>Angelo Carusone <acarusone@mediamatters.org>>Howard Pangelinan <hpangelinan@mediamatters.org>>Beth Cope <bcope@mediamatters.org>>Julie Millican <jmillican@mediamatters.org>>John Whitehouse <jwhitehouse@mediamatters.org>>Ben Dimiero <bdimiero@mediamatters.org>>Laura Keiter <lkeiter@mediamatters.org>>Carly Novell <cnovell@mediamatters.org>>Andrea L. Alford <aalford@mediamatters.org> / <ehananoki@mediamatters.org>>Charis Hoard <choard@mediamatters.org>>Bobby Lewis <blewis@mediamatters.org>>Michael Eberhart <meberhart@mediamatters.org>>Jacina Hollins-Borges <hollins-borges@mediamatters.org>>Olivia Little <olittle@mediamatters.org>>Jane Lee <jlee@mediamatters.org>>Alex Guiden <aguiden@mediamatters.org>>Laura Keiter <lkeiter@mediamatters.org>>Tyler Monroe <tmonroe@mediamatters.org>>Eviondo Cooper <ecooper@mediamatters.org>>Jason Campbell <jcampbell@mediamatters.org> | TX Press Shield Laws | Communications between MMFA employees and strategic partner revealing MMFA strategic partners and confidential journalistic and organizational strategy behind articles not at issue in this litigation. |
| MMFA_013785-MMFA_013787 | Redacted | Email | Alicia Sadowski <asadowski@mediamatt ers.org> | Internal Intel <internalintel@mediamatters.org>>Andrew Lawrence <alawrence@mediamatters.org>>Helena Hind <hhind@mediamatters.org>>Jane Lee <jlee@mediamatters.org>>Katherine Abughazaleh <kabughazaleh@mediamatters.org>>Isabella Corrao <icorrao@mediamatters.org> | TX Press Shield Laws | Redacted information on research for articles on subject matter that is not at issue in this litigation. |
| MMFA_013788 | Withheld | Chat | Sharon Kann <skann@mediamatters.o rg>>Carly Evans <cevans@mediamatters. org> | Sharon Kann <skann@mediamatters.org>>Carly Evans <cevans@mediamatters.org> | TX Press Shield Laws | Communications between two MMFA employees discussing confidential information regarding MMFA's journalistic processes and procedures for research related to articles not at issue in this case. |
| MMFA_013789 | Withheld | Chat | Victoria Deck <vdeck@mediamatters.o rg>>Sharon Kann <skann@mediamatters.o rg> | Victoria Deck <vdeck@mediamatters.org>>Sharon Kann <skann@mediamatters.org> | Attny Client;WP | Communications between two MMFA employees regarding the compilation of work product requested by MMFA's counsel in litigation related to Mr. Hananoki's November 2023 articles. |
| MMFA_013790 | Withheld | Chat | John Whitehouse <jwhitehouse@mediamat ters.org>>Jason Campbell <jcampbell@mediamatte rs.org> | John Whitehouse <jwhitehouse@mediamatters.org>>Jason Campbell <jcampbell@mediamatters.org> | Attny Client | Communications between two MMFA employees regarding legal guidance given by counsel in the present litigation. |

Defendants' June 28, 2024 Privilege Log

| MMFA_013791 | Withheld | Chat | John Whitehouse <jwhitehouse@mediamatters.org>-Jason Campbell <jcampbell@mediamatters.org> | John Whitehouse <jwhitehouse@mediamatters.org>-Jason Campbell <jcampbell@mediamatters.org> | Attry Client | Communications between two MMFA employees discussing legal guidance provided by counsel in this litigation. |
| MMFA_013792 | Withheld | Chat | Bushra Sultana <bsultana@mediamatters.org>-Sergio Munoz <smunoz@mediamatters.org> | Bushra Sultana <bsultana@mediamatters.org>-Sergio Munoz <smunoz@mediamatters.org> | Attry Client | Communications between MMFA employees regarding publishing instructions from counsel in response to the present litigation. |
| MMFA_013793 | Withheld | Chat | Sergio Munoz <smunoz@mediamatters.org>-Laura Keiter <lkeiter@mediamatters.org> | Sergio Munoz <smunoz@mediamatters.org>-Laura Keiter <lkeiter@mediamatters.org> | Attry Client | Communications between MMFA employees relaying legal advice about publication of article. |

TAB 11

Defendants' Amended June 28, 2024 Privilege Log

| Bates Number | Status | Document Type | From/Author | To | CC | BCC | Date | Privilege Designation | Document Description |
|---|---|---|---|---|---|---|---|---|---|
| MMFA_013561 | Withheld | Word | Nikki McCann Ramirez nramirez@mediamatters.org | | | | 10/14/2021 | TX Press Shield Laws | Comments, revisions, and citations for a draft article about two public figures not at issue in this case. The comments and revisions reveal internal strategic communications and MMFA's journalistic process and procedures. The final version of the article is public, titled "Tucker Carlson has been defending Alex Jones for years," and can be accessed on MMFA's website. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023(a)(1). |
| MMFA_013562-MMFA_013579 | Redacted | Email | Sharon Kann <skann@mediamatters.org> | Danil Cuffe <dcuffe@mediamatters.org>; Carly Evans <cevans@mediamatters.org> | Misinformation Monitoring 2020 <misinformonitoring2020@mediamatters.org>;Research <research@mediamatters.org>;Internal Intel <internalintel@mediamatters.org>;Stefanie Le <sle@mediamatters.org> | | 4/1/2022 | First Amendment Privilege; TX Press Shield Laws | Redacted confidential discussion about avenues of potential research and advocacy. Redacted portion does not reference or pertain to Musk or Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023(a)(1). **First Amendment Associational Privilege**: The redacted portion contains internal communications concerning research and advocacy strategy. |
| MMFA_013580-MMFA_013597 | Redacted | Email | Alex Kaplan <akaplan@mediamatters.org> | Sharon Kann <skann@mediamatters.org> | Danil Cuffe <dcuffe@mediamatters.org>;Carly Evans <cevans@mediamatters.org>;Misinformation Monitoring 2020 <misinformonitoring2020@mediamatters.org>;Research <research@mediamatters.org>;Internal Intel <internalintel@mediamatters.org>;Stefanie Le <sle@mediamatters.org> | | 4/1/2022 | First Amendment Privilege; TX Press Shield Laws | Redacted confidential discussion about avenues of potential research and advocacy. Redacted portion does not reference or pertain to Musk or Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023(a)(1). **First Amendment Associational Privilege**: The redacted portion contains internal communications concerning research and advocacy strategy. |
| MMFA_013598-MMFA_013616 | Redacted | Email | Danil Cuffe <dcuffe@mediamatters.org> | Alex Kaplan <akaplan@mediamatters.org> | Sharon Kann <skann@mediamatters.org>;Carly Evans <cevans@mediamatters.org>;Misinformation Monitoring 2020 <misinformonitoring2020@mediamatters.org>;Research <research@mediamatters.org>;Internal Intel <internalintel@mediamatters.org>;Stefanie Le <sle@mediamatters.org> | | 4/1/2022 | First Amendment Privilege; TX Press Shield Laws | Redacted confidential discussion about avenues of potential research and advocacy. Redacted portion does not reference or pertain to Musk or Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023(a)(1). **First Amendment Associational Privilege**: The redacted portion contains internal communications concerning research and advocacy strategy. |
| MMFA_013617-MMFA_013635 | Redacted | Email | Stefanie Le <sle@mediamatters.org> | Danil Cuffe <dcuffe@mediamatters.org> | Alex Kaplan <akaplan@mediamatters.org>;Sharon Kann <skann@mediamatters.org>;Carly Evans <cevans@mediamatters.org>;Misinformation Monitoring 2020 <misinformonitoring2020@mediamatters.org>;Research <research@mediamatters.org>;Internal Intel <internalintel@mediamatters.org> | | 4/1/2022 | First Amendment Privilege; TX Press Shield Laws | Redacted confidential discussion about avenues of potential research and advocacy. Redacted portion does not reference or pertain to Musk or Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023(a)(1). **First Amendment Associational Privilege**: The document contains internal communications concerning research and advocacy strategy. |

Defendants' Amended June 28, 2024 Privilege Log

| Bates Number | Status | Document Type | From/Author | To | CC | BCC | Date | Privilege Designation | Document Description |
|---|---|---|---|---|---|---|---|---|---|
| MMFA_013636-MMFA_013655 | Redacted | E-mail | Daniil Cuffe <dcuffe@mediamatters.org> | Misinformation Monitoring 2020 <misinformontoring2020@mediamatters.org>; Research <research@mediamatters.org>; Internal Intel <internalintel@mediamatters.org> | | | 4/29/2022 | First Amendment Privilege; TX Press Shield Laws | Redacted confidential discussion about avenues of potential research and advocacy related to right wing media and far-right social media accounts across a variety of platforms. Redacted portion contains a reference to Musk or Twitter unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023(a)(1). **First Amendment Associational Privilege**: The document contains internal communications concerning research and advocacy strategy. |
| MMFA_013656-MMFA_013676 | Redacted | E-mail | Daniil Cuffe <dcuffe@mediamatters.org> | Daniil Cuffe <dcuffe@mediamatters.org> | Misinformation Monitoring 2020 <misinformontoring2020@mediamatters.org>; Internal Intel <internalintel@mediamatters.org>; Curly Evans <cevans@mediamatters.org>; Jeremy Tuthill <jtuthill@mediamatters.org> | | 4/29/2022 | First Amendment Privilege; TX Press Shield Laws | Redacted confidential discussion about avenues of potential research and advocacy related to right wing media and far-right social media accounts across a variety of platforms. Redacted portion contains a reference to Musk or Twitter unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023(a)(1). **First Amendment Associational Privilege**: The document contains internal communications concerning research and advocacy strategy. |
| MMFA_013677-MMFA_013697 | Redacted | E-mail | Daniil Cuffe <dcuffe@mediamatters.org> | Sharon Kann <skann@mediamatters.org> | Misinformation Monitoring 2020 <misinformontoring2020@mediamatters.org>; Internal Intel <internalintel@mediamatters.org>; Curly Evans <cevans@mediamatters.org>; Jeremy Tuthill <jtuthill@mediamatters.org> | | 4/29/2022 | First Amendment Privilege; TX Press Shield Laws | Redacted confidential discussion about avenues of potential research and advocacy related to right wing media and far-right social media accounts across a variety of platforms. Redacted portion contains a reference to Musk or Twitter unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023(a)(1). **First Amendment Associational Privilege**: The document contains internal communications concerning research and advocacy strategy. |
| MMFA_013698 | Withheld | Word | Robert Lewis Rlewis@mediamatters.org | | | | 5/12/2022 | TX Press Shield Laws | Comments, revisions, and citations for a draft article that is not at issue in this case about a conservative news network and television personality. The draft contains reference to Musk unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. The final version of this article is public, titled "OAN CEO praises Tucker Carlson's 'real news' as he pitches the network to Charter," and can be accessed on MMFA's website. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023(a)(1). |

Defendants' Amended June 28, 2024 Privilege Log

| Bates Number | Status | Document Type | From/Author | To | CC | BCC | Date | Privilege Designation | Document Description |
|---|---|---|---|---|---|---|---|---|---|
| MMFA_013699 | Withheld | Word | John Knefel jknefel@mediamatters.org | | | | 6/21/2022 | TX Press Shield Laws | Comments, revisions, and citations for a draft article that is not at issue in this case about violence against trans people and drag queens. The draft contains reference to Musk or Twitter unrelated to research for the November 16 and 2023 articles or advertisement placement on Twitter. The final version of this article is public, titled "Right-wing media are pushing for vigilantism against trans people and drag queens. Fascists are answering the call" and can be accessed on MMFA's website.  **Texas Press Shield Law:** This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023 (a)(1). |
| MMFA_013700-MMFA_013714 | Redacted | E-mail | Hiwot Hailu <hhailu@mediamatters.org> | fingerprint <fingerprint@mediamatters.org> | Monica Estrada <mestrada@mediamatters.org>;Andrea Alford <aalford@mediamatters.org>;Brennan Suen <bsuen@mediamatters.org>;Craig Harrington <charrington@mediamatters.org>;Angelo S. Carusone <acarusone@mediamatters.org>;Julie Tulbert <jtulbert@mediamatters.org>;Live Links <live@mediamatters.org>;Proposals <proposals@mediamatters.org>;Sergio Muñoz <smunoz@mediamatters.org> | | 10/21/2022 | TX Press Shield Laws | Redacted communications between MMFA employees pertaining to the research and draft strategy of an article about the 2020 and 2022 elections. The redacted portions do not reference or pertain to Musk or Twitter.  **Texas Press Shield Law:** This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023 (a)(1). |

