UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **X CORP.**, a Nevada corporation, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | **Case No. 4:23-cv-01175-O** |
| **MEDIA MATTERS FOR AMERICA,** a Washington, D.C. non-profit corporation, **ERIC HANANOKI**, and **ANGELO CARUSONE**, | § § § § § | |
| *Defendants.* | § § | |

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR STAY PENDING APPEAL**

---

JUDD E. STONE II
CHRISTOPHER D. HILTON
ARI CUENIN
MICHAEL R. ABRAMS
ALEXANDER M. DVORSCAK
**STONE | HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, TX 78701
(737) 465-3897

JOHN C. SULLIVAN
**S|L LAW PLLC**
610 Uptown Boulevard
Suite 2000
Cedar Hill, TX 75104
(469) 523-1351

*COUNSEL FOR PLAINTIFF*

**TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................................. 1

TABLE OF AUTHORITIES ........................................................................................................... 2

INTRODUCTION .......................................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND..................................................................... 2

STANDARD OF REVIEW ............................................................................................................ 3

ARGUMENT AND AUTHORITIES............................................................................................. 4

    I.   Defendants Have Not Made a Strong Showing of a Likelihood of Success on the Merits.. 4

    II.  The Fifth Circuit is unlikely to find that it can exercise jurisdiction over Defendants' appeal.
       ....................................................................................................................................... 4

    III. The Court did not abuse its discretion in finding waiver. ..................................................... 6

    IV. The Court did not abuse its discretion in overruling Defendants' First Amendment
       objections................................................................................................................. 10

    V.  The Remaining Factors Counsel Against a Stay Pending Appeal .................................... 12

CONCLUSION............................................................................................................................. 13

CERTIFICATE OF SERVICE .................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

*A-Mark Auction Galleries, Inc. v. Am. Numismatic Ass'n*,
  233 F.3d 895 (5th Cir. 2000) ..............................................................................................4-5

*Americans for Prosperity Foundation v. Bonta*,
  594 U.S. 595 (2021).............................................................................................................. 11

*Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*,
  810 F.3d 335 (5th Cir. 2016) ................................................................................................. 6

*Arnold v. Garlock, Inc.*,
  278 F.3d 426 (5th Cir. 2001) ................................................................................................. 4

*Chilcutt v. United States*,
  4 F.3d 1313 (5th Cir. 1993) ................................................................................................... 8

*Fla. State Conf. of Branches & Youth Units of NAACP v. Lee*,
  568 F. Supp. 3d 1301 (S.D. Fla. 2021) ............................................................................... 12

*HC Gun & Knife Shows, Inc. v. City of Houston*,
  201 F.3d 544 (5th Cir. 2000) ................................................................................................. 6

*In re Dean*,
  527 F.3d 391 (5th Cir. 2008) ................................................................................................. 6

*Janvey v. Alguire*,
  No. 3:09-CV-724-N-BQ, 2018 WL 11362638 (N.D. Tex. Oct. 17, 2018) ............................ 8

*Johnston v. Transocean Offshore Deepwater Drilling, Inc.*,
  No. CV 18-491, 2019 WL 1558040 (E.D. La. Apr. 10, 2019) ............................................... 9

*Keplar v. Google, LLC*,
  346 F.R.D. 41 (N.D. Tex. 2024)............................................................................................. 8

*Klier v. Elf Atochem North Am., Inc.*,
  658 F.3d 468 (5th Cir. 2011) ............................................................................................... 10

*La Union Del Pueblo Entero v. Abbott*,
  68 F.4th 228 (5th Cir. 2023) .................................................................................................. 6

*Maness v. Meyers*,
  419 U.S. 449 (1975)................................................................................................................ 8

*Mayo v. Tri-Bell Indus., Inc.*,
  787 F.2d 1007 (5th Cir. 1986) ............................................................................................... 6

*Mohawk Indus. v. Carpenter*,
  558 U.S. 100 (2009)................................................................................................................ 5

*Nianga v. Wolf*,
  435 F. Supp. 3d 739 (N.D. Tex. 2020) ................................................................................... 4

