IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| X CORP § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MEDIA MATTERS FOR AMERICA, § <br> ET AL., § <br> § <br> Defendants. § | Civil Action No. 4:23-CV-01175-O |

# ORDER

Before the Court are Defendants' Motion to Stay Order to Compel (ECF No. 99), filed October 1, 2024; Plaintiff's Response (ECF No. 105), filed October 3, 2024; and Defendants' Reply (ECF No. 107), filed October 4, 2023. Having considered the motion, briefing, and applicable law, the Court finds the motion should be and is hereby **DENIED**. The Court also extends the deadline for compliance with ordered disclosure until the Fifth Circuit Court of Appeals resolves Defendants' request for an emergency stay.

## I.   BACKGROUND

At this stage, the facts of this case are well-known, and the Court will not repeat them at length here.[1] Because of this, the Court only recounts background information necessary to understand and contextualize the pending motion.

Once this case proceeded to discovery, Plaintiff served requests for production.[2] Initially, Defendants refused to produce anything in response to 14 out of Plaintiff's 47 requests.[3]

---

[1] *E.g.*, Sep. 27, 2024 Op. & Order on Mot. to Compel, ECF No. 98.
[2] Pl.'s App. in Supp. Mot. to Compel ECF No. 85.
[3] Pl.'s Brief in Supp. of Mot. to Compel 6, ECF No. 60.

1

Eventually, Plaintiff filed its first motion to compel.[4] The Court granted in part and denied in part the issues presented in that discovery dispute.[5] At that time, the Court deferred ruling on requests for production numbers 17, 18, 21, and 35 and the accompanying First Amendment privilege concerns "until such a protocol is established and responsive documents have been identified."[6] The Court ordered Defendants to log any responsive documents as privileged and deliver the privilege log to Plaintiff no later than June 14, 2024. Nonetheless, Defendants refused to independently search for all documents responsive to X's donor-related requests.[7] On multiple occasions, Plaintiff registered its disagreement with Defendants' approach,[8] and thereafter filed a second motion to compel, focusing on the deferred RFPs.[9]

On September 27, 2024, after full briefing, the Court granted Plaintiff's Motion to Compel.[10] The Court found that Defendants waived their First Amendment privilege on three grounds, and irrespective of waiver, concluded that X had overcome Defendants' asserted associational interests.[11] On October 1, 2024, Defendants appealed and sought a stay of the Court's Order.[12] The Court granted a stay to the disclosure deadline pending a decision on the motion to stay.[13] The motion is now ripe for the Court's consideration following the filing of Plaintiff's response[14] and Defendants' reply.[15]

---

[4] Pl.'s Mot. to Compel, ECF No. 59.
[5] June 6, 2024 Order, ECF No. 65.
[6] *Id.* at 2.
[7] Pl.'s App. 176, ECF No. 85 (Defendants' counsel discussing "[Defendants'] refusal to independently *search* for donor related documents") (emphasis in original); *id.* at 179 (Defendants' counsel informing X that "Defendants are not separately searching for donor-related documents").
[8] *See, e.g., id.* at 177–78.
[9] Pl.'s Mot. to Compel, ECF No. 83.
[10] Sep. 27, 2024 Op. & Order on Mot. to Compel, ECF No. 98.
[11] *Id.*
[12] Defs.' Emergency Mot. to Stay Order to Compel, ECF No. 99; Defs.' Brief in Supp. of Mot. to Stay Order to Compel, ECF No. 100; Defs.' Not. of Interlocutory Appeal, ECF No. 101.
[13] Oct. 4, 2024 Order Granting Temporary Stay, ECF No. 106.
[14] Pl.'s Resp. in Opp'n to Mot. to Stay Order to Compel, ECF No. 105.
[15] Defs.' Reply in Supp. of Mot. to Stay Order to Compel, ECF No. 107.

