## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **X CORP**., a Nevada corporation, | § § § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Case No. 4:23-cv-01175-O |
| | § | |
| **MEDIA MATTERS FOR AMERICA**, a Washington, D.C. non-profit corporation, **ERIC HANANOKI**, and **ANGELO CARUSONE**, | § § § § | |
| | § | |
| *Defendants.* | § § | |

---

### PLAINTIFF'S UNOPPOSED MOTION TO AMEND SCHEDULING ORDER

---

Following the Court's order granting in part the parties' joint motion to amend the scheduling order (ECF No. 69; *see also* ECF No. 14), Plaintiff has proceeded apace on all aspects of fact and expert discovery with the expectation of meeting the deadlines that the Court set. Nonetheless, an important dispute between the parties—whether Defendants must respond to Plaintiff's requests for discovery related to Defendants' donors—is presently before the United States Court of Appeals for the Fifth Circuit. *See X Corp. v. Media Matters for America*, No. 24-10900 (5th Cir.).

Plaintiff takes seriously the demands of the Court's busy docket and obligation to keep all cases, including this one, moving "at a diligent pace toward final resolution." ECF No. 69 at 1 n.1. It is for that reason that Plaintiff filed a motion to expedite the appellate proceedings initiated by Defendants. The Fifth Circuit granted the motion and will hear argument on Defendants' appeal in February 2025—months before the Fifth Circuit otherwise would have scheduled oral argument in the normal course. However, the Fifth Circuit will not resolve the appeal with sufficient time

for the parties to complete fact discovery, timely prepare pretrial disclosures, and proceed to trial

on the current schedule. For these reasons, Plaintiff requests that the Court amend the scheduling

order and extend all current dates and deadlines by 180 days.

Plaintiff has conferred with Defendants' counsel and has been advised as follows:

while Defendants disagree with Plaintiff's positions on both the discoverability and relevance of

documents related to Defendants' donors, they do not oppose the requested 180-day extension of

current deadlines.[1] Defendants recognize that it would promote judicial economy and preserve

party and non-party resources for the Court to amend the current schedule in light of the Fifth

Circuit proceedings. For example, an amended schedule would avoid the potential need for each

Defendant and Defendants' witness to sit for two different depositions if the Fifth Circuit

determines that the donor documents are relevant. And it will permit time for the Court to resolve

sufficiently in advance of discovery deadlines two pending motions to compel—ECF Nos. 95

(Plaintiff's motion) and 113 (Defendants' motion)—each of which will directly affect the parties'

---

[1] Defendants do, however, oppose Plaintiff's proposed schedule to the extent that it requires dispositive motions to be filed before the completion of discovery, as such a schedule threatens to deprive Defendants both of evidence that will support an affirmative motion and of evidence that may defeat any motion by Plaintiff. *See, e.g.*, *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1268 (5th Cir. 1991) ("[T]he district court should have allowed Shortstop to complete discovery before proceeding to rule on [a summary judgment] motion. Summary judgment is a lethal weapon. We must afford prospective victims some protective armor if we expect them to properly defend against it.").

Plaintiff submits that Defendants' objection to the "proposed schedule" is not a new objection, as it would have applied equally to the prior schedule set by the Court, to which Defendants did not object. Plaintiff is simply requesting to extend all existing deadlines by 180 days, which simply maintains the same scheduling structure as existed previously. Plaintiff also submits that the scheduling order as currently structured—which places dispositive motions due slightly before the close of discovery, but allows discovery to be completed before replies are due, ECF No. 69 at 2—is best suited to bringing about a timely resolution of this case. The authority cited by Defendants merely held that discovery in that case should have been completed before "proceeding to rule on a [summary judgment] motion." *Int'l Shortstop*, 939 F.2d at 1268. The current schedule allows for that.

discovery obligations and may facilitate negotiation and resolution of other discovery disputes without court intervention. Ultimately, both sides agree that completing discovery and proceeding to trial on this case before appellate proceedings have been exhausted on this important issue is inefficient and wasteful, impracticable or impossible, and contrary to the purpose of the Federal Rules. *See* Fed. R. Civ. P. 1.

## ARGUMENT AND AUTHORITIES

Parties may request an amendment of a court's scheduling order for good cause shown, Fed. R. Civ. P. 16(b)(4). The standard "requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)); *see also* ECF No. 14 ¶ 12 ("Conclusory statements will usually not suffice to show good cause, even if the motion is agreed or unopposed."); *Sustainable Modular Mgmt., Inc. v. Travelers Lloyds Ins. Co.*, 2021 WL 4822017, at *2 (N.D. Tex. Oct. 15, 2021) (Fitzwater, J.) ("The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order.").

Good cause exists in these unique circumstances. On September 27, the Court issued an order granting Plaintiff's motion to compel donor-related documents. ECF No. 98 at 22. On October 1, 2024, Defendants appealed, ECF No. 101, and obtained a stay of this Court's order from a Fifth Circuit motions panel. *X Corp. v. Media Matters for America*, 2024 WL 4527047, at *1 (5th Cir. Oct. 20, 2024). Shortly thereafter, Plaintiff filed a motion to expedite the Fifth Circuit proceedings. App'x 4-8. The motion explained Plaintiff's view of "the importance of the discovery that is the subject of this appeal," noted that the scheduling order had already been extended once, and requested that the case be heard for argument by a merits panel in January. App'x 5-7.

