IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| X CORP, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-CV-01175-O |
| | § | |
| MEDIA MATTERS FOR AMERICA, | § | |
| ET AL., | § | |
| | § | |
|   Defendants. | § | |

## ORDER

Before the Court are Defendants' Motion to Certify an Immediate Appeal and Brief in Support (ECF Nos. 93–94); Plaintiff's Response (ECF No. 110); and Defendants' Reply (ECF No. 120). After due consideration, the Court **DENIES** Defendants' Motion.

## I. LEGAL STANDARD

"Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." *Fannie Mae v. Hurst*, 613 F. App'x 314, 318 (5th Cir. 2015) (citation omitted). A district court may exercise its discretion to certify an interlocutory order for immediate appeal upon finding that "(1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007); *See* 28 U.S.C. § 1292(b). "All three of these criteria must be met for an order to properly be certified for interlocutory appeal." *Earl v. Boeing Co.*, No. 4:19-CV-507, 2021 WL 1080689, at *2 (E.D. Tex. Mar. 18, 2021) (citation omitted).

Moreover, "[d]istrict courts have unfettered discretion to deny certification, even when all three [statutory criteria] are satisfied." *Goosehead Ins. Agency v. Williams Ins. & Consulting, Inc.*,

533 F. Supp. 3d 367, 385 (alteration in original) (citation omitted). The mere fact that a disgruntled litigant "intend[s] to inevitably appeal" does not create an exceptional case. *Id.* at 386. "[S]ection 1292(b) is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Breitweiser v. Chesapeake Energy Corp.*, No. 3:15-CV-2043-B, 2015 WL 6322625, at *8 (N.D. Tex. Oct. 20, 2015).

## II. ANALYSIS

Defendants argue that the Court's August 29, 2024, Order denying Defendants' Motion to Dismiss "satisfies § 1292(b)'s criteria for certification."[1] The Court disagrees with Defendants because an appeal challenging personal jurisdiction and venue fails the first criterion; that is, it is not a controlling question of law. "[C]ourts have consistently held that a court's application of facts to the well settled law of personal jurisdiction generally does not constitute a pure question of law for purposes of § 1292(b)." *Air Vent, Inc. v. Powermax Electric Co., Ltd.*, No. 3:22-CV-0516-B, 2023 WL 8285198, at *1-2 (N.D. Tex. Nov. 28, 2023)

The Court's ruling on personal jurisdiction does not present an appealable controlling question of law under § 1292(b) because it "turn[s] on facts." *Adhikari v. Daoud & Partners*, No. 09-CV-1237, 2012 WL 718933, at *2 (S.D. Tex. Mar. 5, 2012). As the Court explained in its September 27, 2024, Order, forthcoming facts, including withheld documents "may still be indicative of Defendants' efforts to solicit Texans generally or to support other journalistic endeavors, both of which may show Defendants purposefully availed themselves of a Texas forum," which may bolster the Court's personal jurisdiction.[2] Moreover, "Plaintiff continues to carry the burden of showing jurisdiction throughout the lawsuit."[3]

---

[1] Defs.' Br. in Supp. Mot. to Certify Immediate Appeal 3, ECF No. 94.
[2] Sept. 27, 2024, Op. & Order on Mot. to Compel 20–21, ECF No. 98.
[3] *Id.*

Additionally, as it relates to venue, Defendants admit that 28 U.S.C. § 1406 allows a renewed challenge to venue as the "evidentiary record develops."[4] Thus, because the facts establishing personal jurisdiction and venue continue to be developed, Defendant fails to present a controlling question of law. As such Defendants cannot satisfy the first criterion of § 1292(b), the Court does not reach the subsequent criteria to certify an immediate appeal.

### III. CONCLUSION

For the forgoing reasons, the Court **DENIES** Defendants' Motion to Certify an Immediate Appeal (ECF No. 93).

**SO ORDERED** on this **2nd** day of **January, 2025**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[4] Defs.' Br. in Supp. Mot. to Certify Immediate Appeal 18, ECF No. 94.