IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| X CORP | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-CV-01175-O |
| | § | |
| MEDIA MATTERS FOR AMERICA, ET AL., | § | |
| | § | |
|   Defendants. | § | |

## ORDER

Before the Court are Plaintiff's Motion to Compel, Brief, and Appendix in Support (ECF Nos. 95–97); Defendants' Response and Appendix in Support (ECF Nos. 111–12); and Plaintiff's Reply (ECF No. 123). After due consideration, the Court concludes that the Motion is hereby **DEFFERED in Part** and **DENIED in part**.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) governs the scope of discovery. The Rule provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A party must assert privilege explicitly and "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A)(i)–(ii).

Federal Rule of Civil Procedure 37 controls motions to compel discovery or disclosure. "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37. After a party has attempted in good faith to obtain discovery without court action, Rule 37 allows a motion to compel when a party fails to answer or respond

to a request for production under Rule 34 or an interrogatory under Rule 33, provided such discovery requests are within the scope of Rule 26(b). FED. R. CIV. P. 37(a)(3). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A response to a Rule 34 request "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons" for each item or category. FED. R. CIV. P. 34(b)(2)(B). The 2015 revision of the Federal Rules precludes the use of boilerplate objections. *See* FED. R. CIV. P. 26(b) advisory committee's note to 2015 amendment.

## II.  ANALYSIS

Plaintiff brings this third Motion to Compel because Defendants have withheld documents responsive to Plaintiff's requests under Texas privilege law, *i.e.*, "Texas Press Shield." TEX. CIV. PRAC. & REM. CODE §§ 22.021 *et seq*. Plaintiff presents two arguments for why the Texas Press Shield does not apply to this dispute. Alternatively, Plaintiff argues that the Court should review the documents *in camera* to resolve the objection. Defendants argue that the Texas Press Shield applies to the withheld documents and Plaintiff's Motion to Compel should be denied. For the following reasons, the Court agrees with Defendant that the Texas Press Shield applies but agrees with Plaintiff that *in camera* review is appropriate.

The Texas Press Shield was passed to provide qualified privileges to journalists. The statute prohibits "a judicial, legislative, administrative, or other body with the authority to issue a subpoena or other compulsory process" from "compel[ling] a journalist to testify regarding or to

produce or disclose in an official proceeding: (1) any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist; or (2) the source of any information, document, or item described by Subdivision (1)." *Id.* § 22.023(a)(1)–(2).

The statute defines a "journalist" as any person who "for a substantial portion of the person's livelihood or for substantial financial gain, gathers, compiles, prepares, collects, photographs, records, writes, edits, reports, investigates, processes, or publishes news or information that is disseminated by a news medium." *Id.* § 22.021(2). A person who "supervises" these activities also qualifies as a "journalist." *Id.* § 22.021(2)(A). The statute defines a "news medium" to include any "Internet company" that "disseminates news or information to the public by any means." *Id.* § 22.021(3).

### A. The Texas Press Shield applies to this dispute.

First, Plaintiff argues that the Texas Press Shield Law does not apply given choice-of-law rules. Under the Federal Rules of Evidence, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." FED. R. EVID. 501. Thus, the "availability of a privilege in a diversity case is governed by the law of the forum state." *Int'l Ins. v. RSR Corp.*, 426 F.3d 281, 299 n.26 (5th Cir. 2005). "This includes application of Texas choice-of-law rules when there is a dispute over which substantive law to apply." *Teleplus, Inc. v. Aventel, S.A.*, No. SA 98-CA849 WWJ, 2003 WL 23282491, at *1 (W.D. Tex. Apr. 9, 2003).

Plaintiff argues that Texas privilege law does not apply because Texas does not have the "most significant relationship to a written statement."[1] This argument falls short because Plaintiff does not otherwise identify which substantive law would apply, which is central to any choice-of-law analysis. *See, e.g.*, *Duhon v. Union Pac. Res. Co.*, 43 F.3d 1011, 1013 (5th Cir. 1995)

---

[1] *Id.* (citing *In re Levien*, No. 03-18-00079-CV, 2018 WL 2170825, at *5 (Tex. App.—Austin May 11, 2018, pet. denied)).

