UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **X CORP.**, a Nevada corporation, | § § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | Case No. 4:23-cv-01175-O |
| **MEDIA MATTERS FOR AMERICA,** a Washington, D.C. non-profit corporation, **ERIC HANANOKI**, and **ANGELO CARUSONE**, | § § § § § § § | |
| *Defendants.* | § § | |

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

On April 9, the Northern District of California held a hearing on Media Matters' motion for preliminary injunction in *Media Matters et al. v. X Corp. et al.*, No. 3:25-cv-02397 (N.D. Cal.); *see* ECF No. 158 at 45-76. The next day, the court granted it in part and denied it in part. *See* ECF No. 56, *Media Matters et al. v. X Corp. et al.*, No. 3:25-cv-02397 (N.D. Cal. Apr. 10, 2025) (attached as Exhibit A). The court enjoined the "X entities"—X Corp., Twitter International Limited Co. and Twitter Asia Pacific Pte. Ltd—"from further prosecuting the pending action against Media Matters in Ireland." *Id.* at 2. The court also enjoined the X entities "from prosecuting or initiating litigation outside of the United States against Media Matters that arises from same conduct alleged in the Ireland and Singapore complaints," with exception of "the already-filed and currently pending Singapore litigation." *Id.*

Although the court disclaimed any intent to "issue a ruling that enjoins or otherwise restrains the Texas litigation," *id.*, its ruling is unsettling and disruptive in at least four ways, which X Corp. respectfully believes merits this response. *First*, the California court did not address as a

1

threshold matter whether it has subject matter jurisdiction. Media Matters asserted no federal claims, and as X explained in its opposition to the preliminary injunction motion (and its subsequent motion to dismiss) before that court, X's terms of service limit Media Matters' damages to $100, eliminating diversity jurisdiction. The Northern District of California's decision is thus ultra vires. *Second*, and rather ironically, the court ignored that Media Matters agreed to a forum selection clause requiring it to file its breach-of-contract suit in the Northern District of Texas. The court therefore should have transferred the case to this Court to decide the issues before it rather than arrogating that authority to itself. *See* ECF No. 157 at 8-9. *Third*, the court wrongly applied the forum selection clause in the agreement between Media Matters and X Corp. to Twitter International, based on an egregious misapplication of the third-party beneficiary doctrine that purported to bind Twitter International to an agreement to which it was not a party and that it never invoked.  And although the California court declined to enjoin the proceedings brought by Twitter Asia Pacific in Singapore, its opinion represents a not-so-subtle attempt to influence that court.[1]

*Fourth*, the Northern District of California has purported to resolve one of the issues in Media Matters' pending motion to transfer here—whether "the forum selection clause makes clear" that X's claims in the Northern District of Texas should have been brought in California. Exhibit A, *supra*, at 2. All that remains for this Court to determine, according to the California

---

[1] The California court volunteered, without any evidence, that "it seems almost certain that the X entities' decision to file multiple suits in multiple jurisdictions is designed more to bully Media Matters and inflict financial hardship upon it than to actually vindicate those entities' rights." Exhibit A, *supra*, at 1. In fact, the reason Twitter Asia Pacific filed a separate suit in Singapore is because it suffered its own financial injuries from Media Matters' defamation in Singapore—injuries that are distinct from, and not overlapping with, X Corp.'s—and has claims arising under Singapore tort law based on those injuries.  One might be excused to think that Singapore tort claims by a Singapore entity based on injuries in Singapore belong in a Singapore court.  The same reasoning applies with respect to Twitter International, an Irish entity that filed suit in Ireland to assert Irish law tort claims based on injuries—again separate from X Corp.'s—that it suffered in Ireland.

court, is "whether Media Matters has forfeited its right to rely on the forum selection clause." *Id.* The California court is wrong on the merits: The forum selection clause does not apply to any of the tort claims that X is pursuing, as they relate to Media Matters' defamatory article, not to X's provision of services to the Plaintiffs. ECF No. 168-3 at 9-13. The California court cited no authority to the contrary. That issue remains properly before this Court.

