UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **X CORP.**, a Nevada corporation, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | Case No. 4:23-cv-01175-O |
| **MEDIA MATTERS FOR AMERICA,** a Washington, D.C. non-profit corporation, **ERIC HANANOKI**, and **ANGELO CARUSONE**, | § § § § § § | |
| *Defendants.* | § § | |

**BRIEF IN SUPPORT OF MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

JUDD E. STONE II
CHRISTOPHER D. HILTON
ARI CUENIN
MICHAEL R. ABRAMS
ALEXANDER M. DVORSCAK
**STONE HILTON PLLC**
600 Congress Ave.
Suite 2350
Austin, TX 78701
Telephone: (737) 465-7248
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com
alex@stonehilton.com

JOHN C. SULLIVAN
**S|L LAW PLLC**
610 Uptown Boulevard
Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
john.sullivan@the-sl-lawfirm.com

– 1 –

On November 18, 2024, Plaintiff X Corp. served a small number of targeted requests for production on Defendants Media Matters for America ("Media Matters"), Eric Hananoki, and Angelo Carusone. In response, Defendants raised a variety of improper objections. X conferred with Defendants in an attempt to avoid court intervention, but Defendants have insisted on maintaining their objections to X's Request for Production Nos. 108, 113, and 114 rather than producing the discovery to which X is entitled. The withheld documents are probative to the central allegation that X raises in its amended complaint: Defendants' tortious interference with X's advertisers through the publication of two deeply misleading articles about the company's social media platform. *See* Am. Compl. ¶¶ 30-38, 46-54. Defendants' burden related objections to each request lack any basis or support and are altogether improper in this case concerning tortious conduct that caused tens of millions of dollars in damages.

The Court should therefore compel Defendants to promptly make a complete production responsive to X's requests with sufficient time for the parties to timely complete discovery.

## BACKGROUND

This Court is well aware of the factual background and procedural history of this case, and accordingly, X provides only a brief summary and overview here relevant to the motion itself.

In the fall of 2023, Hananoki wrote, Media Matters published, and Carusone trumpeted a series of articles that attacked X with false and pernicious statements about X and the content appearing on X's platform. Am. Compl. ¶¶ 30-38, 46-54. As a result of that tortious conduct, major advertisers withdrew from X's platform. *Id.* ¶¶ 30-38, 61-64. Because of the ongoing damage caused by Defendants' lies, X brought claims for business disparagement, tortious interference with contract, and tortious interference with prospective economic advantage. *Id.* ¶¶ 65-88.

On November 18, 2024, X served its fourth set of requests for production on Defendants. At issue in this motion are X's Request Nos. 108, 113, and 114 (Appx. 012-013) and Defendants' objections and responses to the same (Appx. 018, 020-021):

- *Request No. 108*: Defendants' efforts to investigate advertising brand safety/content moderation standards; and
- *Request Nos. 113 and 114*: the names of and number of people employed or contracted by Media Matters for each month in 2023.

In their responses to these requests, Defendants asserted improper bases for withholding production of documents that are responsive to X's requests. Appx. 018, 020-021 (Defendants' objections and responses). In their responses and across several conferences and email exchanges among counsel, Defendants attempted to unilaterally narrow the scope of production and improperly insisted on X changing their proper document requests into one or more interrogatories. Appx. 025-032 (exchanges between counsel). The parties are at an impasse, necessitating this motion.

## ARGUMENT AND AUTHORITIES

**I.   Defendants refuse to produce discoverable information based on boilerplate relevance, burden, and cumulative objections that should be overruled.**

Defendants make boilerplate objections to Request Nos. 108, 113, and 114, asserting without specificity or evidence that they are overbroad, unduly burdensome and not relevant. As this Court has previously ordered with respect to Defendants' boilerplate objections to X's prior requests, these objections should be overruled. *See generally* ECF No. 65.

Federal Rule of Civil Procedure 26 specifically provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . For good cause, the court may order discovery of any matter relevant to the subject matter

involved in the action." Fed. R. Civ. P. 26(b)(1). Such "information need not be admissible at the trial" to meet the broad test for relevance. *Id.* All of the documents sought by X meet the test for relevant discovery because there is at least a "'possibility' that the information sought may be relevant to the claim or defense of any party." *SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (citation omitted). Because these requests seek relevant documents, Defendants' objections should be overruled.

