# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **X CORP.**, a Nevada corporation,<br>        Plaintiff, | |
| vs. | Case No. 4:23-CV-01175-O |
| **MEDIA MATTERS FOR AMERICA**, a<br>Washington, D.C. non-profit corporation,<br>**ERIC HANANOKI**, and **ANGELO<br>CARUSONE**,<br>        Defendants. | |

## APPENDIX TO PLAINTIFF'S MOTION TO COMPEL

1. Plaintiff X Corp.'s Fourth Set of Requests for Production .........................................Appx. 004

2. Defendant Media Matters for America, Eric Hananoki, and Angelo Carusone's Amended Responses and Objections to Plaintiff's Fourth Set of Request for Production ..................................................................................................................Appx. 015

3. Emails between counsel for X and Defendants regarding meet and confer on Defendants' discovery objections and responses, dated from January 8, 2025, to February 27, 2025 ..................................................................................................Appx. 025

Dated: April 14, 2025

Respectfully submitted,

*/s/ Christopher D. Hilton*
Judd E. Stone II
  Texas Bar No. 24076720
Christopher D. Hilton
  Texas Bar No. 24087727
Ari Cuenin
  Texas Bar No. 24078385
Michael R. Abrams
  Texas Bar No. 24087072
Alexander M. Dvorscak
  Texas Bar No. 24120461
Cody C. Coll
  Texas Bar No. 24116214
**STONE HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, TX 78701
Telephone: (737) 465-7248
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com
alex@stonehilton.com
cody@stonehilton.com

John C. Sullivan
  Texas Bar No. 24083920
**S|L LAW PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on all counsel for record on April 14, 2025,

via the Court's CM/ECF system.

*/s/ Alexander M. Dvorscak*
Alexander M. Dvorscak

**Appx. 002**

TAB 1

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **X CORP.**, | |
| Plaintiff, | |
| vs. | Case No. 4:23-cv-01175-O |
| **MEDIA MATTERS FOR AMERICA**, et al. | |
| Defendants. | |

## PLAINTIFF X CORP.'S FOURTH SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff X Corp. hereby serves this Fourth Set of Requests for Production on Defendants Media Matters for America, Eric Hananoki, and Angelo Carusone, by and through their counsel of record. Each Defendant is hereby independently obligated to respond to these requests and produce the documents described below in accordance with the Instructions and Definitions.

You are reminded that you must respond in writing within 30 days of this date. Production shall be made in accordance with the Parties' Stipulation and Order for the Exchange and Production of Electronically Stored Information (ECF No. 67).

**Appx. 004**

Dated: November 18, 2024                Respectfully submitted.

*/s/ Christopher D. Hilton*
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
Michael R. Abrams
Texas Bar No. 24087072
Alexander M. Dvorscak
Texas Bar No. 24120461
Cody C. Coll
Texas Bar No. 24116214
STONE HILTON PLLC
600 Congress Ave., Suite 2350
Austin, TX 78701
Telephone: (737) 465-7248
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com
alex@stonehilton.com
cody@stonehilton.com

John C. Sullivan
Texas Bar No. 24083920
S|L LAW PLLC
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

*Counsel for Plaintiff*

**Appx. 005**

**CERTIFICATE OF SERVICE**

I hereby certify that this document was served on all counsel of record for Defendants via email on November 18, 2024, pursuant to counsel's agreement to accept service via electronic means.

*/s/ Christopher D. Hilton*

## DEFINITIONS

In reading and interpreting these requests for production and the accompanying instructions, the following definitions shall apply:

1.    "X" or "Plaintiff" shall mean the Plaintiff in this Matter, X Corp., as well as its predecessor in interest, Twitter, Inc.

2.    "Defendant," "You," and "Your" shall mean the Defendants in this Matter, Media Matters for America (also referred to as "Media Matters") and Eric Hananoki (also referred to as "Hananoki"), either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope. "Defendant," "You," and "Your" also refers to, as applicable, each Defendant's board of directors ("Board"), employees, agents, attorneys, representatives, and all other persons acting or purporting to act on behalf of any Defendant, as well as all persons who have acted or purport to have acted on any Defendant's behalf.

