UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| X CORP., a Nevada corporation,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MEDIA MATTERS FOR AMERICA, a Washington, D.C. non-profit corporation, ERIC HANANOKI, and ANGELO CARUSONE,<br><br>　　Defendants. | Civil Action No. 4:23-cv-01175-O |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

X's "Notice of Supplemental Authority" is a thinly veiled surreply on the Motion to Transfer, making inapposite claims about the Northern District of California's order and citing cases that never were in front of either this Court or the California court. While the reasoning of the Northern District of California decision supports transfer here, it is for this Court to decide that issue—a point the California court emphasized at the hearing and in its Order.

The Northern District of California's order granting in part Media Matters's motion for a preliminary injunction *supports* Media Matters's[1] motion to transfer and *confirms* there is no need for an extraordinary temporary restraining order enjoining litigation in that court. The order confirms that the California court will not restrain this litigation: "As stated at the hearing, under no circumstances will this Court issue a ruling that enjoins or otherwise restrains the Texas litigation." ECF 173 at 9. X's notice of supplemental authority raises four points regarding the

---

[1] This response refers to Defendants Media Matters, Eric Hananoki, and Angelo Carusone collectively as Media Matters.

1

Northern District of California preliminary injunction, none of which supports a temporary restraining order and denial of Media Matters's motion to transfer.

*First*, X argues that the Northern District of California court "did not address as a threshold matter whether it has subject matter jurisdiction" over Media Matters's claims in that court, but subject matter jurisdiction over the California claims is not before this Court. That is because X and its foreign subsidiaries chose to sue Media Matters in three separate jurisdictions. X's suggestion that the court overlooked subject-matter jurisdiction is baseless—the parties' extensively briefed subject-matter jurisdiction in the Northern District of California. The court's subject-matter determination that it has jurisdiction over the California claims has no effect on X's claims in this Court.

*Second*, X argues that the court ignored X's post-lawsuit change to its forum-selection clause, but that issue is also not before this Court. X has never argued in response to Media Matters's motion to transfer or in any other pleading in this Court that its post-suit forum selection clause applies retroactively to its claims in this Court, nor could it reasonably have done so. ECF 168-3, ECF 172-1 at 8. X did raise the issue in California, and the court there properly rejected it. As Media Matters demonstrated in the Northern District of California, the text of X's broad forum-selection clause itself requires that if a dispute concerns a specific version of the TOS, the clause ***in that particular version*** governs. The clause that Media Matters sued to enforce in the Northern District of California requires that "[a]ll disputes related to ***these Terms***" must be litigated in California; and "***these Terms***" necessarily refers to the Terms containing the clause in question—i.e., those existing at the time. Moreover, the relevant breach—X's filings of the various lawsuits in contravention of the forum selection clause—happened under the terms of the 2023 forum selection clause. The clause also is "not retroactive" on its face. And for good reason, X never has

argued that the new forum selection clause governs *this case*. X has acknowledged that the new venue clause does not apply retroactively in moving to transfer cases after the change because the terms at the time of events giving rise to the claim control. ECF 172-2 at 48.

*Third*, X argues that the court wrongly determined that X's forum-selection clause applied to Twitter International's claims against Media Matters, but, once again, that issue is not before this Court because Twitter International chose not to sue Media Matters in the United States. X cannot complain that the court rejected its argument that the TOS containing the forum-selection clause disclaimed third party beneficiaries because it does not and because X's successful argument that the terms were broad enough to cover claims against non-signatories like Elon Musk and the federal government estopped X from arguing the opposite in this case. ECF 172-1 at 7.

X's ironic attempt to undermine the Northern District of California's observation that the foreign lawsuits were "designed more to bully Media Matters and inflict financial hardship upon it than to actually vindicate those entities' rights" does not help its case against transfer of X's claims from this Court. X says, "one might be excused to think that Singapore tort claims by a Singapore entity based on injuries in Singapore belong in a Singapore court." But X, which was a *California* company with a *California* choice-of-law clause in its TOS that suffered alleged injuries in *California* when it filed suit, ignored that principle—*and the controlling forum-selection clause*—when it sued Media Matters in this Court.

*Fourth*, X complains that the Northern District of California resolved one of the issues in Media Matters's pending motion to transfer from this Court, but that is also a consequence of X's decision to file multiple international lawsuits against Media Matters based on the same article. If X had brought its foreign-entity lawsuits in one case before this Court rather than engaging in

3

global libel tourism to inflict maximum financial hardship on Media Matters, this Court might have been the sole arbiter of whether the claims fit within X's forum-selection clause.

