## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **X CORP.**, | |
| *Plaintiff,* | |
| v. | **Civil Action No. 4:23-cv-01175-O** |
| **MEDIA MATTERS FOR AMERICA,** *et al.*, | |
| *Defendants.* | |

### DEFENDANTS' MOTION FOR STATUS CONFERENCE

Pursuant to Rule 16(a) of the Federal Rules of Civil Procedure, Defendants Media Matters for America ("Media Matters"), Angelo Carusone, and Eric Hananoki ("Defendants") respectfully requests the Court set a status conference to discuss the progress of discovery, the issues outlined in Defendants' motion for leave to increase depositions and to amend the schedule (ECF 184), and the upcoming close of fact discovery deadline. Defendants respectfully ask the Court to set a status conference between the weeks of April 28 or May 5 or, if those dates are not possible, soon thereafter at the Court's convenience. Defendants file this motion as unopposed because Plaintiff does not oppose Defendants' request for a status conference, but Plaintiff disagrees with the content of the motion.

On November 18, 2024, the Court granted X's unopposed motion to amend the scheduling order, placing the close of fact discovery on June 30, 2025. ECF No. 130. With the close of fact discovery approaching, the parties have filed multiple motions relating to the scope of discovery,

including dueling motions to compel.  On April 14, 2025, X filed a motion to compel discovery regarding X's Request for Production Nos. 108, 113, and 114, which pertain to documents evincing the names of individuals contracted or employed by Media Matters as well as the production of Defendants' investigations into brand safety and content moderation standards.  ECF No. 174–75. And on April 21, 2025, Defendants filed a motion to compel discovery, requesting the Court to enter an order: (1) compelling X to produce documents responsive to Defendants' requests for production from text, Slack, Signal, Jira, and any other relevant messaging platforms, (2) overruling X's objections to Defendants' requests for production 64-68 regarding the frequency with which offensive ad pairings occurred on X; (3) compelling X to make its source code available for inspection, and (4) compelling X to present Elon Musk for deposition. ECF No. 182.

On April 22, 2025, the parties met and conferred regarding multiple discovery related issues, including dates by which the parties will be substantially complete with document production and the need to extend the close of fact discovery, without full resolution.

Additionally, on April 22, 2025, Defendants filed a motion for leave to expand depositions and to amend the schedule.  Under this motion, Defendants ask the court to allow (1) 125 hours of deposition time or, alternatively, 25 depositions per side, (2) a three-week extension of the fact discovery deadline with no change to the October 6 trial setting, and (3) adjustment of the schedule such that summary judgment motions are due following the conclusion of discovery.

Given the pending discovery motions and the fast approaching close of fact discovery, a scheduling conference is necessary to ensure the orderly progression of this case. The parties are at an impasse on critical issues—including the proper number of depositions required and the proper scope of document production.  Each of these has significant implications for the remaining discovery timeline. As of now, some of these key disputes will not be fully briefed until May 26,

2025—roughly one month before the close of fact discovery.

And with fact discovery set to close in roughly two months from now, judicial guidance is necessary to ensure that the parties can pursue the full scope of discovery warranted by the complexity of this case—particularly where multiple third parties are involved—and to prevent the close of discovery from undermining the development of a complete and fair factual record by both parties. Moreover, Defendants seek to avoid arguing over document productions at the last minute and, possibly, after relevant depositions have occurred, necessitating further disputes about reopening depositions. Both parties—and the Court—stand to benefit from a status conference now. A conference will allow the Court to address these outstanding disputes efficiently and adjust deadlines if appropriate, thus "improving the quality of the trial through more thorough preparation." Fed. R. Civ. P. 16(a).

Pursuant to Federal Rule of Civil Procedure 16(a), Defendants request that the Court convene a status conference as it would "expedit[e] disposition of the action" for the Court to hear the parties' disputes and enter schedule adjustments as appropriate. Fed. R. Civ. P. 16(a). Without question, the parties are continuing forward with discovery, but a prompt status conference will help the parties better structure the remaining discovery and limit on-going disputes. And given the scope and impact of the relief sought in the pending motions, Defendants believe a status conference would assist the Court in evaluating the motions, the remaining discovery left to be completed, allow the parties to clarify their respective positions, and potentially streamline any further resolution needed.

Defendants respectfully request a status conference with the Court to discuss the status of the case, Defendants' motion for leave to increase depositions and to amend the schedule, and to otherwise seek guidance concerning a judicious and orderly completion of discovery.

Dated: April 24, 2025.                    Respectfully submitted,


                                          ___*/s/ Justin Nelson*_____
                                          Justin A. Nelson
                                          State Bar No. 24034766
                                          Matthew Behncke
                                          State Bar No. 24069355
                                          SUSMAN GODFREY L.L.P.
                                          1000 Louisiana Street, Suite 5100
                                          Houston, Texas 77002-5096
                                          Telephone:  (713) 651-9366
                                          Fax:  (713) 654-6666
                                          jnelson@susmangodfrey.com
                                          mbehncke@susmangodfrey.com

                                          Katherine M. Peaslee
                                          SUSMAN GODFREY L.L.P.
                                          401 Union Street, Suite #3000
                                          Seattle, WA 98101
                                          Telephone:  (206) 516-3880
                                          Facsimile:  (206) 505-3811
                                          kpeaslee@susmangodfrey.com

                                          Gregg Costa
                                          GIBSON, DUNN & CRUTCHER LLP
                                          811 Main Street, Suite 3000
                                          Houston, TX 77002-6117
                                          Telephone: (346) 718-6649
                                          Facsimile: (346) 718-6979
                                          GCosta@gibsondunn.com

                                          Dwight P. Bostwick
                                          Shawn P. Naunton
                                          Zuckerman Spaeder LLP
                                          485 Madison Ave., 19th Floor
                                          New York, NY 10022
                                          Telephone: (212) 704-9600
                                          Facsimile: (202) 822-8106
                                          dbostwick@zuckerman.com
                                          snaunton@zuckerman.com

                                          *Attorneys for Defendants Media Matters for*
                                          *America, Angelo Carusone, and Eric Hananoki*

4

## **CERTIFICATE OF CONFERENCE**

Counsel for Defendants has conferred with counsel for Plaintiff by telephone on April 22, 2025 and by email on April 23, 2025 and April 24, 2025 and counsel for Plaintiff does not oppose Defendants' request for a status conference but disagrees with the content of Plaintiffs' motion.

        _/s/ Matthew C. Behncke_____
        Matthew C. Behncke

## **CERTIFICATE OF SERVICE**

I certify that on April 24, 2025, a true and correct copy of Defendants' Motion for Status Conference was properly served on counsel of record via electronic filing in accordance with the USDC, Northern District of Texas Procedures for Electronic Filing.

        _/s/ Matthew C. Behncke_____
        Matthew C. Behncke