IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **X CORP.**,<br><br>       *Plaintiff*,<br><br>v.<br><br>**MEDIA MATTERS FOR AMERICA**, *et al.*,<br><br>       *Defendants*. | Case No. 4:23-cv-01175-O |

### DEFENDANTS' REPLY ISO MOTION FOR STATUS CONFERENCE

The parties agree that the Court should convene a conference to address the status of discovery because, as X puts it, "the schedule in this case merits review by the Court." Dkt. 188 (Pl's Resp.) at 2. Defendants respectfully request that the Court hold the conference at its earliest convenience (ideally the week of May 5, 2025 or before) because of the number of outstanding discovery issues, their complexity, and the fast-approaching discovery deadlines. *See* Dkt. 186 (Defs' Mot.) at 2–3.

X does not contest that a prompt status conference will facilitate the Court's evaluation of the schedule, outstanding motions, and streamline any further resolution needed. *See* Dkt. 188 at 2–3. X instead complains that key discovery motions will not be fully briefed before the requested conference. *Id*. But the conference need not short circuit the motions' briefing schedule. Rather, the conference will allow for the parties to enhance the Court's understanding as to their respective positions, and, consequently, might expedite the resolution of the disputes once these

motions are fully briefed.[1]

The most important issue for the Court to resolve is timing and schedule given the multiple issues still pending in discovery (including X's refusal to even commit to a date by which it will substantially complete document production).

With respect to the proposed schedule adjustment—which the Parties agree is necessary—Defendants will keep seeking cooperation from X to arrive promptly at a compromise. Defendants have, for weeks asked to confer with X on the matter. The notion that Defendants filed their request for a status conference "without adequately conferring with Plaintiff" is baseless. *See* Ex. A.

- On Friday, April 4, Defendants identified the schedule deadlines as an agenda item for a meet and confer call on Monday, April 7.
- During the April 7 meet and confer, Defendants stated that they believed the parties needed to adjust the discovery deadline and dispositive motion deadline in the schedule.
- On April 16, Defendants told X that they intended to seek a status conference to address the schedule and deposition protocol the parties had been discussing.
- On April 18, Defendants identified the specific issues they wanted to discuss with the Court and sent a proposed schedule.
- The parties met and discussed Defendants' proposed schedule on April 22.
- After weeks of discussion, the parties were not able to reach agreement on the schedule or deposition protocol, necessitating Defendants' motion.

Defendants reached out again today, Monday, April 28, 2025, to try and reach some compromise on the issue with X. Defendants disagree with many of the other assertions and characterizations in X's Response, but will address those in proper course. Regardless, the parties are united that a status conference would help move the case forward.

---

[1] Defendants are amenable to addressing any of the several outstanding issues in this case however the Court sees fit during the conference, including Defendants' Motion to Transfer Venue (Dkt. 152) and Plaintiffs' Motion For An Antisuit Injunction (Dkt. 156). But these two issues should not delay the needed schedule adjustments and resolution of discovery disputes, given the impending deadlines. Separately, X describes Defendants' Motion to Transfer Venue as "meritless," and makes superfluous references to "gamesmanship," Dkt. 188 at 1; Defendants disagree with these gratuitous characterizations, wholly irrelevant to the request at hand for a status conference.

Dated: April 28, 2025.                                    Respectfully submitted,


*/s/ Justin A. Nelson*
Justin A. Nelson
State Bar No. 24034766
Matthew Behncke
State Bar No. 24069355
Alexandra Foulkes Grafton
State Bar No. 24116448
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Fax:  (713) 654-6666
jnelson@susmangodfrey.com
mbehncke@susmangodfrey.com
afoulkesgrafton@susmangodfrey.com

Katherine M. Peaslee
SUSMAN GODFREY L.L.P.
401 Union Street, Suite #3000
Seattle, WA 98101
Telephone:  (206) 516-3880
Facsimile:  (206) 505-3811
kpeaslee@susmangodfrey.com

Gregg Costa
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, TX 77002-6117
Telephone: (346) 718-6649
Facsimile: (346) 718-6979
GCosta@gibsondunn.com

Dwight P. Bostwick
Shawn P. Naunton
Zuckerman Spaeder LLP
485 Madison Ave., 19th Floor
New York, NY 10022
Telephone: (212) 704-9600
Facsimile: (202) 822-8106
dbostwick@zuckerman.com
snaunton@zuckerman.com

*Attorneys for Defendants Media Matters for America, Angelo Carusone, and Eric Hananoki*

## **CERTIFICATE OF SERVICE**

I certify that on April 28, 2025, a true and correct copy of the foregoing was properly served on counsel of record via electronic filing in accordance with the USDC, Northern District of Texas Procedures for Electronic Filing.

*/s/ Justin A. Nelson*
Justin A. Nelson