IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| X CORP., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-CV-01175-O |
| § | |
| MEDIA MATTERS FOR AMERICA, § | |
| ET AL., § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court are Defendants' Notice of Motion to Transfer Venue (ECF No. 152), filed March 6, 2025; Plaintiff's Response in Opposition (ECF No. 168-3), filed March 27, 2025; and Defendants' Reply (ECF No. 172-1), filed April 10, 2025. After examining the arguments and authorities, the Court **DENIES** Defendants' Motion.

### I. BACKGROUND

On November 20, 2023, X Corp. ("Plaintiff" or "X") brought this action against Media Matters for America, Eric Hananoki, and Angelo Carusone (collectively, "Defendants") for claims of interference with contract, business disparagement, and interference with prospective economic advantage. Pursuant to these claims, Plaintiff alleges that Defendants knowingly and maliciously fabricated side-by-side images on Plaintiff's X platform of various advertisers' posts that X depicted next to neo-Nazi or other extremist content and portrayed these designed images as if they were what the average user experiences on the X platform. Plaintiff asserts that Defendants proceeded with this course of action in an effort to harm the X platform by publicly portraying X as a social media platform dominated by neo-Nazism and anti-Semitism, and thereby alienate major advertisers, publishers, and users from the X platform.

1

In the present Motion, Defendants request the Court transfer this action to the Northern District of California or, alternatively, dismiss this action. The parties have briefed the issues, which are ripe for the Court's review.

## II. LEGAL STANDARDS

### A. Waiver of Forum Selection Clause

There are two approaches for evaluating whether a party waives the right to seek enforcement of a forum selection clause. *Hampton v. Equity Tr. Co.*, 736 F. App'x 430, 435 (5th Cir. 2018). The first approach is the traditional waiver analysis where a right is relinquished if a party "intentionally or voluntarily relinquished its rights under the clause." *Id.* (quoting *Wellogix v. SAP Am. Inc.*, 648 F. App'x 398, 401 (5th Cir. 2016)). This approach requires "(1) an existing right, benefit, or advantage; (2) actual or constructive knowledge of its existence; and (3) actual intent to relinquish that right." *SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Eur. GmbH*, 839 F.3d 422, 426 (5th Cir. 2016) (quoting *GP Plastics Corp. v. Interboro Packaging Corp.*, 108 F. App'x 832, 836 (5th Cir. 2004)). Under this approach "[w]aiver can also occur if a party engages in 'conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished.'" *Id.* (quoting *N. Am. Specialty Ins. v. Debis Fin. Servs., Inc.*, 513 F.3d 466, 470 (5th Cir. 2007)).

Under the second approach, "the party to the [forum selection] clause waives its right if it '(1) substantially invokes the judicial process [in derogation of the forum selection clause] and (2) thereby causes detriment or prejudice to the other party.'" *SGIC Strategic*, 839 F.3d at 426–27 (alterations in original) (quoting *Wellogix*, 648 F. App'x at 402).

### B. Motions Under 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a)

"For the convenience of parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In considering motions to transfer venue under 28 U.S.C. § 1404(a), district courts consider "the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). "District courts have broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (internal quotation marks and citations omitted). If a district court holds venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Section 1406(a) allows dismissal only when venue is "wrong" or "improper." *Atl. Marine*, 571 U.S. at 55.

## III.  ANALYSIS

This action has been pending in the Northern District of Texas for over five hundred days.[1] For the first time since litigation commenced and after eleven motions filed by Defendants,[2] numerous substantive and discovery orders by the Court, one threat of seeking mandamus relief,[3] and with a *pending* interlocutory appeal,[4] Defendants ask the Court to transfer this case to the Northern District of California. This Motion is untimely, improper, and comes at the expense of Plaintiff's and the Court's resources. For the following reasons, the Motion is **DENIED**.

