UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **X CORP.**, a Nevada corporation, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | Case No. 4:23-cv-01175-O |
| **MEDIA MATTERS FOR AMERICA,** a Washington, D.C. non-profit corporation, **ERIC HANANOKI**, and **ANGELO CARUSONE**, | § § § § § | |
| *Defendants.* | § § | |

## JOINT MOTION TO AMEND SCHEDULING ORDER

After the Court's order granting Plaintiff's unopposed motion to amend the scheduling order, ECF Nos. 128, 130, the parties have proceeded apace on all aspects of fact and expert discovery with the expectation of meeting the deadlines that the Court set. Nonetheless, an important dispute between the parties—whether Defendants must respond to Plaintiff's requests for documents and communications related to Defendants' donors—is presently before the United States Court of Appeals for the Fifth Circuit. *See X Corp. v. Media Matters for America*, No. 24-10900 (5th Cir.).

The parties do not lightly move to amend the current schedule again, and both sides prefer expeditious resolution of this matter. It is for that reason that Plaintiff filed a motion to expedite the appellate proceedings. The Fifth Circuit granted the motion and heard arguments on Defendants' appeal in February 2025—months before the Fifth Circuit otherwise would have scheduled oral argument. Nonetheless, even with that expedition, the Fifth Circuit will not resolve the appeal with sufficient time for the parties to complete fact discovery, timely prepare pretrial

disclosures, and proceed to trial on the current schedule. For these reasons, the parties jointly move the Court to amend the scheduling order and extend current deadlines.

## ARGUMENT AND AUTHORITIES

Parties may request an amendment of a court's scheduling order for good cause shown, Fed. R. Civ. P. 16(b)(4). The standard "requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)); *see also* ECF No. 14 ¶ 12 ("Conclusory statements will usually not suffice to show good cause, even if the motion is agreed or unopposed."); *Sustainable Modular Mgmt., Inc. v. Travelers Lloyds Ins. Co.*, 2021 WL 4822017, at *2 (N.D. Tex. Oct. 15, 2021) (Fitzwater, J.) ("The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order.").

Good cause exists in these unique circumstances. On September 27, the Court issued an order granting Plaintiff's motion to compel donor-related documents. ECF No. 98 at 22. On October 1, 2024, Defendants appealed, ECF No. 101, and obtained a stay of this Court's order from a Fifth Circuit motions panel. *X Corp. v. Media Matters for America*, 120 F.4th 190, 193 (5th Cir. 2024). Shortly thereafter, at Plaintiff's request, the Fifth Circuit expedited proceedings. Oral argument was held on February 18, 2025. A decision remains pending.

In Plaintiff's view, information related to donors and donor communications is important to the prosecution of Plaintiff's claims at trial. For that reason, the Fifth Circuit's decision will govern how Plaintiff will go about completing fact discovery in this case. As discussed in Plaintiff's prior briefing to this Court and the Fifth Circuit, for instance, communications with or among donors may be important evidence of malice. *See*, *e.g.*, ECF No. 91 at 8-9; ECF No. 105 at

13. Beyond that, donor-related documents may lead to new discoverable information and warrant the issuance of third-party subpoenas, additional document review, and depositions of some of those third parties. Plaintiff will also ask Defendants' witnesses questions about those same documents and communications, which on its own may lead to additional discovery supporting Plaintiff's claims. For that reason, many depositions have not been scheduled and taken, and written discovery cannot be completed, until the Fifth Circuit has clarified the scope of discovery in this case. Accordingly, if trial proceeds on the current schedule, Defendants' appeal would, in a practical sense, moot the Court's order compelling discovery of this information because of the stay pending appeal imposed by the Fifth Circuit.

For their part, Defendants disagree with Plaintiff's positions on both the discoverability and relevance of documents related to Defendants' donors. But both sides agree that it would promote judicial economy and preserve party and non-party resources for the Court to amend the current schedule in light of the Fifth Circuit proceedings. Defendants are also working with Plaintiffs on a number of outstanding document and written discovery issues that Defendants believe will also affect the timing of discovery. At the appropriate time, Defendants also wish to address the timing of summary judgment, which, under the Court's current schedule, falls long before the close of fact discovery and before the parties are required to disclose experts.

It is not uncommon for interlocutory appeals to affect a district court's scheduling order. *E.g.*, ECF No. 205, *United States v. Abbott*, Case No. 1:23-cv-853 (W.D. Tex.). The parties are cognizant of the Court's obligation to "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. But, as addressed above, the current schedule does not allow sufficient time for the parties to conduct discovery based on the Fifth Circuit's decision.

The Parties propose that the Court balance the necessity of the Parties' obtaining a decision in the interlocutory appeal and the need to complete the substantial outstanding discovery that remains despite the parties' diligence, with the need to proceed to trial promptly by extending all future dates and deadlines by approximately 120 days. This represents the shortest extension possible that accounts for the inherent uncertainty of the conclusion of the Fifth Circuit proceedings, over which neither Plaintiff nor this Court has any control. The requested extension to the schedule will allow the parties to complete discovery, exchange disclosures, and fully prepare for trial with the benefit of the Fifth Circuit's decision. In relevant part, the requested key dates are as follows:

- **Completion of fact discovery:** October 24, 2025
- **Pretrial Disclosures and Objections:** December 19, 2025
- **Trial Date:** February 23, 2026, or the Court's convenience

A detailed proposed order accompanies this motion.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court grant their motion to modify the scheduling order and enter the revised schedule contained in the attached proposed order.

Respectfully submitted.

On behalf of X Corp.

*/s/ Christopher D. Hilton*
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
Elizabeth Brown Fore
Texas Bar No. 24001795
Michael R. Abrams
Texas Bar No. 24087072
Alithea Z. Sullivan
Texas Bar No. 24072376
Alexander M. Dvorscak
Texas Bar No. 24120461
Cody C. Coll
Texas Bar No. 24116214
**Stone Hilton PLLC**
600 Congress Ave., Ste. 2350
Austin, TX 78701
Telephone: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com ari@stonehilton.com
elizabeth@stonehilton.com
michael@stonehilton.com
alithea@stonehilton.com
alex@stonehilton.com
cody@stonehilton.com

John C. Sullivan
Texas Bar No. 24083920
**S|L Law PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351

Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2025, a copy of this document was served on all counsel of record through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

*/s/ Christopher D. Hilton*
Christopher D. Hilton
