# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 15, 2025
Lyle W. Cayce
Clerk

No. 25-10630

In re Media Matters for America; Eric Hananoki; Angelo Carusone,

*Petitioners.*

---

Petition for Writ of Mandamus to
the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-1175

---

Before Clement, Graves, and Willett, *Circuit Judges*.

James E. Graves, Jr., *Circuit Judge*:

Media Matters for America filed a petition for writ of mandamus seeking a venue transfer of the proceedings to the district court for the Northern District of California. For the reasons that follow, we GRANT IN PART Media Matters' petition, VACATE the district court's order denying transfer, and REMAND for a venue analysis consistent with this opinion. We also HOLD IN ABEYANCE Media Matters' interlocutory appeal pending resolution of this limited remand for venue purposes.

### I.

In November 2023, Media Matters for America ("Media Matters"), a Washington, D.C.-based nonprofit organization, published several articles that were critical of X Corp. ("X"), a technology company, and its then-

No. 25-10630

CEO, Elon Musk. One particular article claimed that on the X platform, advertisements from popular brands were placed next to conspiratorial, antisemitic, and anti-LGBTQ user content. Subsequently, most of the corporations mentioned in the article withdrew their advertisements from the X platform, causing X significant losses in ad revenue and brand equity.

X maintained that the article was false, and on November 20, 2023, sued Media Matters and several of its employees in the federal district court for the Eastern District of Texas. The diversity action alleged three Texas law claims: interference with contract, business disparagement, and interference with prospective economic advantage. *Id.* X subsequently amended its complaint on February 27, 2024, to add an additional defendant. Media Matters then moved to dismiss X's amended complaint for lack of personal jurisdiction, improper venue, and failure to state a claim. After the district court denied that motion on August 29, Media Matters moved to certify the personal jurisdiction question for immediate appeal pursuant to 28 U.S.C. § 1292(b).

The district court denied Media Matters' motion to certify an interlocutory appeal on January 2, 2025. It cited the three interlocutory appeal factors found in *Rico v. Flores*, 481 F.3d 234 (5th Cir. 2007) and held that because "the facts establishing personal jurisdiction and venue continue to be developed," there was no "controlling question of law"—the first element under *Rico*. But the district court also noted that "28 U.S.C. § 1406 allows a renewed challenge to venue as the evidentiary record develops."

Discovery between Media Matters and X continued after the district court's certification denial, and on January 31, X provided amended interrogatory responses listing advertisers that were allegedly affected by Media Matters' article. According to Media Matters, "[n]ot one was based in Texas." Media Matters thus moved on March 6 to transfer venue to the

No. 25-10630

Northern District of California, pointing to 28 U.S.C. §§ 1404(a) and 1406, as well as a forum-selection clause. X filed a timely opposition, and Media Matters replied.

The district court denied Media Matters' motion on May 2. It "address[ed] transfer under § 1404(a) and § 1406(a) together because the timeliness analysis overlap[ped]," and then quoted *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) for the proposition that "[p]arties seeking a change of venue should act with reasonable promptness." It then held that as to 28 U.S.C. § 1404(a), Media Matters' motion was "not timely" because:

- Media Matters "waited over three months" after the denial of their motion for certification to seek to transfer venue;
- Even though Media Matters may have found evidence suggesting that the Northern District of California was the most convenient forum, "the discovery period in this case is not closed and a discovery issue is *currently pending* before the Fifth Circuit";
- Media Matters failed to move to transfer venue at the time that it moved to dismiss for improper venue;
- Media Matters filed "eleven motions, nine of which predate [its] request to transfer," in the district court litigation, before moving to transfer venue.

As for 28 U.S.C. § 1406, the district court found that:

- Media Matters' motion was untimely, for all of the reasons mentioned in the § 1404(a) analysis; and
- The evidence that Media Matters found was "insufficient to support their position that the Northern District of Texas is an improper venue."

No. 25-10630

Finally, the district court commented that Media Matters' motion "reflect[ed] a pattern of [g]amesmanship," and gave credence to X's assertion that Media Matters may have "waited to learn which way the wind was blowing before requesting transfer." It thus ordered X to file, by May 21, 2025, "a brief explaining whether [MMfA's] conduct should be sanctioned."

