UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **X CORP.**, a Nevada corporation, § § § | | |
| *Plaintiff,* § | | |
| § | | |
| vs. § | | Case No. 4:23-cv-01175-O |
| § | | |
| **MEDIA MATTERS FOR AMERICA,** a Washington, D.C. non-profit corporation, **ERIC HANANOKI**, and **ANGELO CARUSONE**, § § § § § § | | |
| *Defendants.* § | | |

## JOINT MOTION TO AMEND SCHEDULING ORDER

After the Court's order granting Plaintiff and Defendants' Joint Motion to Amend the Scheduling Order, ECF Nos. 193 (motion), 194 (order), the parties have proceeded apace on all aspects of fact and expert discovery with the expectation of meeting the deadlines that the Court set. Nonetheless, an important issue between the parties has been raised with the Fifth Circuit Court of Appeals that warrants delaying the resolution of this matter. This issue relates to whether Defendants must respond to Plaintiff's requests for documents and communications related to Defendants' donors. *See X Corp. v. Media Matters for Am.*, No. 24-10900 (5th Cir. argued Feb. 18, 2025). An additional pending issue—the resolution of which impacts the donor appeal dispute—relates to whether venue is proper in this Court and the Fifth Circuit's vacatur of this Court's order denying Defendants' Motion to Transfer. ECF No. 152 (motion), 190 (order); *In re Media Matters for Am.*, 143 F.4th 631 (5th Cir. 2025). On July 15, 2025, the Fifth Circuit remanded the venue analysis for evaluation under the 28 U.S.C. § 1404 factors. 143 F.4th at 640. In the same

opinion, the Fifth Circuit also held the donor appeal in abeyance "pending resolution of this limited remand for venue purposes." *Id.*

The parties do not lightly move to amend the current schedule again, and both sides prefer expeditious resolution of this matter. Nonetheless, given the remand and abeyance, the Fifth Circuit will not resolve the donor appeal with sufficient time for the parties to complete fact discovery, timely prepare pretrial disclosures, and proceed to trial on the current schedule. For these reasons, the parties jointly move the Court to amend the scheduling order and extend current deadlines.

## ARGUMENT AND AUTHORITIES

Parties may request an amendment of a court's scheduling order for good cause shown. FED. R. CIV. P. 16(b)(4). The standard "requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)); *see also* ECF No. 14 ¶ 12 ("Conclusory statements will usually not suffice to show good cause, even if the motion is agreed or unopposed."); *Sustainable Modular Mgmt., Inc. v. Travelers Lloyds Ins. Co.*, 2021 WL 4822017, at *2 (N.D. Tex. Oct. 15, 2021) (Fitzwater, J.) ("The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order.").

Good cause exists in these unique circumstances. On September 27, 2024, the Court issued an order granting Plaintiff's motion to compel donor-related documents. ECF No. 98 at 22. On October 1, 2024, Defendants appealed, ECF No. 101, and obtained a stay of this Court's order from a Fifth Circuit motions panel, *X Corp. v. Media Matters for Am.*, 120 F.4th 190, 193 (5th Cir.

2024). Shortly thereafter, at Plaintiff's request, the Fifth Circuit expedited proceedings. Oral argument was held on February 18, 2025. A decision remains pending.

On May 2, 2025, the Court denied Defendants' Motion to Transfer Venue. ECF No. 190. On May 20, 2025, Defendants filed a Petition for Writ of Mandamus in response to the Court's venue ruling, which the Fifth Circuit granted in part, vacating this Court's opinion and remanding the venue decision for evaluation under the 28 U.S.C. § 1404 factors. The Fifth Circuit also stated that it would hold in abeyance the donor appeal "pending resolution of this limited remand for venue purposes." *In re Media Matters for Am.*, 143 F.4th at 640.

In Plaintiff's view, information related to donors and donor communications is important to the prosecution of Plaintiff's claims at trial. For that reason, the Fifth Circuit's decision will govern how Plaintiff will go about completing fact discovery in this case. As discussed in Plaintiff's prior briefing to this Court and the Fifth Circuit, for instance, communications with or among donors may be important evidence of malice. *See*, *e.g.*, ECF No. 91 at 8-9; ECF No. 105 at 13. Beyond that, donor-related documents may lead to new discoverable information and warrant the issuance of third-party subpoenas, additional document review, and depositions of some of those third parties. Plaintiff will also ask Defendants' witnesses questions about those same documents and communications, which on its own may lead to additional discovery supporting Plaintiff's claims. Donor-related information will also undoubtably be relevant to demonstrating that Defendants directed their tortious activity into Texas and attempted to profit from it in Texas. For that reason, many depositions have not been scheduled and taken, and written discovery cannot be completed, until the Fifth Circuit has clarified the scope of discovery in this case. Accordingly, if trial proceeds on the current schedule, Defendants' appeal would, in a practical sense, moot the

Court's order compelling discovery of this information because of the stay pending appeal imposed by the Fifth Circuit.

