**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **X CORP.**, a Nevada corporation, | |
| **Plaintiff,** | Civil Action No. 4:23-cv-01175-O |
| **v.** | |
| **MEDIA MATTERS FOR AMERICA, a Washington, D.C. non-profit corporation, ERIC HANANOKI, and ANGELO CARUSONE,** | |
| **Defendants.** | |

**APPENDIX OF EXHIBITS ACCOMPANYING DEFENDANTS' OPPOSITION TO**
**X CORP.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**WITHHELD ON PRIVILEGE GROUNDS**

Pursuant to Local Rule 7.1(i), Defendants Media Matters for America, Eric Hananoki, and

Angelo Carusone attach this Appendix of Exhibits Accompanying Defendants' Opposition to X.

Corp.'s Motion to Compel Production of Documents Withheld on Privilege Grounds:

| Exhibit | Description | Appendix Page No. |
|---|---|---|
| 1 | Letter from Plaintiff's Counsel to Defendants' Counsel, August 11, 2025 | Def. Appx. 04 |
| 2 | Letter from Defendants' Counsel to Plaintiff's Counsel, August 27, 2025 | Def. Appx. 07 |
| 3 | E-mail from Plaintiff's Counsel to Defendants' Counsel, December 29, 2025 | Def. Appx. 10 |
| 4 | Declaration of Julie Millican, January 20, 2026 | Def. Appx. 13 |
| 5 | Revised Agreement Regarding the Exchange of Privilege Logs, September 27, 2024 | Def. Appx. 17 |

Def. Appx. 01

| Exhibit | Description | Appendix Page No. |
|---------|-------------|-------------------|
| 6 | E-mail from Defendants' Counsel to Plaintiff's Counsel, July 2, 2025 | Def. Appx. 23 |
| 7 | E-mail from Defendants' Counsel to Plaintiff's Counsel, September 15, 2025 | Def. Appx. 25 |

Respectfully submitted,

ZUCKERMAN SPAEDER LLP

/s/ Shawn P. Naunton
Dwight P. Bostwick
Shawn P. Naunton
Zuckerman Spaeder LLP
485 Madison Ave., 19th Floor
New York, NY 10022
Telephone: (212) 704-9600
Facsimile: (202) 822-8106
dbostwick@zuckerman.com
snaunton@zuckerman.com

Justin Nelson
State Bar No. 24034766
Matthew Behncke
State Bar No. 24069355
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
jnelson@susmangodfrey.com
mbehncke@susmangodfrey.com

Katherina M. Peaslee
SUSMAN GODFREY L.L.P.
401 Union Street, Suite #3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 505-3811
kpeaslee@susmangodfrey.com

2

Gregg Costa
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, TX 77002-6117
Telephone: (346) 718-6649
Facsimile: (346) 718-6979
GCosta@gibsondunn.com

*Attorneys for Defendants Media Matters for
America, Eric Hananoki, and Angelo Carusone*

## CERTIFICATE OF SERVICE

I certify that on January 20, 2026, a true and correct copy of Appendix of Exhibits Accompanying Defendants' Opposition to X Corp.'s Motion to Compel Production of Documents Withheld on Privilege Grounds was properly served on counsel of record via electronic mail and electronic filing in accordance with the USDC, Northern District of Texas Procedures for Electronic Filing.

/s/ Shawn P. Naunton
Shawn P. Naunton

3

Def. Appx. 03

# EXHIBIT 1

# STONE HILTON

August 11, 2025

Shawn Naunton
Zuckerman Spaeder LLP
485 Madison Avenue, 19th Floor
New York, NY 10022
snaunton@zuckerman.com

*via e-mail*

  **RE:** **Plaintiff X Corp.'s Objections to Defendants' Ninth Privilege Log**

Dear Shawn,

  Consistent with Section III of the Parties' Revised Stipulation for the Exchange of Privilege Logs, Plaintiff X Corp. hereby objects to the assertions of First Amendment and Texas Press Shield Law privileges for all documents identified as such on Defendants' Ninth Privilege Log, which was served on July 28, 2025. X's letter dated May 30, 2025, provides a comprehensive overview of the specific bases for X's objections to Defendants' First Amendment and Shield Law assertions, and to avoid duplication, X incorporates those explanations by reference herein.

