**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **X CORP**., a Nevada corporation, | § § | |
| *Plaintiff,* | § § | |
| vs. | § § | Case No. 4:23-cv-01175-O |
| **MEDIA MATTERS FOR AMERICA,** a Washington, D.C. non-profit corporation, **ERIC HANANOKI**, and **ANGELO CARUSONE**, | § § § § § § | |
| *Defendants.* | § | |

---

### JOINT MOTION TO AMEND SCHEDULING ORDER

---

After the Court's September 16, 2025 order granting Plaintiff and Defendants' Joint Motion to Amend the Scheduling Order, ECF Nos. 238 (motion), 243 (order), the parties have continued working diligently on all aspects of the case with the intention and expectation of proceeding to trial in October 2026. Nonetheless, Defendants' interlocutory appeal to the Fifth Circuit Court of Appeals has still not been decided. That appeal relates to whether Defendants must respond to Plaintiff's requests for documents and communications related to Defendants' donors. *See X Corp. v. Media Matters for Am.*, No. 24-10900 (5th Cir. argued Feb. 18, 2025). Because the outcome of that appeal will have a significant effect on the scope of discovery and Plaintiff's presentation of its case, there is not sufficient time for the parties to complete fact discovery, timely prepare pretrial disclosures, and proceed to trial on the current schedule.

The parties do not lightly move to amend the current schedule again, and both sides strongly prefer expeditious resolution of this matter. However, to accommodate the appellate proceedings, the parties respectfully request that the Court again extend its schedule.

**ARGUMENT AND AUTHORITIES**

Parties may request an amendment of a court's scheduling order for good cause shown. FED. R. CIV. P. 16(b)(4). The standard "requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)); *see also* ECF No. 14 ¶ 12 ("Conclusory statements will usually not suffice to show good cause, even if the motion is agreed or unopposed."); *Sustainable Modular Mgmt., Inc. v. Travelers Lloyds Ins.,* No. 3:20-CV-1883-D, 2021 WL 4822017, at *2 (N.D. Tex. Oct. 15, 2021) (Fitzwater, J.) ("The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." (citation omitted)).

Good cause exists in these unique circumstances. On September 27, 2024, the Court issued an order granting Plaintiff's motion to compel donor-related documents. ECF No. 98 at 22. On October 1, 2024, Defendants appealed, ECF No. 101, and obtained a stay of this Court's order from a Fifth Circuit motions panel, *X Corp. v. Media Matters for America*, 120 F.4th 190, 193 (5th Cir. 2024). Shortly thereafter, at Plaintiff's request, the Fifth Circuit expedited proceedings. Oral argument was held on February 18, 2025. A decision remains pending.

In Plaintiff's view, information related to donors and donor communications is important to the prosecution of Plaintiff's claims at trial. For that reason, the Fifth Circuit's decision will govern how Plaintiff will go about completing fact discovery in this case. As discussed in Plaintiff's prior briefing to this Court and the Fifth Circuit, for instance, communications with or among donors may be important evidence of malice. *See*, *e.g.*, ECF No. 91 at 8–9; ECF No. 105 at 13. Beyond that, donor-related documents may lead to new discoverable information and warrant the issuance of third-party subpoenas, additional document review, and depositions of

some of those third parties. Plaintiff will also ask Defendants' witnesses questions about those same documents and communications, which on its own may lead to additional discovery supporting Plaintiff's claims. Donor-related information will also undoubtably be relevant to demonstrating that Defendants directed their tortious activity into Texas and attempted to profit from it in Texas. For that reason, many depositions have not been scheduled and taken, and written discovery cannot be completed, until the Fifth Circuit has clarified the scope of discovery in this case. Accordingly, if trial proceeds on the current schedule, Defendants' appeal would, in a practical sense, moot the Court's order compelling discovery of this information because of the stay pending appeal imposed by the Fifth Circuit.

Defendants disagree with Plaintiff's positions on the importance, discoverability, and relevance of documents related to Defendants' donors. But both sides agree that it would promote judicial economy and preserve party and non-party resources for the Court to amend the current schedule in light of the Fifth Circuit proceedings. And both sides agree that amending the schedule will minimize any burden on individual witnesses and third parties, particularly with regard to the to the conduct and timing of depositions.

It is not uncommon for interlocutory appeals to affect a district court's scheduling order. *E.g.*, ECF No. 205, *United States v. Abbott*, No. 1:23-cv-853 (W.D. Tex. filed Aug. 2, 2024). The parties are cognizant of the Court's obligation to "secure the just, speedy, and inexpensive determination" of this action. FED. R. CIV. P. 1. But, as addressed above, the current schedule does not allow sufficient time for the parties to conduct discovery following a decision from the Fifth Circuit.

The parties propose that the Court balance the necessity of the parties' obtaining a decision in the interlocutory appeal with the need to proceed to trial promptly by extending all future dates

and deadlines as outlined below. This will allow time for this Court and the Fifth Circuit to issue rulings on these important issues. This represents the shortest extension possible that accounts for the inherent uncertainty of the conclusion of the Fifth Circuit proceedings, over which neither Plaintiff nor this Court has any control. The requested extension to the schedule will allow the parties to complete discovery, exchange disclosures, and fully prepare for trial with the benefit of the Fifth Circuit's decision. In relevant part, the requested key dates are as follows:

- **Completion of Fact Discovery:** November 6, 2026

- **Pretrial Disclosures and Objections:** February 1, 2027

- **Trial Date:** March 29, 2027, or the Court's convenience

A detailed proposed order accompanies this motion.

### CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court grant their motion to modify the scheduling order and enter the revised schedule contained in the attached proposed order.

Dated: April 15, 2026.

On behalf of X Corp.:

Respectfully submitted.

*/s/ Christopher D. Hilton*
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
**STONE HILTON PLLC**
600 Congress Ave., Ste. 2350
Austin, TX 78701
Telephone: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com

John C. Sullivan
Texas Bar No. 24083920
**S|L Law PLLC**

4

610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

***Counsel for Plaintiff***

_/s/ Justin A. Nelson (with permission)_

Richard B. Roper, III
301 Commerce St., Suite 2200
Fort Worth, Texas 76102
Telephone: (817) 309-9092
richard.roper@vhh.law

Justin A. Nelson
State Bar No. 24034766
Matthew Behncke
State Bar No. 24069355
Alexandra Foulkes Grafton _(admitted PHV)_
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Fax:  (713) 654-6666
jnelson@susmangodfrey.com
mbehncke@susmangodfrey.com
afoulkesgrafton@susmangodfrey.com

Katherine M. Peaslee
SUSMAN GODFREY L.L.P.
401 Union Street, Suite #3000
Seattle, WA 98101
Telephone:  (206) 516-3880
Facsimile:  (206) 505-3811
kpeaslee@susmangodfrey.com

Dwight P. Bostwick
Shawn P. Naunton
ZUCKERMAN SPAEDER LLP
485 Madison Ave., 19th Floor
New York, NY 10022
Telephone: (212) 704-9600
Facsimile: (202) 822-8106
dbostwick@zuckerman.com
snaunton@zuckerman.com

**_Attorneys for Defendants_**

6

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2026, a copy of this document was served on all counsel of record through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

*/s/ Christopher D. Hilton*
Christopher D. Hilton