IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| X CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-CV-01175-O |
| | § | |
| MEDIA MATTERS FOR AMERICA, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

<u>OPINION & ORDER</u>

Before the Court are Plaintiff's Motion to Compel, Brief in Support, and Appendix (ECF Nos. 174–76); Defendants' Response and Appendix (ECF Nos. 191–92); and Plaintiff's Reply and Appendix (ECF Nos. 206–07); and Defendants' Motion to Compel Discovery, Brief in Support, and appendix (ECF Nos. 240, 267); Plaintiff's Response and Appendix (ECF Nos. 246–47); and Defendants' Reply and Appendix (ECF No. 250). After reviewing the Parties' Motions, briefing, and applicable law, the Court **GRANTS** Plaintiff's Motion to Compel (ECF No. 174) and **GRANTS in part** and **DENIES in part** Defendants' Motion to Compel (ECF No. 267).

I.    BACKGROUND[1]

On November 20, 2023, X Corp. ("Plaintiff" or "X") brought this action against Media Matters, Eric Hananoki, and Angelo Carusone (collectively, "Defendants") for interference with contract, business disparagement, and interference with prospective economic advantage. Plaintiff alleges that Defendants knowingly and maliciously fabricated side-by-side images of various advertisers' posts on Plaintiff's social media platform, X, depicted next to neo-Nazi or other

---

[1] Unless otherwise indicated, the Court's recitation of the facts is taken from Plaintiff's Amended Complaint. *See* Pl.'s Am. Compl., ECF No. 37.

extremist content, and portrayed these designed images as if they were what the average user experiences on X. Plaintiff asserts that Defendants proceeded with this course of action in an effort to deceptively portray X as a social media platform dominated by neo-Nazism and antisemitism, and thereby alienate major advertisers, publishers, and users from X, intending to harm it.

Plaintiff filed its Motion to Compel on April 14, 2025, seeking the Court to compel Defendants to produce documents responsive to Plaintiff's Request for Production ("RFP") Nos. 108, 113, and 114. Defendants timely responded, and Plaintiff likewise replied. On September 12, 2025, Defendants filed their Motion to Compel seeking the Court to compel Plaintiff "to (1) produce documents responsive to Requests 79, 80, 81, 86, and 98, (2) state whether X still has the October 2023 google document memo related to keyword adjacency control engineering failure X identified in App. 208, (3), respond to Interrogatory 16 by identifying the documents that set forth the content filters X claims Defendants evaded, and (4) respond to interrogatory 21."[2] Plaintiff filed a timely response, and Defendants similarly replied. Both Plaintiff's and Defendants' Motions are ripe for the Court's review.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b) governs the scope of discovery. The Rule provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).

Federal Rule of Civil Procedure 37 controls motions to compel discovery or disclosure. "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37. After a party has attempted in good faith to obtain discovery without court action, Rule 37 allows a motion to compel when a party fails to answer or respond

---

[2] Defs.' Br. Supp. Mot. Compel 14, ECF No. 240-1.

to a request for production under Rule 34, provided such discovery requests are within the scope of Rule 26(b). FED. R. CIV. P 37(a)(3). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A response to a Rule 34 request "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons" for each item or category. FED. R. CIV. P.34(b)(2)(B). The 2015 revision of the Federal Rules precludes the use of boilerplate objections. *See* FED. R. CIV. P. 26(b) advisory committee's notes to 2015 amendment.

The failure to maintain an objection throughout the duration of a discovery dispute, including in response to a motion to compel, may constitute waiver of the argument. *E.g.*, *Garcia v. Padilla,* No. 2:15-CV-735-FtM-29CM, 2016 WL 881143, at *3 (M.D. Fla. Mar. 8, 2016); *Jackson v. Geometrica, Inc.*, No. 3:04CV640J20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 681 n.8 (D. Kan. 2004).

## III.   ANALYSIS

### A.  X's Motion to Compel

Defendants Object to Plaintiff's RFP Nos. 108, 113, and 114. Plaintiff seeks for the Court to compel Defendants to produce documents responsive to these requests. The Court addresses each request in turn.

