**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **X CORP.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-CV-01175-O** |
| | § | |
| **MEDIA MATTERS FOR AMERICA, ET AL.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

# OPINION & ORDER

Before the Court are Defendants' Motion to Compel Discovery, Brief in Support, and Appendix in Support (ECF No. 287) and Plaintiff's Response and Appendix (ECF No. 305). After reviewing the Parties' briefing and the applicable law, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Compel Discovery (ECF No. 287). For the following reasons, the Court grants the Motion only to the extent that the requests are limited to the relevant period in November 2023.

## I. BACKGROUND[1]

Plaintiff X Corp. ("Plaintiff" or "X") brought this action on November 20, 2023, against Media Matters, Eric Hananoki, and Angelo Carusone (collectively, "Defendants") alleging interference with contract, business disparagement, and interference with prospective economic advantage. Plaintiff contends that Defendants knowingly and maliciously fabricated side-by-side images of various advertisers' posts on Plaintiff's social media platform, X, next to neo-Nazi or other extremist content and then portrayed these designed images as if they were what the average

[1] Unless otherwise indicated, the Court's recitation of the facts is taken from Plaintiff's Amended Complaint. *See* Pl.'s Am. Compl., ECF No. 37.

user experiences on X. Plaintiff asserts that Defendants intended to harm it by proceeding with this course of action in an effort to deceptively portray X as a social media platform dominated by neo-Nazism and antisemitism and thereby alienate major advertisers, publishers, and users from X.

On April 21, 2026, Defendants filed a Motion to Compel seeking source-code-related documents, including technical documentation, testing and validation materials, source code in native format, configuration files, version control records, and machine-learning documentation.[2] Plaintiff filed a timely response.[3] The Motion is ripe for the Court's review.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b) governs the scope of discovery. The Rule provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).

Federal Rule of Civil Procedure 37 controls motions to compel discovery or disclosure. "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37. After a party has attempted in good faith to obtain discovery without court action, Rule 37 allows a motion to compel when a party fails to answer or respond to a request for production under Rule 34, provided such discovery requests are within the scope of Rule 26(b). FED. R. CIV. P 37(a)(3). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A response to a Rule 34 request "must either state that inspection

---

[2] Defs.' Mot. Compel 3, ECF No. 287-1.
[3] Pls.' Resp., ECF No. 305-3.

and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons" for each item or category. FED. R. CIV. P. 34(b)(2)(B). The 2015 revision of the Federal Rules precludes the use of boilerplate objections. *See* FED. R. CIV. P. 26(b) advisory committee's notes to 2015 amendment.

## III. ANALYSIS

### A. Media Matters' Motion to Compel

Defendants seek to compel Plaintiff to produce documents responsive to several requests for production ("RFP"). The Court addresses each request in turn.

1. <u>RFP No. 120</u>

Defendants' RFP No. 120 seeks "all technical documentation used by developers or technical staff relating to the Relevant Functionality[4], including internal documentation, wiki pages, knowledge base articles, onboarding and training manuals, developer handbooks, and code documentation."[5] Defendants contend that this information is "critical to determining whether those systems functioned as designed or were deficient" because providing only the source code "would require Defendants' experts to reverse-engineer X's entire system without the benefit of the very materials X's own engineers use to understand it."[6]

The party resisting discovery must "show why the discovery is irrelevant, overly broad, unduly burdensome" or "should otherwise not be permitted." *Martin v. Cnty. of Dallas, No.* 3:10-CV-260-O, 2011 WL 13232699 at *3 (N.D. Tex. Jan. 14, 2011). Plaintiff objects to RFP No. 120 as unduly burdensome as it encompasses an "overly broad time frame."[7] As drafted, the request is

---

[4] The "Relevant Functionality," as defined by Defendants, includes the programs: Goldfinch, SafetyLabelStore, VisibilityFiltering, HomeMixer, Ads Database, and ProductMixer. Defs.' Mot. Compel 1–2, ECF No. 287-1.
[5] Defs.' Mot. Compel 9, ECF No. 287-1.
[6] Defs.' Mot. Compel 10, ECF No. 287-1.
[7] Pl.'s Resp. 17, ECF No. 305-3.

temporally overbroad. Defendants are not entitled to documents from outside the relevant period—November 2023—without more, when the dispute concerns whether the Relevant Functionality was functioning as designed only during the period at issue. *Seidner v. Kimberly-Clerk Corp.*, No. 3:21-CV-867, 2023 WL 11981126 at *8 ("Plaintiffs are not entitled to documents from outside the relevant period, and these requests lacking temporal scope are overly broad, unduly burdensome, and not proportionate.").