**Defendants' Amended June 28, 2024 Privilege Log**

| Bates Number | Status | Document Type | From/Author | To | CC | BCC | Date | Privilege Designation | Document Description |
|---|---|---|---|---|---|---|---|---|---|
| MMFA_013715 | Withheld | Chat | Courtney Hagle <chagle@mediamatters.or g>; Julie Tulbert <jtulbert@mediamatters.or g>; Carly Evans <cevans@mediamatters.or g>; Shelby Jamerson <sjamerson@mediamatters .org> | Kayla Gogarty <kgogarty@mediamatters.org>; Ilana Berger <iberger@mediamatters.org>; Craig Harrington <charrington@mediamatters.org>; Brennan Suen <bsuen@mediamatters.org>; Sharon Kann <skann@mediamatters.org>; Zachary Pleat <zpleat@mediamatters.org>; Sophie Lawton <slawton@mediamatters.org>; Natalie Mathes <nmathes@mediamatters.org>; Vesper Henry <vhenry@mediamatters.org>; Alex Paterson <apaterson@mediamatters.org>; Courtney Hagle <chagle@mediamatters.org>; Camden Carter <ccarter@mediamatters.org>; Andrea L. Alford <aalford@mediamatters.org>; Rob Savillo <rsavillo@mediamatters.org>; Sergio Munoz <smunoz@mediamatters.org>; Julie Tulbert <jtulbert@mediamatters.org>; Leo Fernandez <lfernandez@mediamatters.org>; Chloe Simon <csimon@mediamatters.org>; Jasmine Geonzon <jgeonzon@mediamatters.org>; Madeline Peltz <mpeltz@mediamatters.org>; Audrey McCabe <amccabe@mediamatters.org>; Jack Wheatley <jwheatley@mediamatters.org>; Julie Millican <jmillican@mediamatters.org>; Alyssa Tirrell <atirrell@mediamatters.org>; Ari Drennen <adrennen@mediamatters.org>; Beatrice Mount <bmount@mediamatters.org>; Carlos Maza <cmaza@mediamatters.org>; Matt Gertz <mgertz@mediamatters.org>; Reed McMaster <rmcmaster@mediamatters.org>; Allison Fisher <afisher@mediamatters.org>; Hanne MacDonald <hmacdonald@mediamatters.org>; Casey Wexler <cwexler@mediamatters.org>; Ethan Collier <ecollier@mediamatters.org>; Carly Evans <cevans@mediamatters.org>; Justin Horowitz <jhorowitz@mediamatters.org>; Gabriel Capuano <gcapuano@mediamatters.org>; Ben Dimiero <bdimiero@mediamatters.org>; Alex Kaplan <akaplan@mediamatters.org>; Shelby Jamerson <sjamerson@mediamatters.org>; Mia Gingerich <mgingerich@mediamatters.org>; Bushra Sultana <bsultana@mediamatters.org>; Lis Power <lpower@mediamatters.org>; Abbie Richards <arichards@mediamatters.org>; Pam Vogel <pvogel@mediamatters.org>; Eric Hananoki <ehananoki@mediamatters.org>; Charis Hoard <choard@mediamatters.org>; Bobby Lewis <blewis@mediamatters.org>; Jacina Hollins-Borges <jhollins-borges@mediamatters.org>; Olivia Little <olittle@mediamatters.org>; Laura Keiter <lkeiter@mediamatters.org>; Carly Novell <cnovell@mediamatters.org> | | | 11/7/2022 | TX Press Shield Laws | Communications between MMFA employees pertaining to strategies and methods for tracking right wing media content unrelated to research the November 16 and 17, 2023 articles or advertisement placement on Twitter.  **Texas Press Shield Law:** This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023 (a)(1). |

4

**Defendants' Amended June 28, 2024 Privilege Log**

| Bates Number | Status | Document Type | From/Author | To | CC | BCC | Date | Privilege Designation | Document Description |
|---|---|---|---|---|---|---|---|---|---|
| MMFA_013716-MMFA_013748 | Redacted | Email | Monica Estrada <mestrada@mediamatters.org> | Andrea Alford <salford@mediamatters.org> | Brenan Suen <bsuen@mediamatters.org>;Hiwot Hailu <hhailu@mediamatters.org>;Fingerprint <fingerprint@mediamatters.org>;Craig Harrington <charrington@mediamatters.org>;Angelo S. Carusone <acarusone@mediamatters.org>;Julie Tulbert <jtulbert@mediamatters.org>;Live Links <live@mediamatters.org>;Proposals <proposals@mediamatters.org>;Sergio Muñoz <smunoz@mediamatters.org> | | 11/7/2022 | First Amendment Privilege; TX Press Shield Laws | Communications between MMFA employees pertaining to the research and drafting strategy for an article about the 2020 and 2022 elections. The redacted portions do not reference or pertain to Musk or Twitter. The final version of this article public and linked in the document. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.(a)(1). **First Amendment Associational Privilege**: The redacted portions of the document contain internal communications concerning research and advocacy strategy. Some redactions also reveal the identity of and information concerning a third party who partnered with MMFA to conduct some of the research and advocacy underlying the article. Disclosure of the organization's partnership with MMFA would chill the organization's and MMFA's First Amendment speech and association rights. |
| MMFA_013749-MMFA_013755 | Redacted | Email | Laura Keiter <lkeiter@mediamatters.org> | Hiwot Hailu <hhailu@mediamatters.org> | fingerprint <fingerprint@mediamatters.org>;Camden Carter <ccarter@mediamatters.org>;Alex Paterson <apaterson@mediamatters.org>;Live Links <live@mediamatters.org>;Content Editing <content@mediamatters.org>;Kayla Gogarty <kgogarty@mediamatters.org>;LGBT Program <lgbt@mediamatters.org>;Internal Intel <internalintel@mediamatters.org>;Payton Armstrong <parmstrong@mediamatters.org>;Research <research@mediamatters.org>;Research Assignments <research-assignments@mediamatters.org> | | 11/14/2022 | First Amendment Privilege | Redacted portion contains communications from MMFA employees and that journalist's non-MMFA journalist about that journalist's publishing strategy related to a non-MMFA article. **First Amendment Associational Privilege**: The redacted portion of the document contains internal communications concerning the publishing strategy of a non-MMFA reporter. The disclosure of the reporter's identity and strategy could chill MMFA and the journalist's First Amendment speech and association rights. |
| MMFA_013756 | Withheld | Chat | Rebecca Sturtevant <rsturtevant@mediamatters.org>; Faith Branch <branch@mediamatters.org>; Lauren Cross <cross@mediamatters.org>; Carly Novell <cnovell@mediamatters.org> | Cynthia Padera <cpadera@mediamatters.org>; Rebecca Sturtevant <rsturtevant@mediamatters.org>; Sergio Muñoz <smunoz@mediamatters.org>; Hanne MacDonald <hmacdonald@mediamatters.org>; Casey Hargrave <chargrave@mediamatters.org>; Hiwot Hailu <hhailu@mediamatters.org>; Angelo Carusone <acarusone@mediamatters.org>; Faith Branch <branch@mediamatters.org>; Howard Pangelinan <hpangelinan@mediamatters.org>; Beth Cope <bcope@mediamatters.org>; Julie Millican <jmillican@mediamatters.org>; John Whitehouse <jwhitehouse@mediamatters.org>; Ben Dimiero <bdimiero@mediamatters.org>; Laura Keiter <lkeiter@mediamatters.org>; Lauren Cross <cross@mediamatters.org>; Carly Novell <cnovell@mediamatters.org>; Andrea L. Alford <salford@mediamatters.org> | | | 11/17/2022 | TX Press Shield Laws | Communications between MMFA employees as third-party communications firm regarding article pitches and media requests for articles regarding election coverage. Document contains references Musk or Twitter unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.(a)(1). |

5

**Defendants' Amended June 28, 2024 Privilege Log**

| Bates Number | Status | Document Type | From/Author | To | CC | BCC | Date | Privilege Designation | Document Description |
|---|---|---|---|---|---|---|---|---|---|
| MMFA_013757 | Withheld | Chat | Sergio Munoz <smunoz@mediamatters.org>; Hiwot Hailu <hhailu@mediamatters.org>; Faith Branch <fbranch@mediamatters.org>; Lauren Cross <lcross@mediamatters.org> | Cynthia Padera <cpadera@mediamatters.org>; Rebecca Sturtevant <rsturtevant@mediamatters.org>; Sergio Munoz <smunoz@mediamatters.org>; Hiwot Hailu <hhailu@mediamatters.org>; Casey Hargrave <chargrave@mediamatters.org>; Hiwot Hailu <hhailu@mediamatters.org>; Angelo Carusone <acarusone@mediamatters.org>; Faith Branch <fbranch@mediamatters.org>; Howard Pangelinan <hpangelinan@mediamatters.org>; Beth Cope <bcope@mediamatters.org>; Julie Millican <jmillican@mediamatters.org>; John Whitehouse <jwhitehouse@mediamatters.org>; Ben Dimiero <bdimiero@mediamatters.org>; Laura Keiter <lkeiter@mediamatters.org>; Lauren Cross <lcross@mediamatters.org>; Carly Novell <cnovell@mediamatters.org>; Andrea L. Alford <aalford@mediamatters.org> | | | 11/17/2022 | TX Press Shield Laws | Communications between MMFA employees and third-party communications firm regarding media request from non-MMFA journalist seeking MMFA collaboration on media appearance to discuss election coverage. Document contains reference to Musk or Twitter unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law.** This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.021(a)(1). |
| MMFA_013758 | Withheld | Chat | Rebecca Sturtevant <rsturtevant@mediamatters.org>; Sergio Munoz <smunoz@mediamatters.org>; Faith Branch <fbranch@mediamatters.org>; Lauren Cross <lcross@mediamatters.org> | Cynthia Padera <cpadera@mediamatters.org>; Rebecca Sturtevant <rsturtevant@mediamatters.org>; Sergio Munoz <smunoz@mediamatters.org>; Hanna MacDonald <hmacdonald@mediamatters.org>; Casey Hargrave <chargrave@mediamatters.org>; Angelo Carusone <acarusone@mediamatters.org>; Faith Branch <fbranch@mediamatters.org>; Howard Pangelinan <hpangelinan@mediamatters.org>; Beth Cope <bcope@mediamatters.org>; Julie Millican <jmillican@mediamatters.org>; John Whitehouse <jwhitehouse@mediamatters.org>; Ben Dimiero <bdimiero@mediamatters.org>; Laura Keiter <lkeiter@mediamatters.org>; Lauren Cross <lcross@mediamatters.org>; Carly Novell <cnovell@mediamatters.org>; Andrea L. Alford <aalford@mediamatters.org> | | | 11/18/2022 | TX Press Shield Laws | Communications between MMFA employees and third-party communications firm regarding media request from non-MMFA journalist seeking MMFA collaboration on non-MMFA article related to electric vehicles. Document contains reference to Musk or Twitter unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law.** This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.021(a)(1). |
| MMFA_013759 | Withheld | Word | Matt Gertz Mgertz@mediamatters.org | | | | 12/1/2022 | TX Press Shield Laws | Comments, revisions, and citations for a draft article about the 2022 election. The document contains a stray reference to Musk or Twitter unrelated to research for the November 16 and 2023 articles or advertisement placement on Twitter. The final version of this article is public, titled "The GOP's 2022 'autopsy' won't pull it out of its right-wing media bubble," and can be accessed on MMFA's website. **Texas Press Shield Law.** This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.021(a)(1). |