*Nken v. Holder*,
  556 U.S. 418 (2009)........................................................................................................... 3, 12

*Perry v. Schwarzenegger,*
  591 F.3d 1147 (9th Cir. 2010) ........................................................................... 11

*Rogge v. Bandera Falls Prop. Owner's Ass'n,*
  No. CV SA-07-CA-996-OLG, 2009 WL 10713559 (W.D. Tex. Aug. 11, 2009) ..................... 9

*Ryan v. Transworld Drilling Co.,*
  No. CIV. A. 91-1110, 1991 WL 278674  (E.D. La. Dec. 20, 1991) ........................................... 3

*Satyam Computer Servs. v. Venture Global Eng'g, LLC,*
  323 F. App'x 421 (6th Cir. 2009) ...................................................................... 7

*Stansell v. López,*
  40 F.4th 1308 (11th Cir. 2022) ......................................................................... 7

*Tex. Democratic Party v. Abbott,*
  961 F.3d 389 (5th Cir. 2020) ............................................................................ 3

*Thomas v. Bryant,*
  919 F.3d 298 (5th Cir. 2019) ............................................................................ 3

*Transamerica Leasing, Inc. v. Institute of London Underwriters,*
  430 F.3d 1326 (11th Cir. 2005) ......................................................................... 7

*United States v. Colomb,*
  419 F.3d 292 (5th Cir. 2005) ........................................................................... 10

*Whole Women's Health v. Smith,*
  896 F.3d 362 (5th Cir. 2018) ............................................................................ 5

*Williams v. Boeing Co.,*
  23 F.4th 507 (5th Cir. 2022) ............................................................................ 6

**Statutes**

28 U.S.C. § 1291 ............................................................................................... 4

**Rules**

15B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and
  Procedure § 3914.23 ...................................................................................... 5

Fed. R. Civ. P. 1 ................................................................................................ 13

Fed. R. Civ. P. 26 ........................................................................................... 7, 9

Fed. R. Civ. P. 26(b)(1) ..................................................................................... 11

Fed. R. Civ. P. 37(b) .......................................................................................... 8

**INTRODUCTION**

On consideration of X's initial motion to compel, the Court ordered Defendants to log all documents responsive to X's requests for production about Defendants' donors. Defendants apparently believed the Court did not *really* mean what it said. But rather than seek clarification or reconsideration, Defendants simply refused to comply—even after X tried to keep them to their obligation under the order.

The Fifth Circuit is unlikely to find that this Court abused its discretion in holding that Defendants' months-long refusal to abide by a discovery order waived the privilege it addressed. The Fifth Circuit is all the more unlikely to reverse this Court's September 27 order for two separate reasons, each of which is independently sufficient to reject Defendants' stay request. *First*, the order is not appealable under the collateral-order doctrine, so the Fifth Circuit is likely to dismiss Defendants' appeal on jurisdictional grounds. *Second*, the order correctly determined that Defendants' asserted First Amendment interests must yield to X's demonstrated need for documents to prove that this case belongs in this Court and should proceed to trial. That kind of careful balancing analysis is the bread-and-butter of district courts' work in discovery disputes, and Defendants have not shown any error, let alone the clear and indisputable error required for a writ of mandamus, in how the Court went about it.

In its order denying Defendants' motion to stay discovery, the Court warned that it "cannot efficiently and expeditiously resolve cases by handing out discretionary stays when good cause is lacking or borderline." ECF No. 54 at 12. A stay here would likewise hinder the continued progress of this already long-pending case and impede the Court's ability to effectively manage its docket. *Id.* at 15. Defendants have not made their weighty showing of an entitlement to a stay pending appeal. Their motion should accordingly be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2023, Media Matters for America published two articles falsely representing that blue-chip advertisers' content was organically being "placed" next to fringe content on X's popular social media platform. Am. Compl. ¶¶ 30-38, 46-54. Many of those advertisers then withdrew from X's platform. *Id.* ¶¶ 30-38, 61-64. To stanch the damage, X brought claims against Media Matters, its president, Angelo Carusone, and the articles' author, Eric Hananoki, for business disparagement, tortious interference with contract, and tortious interference with prospective economic advantage. *Id.* ¶¶ 65-88.