## II.   LEGAL STANDARD

"A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (cleaned up). As such, it is an "extraordinary remedy" left to the Court's equitable discretion. *Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019). Such "[a] stay pending appeal is 'extraordinary relief' for which defendants bear a 'heavy burden.'" *Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023). In determining whether to grant a stay pending appeal, this Court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 426 (2009). Of these, "[t]he first two factors . . . are the most critical." *Plaquemines Parish*, 84 F.4th at 373. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." *Nken*, 556 U.S. at 433–34. Importantly, "[a] stay is not a matter of right, even if irreparable injury might otherwise result," but "[i]t is instead an exercise of judicial discretion, and [t]he propriety of its issue is dependent upon the circumstances of the particular case." *Plaquemines Parish*, 84 F.4th at 373 (quoting *Nken*, 556 U.S. at 433). A court must thoughtfully consider the factors because "'[a] stay is an intrusion into the ordinary processes of administration and judicial review.'" *Campaign for S. Equality v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (quoting *Nken*, 556 U.S. at 427).

**III.   ANALYSIS**

Defendants ask this Court to stay its order "[b]ecause Defendants intend to immediately appeal" the Court's September 27 Order.[16] Applying the four well-established factors here and considering the arguments raised by the parties, the Court determines that Defendants have *not* met their burden to show that the Court should "exercise . . . judicial discretion" to stay the order pending appeal in this "particular case." *Plaquemines Parish*, 84 F.4th at 373.

**A.  Stay Pending Appeal**

The Court stands on its prior analysis and fully incorporates the reasoning here.[17] Nonetheless, the Court will address the four factors below.

**1.  Success on the Merits**

The Court must first consider whether Defendants have made a *strong* showing that they are likely to succeed on the merits. *U.S. Navy Seals 1-26 v. Biden*, 27 F. 4th 336, 349 (5th Cir. 2022) (citing *Nken*, 556 U.S. at 426). They have not. Instead, Defendants provide the same failed arguments raised in their response to Plaintiff's Motion to Compel. The only notable change in Defendants' argument is the claim that the Court did not *properly* apply the exacting scrutiny standard. That said, Defendants do not acknowledge the Court had to scrutinize at a "30,000 foot"[18] view (as Defendants describe it) *because* of Defendants' actions.

**a.  Waiver**

For Defendants to succeed on the merits of their First Amendment qualified privilege claim, Defendants must succeed on the threshold issue of waiver. Thus, the Court will first analyze whether Defendants have demonstrated a *strong* showing that the Court abused its discretion in

---

[16] Defs.' Brief in Supp. of Mot. to Stay Order to Compel 1, ECF 100.
[17] Sep. 27, 2024 Op. & Order on Mot to Compel, ECF No. 98.
[18] Defs.' Brief in Supp. of Mot. to Stay Order to Compel 1, ECF 100.

4

finding waiver. *U.S. Navy Seals 1-26*, 27 F. 4th at 349 (5th Cir. 2022) (citing *Nken*, 556 U.S. at 426). If Defendants are unlikely to overcome the Court's waiver findings, the Court cannot issue a stay based on Defendants' substantive First Amendment arguments. And for the reasons explained below, Defendants have not made a strong showing that the Court's waiver findings were an abuse of discretion.

Under the abuse of discretion standard, the Fifth Circuit will reverse a trial court's "discovery ruling *only* if it is 'arbitrary or clearly unreasonable,' *and* the complaining party demonstrates that it was prejudiced by the ruling." *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 (5th Cir. 2000) (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)) (internal citation omitted) (emphasis in original). Additionally, the "district court has 'broad discretion' to construe its own pretrial orders." *Transamerica Leasing, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1334 (11th Cir. 2005). The "district court's interpretation of its own [prior] order is properly accorded deference on appeal when [that] interpretation is reasonable." *Stansell v. López*, 40 F.4th 1308, 1311 (11th Cir. 2022).

After considering Defendants' arguments—and having already considered them in the previous order—the Court continues to agree with Plaintiff. All three grounds supporting waiver (failure to comply with the Court's Order, log *these* documents, and maintain *this* privilege) still support the Court's original conclusion that waiver is warranted.

Regarding the Court's June 6, 2024 Order, the Court ordered Defendants "to log any responsive documents [to RFP Nos. 17, 18, 21, and 35] as privileged and deliver [a privilege log] to Plaintiff no later than June 14, 2024."[19] In doing so, the Court waited to answer the First Amendment question in full, because a detailed privilege log would have allowed the Court to

---

[19] June 6, 2024 Order 2, ECF No. 65.