The motions panel granted Plaintiff's request for expedited proceedings, but left it to the discretion of the merits panel to set a briefing schedule and determine whether oral argument would be warranted, App'x 13. The merits panel then set a schedule in which briefing will close on January 23, 2025. App'x 15. The Court specially set the appeal for argument on February 13, 2025,[2] App'x 20, only two weeks before pretrial disclosures are due, ECF No. 69 at 2.

Information related to donors and donor communications is important to the prosecution of Plaintiff's claims at trial. For that reason, the Fifth Circuit's decision will govern how Plaintiff will go about completing fact discovery in this case. As discussed in Plaintiff's prior briefing to this Court and the Fifth Circuit, for instance, communications with or among donors may be important evidence of malice. *See, e.g.*, ECF No. 91 at 8-9; ECF No. 105 at 13. Beyond that, donor-related documents may lead to new discoverable information and warrant the issuance of third-party subpoenas, additional document review, and depositions of some of those third parties. Plaintiff will also ask Defendants' witnesses questions about those same documents and communications, which on its own may lead to additional discovery supporting Plaintiff's claims. For that reason, depositions cannot be scheduled and taken, and written discovery cannot be completed, until the Fifth Circuit has clarified the scope of discovery in this case. Accordingly, if trial proceeds on the current schedule, Defendants' appeal would, in a practical sense, moot the Court's order compelling discovery of this information because of the stay pending appeal imposed by the Fifth Circuit.

It is not uncommon for interlocutory appeals to affect a district court's scheduling order. *E.g.*, ECF No. 205, *United States v. Abbott*, Case No. 1:23-cv-853 (W.D. Tex.). The parties are

---

[2] Only two Fifth Circuit panels are sitting in the Court's January 2025 session. *See* https://www.ca5.uscourts.gov/docs/default-source/default-document-library/courtweek-schedule.pdf?sfvrsn=0 (last accessed November 13, 2024).

cognizant of the Court's obligation to "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. But, as addressed above, discovery is currently set to close before merits briefing on the interlocutory appeal is complete. As noted, under the current schedule, completed pretrial disclosures—including the identification of witnesses who may or will be called at trial, deposition designations, and trial exhibits—must be exchanged between the parties on February 26, 2025. ECF No. 69 at 2. This is mere days after the Fifth Circuit's scheduled argument, and at least weeks before any decision is likely to issue. As addressed above with respect to the discovery deadline, the Fifth Circuit's decision will meaningfully affect the witnesses, depositions, and exhibits that are eventually disclosed. Accordingly, even if the Fifth Circuit were to issue a decision quickly, and even assuming no judge of the Fifth Circuit withholds the prompt issuance of the mandate, *see* I.O.P., 5th Cir. R. 41 ("Any active Fifth Circuit Judge may request that the court withhold issuance of its mandate."), there would still be insufficient time to timely exchange pretrial disclosures—much less complete the additional discovery that will be necessary following the resolution of the appeal.

After several conferences with Defendants' counsel, Plaintiff proposes that the Court balance the necessity of the parties' obtaining a decision in the interlocutory appeal with the need to proceed to trial promptly by extending all future dates and deadlines by approximately 180 days. This represents the shortest extension possible that accounts for the inherent uncertainty of the conclusion of the Fifth Circuit proceedings, over which neither Plaintiff nor this Court has any control. The requested extension to the schedule will allow the parties to complete discovery, exchange disclosures, and fully prepare for trial with the benefit of the Fifth Circuit's decision. In relevant part, the requested key dates are as follows:

- **Mediation:** May 26, 2025

- **Close of fact discovery:** June 30, 2025

- **Pretrial disclosures:** August 25, 2025

- **Trial Date:** October 6, 2025, or the Court's convenience

A detailed proposed order accompanies this motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion to modify the scheduling order and enter the revised schedule contained in the attached proposed order.

Respectfully submitted.

/s/ Adam Mehes
On behalf of X Corp.

/s/ Judd E. Stone II

/s/ Christopher D. Hilton
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
Michael R. Abrams
Texas Bar No. 24087072
Alexander M. Dvorscak
Texas Bar No. 24120461
**STONE | HILTON PLLC**
600 Congress Ave., Ste. 2350
Austin, TX 78701
Telephone: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com
alex@stonehilton.com

John C. Sullivan
Texas Bar No. 24083920
**S|L Law PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2024, a copy of this document was served on all counsel of record through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

*/s/ Christopher D. Hilton*
Christopher D. Hilton

## CERTIFICATE OF CONFERENCE

Counsel for the parties conferred via telephone and email on multiple occasions between November 7, 2024, and November 14, 2024. Counsel for Defendants consented to Plaintiff's filing this motion as unopposed. The full statement of Defendants' position is included above on pages 2-3 of this motion.

*/s/ Christopher D. Hilton*
Christopher D. Hilton