(explaining that the purpose of a choice-of-law analysis is "to determine which state's substantive law will apply"). Defendants note that Washington D.C. and Maryland, where the documents and communications in dispute were created or received, both have similar civil disclosure protections for the press.[2] If Texas does not have the "most significant relationship to a written statement," then either Washington D.C. or Maryland likely would. *In re Levien*, No. 03-18-00079-CV, 2018 WL 2170825, at *5 (Tex. App.—Austin May 11, 2018, pet. denied) Given Plaintiff's failure to address which state's substantive law applies and Defendants' consent, the Court holds that Texas Press Shield applies to this dispute.[3]

Second, Plaintiff argues that the Texas Press Shield is not "implicated at all in the context of the federal party discovery at issue in this case."[4] Plaintiff argues that the text of the statute—specifically, the phrase "subpoena[s] and other compulsory process"—does not contemplate the discovery tools used here. Additionally, Plaintiff argues Defendants cannot carry the "heavy burden" to "assure [the federal court] that [it] would not be making law" by making an Erie guess in its favor. *Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008).[5]

The Texas Press Shield prohibits the use of "subpoena[s] or other compulsory process" to compel journalistic disclosures. TEX. CIV. PRAC. & REM. CODE § 22.023(a). In arguing that the privilege is inapplicable here, Plaintiff relies on "a distinction between requests for production,"

---

[2] *See* Defs.' Resp. in Opp'n. 13, ECF No. 111 (explaining Washington, D.C. and Maryland privilege law D.C. CODE §§ 16-4702, 4703 and MD. CTS. & JUD. PROC. CODE ANN. § 9-112).
[3] "Defendants are also willing to stipulate that, with respect to Shield Law privileges in this case, Texas substantive privilege law applies." Defs.' Resp. in Opp'n. 13–14, ECF No. 111.
[4] Pl.'s Br. in Supp. Mot. to Compel. 7–10, ECF No. 96.
[5] Plaintiff correctly notes that "[n]either the Fifth Circuit nor the Texas Supreme Court has yet decided whether the Texas Press Shield Law applies in these circumstances." Pl.'s Br. in Supp. Mot. to Compel. 7, ECF No. 96. That alone, however, does not foreclose the Court from deciding this issue of first impression concerning the application of the Texas Press Shield.

which is what Plaintiff made here, "and subpoenas," which Plaintiff claims "are unnecessary to obtain documents from party opponents."[6] Moreover, Plaintiff argues, "to the extent Texas courts use the term 'compulsory process' to refer to anything other than a subpoena, it is to refer to writs of attachment in criminal cases, which are also not a form of party discovery."[7]

The Court rejects Plaintiff's construction of the statute to exclude information sought in the ordinary course of discovery between parties. Even if requests for production or motions to compel are distinct discovery mechanisms from subpoenas, Plaintiff provides no good reason why "other compulsory process" should be interpreted to exclude motions to compel in discovery disputes between parties. It cannot be the case that the phrase only encompasses criminal writs, because Texas law provides for a distinct privilege from journalistic disclosure in criminal cases. *See* TEX. CODE CRIM. PROC. art. 38.11, §§ 4–6. To construe "or other compulsory process" as only referring to criminal cases reads the phrase as surplusage instead of giving meaning to the language passed by the Texas Legislature. *See Randol Mill Pharmacy v. Miller*, 465 S.W.3d 612, 617 (Tex. 2015) ("[Courts] may not interpret a statute in a way that renders any part of it meaningless.").

Plaintiff's attempt to characterize this Court's role of construing the statute purely as an "*Erie* guess" misstates the interpretative weight of state courts of appeal. *84 Lumber Co. v. Cont'l Cas. Co.*, 914 F.3d 329, 333 (5th Cir. 2019). Instead, the decision of an "intermediate appellate state court . . . is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940). In *Abraham v. Greer*, a Texas appeals court upheld the application of the Texas Press Shield when invoked by the defendants in the lawsuit. 509 S.W.3d 609, 616 (Tex. App.—Amarillo 2016, pet. denied). In doing so, the court

---

[6] Pl.'s Br. in Supp. Mot. to Compel. 7, ECF No. 96.
[7] *Id.* at 8.

in *Abraham* apparently endorsed the application of this state-law privilege to both defendants and third parties. *Id.*

In sum, the Court rejects Plaintiff's arguments that the Texas Press Shield privilege does not apply. Because Plaintiff did not provide the Court with "persuasive data that the highest court of the state would decide otherwise," the Court holds that this privilege is available to a party to the lawsuit. *West*, 311 U.S. at 237.