In any event, as the California court recognized, Media Matters' forfeiture is squarely before this Court, and the Court should find that Media Matters has lost its opportunity to assert application of the forum selection clause. Although the California court sought to downplay Media Matters' failure to invoke the forum selection clause as a mere oversight, the court inexplicably ignored that Media Matters literally cited that clause—twice—in its motion to dismiss while discussing personal jurisdiction and venue. *See* ECF No. 32 at 3, ECF No. 41 at 3. Thus, Media Matters' failure to argue that the forum selection clause governed here could not have been the result of Media Matters having merely overlooked the clause. Media Matters was evidently aware of it, and therefore, the failure to contend that it governed must have arisen, at best, from a belief by Media Matters or its then-counsel that the clause did not apply, or at worst, a strategic decision not to invoke it at that time. Either way, Media Matters had "actual or constructive knowledge" of the clause and "actual intent" not to invoke it. *Hampton v. Equity Trust Co.*, 736 F. App'x 430, 435 (5th Cir. 2018). That Media Matters has come to regret its prior counsel's decision is not a basis to revive the forum selection clause at this late stage.

In any event, "[w]aiver can also occur if a party engages in 'conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished.'" *Id.* (quoting *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 426 (5th Cir. 2016)). For example, the Fifth Circuit has held that failure to invoke an arbitration

3

clause—which is, "in effect, a specialized kind of forum-selection clause," *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974)—after filing a Rule 12(b)(6) motion to dismiss waived the right to invoke the clause. *Forby v. One Techs.*, L.P., 909 F.3d 780, 786 (5th Cir. 2018). If anything, the outcome here follows from *Forby* because the Federal Arbitration Act evinces a federal policy in favor of enforcing arbitration clauses, whereas no such special policy exists with respect to forum selection clauses.

Here, Media Matters "substantially invoke[d] the judicial process in derogation of the forum selection clause" and "thereby cause[d] detriment or prejudice to" X Corp. *Hampton*, 736 F. App'x at 435 (citation omitted). Not only did Media Matters fail to advance its new arguments based on the forum selection for over a year and a half, but Media Matters referenced the very same forum selection clause in its motion to dismiss before this Court (and the Irish court and the Singapore court for that matter) without contending it governed. *See* ECF Nos. 32, 41. That Media Matters challenged venue here on other grounds is beside the point. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55 (2013) (holding venue provisions "say nothing about a forum-selection clause"). Not only that, but after Media Matters filed its answer in this Court, it then further substantially invoked the judicial process by engaging in voluminous discovery, filing multiple motions before this Court—including a motion to compel a corrected certificate of interested persons (ECF No. 73) and a motion to compel discovery responses (ECF No. 113)—and seeking an extraordinary interlocutory appeal in the Fifth Circuit, which has been fully briefed and argued and is pending decision. Invoking a forum selection clause to send this case to California is flatly inconsistent with Media Matters having affirmatively invoked the Fifth Circuit's jurisdiction when it filed its interlocutory appeal, not to mention the other conduct described above.

4

"[T]here is no reason to allow [a defendant] to lie back, wait until the plaintiff has invested resources in preparing for suit in the plaintiff's chosen forum, wait perhaps to assess his prospects in that forum, and only then demand that the case start over elsewhere." *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 887-88 (7th Cir. 2004). The failure to invoke a forum selection clause until this late in the day raises weighty interests of judicial efficiency and prejudice to the defendant. *See In re Mirant*, 613 F.3d 584, 592 (5th Cir. 2010) (finding waiver where party "wasted judicial resources and disadvantaged [defendant]"). Prejudice "can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration," *Forby*, 909 F.3d at 785, or, as in the present case, by invoking the authority of a different court.

The very fact that the Northern District of California is weighing in on these questions at all—and that Media Matters is *already* citing it as authority, *see* ECF No. 172 at 1—underscores the importance of the first-to-file rule. It also highlights the continued need for orders from this Court denying Media Matters' motion to transfer and enjoining Media Matters from further prosecuting its California suit—which actually belongs in this Court—so that this Court can address the parties' disputes in the first instance, as comity and the law require.

5

Dated: April 12, 2025.                                 Respectfully submitted.

*/s/ Christopher D. Hilton*
Judd E. Stone II
  Texas Bar No. 24076720
Christopher D. Hilton
  Texas Bar No. 24087727
Ari Cuenin
  Texas Bar No. 24078385
Michael R. Abrams
  Texas Bar No. 24087072
Alex M. Dvorscak
  Texas Bar No. 24120461
Cody C. Coll
  Texas Bar No. 24116214
**STONE HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, TX 78701
Telephone: (737) 465-7248
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com
alex@stonehilton.com
cody@stonehilton.com

John C. Sullivan
  Texas Bar No. 24083920
**S|L LAW PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

6

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on all counsel for record on April 12, 2025 via the Court's CM/ECF system.

*/s/ Alexander M. Dvorscak*
Alexander M. Dvorscak