*Request No. 108*: X seeks "Documents reflecting or relating to online advertising brand safety/content moderation standards and/or Defendants' efforts to investigate online advertising brand safety/content moderation standards." Appx. 012. X is seeking documents that show the research done by Defendants, if any, to determine the standard that was applied to X and its platform. Defendants' research into "online advertising brand safety/content moderation standards" is directly relevant to whether the November 2023 Articles were written with knowledge of the appropriate standards. If no or insufficient research was performed, this supports a malicious disregard for the accuracy of statements within Defendants' harmful reporting. Further, in order to insinuate that X has violated content moderation and ad safety standards, such that the platform is not "safe for business" and brands are insufficiently "protected," Media Matters must necessarily have had certain standards in mind. X is entitled to discovery into those standards and Defendants must produce any documents showing Defendants' research into advertising brand safety and content moderation standards or confirm that no documents exist.

Defendants objected on grounds of burden, relevance, and cumulativeness. Appx. 018. They refuse to "conduct a separate search or create separate productions for this Request at this time." *Id.* This is improper. X is entitled to full discovery into Media Matters' editorial process and standards because malice is an element of X's business disparagement claim. "It is well settled

4

that a public official/public figure plaintiff in a defamation action may probe into the editorial process that developed the publication about which he complains" because a public official/public figure must prove malice. *Pierce v. Clarion Ledger*, No. 4:05-cv-75-LN, 2005 WL 8174870, at *3 (S.D. Miss. Oct. 24, 2005). "[B]ecause evidence of the editorial process is the best direct evidence from which malice may be proved, a public official/public figure plaintiff may compel production of confidential information concerning the development of the publication." *Id.* Because malice is also required for a business disparagement claim, the same principle should apply. *See Teel v. Deloitte & Touche LLP*, No. 3:15-CV-2593-G, 2015 WL 9478187, at *3–4 (N.D. Tex. Dec. 29, 2015) (noting both malice element to business disparagement and similarity to defamation action). If no or insufficient research was performed by Defendants to understand brand safety standards, this could support a malicious disregard for the accuracy of statements within Defendants' harmful reporting. Likewise, if research was performed but ignored or disregarded, it could also support malice. Discovery should thus be compelled.

Defendants' objection that this request is overly broad and burdensome also fails. Defendants do not explain how the request is "disproportionate" either by identifying the number of responsive documents or the cost of that production. *Janvey v. GMAG LLC*, No. 3:15-CV-00401, 2016 WL 11782222, at *4 (N.D. Tex. Oct. 7, 2016) (Bryant, Mag. J.). Even were these costs to be significant, production is still not disproportionate given this dispute places over $100 million at issue. *Id.* ("[T]he substantial amount in controversy weighs in favor of allowing the discovery, even where time and cost estimates may be significant.").

Defendants' objection that Request No. 108 is duplicative and cumulative of prior requests can be summarily dealt with and should be overruled. Defendants have not shown how this request is duplicative—nor can they. Request 108 is specifically directed to documents relating to

5

*standards*. Given the focus on "standards," this request is not duplicative of earlier requests which do not cover this topic.

**Request Nos. 113 and 114**: X seeks the names of and number of people employed or contracted by Media Matters for each month in 2023. *See* Appx. 013 ("Documents sufficient to show the name of all employees, contract workers, consultants, freelancers, or any other individuals engaged or employed by Media Matters for America for each month of 2023" and "Documents sufficient to show the number of all employees, contract workers, consultants, freelancers, or any other individuals engaged or employed by Media Matters for America for each month of 2023" respectively). Defendants objected to the requests, claiming in a boilerplate manner that the requests called for irrelevant documents and were "overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case." *Id.* For both, they claim that the request should instead be "styled as an interrogatory, not a request for production." *Id.* These objections are improper.

Defendants responded that they have already provided the names and titles of the persons who directly worked on the November 16 and 17, 2023 Articles in an interrogatory. Appx. 020-021. Accordingly, they refuse to "search for or produce documents responsive to this Request." *Id.* But this misses relevant documents and those that will tend to lead to admissible evidence. The documents that X seeks are relevant to show the jury that Media Matters did not employ sufficient staff to ensure that it would publish accurate and fully verified material. By limiting their production solely to the individuals who directly contributed to the November Articles, Defendants have made it impossible for X to compare how Media Matters staffed its reporting on these articles compared to its staffing on articles concerning other topics or even compared to staffing as to other articles covering X or Musk. Likewise, X is unable to determine if the whole organization was

6

insufficiently staffed or had insufficient expertise to adequately research and cover the topics at hand. In the context of other torts in which the number of employees may be indicative of negligence, courts have ordered production of employee lists. *See Bajaria v. Wal-Mart Stores Texas, LLC*, No. 4:24-CV-311, 2025 WL 871621, at *4 (E.D. Tex. Mar. 20, 2025). For example, in *Bajaria*, the court ordered production of all documents showing the number of employees employed at a Wal-Mart as it was relevant to duty of care for premises liability. *Id.* The same principle applies here: the number of employees employed by Media Matters is probative of the amount of care Defendants took (or failed to take) in verifying the truth of their reporting that disparaged X's business, and as a part of the editorial process, these documents should be compelled so that X may prove malice. *Pierce*, 2005 WL 8174870 at *3.