3.    "Matter" shall refer to this above-captioned litigation, *X Corp. v. Media Matters for America et al.*, No. 4:23-cv-01175-O.

4.    "Material," "document," "information," "data," "communication," and any other similar words describing categories of things that may be subject to production in response to these requests, shall be given the broadest possible interpretation provided by law, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. Each of these words shall also include without limitation handwritten notes, data in specialized databases or document repositories, and data or information received from journalistic sources.

**Appx. 007**

Each of these words shall also include without limitation any "communications" (regardless of whether "communications" is separately specified), meaning any transmission of any information via any means whatsoever, including without limitation emails, phone logs, voicemails, text messages, chat messages (such as Zoom, Slack, Microsoft Teams, or Google Meet), Signal messages, WhatsApp messages, notes of conversations, or recordings of conversations.

5.    "Concerning," "regarding," "related to," and any other similar phrases signify any connection, direct or indirect, between the requested material and the stated topic. Such phrases describing the subject matter of a request shall be given the broadest possible interpretation to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

6.    The "Platform" shall refer to the social media website x.com and twitter.com, and the X app and Twitter app, and shall include but not be limited to the website's or app's features, functions, users, and content.

## INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 34, You are hereby instructed to respond to these requests for production as follows:

1.      Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label. You must produce all of the materials in your possession, custody, or control as well as any materials in the possession, custody, or control of Your departments, officers, directors, employees, agents, servants, attorneys, or representatives of any kind whatsoever, or any other person or entity from whom you have the right to obtain documents and information.

2.      To the extent that You object to a request for production, You must state the objection with particularity, providing specific grounds for the objection, and You must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part that is objectionable, and You must respond in full to the part that is unobjectionable.

3.      Produce documents and tangible things in the forms as they are kept in the ordinary course of business, except that documents may be numbered or labeled during the production process. Every effort should be made to maintain document unitization from whatever source the documents are collected.

4.      Electronically stored information (ESI) should be produced in accordance with the Parties' Agreement.

5.      For any materials that You assert are privileged, protected, or otherwise except from discovery for any reason, You are instructed to provide an appropriate privilege log. Counsel

**Appx. 009**

for the parties previously agreed to come to terms on a mutually acceptable protocol for the handling of privileged material that the parties will memorialize in a proposed court order, and Your production shall be governed by that order. Any nonprivileged information within a document that can be produced, must be produced, with redactions over the privileged information. If You claim that any materials are not privilege or otherwise exempt from disclosure but should nonetheless be kept confidential, You are instructed to alert counsel of that fact prior to the deadline for a response to these requests so that the parties can evaluate the need for a confidentiality and protective order in this matter.

6.    For any materials that You claim no longer exist, have been destroyed, or cannot be located, provide the following: (a) a statement identifying the material; (b) a statement of how and when the material ceased to exist or when it could no longer be located; (c) the reasons for the material's nonexistence or loss; (d) the identity, address, and job title of each person having knowledge about the nonexistence or loss of the material; and (e) a statement identifying any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

7.    These requests for production must be construed as broadly as possible, giving words their most expansive and inclusive interpretation, such that the requests should be construed with a meaning that brings materials within the request's scope rather than with a meaning that excludes materials from the request's scope.

8.    The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, wherever needed in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

**Appx. 010**

9.    The words "and" and "or" shall each be construed either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

10.    Unless otherwise stated, the responsive "time period" for these requests is April 14, 2021, to the present. These requests are continuing in nature, and You have an obligation to amend, supplement, or correct Your responses and Your productions in accordance with Federal Rule of Civil Procedure 26(e).

## FOURTH SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 105:** Documents and communications produced in response to any subpoena issued by Defendants.

**REQUEST FOR PRODUCTION NO. 106:** Documents and communications produced in response to any subpoena issued by any single Defendant.

**REQUEST FOR PRODUCTION NO. 107:** Documents and communications with any third party upon whom a subpoena has been served in this Matter.