X cannot complain that the Northern District of California reached the obvious conclusion that X's claims clearly fit within the broad language of X's forum-selection clause. In so holding, the court merely applied the clause's plain language and X's own arguments in moving to transfer other cases to the Northern District of California. X's pleadings in other cases show that the clause covers "all disputes that 'relate' to the Terms or Twitter's Services," and that "[a]ll that is required is some logical or causal connection between the claim and Twitter's Terms or Services." ECF 172-2 at 74. X's claim of the opposite in this Court and in the Northern District of California—that the clause covers only claims that require interpreting the agreement—is simply not credible.

Left with the inescapable conclusion that X breached its own forum-selection clause, X asks this Court to find that Media Matters waived the forum-selection clause. X, however, simply rehashes the unpersuasive arguments from its response to the §1404 motion to transfer. X devotes nearly three pages of its "Notice of Supplemental Authority" to arguing waiver in this Court, which was not before Judge Chhabria. X's new case, *Forby v. One Technologies, Inc.*, *Forby v. One Techs.*, L.P., 909 F.3d 780, 782-83 (5th Cir. 2018), weighs against finding waiver because the *Forby* defendant showed a clear desire to have the Northern District of Texas resolve the dispute by successfully moving to transfer the litigation *from Illinois to Texas* and by filing a motion to dismiss that asked the Texas court to determine that the defendants' website was not deceptive as a matter of law.  The defendant moved to compel arbitration only after the transferee Texas court the defendant chose to hear its motion to dismiss granted the motion in part and dismissed one of the claims. *Id.* at 783-84. The court confirmed that "it is true that delay in asserting the right to arbitrate alone will not result in waiver." *Id.* at 785.

For all of its improper argument, X cannot identify any fact showing that Media Matters showed any desire to have this Court resolve this dispute or actually intended to waive its right to enforce the forum-selection clause. X does not address the fact that Media Matters, unlike the *Forby* defendant, **has never consented to venue in this Court and has always challenged venue** from its first filing. As this Court is aware, Media Matters consistently has contested venue and jurisdiction, including asking this Court to certify an appeal to the Fifth Circuit on the issue. ECF 94. X says that Media Matters's reference to the forum-selection clause in its motion to dismiss shows that Media Matters intended to waive the clause. But what Media Matters actually said, that "X is organized under Nevada law and maintains its principle place of business in San Francisco, California, where its own terms of service require users of its platform to litigate any disputes," is consistent with Media Matters's motion to transfer. ECF 32 at 3. That reference in a pleading arguing primarily that this Court had neither jurisdiction nor proper venue certainly does not show that Media Matters intended to have *this Court resolve this dispute* or that Media Matters intended to waive its right to enforce the forum-selection clause, nor is it "so inconsistent with the intent to enforce the right as to induce a reasonable belief that it had been relinquished." To the contrary, as Media Matters demonstrated in its reply, its motion to transfer is so consistent with its motion to dismiss that it re-raises the same §1406 argument. X did not respond.

Even if the Court were to find some conduct supporting waiver of the forum-selection clause, the Court should still transfer for convenience because all of the factors cut strongly in favor of transfer to California. X does not deny there is no formal deadline to file a §1404 motion, Media Matters acted with "reasonable promptness" by filing its motion to transfer shortly after the court denied its motion to certify an immediate appeal of the venue and jurisdictional issues, ECF

5

134, and any delay in filing the motion is just one factor that only merits any consideration in rare and special cases. ECF 172-1 at 8.

Media Matters properly moved in California to enjoin the foreign suits, making clear that it was not seeking to enjoin this suit—a point that the California court emphasized. The Northern District of California agreed with Media Matters, with reasoning that supports the motion to transfer. But it is for this Court to decide the issues as they apply to this case. For all the reasons in Media Matters' Motion to Transfer and Reply, this Court should grant the Motion to Transfer.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

/s/ *Justin A. Nelson*
Justin Nelson
State Bar No. 24034766
Matthew Behncke
State Bar No. 24069355
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
jnelson@susmangodfrey.com
mbehncke@susmangodfrey.com

Katherina M. Peaslee
SUSMAN GODFREY L.L.P.
401 Union Street, Suite #3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 505-3811
kpeaslee@susmangodfrey.com

Gregg Costa
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, TX 77002-6117
Telephone: (346) 718-6649

6

Facsimile: (346) 718-6979
GCosta@gibsondunn.com

Dwight P. Bostwick
Shawn P. Naunton
ZUCKERMAN SPAEDER LLP
485 Madison Ave., 19th Floor
New York, NY 10022
Telephone: (212) 704-9600
Facsimile: (202) 822-8106
dbostwick@zuckerman.com
snaunton@zuckerman.com

**Attorneys for Defendants**
**Media Matters for America,**
**Angelo Carusone, and Eric Hananoki**

**CERTIFICATE OF SERVICE**

I certify that on April 16, 2025, a true and correct copy of this pleading was properly served on counsel of record via electronic filing in accordance with the USDC, Northern District of Texas Procedures for Electronic Filing.

/s/ Matthew C. Behncke
Matthew C. Behncke