---

[1] *See* Pl.'s Original Compl., ECF No. 1 (filed November 20, 2023).
[2] *See* Defs.' Mot. to Dismiss Pl.'s Original Compl., ECF No. 31; Defs.' Mot. to Stay Disc. Pending Ruling on Mot. to Dismiss, ECF No. 35; Defs.' Mot. to Dismiss Pl.'s Am. Compl., ECF No. 40; Defs.' Renewed Mot. to Stay Disc. Pending Ruling on Motion to Dismiss, ECF No. 43; Defs.' Mot. to Compel Corrected Certificate of Interested Person, ECF No. 73; Defs.' Mot. to Certify Immediate Appeal, ECF No. 93; Defs.' Emergency Mot. to Stay; ECF No. 99; Defs.' Mot. to Compel Disc. Resp., ECF No. 113; Defs.' Mot. to Compel Disc., ECF No. 182; Defs.' Mot. for Leave to Increase Dep. and to Amend Scheduling Order, ECF No. 185; Defs.' Mot. for Status Conference, ECF No. 186.
[3] Defs.' Reply in Supp Mot. to Certify Immediate Appeal 1, ECF No. 120.
[4] Notice of Interlocutory Appeal, ECF No. 101.

**A. Defendants cannot move to transfer for the first time at this point in litigation.**

Defendants argue that "[u]nder any legal framework, this Court should transfer the case."[5] Specifically, Defendants advance three sources of authority for the Court to transfer this action: (1) the forum selection clause in X's terms of service; (2) 28 U.S.C. § 1404(a); and (3) 28 U.S.C. § 1406(a). The Court addresses each in turn below.

### 1. Forum Selection Clause

Plaintiff (and Judge Chhabria)[6] insist that this Court must address "whether Media Matters forfeited its right to assert the forum selection clause in the Texas case by waiting so long to file a motion based upon it."[7] Because of Defendants' delayed request to transfer—despite their knowledge of the forum selection clause—and the prejudice in transferring this case now, there is no legal approach that supports transferring this case.

Applying the traditional (i.e., the first) approach to waiver of a forum selection clause, Defendants argue that because they "have consistently challenged venue since right after X filed suit," their conduct was consistent with the intent to enforce the forum selection clause.[8] However, Defendants never requested to *transfer* venue until this delayed instant Motion.[9] Instead, Defendants have requested *dismissal* for improper venue.[10] Further, Defendants previously cited

---

[5] Defs.' Br. in Supp. Mot. to Transfer Venue 2, ECF No. 153-1.
[6] Judge Chhabria is presiding over a related action where Media Matters sued X for breach of contract for filing this lawsuit in the Northern District of Texas instead of the Northern District of California. *See Media Matters for Am. et al. v. X Corp. et al.*, No. 3:25-CV-02397-VC (N.D. Cal. 2025) (Chhabria, J.).
[7] Pl.'s Br. in Opp'n Mot. to Transfer Venue 4, ECF No. 168-3 (quoting Order Denying Request For TRO 1–2, Mar. 17, 2025, *Media Matters for Am. et al. v. X Corp. et al.*, No. 3:25-CV-02397-VC (N.D. Cal. 2025) (Chhabria, J.)).
[8] Defs.' Br. in Supp. Mot. to Transfer Venue 10, ECF No. 153-1.
[9] The Court previously noted that Defendants did not request to transfer this action; they only moved to dismiss. *See* Order 12 n. 27, August 29, 2024, ECF No. 82.
[10] *See* Defs.' Mot. to Dismiss, ECF No. 40; Defs.' Br. in Supp. Mot. to Dismiss, ECF No. 41.

to Plaintiff's terms of service without requesting a venue transfer.[11] Thus, while Defendants have preserved a dismissal challenge to venue, they have not done the same for transfer.

Under the first approach, the pressing question remains: Has Defendants' conduct been inconsistent with the intent to enforce the right? Said another way, is waiting over a year and a half, moving to dismiss a case on the merits (twice), engaging in numerous discovery disputes, and appealing an unfavorable decision to the Fifth Circuit consistent with the intent to transfer this action to the Northern District of California? The answer must be no. Otherwise, litigants could abuse the judicial process by first filing a Federal Rule of Civil Procedure 12(b)(3) motion to dismiss, then a motion for reconsideration, a motion for interlocutory appeal, and a motion for mandamus relief, all before invoking a forum selection clause. Failing to ask the Court to transfer this action, especially given that transfer can be requested in the alternative to dismissal, is patently inconsistent "with the intent to enforce the right" of transferring this action such that the only reasonable conclusion is that Defendants "relinquish that right." *Hampton*, 736 F. App'x at 435 (citation omitted). Having determined that Defendants waived their right to transfer under the first approach, the Court now considers the second approach.