Media Matters responded by filing this petition for writ of mandamus, and seeks a transfer of venue to the district court for the Northern District of California based solely on concerns related to 28 U.S.C. §§ 1404 and 1406. X suggests that Media Matters' omission of its previously-pressed forum-selection clause argument "[f]lirt[s] with a failure of candor," and points out that on March 10, four days after moving to transfer venue away from the Northern District of Texas, Media Matters filed suit against X in the district court for the Northern District of California ("NDCA"), seeking enforcement of the same forum-selection clause. Media Matters then, according to X, sought a preliminary injunction, and moved for ex parte relief in NDCA "to prevent X from filing a motion for temporary restraining order in the Northern District of Texas." The NDCA district court denied Media Matters' motion for ex parte relief, and eventually denied Media Matters' preliminary injunction request, concluding that it was "for the judge in Texas to decide whether Media Matters has forfeited its right to rely on the forum selection clause in the litigation before him."

## II.

Rule 21 of the Federal Rules of Appellate Procedure governs the handling of "extraordinary writs," including writs of mandamus. In accordance with Rule 21(b)(1), after receiving Media Matters' petition, we "order[ed] the respondent . . . to answer within a fixed time." We also

Case: 25-10630   Document: 58-1   Page: 5   Date Filed: 07/15/2025
Case 4:23-cv-01175-O   Document 223   Filed 07/16/25   Page 5 of 12   PageID 7131

No. 25-10630

"invite[d] . . . the trial-court judge to address the petition," *see* FED. R. APP. P. 21(b)(4), but did not receive a submission from the district judge.

"A writ of mandamus is 'a drastic and extraordinary remedy reserved for really extraordinary cases.'" *In re JPMorgan Chase & Co.*, 916 F.3d 494, 499 (5th Cir. 2019) (quoting *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 350 (5th Cir. 2017)). The court only issues a writ if three conditions are satisfied: "[f]irst, the petitioner must have 'no other adequate means to attain the relief he desires,'" "[s]econd, this court 'must be satisfied that the writ is appropriate under the circumstances,'" and "[t]hird, the petitioner must demonstrate a 'clear and indisputable right to the writ.'" *Id.* (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)). We analyze each factor in turn.

### III.

#### A.  Mandamus is the only means of obtaining the relief sought.

This court, sitting en banc, has previously concluded that the first requirement of mandamus—that a petitioner lack any other adequate means to attain the desired relief—is "certainly satisfied" in venue transfer petitions. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 318–19 (5th Cir. 2008). This is for three overlapping reasons. First, as a functional matter, mandamus is the only available option: interlocutory review "is inappropriate for challenges to a judge's discretion in granting or denying transfers under [28 U.S.C.] § 1404(a)." *Garner v. Wolfinbarger*, 433 F.2d 117, 120 (5th Cir. 1970).

Second, once a judgment issues, "a petitioner 'would not have an adequate remedy for an improper failure to transfer the case by way of an appeal from an adverse final judgment because [the petitioner] would not be able to show that it would have won the case had it been tried in a convenient [venue]." *Volkswagen*, 545 F.3d at 318–19 (alterations in original) (quoting *In*

No. 25-10630

*re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663 (7th Cir. 2003)). And third, "the harm—inconvenience to witnesses, parties and other—will already have been done by the time the case is tried and appealed, and the prejudice suffered cannot be put back in the bottle." *Id.* at 319.

X notes that Media Matters sought monetary damages in its NDCA litigation, and then avers the nonprofit "cannot seek money damages in California for trying a case in Texas and simultaneously protest that there is no adequate remedy other than mandamus." But X's description of the relief sought is incomplete: Media Matters not only sought monetary damages, but also demanded a change in forum, *i.e.*, enjoining litigation in non-NDCA forums, to ensure that it had a "tri[al] in a convenient [venue]." *Volkswagen*, 545 F.3d at 318–19 (second alteration in original). This factor accordingly weighs in Media Matters' favor.

**B.     If Media Matters is correct on the merits of its venue challenge, a writ is appropriate under these circumstances.**

This court, sitting en banc, has also noted that "writs of mandamus are supervisory in nature and are particularly appropriate when the issues also have an importance beyond the immediate case." *Volkswagen*, 545 F.3d at 319. Section 1404(a) decisions, in particular, have "importance beyond the immediate case . . . [b]ecause venue transfer decisions are rarely reviewed . . . and district courts have applied these tests with too little regard for consistency of outcomes." *Id.* We accordingly reasoned less than two years ago that granting mandamus in a § 1404(a) case would "improve 'consistency of outcomes' by further instructing when transfer is—or, for that matter, is not—warranted in response to a § 1404(a) motion." *In re TikTok, Inc.*, 85 F.4th 352, 367 (5th Cir. 2023). A similar principle applies to this case.