Defendants disagree with Plaintiff's positions on the importance, discoverability, and relevance of documents related to Defendants' donors. But both sides agree that it would promote judicial economy and preserve party and non-party resources for the Court to amend the current schedule in light of the Fifth Circuit proceedings. Defendants are also addressing with Plaintiff a number of outstanding document and written discovery issues that Defendants believe will also affect the timing of discovery. At the appropriate time, Defendants also wish to address the timing of summary judgment, which, under the Court's current schedule, falls long before the close of fact discovery and before the parties are required to disclose experts.

It is not uncommon for interlocutory appeals to affect a district court's scheduling order. *E.g.*, ECF No. 205, *United States v. Abbott*, No. 1:23-cv-853 (W.D. Tex. filed Aug. 2, 2024). The parties are cognizant of the Court's obligation to "secure the just, speedy, and inexpensive determination" of this action. FED. R. CIV. P. 1. But, as addressed above, the current schedule does not allow sufficient time for the parties to conduct discovery following a decision from the Fifth Circuit.

The parties propose that the Court balance the necessity of the parties' obtaining a decision in the interlocutory appeal and the need to complete the substantial outstanding discovery that remains despite the parties' diligence, with the need to proceed to trial promptly by extending all future dates and deadlines as outlined below. This will allow time for this Court and the Fifth Circuit to issue rulings on these important issues. This represents the shortest extension possible that accounts for the inherent uncertainty of the conclusion of the Fifth Circuit proceedings, over which neither Plaintiff nor this Court has any control. The requested extension to the schedule will

allow the parties to complete discovery, exchange disclosures, and fully prepare for trial with the benefit of the Fifth Circuit's decision. The parties have also agreed to include a deadline for the substantial completion of document production to ensure that depositions are efficient and fair. In relevant part, the requested key dates are as follows:

- **Completion of fact discovery:** June 12, 2026
- **Pretrial Disclosures and Objections:** August 27, 2026
- **Trial Date:** October 26, 2026, or the Court's convenience

A detailed proposed order accompanies this motion.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court grant their motion to modify the scheduling order and enter the revised schedule contained in the attached proposed order.

Dated: September 8, 2025

On behalf of X Corp.:

Respectfully submitted,

*/s/ Christopher D. Hilton*
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
Michael R. Abrams
Texas Bar No. 24087072
Elizabeth Brown Fore
Texas Bar No. 24001795
Alithea Z. Sullivan
Texas Bar No. 24072376
Alexander M. Dvorscak
Texas Bar No. 24120461
Cody C. Coll
Texas Bar No. 24116214
**Stone Hilton PLLC**
600 Congress Ave., Ste. 2350
Austin, TX 78701

Telephone: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com
elizabeth@stonehilton.com
alithea@stonehilton.com
alex@stonehilton.com
cody@stonehilton.com

John C. Sullivan
Texas Bar No. 24083920
**S|L Law PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

***Counsel for Plaintiff***

On behalf of Defendants:                     */s/ Justin A. Nelson*

Richard B. Roper, III
301 Commerce St., Suite 2200
Fort Worth, Texas 76102
Telephone: (817) 309-9092
richard.roper@vhh.law

Justin A. Nelson
State Bar No. 24034766
Matthew Behncke
State Bar No. 24069355
Alexandra Foulkes Grafton *(admitted PHV)*
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Fax:  (713) 654-6666
jnelson@susmangodfrey.com
mbehncke@susmangodfrey.com
afoulkesgrafton@susmangodfrey.com

Katherine M. Peaslee
SUSMAN GODFREY L.L.P.
401 Union Street, Suite #3000

6

Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 505-3811
kpeaslee@susmangodfrey.com

Gregg Costa
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, TX 77002-6117
Telephone: (346) 718-6649
Facsimile: (346) 718-6979
GCosta@gibsondunn.com

Andrew LeGrand
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
T: (214) 698-3100
F: (214) 571-2960
alegrand@gibsondunn.com

Amer S. Ahmed*
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035
aahmed@gibsondunn.com

Dwight P. Bostwick
Shawn P. Naunton
ZUCKERMAN SPAEDER LLP
485 Madison Ave., 19th Floor
New York, NY 10022
Telephone: (212) 704-9600
Facsimile: (202) 822-8106
dbostwick@zuckerman.com
snaunton@zuckerman.com

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, a copy of this document was served on all counsel of record through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

*/s/ Christopher D. Hilton*
Christopher D. Hilton