  In addition to those previously asserted and conferenced objections, X also objects that Defendants' redactions are inconsistent with the privileges claimed. Defendants claim First Amendment and Texas Press Shield Law privileges to protect material unrelated to the case, but these redactions are made in page-length, blanket manner in which highly relevant material is nearby and unredacted, as evidenced by the following documents: MMFA_303061; MMFA_302969; MMFA_302977; MMFA_303017; MMFA_361442; MMFA_361453; MMFA_361464; MMFA_361476; MMFA_361491; MMFA_361506; and MMFA_302912.

  For example, in MMFA_303061, Defendants' privilege log states "Redacted internal communications relating to organizational management and labor negotiations." However, the unredacted portions of the document discuss a redacted party advertising on Twitter and concern about this being "traced" back to MMFA. X finds it unlikely that the conversation before and after discussion is unrelated to the claims and defenses in this case. Furthermore, Defendants claim attorney-client privilege as to this document, but no attorney is identified. Please state the basis for claiming this privilege.

  Each of the other listed documents above similarly contain highly relevant information surrounded by blanket page-length redactions. X requests that Defendants review the above-listed

Def. Appx. 05

documents to ensure that no relevant information has been caught in Defendants' redactions. If relevant information has been erroneously redacted, X asks that Defendants please reproduce the above referenced documents—along with any other documents with redacted relevant information—in unredacted form or confirm that Defendants will not do so by August 20. To the extent that a conference would be helpful, we are available to discuss these matters at your convenience.

Sincerely,

*/s/ Michael R. Abrams*
Michael R. Abrams
Stone Hilton PLLC
michael@stonehilton.com
(737) 465-3897

cc:    Counsel of record

Def. Appx. 06

# EXHIBIT 2

Def. Appx. 07



Miles Clark
PARTNER
Zuckerman Spaeder LLP
mclark@zuckerman.com
(202) 778-1863

August 27, 2025

**VIA E-MAIL**

Michael R. Abrams
Stone Hilton PLLC
600 Congress Avenue
Suite 2350
Austin, TX 78701
*michael@stonehilton.com*

   Re: *X Corp. v. Media Matters for America, et al.*, No. 4:23-cv-01175-O (N.D. Tex.)

Dear Michael:

  This letter responds to your letter dated August 11, 2025, which sets forth X Corp.'s objections to Defendants' Ninth Privilege Log. Specifically, your letter raises questions about redactions Defendants have made to eleven documents in Defendants' production and requests that Defendants review the documents to ensure that no relevant information has been mistakenly redacted.

  We have reviewed the eleven documents identified in your letter and can confirm that all redactions concern information unrelated to the claims or defenses in this case.

  Five of the eleven documents (MMFA_302912-302937; MMFA_302969-302976; MMFA_302977-302986; MMFA_303017-303027; and MMFA_303061-303081) are lengthy Slack chats that each include multiple topics of discussion, often separated by relatively long breaks. As discussed previously, careful lines were drawn to leave unredacted any portions of responsive documents that are subject to the Texas Press Shield statute but address certain core issues—such as, for example, the November articles, advertising on Twitter or X, Musk's purchase of Twitter, content moderation on X, or MMFA commentary regarding Musk. None of the redacted material in the five Slack chats concerns such matters. For example, regarding the one Slack chat singled out in your letter (MMFA_303061-303081), the redacted portion includes sensitive discussions regarding human resource-related matters, organizational management, and labor negotiations, including legal advice from Elias Law Group regarding a personnel matter. According to the time stamps on the document, following a break of more than 30 minutes, the chat turns to the discussion of advertising on Twitter referenced in your letter.

Def. Appx. 08

**MICHAEL R. ABRAMS**
**AUGUST 27, 2025**
**PAGE 2**

The remaining six documents identified in your letter (MMFA_361442-361452; MMFA_361453-361463; MMFA_361464-361474; MMFA_361476-361486; MMFA_361491-361-501; MMFA_361506-361-516) are identical copies of the same Media Matters research memorandum regarding Meta. Although the redacted portions of these six documents are entirely unrelated to the claims or defenses in this case, Defendants nevertheless will reproduce the documents in unredacted form and designated as Attorneys' Eyes Only. That is consistent with how Defendants have treated similar materials in their recent productions.