#### 1.   RFP No. 108

Plaintiff's RFP No. 108 seeks "[d]ocuments reflecting or relating to online advertising brand safety/content moderation standards and/or Defendants' efforts to investigate online

3

advertising brand safety/ content moderation standards."[3] "Defendants object to this request "on the grounds that it is overly broad, not reasonably particularized, unduly burdensome, disproportionate to the needs of the case, and seeks materials not relevant to the claims brought by X."[4] Defendants further argue that documents responsive to this request are privileged and protected from disclosure under the First Amendment or Texas Press Shield Law, TEX. CIV. PRAC. & REM. CODE § 22.201 *et seq*.[5]

Plaintiff argues that discovery of Defendants' editorial process and standards are relevant because malice is an element of its business disparagement claim, and as such, documents responsive to this request are relevant to establishing whether Defendants performed sufficient research before publishing the articles in question.[6] According to Plaintiff, if "Defendants had knowledge that X met industry brand safety standards, yet Defendants published their Articles anyway, this would be obvious evidence of falsity and malice."[7] Thus, it cannot be said that the information Plaintiff seeks "can have no possible bearing" on Plaintiff's claims. *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006). Rather, Plaintiff has established a "possibility that the information sought may be relevant" to its claims. *Id.* Likewise, Plaintiff's request is proportionally relevant because it is limited to "brand safety standards for social media platforms," which is central to Plaintiff's claims.[8]

As for Defendants' "overly broad, not reasonably particularized, unduly burdensome, and disproportionate to the needs of this case" objections,[9] the Court agrees with Plaintiff that

---

[3] Pl.'s App. Supp. Mot. Compel, App. 018, ECF No. 176.
[4] Defs.' Resp. 2, ECF No 191.
[5] *Id.* at 5.
[6] Pl.'s Br. Supp. Mot. Compel 4–5, ECF No. 175.
[7] Pl.'s Reply 5, ECF No. 206.
[8] *Id.* at 7.
[9] Pl.'s App. Supp. Mot. Compel, App. 018, ECF No. 176.

Defendants have failed to put forward particularized objections.[10] And such generic, boilerplate objections violate the Federal Rules and are therefore invalid. *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex 2014). The Court also agrees with Plaintiff that Defendants have not provided any evidence supporting why production of the requested documents is disproportionate or unduly burdensome.[11] "A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Sw. Insulation, Inc. v. Gen. Insulation Co.*, No. 4:15-CV-601-O, 2016 WL 9244822, at *5 (N.D. Tex. Apr. 25, 2016) (O'Connor, J.).  Defendants have provided no evidence or affidavits as to why or how Plaintiff's request is "overly broad, unduly burdensome, or oppressive." *Heller*, 303 F.R.D. at 490.

The only specific objection Defendants initially raised was a duplicative and cumulative objection.[12]  But Defendants have waived or abandoned this objection because their Response does not advance or even mention this objection.[13] *See Janvey v. Alguire*, No. 3:09-CV-724-N-BQ, 2018 WL 11362638, at *3 (N.D. Tex. Oct. 17, 2018) ("In response to a motion to compel, an objecting party must urge and argue in support of its objection to an interrogatory or request, and, if it does not, it waives the objection."); *see also Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 284 (N.D. Tex. 2017).