Here, Defendants' demand for "*all* technical documentation…" lacks any temporal limitation and therefore sweeps far beyond the materials necessary to resolve the dispute.[8] As drafted, the request would likely encompass a very large amount of internal development history and irrelevant documentation that have no bearing on how the systems operated during the relevant period.[9] But the Court finds that the appropriate remedy is to limit the request, rather than deny it in its entirety. The relevant period is November 2023. Accordingly, Plaintiff shall produce documents responsive to RFP No. 120 that concern the Relevant Functionality during the relevant period in November 2023. To the extent the request seeks documents outside that period, the Motion is denied.

2. <u>RFP No. 122</u>

Defendants' RFP No. 122 seeks "the results of quality assurance tests and quality assurance documentation for the Relevant Functionality."[10] Plaintiff argues the request is overly broad because Defendants do not include a relevant time frame.[11] As with RFP No. 120, the Court finds that the absence of a temporal limitation renders the request overly broad. But again the Court finds that the appropriate remedy is to limit the request. Accordingly, Plaintiff shall produce

[8] Defs.' Mot. Compel 9, ECF No. 287-1.
[9] Pl.'s Resp. 17, ECF No. 305-3.
[10] Defs.' Mot. Compel 11, ECF No. 287-1.
[11] Pl.'s Resp. 17, ECF No. 305-3.

quality assurance test results and quality assurance document responsive to RFP No. 122 concerning the Relevant Functionality during November 2023. To the extent the request seeks documents outside that period, the Motion is denied.

3. RFP No. 126

Defendants' RFP No. 126 seeks "all configuration files related to compilation, deployment, runtime behavior, and feature enablement for the Relevant Functionality."[12] Once again, Defendants' use of the term "all" is problematic because it encompasses an overly broad time frame and would require Plaintiff to produce nearly its entire infrastructure, rather than limiting the request to configuration files relevant to the claims at issue. *Seidner*, 2023 WL 11981126, at *8. The Court therefore finds that the request is overly broad as drafted. But, to the extent the overbreadth results from the absence of a temporal limitation, the Court will limit the request to the relevant period. Accordingly, Plaintiff shall produce files responsive to RFP No. 126 that concern the Relevant Functionality during the relevant period in November 2023. To the extent the request seeks documents outside that period, the Motion is denied.

4. RFP No. 127

Defendants' RFP No. 127 seeks "all version control records relating to the Relevant Functionality."[13] The Relevant Functionality consists of several different programs and components. As drafted, the request requires production of the entire version control history associated with those programs—"*all* version control records"—rather than versions or records pertinent to the claims. The request is therefore overly broad as drafted. The Court nevertheless finds that a temporal limitation appropriately narrows the request. Accordingly, Plaintiff shall produce version control records responsive to RFP No. 127 concerning the Relevant Functionality

[12] Defs.' Mot. Compel 12, ECF No. 287-1.
[13] Defs.' Mot. Compel 13, ECF No. 287-1.

during the relevant period in November 2023. To the extent the request seeks documents outside that period, the Motion is denied.

5. RFP No. 132

Defendants' RFP No. 132 seeks "metadata or similar information used for labeling guidelines, content policies and data inclusion/exclusion criteria, internal and external content standards used in connection with the Relevant Functionality."[14] For the same reasons discussed above, the Court finds that the absence of a temporal limitation renders the request overly broad. Accordingly, Plaintiff shall produce documents responsive to RFP No. 132 from November 2023. To the extent the request seeks documents from outside that period, the Motion is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Compel (ECF No. 287).

**SO ORDERED** on this **2nd day** of **September, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE

[14] Defs.' Mot. Compel 14, ECF No. 287-1.