Defendants' Amended June 28, 2024 Privilege Log

| Bates Number | Status | Document Type | From/Author | To | CC | BCC | Date | Privilege Designation | Document Description |
|---|---|---|---|---|---|---|---|---|---|
| MMFA_013760 | Withheld | Word | Pamela Vogel pvogel@mediamatters.org | | | | 12/5/2022 | First Amendment Privilege; TX Press Shield Laws | Agenda for an internal MMFA meeting regarding strategy for avenues of journalistic research and writing for the year, much of which was ultimately not pursued by the organization. The document summarizes right-wing media trends and includes a few stray references to Musk or Twitter unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law:** This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023 (a)(1). **First Amendment Associational Privilege:** This document contains internal communications concerning strategy and messaging. |
| MMFA_013761 | Withheld | Word | John Knefel jknefel@mediamatters.org | | | | 12/19/2022 | TX Press Shield Laws | Comments, revisions, and citations for a draft article that is not at issue in this case about a conservative news network and individual. The published version of this article is public, titled "White nationalists embrace Fox News' Bill Melugin," and can be accessed on MMFA's website. **Texas Press Shield Law:** This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023 (a)(1). |
| MMFA_013762 | Withheld | Chat | Rebecca Sturtevant <sturtevant@mediamatter s.org>; Faith Branch <fbranch@mediamatters.or g>; Lauren Cross <lcross@mediamatters.org >; Carly Novell <cnovell@mediamatters.or g> | Cynthia Padera <cpadera@mediamatters.org>; Rebecca Sturtevant <rsturtevant@mediamatters.org>; Sergio Munoz <smunoz@mediamatters.org>; Hanne MacDonald <hmacdonald@mediamatters.org>; Casey Hargrave <chargrave@mediamatters.org>; Angelo Carusone <acarusone@mediamatters.org>; Faith Branch <fbranch@mediamatters.org>; Howard Pangelinan <hpangelinan@mediamatters.org>; Beth Cope <bcope@mediamatters.org>; Julie Millican <jmillican@mediamatters.org>; John Whitehouse <jwhitehouse@mediamatters.org>; Ben Dimiero <bdimiero@mediamatters.org>; Laura Keiter <lkeiter@mediamatters.org>; Lauren Cross <lcross@mediamatters.org>; Carly Novell <cnovell@mediamatters.org>; Andrea L. Alford <aalford@mediamatters.org> | | | 12/20/2022 | TX Press Shield Laws | Communications between MMFA employees and a third-party communications firm regarding article pitches and collaboration strategies with third parties for articles not at issue in this litigation regarding a variety of topics unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law:** This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023 (a)(1). |
| MMFA_013763 | Withheld | E-mail | Natalie Mathes <nmathes@mediamatters. org> | Proposals <proposals@mediamatters.org>; x-Research <research@mediamatters.org>; Internal Intel <internalintel@mediamatters.org> | Kayla Gogarty <kgogarty@mediamatters.org>;Alex Paterson <apaterson@mediamatters.org>;Alex Kaplan <akaplan@mediamatters.org> | | 1/3/2023 | TX Press Shield Laws | Communications between MMFA employees regarding the research and drafting strategy for a draft article about unrelated social media platforms. The document contains a reference to Musk or Twitter unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law:** This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023 (a)(1). |

Appx. 237

**Defendants' Amended June 28, 2024 Privilege Log**

| Bates Number | Status | Document Type | From/Author | To | CC | BCC | Date | Privilege Designation | Document Description |
|---|---|---|---|---|---|---|---|---|---|
| MMFA_013764 | Withheld | E-mail | Kayla Gogarty <kgogarty@mediamatters.org> | Natalie Mathes <nmathes@mediamatters.org> | Proposals <proposals@mediamatters.org> x-Research <research@mediamatters.org> Internal Intel <internalintel@mediamatters.org> Alex Paterson <apaterson@mediamatters.org> Alex Kaplan <akaplan@mediamatters.org> | | 1/3/2023 | TX Press Shield Laws | Communications between MMFA employees regarding the research and drafting strategy for a draft article about unrelated social media platform. The document contains a reference to Musk or Twitter unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law.** This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.027 (a)(1). |
| MMFA_013765 | Withheld | E-mail | Natalie Mathes <nmathes@mediamatters.org> | Kayla Gogarty <kgogarty@mediamatters.org> | Proposals <proposals@mediamatters.org> x-Research <research@mediamatters.org> Internal Intel <internalintel@mediamatters.org> Alex Paterson <apaterson@mediamatters.org> Alex Kaplan <akaplan@mediamatters.org> | | 1/3/2023 | TX Press Shield Laws | Communications between MMFA employees regarding the research and drafting strategy for a draft article that is not at issue in this case about an unrelated social media platform. The document contains a reference to Musk or Twitter unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law.** This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.027 (a)(1). |
| MMFA_013766 | Withheld | Chat | Rebecca Sturtevant <rsturtevant@mediamatters.org> Faith Branch <fbranch@mediamatters.org> Lauren Cross <lcross@mediamatters.org> Carly Novell <cnovell@mediamatters.org> | Cynthia Padera <cpadera@mediamatters.org> Rebecca Sturtevant <rsturtevant@mediamatters.org> Sergio Munoz <smunoz@mediamatters.org> Hanne MacDonald <hmacdonald@mediamatters.org> Casey Hargrave <chargrave@mediamatters.org> Angela Carusone <acarusone@mediamatters.org> Faith Branch <fbranch@mediamatters.org> Howard Pangelinan <hpangelinan@mediamatters.org> Beth Cope <bcope@mediamatters.org> Julie Millican <jmillican@mediamatters.org> John Whitehouse <jwhitehouse@mediamatters.org> Ben Dimiero <bdimiero@mediamatters.org> Laura Keiter <lkeiter@mediamatters.org> Lauren Cross <lcross@mediamatters.org> Carly Novell <cnovell@mediamatters.org> Andrea L. Alford <aalford@mediamatters.org> | | | 1/10/2023 | TX Press Shield Laws | Communications between MMFA employees and a third-party communications firm regarding media inquiry and pitch communications for articles not at issue in this litigation regarding a variety of topics. Document contains reference to Musk or Twitter unrelated to research for the November 16 and 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law.** This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.027 (a)(1). |
| MMFA_013767 | Withheld | E-mail | Natalie Mathes <nmathes@mediamatters.org> | Alex Paterson <apaterson@mediamatters.org> Spencer Smith-Silva <ssilva@mediamatters.org> Internal Intel <internalintel@mediamatters.org> Proposals <proposals@mediamatters.org> Content Editing <content@mediamatters.org> Live Links <live@mediamatters.org> | Kayla Gogarty <kgogarty@mediamatters.org> x-Research <research@mediamatters.org> Research Assignments <research-assignments@mediamatters.org> | | 1/30/2023 | TX Press Shield Laws | Communications between MMFA employees regarding the research and drafting strategy for a draft article about an unrelated social media platform and the 2024 election. The document contains a stray reference to Musk or Twitter unrelated to research for the November 16 and 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law.** This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.027 (a)(1). |

8

**Defendants' Amended June 28, 2024 Privilege Log**

| Bates Number | Status | Document Type | From/Author | To | CC | BCC | Date | Privilege Designation | Document Description |
|---|---|---|---|---|---|---|---|---|---|
| MMFA_013768 | Withheld | E-mail | Kayla Gogarty <kgogarty@mediamatters.org> | Natalie Mathes <nmathes@mediamatters.org> | Proposals <proposals@mediamatters.org> x-Research- <research@mediamatters.org> Internal Intel <internalintel@mediamatters.org> Alex Paterson <apaterson@mediamatters.org> Alex Kaplan <akaplan@mediamatters.org> | | 4/28/2023 | TX Press Shield Laws | Communications between MMFA employees regarding the research and drafting strategy for a draft article about an unrelated social media platform. Document contains stray reference to Musk or Twitter unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.(a)(1) |
| MMFA_013769 | Withheld | E-mail | Natalie Mathes <nmathes@mediamatters.org> | Kayla Gogarty <kgogarty@mediamatters.org> | Proposals <proposals@mediamatters.org> x-Research- <research@mediamatters.org> Internal Intel <internalintel@mediamatters.org> Alex Paterson <apaterson@mediamatters.org> Alex Kaplan <akaplan@mediamatters.org> | | 4/28/2023 | TX Press Shield Laws | Communications between MMFA employees regarding the research and drafting strategy for a draft article about an unrelated social media platform. Document contains stray reference to Musk or Twitter unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.(a)(1) |
| MMFA_013770 | Withheld | E-mail | Kayla Gogarty <kgogarty@mediamatters.org> | Natalie Mathes <nmathes@mediamatters.org> | Proposals <proposals@mediamatters.org> x-Research- <research@mediamatters.org> Internal Intel <internalintel@mediamatters.org> Alex Paterson <apaterson@mediamatters.org> Alex Kaplan <akaplan@mediamatters.org> | | 4/28/2023 | TX Press Shield Laws | Communications between MMFA employees regarding the research and drafting strategy for a draft article about an unrelated social media platform. Document contains stray reference to Musk or Twitter unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.(a)(1) |
| MMFA_013771 | Withheld | E-mail | Natalie Mathes <nmathes@mediamatters.org> | Kayla Gogarty <kgogarty@mediamatters.org> Content Editing <content@mediamatters.org> | | | 5/1/2023 | TX Press Shield Laws | Communications between MMFA employees regarding the research and drafting strategy for a draft article about an unrelated social media platform. Document contains stray reference to Musk or Twitter unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.(a)(1) |
| MMFA_013772 | Withheld | Word | John Knefel jknefel@mediamatters.org | | | | 5/9/2023 | TX Press Shield Laws | Comments, revisions, and citations for a draft article that is not at issue in this case about right wing media's response to an active shooter. The final version of this article is public, titled "Right-wing media responded to news that the Allen, Texas, shooter is a neo-Nazi by calling it a psyop", and can be accessed on MMFA's website. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.(a)(1) |

9

Defendants' Amended June 28, 2024 Privilege Log

| Bates Number | Status | Document Type | From/Author | To | CC | BCC | Date | Privilege Designation | Document Description |
|---|---|---|---|---|---|---|---|---|---|
| MMFA_013773 | Withheld | Word | John Knefel jknefel@mediamatters.org | John Knefel jknefel@mediamatters.org | | | 5/9/2023 | TX Press Shield Laws | Comments, revisions, and citations for a draft article that is not at issue in this case about right-wing media's response to an active shooter. The final version of this article is public, titled "Right-wing media responded to news that the Allen, Texas, shooter is a neo-Nazi by calling it a 'psyop'" and can be accessed on MMFA's website. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.(a)(1). |
| MMFA_013774 | Withheld | Chat | Brett Abrams; Sergio Munoz <smunoz@mediamatters.o rg>; Angelo Carusone <acarusone@mediamatter g>; John Whitehouse <jwhitehouse@mediamatte rs.org>; Ben Dimiero <bdimiero@mediamatters. org>; Laura Keiter <lkeiter@mediamatters.org >; Andrea L. Alford <aalford@mediamatters.or g> | Brett Abrams; Cynthia Padera <cpadera@mediamatters.org>; Rebecca Sturtevant <rsturtevant@mediamatters.org>; Sergio Munoz <smunoz@mediamatters.org>; Hanne MacDonald <hmacdonal@mediamatters.org>; Casey Hargrave <chargrave@mediamatters.org>; Angelo Carusone <acarusone@mediamatters.org>; Faith Branch <branch@mediamatters.org>; Howard Pangelinan <hpangelinan@mediamatters.org>; Beth Cope <bcope@mediamatters.org>; Julie Millican <jmillican@mediamatters.org>; John Whitehouse <jwhitehouse@mediamatters.org>; Ben Dimiero <bdimiero@mediamatters.org>; Laura Keiter <lkeiter@mediamatters.org>; Carly Novell <cnovell@mediamatters.org>; Andrea L. Alford <aalford@mediamatters.org> | | | 5/9/2023 | TX Press Shield Laws | Communications between MMFA employees and third-party communications firm regarding media request from non-MMFA journalist seeking MMFA collaboration on media appearance to discuss speaking engagement by alt-right individuals. Document contains stray references to Musk on Twitter unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.(a)(1). |
| MMFA_013775 | Withheld | Chat | Rebecca Sturtevant <rsturtevant@mediamatter s.org>; Faith Branch <branch@mediamatters.or g>; Carly Novell <cnovell@mediamatters.or g> | Cynthia Padera <cpadera@mediamatters.org>; Rebecca Sturtevant <rsturtevant@mediamatters.org>; Sergio Munoz <smunoz@mediamatters.org>; Hanne MacDonald <hmacdonal@mediamatters.org>; Casey Hargrave <chargrave@mediamatters.org>; Angelo Carusone <acarusone@mediamatters.org>; Faith Branch <branch@mediamatters.org>; Howard Pangelinan <hpangelinan@mediamatters.org>; Beth Cope <bcope@mediamatters.org>; Julie Millican <jmillican@mediamatters.org>; John Whitehouse <jwhitehouse@mediamatters.org>; Ben Dimiero <bdimiero@mediamatters.org>; Laura Keiter <lkeiter@mediamatters.org>; Carly Novell <cnovell@mediamatters.org>; Andrea L. Alford <aalford@mediamatters.org> | | | 5/24/2023 | TX Press Shield Laws | Communications between MMFA employees and third-party communications firm regarding article pitches and media requests for articles not at issue in this litigation regarding various topics unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.(a)(1). |
| MMFA_013776 | Withheld | Chat | Rebecca Sturtevant <rsturtevant@mediamatter s.org>; Sergio Munoz <smunoz@mediamatters.o rg>; Faith Branch <branch@mediamatters.or g>; Julie Millican <jmillican@mediamatters.or g> | Cynthia Padera <cpadera@mediamatters.org>; Rebecca Sturtevant <rsturtevant@mediamatters.org>; Sergio Munoz <smunoz@mediamatters.org>; Hanne MacDonald <hmacdonal@mediamatters.org>; Casey Hargrave <chargrave@mediamatters.org>; Angelo Carusone <acarusone@mediamatters.org>; Faith Branch <branch@mediamatters.org>; Howard Pangelinan <hpangelinan@mediamatters.org>; Beth Cope <bcope@mediamatters.org>; Julie Millican <jmillican@mediamatters.org>; John Whitehouse <jwhitehouse@mediamatters.org>; Ben Dimiero <bdimiero@mediamatters.org>; Laura Keiter <lkeiter@mediamatters.org>; Carly Novell <cnovell@mediamatters.org>; Andrea L. Alford <aalford@mediamatters.org> | | | 5/24/2023 | TX Press Shield Laws | Communications between MMFA employees and third-party communications firm regarding article pitch request for an article that is not at issue in this litigation unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.(a)(1). |