After discovery commenced, X served requests for production. ECF No. 85 at 3. Defendants generally brushed them aside. *See* ECF No. 60 at 6 (discussing Defendants' refusal to ever produce anything in response to 14 out of X's 47 requests); *see generally* ECF No. 85 at 29-60 (Defendants' responses). After months of back-and-forth discussions that did not result in substantial progress, ECF No. 59 at 3; ECF No. 60 at 6, X filed a motion to compel, ECF No. 59. X specifically sought production of all documents responsive to their four requests for production about Defendants' donors and communications with those donors. ECF No. 59-1 (proposed order requesting the court overrule all objections to RFPs "11, 17-18, 21, and 35 seeking . . . documents related to donors and their financial support, and documents and communications related to Media Matters' solicitations and sources of funding").

The Court deferred ruling on Defendants' First Amendment privilege objections to the production of donor-related information. ECF No. 65 at 2. But the Court also unambiguously ordered that "Defendants must create and deliver a privilege log of *any* documents being withheld from production to Plaintiff." *Id.* at 3 (emphasis added). Nonetheless, Defendants unilaterally refused to search for all documents responsive to X's donor-related requests. ECF No. 85 at 176 (Defendants' counsel discussing "[Defendants'] refusal to independently search for donor related

documents"); *id.* at 179 (counsel informing X that "Defendants are not separately searching for donor-related documents"). On multiple occasions, X registered its disagreement with Defendants' approach, *see, e.g.*, *id.* at 177-78, and eventually had little choice but to file a follow-on motion to compel. ECF No. 83; *see, e.g.*, *Ryan v. Transworld Drilling Co.*, No. CIV. A. 91-1110, 1991 WL 278674, at *2 n.2 (E.D. La. Dec. 20, 1991) ("[I]f plaintiff believed that defendants were being dilatory in providing discovery responses, the proper course would have been to file a motion to compel so the information could have been acquired in time to file a timely expert report."). After full briefing, the Court granted the motion, finding that Defendants waived their assertion of First Amendment privilege three times over, and alternatively concluding that X had overcome Defendants' asserted associational interests. ECF No. 98. Defendants appealed and sought a stay from this Court pending that appeal. ECF Nos. 99, 101.

## STANDARD OF REVIEW

"A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (cleaned up). As such, it is an "extraordinary remedy" left to the Court's equitable discretion. *Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019). The traditional factors that courts consider in evaluating a stay request include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 433 (cleaned up). "The first two factors are usually the most important."[1] *Bryant*, 919 F.3d at 303.

---

[1] In a "limited subset of cases," a movant may obtain a stay by "present[ing] a substantial case on the merits." *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 397 (5th Cir. 2020) (quoting

## ARGUMENT AND AUTHORITIES

**I.     Defendants Have Not Made a Strong Showing of a Likelihood of Success on the Merits.**

The Fifth Circuit is unlikely to reverse this Court's September 27 order. As an initial matter, the Fifth Circuit does not have jurisdiction over Defendants' forthcoming appeal, and Defendants barely try to show that they can meet the much more demanding standard that would justify a writ of mandamus. Beyond that, the Fifth Circuit is unlikely to second-guess this Court's construction and enforcement of its June order requiring Defendants to log responsive documents. Defendants cannot even point to any failure on the Court's part to reconsider that order, because Defendants never sought reconsideration. The Court did not abuse its discretion in finding that sophisticated litigants represented by sophisticated counsel cannot ignore a discovery order, stifle the other party's ability to litigate its claims, and face no consequences for that contumacious conduct. Finally, the Court properly balanced Defendants' asserted First Amendment interests against X's demonstrated need for the documents at issue. Defendants' arguments to the contrary take issue with the Court's initial order requiring a log of all responsive documents. Those assertions, which should have been brought to the Court's attention months ago, cannot carry the day now.