5

conduct a more nuanced exacting scrutiny analysis. As previously explained, "[o]nce these steps were completed, the parties could pursue a motion to compel, if needed."[20] Defendants duty to "log any responsive documents" could only reasonably be predicated on first searching for the documents. No good faith reading of the Order allows Defendants to provide a blank privilege log—that is, without the purported First Amendment privileged documents.

Defendants construe the Court's June 13, 2024 Order granting an agreed motion to extend all pretrial deadlines as extending the June 6, 2024 Order compliance date.[21] But the Court's extension of the discovery deadline neither explicitly nor implicitly moved the deadline to provide the First Amendment privilege log.

Even assuming *arguendo* that the Court moved the deadline to June 28, 2024,[22] Plaintiff still did not have a privilege log with the First Amendment documents when it filed its motion to compel. Thus, by Defendants' reading—and only their reading—the Court moved the deadline to produce the First Amendment log to the end of the parties agreed upon privilege log schedule. No plausible reading of the orders postponed the adjudication of a ripe controversy by half a year. The Court did not impose a heavy burden on Defendants. They could have complied with the Court's Order, by, at a minimum, independently searching for the documents and creating a privilege log.

Defendants are unlikely to succeed on the merits because, while bound by a Court Order, Defendants neither asked for clarification of the June 6, 2024 Order, nor asked the Court for reconsideration after Plaintiff presented the motion to compel, which discussed the failure to comply with the June 6, 2024 Order. If Defendants had read the June 13, 2024 Order as implicitly moving the June 6, 2024 Order compliance date, Defendants could have asked the Court for

---

[20] Sep. 27, 2024 Op. & Order on Mot. to Compel 2, ECF No. 98.
[21] Defs.' Brief in Supp. of Mot. to Stay Order to Compel 18–19, ECF 100.
[22] *See* June 13, 2024 Order 1, ECF No. 69 ("Deadline for Defendants to Provide First Privilege Log and Associated Documents").

clarification at that time or asserted it throughout the objection conferral process with Plaintiff. Defendants did neither.

Moreover, regardless of *when* a privilege log was required, Defendants did not provide a privilege log at all regarding these objections. Defendants' argument is internally inconsistent. Defendants cannot say they "agree that that the privileged status of donor-related documents is ripe for the Court's resolution"[23] *and* simultaneously hold that subsequent logs would provide the privilege objection and description. A qualified privilege requires a balancing of the harm of disclosure of a document with the purported need. The issue is either ripe or it is not. Defendants cannot have it both ways.

Defendants are also not likely to succeed on the merits because Rule 26 requires a party to "describe the nature of the documents, communications, or tangible things not produced or disclosed" to preserve the privilege. FED R. CIV. P. 26(b). It is undisputed Defendants have not done this. When a withholding party "fail[s] to provide a privilege log" and "fail[s] to properly substantiate [its] objections by submitting evidence necessary to sustain its burden of proof to [its] objections," privilege is waived. *Johnston v. Transocean Offshore Deepwater Drilling, Inc.*, No. CV 18-491, 2019 WL 1558040, at *2 (E.D. La. Apr. 10, 2019).

Despite their explicit acknowledgement that the issue was ripe,[24] Defendants claim that later logs will comport with Rule 26's requirements. Plaintiff cannot wait to compel production of documents necessary for depositions at the close of discovery because this would undermine Plaintiff's preparation and ability to sustain its burden of proof in the case. And Defendants cannot unilaterally determine when to make this issue ripe for review.

---

[23] Pl.'s App. to Mot. to Compel 176, ECF No. 97 (email from A. Khanna dated July 30, 2024).
[24] *Id.*

7

Finally, Defendants are not likely to succeed on the merits regarding the Court's third basis for a finding of waiver—a failure to adequately preserve the privilege in the operative objections and responses to specific identified documents. Defendants offer no new arguments on this ground, and the Court stands on its prior analysis in full.[25]

It is not lost on the Court that Defendants argue "[w]aiver requires 'an intentional relinquishment or abandonment of a known right or privilege,' and 'purported waivers of fundamental constitutional guarantees are subject to the most stringent scrutiny'" (internal citations omitted).[26] However, the only reasonable conclusion the Court could make here is that Defendants' actions constituted waiver. Defendants failed to comply with the June 6, 2024 Order, failed to described the documents withheld, and because they did not even search for them, they could not assert the privilege with respect to specific documents in their amended objections. Waiver is a justified result given that each of these three reasons could independently warrant waiver. And if all three of these grounds *together* do not amount to waiver, the Court is unsure what, if anything, would ever constitute waiver.