**B. The Court grants Plaintiff's request for *in camera* review.**

Now the Court turns to whether the documents withheld are covered by the privilege. Determining the scope of the Texas Press Shield privilege is a two-step process. First, the journalist opposing discovery must make out a prima facie case that the Texas Press Shield applies by showing that the testimony or material sought falls in either of two covered categories: (1) any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist; or (2) the source of any information, document, or item described by Subdivision (1). TEX. CIV. PRAC. & REM. CODE § 22.023(a)(1)–(2); *see also In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) ("A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability."). If the journalist makes a prima facie showing, the privilege will apply unless the party seeking discovery can satisfy each of the following:

> (1) all reasonable efforts have been exhausted to obtain the information from alternative sources;
> 
> (2) the subpoena is not overbroad, unreasonable, or oppressive and, when appropriate, will be limited to the verification of published information and the surrounding circumstances relating to the accuracy of the published information;
> 
> (3) reasonable and timely notice was given of the demand for the information, document, or item;

    (4) in this instance, the interest of the party subpoenaing the information outweighs the public interest in gathering and dissemination of news, including the concerns of the journalist;

    (5) the subpoena or compulsory process is not being used to obtain peripheral, nonessential, or speculative information; and

    (6) the information, document, or item is relevant and material to the proper administration of the official proceeding for which the testimony, production, or disclosure is sought and is essential to the maintenance of a claim or defense of the person seeking the testimony, production, or disclosure.
*Id.* § 22.024.

    Here, Defendants carry their burden to prove the prima facie case. The parties do not contest that Defendants are "journalists" as defined by the statute. Also, Plaintiff does not challenge the prima facie application of the statute, beyond that it does not apply as discussed above. The statutory text plainly contemplates invocation of this privilege when a journalist is compelled to "produce or disclose" in any "official proceeding" which this Court certainly is. TEX. CIV. PRAC. & REM. CODE § 22.023(a). Because Defendants have admitted they "did not rely on any sources in drafting the November 16 and November 17, 2023 articles[,]" the documents must be "prepared while acting as a journalist."[8] TEX. CIV. PRAC. & REM. CODE § 22.023(a)(1). The documents that remain in dispute satisfy this requirement.[9] Thus, Defendants carry their burden to prove the prima facie case.

    Even though Defendants establish their prima facie case, Plaintiff may be entitled to the discovery by satisfying the six criteria. The only two criteria in dispute are the fifth and sixth: whether the "compulsory process is not being used to obtain peripheral, nonessential, or speculative information" and whether "the information, document, or item is relevant and

---

[8] Pl.'s App. in Supp. Mot. to Compel. 135, ECF No. 97.
[9] *See* Pl.'s Reply 6–8, ECF No. 123 (describing the ten documents that Plaintiff requests the Court review *in camera*).

material . . . and is essential to the maintenance of a claim or defense of the person seeking the testimony, production, or disclosure." *Id.* § 22.024(5)–(6).

Plaintiff requests the Court conduct an *in camera* review of the withheld documents to resolve Defendants' privilege claims, namely, "whether the information that Defendants refuse to produce is relevant because it shows inconsistency between Defendants' reporting on other subjects and the malicious conduct in this case."[10] In response, Defendants "have no principled objection to [Plaintiff's] proposal that the Court conduct *in camera* review to assess the logged documents case-by-case."[11] Moreover, because Plaintiff asked the Court to at minimum review ten specific documents,[12] the Court **GRANTS** this limited request.

### III.   CONCLUSION

The Court **SUSTAINS in part** Defendants' objections based on the Texas Press Shield. Defendants **SHALL** deliver the ten (10) documents[13] identified by Plaintiff for *in camera* review **no later than 14 days** from this Order to chambers in a secure envelope or contained clearly marked as documents for *in camera* review only. Having ruled that the Texas Press Shield may apply in this litigation, the Court **DEFERS** ruling on the identified documents until after an *in camera* review.

**SO ORDERED** on this **3rd** day of **January, 2025.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[10] Pl.'s Br. in Supp. Mot. to Compel. 10, ECF No. 96.
[11] Defs.' Resp. in Opp'n. 21, ECF No. 111.
[12] *See* Pl.'s Reply 6–8, ECF No. 123.
[13] The ten documents that the Court requests production of, as identified in Plaintiff's Reply are: MMFA_013561, MMFA_013698, MMFA_013699, MMFA_013715, MMFA_013756, MMFA_013762, MMFA_013763, MMFA_013765, MMFA_013767, and MMFA_013777. Pl.'s Reply 6–8, ECF No. 123.