Further, because these requests ask for documents "sufficient to show" this information, Defendants' boiler-plate objections that the request is "overly broad" and "unduly burdensome" are unfounded, as the universe of documents requested is specifically limited only to what is necessary to ascertain the names of and number of people employed. This is assuredly a small number of documents; an organizational or employee chart would likely suffice. Set against the amount in controversy, Defendants' burden objection fails. *Janvey*, 2016 WL 11782222, at *4. Particularly given the limited burden, these requests are a proper means of obtaining this information, and Defendants have no basis to refuse production and force X to serve an interrogatory (as they have suggested that X must do). *See Bajaria*, 2025 WL 871621, at *4.

## II. Defendants' boilerplate objections are insufficient.

Even if any of Defendants' objections had merit, Defendants' insufficient discovery responses have resulted in them waiving their objections. Courts in this District have long warned parties that "general, generic objections violate the Federal Rules and are invalid." *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) (Horan, Mag. J.). They "are meaningless and

7

constitute a waste of time for opposing counsel and the court." *Id.* "In the face of such objections, it is impossible to know whether information has been withheld and, if so, why." *Id*. (quotation omitted). A "failure to particularize objections leads to one of two conclusions: either [respondent] lacked a factual basis to make the objections they did, which would violate Rule 26(g), or they complied with Rule 26(g), made a reasonable inquiry before answering and discovered facts that would support a legitimate objection, but they were waived for failure to specify them as required." *Id*. at 484 (quotation omitted). Accordingly, a party must "show specifically how each discovery request is not relevant or otherwise objectionable" and "com[e] forward with specific information." *Sw. Insulation, Inc. v. Gen. Insulation Co.*, No. 4:15-cv-00601, 2016 WL 9244822, at *3 (N.D. Tex. April 25, 2016) (O'Connor, J.).

For boilerplate undue burden objections, "the very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation." *Id.* In *Crow v. ProPetro Services, Inc.*, a party served boilerplate responses, objecting that "the request is ambiguous and fails to identify with specificity the documents requested" and that "this request is vague, ambiguous, overly broad, and unduly burdensome, and it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence." No. 7:15-cv-00149, 2016 WL 9776368, at *4 (N.D. Tex. June 6, 2016). Because that party "failed to support its objections" and did not "show how the requested discovery was overly broad, burdensome, or oppressive," the Court rejected those objections as waived. *Id.*

So too here. For each of the three requests, Defendants baldly assert that they are "overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, and [seek] documents not relevant to any claim or defense asserted in this litigation." Appx. 018, 020-021. For Request Nos. 108 and 113, Defendants provided no support for these objections,

8

other than with respect to relevance, accordingly, their "boilerplate objections" are "waived." *Crow*, 2016 WL 9776368, at *4. With respect to Request No. 114, Defendants provide no support at all. Appx. 21. As such, because these objections fail to "explain[] precisely how that request exceeds or conflicts with the scope of permissible discovery," the unsupported objections should be overruled. *See Heller*, 303 F.R.D. at 484. Accordingly, X requests the Court overrule Defendants' unsupported objections to Request Nos. 108, 113, and 114, and compel Defendants to produce documents responsive to those requests without consideration of the boilerplate objections.

## CONCLUSION

X respectfully requests that the Court overrule Defendants' objections and order Defendants to promptly produce all materials responsive to X's Requests for Production Nos. 108, 113, and 114.

Dated: April 14, 2025

Respectfully submitted,

*/s/ Christopher D. Hilton*
Judd E. Stone II
 Texas Bar No. 24076720
Christopher D. Hilton
 Texas Bar No. 24087727
Ari Cuenin
 Texas Bar No. 24078385
Michael R. Abrams
 Texas Bar No. 24087072
Alexander M. Dvorscak
 Texas Bar No. 24120461
Cody C. Coll
 Texas Bar No. 24116214
**STONE HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, TX 78701
Telephone: (737) 465-7248
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com
alex@stonehilton.com
cody@stonehilton.com

John C. Sullivan
 Texas Bar No. 24083920
**S|L LAW PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2025, a copy of this document was served on all counsel of record through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

*/s/ Alexander M. Dvorscak*
Alexander M. Dvorscak