**REQUEST FOR PRODUCTION NO. 108:** Documents reflecting or relating to online advertising brand safety/content moderation standards and/or Defendants' efforts to investigate online advertising brand safety/ content moderation standards.

**REQUEST FOR PRODUCTION NO. 109:** A complete curriculum vitae or resume for Eric Hananoki, including any updates, versions, or supplemental documents reflecting Hananoki's professional qualifications, work history, skills, and experience.

**REQUEST FOR PRODUCTION NO. 110:** A complete curriculum vitae or resume for Angelo Carusone, including any updates, versions, or supplemental documents reflecting Carusone's professional qualifications, work history, skills, and experience.

**REQUEST FOR PRODUCTION NO. 111:** All employment applications, cover letters or similar documents submitted by Eric Hananoki in relation to employment with Media Matters for America.

**REQUEST FOR PRODUCTION NO. 112:** All employment applications, cover letters or similar documents submitted by Angelo Carusone in relation to employment with Media Matters for America.

**Appx. 012**

**REQUEST FOR PRODUCTION NO. 113:** Documents sufficient to show the name of all employees, contract workers, consultants, freelancers, or any other individuals engaged or employed by Media Matters for America for each month of 2023.

**REQUEST FOR PRODUCTION NO. 114:** Documents sufficient to show the number of all employees, contract workers, consultants, freelancers, or any other individuals engaged or employed by Media Matters for America for each month of 2023.

**REQUEST FOR PRODUCTION NO. 115:** Documents sufficient to show all corrections to Media Matters for America articles made by Media Matters for America from January 1, 2021, through January 1, 2024.

**REQUEST FOR PRODUCTION NO. 116:** Documents reflecting or relating to any Defendant contributing a Community Note to the Platform.

**REQUEST FOR PRODUCTION NO. 117:** All documents referring or relating to the X Corp. statement titled "Stand with X to Protect Free Speech" dated November 18, 2023.

**Appx. 013**

TAB 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

X CORP.,

*Plaintiff*,

v.

MEDIA MATTERS FOR AMERICA,
*et al.*,

*Defendants*.

Civil Action No. 4:23-cv-01175-O

**DEFENDANTS MEDIA MATTERS FOR AMERICA, ERIC HANANOKI, AND ANGELO CARUSONE'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION**

Defendants Media Matters for America ("Media Matters"), Mr. Eric Hananoki, and Mr. Angelo Carusone through their undersigned counsel, submit these responses and objections to Plaintiff X Corp.'s Fourth Set of Requests for Production ("Discovery Requests" or "Requests"), initially served on November 18, 2024.

## PRELIMINARY STATEMENT

The responses set forth herein are based on the information and documents reasonably available to Defendants at this time, but discovery in this matter, including Defendants' investigation into the issues raised in this lawsuit and documents responsive to Plaintiff's Discovery Requests, is still ongoing. Defendants reserve their right to alter, supplement, amend, correct, clarify, or otherwise modify these responses and objections to assert additional objections or privileges in any subsequent supplemental response(s) and/or on a document-by-document basis, or to move for a Court order if deemed appropriate.

**Appx. 015**

By making the accompanying responses and objections to Plaintiff's Discovery Requests, Defendants do not waive, and hereby expressly reserve, their right to assert all objections as to the admissibility of such responses and documents into evidence in this action, or in any other proceedings. Defendants also expressly reserve their rights to make specific privilege objections (including but not limited to objections based on attorney-client privilege, work product doctrine, First Amendment privilege, and any applicable shield laws, including the Texas Press Shield Law) on a document-by-document basis. *La Union Del Pueblo Entero v. Abbott*, No. SA-21-CV-00844-XR, 2022 WL 17574079, at \*9 (W.D. Tex. Dec. 9, 2022) (quoting *Taylor Lohmeyer Law Firm P.L.L.C. v. United States*, 957 F.3d 505, 510 (5th Cir. 2020)) (noting the "assertions of privilege must 'be specifically asserted' on a document-by-document basis," as "the relevance and need for the document clearly depend on the contents of the document itself"). Produced materials will adhere to the Parties' agreed upon ESI protocol, privilege material agreement, and protective order agreement and will be produced on a rolling basis.