Under the second approach, the Court must consider whether Defendants "(1) substantially invoke[d] the judicial process [in derogation of the forum selection clause] and (2) thereby cause[d] detriment or prejudice to the other party." *SGIC Strategic*, 839 F.3d at 426–27 (second alteration in original). Defendants have "substantially invoke[d] the judicial process" by their actions in this litigation, most conspicuously by moving to dismiss this case and appealing to the Fifth Circuit. Considering the excessive delay and the extensive motions practice that has occurred in this action, Defendants' actions have prejudiced Plaintiff. For the Court to transfer this action

---

[11] Defs.' Br. in Supp. Mot. to Dismiss 10, ECF No. 41.

at the current stage in litigation would further exacerbate Plaintiff's prejudice. Accordingly, the Court holds that Defendants have waived any contractual right to transfer venue they *may* have had.[12] Under both approaches, Defendants have waived their right to transfer this action under the forum selection clause. The Court next considers transfer under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).

### 2. 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a)

The Court addresses transfer under § 1404(a) and § 1406(a) together because the timeliness analysis overlaps. Section 1404 "does not contain a deadline for filing the motion to transfer venue, and a motion to transfer venue under § 1404 can be made at any time." *Watson v. Fieldwood Energy Offshore, LLC*, 181 F. Supp. 3d 402, 411 n.7 (S.D. Tex. 2016). Section 1406 also does not have a deadline. That said, "[p]arties seeking a change of venue should act with reasonable promptness." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (internal quotation marks and citation omitted). Defendants argue they filed their Motion with "reasonable promptness" because they sought "transfer soon after the Court denied certification of its order finding personal jurisdiction and venue in this district and based on recent discovery that shows the Northern District of California to be the most convenient forum."[13] *Peteet*, 868 F.2d at 1436. Defendants, however, mischaracterize the litigation in this action.

First, Defendants did not "soon after" the denial of certification of an immediate appeal seek to transfer venue. Instead, they waited over three months.[14] Second, though Defendants assert that newly discovered evidence "shows the Northern District of California to be the most

---

[12] Because Defendants did not assert the forum selection clause in a timely manner, the Court does not reach the questions of whether the clause is enforceable or who can enforce the clause.
[13] Defs.' Br. in Supp. Mot. to Transfer Venue 21, ECF No. 153-1.
[14] The Court issued its Order denying Defendants Motion on January 2, 2025. Defendants did not file their Notice of Motion to Transfer Venue until March 6, 2025.

6

convenient forum," the discovery period in this case is not closed and a discovery issue is *currently pending* before the Fifth Circuit. Moreover, Defendants cite no caselaw that would indicate they were required, or even encouraged, to wait for the Court's order on interlocutory appeal before requesting transfer. Instead, when litigants file a Rule 12(b)(3) motion to dismiss for improper venue, they typically ask a court, in the alternative, to transfer under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).

Specifically, as to their § 1404(a) argument, Defendants argue delay and prejudice are only considered "in rare and special circumstances."[15] Defendants characterize *In re Horseshoe Entertainment* as "granting mandamus and transferring case under § 1404 more than two years after suit."[16] 337 F.3d 429, 434 (5th Cir. 2003). As such, Defendants cite *Horseshoe Entertainment* to argue that their Motion is timely.[17] Contrary to Defendants argument *Horseshoe Entertainment* is inapposite as to timeliness. *Horseshoe Entertainment* addressed whether prejudice and delay can be considered *as one of the factors* under § 1404. *Id.* ("We think the Middle District Court erred in considering and giving weight to the factor of 'possibility of delay or prejudice if transfer is granted.'"). *Horseshoe Entertainment* did not address the "reasonable promptness" standard for filing a motion to transfer venue under § 1404. *Peteet*, 868 F.2d at 1436. Instead, the Fifth Circuit explained that it was the district court that delayed 13 months in considering the motion, not the defendant who waited 13 months to file the motion. *Horseshoe Entertainment*, 337 F.3d at 433 ("For reasons not readily discernable from the record or the parties' briefing, the Middle District Court waited some 13 months . . . to rule on [the defendant]'s motion to transfer."). Further, the