No. 25-10630

X argues that Media Matters is "undeserving of mandamus relief"—and thus, a writ is inappropriate—because the nonprofit allegedly engaged in a "pattern of gamesmanship and delay" over its venue motion. Without commenting on the veracity of this allegation, X's argument fits better into the third factor, which evaluates whether Media Matters has a clear and indisputable right to a writ of mandamus. Importantly, the relative timeliness of Media Matters' motion is a significant consideration—though, as discussed below, not the only one—in determining whether the nonprofit is entitled to a venue transfer.

### C. Media Matters, under this court's caselaw, has a clear and indisputable right to a venue analysis that at least contemplates the eight public- and private-interest factors.

The third factor of a mandamus petition, whether the petitioner has a clear and indisputable right to the writ, "captures the essence of the disputed issue presented in [a venue transfer petition]." *Volkswagen*, 545 F.3d at 311. This court has instructed that a "district court should grant a motion to transfer venue under § 1404(a)" when "the movant demonstrates that the transferee venue is clearly more convenient." *TikTok*, 85 F.4th at 358. Eight factors are considered in this analysis:

(1) "the relative ease of access to sources of proof";

(2) "the availability of compulsory process to secure the attendance of witnesses";

(3) "the cost of attendance for willing witnesses";

(4) "all other practical problems that make trial of a case easy, expeditious and inexpensive";

(5) "the administrative difficulties flowing from court congestion";

Case: 25-10630   Document: 58-1   Page: 8   Date Filed: 07/15/2025
Case 4:23-cv-01175-O   Document 223   Filed 07/16/25   Page 8 of 12   PageID 7134

No. 25-10630

(6) "the local interest in having localized interests decided at home";

(7) "the familiarity of the forum with the law that will govern the case"; and

(8) "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* The first four considerations are known as the "private-interest factors," and the last four are known as the "public-interest factors." *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 304 (5th Cir. 2024).

"No factor is of dispositive weight, and we have cautioned against a 'raw counting of the factors' that 'weigh[s] each the same.'" *TikTok*, 85 F.4th at 358 (quoting *In re Radmax, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013)). At the same time, transfer under § 1404(a) is only warranted if the moving party "clearly establishes good cause by clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (cleaned up). And "to establish good cause, a movant must show (1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will actually materialize in the transferee venue." *Id.* (cleaned up).

Here, though, the district court did not identify, let alone evaluate, any of the eight factors. It instead invoked a "reasonable promptness standard for filing a motion to transfer venue under § 1404" from *Peteet*, and found that Media Matters failed "to act with reasonable promptness." Media Matters asserts that this is error because "[e]ven when significant delay exists, this Court treats it merely as one factor in the transfer analysis." X disagrees, explaining that "untimeliness (of a degree far less egregious than Media Matters' here) can be an overriding consideration in the denial of a motion to transfer venue."

No. 25-10630

A close reading of our caselaw favors Media Matters' position. To start, we have described consideration of the eight factors in mandatory terms. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) ("[T]he district court *must* weigh the private and public interest factors . . . ." (emphasis added)); *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) ("Courts *are required* to assess four private interest factors and four public interest factors pertinent to a transfer motion.") (emphasis added); *Chamber of Commerce*, 105 F.4th at 304 ("In determining whether the movant has clearly demonstrated good cause, courts *must* consider four private-interest factors and four public-interest factors." (cleaned up, emphasis added)). True, all three cases cite to *Volkswagen*, which instructs that the eight factors "are not necessarily exhaustive or exclusive." 545 F.3d 304, 315 (5th Cir. 2008). But that principle does not endorse what the district court did here: bypassing the eight-factor inquiry by identifying some alternative consideration.