We believe the foregoing addresses the concerns raised in your letter. Please let us know if there are any matters you would like to discuss further.

Sincerely,

/s/ *Miles Clark*

Miles Clark

Def. Appx. 09

# EXHIBIT 3

## Clark, Miles

| | |
|---|---|
| **From:** | Michael Abrams <michael@stonehilton.com> |
| **Sent:** | Monday, December 29, 2025 10:34 AM |
| **To:** | Naunton, Shawn; XvMMFA; Chris Hilton; Judd E. Stone II; Elizabeth Brown Fore; Ari Cuenin; Alithea Sullivan; Alex Dvorscak; Cody Coll; Tom Albright; Caroline Merideth |
| **Cc:** | Ahmed, Amer S.; Bostwick, Dwight P.; Brice, Kaina; Clark, Miles |
| **Subject:** | RE: X Corp. v. Media Matters for America, et al. - Defendants' Overlay Production of Documents |
| **Attachments:** | 2025-12-08 Defendants' Ltr. to Abrams(10371169.1).pdf |

**EXTERNAL**

Shawn and Miles,

Thank you for the attached correspondence concerning Defendants' December 8 overlay production. We dispute that Defendants' remaining redactions are proper. We will therefore be filing a motion to compel asking that the Court order Defendants to reproduce thirteen of the documents—MMFA_298401, MMFA_299351, MMFA_300455, MMFA_301122, MMFA_302118, MMFA_302236, MMFA_302256, MMFA_302295, MMFA_303061, MMFA_394543, MMFA_394743, MMFA_394747, and MMFA_408432—in unredacted form. Moreover, in light of X's ongoing concerns with Defendants' improper First Amendment and Texas Press Shield Law privilege assertions and overbroad redactions, we also will request that the Court order Defendants to re-review their prior productions and to produce any incorrectly withheld documents or portions of documents. Following the parties' multiple conferences and written communications regarding these privilege issues, we understand Defendants to be opposed to the relief requested.

Separately, and consistently with the parties' prior method of handling confidential materials in court filings, X intends to file a motion to seal its brief in support of the motion to compel and its appendix in support because X will be citing documents that Defendants have designated as confidential under the parties' agreed protective order. Please confirm by 5:00 CT today that Defendants are not opposed to the motion to seal.

Best,

Michael

---

**From:** Naunton, Shawn <snaunton@zuckerman.com>
**Sent:** Monday, December 8, 2025 3:54 PM
**To:** XvMMFA <XvMMFA@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Judd E. Stone II <judd@stonehilton.com>; Elizabeth Brown Fore <Elizabeth@stonehilton.com>; Ari Cuenin <ari@stonehilton.com>; Alithea Sullivan <alithea@stonehilton.com>; Michael Abrams <michael@stonehilton.com>; Alex Dvorscak <alex@stonehilton.com>; Cody Coll <cody@stonehilton.com>; Tom Albright <tom@stonehilton.com>; Caroline Merideth <caroline@stonehilton.com>
**Cc:** Ahmed, Amer S. <AAhmed@gibsondunn.com>; Bostwick, Dwight P. <DBostwick@zuckerman.com>; Brice, Kaina <kbrice@zuckerman.com>; Clark, Miles <mclark@zuckerman.com>
**Subject:** X Corp. v. Media Matters for America, et al. - Defendants' Overlay Production of Documents

1

Def. Appx. 11

Counsel -

This email and the attached transmittal letter serve as notice of an overlay production by Defendants of documents previously produced in redacted form and included on Defendants' privilege logs.

You will receive an email shortly from my colleague kbrice@zuckerman.com inviting you to download the production.

If you encounter any issues, please let us know.