As for Defendants' First Amendment and Texas Press Shield objections, Defendants contend that their "investigative materials and internal discussions related to [] other articles are privileged and protected from disclosure."[14] Plaintiff argues that regardless of whether Defendants

---

[10] Pl.'s Br. Supp. Mot. Compel, 7–9 ECF No. 176.
[11] *Id.* at 5, 8.
[12] Pl.'s App. Supp. Mot. Compel, App. 018, ECF No. 175.
[13] Pl.'s Reply 8, ECF No. 206.
[14] Defs.' Resp. 5, ECF No. 191.

have valid First Amendment and Texas Press Shield objections they "must still search for responsive documents and make any specific privilege claims on a log."[15] The Court agrees with Plaintiff.[16]

In response to a prior motion to compel where Defendants asserted First Amendment concerns, the Court ordered "Defendants to log any responsive documents as privileged and deliver [the log] to Plaintiff."[17] The same requirement applies here. Likewise, Defendant has not provided, and the Court has not found, any authority exempting documents potentially covered by the Texas Press Shield from Rule 26(b)(5)'s logging requirement. In fact, Defendants have previously logged documents potentially covered by the Texas Press Shield, which indicates to the Court that Defendants agree that documents potentially privileged under the Texas Press Shield must be logged.[18]

For the forgoing reasons, Defendants' objections as to Request No. 108 are **OVERRULED**. Defendants are **ORDERED** to produce any nonprivileged documents responsive to Request No. 108 and to log any potentially privileged documents and produce the privilege log no later than May 22, 2026.

2. RFP Nos. 113 and 114

RFP No. 113 seeks "[d]ocuments sufficient to show the name of all employees, contract workers, consultants, freelancers, or any other individuals engaged or employed by Media Matters

---

[15] Pl.'s Reply 9, ECF No. 206.

[16] The Court is compelled to note that while Defendants' Responses and Objections to Plaintiff's RFPs includes a general objection to waiving any privileges, including First Amendment and Texas Press Shield privileges, when Defendants intend to assert such an objection, they seem to do so intentionally—as is the case in RFP No. 107. Here, in RFP No. 108, however, the first time Defendants raised First Amendment and Texas Press Shield objections was in their Response to Plaintiff's Motion to Compel. This leads the Court to question the sincerity of these objections. Despite its skepticism, the Court does not make any determination about the validity of Defendants' objections.

[17] Order 2, June 6, 2024, ECF No. 65.

[18] *See* Defs.' Brief in Opp'n to Pl.'s Mot. Compel, ECF No. 111.

for America for each month of 2023."[19] RFP No. 114 seeks similar information as to the number of individuals employed or engaged by Media Matters.[20] Defendants assert that Plaintiff's Motion is moot because they "have agreed to produce all organizational or employee charts in their possession or control that are responsive to these RFPs."[21] While Defendants have agreed to produce organizational charts from September 2022, October 2023, and November 2023, Plaintiff asserts this does not fully provide the information requested by Plaintiff and therefore Plaintiff's Motion is not moot.[22] The Court agrees with Plaintiff that its Motion is not moot because Plaintiff seeks additional information.

Defendants object that Plaintiff's requests are "overly broad, unduly burdensome, and disproportionate to the needs of this case, but other than mentioning these objections, Defendants do not urge and argue these objections in response to Plaintiff's Motion and have thus waived them. *Samsung*, 321 F.R.D. at 284. Accordingly, the Court **OVERRULES** Defendants' objections and **ORDERS** them to produce any additional documents beyond the organizational charts that are responsive to RFP Nos. 113 and 114 no later than May 22, 2026.

### B. Defendants' Motion to Compel

Defendants' Reply to their Motion to Compel informs the Court that Plaintiff has supplied a sufficient response to Interrogatory 21 and has directed them to the location of the October 2023 google document memo mooting these requests.[23] All that remains contested are RFP Nos. 79, 80, 81, 86, and 98 and Interrogatory 16.

---

[19] Pl.'s App. Supp. Mot. Compel, App. 020, ECF No. 176.
[20] *Id.* at App. 021.
[21] Defs.' Resp. 2, ECF No. 191.
[22] Pl.'s Reply 3, ECF No. 206.
[23] Defs.' Reply 1, ECF No. 250-1.