10

Defendants' Amended June 28, 2024 Privilege Log

| Bates Number | Status | Document Type | From/Author | To | CC | BCC | Date | Privilege Designation | Document Description |
|---|---|---|---|---|---|---|---|---|---|
| MMFA_013777 | Withheld | Email | Kayla Gogarty <kgogarty@mediamatters.org> | Natalie Mathes <nmathes@mediamatters.org> | Proposals <proposals@mediamatters.org> Pamela Vogel <pvogel@mediamatters.org> x-Research <research@mediamatters.org> Internal Intel <internalintel@mediamatters.org> Alex Paterson <apaterson@mediamatters.org> Carly Evans <cevans@mediamatters.org> LGBT Program <lgbt@mediamatters.org> | | 6/26/2023 | TX Press Shield Laws | Communications between MMFA employees pertaining to the research and drafting strategy for an article not at issue in this case about LGBTQ coverage on unrelated social media platform. Document contains stray reference to Musk or Twitter unrelated to research for the November and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law.** This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.021(a)(1). |
| MMFA_013778-MMFA_013782 | Redacted | Email | Katherine Abughazaleh <kabughazaleh@mediamatters.org> | <internalintel@mediamatters.org>; Andrew Lawrence <alawrence@mediamatters.org>; John Whitehouse <jwhitehouse@mediamatters.org>; Alicia Sadowski <asadowski@mediamatters.org>; Helena Hind <hhind@mediamatters.org>; Jane Lee <jlee@mediamatters.org>; Isabella Corrao <icorrao@mediamatters.org> | | | 8/8/2023 | TX Press Shield Laws | Redacted text contains information on draft articles that are not at issue in this litigation and that do not reference or pertain to Musk or Twitter. **Texas Press Shield Law.** This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.021(a)(1). |

11

## Defendants' Amended June 28, 2024 Privilege Log

| MMFA_013783 | Withheld | Chat | Ben Van Bloem <bvanbloem@mediamatters.org>; Chloe Simon <csimon@mediamatters.org>; Shelby Jamerson <sjamerson@mediamatters.org>; Bobby Lewis <rlewis@mediamatters.org> | Pete Tapia <ptapia@mediamatters.org>; Kayla Gogarty <kgogarty@mediamatters.org>; Jack Winstanley <jwinstanley@mediamatters.org>; Audrey Bowler <abowler@mediamatters.org>; Ben Van Bloem <bvanbloem@mediamatters.org>; Craig Harrington <charrington@mediamatters.org>; Payton Armstrong <parmstrong@mediamatters.org>; Brennan Suen <bsuen@mediamatters.org>; Sharon Kann <skann@mediamatters.org>; Zachary Pleat <zpleat@mediamatters.org>; Angelo Carusone <acarusone@mediamatters.org>; Gideon Taaffe <gtaaffe@mediamatters.org>; Natalie Mathes <nmathes@mediamatters.org>; Torri Lonergan <tlonergan@mediamatters.org>; Andrew Lawrence <alawrence@mediamatters.org>; Alex Paterson <apaterson@mediamatters.org>; Courtney Hagle <chagle@mediamatters.org>; Camden Carter <ccarter@mediamatters.org>; Andrea L. Alford <aalford@mediamatters.org>; Rachel Tardiff <rtardiff@mediamatters.org>; Ariel Churchill <achurchill@mediamatters.org>; Sergio Munoz <smunoz@mediamatters.org>; Noah Dowe <ndowe@mediamatters.org>; Chloe Simon <csimon@mediamatters.org>; Jasmine Geonzon <jgeonzon@mediamatters.org>; Madeline Peltz <mpeltz@mediamatters.org>; Sage Hodl <shodl@mediamatters.org>; Audrey McCabe <amccabe@mediamatters.org>; Jack Wheatley <jwheatley@mediamatters.org>; Beth Cope <bcope@mediamatters.org>; Julie Millican <jmillican@mediamatters.org>; Eric Kleefeld <ekleefeld@mediamatters.org>; Beatrice Mount <bmount@mediamatters.org>; Matt Gertz <mgertz@mediamatters.org>; Reed McMaster <rmcmaster@mediamatters.org>; Allison Fisher <afisher@mediamatters.org>; Hanne MacDonald <hmacdonald@mediamatters.org>; Casey Wexler <cwexler@mediamatters.org>; Ethan Collier <ecollier@mediamatters.org>; Brendan Karet <bkaret@mediamatters.org>; John Knefel <jknefel@mediamatters.org>; Justin Horowitz <jhorowitz@mediamatters.org>; John Whitehouse <jwhitehouse@mediamatters.org>; Ben Dimiero <bdimiero@mediamatters.org>; Alex Kaplan <akaplan@mediamatters.org>; Shelby Jamerson <sjamerson@mediamatters.org>; Mia Gingerich <mgingerich@mediamatters.org>; Bushra Sultana <bsultana@mediamatters.org>; Emma Mae Weber <eweber@mediamatters.org>; Lis Power <lpower@mediamatters.org>; Cynthia Padera <cpadera@mediamatters.org>; Pam Vogel <pvogel@mediamatters.org>; Eric Hananoki <ehananoki@mediamatters.org>; Chaim Hoard <choard@mediamatters.org>; Bobby Lewis <rlewis@mediamatters.org>; Michael Eberhart <meberhart@mediamatters.org>; Jacina Hollins-Borges <jhollins-borges@mediamatters.org>; Olivia Little <olittle@mediamatters.org>; Jane Lee <jlee@mediamatters.org>; Alex Gulden <agulden@mediamatters.org>; Laura Keiter <lkeiter@mediamatters.org>; Tyler Monroe <tmonroe@mediamatters.org>; Evondo Cooper <ecooper@mediamatters.org>; Jason Campbell <jcampbell@mediamatters.org> | 9/10/2023 | TX Press Shield Laws | Communications between MMFA employees discussing confidential tracking of news stories/headlines on a variety of subjects unrelated to the articles or subject matter at issue in this litigation. The document contains a stray reference to Musk or Twitter unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law.** This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.(a)(1). |

12

**Defendants' Amended June 28, 2024 Privilege Log**

| Bates Number | Status | Document Type | From/Author | To | CC | BCC | Date | Privilege Designation | Document Description |
|---|---|---|---|---|---|---|---|---|---|
| MMFA_013784 | Withheld | Chat | Rebecca Sturtevant <rsturtevant@mediamatters.org>; Carly Novell <cnovell@mediamatters.org> | Cynthia Padera <cpadera@mediamatters.org>; Sergio Munoz <smunoz@mediamatters.org>; Hanne MacDonald <hmacdonald@mediamatters.org>; Casey Hargrave <chargrave@mediamatters.org>; Angelo Carusone <acarusone@mediamatters.org>; Howard Pangelinan <hpangelinan@mediamatters.org>; Beth Cope <bcope@mediamatters.org>; Julie Millican <jmillican@mediamatters.org>; John Whitehouse <jwhitehouse@mediamatters.org>; Ben Dimiero <bdimiero@mediamatters.org>; Laura Keiter <lkeiter@mediamatters.org>; Carly Novell <cnovell@mediamatters.org>; Andrea L. Alford <aalford@mediamatters.org> | | | 11/1/2023 | TX Press Shield Laws | Communications between MMFA employees and third-party communications firm regarding pitches and collaboration strategies with third parties for articles not at issue in this litigation regarding a variety of topics unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.(a)(1). |
| MMFA_013785-MMFA_013787 | Redacted | Email | Alicia Sadowski <asadowski@mediamatters.org> | Internal Intel <internalintel@mediamatters.org>; Andrew Lawrence <alawrence@mediamatters.org>; Helena Hind <hhind@mediamatters.org>; Jane Lee <jlee@mediamatters.org>; Katherine Abughazaleh <kabughazaleh@mediamatters.org>; Isabella Corrao <icorrao@mediamatters.org> | | | 11/2/2023 | TX Press Shield Laws | Redacted text contains information on draft articles that are not at issue in this litigation and that do not reference or pertain to Musk or Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.(a)(1). |
| MMFA_013788 | Withheld | Chat | Sharon Kann <skann@mediamatters.org>; Carly Evans <cevans@mediamatters.org> | Sharon Kann <skann@mediamatters.org>; Carly Evans <cevans@mediamatters.org> | | | 11/3/2023 | TX Press Shield Laws | Communications between MMFA employees pertaining to the research and drafting strategy of an article about advertiser spending on an unrelated social media platform by an organization not referenced in X's amended complaint or interrogatory responses. Document includes reference to organizations spending patterns across various platforms including Twitter. **Texas Press Shield Law**: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.(a)(1). |
| MMFA_013789 | Withheld | Chat | Victoria Deck <vdeck@mediamatters.org>; Sharon Kann <skann@mediamatters.org> | Victoria Deck <vdeck@mediamatters.org>; Sharon Kann <skann@mediamatters.org> | | | 11/20/2023 | Attny Client; WP | Communications between two MMFA employees containing legal advice given by counsel in litigation related to Mr. Hananoki's November 2 articles and corresponding counsel requests. **Attorney Client Privilege**: Communications reflecting legal guidance given by counsel. **Work Product**: Communications reveal work product compiled at the requested of MMFA's counsel. |
| MMFA_013790 | Withheld | Chat | John Whitehouse <jwhitehouse@mediamatters.org>; Jason Campbell <jcampbell@mediamatters.org> | John Whitehouse <jwhitehouse@mediamatters.org>; Jason Campbell <jcampbell@mediamatters.org> | | | 11/27/2023 | Attny Client | Communications between MMFA employees containing legal advice given by counsel in litigation related to Mr. Hananoki's November 2 articles. **Attorney Client Privilege**: Communications reflecting legal guidance given by counsel. |
| MMFA_013791 | Withheld | Chat | John Whitehouse <jwhitehouse@mediamatters.org>; Jason Campbell <jcampbell@mediamatters.org> | John Whitehouse <jwhitehouse@mediamatters.org>; Jason Campbell <jcampbell@mediamatters.org> | | | 11/30/2023 | Attny Client | Communications between MMFA employees containing legal advice given by counsel in litigation related to Mr. Hananoki's November 2023 articles. **Attorney Client Privilege**: Communications reflecting legal guidance given by counsel. |