**II.    The Fifth Circuit is unlikely to find that it can exercise jurisdiction over Defendants' appeal.**

Defendants cannot show a likelihood of success if the Fifth Circuit lacks jurisdiction to proceed to the merits. *See Nianga v. Wolf*, 435 F. Supp. 3d 739, 743 (N.D. Tex. 2020) (Fish, J.). Federal courts have jurisdiction to review "final decisions of the district courts," 28 U.S.C. § 1291, but as a general matter, "discovery orders do not constitute final decisions under § 1291 and are not immediately appealable." *A-Mark Auction Galleries, Inc. v. Am. Numismatic Ass'n*, 233 F.3d

---

*Arnold v. Garlock, Inc.*, 278 F.3d 426, 439 (5th Cir. 2001)). Defendants do not argue that this case falls within that limited subset of cases.

895, 897 (5th Cir. 2000); *see also* 15B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3914.23 ("[T]he rule remains settled that most discovery rulings are not final."). Defendants claim otherwise, insisting that the Court's September 27 order satisfies the collateral-order doctrine, Mot. 22, which "permits appeals of interlocutory decisions (a) that are conclusive, (b) that resolve important questions separate from the merits, and (c) that are effectively unreviewable on appeal from the final judgment," *Whole Women's Health v. Smith*, 896 F.3d 362, 367 (5th Cir. 2018).

Defendants' jurisdictional contention misses the mark in two respects. The Court's order resolved an issue that is intertwined with the merits; the entire reason X is pursuing donor-related information is to prove up its claims. *See* ECF No. 91 at 10. And because Defendants are parties, they have an adequate remedy by appeal: the Fifth Circuit could remedy any error by remanding the case for a new trial. *See Mohawk Industries v. Carpenter*, 558 U.S. 100, 109 (2009). Courts "routinely require litigants to wait until after final judgment to vindicate valuable rights, including rights central to our adversarial system." *Id.* at 108-09. *Mohawk* "readily acknowledge[d] the importance of the attorney-client privilege" but nonetheless found that "postjudgment appeals generally suffice to protect the rights of litigants and ensure the vitality of the attorney-client privilege." *Id.* The same should be true here with respect to the qualified First Amendment privilege that Defendants have claimed.

Defendants' authorities are inapposite because they each involve *third parties* attempting to appeal a discovery order. That was a crucial consideration in *Smith*, for example, which emphasized that "a new trial order can hardly avail a third-party witness who cannot benefit directly from such relief." 896 F.3d at 367-68. The Fifth Circuit made similar observations when

it allowed non-party legislators to appeal a district court's order overruling a legislative-privilege objection. *La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228, 233 (5th Cir. 2023).

In short, Defendants cite to no Fifth Circuit authority extending the collateral-order doctrine to allow for an immediate appeal from an adverse discovery order like the one this Court issued. Defendants are therefore likely to prevail only if the Fifth Circuit construes their appeal as a mandamus petition and then grants relief under that far more rigorous standard. *In re Dean*, 527 F.3d 391, 394 (5th Cir. 2008) (entitlement to a writ of mandamus must be "clear and indisputable"). Defendants assert in a footnote, with no analysis, that they are "likely to prevail under mandamus jurisdiction," Mot. 22 n.7, but that argument is far too underdeveloped to justify a stay, *cf. Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 339 n.4 (5th Cir. 2016) ("Arguments subordinated in a footnote are 'insufficiently addressed in the body of the brief,' and thus are waived." (citation omitted)).

## III.     The Court did not abuse its discretion in finding waiver.

Defendants' motion only glancingly mentions (at 14) the abuse-of-discretion standard of review that governs discovery orders. *See Williams v. Boeing Co.*, 23 F.4th 507, 514 (5th Cir. 2022). Under that standard, the Fifth Circuit will reverse a trial court's "order only if it is 'arbitrary or clearly unreasonable,' and the complaining party demonstrates that it was prejudiced by the ruling." *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 (5th Cir. 2000) (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)).