On this issue, the Court, in its discretion, opted to defer ruling on the potential constitutional issues in the June motion to compel, despite the parties' agreement that the issue was ripe. This would have allowed the parties to fully frame and, if necessary, brief any dispute over these documents. In response, Defendants did not even search for responsive documents. The Court did everything in its power, short of a show-cause hearing, to address Defendants' actions plainly ignoring the Court's Order, failing to comply with Rule 26, and failing to assert the privilege with respect to specific documents. Defendants clearly waived their objection.

---

[25] Sep. 27, 2024 Op. & Order on Mot. to Compel 17–22, ECF No. 98.
[26] Defs.' Brief in Supp. of Mot. to Stay Order to Compel 2, ECF 100 (citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) and *In re Bryan*, 645 F.2d 331, 333 (5th Cir. 1981)).

Finally, the Court did not fail to "meaningfully address Defendants' other objections to X's discovery requests."[27] The Court addressed the objection that the requests "are harassing and seek irrelevant information"[28] in its analysis of the First Amendment balancing test.[29] Defendants benefited from the Court's analysis that addressed these concerns with the "more demanding heightened relevance standard" under the First Amendment qualified privilege. *Perry*, 591 F.3d at 1144. The objections not relied upon and explained in the motion to compel brief were "deemed abandoned," which is consistent with what other courts have held. *Garcia v. Padilla*, 2016 WL 881143, at *3 (M.D. Fla. Mar. 8, 2016) ("Objections timely asserted in a party's initial response to discovery requests but not reasserted or argued in response to a motion to compel are deemed abandoned."); *see also Jackson v. Geometrica, Inc.*, No. 3:04CV640J20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 681 n.8 (D. Kan. 2004).

Accordingly, the Court finds that Defendants, *who bear the burden* to show a stay pending appeal is warranted, fail to meet their burden to show a stay pending appeal, let alone make the "strong" showing required for such "extraordinary relief" as a stay pending appeal. *Plaquemines Parish*, 84 F.4th at 373. Therefore, this factor weighs heavily against granting a stay.

    **b. First Amendment Balancing Test**

Since Defendants cannot overcome the threshold issue of waiver, a stay cannot be warranted even if they could otherwise succeed on the merits of their First Amendment claim. Nonetheless, Defendants have not met their burden to warrant a stay pending appeal on First Amendment grounds. Defendants start their argument with the exaggerated claim that "[i]t is

---

[27] Defs.' Brief in Supp. of Mot. to Stay Order to Compel 13, ECF 100.
[28] *Id.* at 14 (quoting ECF No. 87 at 19).
[29] Sep. 27, 2024 Op. & Order on Mot. to Compel 17–22, ECF No. 98.

9

undisputed that this controversy concerns Defendants' First Amendment rights."[30] This is clearly in dispute since Plaintiff claims that a court's action is not state action under the First Amendment qualified privilege.[31] And this question is not settled in the Fifth Circuit. In its previous Order, this Court reasoned that state action was present only via an analogy to RFRA.[32] Notwithstanding this over-characterization by Defendants, the Court is still convinced that Plaintiff overcomes the application of exacting scrutiny to warrant disclosure.

When the First Amendment qualified privilege was invoked, this Court applied the burden-shifting test that "balances the interest in disclosure against the burden imposed on associational rights." *Young Conservatives of Tex. Found. v. Univ. of N. Tex.*, No. 4:20-CV-973-SDJ, 2022 WL 2901007, at *2 (E.D. Tex. Jan. 11, 2022); *see also Perry v. Schwarzenegger*, 591 F.3d 1147, 1160–61 (9th Cir. 2010). Defendants' grievance is that Court determined that Plaintiff showed "an interest in obtaining the disclosures . . . which is sufficient to justify the deterrent effect which . . . these disclosures may well have." *Hastings v. N. E. Indep. Sch. Dist.*, 615 F.2d 628, 632 (quoting *NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 463 (1958)).