Moreover, Defendants maintain that this Court has no personal jurisdiction over Media Matters, Eric Hananoki, or Angelo Carusone and that the Northern District of Texas is not the proper venue for this dispute. *See* Defendants' Brief in Support of Motion to Certify an Immediate Appeal, ECF 94 at Sections I and II; Defendants' Reply in Support of Motion to Certify an Immediate Appeal, ECF 120 at Sections I and II; Defendants' Brief in Support of their Motion to Dismiss, ECF 41 at Sections I and II; Defendants' Reply in Support of their Motion to Dismiss, ECF 51 at Sections I and II. Defendants provide these responses and objections subject to and without waiving any of their arguments for dismissal.

## RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR PRODUCTION NO. 105:**    Documents and communications produced in response to any subpoena issued by Defendants.

**Appx. 016**

**RESPONSE**: Defendants will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 106:** Documents and communications produced in response to any subpoena issued by any single Defendant.

**RESPONSE**: Defendants will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 107:** Documents and communications with any third party upon whom a subpoena has been served in this Matter.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, and for seeking documents not relevant to any claim or defense asserted in this litigation. For example, Plaintiff's request encompasses conversations with over a dozen entities, several of whom MMFA regularly interacts with regarding efforts that are unrelated to the issues being litigated here. Defendants further object to this Request as duplicative and/or cumulative of prior discovery requests, including Request Nos. 3, 5, 6, 7, 8, 9, 22, 32, and 41. Defendants further object to the production of documents responsive to this request that are privileged under the attorney client privilege, work product doctrine, First Amendment Privilege, or any other applicable privileges or shield laws, including but not limited to the Texas Press Shield law. Defendants also object to the production of documents not under the direct control of Media Matters, Eric Hananoki, or Angelo Carusone.

**RESPONSE**: Defendants will produce nonprivileged documents responsive to this Request only to the extent they pertain to the November 2023 Articles or this litigation.

**Appx. 017**

**REQUEST FOR PRODUCTION NO. 108**: Documents reflecting or relating to online advertising brand safety/content moderation standards and/or Defendants' efforts to investigate online advertising brand safety/ content moderation standards.

      **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, and for seeking documents not relevant to any claim or defense asserted in this litigation. For example, this Request would require MMFA to produce all documents related to its research of and reporting on advertising and content moderation on social media platforms that are not the subject of this dispute. Defendants further object to this Request as duplicative of and/or cumulative of other discovery requests, including Request Nos. 6, 7, 8, 34, 45.

      **RESPONSE**: Defendants will produce nonprivileged documents responsive to this Request only to the extent the documents would have been produced in response to other Requests, including but not limited to those enumerated above. Based on the foregoing objections, however, Defendants will not conduct a separate search or create separate productions for this Request at this time.

**REQUEST FOR PRODUCTION NO. 109**: A complete curriculum vitae or resume for Eric Hananoki, including any updates, versions, or supplemental documents reflecting Hananoki's professional qualifications, work history, skills, and experience.

      **RESPONSE**: Defendants will produce responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of reviewing documents and are not presently withholding any

**Appx. 018**

responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 110:** A complete curriculum vitae or resume for Angelo Carusone, including any updates, versions, or supplemental documents reflecting Carusone's professional qualifications, work history, skills, and experience.

     **RESPONSE**: Defendants will produce responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 111:** All employment applications, cover letters or similar documents submitted by Eric Hananoki in relation to employment with Media Matters for America.

     **RESPONSE**: Defendants will produce responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**Appx. 019**

**REQUEST FOR PRODUCTION NO. 112:** All employment applications, cover letters or similar documents submitted by Angelo Carusone in relation to employment with Media Matters for America.

**RESPONSE**: Defendants will produce responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 113:** Documents sufficient to show the name of all employees, contract workers, consultants, freelancers, or any other individuals engaged or employed by Media Matters for America for each month of 2023.

**OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, and for seeking documents not relevant to any claim or defense asserted in this litigation. For example, this Request would require Defendants to produce documents revealing the names of, for instance, any IT contractors, graphic design consultants, and janitorial staff, even where those individuals were not in any way involved with work related to Plaintiff or the claims and defenses at issue in this case. Moreover, Plaintiff's request is best styled as an interrogatory, not a request for production.

**RESPONSE**: Defendants refer Plaintiff to Exhibit A of Defendants' Responses and Objections to X's First Set of Interrogatories, which includes names, job titles, role summaries, and employment dates for individuals who have been responsible for work related to the November 16 and 17, 2023 Articles at issue in this litigation. Defendants will produce additional

**Appx. 020**

nonprivileged documents responsive to this Request only to the extent the documents would have been produced in response to other Requests. Defendants will not otherwise search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 114:** Documents sufficient to show the number of all employees, contract workers, consultants, freelancers, or any other individuals engaged or employed by Media Matters for America for each month of 2023.

      **OBJECTIONS**: Defendants object to this Request as being overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case, and for seeking documents not relevant to any claim or defense asserted in this litigation. Moreover, Plaintiff's request is best styled as an interrogatory, not a request for production.

      **RESPONSE**: Defendants refer Plaintiff to Exhibit A of Defendants' Responses and Objections to X's First Set of Interrogatories which includes names, job titles, role summaries, and employment dates for individuals who have been responsible for work related to the November 16 and 17, 2023 Articles at issue in this litigation. Defendants will produce additional nonprivileged documents responsive to this Request only to the extent the documents would have been produced in response to other Requests. Defendants will not otherwise search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 115:** Documents sufficient to show all corrections to Media Matters for America articles made by Media Matters for America from January 1, 2021, through January 1, 2024.

**RESPONSE**: Defendants will produce responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**REQUEST FOR PRODUCTION NO. 116:** Documents reflecting or relating to any Defendant contributing a Community Note to the Platform.

**RESPONSE**: MMFA has not written any community notes from its official Twitter/X accounts during the relevant time period. Additionally, neither Mr. Hananoki nor Mr. Carusone have written any community notes in their personal or professional capacities during the relevant time period. Defendants therefore have no documents responsive to this request in their possession.

**REQUEST FOR PRODUCTION NO. 117:** All documents referring or relating to the X Corp. statement titled "Stand with X to Protect Free Speech" dated November 18, 2023.

**RESPONSE**: Defendants will produce responsive, nonprivileged documents in their possession, custody, or control that they are able to locate following a reasonable search. Defendants are in the process of reviewing documents and are not presently withholding any responsive documents that they have identified. Defendants will supplement this response if they identify and withhold any responsive documents.

**Appx. 022**

**GIBSON, DUNN & CRUTCHER LLP**
Andrew LeGrand (TX 24070132)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
T: (214) 698-3100
F: (214) 571-2960
alegrand@gibsondunn.com

Theodore J. Boutrous, Jr.* (CA 132099)
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000
F: (213) 229-7520
tboutrous@gibsondunn.com

Amer S. Ahmed* (NY 4382040)
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035
aahmed@gibsondunn.com

**ELIAS LAW GROUP LLP**
Abha Khanna* (WA 42612)
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
akhanna@elias.law

Jacob D. Shelly* (DC 90010127)
Daniela Lorenzo* (NY 5780457)
250 Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
T: (202) 968-4490
F: (202) 986-4498
jshelly@elias.law
dlorenzo@elias.law

* Admitted *pro hac vice*

*Counsel for Defendants Media Matters for America, Eric Hananoki, and Angelo Carusone*

TAB 3

| | |
|---|---|
| **From:** | Elizabeth Brown Fore |
| **To:** | Alex Dvorscak |
| **Subject:** | FW: Defendants" Objections and Responses: 4th Set of RFPs |
| **Date:** | Thursday, March 13, 2025 4:51:57 PM |

**From:** Aria Branch <abranch@elias.law>
**Sent:** Thursday, February 27, 2025 12:28 PM
**To:** Elizabeth Brown Fore <Elizabeth@stonehilton.com>; Abha Khanna <akhanna@elias.law>;
Elisabeth Frost <efrost@elias.law>; Jacob Shelly <jshelly@elias.law>; alegrand@gibsondunn.com
**Cc:** Chris Hilton <chris@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alex
Dvorscak <alex@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** RE: Defendants' Objections and Responses: 4th Set of RFPs

Hi Elizabeth,

Thanks for your patience.