---

[15] Defs.' Br. in Supp. Mot. to Transfer Venue 23, ECF No. 153-1 (quoting *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003)).
[16] *Id.*
[17] *See id.* at 21–23 (citing *Horseshoe Entertainment* in the section titled "Defendants' Motion to Transfer is timely.").

facts of *Horseshoe Entertainment* undermine Defendants' argument because there, the defendant filed its motion to transfer *before its answer. Id.* Here, Defendants filed numerous motions *before* requesting transfer.[18]

Regarding transfer under 28 U.S.C. § 1406(a), this provision governs transfer from an improper venue. *See Atl. Marine*, 571 U.S. at 55. Section 1406(a) does not apply here because, as explained below, the Northern District of Texas is a proper venue. Accordingly, even if the Motion to Transfer under 28 U.S.C. § 1406(a) was timely—and it is not—the provision would not apply.

The Court does not consider "the convenience of the parties and various public-interest considerations" for Defendants' Motion to Transfer under 28 U.S.C. § 1404(a) because Defendants' Motion is not timely. *Atl. Marine*, 571 U.S. at 62. Defendants' Motion under 28 U.S.C. § 1406(a) is also untimely, in addition to being inapplicable.

Defendants have requested this Court *dismiss* the case based on venue for over a year, but only now do they request *transfer*. This is improper. Thus, the Court concludes that Defendants did not act with "reasonable promptness" and the Motion to transfer under 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a) is **DENIED**. *Peteet*, 868 F.2d at 1436.

### B. The Northern District of Texas is a proper venue for this action.

Finally, Defendants request dismissal under 28 U.S.C. § 1406(a).[19] Section 1406(a) "authorize[s] dismissal only when venue is 'wrong' or 'improper' in the forum in which it was brought." *Atl. Marine*, 571 U.S. at 55. Defendants continue to argue "no substantial part of the events giving rise to this claim arose" in the Northern District of Texas.[20] For dismissal under 28 U.S.C. § 1406(a) to apply the Northern District of Texas must be an improper venue.

---

[18] *See supra* note 2. Of Defendants' eleven motions, nine of which predate Defendants' request to transfer.
[19] Defs.' Br. in Supp. Mot. to Transfer Venue 24, ECF No. 153-1.
[20] *Id.*

Defendants' discovery evidence is insufficient to support their position that the Northern District of Texas is an improper venue. Therefore, the Court reaffirms its previous holding that venue is proper in the Northern District of Texas. Accordingly, the Court **DENIES** Defendants Motion to Dismiss pursuant to 28 U.S.C. § 1406(a).

## IV.   CONCLUSION

Because Defendants have litigated this case for over a year without requesting transfer, Defendants' Motion to Transfer Venue based on the forum selection clause, 28 U.S.C. § 1404, or 28 U.S.C. § 1406 is **DENIED**. The Court also **DENIES** Defendants' Motion to Dismiss based on 28 U.S.C. § 1406(a).

Defendants' Motion reflects a pattern of "[g]amesmanship," which the Court previously warned Defendants about.[21] As Plaintiff explains, Defendants' present Motion may indicate that they waited to "learn[] 'which way the wind was blowing'" before requesting transfer.[22] Accordingly, Plaintiff is **ORDERED** to file a brief explaining whether Defendants' conduct should be sanctioned and, if so, detailing the Court's authority to sanction Defendants' conduct. Plaintiff shall file this brief **no later than May 21, 2025**.

**SO ORDERED** on this **2nd day** of **May, 2025**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[21] Mem. Op. & Order 4 & n.3, 8, August 16, 2024, ECF No. 81.
[22] Pl.'s Br. in Opp'n Mot. to Transfer Venue , ECF No. 168-3 (quoting *Edwards Vacuum, LLC v. Hoffman Instrumentation Supply, Inc.*, No. 3:20-CV-1681-SI, 2021 WL 2355405, at *6 (D. Or. June 9, 2021)).