Our venue cases concerning "reasonable promptness" also align with the approach described above. In at least two cases, we have expressly analyzed a party's promptness in seeking a transfer as part of the fourth factor: "all other practical problems that make trial of a case easy, *expeditious*, and inexpensive." *TikTok*, 85 F.4th at 358 (emphasis added); *see, e.g., id.* at 362 ("This factor weighs against transfer when petitioners 'inexcusably delayed' bringing their motion until 'late in the litigation.'"); *Radmax*, 720 F.3d at 289 n.7 (commenting that, with respect to the fourth factor, the petitioner "moved for change of venue promptly—three weeks after being served with process"). Our district courts similarly consider a party's delay in bringing a venue transfer motion as part of the fourth factor. *See, e.g.*, *Elbit Sys. Land & C4i Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-00037-RWS, 2017 WL 4693513, at *10 (E.D. Tex. July 19, 2017) (district "[c]ourts have considered a party's delay in denying a motion to transfer under this factor,

9

Case: 25-10630   Document: 58-1   Page: 10   Date Filed: 07/15/2025
Case 4:23-cv-01175-O   Document 223   Filed 07/16/25   Page 10 of 12   PageID 7136

No. 25-10630

and parties seeking a change of venue should act with "reasonable promptness.") (quoting *Peteet*, 868 F.2d at 1436).

Other cases that consider "reasonable promptness" outside of the eight-factor inquiry demonstrate contemplation of the eight factors *in addition to* the promptness consideration. *Planned Parenthood*, for example, acknowledged in between the public- and private-factor analysis that the district court "was within its discretion to conclude that Petitioners' failure to seek relief until late in the litigation weighed against transfer." 52 F.4th at 631 (citation omitted). That approach—weighing the promptness consideration while evaluating the eight factors—is not inconsistent with *Volkswagen*'s admonition that the factors are "not necessarily exhaustive or exclusive." Similarly, *Peteet* pointed out that the petitioner "made no showing that Oregon was a *more convenient* forum." 868 F.2d at 1437 (emphasis added). The eight factors, of course, are used to assess whether a state offers a "more convenient forum." *Id.* And in *Utterback v. Trustmark Nat'l Bank*, an unpublished opinion, the per curiam court noted that the petitioner made "vague and conclusional assertions" toward the availability of witnesses and evidence between the forums—a reference to the first three factors of the analysis. 716 F. App'x 241, 245 n.10 (5th Cir. 2017) (per curiam).

Ultimately, the district court's order offers no indication that it ever considered or weighed any relevant factors other than timeliness.[1] That

---

[1] To be sure, in *Peteet*, we "decline[d] to impose an inflexible rule requiring district courts to file a written order explaining their decisions." 868 F.2d at 1436. But *Peteet* also stated that district courts "must consider 'all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Id.* (quoting 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3847 (1986)). So putting aside how the district court chooses to

No. 25-10630

approach is inconsistent with our caselaw, especially because "[no factor] . . . can be said to be of dispositive weight." *Volkswagen*, 545 F.3d at 315 (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).[2] Media Matters has thus demonstrated "a clear and indisputable right to the writ" to the extent that it is entitled to a venue analysis that at least contemplates the eight factors, and we accordingly VACATE the district court's transfer order.[3]

We nonetheless recognize that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). We are also mindful "that appellate courts generally sit as courts of review, not first view." *Utah v. Su*, 109 F.4th 313, 320 (5th Cir. 2024) (quotation omitted). We accordingly REMAND these proceedings to the district court to conduct a more complete venue analysis.

Finally, we recognize that Media Matters' interlocutory appeal has remained pending during these mandamus proceedings. *See X v. Media Matters*, No. 24-10900 (5th Cir., notice of appeal filed Oct. 2, 2024). We

---

weigh "all relevant factors," *Peteet* does not authorize a district court to entirely bypass other potentially relevant factors altogether. *Id.*

[2] There are also prudent reasons for why timeliness should not be a standalone consideration. Over the course of litigation, innocuous circumstances may explain why a transfer motion is filed later than appreciated—for example, facts uncovered through discovery, or the impact of an appellate decision and remand. Those reasons are perhaps why "[t]he statute sets no time limit on when a § 1404(a) motion can be brought." *Chamber of Commerce*, 105 F.4th at 307.

[3] The district court "address[ed] transfer under § 1404(a) and § 1406(a) together because the timeliness analysis overlap[ped]," and accordingly, our vacatur order applies to both determinations.

No. 25-10630

HOLD the interlocutory appeal IN ABEYANCE pending resolution of this limited remand for venue purposes.

## IV.

For the reasons discussed above, we GRANT IN PART Media Matters' petition for writ of mandamus, VACATE the district court's order denying transfer, and REMAND to the district court for further proceedings consistent with this opinion. We HOLD IN ABEYANCE Media Matters' interlocutory appeal pending resolution of this limited remand for venue purposes.