Best regards,

Shawn Naunton

2

Def. Appx. 12

# EXHIBIT 4

DocuSign Envelope ID: EAEEA0D5-AA1C-4F94-A342-DEA1D55BCE35

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| X CORP., a Nevada corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MEDIA MATTERS FOR AMERICA, a<br>Washington, D.C. non-profit corporation,<br>ERIC HANANOKI, and ANGELO<br>CARUSONE,<br><br>    Defendants. | Civil Action No. 4:23-cv-01175-O |

**DECLARATION OF JULIE MILLICAN IN SUPPORT OF DEFENDANTS'
OPPOSITION TO X CORP.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS WITHHELD ON PRIVILEGE GROUNDS**

I, Julie Millican, declare as follows:

1.     I am over the age of 18, am competent to testify, and have personal knowledge of the facts and information set forth in this declaration.

2.     I am employed at Media Matters for America ("MMFA"), and I currently hold the title of Vice President.

3.     Media Matters is a web-based, not-for-profit, 501(c)(3) research and information center dedicated to comprehensively monitoring, analyzing, and correcting misinformation in U.S. media.

4.     The Media Matters website publishes articles written by Media Matters employees in furtherance of the organization's mission to expose misinformation in the media, and in keeping with our internal guidelines for news coverage, which reflect ordinary journalistic standards.

Def. Appx. 14

Docusign Envelope ID: EAEEA0D5-AA1C-4F94-A342-DEA1D55BCE35

5.      As one of MMFA's Vice Presidents, I help set the priorities for the organization, including advising on resource allocation, editorial direction, coalition engagement, and strategic partnerships. I also oversee the organization's external affairs' department, which includes engaging with outside organizations and coalitions, and helping to oversee the execution of strategic initiatives.

6.      MMFA is a member of several coalitions and partnerships primarily focused on combatting misinformation and disinformation online and in the U.S. media. █████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

█  ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████

8.      X Corp.'s efforts to obtain sweeping discovery into MMFA's documents and communications have become widely known. On April 29, 2024, *Law360* published an article describing X's first set of discovery requests as seeking "all documents that name the social network, its owner Elon Musk and CEO Linda Yaccarino, and all communications that have to do with an X account or X advertiser." *See* Spencer Brewer, *Texas Judge Says X Can Access*

2

Def. Appx. 15

DocuSign Envelope ID: EAEEA0D5-AA1C-4F94-A342-DEA1D55BCE35

*Watchdog's Internal Docs*, Law360 (Apr. 29, 2024), https://www.law360.com/articles/1830699. X's efforts to obtain discovery into MMFA's communications with donors have also received media attention. *See, e.g.,* Eugene Volokh, *Fifth Circuit Stays Broad Discovery Regarding Media Matters Donors in X v. Media Matters*, Reason (Oct. 22, 2024), https://reason.com/volokh/2024/10/22/fifth-circuit-stays-broad-discovery-regarding-media-matters-donors-in-x-v-media-matters/.

9.    MMFA has experienced significant harms to its coalitional and partnership relationships as a result of this lawsuit and X's discovery requests.

10.    Groups and key allies that previously worked closely with MMFA have pulled back on, or entirely ceased, communications and engagement with MMFA. The number of persons and organizations directly asking MMFA to participate in group efforts, such as sign-on letters, has dropped significantly since this lawsuit was filed. There has been a noticeable decrease in the number of persons and organizations asking MMFA to serve as principals in campaigns or participate in a meaningful way to collective action.

11.    For example, in 2024, multiple coalitions began to refrain from communicating with MMFA on issues concerning election integrity and misinformation.

12.    Based on experience, if MMFA is compelled to produce private, coalition communications, I would anticipate that many impacted organizations and individuals might further refrain from directly collaborating with MMFA on future advocacy campaigns and further restrict communication with MMFA out of fear that those communications being disclosed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 20, 2026

DocuSigned by:

*Julie Millican*

Julie Millican

3

Def. Appx. 16

# EXHIBIT 5



UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **X CORP**., a Nevada corporation, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Case No. 4:23-cv-01175-O |
| | § | |
| **MEDIA MATTERS FOR AMERICA,** a | § | |
| Washington, D.C. non-profit corporation, **ERIC** | § | |
| **HANANOKI**, and **ANGELO CARUSONE**, | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

---

## STIPULATION AND ORDER FOR THE EXCHANGE OF PRIVILEGE LOGS

---

This Stipulation Regarding the Exchange of Privilege Logs ("Stipulation") shall govern the format and timing for the parties to log documents withheld in full or in part due to an assertion of privilege in the above-captioned case (the "Action") between Plaintiff X Corp., and Defendants Media Matters for America, Eric Hananoki, and Angelo Carusone (each, individually, a "Party" and, collectively, the "Parties").