1.  RFP No. 79

Defendants request production of "[a]ll content posted to [certain] accounts from November 15, 2022 through the present, including any content that was removed, suspended, or otherwise disciplined for any reason."[24] Defendants clarify that this request "does not seek private messages or communications between non-parties to this lawsuit."[25] Plaintiff objects on grounds that the user content responsive to the request is protected by the Stored Communications Act ("SCA"), 18 U.S.C. § 2702(a), and is irrelevant and unduly burdensome to produce.[26] Defendants contend that two exceptions to the SCA, 18 U.S.C. §2702(b)(3) and (b)(5), allow Plaintiff to produce the content at issue because Plaintiff has filed suit to protect its rights and because the content was originally publicly available, and after Defendants' reporting, Plaintiff or the users deleted the formerly public posts from these account and Plaintiff suspended many of the accounts.[27] Defendants additionally argue for the first time in their reply that the SCA does not apply to posts made to social media platforms,[28] but "an argument cannot be raised for the first time in a reply brief, so it is waived." *Allen v. Hays*, 65 F.4th 736, 746 (5th Cir. 2023).

The Court **DEFERS** ruling on RFP No. 79 and **ORDERS** the Parties to submit additional briefing regarding the SCA's application to social media posts. Among other things, the Parties should address (1) whether the X platform is an electronic communication service or a remote computing service under the SCA; (2) how the SCA applies to social media posts as opposed to email or other types of closed end electronic messaging services; and (3) what Congress meant by "with the lawful consent of the originator or an addressee or intended recipient of such

---

[24] Defs.' App. Supp. Mot. Compel, App. 011, ECF No. 240-2.
[25] Defs.' Br. Supp. Mot. Compel 5, ECF No. 240-1 (emphasis omitted).
[26] Pl.'s Resp. 2–8, ECF No. 246.
[27] Defs.' Br. Supp. Mot. Compel 4–5, ECF No. 240-1.
[28] Defs.' Reply 1, ECF No. 250-1.

communication, or the subscriber in the case of remote computing service" and "as may be necessarily incident to the rendition of the service or to the protection of the rights or property of the provider of that service." 18 U.S.C. §2702(b)(3) and (b)(5). Because Plaintiff has the burden of preventing the requested discovery, Plaintiff shall submit an opening brief no later than May 4, 2026. Defendants shall respond no later than May 11, 2026. Plaintiff shall reply no later than May 18, 2026.

### 2.  RFP No. 80 and Interrogatory No. 16

Request No. 80, and Interrogatory 16, both seek documents for which Plaintiff asserts there are no responsive documents. In Request No. 80 Defendants seek "[a]ll Documents showing monthly, weekly, and annual advertising revenue X generated from ads placed adjacent to content from [certain] accounts from November 1, 2022 to the present."[29] Plaintiff asserts that it has searched "its accounting records and does not track advertising revenue with the level of granularity requested by Defendants and, therefore, has no responsive documents."[30] Interrogatory 16 asks Plaintiff to "[i]dentify the documents that set forth the content filters for new accounts."[31] But in a declaration, Plaintiff's Global Brand Safety Lead "avers that a reasonable search was conducted and no documents were identified."[32]

As a general rule, "a party cannot produce what it does not have, and so, clearly, the court cannot compel a party to produce non-existent documents." *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021). Because Plaintiff asserts through declarations that it has no documents responsive to Request No. 80 or Interrogatory No. 16,[33] the Court cannot compel

---

[29] Defs.' App. Supp. Mot. Compel, App. 011–12, ECF No. 240-2.
[30] Pl.'s Resp. 10, ECF No. 246.
[31] Defs.' App. Supp. Mot. Compel, App. 046, ECF No. 240-2.
[32] Pl.'s Resp. 17, ECF No. 246.
[33] Pl.'s App. Supp. Resp., App. 009, 013, ECF No. 247-3.

production of documents that do not exist. And even if Plaintiff could comb its records and create documents containing some responsive data, the Federal Rules do not require Plaintiff to create responsive materials. *See Mir v. L-3 Communications Integrated Sys., L.P.*, 319 F.R.D. 220, 227 (N.D. Tex. 2016). Accordingly, the Court **SUSTAINS** Plaintiff's objections.