Defendants' Amended June 28, 2024 Privilege Log

| Bates Number | Status | Document Type | From/Author | To | CC | BCC | Date | Privilege Designation | Document Description |
|---|---|---|---|---|---|---|---|---|---|
| MMFA_013792 | Withheld | Chat | Bushra Sultana <bsultana@mediamatters.org>; Sergio Munoz <smunoz@mediamatters.org> | Bushra Sultana <bsultana@mediamatters.org>; Sergio Munoz <smunoz@mediamatters.org> | | | 12/11/2023 | Attny Client | Communications between MMFA employees containing legal advice given by counsel, including publishing instructions in response to litigation related to Mr. Hanaroki's November 2023 article. **Attorney Client Privilege:** Communications reveal legal guidance given by counsel. |
| MMFA_013793 | Withheld | Chat | Sergio Munoz <smunoz@mediamatters.org>; Laura Keiter <lkeiter@mediamatters.org > | Sergio Munoz <smunoz@mediamatters.org>; Laura Keiter <lkeiter@mediamatters.org>nf | | | 2/6/2024 | Attny Client | Communications between MMFA employees containing legal advice given by counsel, including publishing instructions in response to litigation related to Mr. Hanaroki's November 2023 article. **Attorney Client Privilege:** Communications reveal legal guidance given by counsel. |

14

TAB 12

**X Corp v. MMFA | Defendants' Second Privilege Log | September 6, 2024**

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043587 MMFA_043588 | Partially Privileged | Chat | Zachary Pleat <zpleat@mediamatters.org> <newxcombecox@mediamatters.org> <newxcombecox@mediamatters.org> Lawrence <slawrence@mediamatters.org> Peltz <mpeltz@mediamatters.org> Alex Kaplan <akaplan@mediamatters.org> Eric Hananoki <ehananoki@mediamatters.org> Olivia Little <olittle@mediamatters.org> Jason Campbell jcampbell@mediamatters.org | Pete Tapis <ptapis@mediamatters.org> Kayla Gogarty <kgogarty@mediamatters.org> Ilana Berger <iberger@mediamatters.org> Jack Winstanley <jwinstanley@mediamatters.org> Audrey Bowler <abowler@mediamatters.org> Ben Van Bloem <bvanbloem@mediamatters.org> Craig Harrington <charrington@mediamatters.org> Payton Armstrong <parmstrong@mediamatters.org> Brennan Suen <bsuen@mediamatters.org> Sharon Kann <skann@mediamatters.org> Zachary Pleat <zpleat@mediamatters.org> Angelo Carusone <acarusone@mediamatters.org> Sophie Lawton <slawton@mediamatters.org> Gideon Taaffe <gtaaffe@mediamatters.org> Neva Newcombe <nnewcombecox@mediamatters.org> Natalie Mathes <nmathes@mediamatters.org> Tom Lonergan <tlonergan@mediamatters.org> Vesper Henry <vhenry@mediamatters.org> Andrew Lawrence <alawrence@mediamatters.org> Alex Paterson <apaterson@mediamatters.org> Angelo Balaza <jbalaza@mediamatters.org> Courtney Hagle <chagle@mediamatters.org> Camden Carter <ccarter@mediamatters.org> Andrea L. Alford <aalford@mediamatters.org> Rob Savillo <rsavillo@mediamatters.org> Olivia Smith <osmith@mediamatters.org> Rachel Tarsiff <rtarsiff@mediamatters.org> Ariel Churchill <achurchill@mediamatters.org> Sergio Munoz <smunoz@mediamatters.org> Spencer Silva <ssilva@mediamatters.org> Noah Dowe <ndowe@mediamatters.org> Isabella Cirino <icirino@mediamatters.org> Les Fernandez <lfernandez@mediamatters.org> Chloe Simon <csimon@mediamatters.org> Jasmine Geonzon <jgeonzon@mediamatters.org> Madeline Peltz <mpeltz@mediamatters.org> Sage Hood <shood@mediamatters.org> Harrison Ray <hray@mediamatters.org> Audrey McCabe <amccabe@mediamatters.org> Jack Wheatley <jwheatley@mediamatters.org> Julie Millican <jmillican@mediamatters.org> Beth Cope <bcope@mediamatters.org> Eric Kleefeld <ekleefeld@mediamatters.org> Alyssa Tirrell <atirrell@mediamatters.org> Ari Drennen <adrennen@mediamatters.org> Beatrice Mount <bmount@mediamatters.org> Reed Mohtadi <rmohtadi@mediamatters.org> Allison Fisher <afisher@mediamatters.org> Casey Wexler <cwexler@mediamatters.org> Ethan Collier <ecollier@mediamatters.org> Brendan Karet <bkaret@mediamatters.org> John Knefel <jknefel@mediamatters.org> Alicia Sadowski <asadowski@mediamatters.org> Justin Horowitz <jhorowitz@mediamatters.org> Gabriel Capuano <gcapuano@mediamatters.org> John Whitehouse <jwhitehouse@mediamatters.org> Ben Dimiero <bdimiero@mediamatters.org> Shelby Jamerson <sjamerson@mediamatters.org> Mia Gingerich <mgingerich@mediamatters.org> Bushra Sultana <bsultana@mediamatters.org> Emma Mae Weber <eweber@mediamatters.org> Lis Power <lpower@mediamatters.org> Cynthia Padera <cpadera@mediamatters.org> Rebecca Sturtevant <rsturtevant@mediamatters.org> Abbie Richards <aricharda@mediamatters.org> Pam Vogel <pvogel@mediamatters.org> Eric Kleefeld <ekleefeld@mediamatters.org> Laura Keiter <lkeiter@mediamatters.org> Tyler Monroe <tmonroe@mediamatters.org> Evlondo Cooper <ecooper@mediamatters.org> Jason Campbell <jcampbell@mediamatters.org> Cady Novell <cnovell@mediamatters.org> Michael Eberhart <meberhart@mediamatters.org> Jacina Holmes-Borges <jholmes-borges@mediamatters.org> Olivia Helena Hirst <hhirst@mediamatters.org> Jane Lee <jlee@mediamatters.org> Bobby Lewis <blewis@mediamatters.org> | | | 9/11/2023 | Texas Press Shield Laws | Redacted text includes communications between MMFA employees discussing potential headlines for articles on a variety of topics unrelated to Musk or Twitter.

Texas Press Shield Law: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023 (a)(1). | |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043589-MMFA_043590 | Partially Privileged | Word | cnovell@mediamatters.org | | | | 11/17/2023 | First Amendment Privilege | Redactions reveal the identity of non-MMFA journalists and their employees. First Amendment Associational Privilege: Disclosure of the organizations' and journalists' partnership with MMFA's First Amendment speech and association rights. | |
| MMFA_043591 | Privileged | Email | Cynthia Padera <cpadera@mediamatters.org> | Ezra Reese <ereese@elias.law>;Cynthia Padera <cpadera@mediamatters.org> | | Cynthia Padera <cpadera@mediamatters.org> | 11/17/2023 | Attorney-Client Privilege | Correspondence with counsel at Elias Law Group regarding organization response to potential lawsuit. Attorney client: the communications reflect communications with counsel for the purpose of retaining legal advice. | Confidential |

Appx. 246

2

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043592 | Privileged | Email | Cynthia Padera <cpadera@mediamatters.org> | Ezra Reese <ereese@elias.law> | | | 1/17/2023 | Attorney-Client Privilege | Correspondence with counsel at Elias Law Group regarding organization response to potential lawsuit. Attorney client: the communications reflect communications with counsel for the purpose of retaining legal advice. | Confidential |
| MMFA_043593 | Privileged | Email | Ezra Reese <ereese@elias.law> | Cynthia Padera <cpadera@mediamatters.org> | | | 1/17/2023 | Attorney-Client Privilege | Correspondence with counsel at Elias Law Group regarding organization response to potential litigation. Attorney client: the communications reflect communications with counsel for the purpose of retaining legal advice. | Confidential |

Appx. 247

3

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043694 | Privileged | Chat | Angelo Carusone <acarusone@mediamatters.org> Cynthia Padera <cpadera@mediamatters.org> Alex Kaplan <akaplan@mediamatters.org> | Kayla Gogarty <kgogarty@mediamatters.org> Pa'tron Johnson <pa-tron@mediamatters.org> Monica Rodriguez <mrodriguez@mediamatters.org> Jack Winstanley <jwinstanley@mediamatters.org> Audrey Bowler <abowler@mediamatters.org> Ben Van Bovem <bvanbovem@mediamatters.org> Payton Armstrong <parmstrong@mediamatters.org> Zachary Pleat <zpleat@mediamatters.org> Angelo Carusone <acarusone@mediamatters.org> Gideon Taaffe <gtaaffe@mediamatters.org> Neva Newcombe <nnewcombe@mediamatters.org> Andrea Austria <aaustria@mediamatters.org> Torri Lonergan <tlonergan@mediamatters.org> James Balaza <jbalaza@mediamatters.org> Bobby Nayak <bnayak@mediamatters.org> Camden Carter <ccarter@mediamatters.org> Noah Dowe <ndowe@mediamatters.org> Isabella Contar <icontar@mediamatters.org> John Kerr <jkerr@mediamatters.org> Leo Fernandez <lfernandez@mediamatters.org> Human Resources Representative <hr@mediamatters.org> Jasmine Geonzon <jgeonzon@mediamatters.org> Madeline Peltz <mpeltz@mediamatters.org> Harrison Ray <hray@mediamatters.org> Audrey McCabe <amccabe@mediamatters.org> Beth Cope <bcope@mediamatters.org> Julie Millican <jmillican@mediamatters.org> Eric Kleefeld <ekleefeld@mediamatters.org> Ari Drennen <adrennen@mediamatters.org> Carlos Maza <cmaza@mediamatters.org> Matt Gertz <mgertz@mediamatters.org> Paul R. Edwards <redwards@mediamatters.org> Hanne MacDonald <hmacdonald@mediamatters.org> Ethan Collier <ecollier@mediamatters.org> Brendan Karet <bkaret@mediamatters.org> Lexi Ginsberg <lginsberg@mediamatters.org> Alicia Sadowski <asadowski@mediamatters.org> Justin Horowitz <jhorowitz@mediamatters.org> John Whitehouse <jwhitehouse@mediamatters.org> Mia Gingerich <mgingerich@mediamatters.org> Emma Mae Weber <eweber@mediamatters.org> Cynthia Padera <cpadera@mediamatters.org> Chana Huard <chuard@mediamatters.org> Helena Hind <hhind@mediamatters.org> Olivia Little <olittle@mediamatters.org> Alex Gulden <agulden@mediamatters.org> Pete Tsipis <ptsipis@mediamatters.org> Ilana Berger <iberger@mediamatters.org> Victoria Deck <vdeck@mediamatters.org> Craig Harrington <charrington@mediamatters.org> Brendan Buen <bbuen@mediamatters.org> Sharon Kann <skann@mediamatters.org> Casey Hargrave <chargrave@mediamatters.org> Sophie Lawton <slawton@mediamatters.org> Keeli Tatleton <ktatleton@mediamatters.org> Howard Pangelinan <hpangelinan@mediamatters.org> Alex Novell <anovell@mediamatters.org> Natalie Mathes <nmathes@mediamatters.org> Vesper Henry <vhenry@mediamatters.org> Andrew Lawrence <alawrence@mediamatters.org> Alex Paterson <apaterson@mediamatters.org> Courtney Hagle <chagle@mediamatters.org> Help <help@mediamatters.org> Andrea L. Alford <aalford@mediamatters.org> Sean Morris <sean.morris@mediamatters.org> Laquinta Alexander <lalexander@mediamatters.org> Rachel Tardiff <rtardiff@mediamatters.org> Molly Butler <molly.butler@mediamatters.org> Axiel Churchill <achurchill@mediamatters.org> Sophie Lawton <video410 <video410@mediamatters.org> Sage Sarkar <ssarkar@mediamatters.org> Chloe Simon <csimon@mediamatters.org> Jack Wheatley <jwheatley@mediamatters.org> Aryssa Trinel <atrinel@mediamatters.org> Beatrice Mount <bmount@mediamatters.org> Reed McMaster <rmcmaster@mediamatters.org> |  |  | 11/19/2023 | Attorney-Client Privilege | Internal communication regarding MMFA's response to litigation related to Media Matters November 16 article. Attorney-Client Privilege. The communications reflect and pertain to legal guidance given by counsel. | Confidential |