Even if the Fifth Circuit determines that it has jurisdiction, *but see* Part I.A, the court of appeals is likely *not* going to find that this Court's order was arbitrary or clearly unreasonable. The Court concluded that "Defendants plainly ignored this Court's Order by refusing to search for and log documents responsive to RFP Nos. 17, 18, 21, and 35." ECF No. 98 at 6. This finding was based on the clear language of the Court's order, which required Defendants to "create and deliver

– 6 –

a privilege log of any documents being withheld from production to Plaintiff" pursuant to those requests, ECF No. 65 at 3, and Defendants' repeated assertions that it would not search for or log such responsive documents. ECF No. 98 at 7 & n.6. As the Court noted, "no identified case involving First Amendment privilege supports Defendants' decision to refuse to search for responsive documents." *Id.* at 8. In other words, before the Fifth Circuit can even reach the First Amendment issues that Defendants' motion for stay frontloads, the court will need to address two more basic questions: first, whether the Court reasonably interpreted its own order, and second, whether the Court reasonably imposed consequences for Defendants' failure to comply with that order.

On the first score, a "district court has 'broad discretion' to construe its own pretrial orders," *Transamerica Leasing, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1334 (11th Cir. 2005), and a "district court's interpretation of its own [prior] order is properly accorded deference on appeal when [that] interpretation is reasonable," *Stansell v. López*, 40 F.4th 1308, 1311 (11th Cir. 2022). After all, the district court "is obviously in the best position to interpret its own order." *Satyam Computer Servs. v. Venture Global Eng'g, LLC,* 323 F. App'x 421, 430 (6th Cir. 2009) (citation omitted)).

Here, the Court's order required Defendants to log responsive documents. ECF No. 65 at 2. In context, that order served a critical purpose: Once Defendants had logged responsive documents as privileged, the Court could adjudicate the merits of any dispute over those designations. Nothing in the order, or in the way that issue was framed before the Court, gave Defendants leeway to blow off the search for responsive documents altogether. Although Defendants now assert (at 6 & n.3) that they did not separately conduct searches for responsive documents because of their other objections made under Rule 26, that strategy call cannot be squared with the simple instruction

that the Court issued. As the Court pointed out, if Defendants believed the Court should have addressed those burden and harassment objections before requiring a log of responsive documents, Defendants had a recourse: they could have sought reconsideration or clarification of the Court's order. ECF No. 98 at 7. Either approach would have been an appropriate way to resolve the issue. But otherwise, "all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). Parties that "make private determinations of the law and refuse to obey an order generally risk [] contempt even if the order is ultimately ruled incorrect." *Id.*

Once the Court determined that its June order meant what it said, the Court was well within its discretion to find waiver. District courts have "broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Keplar v. Google, LLC*, 346 F.R.D. 41, 53 (N.D. Tex. 2024) (Horan, M.J.). In fact, for violating its order, the Court could have imposed serious discovery sanctions on Defendants. *See Chilcutt v. United States*, 4 F.3d 1313, 1322 n.23 (5th Cir. 1993) ("Rule 37(b) clearly indicates that district courts have authority to grant a broad spectrum of sanctions."). It instead chose a measured approach, avoiding formal sanctions, that was commensurate with the severity of Defendants' intransigence.

Indeed, the Court appropriately supported its waiver findings with reference to precedent from this District that a "finding of waiver is especially warranted when a party opposing discovery has acted with 'unjustified delay, inexcusable conduct, [or] bad faith.'" ECF No. 98 at 7 (quoting *Janvey v. Alguire*, No. 3:09-CV-724-N-BQ, 2018 WL 11362638, at *6 (N.D. Tex. Oct. 17, 2018) (Bryant, M.J.)). The Court also had ample factual basis to back up its findings. The order on X's first motion to compel was issued on June 6 and mandated compliance by June 14. ECF No. 65 at 2. As of today's filing, X still has not seen a privilege log with all documents responsive to its requests for donor-related information. This is not an instance of a slight or understandable delay.

A third of a year has elapsed, yet X is still unable to even test Defendants' assertion of First Amendment privilege as to donor information on a document-by-document basis.