While Defendants claim that "neither the Court's order nor X explain how such information is possibly even *relevant* to a claim or defense, never mind so critically important as to require casting aside First Amendment rights,"[33] that is objectively untrue. The Court's Order explained

---

[30] Defs.' Brief in Supp. of Mot. to Stay Order to Compel 8, ECF 100.

[31] Pl.'s Resp. in Opp'n to Mot. to Stay Order to Compel 11 n.2, ECF No. 105 ("For avoidance of doubt, X reiterates its view that the First Amendment's protections do not apply to discovery between private parties. The Court recognized that X's argument had some persuasive value, []and the Fifth Circuit may take that threshold issue into account if it reaches the merits of Defendants' appeal.").

[32] *See* Sep. 27, 2024 Op. & Order on Mot. to Compel 17, ECF No. 98 ("By way of analogy, if 'government's . . . compelling need' is 'the court's or litigant's using the court' under the RFRA compelling interest analysis, the same ought to be true for the First Amendment associational privilege analysis." (quoting *Whole Woman's Health*, 896 F.3d at 371)).

[33] Defs.' Brief in Supp. of Mot. to Stay Order to Compel 10, ECF 100 (emphasis in original) (citing *Perry*, 591 F.3d at 1144).

10

that the documents required to be produced "are demonstrative of Defendants' mental state, which is relevant to the essential elements of its claims and to show punitive damages."[34] Apart from their relevance to damages, the Court also explained the element of each of Plaintiff's claims in which the mental state is required.[35]

Moreover, it bears repeating that while Defendants rely heavily on *Whole Women's Health v. Smith*, they do not emulate the actions of the Texas Bishops.[36] 896 F.3d 362, 366–67 (5th Cir. 2018). Put another way, Defendants did not ask for reconsideration of *any* of the Court's ruling or provide a privilege log and propose an *in camera ex parte* review as the Texas Bishops did to allow a more thorough "exacting scrutiny analysis." Even today Defendants have not pointed to case law that justifies this decision. Defendants' actions continue to hamstring the Court's analysis.

And Defendants *still* do not claim the act of independently searching for documents itself is a First Amendment violation. As an additional wrinkle, Defendants now object to the Court not allowing them to redact the documents. But Defendants did not raise this in their initial briefing, nor did they provide the documents, the proposed redactions on the documents, or information about the content of the documents.

Thus, with the information provided to the Court by Defendants, and given Plaintiff's argument regarding the lack of traditional state action, Defendants have not met the "strong" showing required for the "extraordinary relief" of a stay pending appeal. *Plaquemines Parish*, 84

---

[34] Sep. 27, 2024 Op. & Order on Mot to Compel 18–19, ECF No. 98.
[35] *See id.* at 19 ("tortious interference with contract" requires Plaintiff to prove a "willful and intentional act of interference with the contract" and "business disparagement" requires Plaintiff to prove Defendants published "false and disparaging information . . . with malice" (citations and internal quotation marks omitted)).
[36] *See id.* at 8 (discussing the Texas Bishops).

F.4th at 373. Therefore, Defendants' unlikelihood of success on the merits of their First Amendment arguments also weighs heavily against granting a stay.

### 2. Irreparable Harm

Regarding the second stay factor, the Court concludes that Defendants have not shown that they will suffer irreparable harm absent a stay pending appeal. The Court has only strengthened the protective agreement to reduce the harm to Defendants. At the expense of valuable judicial resources, the Court requires Plaintiff to "*ask the Court* before using any information beyond the 'Attorney's Eyes Only' designation."[37] Plaintiff's counsel cannot share this information with the client, ask questions in depositions, or otherwise disclose this information without explicit Court approval. On each occasion, Defendants will be granted an opportunity to be heard *before* information is used. Even after Defendants' own conduct waived the First Amendment protections, this Court has sought to protect Defendants' First Amendment interests.