For RFP 107, we understand that you intend communications about the subpoenas to be
within the scope of the request. Will X agree to produce communications about the
subpoenas in response to an identical request from Defendants?

For RFP 108, we maintain that reviewing a substantial sum of documents unrelated to
entities at issue in this litigation is unduly burdensome and disproportionate to the
needs of the case. That said, we will produce documents sufficient to show that
Defendants have researched and reported on advertising brand safety and content
moderation standards on social media platforms other than X.

For RFPs 113 and 114, we maintain that the exhaustive list we provided of individuals
whose work related to the November Articles supplies all of the relevant information that
you seek on this topic. In the spirit of compromise, however, we are willing to further
provide the number of individuals by role or job title employed by Media Matters for each
month of 2023 if Plaintiff issues an interrogatory asking for that information.

If you are amenable to these compromises, please let me know and we will serve
amended responses.

Thank you,

**Aria C. Branch**
Partner

**Appx. 025**

**Elias Law Group LLP**
250 Massachusetts Avenue NW, Suite 400
Washington DC 20001
202-968-4518

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Elizabeth Brown Fore <Elizabeth@stonehilton.com>
**Sent:** Thursday, February 20, 2025 3:56 PM
**To:** Aria Branch <abranch@elias.law>; Abha Khanna <akhanna@elias.law>; Elisabeth Frost <efrost@elias.law>; Jacob Shelly <jshelly@elias.law>; alegrand@gibsondunn.com
**Cc:** Chris Hilton <chris@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alex Dvorscak <alex@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** RE: Defendants' Objections and Responses: 4th Set of RFPs

Hi Aria,

I am writing to follow up on our meet and confer on February 10 regarding Defendants' responses to X's Fourth Set of RFPs.

You all said that you were going to get back to us this week regarding your clients' position on producing documents responsive to RFP Nos 108, 113, and 114. We are hopeful that we can come to an agreement that will prevent us from having to involve the Court. Please let me know if that will be possible.

Thank you – Elizabeth

---

**From:** Aria Branch <abranch@elias.law>
**Sent:** Thursday, February 6, 2025 2:51 PM
**To:** Elizabeth Brown Fore <Elizabeth@stonehilton.com>; Abha Khanna <akhanna@elias.law>; Elisabeth Frost <efrost@elias.law>; Jacob Shelly <jshelly@elias.law>; alegrand@gibsondunn.com
**Cc:** Chris Hilton <chris@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alex Dvorscak <alex@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** RE: Defendants' Objections and Responses: 4th Set of RFPs

Sure, would Monday Feb. 10 at 2 pm EST work for you?

Best,
Aria

**Aria C. Branch**

Partner
**Elias Law Group LLP**
250 Massachusetts Avenue NW, Suite 400
Washington DC 20001
202-968-4518

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Elizabeth Brown Fore <Elizabeth@stonehilton.com>
**Sent:** Thursday, February 6, 2025 1:06 PM
**To:** Aria Branch <abranch@elias.law>; Abha Khanna <akhanna@elias.law>; Elisabeth Frost <efrost@elias.law>; Jacob Shelly <jshelly@elias.law>; alegrand@gibsondunn.com
**Cc:** Chris Hilton <chris@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alex Dvorscak <alex@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** RE: Defendants' Objections and Responses: 4th Set of RFPs

Dear Aria,

Thank you for your email.  We would like to meet and confer regarding the issues described below.  Please let me know if you are available on Monday or Tuesday, February 10 or 11, to discuss these matters.