### I.    PROCESS OF LOGGING PRIVILEGED DOCUMENTS

All documents and files that contain, in whole or in part, privileged information will be logged and produced in accordance with the below:

### A.    Withholding or redacting privileged documents

Where a document is privileged in its entirety, the producing Party will withhold the document but produce a PDF "placeholder" indicating and assigning a Bates number to the file being withheld.

– 1 –

Def. Appx. 18

Where a document is partially privileged, the producing Party will redact only those portions of the document that are privileged. The redactions will expressly indicate what kind of privilege the Party is asserting. For example, if the producing Party is redacting a paragraph due to the attorney work product privilege, the redaction applied to the paragraph will read "Attorney Work Product" rather than the word "Redacted" or a black box. The document will be otherwise produced in accordance with the Parties' ESI Protocol and Protective Order.

**B.      Privilege log contents**

For all documents being partially or fully withheld for privilege, the producing Party will log each document in a chart or table that contains the following information:

1) "Status" meaning whether the document is being redacted or withheld.

2) "Bates" meaning the document or "placeholder" PDF Beginning Bates number.

3) "Doc Type" meaning the type of document being redacted or withheld (email, word document, excel spreadsheet, video, etc.)

4) "Date" meaning the date the document was created or sent.

5) "From/Author" meaning the name of the document author or email/message sender with any names and email addresses redacted if necessary.

6) "To" meaning the name(s) of the email/message recipients with any names and email addresses redacted if necessary.

7) "Cc" meaning the name(s) of the email's Cc recipients with any names and email addresses redacted if necessary.

8) "Bcc" meaning the name(s) of the email's Bcc recipients with any names and email addresses redacted if necessary.

9) "Privilege Designation" meaning the privilege being asserted.

Def. Appx. 19

10) "Privilege Description" meaning the reason why the document or redacted text is privileged.

11) "Confidentiality" meaning any confidentiality designation.

### C.      Privilege log exemptions

All documents withheld or redacted due to privilege must be logged except those the Parties agreed not to log in their ESI Protocol or via independent agreement.

## II.     TIMING OF PRIVILEGE LOG EXCHANGE

### A.      Exchange dates

The Parties agree to a mutual exchange of all documents redacted or withheld for privilege and any corresponding privilege logs in the manner outlined above on the following days, contingent on the Court granting the parties' pending joint motion to amend scheduling order:

1) September 6, 2024

2) October 11, 2024

3) November 15, 2024

4) December 17, 2024

Nothing in this Stipulation shall prevent the Parties from producing documents that are not privileged, in whole or in part, outside of this privileged document exchange schedule. The Parties agree to ensure documents are being produced in a timely manner without undue delay.

The parties stipulate to allow for the claw back of any inadvertent disclosures of privileged information as laid out in the Parties' ESI Protocol.

## III.    CHALLENGES TO PRIVILEGE LOGS

The Parties will have 14 days after a privilege log is produced to object to the privilege designation of a document on said privilege log in writing to the other Party. The Parties agree to

Def. Appx. 20

meet and confer in good faith over any challenges to a document's privilege designation and

attempt to reach a resolution to any disagreement before seeking Court intervention.