   3.   RFP No. 81

Defendants request "documents showing the creator monetization status or any revenue shared" with certain accounts.[34] Plaintiff objects that this request is overly broad, unduly burdensome, because it seeks "all documents" without qualification and is duplicative of other requests.[35] Despite its objections, Plaintiff argues that it has sufficiently responded to this request by producing a spreadsheet showing "whether the listed users were participants in X's Creator Revenue Sharing program and the amount of shared revenue that the user account received from X."[36] Defendants argue that Plaintiff has not sufficiently responded to this request and that Plaintiff's relevancy "argument ignores that X must prove Defendants' reporting was false."[37] Defendants do not specifically address Plaintiff's overbreadth arguments or address why accounts beyond the "15 accounts that Defendants featured in their reporting" are relevant.[38] As such, the Court **SUSTAINS in part** Plaintiff's relevancy and overbreadth objections and modifies Defendants' request to cover only the 15 user accounts featured in Defendants' reporting, which appears to be the user accounts listed in RFP Nos. 79 and 80. Due to the possibility that the information sought by Defendants "may be relevant to the claim or defense of any party," the Court **OVERRULES** Plaintiff's remaining objections. *SEC*, 238 F.R.D. at 437. Plaintiff is

---

[34] Defs.' App. Supp. Mot. Compel, App. 011–12, ECF No. 240-2.
[35] Pl.'s Resp. 12, ECF No. 246.
[36] *Id.*
[37] Defs.' Reply 6, ECF No. 250-1.
[38] Defs.' Br. Supp. Mot. Compel 5, ECF No. 240-1.

**ORDERED** to produce all documents showing the creator monetization status or any revenue shared with the 15 accounts that Defendants featured in their reporting from November 1, 2022 to the present no later than May 22, 2026.

    4.   RFP Nos. 86 and 98

Defendants request documents relating to other potential lost causes of revenue based on actions taken by the Center for Countering Digital Hate (CCDH), the Anti-Defamation League, and others.[39] Plaintiff argues that this request is overbroad, unduly burdensome, and irrelevant because these requests seek documents from another lawsuit pertaining to a different timeframe that Plaintiff's claims and because Defendants requests are cumulative of Request for Production Nos. 7, 17, and 33.[40] Defendants counter that these requests are proper because Plaintiff has claimed that CCDH and other entities are responsible for its advertising loses.[41] As the Court has previously explained, the purpose of discovery is to "allow the parties to develop fully and crystalize concise factual issues for trial." *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973).[42] Defendants are entitled to discover other evidence that supports their theory that Defendants did not cause the advertising exodus. Accordingly, the Court **OVERRULES** Plaintiff's objections. Plaintiff is **ORDERED** to provide documents responsive to RFP Nos. 86 and 98.

## IV.   CONCLUSION

Because the Court overrules all of Defendnats' objections, the Court **GRANTS** Plaintiff's Motion to Compel (ECF No. 174). Defendants are **ORDERED** to provide all responsive

---

[39] *Id.* at 9.
[40] Pl.'s Resp. 13–15, ECF No. 246.
[41] Defs.' Reply 8, ECF No. 250-1.
[42] *See* Order 8, January 3, 2025, ECF No. 135.

nonprivileged documents and a privilege log for RFP No. 108, and all responsive documents for RFP Nos. 113 and 114 to Plaintiff no later than May 22, 2026.

Having overruled and sustained Plaintiff's objections, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Compel (ECF No. 267). Plaintiff is ordered to produce documents responsive to RFP Nos. 81 (subject to the limitations imposed by the Court), 86, and 98 no later than May 22, 2026. The Court **DEFERS** ruling on RFP No. 79 and **ORDERS** the Parties to submit additional briefing regarding the SCA's application to social media posts. Plaintiff shall submit an opening brief no later than May 4, 2026. Defendants shall respond no later than May 11, 2026. Plaintiff shall reply no later than May 18, 2026

**SO ORDERED** on this **23rd day** of **April, 2026**.

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**