4

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | <mcmaster@mediamatters.org>;Priya Singh <psingh@mediamatters.org>;Carly Evans <cevans@mediamatters.org>;John Knefel <jknefel@mediamatters.org>;Gabriel Capuano <gcapuano@mediamatters.org>;Ben Dimiero <bdimiero@mediamatters.org>;Alex Kaplan <akaplan@mediamatters.org>;Shelby Jamerson <sjamerson@mediamatters.org>;Bushra Sultana <bsultana@mediamatters.org>;Katherine Abughazaleh <kabughazaleh@mediamatters.org>;Anh Tran <atran@mediamatters.org>;Rebecca Sturtevant <rsturtevant@mediamatters.org>;Abbie Richards <arichards@mediamatters.org>;Pam Vogel <pvogel@mediamatters.org>;Eric Hananoki <ehananoki@mediamatters.org>;Jonathan harding IT <jharding@mediamatters.org>;Alana Oglesby <aoglesby@mediamatters.org>;Bobby Lewis <blewis@mediamatters.org>;Michael Eberhart <meberhart@mediamatters.org>;Jacina Hollins-Borges <jhollins-borges@mediamatters.org>;Jane Lee <jlee@mediamatters.org>;Tyler Monroe <tmonroe@mediamatters.org>;EJ Loividio Cooper <ecooper@mediamatters.org>;Jason Campbell <jcampbell@mediamatters.org>;Carly Novell <cnovell@mediamatters.org>;James Bagley <jbagley@mediamatters.org> | | | | | | |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043595 | Privileged | Pdf | skumi@mediamatters.org | | | | 1/21/2023 | Attorney-Client Privilege; Attorney Work Product | Memo created by MMFA regarding research related to the present litigation.<br><br>Attorney-Client Privilege: The document reflects and pertains to legal guidance given by counsel.<br><br>Attorney Work Product: Memo was created at the direction of counsel for use in the present litigation and reflects attorney mental impressions, legal theories, and strategy. | Confidential |

6

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043596 | Privileged | Chat | Lexi Ginsberg <lginsberg@mediamatters.org> Brennan Suen <bsuen@mediamatters.org> Priya Singh <psingh@mediamatters.org> Andrea L. Alford <aalford@mediamatters.org> | Lexi Ginsberg <lginsberg@mediamatters.org> Brennan Suen <bsuen@mediamatters.org> Priya Singh <psingh@mediamatters.org> Andrea L. Alford <aalford@mediamatters.org> | | | 1/27/2023 | Attorney-Client Privilege; Texas Press Shield Laws | Communications between MMFA employees regarding research staffing and strategy and containing legal advice given by counsel in litigation related to Mr. Hananoki's November 2023 articles. Attorney Client Privilege: communications reveal legal guidance given by counsel. Texas Press Shield Law: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023 (a)(1). | Confidential |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043697 | Privileged | Chat | Angelo Carusone <acarusone@mediamatters.org> Emma Mae Weber <eweber@mediamatters.org> | Kayla Gogarty <kgogarty@mediamatters.org> Pa'tron Johnson <pa-tron@mediamatters.org> Monica Rodriguez <mrodriguez@mediamatters.org> Jack Winstanley <jwinstanley@mediamatters.org> Audrey Bowler <abowler@mediamatters.org> Ben Van Bown <bvanboven@mediamatters.org> Payton Armstrong <parmstrong@mediamatters.org> Zachary Pleat <zpleat@mediamatters.org> Angelo Carusone <acarusone@mediamatters.org> Gideon Taaffe <gtaaffe@mediamatters.org> Neva Newcombe <nnewcombe@mediamatters.org> Andrea Austria <aaustria@mediamatters.org> Torri Lonergan <tlonergan@mediamatters.org> James Balaza <jbalaza@mediamatters.org> Bobby Nayak <bnayak@mediamatters.org> Camden Carter <ccarter@mediamatters.org> Rob Savillo <rsavillo@mediamatters.org> Adama Ngom <angom@mediamatters.org> Olivia Smith <osmith@mediamatters.org> Pilar Martinez <pmartinez@mediamatters.org> Noah Dowe <ndowe@mediamatters.org> Isabella Conlan <iconlan@mediamatters.org> John Kerr <jkerr@mediamatters.org> Leo Fernandez <lfernandez@mediamatters.org> Human Resources Representative <hr@mediamatters.org> Jasmine Geonzon <jgeonzon@mediamatters.org> Madeline Peltz <mpeltz@mediamatters.org> Harrison Ray <hray@mediamatters.org> Audrey McCabe <amccabe@mediamatters.org> Beth Cope <bcope@mediamatters.org> Julie Millican <jmillican@mediamatters.org> Eric Kleefeld <ekleefeld@mediamatters.org> Ari Drennen <adrennen@mediamatters.org> Carlos Maza <cmaza@mediamatters.org> Matt Gertz <mgertz@mediamatters.org> Paul R. Edwards <redwards@mediamatters.org> Alicia Sadowski <asadowski@mediamatters.org> Justin Horowitz <jhorowitz@mediamatters.org> John Whitehouse <jwhitehouse@mediamatters.org> Mia Gingerich <mgingerich@mediamatters.org> Emma Mae Weber <eweber@mediamatters.org> Cynthia Padera <cpadera@mediamatters.org> Chana Hvard <chvard@mediamatters.org> Helena Hind <hhind@mediamatters.org> Olivia Little <olittle@mediamatters.org> Pete Tapia <ptapia@mediamatters.org> Ilana Berger <iberger@mediamatters.org> Craig Harrington <charrington@mediamatters.org> Brennan Suen <bsuen@mediamatters.org> Sharon Kann <skann@mediamatters.org> Casey Hargrave <chargrave@mediamatters.org> Sophie Lawton <slawton@mediamatters.org> Kesli Telleen <ktelleen@mediamatters.org> Howard Pangelinan <hpangelinan@mediamatters.org> Alex Novell <anovell@mediamatters.org> Natalie Mathes <nmathes@mediamatters.org> Vesper Henry <vhenry@mediamatters.org> Andrew Lawrence <alawrence@mediamatters.org> Alex Paterson <apaterson@mediamatters.org> Courtney Hagle <chagle@mediamatters.org> MMFA Help <help@mediamatters.org> Andrea L. Alford <aalford@mediamatters.org> Sean Morris <sean.morris@mediamatters.org> Laquinta Alexander <lalexander@mediamatters.org> Rachel Tardiff <rtardiff@mediamatters.org> Molly Butler <molly.butler@mediamatters.org> Ariel Churchill <achurchill@mediamatters.org> Sergei Munoz <smunoz@mediamatters.org> Sergio Silva <ssilva@mediamatters.org> Chloe Simon <csimon@mediamatters.org> Sage Hurd <shurd@mediamatters.org> Jack Wheatley <jwheatley@mediamatters.org> Alyssa Trinel <atrinel@mediamatters.org> Beatrice Mount <bmount@mediamatters.org> Reed McMaster <bmount@mediamatters.org> | | | 11/29/2023 | Attorney-Client Privilege | Internal communication regarding MMFA's response to litigation related to Mr. Hananoki's November 16 article. Attorney-Client Privilege. The communications reflect and pertain to legal guidance given by counsel. | Confidential |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | <mcmaster@mediamatters.org> Priya Singh <psingh@mediamatters.org> Carly Evans <cevans@mediamatters.org> John Knefel <jknefel@mediamatters.org> Gabriel Capuano <gcapuano@mediamatters.org> Ben Dimiero <bdimiero@mediamatters.org> Alex Kaplan <akaplan@mediamatters.org> Shelby Jamerson <sjamerson@mediamatters.org> Bushra Sultana <bsultana@mediamatters.org> Katherine Abughazaleh <kabughazaleh@mediamatters.org> Anh Tran <atran@mediamatters.org> Rebecca Sturtevant <rsturtevant@mediamatters.org> Abbie Richards <arichards@mediamatters.org> Pam Vogel <pvogel@mediamatters.org> Eric Hananoki <ehananoki@mediamatters.org> Jonathan Harting IT <jharting@mediamatters.org> Alaina Oglesby <aoglesby@mediamatters.org> Bobby Lewis <blewis@mediamatters.org> Michael Eberhart <meberhart@mediamatters.org> Jacina Hollins-Borges <jhollins-borges@mediamatters.org> Jane Lee <jlee@mediamatters.org> Tyler Monroe <tmonroe@mediamatters.org> Ecionolo Cooper <ecooper@mediamatters.org> Jason Campbell <jcampbell@mediamatters.org> Carly Novell <cnovell@mediamatters.org> James Bagley <jbagley@mediamatters.org> | | | | | | |

Appx. 253

9

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043598 | Partially Privileged | Chat | Andrea L. Alford <aalford@mediamatters.org> | Lexi Ginsberg <lginsberg@mediamatters.org> Brennan Suen <bsuen@mediamatters.org> Priya Singh <psingh@mediamatters.org> Andrea L. Alford <aalford@mediamatters.org> | | | 11/30/2023 | First Amendment Privilege; Texas Press Shield Laws | Redacted confidential discussion about avenues of potential research and advocacy. Redacted portion does not reference or pertain to Musk or Twitter.

Texas Press Shield Law: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023 (a)(1).

First Amendment Associational Privilege: The redacted portion contains internal communications concerning research and advocacy strategy. | |

Appx. 254

10

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043599-MMFA_043600 | Partially Privileged | Chat | Lexi Ginsberg <lginsberg@mediamatters.org>·Brennan Suen <bsuen@mediamatters.org>·Priya Singh <psingh@mediamatters.org>·Andrea L. Alford <aalford@mediamatters.org> | Lexi Ginsberg <lginsberg@mediamatters.org>·Brennan Suen <bsuen@mediamatters.org>·Priya Singh <psingh@mediamatters.org>·Andrea L. Alford <aalford@mediamatters.org> | | | 12/1/2023 | First Amendment Privilege; Texas Press Shield Laws | Redacted confidential discussion about avenues of potential research and advocacy. Redacted portion does not reference or pertain to Musk or Twitter.

Texas Press Shield Law: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023 (a)(1).

First Amendment Privilege: The redacted portion contains internal communications concerning research and advocacy strategy. | |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043601 | Privileged | Chat | Angelo Carusone <acarusone@mediamatters.org> John Whitehouse <jwhitehouse@mediamatters.org> Sergio Munoz <smunoz@mediamatters.org> | Kayla Gogarty <kgogarty@mediamatters.org> Pa'tron Johnson <pa-tron@mediamatters.org> Monica Rodriguez <mrodriguez@mediamatters.org> Jack Winstanley <jwinstanley@mediamatters.org> Audrey Bowler <abowler@mediamatters.org> Ben Van Bloem <bvanbloem@mediamatters.org> Payton Armstrong <parmstrong@mediamatters.org> Zachary Pleat <zpleat@mediamatters.org> Angelo Carusone <acarusone@mediamatters.org> Gideon Taaffe <gtaaffe@mediamatters.org> Neva Newcombe <nnewcombe@mediamatters.org> Andrea Austria <aaustria@mediamatters.org> Torri Lonergan <tlonergan@mediamatters.org> James Balaza <jbalaza@mediamatters.org> Bobby Nayak <bnayak@mediamatters.org> Camden Carter <ccarter@mediamatters.org> operations <mm-operations@mediamatters.org> Adama Ngom <angom@mediamatters.org> Olivia Smith <osmith@mediamatters.org> Pilar Martinez <pmartinez@mediamatters.org> Noah Dowe <ndowe@mediamatters.org> Isabella Contar <icontar@mediamatters.org> Leo <jlen@mediamatters.org> John Kerr <jkerr@mediamatters.org> Human Resources Representative <hr@mediamatters.org> Jasmine Geonzon <jgeonzon@mediamatters.org> Madeline Peltz <mpeltz@mediamatters.org> Harrison Ray <hray@mediamatters.org> Audrey McCabe <amccabe@mediamatters.org> Beth Cope <bcope@mediamatters.org> Eric Kleefeld <ekleefeld@mediamatters.org> Ari Drennen <adrennen@mediamatters.org> Carlos Maza <cmaza@mediamatters.org> Matt Gertz <mgertz@mediamatters.org> Paul R. Edwards <redwards@mediamatters.org> Alicia Sadowski <asadowski@mediamatters.org> Justin Horowitz <jhorowitz@mediamatters.org> John Whitehouse <jwhitehouse@mediamatters.org> Emma Mae Weber <eweber@mediamatters.org> Cynthia Padera <cpadera@mediamatters.org> Charis Hoard <choard@mediamatters.org> Olivia Little <olittle@mediamatters.org> Alex Guiden <aguiden@mediamatters.org> Pete Tapis <ptapis@mediamatters.org> Ilana Berger <iberger@mediamatters.org> Victoria Deck <vdeck@mediamatters.org> Craig Harrington <charrington@mediamatters.org> Brennan Suen <bsuen@mediamatters.org> Casey Wang <ckang@mediamatters.org> Sophie Lawton <slawton@mediamatters.org> Alex Novell <anovell@mediamatters.org> Howard Pangelinan <hpangelinan@mediamatters.org> Natalie Mathes <nmathes@mediamatters.org> Vesper Henry <vhenry@mediamatters.org> Andrew Lawrence <alawrence@mediamatters.org> Courtney Hagle <chagle@mediamatters.org> MMFA Help <help@mediamatters.org> Andrea L. Alford <aalford@mediamatters.org> Sean Morris <sean.morris@mediamatters.org> Laqunta Alexander <laexander@mediamatters.org> Rachel Turoff <rturoff@mediamatters.org> Molly Butler <molly.butler@mediamatters.org> Axel Churchill <achurchill@mediamatters.org> Sergio Munoz <smunoz@mediamatters.org> Chloe Simon <csimon@mediamatters.org> Sage Hurd <shurd@mediamatters.org> Jack Wheatley <jwheatley@mediamatters.org> Alyssa Tirrell <atirrell@mediamatters.org> Beatrice Mount <bmount@mediamatters.org> Reed McMaster <rmcmaster@mediamatters.org> | | | 12/1/2023 | Attorney-Client Privilege | Internal MMFA communication regarding internal litigation strategy related to Mr. Hananoki's November 16 article. Attorney-Client Privilege: The communications reflect and pertain to legal guidance given by counsel. | Confidential |