For closely related reasons, the Court correctly found that Defendants "did not produce a privilege log adequately describing the documents as required by Rule 26" and that "[t]his failure constitutes waiver in its own right." ECF No. 98 at 8; *see also Johnston v. Transocean Offshore Deepwater Drilling, Inc.*, No. CV 18-491, 2019 WL 1558040, at *2 (E.D. La. Apr. 10, 2019) (when a defendant "fail[s] to provide a privilege log" and "fail[s] to properly substantiate [its] objections by submitting evidence necessary to sustain its burden of proof to [its] these objections," privilege is also waived); *see also Rogge v. Bandera Falls Prop. Owner's Ass'n*, No. CV SA-07-CA-996-OLG, 2009 WL 10713559, at *3 (W.D. Tex. Aug. 11, 2009) (the "[f]ailure to provide a privilege log" supporting generalized or catch-all privilege objections waives a privilege claim). Finally, the Court's third basis for a finding of waiver—a failure to adequately preserve the privilege in the operative objections and responses—is also plainly right. ECF No. 98 at 9-10. Because Defendants offer no new arguments on that score, X stands on its prior briefing on that waiver finding. ECF No. 84 at 4-6.

Defendants' rebuttal rises and falls on the parties' submission of a joint motion to extend some of the deadlines in the Court's scheduling order. Mot. 18-19. But nothing in that motion, or in the Court's order granting it in part, ECF No. 69, expressly or impliedly superseded the Court's requirement that Defendants log responsive donor-related documents and communications. And again, to the extent Defendants detected any ambiguity, it was incumbent on them as the parties bound by a court order to seek clarification from the Court. *Meyers*, 419 U.S. at 458. For its part, following the Court's June order, X repeatedly reiterated to Defendants its position that Defendants had an ongoing, affirmative obligation to log responsive documents. ECF No. 85 at 177-78.

Defendants cannot claim surprise that X brought its concerns with Defendants' recalcitrant discovery conduct to the Court's attention—especially after Defendants submitted two privilege logs that highlighted their continued refusal to fully comply with the Court's order. On this record, the Fifth Circuit is unlikely to find any abuse of discretion in how the Court exercised its "inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (citation omitted)).

**IV.     The Court did not abuse its discretion in overruling Defendants' First Amendment objections.**

Although Defendants devote the bulk of their motion to the Court's First Amendment analysis, the Court granted X's motion to compel after finding waiver of Defendants' assertion of First Amendment privilege. *See* ECF No. 98 at 13, 22. Thus, if Defendants are unlikely to overcome the Court's waiver findings, no stay can issue irrespective of Defendants' substantive First Amendment arguments. And for the reasons explained above, *see* Part I.B, Defendants have not made a strong showing that the Court's waiver findings were an abuse of discretion.

But even if this Court or the Fifth Circuit were to address the merits, there would still be no grounds for a stay. To start, the Court rejected X's arguments that the First Amendment did not apply in this context, ECF No. 98 at 17, and held X to a standard of exacting scrutiny—the very standard that Defendants have argued should apply here. *See* ECF No. 98 at 17-18; ECF No. 100 at 15. Thus, there was no application of an incorrect legal standard that could justify an abuse-of-discretion finding. *Klier v. Elf Atochem North America, Inc.*, 658 F.3d 468, 474 (5th Cir. 2011). The Court proceeded to balance the competing interests at stake under the framework set out in Defendants' authorities: the importance of the information sought to the issues in the case, the substantiality of the First Amendment interests at stake, the availability of the information from

– 10 –

alternative sources, and whether the request is carefully tailored to avoid unnecessary interference with protected activities. ECF No. 98 at 18 (citing *Perry v. Schwarzenegger*, 591 F.3d 1147, 1161 (9th Cir. 2010)). In short, Defendants concede that the Court applied the right standard but disagree with the Court's analysis of how that standard shakes out on these facts.[2]

In their motion for stay, Defendants do not cite any authority suggesting that the Court abused its discretion in its balancing analysis. Defendants invoke *Perry*, for example, but in that case, the district court applied the wrong legal standard. 591 F.3d at 1164. And in *Americans for Prosperity Foundation v. Bonta*, the Supreme Court discussed the associational chill from "each *governmental* demand for disclosure" in a "dragnet" regime opening state access to all charitable groups' major donors regardless of alleged wrongdoing. 594 U.S. 595, 618 (2021) (emphasis added). But as X explained at length in its motion to compel, there is no governmental action here, let alone a governmental demand for documents. If there were, then a motion to compel any discovery request would constitute a governmental demand for documents.