Even if Defendants' First Amendment interest is strong, which is doubtful because of the lack of similar state action as *NAACP* or *Bonta*,[38] the Court has provided a safeguard to Defendants above and beyond most cases. Additionally, the Fifth Circuit stressed that "any injury to [the party] is outweighed by [a] strong likelihood of success on the merits." *Freedom from Religion Foundation, Inc. v. Mack*, 4 F.4th 306, 316 (5th Cir. 2021). Indeed, "simply showing some 'possibility of irreparable injury'" does not weigh in favor of a stay because, on its own, that "standard is too lenient." *Nken*, 556 U.S. at 434–35. The fact that the Defendants ignored both the June 6 Order and Rule 26 continues to weigh heavily against this stay.

---

[37] Sep. 27, 2024 Op. & Order on Mot. to Compel 22, ECF No. 98 (emphasis added).
[38] *See id.* at 14–15 (describing the state action in those cases).

Finally, Defendants argue that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."[39] But this conveniently ignores that Plaintiff was granted relief given Defendants' waiver and the Court's First Amendment balancing analysis. And, importantly, the standard for waiver is, as noted by Defendants, abuse of discretion. Defendants' argument that "[e]xisting donors will face a substantially increased risk of threats, harassment, and reprisals"[40] once again ignores the protective order *and* additional safeguards to disclosure. Unless Defendants believe these threats will be coming from the Plaintiff's attorneys (which is not argued and would be an affront to the character of the lawyers), the claim is baseless.

Accordingly, Defendants fail to demonstrate irreparable injury as a result of the Order compelling production. This is especially true given the added protection the Court provided in its discretion.

### 3. Injury to Plaintiff

The remaining considerations, like the two before, also favor Plaintiff. The trial date in this case has already been postponed once, and the Court is unlikely to grant any further continuances. The Court noted when it denied Defendants' motion to stay discovery, "[a]ny delays imposed by a stay would undermine [the] speedy resolution" of this case.[41] Plaintiff "intends to use the documents to inform its general trial strategy" and as evidence "in support of jurisdiction, venue and the merits."[42] Additionally, the delays in this case are caused in large part by Defendants. If Defendants had complied with the June 6, 2024 Order, produced a privilege log, even searched for responsive documents, and asked for an *in camera ex parte* review of the documents, the case

---

[39] Defs.' Brief in Supp. of Mot. to Stay Order to Compel 22, ECF 100 (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality op.)).
[40] *Id.* at 23.
[41] Apr. 26, 2024 Order Denying Mot. to Stay 15, ECF No. 54.
[42] Pl.'s Resp. in Opp'n to Mot. to Stay Order to Compel 13, ECF No. 105.

might be different. Plaintiff should not be continually burdened by Defendants tactics to avoid producing responsive documents.

### 4. The Public Interest

Finally, the public interest lies in "the just, speedy, and inexpensive determination" of this proceeding. FED. R. CIV. P. 1. A stay would undermine those aims. Moreover, the Court recognizes that the resolution of this lawsuit is important to the industry in which it pertains.[43] Defendants seemingly acknowledge the importance that this lawsuit may have on the journalism industry in their motion to certify an immediate appeal.[44] While Defendants claim that "public interest always lies in a correct application of the First Amendment,"[45] here, the issue of waiver is a threshold issue that does not require the same consideration. Thus, any delay in the resolution of this case cuts in favor of denying a stay pending appeal.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Stay Order to Compel (ECF No. 99). The Court, however, stays this case while Defendants seek the emergency relief they have filed to give the Fifth Circuit time to consider the request.[46]

**SO ORDERED** this **7th day** of **October, 2024**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[43] *See* Jonathan Turley, *Why Elon Musk's lawsuit against Media Matters…Matters*, THE HILL (August 31, 2024) https://thehill.com/opinion/judiciary/4856575-media-matters-elon-musk-lawsuit/.
[44] Defs.' Brief in Supp. Mot to Certify Immediate Appeal 10, 13–14, ECF No. 94.
[45] Defs.' Brief in Supp. Mot. to Stay Order to Compel 24, ECF 100 (quoting *Freedom From Religion Found.*, 4 F.4th at 317 (cleaned up)).
[46] *See In re Clark*, 94 F.4th 502, n.1 (5th Cir. 2024).