Best Regards – Elizabeth

---

**From:** Aria Branch <abranch@elias.law>
**Sent:** Thursday, January 16, 2025 2:09 PM
**To:** Elizabeth Brown Fore <Elizabeth@stonehilton.com>; Abha Khanna <akhanna@elias.law>; Elisabeth Frost <efrost@elias.law>; Jacob Shelly <jshelly@elias.law>; alegrand@gibsondunn.com
**Cc:** Chris Hilton <chris@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alex Dvorscak <alex@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** RE: Defendants' Objections and Responses: 4th Set of RFPs

Elizabeth:

Thanks for your email.

First, one housekeeping matter: We have attached an amended version of Defendants' Responses and Objections to Plaintiff's **Fourth** Set of Requests for Production. The only change we made is to the title of the document; the previous version was inadvertently mistitled as "Defendants' Responses and Objections to Plaintiff's **Third** Set of Requests for Production."

**Appx. 027**

With respect to the substance of your email:

- The scope of Request No. 107 is overbroad and not reasonably particularized to the issues in this case, which is why we limited the scope of responsive information to those documents and communications that relate to the "November 2023 Articles or this Litigation." Your email contends that "a wider range of documents are relevant," but Plaintiff has not articulated any additional subject that would not already be covered by Plaintiff's prior requests. For example, your email states that "documents relating to X" should be produced in response to Request No. 107; but Plaintiff's Request No. 5 asks for "[a]ll documents and communications discussing or mentioning X," and thus would encompass documents or communications with any third-party subpoena recipient that relate to X. Similarly, your email states that documents related to "X's advertisers" are relevant, but Plaintiff's Request No. 7 asks for "[a]ll documents and communications concerning advertising on the Platform, including but not limited to documents and communications concerning any particular advertiser or potential advertiser on the Platform." Request No. 7 would encompass documents or communications with any third-party subpoena recipient that relate to "X's advertisers." In response to Request Nos. 5 and 7, Defendants have indicated that they will produce (and have been producing) any responsive, nonprivileged documents that are located following a reasonable search.

   Accordingly, Defendants believe it is appropriate to limit the scope of Request No. 107 as they have done in their Responses and Objections; if there are subjects that Plaintiff believes are relevant to Request No. 7 that *are not covered by any of Plaintiff's prior requests*, we are willing to discuss them.

- The text of Request No. 108 and the framing of the request as described in your email, is duplicative of and covered by Plaintiff's prior discovery requests. Plaintiff's Request No. 6 asks for "[a]ll documents and communications concerning content moderation on the Platform." The scope of Request No. 6 includes documents related to content moderation *standards*, since it asks for all documents related to "content moderation" generally. Similarly, Plaintiff's Request for Production No. 7 asks for "[a]ll documents and communications concerning advertising on the Platform." The scope of Request No. 7 includes documents related to advertising brand safety, since it requests all documents related to "advertising" generally. In response to Request Nos. 6 and 7,

**Appx. 028**

Defendants have indicated that they will produce (and have been producing) any responsive, nonprivileged documents that are located following a reasonable search.

Accordingly, it is appropriate for Defendants to produce nonprivileged documents responsive to Request No. 108 only to the extent they would have been produced in response to Plaintiff's prior requests. If there are other subjects that Plaintiff believes are relevant to Request No. 108 that *are not covered by any of Plaintiff's prior requests*, we are willing to discuss them.

- You articulated in your email that the purpose of Request Nos. 113 and 114 is to support Plaintiff's argument that Media Matters "did not employ a sufficient number of staff required to publish accurate and fully verified material." Defendants have already provided Plaintiff with the relevant information responsive to this inquiry. As described, Exhibit A of Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories provides the names and other information of individuals who were responsible for work related to the November 2023 articles. The response also provides the number of individuals who were responsible for work related to the November 2023 articles.

  Given the purposes of Request Nos. 113 and 114 as you have articulated them, additional information about other Media Matters staff, consultants, contract workers, freelancers, etc. is not relevant. Even if you remove the names and number of janitorial staff from the equation—because as you concede in your email, that information is not relevant—the request is still overbroad. It would encompass individuals who did not work on the November 2023 articles and who do not play any role in Media Matters's publishing process at all—including, for example, IT contractors and graphic design consultants. Accordingly, Defendants have appropriately responded that they will produce nonprivileged responsive documents only to the extent the documents would have been produced in response to other Requests.