Dated: September 27, 2024                          Respectfully submitted,

Agreed as to form and substance:

Counsel for Plaintiff

/s/ *Michael R. Abrams*
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
Michael R. Abrams
Texas Bar No. 24087072
Alexander M. Dvorscak
Texas Bar No. 24120461
**STONE | HILTON PLLC**
600 Congress Ave., Ste. 2350
Austin, TX 78701
Telephone: (737) 465-7248
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com
alex@stonehilton.com

John C. Sullivan
Texas Bar No. 24083920
**S|L Law PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com
Counsel for Defendants:

/s/ *Andrew LeGrand*
Andrew LeGrand Texas Bar No. 24070132
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100

– 4 –

Def. Appx. 21

– 5 –

Dallas, TX
75201-2923
Telephone: (214) 698-3100
Email: alegrand@gibsondunn.com

Theodore J. Boutrous, Jr.*
Jay P. Srinivasan*
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Email: tboutrous@gibsondunn.com
Email: jsrinivasan@gibsondunn.com

Amer S. Ahmed*
Anne Champion*
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Email: aahmed@gibsondunn.com
Email: achampion@gibsondunn.com

**ELIAS LAW GROUP LLP**
Abha Khanna*
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177
Email: akhanna@elias.law
Aria C. Branch*
Christopher D. Dodge*
Jacob D. Shelly*
Elena A. Rodriguez Armenta*
Daniela Lorenzo*
Omeed Alerasool
250 Massachusetts Ave. NW,
Suite 400
Washington, DC 20001
T: (202) 968-4652
abranch@elias.law
cdodge@elias.law
jshelly@elias.law
erodriguezarmenta@elias.law
dlorenzo@elias.law
oalerasool@elias.law

Def. Appx. 22

# EXHIBIT 6

## Clark, Miles

| | |
|---|---|
| **From:** | Naunton, Shawn |
| **Sent:** | Wednesday, July 2, 2025 3:09 PM |
| **To:** | XvMMFA; Chris Hilton; Judd E. Stone II; Elizabeth Brown Fore; Ari Cuenin; Alithea Sullivan; Michael Abrams; Alex Dvorscak; Cody Coll; Tom Albright; Caroline Merideth |
| **Cc:** | Ahmed, Amer S.; Bostwick, Dwight P. |
| **Subject:** | X Corp. v. Media Matters for America, et al. - Defendants' 26th production of documents and privilege log |

Counsel -

This email serves as notice of Defendants' 26th document production and accompanying privilege log, per the parties' agreement. We anticipate making additional productions over the coming weeks prior to the close of fact discovery. Defendants' production includes the following Bates range: MMFA_283853 - MMFA_302519.

You will receive an email shortly from my colleague kbrice@zuckerman.com inviting you to download the document production.

If you encounter any issues, please let us know.

Best regards,

Shawn Naunton



**Shawn Naunton**
**Zuckerman Spaeder LLP**
snaunton@zuckerman.com

485 MADISON AVENUE, 19TH FLOOR • NEW YORK, NY 10022-5862
646.746.8655 direct • 917.449.2983 mobile • 212.704.4256 fax

► Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful. If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

Def. Appx. 24

# EXHIBIT 7

**Clark, Miles**

| | |
|---|---|
| **From:** | Naunton, Shawn |
| **Sent:** | Monday, September 15, 2025 1:15 PM |
| **To:** | XvMMFA; Chris Hilton; Judd E. Stone II; Elizabeth Brown Fore; Ari Cuenin; Alithea Sullivan; Michael Abrams; Alex Dvorscak; Cody Coll; Tom Albright; Caroline Merideth |
| **Cc:** | Ahmed, Amer S.; Bostwick, Dwight P.; Brice, Kaina |
| **Subject:** | X Corp. v. Media Matters for America, et al. - Defendants' 28th production of documents and 10th privilege log |

Counsel -

This email serves as notice of Defendants' 28th document production and accompanying 10th privilege log, per the parties' agreement. We anticipate making additional productions prior to the close of fact discovery. Defendants' production includes the following Bates range: MMFA_394048-MMFA_409773.

You will receive an email shortly from my colleague kbrice@zuckerman.com inviting you to download the document production.

If you encounter any issues, please let us know.

Best regards,

Shawn Naunton



**Shawn Naunton**
**Zuckerman Spaeder LLP**
**snaunton@zuckerman.com**

485 MADISON AVENUE, 19TH FLOOR • NEW YORK, NY 10022-5862
646.746.8655 direct • 917.449.2983 mobile • 212.704.4256 fax

▶ **Download vCard** | **zuckerman.com**

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful. If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

Def. Appx. 26