12

Appx. 256

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | <mcmaster@mediamatters.org> Priya Singh <psingh@mediamatters.org> Carly Evans <cevans@mediamatters.org> John Knefel <jknefel@mediamatters.org> Gabriel Capuano <gcapuano@mediamatters.org> Ben Dimiero <bdimiero@mediamatters.org> Alex Kaplan <akaplan@mediamatters.org> Shelby Jamerson <sjamerson@mediamatters.org> Bushra Sultana <bsultana@mediamatters.org> Katherine Abughazaleh <kabughazaleh@mediamatters.org> Anh Tran <atran@mediamatters.org> Rebecca Sturtevant <rsturtevant@mediamatters.org> Abbie Richards <arichards@mediamatters.org> Pam Vogel <pvogel@mediamatters.org> Eric Hananoki <ehananoki@mediamatters.org> Jonathan Harting IT <jharting@mediamatters.org> Alana Oglesby <aoglesby@mediamatters.org> Bobby Lewis <blewis@mediamatters.org> Michael Eberhart <meberhart@mediamatters.org> Jacina Hollins-Borges <jhollins-borges@mediamatters.org> Jane Lee <jlee@mediamatters.org> Tyler Monroe <tmonroe@mediamatters.org> Evlondo Cooper <ecooper@mediamatters.org> Jason Campbell <jcampbell@mediamatters.org> Carly Novell <cnovell@mediamatters.org> James Bagley <jbagley@mediamatters.org> | | | | | | |

13

Appx. 257

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043602 | Privileged | Chat | Angelo Carusone <acarusone@mediamatters.org> Emma Mae Weber <eweber@mediamatters.org> Pam Vogel <pvogel@mediamatters.org> | Kayla Gogarty <kgogarty@mediamatters.org> Pa'tton Johnson <pa-tton@mediamatters.org> Monica Rodriguez <mrodriguez@mediamatters.org> Jack Winstanley <jwinstanley@mediamatters.org> Audrey Bowler <abowler@mediamatters.org> Ben Van Blixen <bvanblixen@mediamatters.org> Payton Armstrong <parmstrong@mediamatters.org> Zachary Pleat <zpleat@mediamatters.org> Angelo Carusone <acarusone@mediamatters.org> Gideon Taaffe <gtaaffe@mediamatters.org> Nava Newcombe <nnewcombe@mediamatters.org> Andrea Austria <aaustria@mediamatters.org> Torri Lonergan <tlonergan@mediamatters.org> Jarius Balazs <jbalazs@mediamatters.org> Bobby Nayak <bnayak@mediamatters.org> operations <mm-operations@mediamatters.org> Adana Ngom <angom@mediamatters.org> Olivia Smith <osmith@mediamatters.org> Pilar Martinez <pmartinez@mediamatters.org> Noah Dowe <ndowe@mediamatters.org> Isabella Corso <icorso@mediamatters.org> John Kerr <jkerr@mediamatters.org> Leo Fernandez <lfernandez@mediamatters.org> Human Resources Representative <hr@mediamatters.org> Jasmine Geonzon <jgeonzon@mediamatters.org> Madeline Peltz <mpeltz@mediamatters.org> Harrison Ray <hray@mediamatters.org> Audrey McCabe <amccabe@mediamatters.org> Beth Cope <bcope@mediamatters.org> Julie Millican <jmillican@mediamatters.org> Eric Kleefeld <ekleefeld@mediamatters.org> Ari Drennen <adrennen@mediamatters.org> Carlos Maza <cmaza@mediamatters.org> Matt Gertz <mgertz@mediamatters.org> Paul R. Edwards <redwards@mediamatters.org> Lexi Ginsberg <lginsberg@mediamatters.org> Alicia Sadowski <asadowski@mediamatters.org> Justin Horowitz <jhorowitz@mediamatters.org> John Whitehouse <jwhitehouse@mediamatters.org> Mia Gingerich <mgingerich@mediamatters.org> Emma Mae Weber <eweber@mediamatters.org> Cynthia Padera <cpadera@mediamatters.org> Charis Hoard <choard@mediamatters.org> Olivia Little <olittle@mediamatters.org> Pete Tsipis <ptsipis@mediamatters.org> Ilana Berger <iberger@mediamatters.org> Craig Harrington <charrington@mediamatters.org> Brendan Karet <bkaret@mediamatters.org> Casey Wexler <cwexler@mediamatters.org> Sharon Kann <skann@mediamatters.org> Sophie Lawton <slawton@mediamatters.org> Kayla Gogarty <kgogarty@mediamatters.org> Howard Pangelinan <hpangelinan@mediamatters.org> Alex Novell <anovell@mediamatters.org> Natalie Mathes <nmathes@mediamatters.org> Vesper Henry <vhenry@mediamatters.org> Andrew Lawrence <alawrence@mediamatters.org> Courtney Hagle <apaterson@mediamatters.org> Rachel Tardiff <rtardiff@mediamatters.org> MMFA Help <help@mediamatters.org> Andrea L. Alford <aalford@mediamatters.org> Sean Morris <smorris@mediamatters.org> Laquinta Alexander <lalexander@mediamatters.org> Molly Butler <mbutler@mediamatters.org> Axel Churchill <achurchill@mediamatters.org> Sergio Munoz <smunoz@mediamatters.org> Spencer Silva <ssilva@mediamatters.org> Chloe Simon <csimon@mediamatters.org> Sage Huot <shuot@mediamatters.org> Jack Wheatley <jwheatley@mediamatters.org> Alyssa Tirrell <atirrell@mediamatters.org> Beatrice Mount <bmount@mediamatters.org> Reed McMaster <rmcmaster@mediamatters.org> | | | 12/1/2023 | Attorney-Client Privilege | Internal MMFA communication regarding internal litigation strategy related to Mr. Hanania's November 16 article. Attorney Client Privilege: Communications reveal decision behind seeking legal guidance and communications with counsel in present case. | Confidential |

14

Appx. 258

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | <mcmaster@mediamatters.org> Priya Singh <psingh@mediamatters.org> Carly Evans <cevans@mediamatters.org> John Knefel <jknefel@mediamatters.org> Gabriel Capuano <gcapuano@mediamatters.org> Ben Dimiero <bdimiero@mediamatters.org> Alex Kaplan <akaplan@mediamatters.org> Shelby Jamerson <sjamerson@mediamatters.org> Busima Sultana <bsultana@mediamatters.org> Katherine Abughazaleh <kabughazaleh@mediamatters.org> Anh Tran <atran@mediamatters.org> Rebecca Sturtevant <rsturtevant@mediamatters.org> Abbie Richards <arichards@mediamatters.org> Pam Vogel <pvogel@mediamatters.org> Eric Hananoki <ehananoki@mediamatters.org> Jonathan Harding IT <jharding@mediamatters.org> Alaina Oglesby <aoglesby@mediamatters.org> Bobby Lewis <flewis@mediamatters.org> Michael Eberhart <meberhart@mediamatters.org> Jacina Hollins-Borges <jhollins-borges@mediamatters.org> Jane Lee <jlee@mediamatters.org> Tyler Monroe <tmonroe@mediamatters.org> Eolovido Cooper <ecooper@mediamatters.org> Jason Campbell <jcampbell@mediamatters.org> Carly Novell <cnovell@mediamatters.org> James Bagley <jbagley@mediamatters.org> | | | | | | |

15

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043603 | Privileged | Chat | Andrea L. Alford <aalford@mediamatters.org> | Lexi Ginsberg <lginsberg@mediamatters.org> Brennan Suen <bsuen@mediamatters.org> Priya Singh <psingh@mediamatters.org> Andrea L. Alford <aalford@mediamatters.org> | | | 12/11/2023 | First Amendment Privilege; Attorney-Client Privilege; Texas Press Shield Laws | Communications between MMFA employees regarding whether to publish an article about abortion. The communication contains legal advice given by counsel, including publishing instructions in response to litigation related to Mr. Hanania's November 2023 articles. Attorney Client Privilege: Communications reveal legal guidance given by counsel. Texas Press Shield Law: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023 (a)(1). First Amendment Associational Privilege: This document contains internal communications concerning research and advocacy strategy. | Confidential |

16

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043604 | Privileged | Email | <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA.

First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

17

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043605 | Privileged | Email | <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

18

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043606 | Privileged | Email | <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA.

First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (9th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

19

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043607 | Privileged | Email | <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043608 | Privileged | Email | <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

21

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043609 | Privileged | Email | <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA.

First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

Appx. 266

22

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043610 | Privileged | Email | | \<angelo.carusone@mediamatters.org> | | | 12/29/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (9th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorney's Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043611 | Privileged | Email | <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043612 | Privileged | Email | | <angelo.carusone@mediamatters.org> | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

25

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043613 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

Appx. 270

26

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043614 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorney's Eyes Only |

Appx. 271

27

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043615 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-1 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorney's Eyes Only |

28

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043616 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

Appx. 273

29

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043617 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–1 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

Appx. 274

30

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043616 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

Appx. 275

31

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043619 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-1 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F. 3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F. 3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043620 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.  First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

Appx. 277

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043621 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–1 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

34

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043622 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

Appx. 279

35

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043623 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

36

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043624 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043625 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-1 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

38

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043626 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043627 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–12 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

40

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043628 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

41

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043629 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–1 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043630 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-1 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043631 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–12 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043632 | Privileged | Email | | <angelo.carusone@mediamatters.org> | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donors as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (9th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

Appx. 290

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043633 | Privileged | Email | | angelo.carusone@mediamatters.org | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

46

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043634 | Privileged | Email | | <angelo.carusone@mediamatters.org> | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (9th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorney's Eyes Only |

47

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043635 | Privileged | Email | | <angelo.carusone@mediamatters.org> | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donors as part of end-of-year mass-email outreach seeking general funding for MMFA.

First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043636 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA.

First Amendment Privilege. The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043637 | Privileged | Email | | Angelo Carusone <angelo.carusone@mediamatters.org> | | | 12/29/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

50

51

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043638 | Privileged | Email | | angelo.carusone@mediamatters.org | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorney's Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043639 | Privileged | Email | | <angelo.carusone@mediamatters.org> | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donors as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

52

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043640 | Privileged | Email | | <angelo.carusone@mediamatters.org> | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

53

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043641 | Privileged | Email | | angelo.carusone@mediamatters.org | | | 12/28/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-1 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorney's Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043642 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/29/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA.