Defendants also seize on stray language from both cases to assert that the Court failed to address the breadth of X's requests. Mot. 8-10. That contention only hurts Defendants. As explained above, if they took issue with the scope of X's requests, they could have moved for reconsideration of the Court's June order, explaining their view that searching for and logging responsive documents would not be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Alternatively, Defendants could have searched for and logged all responsive documents and then argued on a document-by-document basis that the balancing test should come out in their

---

[2] For avoidance of doubt, X reiterates its view that the First Amendment's protections do not apply to discovery between private parties. The Court recognized that X's argument had some persuasive value, ECF No. 98 at 16, and the Fifth Circuit may take that threshold issue into account if it reaches the merits of Defendants' appeal.

favor. Either approach would have teed up all of Defendants' objections for resolution, but Defendants chose neither. In the absence of a proper privilege log, there was nothing to balance. Or as the Court put it, the requirement of a log "is even more critical for a qualified privilege that requires the Court to balance competing interests." ECF No. 98 at 9. Because arguments about the requests' scope should have been proffered much sooner, Defendants' stay motion functions as a belated motion for reconsideration of the Court's June order compelling Defendants to log responsive documents. The Court did not abuse its discretion in failing to consider arguments that Defendants did not properly present or preserve.

## V.      The Remaining Factors Counsel Against a Stay Pending Appeal.

Before the Court may enter a stay pending appeal, the Court must also consider whether Defendants will be irreparably injured absent a stay, whether issuance of a stay will substantially injure X, and where the public interest lies. *Nken*, 556 U.S. at 433. Defendants are right that courts often conclude that an injury to a party's First Amendment interests will constitute irreparable injury justifying a stay pending appeal or an injunction. Mot. 22-23. Of course, that contention presupposes a First Amendment injury. As X has explained elsewhere, and as the Court observed, the parties have already agreed to a protective order allowing for the classification of documents as "Attorney's Eyes Only," and any additional concerns about specific documents can be addressed by one or both parties further "seek[ing] a protective order designating those documents as confidential." ECF No. 98 at 21-22 (quoting *Fla. State Conf. of Branches & Youth Units of NAACP v. Lee*, 568 F. Supp. 3d 1301, 1307 (S.D. Fla. 2021)). In these circumstances, Defendants have not shown the loss of any First Amendment freedoms justifying a stay.

The remaining considerations favor X. The trial date in this case has already been postponed once, and the Court is unlikely to countenance any further continuances. As the Court

noted when it denied Defendants' motion to stay discovery, "[a]ny delays imposed by a stay would undermine [the] speedy resolution" of this case. *See* ECF No. 54 at 15. X intends to use the documents that the Court has required Defendants to produce to inform its general trial strategy and buttress its arguments in support of jurisdiction, venue and the merits. Given Defendants' repeated delays in timely providing documents, *see, e.g.*, ECF Nos. 60, 96, X can ill afford even more hurdles in obtaining access to responsive documents that the Court has long ordered to be logged or produced. The public interest lies in "the just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1. A stay would undermine those aims.

## CONCLUSION

For these reasons, Defendants' motion for a stay pending appeal should be denied.

Dated: October 3, 2024

Respectfully submitted,

*/s/ Christopher D. Hilton*
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
Michael R. Abrams
Texas Bar No. 24087072
Alexander M. Dvorscak
Texas Bar No. 24120461
**STONE | HILTON PLLC**
600 Congress Ave., Ste. 2350
Austin, TX 78701
Telephone: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com
alex@stonehilton.com

John C. Sullivan
Texas Bar No. 24083920
**S|L Law PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2024, a copy of this document was served on all counsel of record through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

*/s/ Christopher D. Hilton*
Christopher D. Hilton