We are available to discuss via phone call; please let us know your availability.

Regards,

**Aria C. Branch**
Partner
**Elias Law Group LLP**
250 Massachusetts Avenue NW, Suite 400
Washington DC 20001

**Appx. 029**

202-968-4518

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Aria Branch
**Sent:** Friday, January 10, 2025 4:55 PM
**To:** Elizabeth Brown Fore <Elizabeth@stonehilton.com>; Abha Khanna <akhanna@elias.law>; Elisabeth Frost <efrost@elias.law>; Jacob Shelly <jshelly@elias.law>; alegrand@gibsondunn.com
**Cc:** Chris Hilton <chris@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alex Dvorscak <alex@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** RE: Defendants' Objections and Responses: 4th Set of RFPs

Thank you, Elizabeth. We are reviewing the issues raised in your email and expect to revert back early next week.

Best,
Aria

**Aria C. Branch**
Partner
Elias Law Group LLP
250 Massachusetts Avenue NW, Suite 400
Washington DC 20001
202-968-4518

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Elizabeth Brown Fore <Elizabeth@stonehilton.com>
**Sent:** Wednesday, January 8, 2025 1:11 PM
**To:** Abha Khanna <akhanna@elias.law>; Aria Branch <abranch@elias.law>; Elisabeth Frost <efrost@elias.law>; Jacob Shelly <jshelly@elias.law>; alegrand@gibsondunn.com
**Cc:** Chris Hilton <chris@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alex Dvorscak <alex@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>
**Subject:** Defendants' Objections and Responses: 4th Set of RFPs

Dear Counsel:

I am writing regarding Defendants Media Matters for America, Eric Hananoki, and Angelo Carusone's Responses and Objections to Plaintiff's Fourth Set of Requests for Production. Specifically, I am writing regarding the insufficiency of Defendants'

**Appx. 030**

responses to Request Nos. 107, 108, 113, and 114.

Request No. 107 seeks information relevant to the litigation, and Defendants' objections inappropriately limit responsive information to only that relating to the November 2023 Articles or "this litigation." A wider range of documents are relevant, including *inter alia*, documents relating to X, X's advertisers, Media Matters of America's goals with respect to X and the subpoenas themselves. Given the small number of subpoenas that have been served to date, Defendants' objection that the request is "overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of the case" is spurious.

Defendants' objections to Request No. 108 that the request is "overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of the case" is again spurious. Defendants' understanding of and research into "online advertising brand safety/content moderation standards" is directly relevant to whether the November 2023 Articles were written with knowledge of the appropriate standards. This request is very specifically directed to documents relating to ***standards***. It does not ask for information relating to reporting about other social media sites unless the reporting reflects an understanding of Defendants' knowledge of the appropriate standard. Further, given the focus on "standards," this request is not duplicative of earlier requests.

Defendants' objections and responses to Request Nos. 113 and 114 likewise improperly eliminate relevant documents from production. Among other things, these documents are relevant to prove that Media Matters of America did not employee a sufficient number of staff required to publish accurate and fully verified material. X is entitled to discover the number of employees per role that were employed during the period of time in which Defendants were writing articles critical of Plaintiff. (Defendants may eliminate janitors or other staff solely employed to clean Defendants' facilities.) Because these Requests ask for documents "sufficient to show," Defendants boiler-plate objection that the request is "overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of the case" is unfounded.

Please let me know if you are available this week to discuss the issues described herein. We would welcome the opportunity to speak with you in an effort to avoid the need for court intervention.

Thank you – Elizabeth

**Elizabeth Brown Fore**
Stone Hilton PLLC

600 Congress Ave.
Suite 2350
Austin, Texas 78701

elizabeth@stonehilton.com
www.stonehilton.com

CONFIDENTIALITY NOTICE:
This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege and/or the work-product doctrine. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

**Appx. 032**