First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

Appx. 300

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043643 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/20/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA.

First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

56

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043644 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/20/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA.

First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

57

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043645 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/20/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA.

First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

Appx. 302

58

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043646 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/20/2023 | First Amendment Privilege | Email thread with prospective non-Texas donors as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

Appx. 303

59

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043647 | Privileged | Email | | Angelo Carusone <angelo.carusone@mediamatters.org> | | | 12/29/2023 | First Amendment Privilege | Email thread with prospective non-Texas donors as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

60

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043646 | Privileged | Email | | angelo.carusone@mediamatters.org | | | 12/29/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

61

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043649 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/20/2023 | First Amendment Privilege | Email thread with prospective non-Texas donors as part of end-of-year mass-email outreach seeking general funding for MMFA.

First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

62

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043650 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/29/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.

First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

Appx. 307

63

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043651 | Privileged | Email | | <angelo.carusone@mediamatters.org> | | | 12/30/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

64

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043652 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/30/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043653 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/30/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partner protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

66

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043654 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/30/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043655 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/30/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

Appx. 312

68

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043656 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/30/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

69

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043657 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | 12/20/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043658 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/30/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–1 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

71

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043659 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/30/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-1 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043660 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | 12/30/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.

First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–13 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorney's Eyes Only |

Appx. 317

73

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043661 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/30/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA.<br><br>First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611-1 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

74

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043662 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | | 12/30/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–1 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F.3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043663 | Privileged | Email | Angelo Carusone <angelo.carusone@mediamatters.org> | | | | 12/30/2023 | First Amendment Privilege | Email thread with prospective non-Texas donor and development firm as part of end-of-year mass-email outreach seeking general funding for MMFA. First Amendment Privilege: The document contains sensitive financial and associational information, as well as communications pertaining to the organization's mission and strategy with third-party partners protected by the First Amendment privilege, the production of which would chill Defendants' exercise of their First Amendment speech and associational rights. See, e.g., Americans for Prosperity Found. v. Bonta, 594 U.S. 595, 611–1 (2021); NAACP v. State of Ala. ex rel. Patterson, 357 U.S. 449, 460 (1958); Whole Woman's Health v. Smith, 896 F. 3d 362, 372 (5th Cir. 2018); Perry v. Schwarzenegger, 591 F. 3d 1147, 1160 (9th Cir. 2010). | Attorneys Eyes Only |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043664 | Privileged | Word | bdimieno@mediamatters.org | | | | | 1/3/2024 | Attorney-Client Privilege; Attorney Work Product | Memo created by MMFA regarding research related to the present litigation.<br><br>Attorney-Client Privilege: The document reflects and pertains to legal guidance given by counsel.<br><br>Attorney Work Product: Memo was created at the direction of counsel for use in the present litigation and reflects attorney mental impressions, legal theories, and strategy. | Confidential |

78

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043665 | Privileged | Word | kgogarty@mediamatters.org | | | | | 12/15/2023 | Attorney-Client Privilege; Attorney Work Product | Memo created by MMFA regarding research related to the present litigation.<br><br>Attorney-Client Privilege: The document reflects and pertains to legal guidance given by counsel.<br><br>Attorney Work Product: Memo was created at the direction of counsel for use in the present litigation and reflects attorney mental impressions, legal theories, and strategy. | Confidential |

Appx. 323

79

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043666 | Privileged | Word | kjpigarty@mediamatters.org | | | | | 12/15/2023 | Attorney-Client Privilege; Attorney Work Product | Memo created by MMFA regarding research related to the present litigation. Attorney-Client Privilege: The document reflects and pertains to legal guidance given by counsel. Attorney Work Product: Memo was created at the direction of counsel for use in the present litigation and reflects attorney mental impressions, legal theories, and strategy. | Confidential |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_04366 7 | Privileged | Word | kjogarty@mediamatters.org | | | | 11/28/2023 | Attorney Work Product | Memo created by MMFA regarding research related to the present litigation.<br><br>Attorney-Client Privilege: The document reflects and pertains to legal guidance given by counsel.<br><br>Attorney Work Product: Memo was created at the direction of counsel for use in the present litigation and reflects attorney mental impressions, legal theories, and strategy. | Confidential |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043668 | Privileged | Word | kgogarty@mediamatters.org | | | | 11/28/2023 | Attorney-Client Privilege; Attorney Work Product | Memo created by MMFA regarding research related to the present litigation.<br><br>Attorney-Client Privilege: The document reflects and pertains to legal guidance given by counsel.<br><br>Attorney Work Product: Memo was created at the direction of counsel for use in the present litigation and reflects attorney mental impressions, legal theories, and strategy. | Confidential |

Appx. 326

82

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043669 | Privileged | Word | kjpogahy@mediamatters.org | | | | | 11/28/2023 | Attorney Work Product | Memo created by MMFA regarding research related to the present litigation.<br><br>Attorney-Client Privilege: The document reflects and pertains to legal guidance given by counsel.<br><br>Attorney Work Product: Memo was created at the direction of counsel for use in the present litigation and reflects attorney mental impressions, legal theories, and strategy. | Confidential |

83

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043870-MMFA_043893 | Partially Privileged | Word | cnovell@mediamatters.org | | | | 1/2/2024 | Texas Press Shield Laws | Redacted portions reveal draft summaries of Media Matters's reporting highlights regarding a variety of topics unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter.<br><br>Texas Press Shield Law: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023 (a)(1). | |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043694-MMFA_043717 | Partially Privileged | Word | cnovell@mediamatters.org | | | | 1/2/2024 | Texas Press Shield Laws | Redacted portions reveal draft summaries of Media Matters's reporting highlights regarding a variety of topics unrelated to research for the November 16 and 17, 2023 articles or advertisement placement on Twitter.<br><br>Texas Press Shield Law. This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023 (a)(1). | |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043716 - MMFA_043727 | Partially Privileged | Word | vdick@mediamatters.org | | | | 10/25/2023 | First Amendment Privilege; Texas Press Shield Laws | Document contains summary of MMFA website traffic. Redacted portions do not reference or pertain to Musk or Twitter.<br><br>Texas Press Shield Law: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023 (a)(1).<br><br>First Amendment Associational Privilege: The redacted portion contains internal communications concerning strategy for increasing news article traffic and reach. | |

86

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043728 | Privileged | Word | | | | | 6/4/2024 | Attorney-Client Privilege; Attorney Work Product | Word document created by MMFA compiling outreach to MMFA following the present litigation. The document was compiled at the direction of counsel.<br><br>Attorney-Client Privilege: The document reflects and pertains to legal guidance given by counsel.<br><br>Attorney Work Product: Memo was created at the direction of counsel for use in the present litigation and reflects attorney mental impressions, legal theories, and strategy. | Confidential |

Appx. 331

87

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043729 | Privileged | Word | | | | | 6/4/2024 | First Amendment Privilege; Texas Press Shield Laws | Internal memorandum documenting potential goals and initiatives across all of MMFA's departments, not all of which was ultimately pursued.<br><br>Texas Press Shield Law: This document reflects information obtained or prepared while acting as a journalist. Tex. Civ. Prac. and Rem. Code § 22.023 (a)(1).<br><br>First Amendment Associational Privilege: This document contains internal communications concerning strategy and messaging. | Confidential |

88

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043730 | Partially Privileged | Image | | | | | 4/3/2024 | First Amendment Privilege | Communications from non-MMFA employee that collaborates with MMFA on advocacy and journalistic projects. First Amendment Privilege: The disclosure of the individual's identity would chill MMFA and the journalist's First Amendment speech and association rights. | |
| MMFA_043731 | Partially Privileged | Image | | | | | 4/3/2024 | First Amendment Privilege | Communications from and between non-MMFA employees that collaborate with MMFA on advocacy and journalistic projects. First Amendment Privilege: The disclosure of the individuals' identity would chill MMFA and the journalists' First Amendment speech and association rights. | |

Appx. 333

89

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043732 | Partially Privileged | Image | | | | | 4/3/2024 | First Amendment Privilege | Communications from and between non-MMFA employees that collaborate with MMFA on advocacy and journalistic projects.<br><br>First Amendment Privilege. The disclosure of the individuals' identify would chill MMFA and the journalists' First Amendment speech and association rights. | |
| MMFA_043733 | Partially Privileged | Image | | | | | 4/3/2024 | First Amendment Privilege | Communications from and between non-MMFA employees that collaborate with MMFA on advocacy and journalistic projects.<br><br>First Amendment Privilege. The disclosure of the individuals' identify would chill MMFA and the journalists' First Amendment speech and association rights. | |

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043734 | Partially Privileged | Image | | | | | 4/3/2024 | First Amendment Privilege | Communications from and between non-MMFA employees that collaborate with MMFA on advocacy and journalistic projects.<br><br>First Amendment Associational Privilege: The disclosure of the individuals' identity would chill MMFA and the journalists' First Amendment speech and association rights. | |
| MMFA_043735 | Partially Privileged | Image | | | | | 4/3/2024 | First Amendment Privilege | Communication from non-MMFA employee that collaborates with MMFA on advocacy and journalistic projects.<br><br>First Amendment Privilege The disclosure of the individual's identity would chill MMFA and the journalists First Amendment speech and association rights. | |

Appx. 335

91

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043736 | Partially Privileged | Image | | | | | 4/3/2024 | First Amendment Privilege | Communications from and between non-MMFA employees that collaborate with MMFA on advocacy and journalistic projects.<br><br>First Amendment Associational Privilege: The disclosure of the individuals' identity would chill MMFA and the journalists' First Amendment speech and association rights. | |
| MMFA_043737 | Partially Privileged | Image | | | | | 4/3/2024 | First Amendment Privilege | Communications from and between non-MMFA employees that collaborate with MMFA on advocacy and journalistic projects.<br><br>First Amendment Associational Privilege: The disclosure of the individuals' identity would chill MMFA and the journalists' First Amendment speech and association rights. | |

92

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043738 | Partially Privileged | Image | | | | | 4/3/2024 | First Amendment Privilege | Communications from non-MMFA employee that collaborates with MMFA on advocacy and journalistic projects.<br><br>First Amendment Privilege: The disclosure of the individual's identity would chill MMFA and the journalist's First Amendment speech and association rights. | |
| MMFA_043739 | Partially Privileged | Image | | | | | 4/3/2024 | First Amendment Privilege | Communications with non-MMFA employee that collaborates with MMFA on advocacy and journalistic projects.<br><br>First Amendment Privilege: The disclosure of the individual's identity would chill MMFA and the journalist's First Amendment speech and association rights. | |

93

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043740 | Partially Privileged | Image | | | | | 4/3/2024 | First Amendment Privilege | Communications from non-MMFA employee that collaborates with MMFA on advocacy and journalistic projects. First Amendment Privilege: The disclosure of the individual's identity would chill MMFA and the journalist's First Amendment speech and association rights. | |
| MMFA_043741 | Partially Privileged | Image | | | | | 4/3/2024 | First Amendment Privilege | Communications from and between non-MMFA employees that collaborate with MMFA on advocacy and journalistic projects. First Amendment Associational Privilege: The disclosure of the individuals' identity would chill MMFA and the journalists' First Amendment speech and association rights. | |

94

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043742 | Privileged | Pdf | | | | | 4/5/2024 | Attorney-Client Privilege; Attorney Work Product | Memo created by MMFA regarding research related to the present litigation.<br><br>Attorney-Client Privilege: The document reflects and pertains to legal guidance given by counsel.<br><br>Attorney Work Product: Memo was created at the direction of counsel for use in the present litigation and reflects attorney mental impressions, legal theories, and strategy. | Confidential |

Appx. 339

95

| Bates Number | Status | Document Type | From | To | CC | BCC | Date | Privilege Designation | Privilege Description | Confidential |
|---|---|---|---|---|---|---|---|---|---|---|
| MMFA_043743 | Privileged | Pdf | | | | | 4/5/2024 | Attorney-Client Privilege; Attorney Work Product | Memo created by MMFA regarding research related to the present litigation. Attorney-Client Privilege: The document reflects and pertains to legal guidance given by counsel. Attorney Work Product: Memo was created at the direction of counsel for use in the present litigation and reflects attorney mental impressions, legal theories, and strategy. | Confidential |

96